Anna Y. Park, SBN 164242
anna.park@eeoc.gov
Nakkisa Akhavan, SBN 236260
nakkisa.akhavan@eeoc.gov
Taylor Markey, SBN 319557
taylor.markey@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 422-8396
Facsimile: (213) 894-1301
E Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>ACTIVISION BLIZZARD, INC., BLIZZARD ENTERTAINMENT, INC., ACTIVISION PUBLISHING, INC., and KING.COM, INC., and DOES ONE through TEN, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT—TITLE VII**<br>• **Sexual Harassment**<br>• **Sex Discrimination (Pregnancy)**<br>• **Retaliation**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices based on sex and to provide appropriate relief to a class of individuals who were adversely affected by such practices. As set forth with greater particularity in paragraphs 1 to 26 of this Complaint, Plaintiff United States

1

Equal Employment Opportunity Commission ("Plaintiff" or "Commission") alleges that there have been instances where Defendants Activision Blizzard, Inc., Blizzard Entertainment, Inc., Activision Publishing, Inc., King.com, Inc., and their subsidiaries ("Defendants") have subjected a class of individuals to sexual harassment, to pregnancy discrimination and/or to related retaliation under Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §§ 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and §102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful cover Defendants' California facilities and other locations throughout the U.S. Defendants have locations in Texas, Minnesota, New York, Wisconsin, and Arkansas.

## PARTIES

3. Plaintiff is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by §§ 706(f)(1) and (3), Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3). The EEOC was created out of the Civil Rights Act of 1964 and tasked by Congress to enforce federal anti-discrimination laws in employment.

4. At all relevant times, Defendants have continuously been doing business in California and other locations throughout the United States.

5. At all relevant times, Defendant Activision Blizzard, Inc. has continuously been a corporation doing business in the State of California, and continuously had at least 15 employees either jointly or directly.

6. At all relevant times, Defendant Blizzard Entertainment, Inc. has continuously been a corporation doing business in the State of California, and continuously had at least 15

employees.

7. At all relevant times, Defendant Activision Publishing, Inc. has continuously been a corporation doing business in the State of California, and continuously had at least 15 employees.

8. At all relevant times, Defendant King.com, Inc. has continuously been a corporation doing business in the State of California, and continuously had at least 15 employees.

9. At all relevant times, Defendant Activision Blizzard, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

10. At all relevant times, Defendant Blizzard Entertainment, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

11. At all relevant times, Defendant Activision Publishing, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

12. At all relevant times, King.com, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

13. All acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise and/or or under the direction and control of the others, except as specifically alleged otherwise.  Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants complained of herein.  Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

14. Plaintiff is ignorant of the true names and capacities of each defendant sued as DOES 1 through 10, inclusively, and therefore Plaintiff sues said defendants by fictitious names. Plaintiff reserves the right to amend the complaint to name each DOE defendant individually or corporately as it becomes known. Plaintiff alleges that each DOE defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

## STATEMENT OF CLAIMS

15. More than thirty days prior to the institution of this lawsuit, on September 26, 2018, EEOC Commissioner Chai R. Feldblum signed Commissioner's Charge Number 480-2018-05212, initiating the EEOC's investigation into the following allegations, including but not limited to: "1. Subjecting female employees to sex-based discrimination, including harassment, based on their gender. 2. Retaliating against female employees for complaining about sex-based discrimination, based on their gender. 3. Paying female employees less than male employees, based on their gender."

16. Commission conducted an extensive investigation from September 26, 2018 to June 15, 2021 of the allegations of sexual harassment and related retaliation against Defendants and additional entities beyond the Charge, at their worksites in the United States. Defendants cooperated in the investigation by providing information, documents, and testimony of individuals necessary for the investigation.

17. On June 15, 2021, the Commission issued to Defendants a Letter of Determination finding reasonable cause on the claims alleged in this Complaint.

18. As required by statute, the Commission invited Defendants to engage in conciliation efforts to endeavor to eliminate the discriminatory practices and provide appropriate relief. The conciliation process is statutorily required for the EEOC to address the findings made in the Letter of Determination. The Commission engaged in extensive conciliation discussions with Defendants, but the Commission was unable to secure through informal methods an acceptable conciliation agreement.

19. All conditions precedent to the institution of this lawsuit have been fulfilled.

20. At all relevant times, Defendants have been a company that creates and distributes video games and other gaming-related content throughout the United States, with Activision Blizzard, Inc., and Activision Publishing, Inc.'s principal places of business in Santa Monica, CA and Blizzard Entertainment's principal place of business in Irvine, CA.

21. Since in or around September 2016, there have been instances where Defendants have engaged in unlawful employment practices in violation of §§ 701(k), 703(a) and 704(a) of Title VII, 42 U.S.C. 2000e-2(a) and 2000e-3(a) by subjecting a class of individuals to sexual harassment, to pregnancy discrimination and/or to retaliation.

22. Employees were subjected sexual harassment that was severe or pervasive to alter the conditions of employment. The conduct was unwelcome and adversely affected the employees. The Defendants knew or should have known of the sexual harassment of the adversely affected employees.

23. Some employees complained about the sexual harassment, but Defendants failed to take corrective and preventative measures. Once Defendants knew or should have known of the sexual harassment of the adversely affected employees, Defendants failed to take prompt and effective remedial action reasonably calculated to end the harassment.

24. Defendants discriminated against employees due to their pregnancy that adversely affected the employees.

25. Defendants retaliated against employees who engaged in activity protected by Title VII including, but not limited to, rejecting and/or complaining about sexual harassment and/or complaining about pregnancy discrimination. As a result of engaging in such protected activity, employees were subjected to adverse employment actions including discharge or constructive discharge.

The unlawful employment practices complained of in paragraphs 20 to 25 above adversely affected employees to suffer damages including emotional distress.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, their officers, successors, agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with each of them, from engaging in sexual harassment, retaliation, and any other employment practices which discriminate based on sex, including pregnancy.

B. Order Defendants to institute and carry out policies, practices, and programs to ensure equal employment opportunities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendants to make the adversely affected employees whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to back pay, reinstatement, or front pay in lieu thereof.

D. Order Defendants to make the adversely affected employee whole by providing compensation for past and future pecuniary losses, including but not limited to out-of-pocket expenses suffered by them which resulted from the unlawful employment practices described above in the amounts to be determined at trial.

E. Order Defendants to make the adversely affected employees whole by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

//
//
//
//
//
//

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: 09-27-2021

Respectfully Submitted,

GWENDOLYN YOUNG REAMS,
Acting General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 "M" Street, N.E.
Washington, D.C.  20507

By: _____

ANNA Y. PARK
Regional Attorney
Los Angeles District Office
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION