Christian Schreiber (Bar No. 245597)
christian@osclegal.com
Monique Olivier (Bar No. 190385)
monique@osclegal.com
Rachel Bien (Bar No. 315886)
rachel@osclegal.com
OLIVIER SCHREIBER & CHAO LLP
201 Filbert Street, Suite 201
San Francisco, California 94133
Tel: (415) 484-0980
Fax: (415) 658-7758

Attorneys for Proposed Intervenor
Department of Fair Employment and Housing

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ACTIVISION BLIZZARD, INC., BLIZZARD ENTERTAINMENT, INC., ACTIVISION PUBLISHING, INC., and KING.COM, INC., and DOES ONE through TEN, inclusive<br><br>Defendants. | Case No. 2:21-CV-07682 DSF-JEM<br><br>**CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING'S *EX PARTE* APPLICATION**<br><br>Judge: Hon. Dale S. Fischer<br><br>Action Filed: September 27, 2021 |

Pursuant to Local Rule 7-19, the California Department of Fair Employment & Housing ("DFEH") appears before the Court to seek an *ex parte* application to shorten the time required under Local Rule 7-3 to file a motion to intervene after the meet and confer process. The proposed motion is attached as Exhibit D to the Declaration of Christian Schreiber ("Schreiber Decl.") filed herewith. Shortening of time is necessary to prevent an irreparable harm to DFEH as entry of the proposed consent decree is a looming temporal event that would result in irreparable harm to DFEH's own pending litigation. *DFEH v. Activision Blizzard, et al.*, Los Angeles County Superior Court Case No. 21STCV26571 (filed July 20, 2021). The Parties in this action also failed to file a "Notice of Pendency of Other Actions or Proceedings," regarding the DFEH action with this Court, as required Local Rule 83-1.4.

## I.     Factual Background

On July 20, 2021, DFEH filed its complaint against Defendants Activision Blizzard, Inc., Blizzard Entertainment, Inc., Activision Publishing, Inc. ("Defendants") in the Superior Court for the County of Los Angeles, Case No. 21STCV26571. *See* Declaration of Christian Schreiber ("Schreiber Decl."), Exh. A. The DFEH lawsuit seeks relief for employees in California who were subjected to unlawful employment practices including discrimination, harassment and retaliation in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code, §12900 et seq. and other California laws.

On September 27, 2021, Plaintiff U.S. Equal Employment Opportunity ("EEOC") filed the instant case against Defendants Activision Blizzard, Inc., Blizzard Entertainment, Inc., Activision Publishing, Inc., and King.com, Inc. On the same date, EEOC lodged a proposed consent decree with the Court seeking approval of a settlement in this federal matter, including approval of ***a procedure to obtain releases of state claims to which EEOC is not a party and EEOC lacks standing to prosecute***. See Victa v. Merle Norman Cosmetics, Inc., 19 Cal.App.4th

454 (1993) ("the inability to assert the broader remedies of California law in the EEOC case derived not from limitations on the courts but from limitations of the EEOC's power."). EEOC's underlying lawsuit alleges only federal claims, including discrimination, harassment and retaliation claims, under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. §2000e *et seq*.

EEOC failed to alert the Court of DFEH's pending enforcement action before a state court despite the obligations contained in Local Rule 83-1.4, stating:

> Whenever a civil action filed in or removed to this Court involves all or a material part of the subject matter of an action then pending before the United States Court of Appeals, Bankruptcy Appellate Panel, Bankruptcy Court or any other federal or state court or administrative agency, the attorney shall file a "Notice of Pendency of Other Actions or Proceedings" with the original complaint or petition filed in this Court. The duty imposed by L.R. 83-1.4 continues throughout the time an action is before this Court.

Civ. Loc. R. 83-1.4

In addition to EEOC's failure to comply with notice requirements to the Court about the pending DFEH action, EEOC and Defendants also failed to provide complete information in the proposed consent decree now lodged with the Court. The proposed decree, for example, lacks a proposed notice, claim form and release. It also provides no notice of DFEH's pending action but seeks Court-approval of a procedure whereby EEOC and Defendants arrange for outside counsel to assist with obtaining releases of state claims to which EEOC is not a party and EEOC lacks standing to prosecute under law. No information about Defendants' potential liability, the maximum damages recoverable in successful litigation, or the allocation and distribution of monetary relief is included in the proposed decree. Unclaimed settlement funds also revert back to Defendants, and the decree proposes destruction or tampering of evidence necessary to DFEH's case. Finally, EEOC and Defendants did not request a fairness hearing, nor explain why the settlement is fair, adequate or reasonable. *See U.S. v. Oregon*, 913 F.2d 576, 580-

581 (9th Cir. 1990) (a consent decree must be "…fundamentally fair, adequate and reasonable" "as a whole" and "that the decree represents a 'reasonable factual and legal determination.'").

