EXHIBIT B

10/6/21, 3:48 PM  D. Notice and Claims Procedures in the Settlement of Class Cases | U.S. Equal Employment Opportunity Commission

Case 2:21-cv-07682-DSF-JEM Document 13-6 Filed 10/06/21 Page 2 of 11 Page ID #:129

 **U.S. Equal Employment Opportunity Commission**

# D. Notice and Claims Procedures in the Settlement of Class Cases

## Contents

1. **Notice to the Class of Aggrieved Persons**

    a. **Introduction**

    b. **Contents of Notice**

        1. (1) **Claims in the Lawsuit**

        2. (2) **Defendant's Disclaimer or Defenses**

        3. (3) **Explanation of Efforts to Resolve the Lawsuit**

        4. (4) **Explanation of Why the Notice is Being Sent to Particular Aggrieved Persons**

        5. (5) **Summary of Key Relief Provisions of Decree**

        6. (6) **Explanation of How Allocation and Distribution of Money were Made**

        7. (7) **Explanation of Steps to Claim Entitlement to Any Category of Relief**

        8. (8) **Explanation of Process Issues**

            a. (a) **Objections**

            b. (b) **Notice of Fairness Hearing**

        9. (9) **Attachments**

10/6/21, 3:48 PM  D. Notice and Claims Procedures in the Settlement of Class Cases | U.S. Equal Employment Opportunity Commission

Case 2:21-cv-07682-DSF-JEM   Document 13-6   Filed 10/06/21   Page 3 of 11   Page ID #:130

- a. (a) **Claim Form for Monetary Relief**
- b. (b) **Release**
- c. (c) **Claim Form for Other Benefits**
- 10. (10) **Statement Identifying Person to Call or Write with Questions**

2. **Procedure for Giving Notice**
   - a. **Who Gives Notice**
   - b. **Timing**

3. **Objections to the Consent Decree**
   - a. **Mistake**
     1. (1) **Ours**
     2. (2) **Defendant's**
     3. (3) **Aggrieved Person's**
   - b. **On the Merits**

4. **Fairness Hearings**

---

# D. Notice and Claims Procedures in the Settlement of Class Cases

## 1. Notice to the Class of Aggrieved Persons

### a. Introduction

When the Commission has reached an agreement with defendant to resolve a class case, the settlement will be by consent decree. In many – or most – large cases, the

Case 2:21-cv-07682-DSF-JEM Document 13-6 Filed 10/06/21 Page 4 of 11 Page ID #:131

10/6/21, 3:48 PM    D. Notice and Claims Procedures in the Settlement of Class Cases | U.S. Equal Employment Opportunity Commission

district office will not have had contact with all the persons who were harmed by the defendant's conduct and thus entitled to relief. In some cases effective communications will have been developed with a core group of aggrieved persons, but the office will have been less effective in communicating with the balance of those who are aggrieved. We want and need to give actual and effective notice to all affected persons of the claims in our class lawsuits; the fact of resolution of those claims; the specific types of relief obtained and how an aggrieved person can claim entitlement to each; a summary of the important terms of the settlement; and the bases for distributing any money obtained. This is done in a notice to the class.

The notice is generally an exhibit to the consent decree, which itself is approved by the court (either preliminarily when there is to be a fairness hearing, or finally, if there is not). The notice is sent to all persons covered by or affected by the lawsuit. When the issues in the case dictate it, notice can also be given by other means, such as by advertising in the newspaper (for instance, in a failure to hire case where the aggrieved persons are not readily identifiable), by distributing the notice to employees with paychecks, or by posting the notice at the employer's facilities or in union halls. Literacy and language considerations should be taken into account in determining the best means of providing effective notice. With the proliferation of computers with Internet access, posting also could be via the Internet. Because the notice is a part of the decree, its form and contents are generally the subject of negotiation with the defendant.

## b. Contents of Notice

### (1) Claims in the Lawsuit

This is a brief statement reciting the claims as they were written in our complaint. Hopefully they were framed with enough specificity and in clear enough language that the average layperson can understand what the lawsuit was about.

### (2) Defendant's Disclaimer or Defenses

These are typically not included. If included, it should be a brief statement of defendant's denial of the claims asserted, or its affirmative defenses, always couched as "defendant claims" or "defendant asserts" or in similar language.

