Anna Y. Park, SBN 164242
anna.park@eeoc.gov
Nakkisa Akhavan, SBN 286260
nakkisa.akhavan@eeoc.gov
Taylor Markey, SBN 319557
taylor.markey@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 422-8396
Facsimile: (213) 894-1301
E Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>ACTIVISION BLIZZARD, INC., BLIZZARD ENTERTAINMENT, INC., ACTIVISION PUBLISHING, INC., and KING DIGITAL ENTERTAINMENT, INC., and DOES ONE through TEN, inclusive,<br><br>Defendants. | Case No.: 2:21-CV-07682-DSF-JEM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF EEOC'S APPLICATION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL** |

## MEMORANDUM OF POINTS AND AUTHORITIES

EEOC seeks leave to redact privileged and confidential information from the Memorandum of Points and Authorities in Support of Plaintiff EEOC's Opposition to Proposed Intervenor DFEH's Ex Parte Application to Shorten the Time to File Motion to Intervene ("Application to Shorten Time") with supporting exhibits; and the Declaration of Taylor Markey in support of the Opposition to the Application to Shorten Time with supporting exhibits. EEOC also seeks leave to file the Declaration of Marla Stern-Knowlton in support of the Opposition to the Application to Shorten Time with supporting exhibits entirely under seal.

A district court may grant a motion for leave to file certain material under seal after considering "the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes[.]" *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (quoting *EEOC v. Erection Co., Inc.*, 900 F.2d 168, 170 (9th Cir. 1990)).

The EEOC's Opposition to the Application to Shorten Time, declarations, and supporting exhibits show that during their prior employment at EEOC, two attorneys now employed by DFEH were personally and substantially involved in the investigation of and preparation of litigation against Defendants. Likewise, the Opposition relies on these confidential communications exchanged between the two DFEH attorneys during their employment at EEOC. EEOC's Memorandum and the evidence on which it relies contain privileged information, which cannot be disclosed to Defendants. The disclosure of this privileged information in this litigation would result in unfair prejudice to EEOC because Defendants would be able to gain a significant strategic and tactical advantage if they had access to the information.

//
//

I.  **The Documents Contain Information Protected by Attorney Client Privilege**

EEOC's documents contain information and confidential communications[1] protected by attorney-client privilege. Specifically, the communications between the EEOC attorneys and officials, including the two attorneys who are now employed by DFEH and are discussed at length in the Opposition to the Application to Shorten Time, contained privileged information.

The attorney client privilege applies to government clients and it "aids government entities and employees in obtaining legal advice founded on a complete and accurate factual picture." *United States v. Jicarilla Apache Nation*, 564 U.S. 162, 169-70 (2011) (citation omitted). "Unless applicable law provides otherwise, the Government may invoke the attorney-client privilege in civil litigation to protect confidential communications between Government officials and Government attorneys." *Id.* at 170. The party asserting the privilege bears the burden of establishing the following elements: "(1) When legal advice of any kind is sought (2) from a professional legal advisor in his or her capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are, at the client's instance, permanently protected (7) from disclosure by the client or by the legal adviser (8) unless the protection be waived." *United States v. Martin*, 278 F.3d 988, 999 (9th Cir. 2002); see also *Thomas v. Cate*, 715 F. Supp. 2d 1012, 1045 (E.D. Cal. 2010) (applying Martin factors in case involving government).

Here, Ms. Stern-Knowlton describes in her Declaration a chronology of the EEOC's investigation of Defendants. She discusses specific communications between the two DFEH attorneys with EEOC staff and other attorneys regarding

---

[1] Apart from privileged and confidential communications, EEOC also seeks to protect the names of its two former employees who it is alleged have a conflict of interest that bars them from participating in this matter in the interest of civility and professional courtesy.

the Activision investigation during their employment at EEOC. The declarations and the communications themselves discuss the various legal claims at issue and relate specifically to the investigation and potential litigation of those claims. Thus, the substance of the communications is clearly within the ambit of the attorney client privilege. Moreover, "[i]n civil suits between private litigants and government agencies," such as this, the privilege protects "confidential communications between government counsel and their clients [the agency] that are made for the purpose of obtaining or providing legal assistance." *Yellowstone Women's First Step House, Inc. v. City of Costa Mesa*, 2018 WL 6164305, at *2 (C.D. Cal. May 9, 2018) (quoting *In re the Cnty. of Erie*, 473 F.3d 413, 418 (2d Cir. 2007), and collecting cases). The emails between and among EEOC attorneys and other EEOC staff unquestionably comprise confidential communications afforded privileged status.

