Anna Y. Park, SBN 164242
anna.park@eeoc.gov
Nakkisa Akhavan, SBN 286260
nakkisa.akhavan@eeoc.gov
Taylor Markey, SBN 319557
taylor.markey@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 422-8396
Facsimile:  (213) 894-1301
E Mail:  lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ACTIVISION BLIZZARD, INC., BLIZZARD ENTERTAINMENT, INC., ACTIVISION PUBLISHING, INC., and KING.COM, INC., and DOES ONE through TEN, inclusive,<br><br>　　　　Defendants. | Case No.: 2:21-CV-07682-DSF-JEM<br><br>**DECLARATION OF SENIOR TRIAL ATTORNEY TAYLOR MARKEY** |

## DECLARATION OF TAYLOR MARKEY

I, Taylor Markey, have personal knowledge of the facts set forth in this Declaration. I am competent to attest to these facts and would do so if called to testify.

1. I am a Senior Trial Attorney in the Los Angeles District Office ("LADO") of the United States Equal Employment Opportunity Commission ("EEOC"). I have been employed at the EEOC since August 2020.

2. I submit this Declaration pursuant to L.R. 79-5.2.2(b) in support of EEOC's Application for Leave to File Certain Documents Under Seal.

3. There is good cause for filing the attached documents under seal. The evidence the EEOC requires to support its Opposition to DFEH's Application to Shorten the Time to Respond to its Motion to Intervene contains communications protected by attorney-client privilege, the attorney work product doctrine, and the deliberative process privilege. Disclosure of the documents would result in unfair prejudice to the EEOC and disclosure of the documents would result in EEOC losing its privileges and work product protections. EEOC would be irreparably harmed if Defendants in this lawsuit gained access to EEOC's privileged and confidential communications, which include strategies regarding EEOC's investigations of Defendants, EEOC's process for making decisions in this and other cases, and its litigation and mediation strategy. A sealing order is therefore necessary to prevent against the unauthorized disclosure of EEOC's protected communications in a public forum.

4. The EEOC is not aware of any party or entity that opposes the Application for Leave to File Documents Under Seal.

5. Lodged with this Court is the Unredacted EEOC's Opposition to DFEH's *Ex Parte* Application to Shorten the Time to Respond to a Motion to Intervene. The EEOC's Opposition makes references to and relies upon privileged communications between EEOC employees and attorneys, which must not be

publicly disclosed. A Redacted EEOC's Opposition to DFEH's *Ex Parte* Application to Shorten the Time to Respond to a Motion to Intervene with targeted redactions to remove privileged information has been filed separately.

6. Lodged with this Court is the Unredacted Declaration of Marla Stern-Knowlton, Systemic Supervisor of the LADO of the EEOC. Ms. Stern Knowlton was the lead Investigator and Supervisor regarding Commissioner's Charge No. 480-2018-05212, against Activision Blizzard, Inc. She frequently worked with EEOC attorneys and exchanged privileged communications with those attorneys and communication among the investigative staff that are covered by the deliberative process privilege. Many of those communications are described in her Declaration. Attached to the Declaration are, *inter alia*, emails containing privileged information involving former-EEOC attorneys, who are now employed by DFEH. The Declaration contains specific references to the privileged communications at issue. The emails also contain information, if disclosed, would be protected by the deliberative process privilege. Disclosure would result in a waiver of the privilege and cause irreparable harm to the EEOC. No redacted version of this Declaration or its attached exhibits have been filed with this Court, as the Declaration and attached exhibits because they are wholly covered by the attorney-client, work product and deliberative process privileges.

7. Lodged with this Court is the Unredacted Declaration of Taylor Markey in Support of the EEOC's Opposition to DFEH's *Ex Parte* Application to Shorten the Time to Respond to a Motion to Intervene. Attached to the Declaration is, *inter alia*, an email containing privileged information involving former-EEOC attorneys, who are now employed by DFEH. The Declaration contains specific references to the privileged communications at issue. Also attached to this Declaration are emails containing the names of the two former employees of EEOC who it is alleged have a conflict of interest which prohibits their participation in this matter. The EEOC requests that their names remain

1 | redacted in the interests of civility and professional courtesy.
2 |     I declare under penalty of perjury under the laws of the United States that
3 | the foregoing is true and correct.
4 |     Executed on October 8, 2021 at Los Angeles, California.

                                      /s/ Taylor Markey
                                  Taylor Markey,
                                  Senior Trial Attorney, Los Angeles District Office