Anna Y. Park, SBN 164242
anna.park@eeoc.gov
Nakkisa Akhavan, SBN 286260
nakkisa.akhavan@eeoc.gov
Taylor Markey, SBN 319557
taylor.markey@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 422-8396
Facsimile:  (213) 894-1301
E Mail:  lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>ACTIVISION BLIZZARD, INC., BLIZZARD ENTERTAINMENT, INC., ACTIVISION PUBLISHING, INC., and KING.COM, INC., and DOES ONE through TEN, inclusive,<br><br>Defendants. | Case No.: 2:21-CV-07682-DSF-JEM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF EEOC'S OPPOSITION TO PROPOSED INTERVENOR DFEH'S *EX PARTE* APPLICATION TO SHORTEN TIME TO FILE MOTION TO INTERVENE; EXHIBITS** |

# **TABLE OF CONTENTS**

INTRODUCTION .................................................................................4

FACTUAL AND PROCEDURAL BACKGROUND .........................................5

I.   DFEH ATTORNEYS 1 AND 2 ARE FORMER ▮▮▮▮▮▮▮▮▮
     ▮▮▮▮▮▮▮▮▮ WITH THE EEOC WHO HELPED LEAD THE EEOC'S
     INVESTIGATION OF ACTIVISION. .........................................5

     A. Guidance and Advice Provided by DFEH Attorneys 1 and 2 ..........5

     B. Supervision and Approval Authority ....................................6

     C. Coordination with External Stakeholders Like DFEH ..................6

II.  INVOLVEMENT OF DFEH ATTORNEYS 1 AND 2 IN REPRESENTING DFEH
     WITH RESPECT TO THESE INTERVENTION PROCEEDINGS .................7

LEGAL DISCUSSION ...........................................................................9

I.   CALIFORNIA RULES OF PROFESSIONAL CONDUCT BARRED AND
     CONTINUE TO BAR DFEH ATTORNEYS 1 AND 2, AND ANY DFEH
     ATTORNEY, FROM REPRESENTING DFEH IN CONNECTION WITH THESE
     INTERVENTION PROCEEDINGS..............................................9

     A. DFEH Attorneys, Including DFEH Attorneys 1 and 2, Previously
        Represented DFEH With Respect to This Intervention Motion. ..........9

     B. This Representation Was and Remains Barred By California Rules
        of Professional Conduct 1.11(a) and (b). ...............................9

        1. California Rule of Professional Conduct 1.11(a)(2) Barred and Continues
           to Bar DFEH Attorneys 1 and 2 from Representing DFEH In Connection
           With This Matter. .......................................................10

        2. California Rule of Professional Conduct 1.11(b) Barred and
           Continues to Bar Any DFEH Lawyer From Representing DFEH
           in this Matter..............................................................13

II.   THIS COURT SHOULD DISALLOW DFEH'S INTERVENTION MOTION BECAUSE IT IS A PRODUCT OF PROHIBITED REPRESENTATION AND SHOULD BAR DFEH ATTORNEYS FROM PROVIDING WORK PRODUCT OR ADVICE TO CURRENT COUNSEL RELATED TO THESE PROCEEDINGS ...........................................................................15

   A. DFEH's Intervention Motion Is the Product of Prohibited Representation. ...............................................................................15

   B. DFEH Attorneys Should Be Barred From Providing Work Product to or Advising Present Counsel Regarding these Intervention Proceedings.............................................................................16

CONCLUSION .............................................................................................19

# **TABLE OF AUTHORITIES**

## **CASES**

*Behunin v. Dow Chem. Co.*, 642 F. Supp. 870 (D. Colo. 1986).......................................17

*Brown v. D.C. Bd. of Zoning Adjustment,* 486 A.2d 37 (D.C. 1984) .........................18, 19

*Erickson v. Newmark Corp.*, 87 F.3d 298 (9th Cir. 1996)..............................................15

*EZ Paintr Corp. v. Padco, Inc.*, 746 F.2d 1459 (Fed. Cir. 1984) .....................................17

*First Wisconsin Mortgage Trust v. First Wisconsin Corp.*,

    584 F.2d 201 (7th Cir. 1978) .................................................................16, 18

*Hitachi, Ltd. v. Tatung Co.*, 419 F. Supp. 2d 1158 (N.D. Cal. 2006).............................15

