Anna Y. Park, SBN 164242
anna.park@eeoc.gov
Nakkisa Akhavan, SBN 286260
nakkisa.akhavan@eeoc.gov
Taylor Markey, SBN 319557
taylor.markey@eeoc.gov
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 422-8396
Facsimile: (213) 894-1301
E Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>ACTIVISION BLIZZARD, INC., BLIZZARD ENTERTAINMENT, INC., ACTIVISION PUBLISHING, INC., and KING DIGITAL ENTERTAINMENT, INC., and DOES ONE through TEN, inclusive,<br><br>Defendants. | Case No.: 2:21-CV-07682-DSF-JEM<br><br>**DECLARATION OF DISTRICT DIRECTOR ROSA VIRAMONTES** |

# DECLARATION OF ROSA VIRAMONTES

I, Rosa Viramontes, have personal knowledge of the facts set forth in this Declaration. I am competent to attest to these facts and would do so if called to testify.

1. I am the District Director of the Los Angeles District Office ("LADO") of the United States Equal Employment Opportunity Commission ("EEOC"). I have been the District Director at all relevant times herein. I have been with the EEOC for 43 years with experience in systemic investigations since 1983. As of October 1, 2021, I am the Acting Director of Field Management Programs for the EEOC in Washington, D.C.

2. In February 2018, I received an anonymous complaint from an employee of Blizzard Entertainment, Inc., a subsidiary of Activision Blizzard, Inc., alleging, among other things, that a hostile work environment based on sex existed at her employer.

3. On September 26, 2018, former EEOC Commissioner Chai Feldblum signed the Commissioner's Charge, Charge No. 480-2018-05212, against Activision Blizzard, Inc. ("Commissioner's Charge"). A true and correct copy of the EEOC's Commissioner's Charge is attached hereto as Exhibit A.

4. On October 12, 2018, about one month after the Commission filed its Charge, DFEH Director Kevin Kish signed a Director's Complaint, DFEH Case No. 201810-03875512, EEOC Charge No. 37A-2019-00053-C, against Blizzard Entertainment, Inc. ("Director's Complaint") which was later amended to add entities Activision Blizzard, Inc. and Activision Publishing, Inc. A true and correct copy of DFEH's Director's Complaint (and amendment) is attached hereto as Exhibit B.

5. As the District Director, I am the signatory and contracting official on behalf of the EEOC in the Worksharing Agreement between the EEOC and DFEH, the California Fair Employment Practices Agency ("FEPA"). The signatory for the

DFEH is Director Kevin Kish. The Worksharing Agreement is publicly available and intended to foster cooperation between the two agencies, in accordance with Title VII, on charge intake and investigations to avoid duplication of efforts and to better serve our stakeholders, including individuals harmed by violations of the civil rights laws which each agency enforces.

6. This Worksharing Agreement was signed by me and Kevin Kish, the Director of DFEH on October 2, 2018 and October 3, 2018, respectively. The Worksharing Agreement has been extended annually to 2021. Specifically, the Fiscal Year 2021 Extension of Worksharing Agreement was signed by Kevin Kish on November 2, 2020. I signed it on November 4, 2020. This extension applied to the time period of October 1, 2020 through September 30, 2021. Attached hereto as Exhibit C is a true and correct copy of the Worksharing Agreement and Extension.

7. The Worksharing Agreement explicitly provides that EEOC Commissioner's Charges will be initially processed by the EEOC. Accordingly, the Commissioner's Charge was to be investigated by the EEOC on all claims.

8. The longstanding practice under the Worksharing Agreement has been for the agency with the earliest charge to conduct the investigation.

9. Sometime in or around November 28, 2018, I was out of the office when I learned about DFEH's Director's Complaint. I directed my Deputy Director, Christine Park-Gonzalez, to communicate with DFEH on my behalf regarding the charges. Deputy Director Park-Gonzalez kept me apprised of communications and informed me that the EEOC had notified and informed DFEH that the EEOC had the lead charge, but that the two agencies discussed coordinating the investigations. The agencies discussed the EEOC taking jurisdiction over the harassment investigation and DFEH taking on the investigation related to pay and promotion claims.

10. Following up on the ongoing discussions led by Deputy Director

Park-Gonzalez on my behalf, on or about December 10, 2018, DFEH Director Kevin Kish and I agreed to formalize the agreement related to the investigation into Activision. I understood the agreement to be that the Worksharing Agreement applied to the two investigations and that the agencies agreed to coordinate and divide up the investigations with EEOC investigating harassment allegations and DFEH investigating pay and promotion related allegations (the "Interagency Agreement"). Kevin Kish and I discussed entering into a common interest agreement and he sent me a draft to review. However, the substance of the common interest agreement did not apply to the circumstance involving two civil rights agencies. Kevin Kish and I agreed that the common interest agreement was not workable and he ultimately referred me to follow up with Janette Wipper. I understood that Janette Wipper was representing the DFEH on behalf of Kevin Kish to work out the specifics of the agreement between the agencies.

