1  Anna Y. Park, SBN 164242
2  anna.park@eeoc.gov
   Nakkisa Akhavan, SBN 286260
3  nakkisa.akhavan@eeoc.gov
4  Taylor Markey, SBN 319557
   taylor.markey@eeoc.gov
5  U.S. EQUAL EMPLOYMENT
6  OPPORTUNITY COMMISSION
   255 East Temple Street, Fourth Floor
7  Los Angeles, CA 90012
8  Telephone:  (213) 422-8396
   Facsimile:  (213) 894-1301
9  E Mail:  lado.legal@eeoc.gov
10
11 Attorneys for Plaintiff
   U.S. EQUAL EMPLOYMENT
12 OPPORTUNITY COMMISSION
13
14             **UNITED STATES DISTRICT COURT**

15             **CENTRAL DISTRICT OF CALIFORNIA**
16
17 U.S. EQUAL EMPLOYMENT              ) Case No.: 2:21-CV-07682-DSF-JEM
   OPPORTUNITY COMMISSION,           )
18                                    )
19            Plaintiff,              ) **DECLARATION OF SENIOR**
                                      ) **TRIAL ATTORNEY TAYLOR**
20      vs.                          ) **MARKEY**
21                                    )
   ACTIVISION BLIZZARD, INC.,         )
22 BLIZZARD ENTERTAINMENT,            )
   INC., ACTIVISION PUBLISHING,       )
23 INC., and KING DIGITAL             )
24 ENTERTAINMENT, INC., and DOES      )
   ONE through TEN, inclusive,        )
25                                    )
26                                    )
            Defendants.               )
27 _____)
28

## DECLARATION OF TAYLOR MARKEY

I, Taylor Markey, have personal knowledge of the facts set forth in this Declaration. I am competent to attest to these facts and would do so if called to testify.

1.     I am a Senior Trial Attorney in the Los Angeles District Office ("LADO") of the United States Equal Employment Opportunity Commission ("EEOC"). I have been employed at the EEOC since August 2020.

2.     ██████████████████████████████████████████████ ██████████████████████████████████████████████ ██████████████████████████████████████████████ ██████████████████████████████████████████████ ████████

3.     Counsel from DFEH, including DFEH Attorney 1 and DFEH Attorney 2,[1] have engaged in correspondence with counsel for EEOC and for Defendant regarding DFEH's plans to move to intervene in this matter. Specifically:

    a.  On September 29, 2021, Janette Wipper, Chief Counsel of DFEH, emailed counsel for the EEOC and for Defendants on behalf of DFEH indicating that DFEH planned to move to intervene regarding the proposed consent decree. Attached hereto as Exhibit 2 is a true and correct copy of this email.

    b.  On September 30, 2021, DFEH Attorney 1 emailed counsel for the EEOC and Defendants on behalf of DFEH, requesting to meet and confer on October 1, 2021, "on the DFEH's motion to intervene in the matter of EEOC v. Activision Blizzard, Inc., et al." The parties, as well as DFEH Attorneys 1 and 2, had several subsequent email

---

[1] The names of these attorneys are provided to the Court under seal.

1  exchanges, with DFEH Attorney 2 providing legal arguments

2  regarding intervention and citation to authorities. Attached hereto

3  as Exhibit 3 is a true and correct copy of this email

4  correspondence.

5      c.  No other attorneys (other than DFEH Attorneys 1 and 2 and Ms.

6          Wipper) purporting to represent DFEH engaged in these

7          communications or were copied on these email exchanges.

8  4.      Beginning on October 4, 2021, EEOC counsel engaged in

9  correspondence with DFEH Attorneys 1 and 2, and other DFEH counsel regarding

10 ethical concerns arising from DFEH Attorneys 1 and 2's prior employment with

11 the EEOC and current representation of DFEH's purported interests in DFEH's

12 planned Motion to Intervene objecting to EEOC's proposed Decree.