Given the deficiencies in the proposed consent decree and its potential prejudicial impact on the state of California's pending enforcement of FEHA, DFEH notified both EEOC and Defendants that it intended to file a motion to intervene concerning its objections on September 30, 2021 and requested that the EEOC and Defendants provide their earliest availability to meet and confer. Defendants and the EEOC notified DFEH that they were unavailable until October 5 and 6, respectively. Given this delay, DFEH requested in the intervening time that Defendants and the EEOC ask the Court to delay entry of the decree and notify the Court of DFEH's motion to intervene and seek a fairness hearing. Defendants and the EEOC would not agree to notify the Court nor request a fairness hearing.

On October 5, 2021, DFEH stated its position regarding the proposed consent decree during its meet and confer with EEOC and Defendants. DFEH discussed the basis for the DFEH's motion to intervene in order to object to the proposed consent decree and *ex parte* application, and counsel for the EEOC and for the Defendants discussed their basis for opposing the same. *See* Declaration of Patrick O. Patterson ("Patterson Decl.") at ¶ 4. EEOC and Defendants to date have refused to request a fairness hearing or delay in entry of the decree, thus necessitating this *ex parte* application to shorten the time required under Local Rule 7-3 that requires a moving party wait seven (7) days from the date of its meet and confer to file its motion.

## II.  Legal Arguments

### A. Legal Standard

An *ex parte* application is appropriate where a looming temporal event threatens harm. *See Horne v. Wells Fargo Bank, N.A.,* 969 F.Supp.2d 1203, 1205-06 (C.D. Cal. 2013). The *Horne* court noted that:

> The use of such a procedure is justified only when (1) there is a threat

of immediate or irreparable injury; (2) there is danger that notice to the other party may result in the destruction of evidence or the party's flight; or (3) the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion (i.e., to file an overlong brief or shorten the time within which a motion may be brought).

*Horne*, 969 F. Supp. 2d at 1205.

### B. Granting of Ex Parte Application Is Appropriate Given Temporal Urgency and Irreparable Harm

An *ex parte* application is proper "where there is a temporal urgency such that immediate and irreparable harm will occur if there is any delay in obtaining relief. ('The tomatoes will spoil if we don't move them immediately.')." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995); *see also Horne*, 969 F.Supp.2d at 1206 (noting that proximity of nonjudicial foreclosure sale of property would qualify as proper ground for *ex parte* relief).

Here, there is looming temporal event (entry of the consent decree by the Court without all of the available information) that would result in irreparable harm to DFEH. At a minimum, DFEH's interests will be irreparably harmed by the Court's entry of the proposed consent decree. DFEH's pending enforcement action against Defendants will be harmed by uninformed waivers that the proposed decree makes conditional for victims to obtain relief. The proposed consent decree also contains provisions sanctioning the effective destruction and/or tampering of evidence critical to the DFEH's case, such as personnel files and other documents referencing sexual harassment, retaliation and discrimination. Given that the consent decree may result in the waiver of state claims relevant to DFEH's pending case and the destruction or tampering of evidence necessary to DFEH's case, shortening time for DFEH to file its motion is appropriate and the Court should grant DFEH's *ex parte* application.

### C. DFEH's Ex Parte Application Seeks A Routine Procedural Order Unavailable Through Regularly Noticed Motion

An *ex parte* application is proper where "the party seeks a routine procedural

order that cannot be obtained through a regularly noticed motion (i.e., to file an overlong brief or shorten the time within which a motion may be brought)." *Horne*, 969 F. Supp. 2d at 1205. Here, Local Rule 7-3 requires that a moving party meet and confer before filing a motion and wait seven (7) days before the filing of the motion from the meet and confer. DFEH immediately contacted EEOC and Defendants to meet and confer after the filing of the proposed consent decree and further sought that EEOC and Defendants seek a delay of entry of the consent decree. The EEOC and Defendants refused. It is their refusal to notify the Court of the DFEH's motion and delay entry of the decree that forced DFEH to seek this *ex parte* application. More importantly, this shortening of time, allowing DFEH to immediately file the motion to intervene, lodged along with this *ex parte* application, is precisely the type of routine procedural order that cannot be obtained through a regularly noticed motion.

### III.   Conclusion

As there is a looming temporal event that would result in irreparable harm and this *ex parte* application is seeking a routine procedural order not available through a regularly noticed motion, the Court should grant this *ex parte* application shortening time and allow DFEH to file a motion to intervene immediately.

Dated: October 6, 2021                     Respectfully submitted,

OLIVIER SCHREIBER & CHAO LLP

*/s/ Christian Schreiber*
Christian Schreiber

*Attorneys for Proposed Intervenor*
DEPARTMENT OF FAIR
EMPLOYMENT AND HOUSING