### (3) Explanation of Efforts to Resolve the Lawsuit

10/6/21, 3:48 PM
Notice and Claims Procedures in the Settlement of Class Cases | U.S. Equal Employment Opportunity Commission
Case 2:21-cv-07682-DSF-JEM   Document 13-6   Filed 10/06/21   Page 5 of 11   Page ID #:132

It is sometimes important (for instance, when there have been lengthy negotiations, bitter depositions, or several very hotly litigated issues) to include a brief description of the resolution process. By way of example, if there were several mediation attempts prior to the parties reaching any agreement, a statement to that effect informs the aggrieved persons that the settlement is the result of arms-length negotiations and is not the result of being outgunned or outspent or of outright capitulation.

### (4) Explanation of Why the Notice is Being Sent to Particular Aggrieved Persons

A brief statement telling the aggrieved person that the notice is being sent because he or she has been identified in the defendant's data as having been laid off, having worked in the specific department, or otherwise meeting the criteria to participate in the settlement can be helpful where there has been little or no prior contact and where the class definition is open to interpretation. It is also helpful to include a statement that if the person does not meet the criteria to participate in the settlement, he or she should notify us to that effect.

### (5) Summary of Key Relief Provisions of Decree

Simple descriptions of the kinds of injunctive relief obtained, the kinds of individual relief obtained, and any other relief about which the aggrieved persons might have an interest should be included in plain language in the notice.

A separate section should deal with any monetary relief obtained, including disclosure of the full amount obtained. If any premiums are to be paid to specific charging parties or others who assisted in the litigation, disclosure of that fact should be made as well.

### (6) Explanation of How Allocation and Distribution of Money Were Made

The notice should explain whether and how the full settlement amount has been divided for allocation to different groups of persons (for instance, there may be a larger settlement fund for persons laid off in earlier years than the settlement fund for those laid off in later years); how allocation of monies within any fund or subfund will be made; how, and an estimate of the date when, distribution will occur; and an estimate of the amount the aggrieved person will obtain or a simple formula the aggrieved person can use to estimate his own recovery. The goal is to make it clear to a layperson that we are distributing money based on the best

available evidence of harm, or the best available substitute for evidence of harm, or our best judgment as to degree of harm. An aggrieved person can disagree with our judgment, but so long as we have exercised care and reason in an objective way, the allocation and distribution will likely be left undisturbed.

## (7) Explanation of Steps to Claim Entitlement to Any Category of Relief

The notice should very clearly inform each aggrieved person of each step she must take in order to claim entitlement to any category of relief, including individual affirmative relief such as reinstatement; other relief, such as being put on a mailing list for notification of future vacancies or training opportunities; and monetary relief.

If there is a release, it should be discussed fully and attached as an exhibit to the notice.

## (8) Explanation of Process Issues

Where there will be a fairness hearing, the notice should contain a brief statement explaining that the court has approved the sending of the notice, that there will be an opportunity for each aggrieved person to have a say should he or she choose to do so, and that the court's approval of the decree and settlement is preliminary.

### (a) Objections

The right to object is a key part of any fairness hearing. It is important to explain carefully in the notice how aggrieved persons may make their views known to the court should they choose to do so. This means that the notice must contain:

- any time deadlines for submitting written objections
- the address where objections should be sent (generally the court, and sometimes one of the parties, who will agree to copy and distribute the objections to other parties if the court clerk's office does not routinely do so. It may be burdensome to require a layperson to send the objections to all the parties.)
- if the parties have negotiated it, a provision telling objectors that notice of objection must also be sent to the party who is responsible for distributing it to other parties

10/6/21, 3:48 PM
D. Notice and Claims Procedures for the Settlement of Class Cases | U.S. Equal Employment Opportunity Commission
Case 2:21-cv-07682-DSF-JEM Document 13-6 Filed 10/06/21 Page 7 of 11 Page ID #:134

- if the parties have negotiated a form of objection, that form should be included in the notice. (Please note that a form is not recommended, since the notice package is generally quite large without it, and each additional attachment is another opportunity to overlook including a document.)

Be careful to point out to potential objectors that they must nonetheless complete the appropriate claim forms in order to participate in whatever settlement the court may finally approve. Merely objecting will not preserve their rights to participate without the execution of the agreed upon forms. Explain that objecting does not mean they must give up any rights to participate in the settlement that may be approved, and conversely, that signing the claim form does not mean they are giving up their rights to object. Where claimants are being asked to sign releases at this stage of the process, the notice should explain that individuals objecting to the settlement are not required to sign the release until after the court has ruled on their objections.