This Court and others in this Circuit have recognized that attorney client privilege applies "with 'special force' in the government context since the policies underlying the privilege favor encouraging government officials formulating policies in the public's interest to consult with counsel in conducting that public business." *Yellowstone Women's First Step House, Inc.*, 2018 WL 6164305, at *2 (quoting *Guidiville Rancheria of Cal. v. United States*, 2013 WL 6571945, at *2 (N.D. Cal. Dec. 13, 2013), and collecting cases). There is a strong public interest in rectifying the harms of sexual harassment and employment discrimination, and EEOC has a statutory mandate to vindicate those harms. In this case, EEOC seeks to do just that. Thus, EEOC attorneys' communications amongst themselves and with other agency staff related to their investigations and litigation of Defendants are covered by attorney-client privilege.

Accordingly, portions of the Opposition to the Application to Shorten Time and the Declaration of Taylor Markey, as well as all of Declaration of Marla Stern-Knowlton with attached exhibits, contain communications covered by the attorney-

client privilege and must be filed with privileged information redacted (or in the case of the Stern-Knowlton Declaration, entirely under seal).  The Court is directed to the unredacted and unsealed lodged versions of the Opposition to the Application to Shorten Time, the Declarations, and the Exhibits for in camera review.

## II. The Documents Contain Information Protected by the Work Product Doctrine

Information in the Opposition to the Application to Shorten Time, the Declarations, and the emails are also protected by the attorney work-product doctrine.  This doctrine protects from discovery in litigation "mental impressions, conclusions, opinions, or legal theories of a party's attorney" that were "prepared in anticipation of litigation or for trial."  FED. R. CIV. P. 26(b)(3).  It "protects the integrity of adversarial proceedings by allowing attorneys to prepare their thoughts and impressions about a case freely and without reservation."  *Am. C.L. Union of N. Cal. v. U.S. Dep't of Just.*, 880 F.3d 473, 484 (9th Cir. 2018) (citing *Hickman v. Taylor*, 329 U.S. 495, 498 (1947)).  "To qualify for work-product protection, documents must: (1) be 'prepared in anticipation of litigation or for trial' and (2) be prepared 'by or for another party or by or for that other party's representative.'"  *United States v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011) (quoting *In re Grand Jury Subpoena*, 357 F.3d 900, 907 (9th Cir. 2004)).

In nearly every EEOC investigation in which agency attorneys are involved, EEOC contemplates litigation as not just a possibility, but a likelihood.  Here, the information in the Declarations and the attached emails themselves are undoubtedly protected as work product because they reveal considerable information about EEOC's strategy in the investigation of and anticipated litigation against Defendants.  They chronicle the three-year investigation of Defendants and describe the involvement of EEOC's legal and investigation teams on this matter; the coordination between these individuals is an essential component of EEOC

litigation. In preparation for and in anticipation of potential litigation, investigators and attorneys routinely communicate about charges against offending parties and tactical decision-making in pursuing the best outcomes for victims of harassment and discrimination. Here, the Declarations and emails include just that—EEOC attorneys' discussions with investigators and amongst themselves about strategic decision-making before this case was filed. But for the prospect of litigation, these emails would not have been exchanged and conversations described in the Declarations would not have taken place.

Likewise, any references in the Opposition to the Application to Shorten Time to the emails or communications must also be redacted because they describe information protected by the attorney work product doctrine.

Accordingly, portions of the Opposition to the Application to Shorten Time and the Declaration of Taylor Markey with supporting exhibits must be redacted and filed under seal. The Declaration of Marla Stern-Knowlton describing the emails attached as exhibits, and the emails provided to the Court are also protected by the work product doctrine and must be filed entirely under seal. The Court is directed to the unredacted and unsealed versions of the Opposition to the Application to Shorten Time with supporting exhibits, the Declarations, and the Exhibits for in camera review.

**III. The Documents Contain Information Protected by Deliberative Process Privilege**

The emails at issue here reveal substantial information about the EEOC's investigations of Defendants and its decision-making process. Likewise, the Memorandum of Points and Authorities and the Declarations contain information about the EEOC's decision-making processes. Thus, the relevant information is protected by the deliberative process privilege and cannot be revealed to Defendants.