*Int'l Bus. Machines Corp. v. Levin*, 579 F.2d 271 (3d Cir. 1978).............................15, 18

*Quark, Inc. v. Power Up Software Corp.*, 812 F. Supp. 178 (D. Colo. 1992) ...........17, 18

*Ross v. Am. Red Cross*, 2012 U.S. Dist. Lexis 82798 (S.D. Ohio Jan. 11, 2012) ...........19

*SPV-LS, LLC v. Transamerica Life Ins. Co.*, 2017 U.S. Dist. Lexis 134971

    (D.S.D. Aug. 23, 2017) ...............................................................................15

*State Ex. Rel. FirsTier Bank v. Mullen*, 534 N.W.2d 575 (1995).....................................16

*United States v. Clark*, 333 F. Supp. 2d 789 (E.D. Wis. 2004) .................................12, 13

*United States v. Philip Morris, Inc.*, 312 F. Supp. 2d 27 (D.D.C. 2004) ........................18

## **RULES**

C.F.R. § 2641.201(i) .........................................................................................12, 13

Cal. R. Professional Conduct 1.01(c) ................................................................14

Cal. R. Professional Conduct 1.01(k) ................................................................14

Cal. R. Professional Conduct 1.11, Comment 3 .........................................11, 12, 19

Cal. R. Professional Conduct 1.11, Comment 6 ..........................................10, 14

# **INTRODUCTION**

Plaintiff EEOC files this opposition in response to Proposed Intervenor Department of Fair Employment and Housing (DFEH)'s *Ex Parte* Application to Shorten Time. While the EEOC opposes DFEH's motion to intervene on the merits, *see* Ex. A to the Notice of Opposition by the EEOC to DFEH's Ex Parte Application to Shorten Time, the present intervention motion should also be disallowed because, as explained below, it arises from representation prohibited by the California Rules of Professional Conduct. Specifically, two DFEH attorneys[1]—who play leadership roles within the organization— previously served as EEOC ████████████████ who helped to direct the EEOC's investigation into Commissioner's Charge No. 480-2018-05212 against Activision Blizzard, Inc. ("Activision"). These same attorneys then proceeded to represent DFEH in connection with these intervention proceedings, which seek to oppose the consent decree that arose out of the very investigation they helped to direct while at the EEOC. Such representation is prohibited by California Rule of Professional Conduct 1.11(a)(2), and this conflict is imputed to all DFEH attorneys by virtue of California Rule of Professional Conduct 1.11(b) because of DFEH's failure to screen the individual attorneys.

After being informed of this conflict, DFEH retained new counsel but appears to have filed the present intervention motion just hours after this counsel was retained, strongly suggesting that the motion is a product of the prohibited representation. For this reason, the intervention motion should be disallowed and DFEH attorneys should be barred from providing work product to, or advising, new counsel in connection with these intervention proceedings.

---

[1] Because of the sensitive nature of this issue, this Memorandum uses the terms "DFEH Attorney 1" and "DFEH Attorney 2" to refer to these attorneys.

## FACTUAL AND PROCEDURAL BACKGROUND

**I.    DFEH ATTORNEYS 1 AND 2 ARE FORMER ▒▒▒▒▒▒▒▒▒▒▒▒**
      **▒▒▒▒▒▒▒▒▒▒▒ WITH THE EEOC WHO HELPED LEAD THE EEOC'S**
      **INVESTIGATION OF ACTIVISION.**

DFEH Attorneys 1 and 2 are former ▒▒▒▒▒▒▒▒▒▒▒▒ with the EEOC. DFEH Attorney 1 was employed with the EEOC ▒▒▒▒▒▒▒▒, and DFEH Attorney 2 was employed ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒ ▒▒▒▒▒▒▒▒▒▒. After leaving the EEOC, DFEH Attorney 1 began serving as ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒, and DFEH Attorney 2 began serving as ▒▒▒▒ ▒▒▒▒▒▒▒▒▒. *Id.*

While employed with the EEOC, both attorneys were assigned to work on Commissioner's Charge No. 480-2018-05212, against Activision. ▒▒▒▒▒▒▒▒ ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒ ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒ ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒ ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒ ▒▒▒▒▒▒▒▒▒▒▒▒▒

**A.    Guidance and Advice Provided by DFEH Attorneys 1 and 2**

In their capacity as ▒▒▒▒▒▒▒▒▒▒▒▒, DFEH Attorneys 1 and 2 ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒ ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒ ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒ ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒ ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒ ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒ ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒ ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒



DFEH Attorney 2 similarly provided

**B.    Supervision and Approval Authority**

DFEH Attorneys 1 and 2 engaged in active supervision of subordinate trial attorneys and had authority to direct and approve their work.