11. Over the course of 2019, I spoke several times to Ms. Wipper and we discussed and agreed that the EEOC would take the lead on investigating claims related to harassment and DFEH would take the lead with respect to pay and promotion claims. EEOC staff were made aware of this arrangement as well and conducted the investigation accordingly. Indeed, staff from both agencies communicated internally regarding this arrangement at various intervals in 2019 and 2020.

12. Ms. Wipper and I memorialized the agreement on behalf of our respective agencies through a series of emails exchanged between May 22, 2020 and June 4, 2020, true and correct copies of which are attached hereto as Exhibit D.

13. The EEOC and DFEH agreed to the following specific terms:

a. "Pursuant to [the] Worksharing Agreement, [] common equal employment opportunity authorities, and [] common goals," DFEH and EEOC were "working together on an investigation of potential violations by Activision

Blizzard and its subsidiaries/affiliates" (Email from Wipper dated May 22, 2020);

      b.    The parties were to "continue to coordinate during the investigation." (Email from Wipper dated May 22, 2020);

      c.    If reasonable cause determinations were to be issued, both agencies were to "coordinate conciliation and mediation efforts together." (Email from Wipper dated May 22, 2020);

      d.    The EEOC was to investigate "the harassment allegations" (Email from Wipper dated May 22, 2020) and "take the lead on investigation of the harassment allegations." (Email from Wipper dated June 2, 2020);

      e.    DFEH was to "take the lead on" the investigation of sex discrimination relating to "pay, promotion and advancement opportunities, hiring and assignment, transfer, training and other opportunities, reassignment, demotion and termination allegations" and failure to prevent discrimination under Gov. Code § 12940(k). (Email from Wipper dated June 2, 2020). The email noted that it was memorializing this division of work "per our discussion." *Id.*

      f.    DFEH specifically agreed it "is not conducting the investigation of the harassment allegations in this matter." (Email from Wipper dated June 4, 2020);

      g.    In reliance on the Interagency Agreement, EEOC narrowed the scope of its investigation to-harassment and related retaliation and proceeded to complete its investigation pursuant to the Interagency Agreement.

14.    I entered into the Interagency Agreement because of the EEOC's concern to protect the public and, especially, harmed individuals, from the confusion and re-traumatization that would result from multiple agencies requesting that they share the same sensitive facts repeatedly. It is a longstanding practice at the EEOC to coordinate and work cooperatively with other civil rights agencies and to not have duplicative investigations.

15.    On June 15, 2021, EEOC concluded its investigation and issued a

Letter of Determination finding reasonable cause to believe violations of Title VII occurred at Defendants. A conciliation invitation was also sent to Defendants and conciliation was opened.

16. On or about July 12, 2021, pursuant to a request by DFEH, I informed the Defendants of the Interagency Agreement. A true and correct copy of this correspondence is attached hereto as Exhibit E.

17. Pursuant to the Interagency Agreement, on June 23, 2021, I provided DFEH with a copy of the EEOC's Letter of Determination, and I informed DFEH that the EEOC and Defendants were currently engaging in conciliation. I invited Ms. Wipper to coordinate conciliation efforts with us. I was informed by the Director of State, Local, and Tribal Programs in Washington D.C. that DFEH, through its counsel, would reach out to EEOC's counsel to coordinate next steps since we were in conciliation. A true and correct copy of the June 23, 2021 letter is attached hereto as Exhibit F.

18. DFEH did not respond to my June 23, 2021 letter or otherwise reach out to EEOC to coordinate resolution efforts prior to filing its lawsuit.

19. In late July of 2021, the EEOC learned that DFEH had filed a state court complaint on July 20, 2021, including, among other things, claims of sexual harassment.

20. EEOC never received notice of DFEH's findings or information regarding DFEH's mediation efforts on July 1, 2, and 15, 2021 respectively prior to DFEH filing its lawsuit. To date, DFEH never provided a copy of its findings to EEOC.

21. After filing, DFEH reached out to EEOC to request that the two agencies set up a conference call to discuss how to coordinate. Because DFEH was involved in highly public litigation against the Defendants, and EEOC owes a strict responsibility of confidentiality to Defendants during conciliation under federal law which Defendants did not waive, it was my understanding that DFEH could no

longer participate in the conciliation process after filing a lawsuit. It was and is my understanding that parties adverse to one another in litigation cannot participate in EEOC's conciliation process, since it is a pre-litigation, confidential process. I also informed DFEH in writing that the EEOC was surprised by DFEH's filing in state court pursuing sexual harassment as a claim and that the EEOC was proceeding consistent with the Worksharing Agreement and Interagency Agreement. I informed DFEH of this understanding in a letter on September 23, 2021. A true and correct copy of that letter is attached hereto as Exhibit G.

22. Since its filing in state court, DFEH has requested the names of individuals identified as potential claimants by EEOC twice, stating it would like to advise them as to their rights with respect to any releases under state law.

Date: 10/8/2021

*Rosa M. Viramontes*

Rosa M. Viramontes,
District Director Los Angeles District Office, Acting Director of Field Management Programs