13     a.  On October 4, 2021, EEOC's Office of Legal Counsel sent emails

14         to DFEH Attorneys 1 and 2, respectively, stating that "[i]t is our

15         understanding that you were personally and substantially involved

16         in this matter while you were employed as an [attorney] at the

17         EEOC" and advising them of their ethical obligations under the

18         Ethics in Government Act, 18 U.S.C. § 207.  Attached as Exhibit 4

19         are true and correct copies of these emails with attachments.

20     b.  Later that day, Ms. Park sent an email to DFEH Attorneys 1 and 2

21         reminding them of the statutory and regulatory restrictions on their

22         involvement in EEOC's suit against Defendants and requesting

23         that they cease their involvement in the matter immediately. The

24         letter made clear the EEOC's position that no DFEH counsel may

25         continue to represent DFEH's purported interests in connection

26         with EEOC's suit against Defendants and requested that outside

27         counsel appear at a meet and confer to be held on October 5, 2021.

28         On the same day, Ms. Wipper responded by email arguing that

1    neither DFEH Attorney 1 nor DFEH Attorney 2 participated

2    personally and substantially in the EEOC's Activision case. A true

3    and correct copy of this email string is attached as Exhibit 5.

4         5.     On October 5, 2021, a meet and confer was held.  During the meet

5    and confer, DFEH Attorneys 1 and 2 and Ms. Wipper appeared on DFEH's behalf.

6    DFEH Attorney 2 began to speak regarding the merits of the intervention motion,

7    but Ms. Park interrupted to reiterate the EEOC's objections to DFEH Attorneys 1

8    and 2 or any other DFEH attorney representing DFEH in this matter.  DFEH

9    Attorney 2 continued to voice objections to the substance of the consent decree and

10   suggested she may have a fiduciary duty to EEOC, because EEOC is her former

11   client, to raise awareness of the alleged conflict between the proposed consent

12   decree and EEOC policies.  EEOC counsel reiterated the position that no DFEH

13   attorney could represent DFEH in connection with these intervention proceedings

14   and stated that the EEOC would file a motion to disqualify should any DFEH

15   attorneys seek to represent the agency in a motion to intervene.  EEOC counsel

16   also stated the agency's position that no work could be performed on this matter by

17   DFEH attorneys and raised the issue of whether successor counsel had been privy

18   to information prepared by conflicted attorneys.

19        6.     Ms. Wipper, and DFEH Attorneys 1 and 2 agreed to disconnect from

20   the meet and confer.  Mr. Patrick Patterson remained on the line and introduced

21   himself as an attorney who was a consultant for DFEH and was authorized to

22   represent DFEH only in connection with the meet and confer.

23        7.     On October 5, 2021 at 4:02 pm, Mr. Patterson sent an email stating

24   DFEH's intention to file a motion to intervene, and that it was also considering a

25   request to shorten the time for filing that motion. Ms. Park responded on October

26   6, 2021 and requested to know whether Mr. Patterson would be representing

27   DFEH for all purposes. She also requested clarification that DFEH Attorneys 1 and

28   2, and attorneys for DFEH including Ms. Wipper would be recusing themselves.

1  Mr. Patterson responded that day, October 6, at 8:51 am stating that he was

2  authorized to represent DFEH only for the purpose of the meet-and-confer and did

3  not know who would be representing DFEH going forward. On October 6, 2021, at

4  4:55 pm, the EEOC received an email from Mr. Patterson providing notice of new

5  counsel for DFEH – the law firm of Olivier Schreiber & Chao LLP. A true and

6  correct copy of this email string is attached as Exhibit 6.

7      8.    At 7:52 p.m. on October 6, 2021, DFEH's intervention motion was

8  filed under Mr. Schreiber's signature.

9

10

11  Date:_____

12                               Taylor Markey,
    Senior Trial Attorney, Los Angeles District

13                               Office

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28