### (b) Notice of Fairness Hearing

The notice must contain the date, time, and place of the fairness hearing. The notice should set forth that each aggrieved person is entitled to appear at the fairness hearing, and participate, provided that the person follows whatever preliminary steps have been negotiated. If the parties have negotiated a process that requires objectors to file a written objection prior to being allowed to speak at the fairness hearing, that should be clearly articulated in the notice. If there are time limits on the presentations that aggrieved persons can make at the fairness hearing, those should also be set forth.

### (9) Attachments

### (a) Claim Form for Monetary Relief

This may require a verification by the claimant that he or she meets the definition of an "aggrieved person" (e.g., was born before January 1, 1945; worked for defendant during blank time period and was laid off on or before blank date, etc.) and, where appropriate, meets other criteria for relief.

### (b) Release

10/6/21, 3:48 PM
d. Notice and Claims Procedures in the Settlement of Class Cases | U.S. Equal Employment Opportunity Commission

Case 2:21-cv-07682-DSF-JEM   Document 13-6   Filed 10/06/21   Page 8 of 11   Page ID #:135

Defendants generally want a signed release from each person who receives monetary relief as part of the settlement, and releases are sometimes included with the notice materials. The Commission's policy on the scope and content of releases is set forth in section IV.A.2.d. of Part 3 of the Manual. Briefly, unless a claimant has private counsel, her recovery under the settlement cannot be conditioned on a release of any claim beyond those asserted in the Commission's complaint or on a promise to refrain from seeking future employment with defendant or to keep her recovery confidential.

In addition, the decree itself should clearly set forth that the execution of a release will be effective only if the decree is approved finally.

### (c) Claim Form for Other Benefits

This attachment should be used as the record of an aggrieved person's claim for, or interest in, other benefits of the decree, such as training opportunities, reinstatement, transfer, or the like.

### (10) Statement Identifying Person to Call or Write with Questions

At the end of the notice, always list the name, affiliation, title, address, telephone number, and e-mail address of a person or persons who can answer questions about the notice and the claims procedure.

## 2. Procedure for Giving Notice

### a. Who Gives Notice

The decree should provide that defendant will retain the services of a third party, preferably an accounting firm or some other business that is responsible and careful, who will send out the notices, receive the claim forms and releases, keep track of undeliverables, provide the parties with copies of all correspondence, handle other administrative matters, and answer nonsubstantive questions from aggrieved persons. Generally, absent an agreement for retention of a third party, EEOC will perform these activities. In some cases it is permissible for the defendant to handle the mailing of notices and receipt of appropriate releases, claim forms, and the like, provided there are safeguards in place to assure that matters are carefully and correctly handled.

10/6/21, 3:48 PM
D. Notice and Claims Procedures in the Settlement of Class Cases | U.S. Equal Employment Opportunity Commission

Case 2:21-cv-07682-DSF-JEM Document 13-6 Filed 10/06/21 Page 9 of 11 Page ID #:136

## b. Timing

Sufficient time must be allowed to copy and mail notices; deliver them; permit a meaningful opportunity for aggrieved persons to review and question the contents of the notice and object, if desired; submit claim forms and releases; answer objections (if the parties have agreed that objections sent to the court will be answered to the court before a fairness hearing occurs); remail undeliverables, if possible; and calculate actual distribution amounts based on timely claim forms submitted, if that is necessary. Generally the district office will need at least 60 days from the date the court preliminarily approves the decree to the date set for a fairness hearing to accomplish these tasks. To be safe, you should ask for 90 days.

# 3. Objections to the Consent Decree

In general, objections come in two common varieties: mistake or on the merits.

## a. Mistake

The first variety of objection to the consent decree is the objection based on mistake. The mistake can be ours, the defendant's, or the aggrieved person's.

### (1) Ours

When we have misidentified a person, failed to include a person, erroneously included a person, or included a person in the wrong subgroup or with the wrong relief, our negotiations with the defendant should have left us with enough flexibility to make adjustments and corrections for our mistakes, either unilaterally, or with notice to the defendant. If we have not left ourselves room to correct our mistakes, it may be necessary to move the court for an amendment to the decree or its exhibits. This creates unnecessary work and time delays that could have been avoided by careful negotiations.