The deliberative process privilege covers "documents reflecting advisory

opinions, recommendations and deliberations comprising part of a process by which government decisions and policies are formulated." *N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975). The privilege rests on the "obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news, and its object is to enhance 'the quality of agency decisions,' by protecting open and frank discussion among those who make them within Government[.]" *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8-9 (2001) (quoting *Sears, Roebuck & Co.*, 421 U.S. at 151). In order to be protected by the deliberative process privilege, a documents must be both "predecisional," *i.e.*, prepared in order to assist an agency decisionmaker in arriving at his decision, and "deliberative," *i.e.*, it exposes the agency's decisionmaking process in a way that would discourage candid discussion within the agency, thereby undermining the agency's ability to perform its functions. *Assembly of State of Cal. v. U.S. Dep't of Com.*, 968 F.2d 916, 920 (9th Cir. 1992) (citing *Formaldehyde Inst. v. Dep't of Health & Human Servs.*, 889 F.2d 1118, 1122 (D.C. Cir. 1989)).

      Here, several of the communications described in Ms. Markey's and Ms. Stern-Knowlton's Declarations, attached as exhibits to those Declarations, and discussed in the Opposition to the Application to Shorten Time are clearly protected as part of the deliberative process. The emails include discussions about EEOC's the scope of the investigation, the scope and contents of requests for information and subpoenas, and strategy regarding which arguments to use in legal documents in this case. Moreover, public disclosure of these communications and the factors involved in making agency decisions would discourage candid and open conversation and would impede EEOC's mandate of prosecuting employers who tolerate harassment and discrimination in the workplace.

      Accordingly, portions of the Opposition to the Application to Shorten Time and the Declaration of Taylor Markey are protected by the deliberative process

privilege and must be redacted and filed under seal. Likewise, the entirety of the Declaration of Marla Stern-Knowlton and the supporting exhibits reflect intimate details of the EEOC's deliberative process, which must be afforded privileged status. The Court is directed to the unredacted and unsealed versions of the Opposition to the Application to Shorten Time, the Declarations, and the Exhibits for in camera review.

### IV. EEOC Will Suffer Unfair Prejudice if the Privileged Information Is Not Sealed

Embedded within the case law discussing each of the foregoing privileges are rationales for the existence of the privileges. The cases reveal that these privileges exist to promote openness and candor among the persons and entities protected by the privilege. The attorney client privilege aids government entitles and employees in obtaining legal advice founded on complete and accurate facts. *Jicarilla Apache Nation*, 564 U.S. at 170. The work product doctrine protects the integrity of adversarial proceedings by allowing attorneys to prepare their thoughts and impressions about a case freely and without external influence. *Am. C.L. Union of N. Cal.*, 880 F.3d at 484. And the deliberative process privilege protects open and frank discussion among government employees in decision-making. *Klamath Water Users Protective Ass'n*, 532 U.S. at 8-9.

If the information contained in the Opposition, Declarations and emails were to be filed in their unredacted form, it would subvert purpose of each of these three privileges. If Defendants had access to this confidential information and discussions among EEOC staff, they would gain a significant tactical advantage in this litigation. EEOC spent significant time and expended numerous resources negotiating a mutually agreeable decree with Defendants, which aims to make whole aggrieved individuals and ensure compliance with Title VII. This process required EEOC attorneys and officials to discuss tactics and strategy, and to candidly discuss the agency's goals, motivations, and concerns in this case. EEOC

staff were able to successfully engage in these discussions at least in part because of an awareness that their communications were privileged.  EEOC attorneys brought the insights they gleaned from these open and candid internal discussions to the negotiating table.  In doing so, EEOC and Defendants negotiated a broad and sweeping decree, which provides substantial monetary and injunctive relief to Defendants' aggrieved employees. Were these privileged communications revealed, Defendants and other employers could mine the communications for clues or revelations about EEOC's strategy and tactics and could use this information to gain unfair leverage in future negotiations with EEOC. The disclosure of this information would jeopardize EEOC's privileges and therefore prejudice its ability to carry out its public interest mandate. Yet, the EEOC wanted the Court to have access to the documents given the seriousness of the issues presented by the Opposition to the Ex Parte Application to Shorten Time to File a Motion to Intervene.

      For all of the reasons discussed herein, the benefit of public disclosure of court documents is not outweighed by the grave danger posed to this case and to EEOC's ability to pursue its mandate should these communications be revealed.

      Accordingly, EEOC respectfully requests that the Court grant the Motion to File Documents Under Seal.

Respectfully submitted,

Dated: October 8, 2021        U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

By:   /s/ Taylor Markey
Taylor Markey
Senior Trial Attorney
E-Mail: taylor.markey@eeoc.gov