DFEH Attorney 2 was also delegated key authority with respect to the Activision investigation in her role as a                    .  For example,

**C.    Coordination with External Stakeholders Like DFEH**

DFEH Attorneys 1 and 2 were also closely involved in coordination with external

6

stakeholders like DFEH. ██████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████

## II.    INVOLVEMENT OF DFEH ATTORNEYS IN REPRESENTING DFEH
## WITH RESPECT TO THESE INTERVENTION PROCEEDINGS

While DFEH is now represented by Olivier Schreiber & Chao LLP, it is clear that, until at least October 5, 2021, DFEH's own attorneys, including DFEH Attorneys 1 and 2, represented DFEH with respect to these intervention proceedings.  This is evidenced by several communications with EEOC counsel and Defendants' counsel regarding DFEH's plans to intervene and regarding objections to the proposed consent decree in question. On September 29, 2021, Janette Wipper, Chief Counsel of DFEH, notified counsel of DFEH's plan to file a motion to intervene.  Markey Decl. ¶ 3a, Ex. 2.  On September 30, 2021, DFEH Attorney 1 emailed EEOC counsel and Defendant's counsel, asking to meet and confer on DFEH's motion to intervene.  *Id.* ¶ 3b, Ex. 3.  On October 1, 2021, DFEH Attorney 2 sent two emails to EEOC counsel and Defendants' counsel articulating DFEH's objections to the proposed consent decree.  *Id.*

On October 4, 2021, EEOC's Office of Legal Counsel provided written notice to DFEH Attorneys 1 and 2 ██████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████████████████████████████

██████████████████████████████████ Later that day, Ms. Park emailed DFEH Attorneys

1 and 2, referencing this communication and requesting that ██████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████  *Id.* Ex. 5.  Ms. Park stated that EEOC would not "meet and confer with DFEH counsel regarding the substance of the EEOC's lawsuit or consent decree." *Id.*  Ms. Wipper responded later that day, contending that "[n]either [DFEH Attorneys 1 or 2] participated personally and substantially as an EEOC employee in the [Activision investigation," requesting that "EEOC agree not to oppose DFEH's motion to intervene," and stating that she "look[ed] forward to the meet and confer conference" scheduled for the next day.  *Id.*

During the meet and confer on October 5, 2021, DFEH Attorneys 1 and 2 and Ms. Wipper appeared on DFEH's behalf.  *Id.* ¶ 5.  DFEH Attorney 2 began to speak regarding the merits of the intervention motion, but Ms. Park reiterated EEOC's objections regarding the conflict-of-interest rules.  *Id.*  DFEH Attorney 2 █████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████  *Id.*  After EEOC counsel continued to voice objections to discussing the merits of the case with DFEH attorneys, Ms. Wipper and DFEH Attorneys 1 and 2 disconnected from the call.  *Id.* ¶ 6.  Mr. Patrick Patterson, an attorney who introduced himself as a consultant for DFEH and stated that he was authorized to do the meet and confer, engaged in discussion regarding the merits of the intervention motion.  *Id.*

On October 6, 2021, Ms. Park emailed Mr. Patterson to inquire whether he would be representing DFEH for limited purposes of the meet and confer or instead for all purposes.  Markey Decl. Ex. 6.  Mr. Patterson responded at 8:51 a.m. Pacific Standard Time that day to indicate that he had "been authorized to represent DFEH only for the purpose of the meet-and-confer" and that he did not "know who will be representing the

Department going forward" but would "let [counsel] know if and when I find out." *Id.* At 4:55 p.m. that same day, Mr. Patterson indicated that, "going forward, the attorneys listed immediately below," namely, Olivier Schreiber & Chao LLP, "will be representing [DFEH] in this matter." *Id.* At 7:52 p.m. that same day, DFEH's intervention motion was filed under Mr. Schreiber's signature. *Id.* ¶ 8.