### (2) Defendant's (see (1) above)

### (3) Aggrieved Person's

When it is clear that an aggrieved person has made a mistake, the Commission should speak directly with the aggrieved person to try to clear up whatever misunderstanding there may be. It is worth spending the time and energy to do this,

10/6/21, 3:48 AM
D 7 Notice-and-Claims Procedures in the Settlement of Class Cases | U.S. Equal Employment Opportunity Commission

Case 2:21-cv-07682-DSF-JEM Document 13-6 Filed 10/06/21 Page 10 of 11 Page ID #:137

rather than leaving the aggrieved person with the wrong impression of the settlement or his participation in it. When you ignore objections on the theory that the aggrieved person simply doesn't understand and you can explain it in a written response or at the fairness hearing, you do so at your own peril.

### b. On the Merits

The other common variety of objection has to do with the objector's individual recovery. For example, when a formula approach has been used to distribute the proceeds of the settlement, there will be persons who were harmed, or may claim to have been harmed, in an amount that exceeds their entitlement to settlement proceeds using the formula. Generally those persons will object on grounds that the money is not enough. Also, from time to time, objectors question the inclusion of others they believe were not harmed by the alleged discrimination, or otherwise are not entitled to relief. So long as our distributions are fair, reasonable, and applied in an evenhanded manner, our use of a formula is likely to survive such challenges.

## 4. Fairness Hearings

Although a fairness hearing is not required in every Commission class case, it should always be considered, and should be done whenever appropriate (see factors listed in section IV.C. above). The public has an interest in the outcome of our litigation. Fairness hearings generate publicity, which can serve several important functions, including reaching "lost" aggrieved persons, helping to educate employers and employees about the law, preventing future violations, and encouraging victims of discrimination in other settings to step forward. Moreover, active court involvement in reviewing and approving our resolutions heightens the judiciary's awareness of EEOC's important role in enforcement, enhances our credibility with the courts and the public, and gives the judiciary's seal of approval to our settlement, an outcome that can have particular importance in rancorous or controversial litigation.

A major disadvantage of fairness hearings is that the procedure is generally time-consuming. It delays distribution of compensation and other relief to persons who may already have been waiting for a long time. Moreover, if a particular judge is so inclined, she may make or require modifications to the decree to one or both parties. This could mean that the parties must reopen negotiations, thus further delaying resolution of the lawsuit, or even jeopardizing resolution. While issues

10/6/21, 3:48 AM  7 Notice and Claims Procedures in the Settlement of Class Cases | U.S. Equal Employment Opportunity Commission

Case 2:21-cv-07682-DSF-JEM Document 13-6 Filed 10/06/21 Page 11 of 11 Page ID #:138

raised by the judge can be helpful to our position, it is equally possible this will disadvantage our pursuit of relief.

The fairness hearing process is one that defendants generally will not suggest. If the agency wants such a process, we will need to include it in our first draft of a proposed consent decree. The process has advantages for defendants, including a resolution that may diminish the likelihood of further litigation by anyone who is included in the definition of persons who can recover under the decree. Once the parties have an agreement to proceed to a hearing, they should consider submitting a joint proposed order to the court that sets out the basic order and flow of the fairness hearing, including any time constraints on the duration of the hearing or the amount of time parties and objectors may speak.

Before the actual fairness hearing, the parties should try to agree to a joint stipulation of facts to be filed with the court and on which both parties will rely. The Commission may submit a brief in support of entry of the final consent decree, which should address the pertinent legal standards for approval of such a decree. If the legal unit did not earlier answer any objections in a separate pleading, it should address them in its brief in support of entry of the decree.

At the fairness hearing, the Commission's attorney will generally make a statement briefly explaining our claims; the course of discovery; our expert and other evidence; the course of settlement negotiations, including their arms-length nature; the terms of the settlement; the reasons for the settlement; the fact of the approval of the settlement by the Office of General Counsel; and any other facts or arguments that are pertinent for the court's consideration.

Defendant generally speaks next, then objectors, and then the court may ask for responses to any written or oral objections made. Typically the court will take the matter under submission rather than rule from the bench if there are objections. The decree itself should have a final approval signature line and date for the court.