## LEGAL DISCUSSION

I. **CALIFORNIA RULES OF PROFESSIONAL CONDUCT BARRED AND CONTINUE TO BAR DFEH ATTORNEYS 1 AND 2, AND ANY DFEH ATTORNEY, FROM REPRESENTING DFEH IN CONNECTION WITH THESE INTERVENTION PROCEEDINGS.**

A. **DFEH Attorneys, Including DFEH Attorneys 1 and 2, Previously Represented DFEH With Respect to This Intervention Motion.**

Although DFEH is currently represented by Olivier Schreiber & Chao LLP in connection with this motion to intervene, it is clear that DFEH's own attorneys— including DFEH Attorneys 1 and 2—represented DFEH in connection with these intervention proceedings until at least October 5, 2021. As discussed above, these attorneys authored a series of emails between September 29, 2021 and October 1, 2021, regarding DFEH's intent to intervene. Markey Decl. ¶ 3. In addition, these attorneys appeared for the meet and confer on October 5, 2021, after being notified of EEOC's objections, and DFEH Attorney 2 attempted to discuss the merits of the intervention motion. *Id.* ¶¶ 4-5. These actions confirm that DFEH attorneys—including DFEH Attorneys 1 and 2—represented DFEH in connection with these intervention proceedings through at least October 5, 2021.

B. **This Representation Was and Remains Barred By California Rules of Professional Conduct 1.11(a) and (b).**

9

1.     **California Rule of Professional Conduct 1.11(a)(2) Barred and Continues to Bar DFEH Attorneys 1 and 2 from Representing DFEH In Connection With This Matter.**

California Rule of Professional Conduct 1.11, enacted on November 1, 2018, is entitled "Special Conflicts of Interest for Former and Current Government Officials and Employees." Rules 1.11(a) and 1.11(b) govern situations where former government employees engage in subsequent representation, including cases where "a lawyer has been employed by one government agency and then moves to a second government agency, . . . as when a lawyer is employed by a city and subsequently is employed by a federal agency," or vice versa. Cal. Rule Professional Conduct 1.11, Comment 6 (explaining that conflicts of interest in this situation "are governed by paragraphs (a) and (b)" of Rule 1.11).

Rule 1.11(a) provides:

> (a) Except as law may otherwise expressly permit, a lawyer who has formerly served as a public official or employee of the government:
>
>> (1) is subject to rule 1.9(c); and
>>
>> (2) shall not otherwise represent a client in connection with a matter in which the lawyer participated personally and substantially as a public official or employee, unless the appropriate government agency gives its informed written consent to the representation.
>> . . . .

Under Rule 1.11(a)(2), then, DFEH Attorneys 1 and 2 are prohibited from representing DFEH in connection with this matter if they participated in the matter "personally and substantially as a public official or employee."[2]

---

[2] Rule 1.11(a)(2) provides an exception where the appropriate government agency gave informed written consent to the representation, but it is undisputed that there has been no such consent by the EEOC here.

10

Comment 3 to Rule 1.11 states that the term "personal participation" includes "both direct participation and the supervision of a subordinate's participation."  Cal. Rule Professional Conduct 1.11, Comment 3.  Comment 3 also specifies that: "Substantial participation requires that the lawyer's involvement be of significance to the matter. Participation may be substantial even though it is not determinative of the outcome of a particular matter."  *Id.*

Here, it is clear that DFEH Attorneys 1 and 2 participated personally and substantially in ████████████████████████████

████████████████████████████

███████████████████████████

██████████████████████████████

█████████████████████████████

████████████████████████████

████████████████████████████

██████████████████████████

██████████████████████████████

██████████████████████████████

██████████████████████████████

███████████████████████

█████████████████████████████

█████████████████████████████

████████████████████████████

██████████████████████████████

████████████████████████████

██████████████████████████████

████████████████

Rule 1.11 indicates that this sort of direct advice and guidance regarding the substantive merits and strategy of a case constitutes personal and substantial participation. Cal. Rule Prof. Conduct 1.11, Comment 3 ("Personal and substantial participation may occur when, for example, a lawyer participates through . . . recommendation, investigation or the rendering of advice in a particular matter.").  Indeed, interpretations of identical "participated personally and substantially" language in the context of government statutes and regulations—language from which the drafters of Rule 1.11 borrowed, *see* Cal. Rule Professional Conduct 1.11, Executive Summary, at 4 (expressing intent to "provide uniformity . . . with government statutes and regulations that use the . . . phrase ['participated personally and substantially']")—provide further support for this position. *See* 5 C.F.R. § 2641.201(i), Examples 2 and 3 to Paragraph (I) (Office of Government Ethics regulation interpreting "participated personally and substantially" language in 18 U.S.C. § 207(a)(1)) (attorney who "provides advice concerning strategy during the discovery stage of the litigation" has participated personally and substantially, even with no further involvement beyond a single conversation); *United States v. Clark*, 333 F. Supp. 2d 789, 794-95 (E.D. Wis. 2004) (interpreting same provision) (AUSA's receipt of investigative reports and discussion of case with law enforcement agent constituted personal and substantial participation).

Second, both attorneys also engaged in active supervision of subordinate trial attorneys and had authority to direct and approve their work. ███████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████

████████████████████████ *Id.* ¶ 12.  This sort of authority to supervise and approve subordinates' work plainly constitutes personal and substantial participation.  *See* Cal. R. Professional Conduct, Comment 3 ("Personal and substantial participation may occur when, for example, a lawyer participates through decision, approval, [or] disapproval . . . in a particular matter."); 5 C.F.R. § 2641.201(i), Example 5 to Paragraph I (interpreting 18 U.S.C. § 207(a)(1)) (General Counsel who forwards subordinate's evaluation of particular issue to Director with note indicating concurrence has participated substantially); *Clark*, 333 F. Supp 2d at 794-95 (interpreting same provision) (former AUSA's approval of prosecution memorandum alone constituted personal and substantial participation, explaining that "the single act of approving or participation in a critical step" qualifies as substantial).

In sum, both attorneys participated directly and through active supervision in actions going to the heart of the merits of this matter.  Thus, Rule 1.11(a)(2) barred and continues to bar them from representing DFEH in connection with this matter.

## 2. California Rule of Professional Conduct 1.11(b) Barred and Continues to Bar Any DFEH Lawyer From Representing DFEH in this Matter.

California Rule of Professional Conduct 1.11(b) provides:

> (b) When a lawyer is prohibited from representation under paragraph (a), no lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in such a matter unless:

>> (1) the personally prohibited lawyer is timely screened from any participation in the matter and is apportioned no part of the fee therefrom; and

>> (2) written notice is promptly given to the appropriate government agency to enable it to ascertain compliance with the provisions of this rule.

Rule 1.11(b) thus imputes a disqualified lawyer's conflict to the entirety of a firm[3] unless the firm: (1) timely screened the disqualified lawyer; and (2) promptly provided written notice to the appropriate government agency.  The screening and notice obligations apply where "a lawyer has been employed by one government agency and then moves to a second government agency, . . . as when a lawyer is employed by a city and subsequently is employed by a federal agency." Cal. R. Professional Conduct 1.11, Comment 6.  "Because conflicts of interest [in these situations] are governed by paragraphs (a) and (b) [of Rule 1.11], the latter agency is required to screen the lawyer." *Id.*

Here, DFEH met neither the screening nor notice obligations.  First, there is no claim that DFEH promptly provided written notice to the EEOC as required by Rule 1.11(b)(2).  Second, it is clear that DFEH failed to timely screen DFEH Attorneys 1 and 2 from participation in these intervention proceedings.  As discussed above, DFEH Attorneys 1 and 2 ███████████████████████████████████████ ██████████████████████████████████████████████████ ████████████████████████████████████ Markey Decl. ¶¶ 3-5.  There can be no claim that there was timely "isolation of [these] lawyer[s] from any participation" in representing DFEH in connection with the intervention proceedings, as would be necessary to show that timely screening took place.  Cal. R. Professional Conduct 1.01(k).  Thus, all DFEH attorneys were and should remain barred from representing DFEH in this matter.

## II.    THIS COURT SHOULD DISALLOW DFEH'S INTERVENTION MOTION BECAUSE IT IS A PRODUCT OF PROHIBITED REPRESENTATION AND

---

[3] DFEH qualifies as a "firm" within the meaning of Rule 1.11(b). *See* Cal. R. Professional Conduct Rule 1.01(c) (defining "firm" broadly to include "lawyers employed in . . . the legal department, division or office . . . of a government organization, or of another organization").

**SHOULD BAR DFEH ATTORNEYS FROM PROVIDING WORK PRODUCT OR ADVICE TO CURRENT COUNSEL RELATED TO THESE PROCEEDINGS.**

Federal courts have "inherent powers to manage their own proceedings," including the ability to craft appropriate remedies for violations of ethical rules. *Erickson v. Newmark Corp.*, 87 F.3d 298, 303 (9th Cir. 1996).  A district court's power to manage these proceedings continues "even after [a] lawyer is no longer representing a party in the proceedings."  *SPV-LS, LLC v. Transamerica Life Ins. Co.*, No. 14-CIV-4092, 2017 U.S. Dist. Lexis 134971, at *4 (D.S.D. Aug. 23, 2017), *aff'd in relevant part, rev'd in part on separate issue*, 912 F.3d 1106 (8th Cir. 2019).  In framing an order regarding attorney conduct, the court has "wide discretion . . . so as to be just and fair to all parties involved." *Int'l Bus. Machines Corp. v. Levin*, 579 F.2d 271, 279 (3d Cir. 1978).  "Ultimately, . . . a court must maintain ethical standards of professional responsibility."  *Hitachi, Ltd. v. Tatung Co.*, 419 F. Supp. 2d 1158, 1161 (N.D. Cal. 2006) (citation omitted).  Thus, this Court has broad powers to ensure that DFEH is not permitted to gain any unfair advantage from any ethical violations that have already occurred in this case.

**A.    DFEH's Intervention Motion Is the Product of Prohibited Representation.**

It is clear that, up until October 5, 2021, DFEH attorneys represented DFEH for purposes of these intervention proceedings.  *See supra* at 9.  It is also clear that DFEH did not retain present counsel until, at the earliest, the morning of October 6, 2021.  Markey Decl. Ex. 6 (emails from Mr. Patterson at 8:51 a.m. indicating that he did not "know who will be representing [DFEH] going forward" and at 4:55 p.m. that same day indicating that, "going forward," Olivier Schreiber & Chao LLP would "be representing [DFEH] in this matter").  Less than 3 hours later at 7:52 p.m. that same evening, DFEH's intervention motion was filed under Mr. Schreiber's signature.  *Id.* ¶ 8.  Even assuming that DFEH retained present counsel at 8:52 a.m. on October 6, 2021, it beggars belief to conclude that

15

present counsel could have authored the intervention motion in the 11 hours that elapsed before filing without relying on the work product of DFEH attorneys. It would elevate form over substance to allow DFEH attorneys to engage in apparent shadow representation where California Rule of Professional Conduct 1.11 prohibits their direct representation.[4]

> **B.    DFEH Attorneys Should Be Barred From Providing Work Product to or Advising Present Counsel Regarding these Intervention Proceedings.**

When attorneys withdraw or are disqualified from representation based on a violation of conflict-of-interest rules, case law recognizes the propriety of barring these attorneys from providing work product to or engaging in further consultation with successor counsel in certain circumstances. In *First Wisconsin Mortgage Trust v. First Wisconsin Corp.*, 584 F.2d 201 (7th Cir. 1978) (en banc), the Seventh Circuit, sitting en banc, rejected a per se rule that the work product of a disqualified law firm is automatically "tainted," instead adopting a case-by-case inquiry into whether "the work performed during the period subject to disqualification [has] aspects of confidentiality or other unfair detriment to the former client arising from the very fact of the knowledge and acquaintanceship acquired during the period of the prior representation." *Id.* at 205, 208.

In applying this test, courts have looked to the extent to which the prior and subsequent representation were factually related and the "relevance of the general and specific knowledge" gained through prior representation to the subsequent representation. *See, e.g.*, *Behunin v. Dow Chem. Co.*, 642 F. Supp. 870, 873 (D. Colo. 1986) (finding that a bar on disclosure of work product was not warranted where the "specific allegations are

---

[4] If current counsel for DFEH disputes that the intervention motion constitutes the work product of DFEH attorneys, EEOC is amenable to counsel filing a declaration detailing the steps they took to prepare the motion and the extent to which they did or did not consult with or rely on work prepared by DFEH attorneys. *See, e.g.*, *State Ex. Rel. FirsTier Bank v. Mullen*, 534 N.W.2d 575, 580 (1995) (allowing discovery into conduct of successor counsel to determine relationship with disqualified firm).

completely unrelated and only a wild imagination could see this information harming [defendant] in the present case"); *Quark, Inc. v. Power Up Software Corp.*, 812 F. Supp. 178 (D. Colo. 1992) (barring disclosure of work product where the two actions had "a related factual context").  Here, the "general and specific knowledge" that DFEH Attorneys 1 and 2 gained in their prior representation of the EEOC is highly relevant and closely factually related to their subsequent representation of DFEH: indeed, they are seeking to oppose the very consent decree that arose from the investigation they helped to direct while at the EEOC.

Courts have also assessed the likelihood that the disqualified attorneys obtained important information in their prior representation.  *See EZ Paintr Corp. v. Padco, Inc.*, 746 F.2d 1459, 1461-62 (Fed. Cir. 1984) (affirming a ruling that limited turnover of work product by disqualified attorneys because there was evidence that they had acquired information about the merits of the opposing party's legal theories and other confidential information in their prior representation).  Here as in *EZ Paintr Corp.*, DFEH Attorneys 1 and 2 gained information about the merits of the EEOC's legal theories and other confidential information about the Activision investigation during their prior representation.

These circumstances plainly demonstrate at least "a reasonable possibility of confidential information being used in the formation of, or being passed to substitute counsel through" the work product of DFEH attorneys.  *First Wisconsin*, 584 F.2d at 209; *see also Quark*, 812 F. Supp. at 180 (barring disclosure of work product where prior client submitted affidavits showing they "revealed information . . . relating to . . . marketing, development, and planning" that was "relevant to [subsequent] action and could be used against" client).  Because of this risk of disclosure of confidential information, this is not a case where the mere withdrawal of DFEH Attorney 1, DFEH Attorney 2, and other DFEH attorneys would "eliminate the harm . . . that led to disqualification—the protection of client confidences."  *Id.*  (barring disclosure of work product to successor counsel because "[m]erely disqualifying the individual . . . attorneys would not prevent any confidential information that found its way into their work product from being used against plaintiff by successor counsel"); *see also Levin*, 579 F.2d at 283 (looking to whether the  disclosure of work product would serve only as "vindication of the integrity of the bar" or instead serve to remedy "specific injury to the moving party").

The need for a robust protective remedy is especially great given the unique circumstances of this case, where two former EEOC attorneys intimately involved in investigating charges against Activision while at the EEOC now seek to oppose the consent decree that is the culmination of that very investigation.  While Rule 1.11(a)'s prohibition on representation applies regardless of whether the lawyer in question is

"adverse to a former client," Cal. R. Professional Conduct 1.11, Comment 3, the concerns animating the rule are at their zenith where the interests are directly opposed. *See Ross v. Am. Red Cross*, No. 09-cv-905, 2012 U.S. Dist. Lexis 82798, at *8 (S.D. Ohio Jan. 11, 2012) (noting heightened concerns where attorney "was at the forefront of devising and implementing the Red Cross' legal strategy" and then sought to testify against Red Cross's interest with respect to consent decree he helped negotiate).

Moreover, courts have articulated special concerns in the context of potential violations by government attorneys for the following reasons:

> First, because government attorneys may have had access to more kinds of information in connection with the prior representation than private attorneys typically do, there is a greater potential for misuse of information—including information that is not necessarily confidential in nature—. . . . Second, the public is generally more concerned about government improprieties than about private improprieties. Thus, the appearance problem is more severe because the public is likely to be more critical of this potential misuse of information.

*Brown*, 486 A.2d at 49 (discussing rule of professional conduct similar to California Rule of Professional Conduct 1.11).

## **CONCLUSION**

For all these reasons, the appropriate remedy to address the violation of Rule 1.11 in this case is to disallow DFEH's intervention motion and bar DFEH counsel from providing further work product or advice to current counsel. If the Court is inclined to accept the Motion for Intervention, then EEOC respectfully submits its Opposition to the Motion to Intervene which is attached as Exhibit A to the Notice of Opposition by the EEOC to DFEH's Ex Parte Application to Shorten Time. Either way, DFEH's Motion to Intervene should be denied due to violation of Rule 1.11 and on the merits.

Respectfully submitted,

Dated: October 8, 2021

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

By: _s/ Taylor Markey
    Trial Attorney
    E-Mail: taylor.markey@eeoc.gov