# EXHIBIT 2

# EXHIBIT 2

# EXHIBIT A

# INTENTIONALLY LEFT BLANK

# EXHIBIT B

# INTENTIONALLY LEFT BLANK

# ATTACHMENT C

# ATTACHMENT C

FY 2019 EEOC/FEPA MODEL WORKSHARING AGREEMENT

WORKSHARING AGREEMENT

BETWEEN

CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

and

THE U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Los Angeles District Office

FOR FISCAL YEAR 2019

I.  INTRODUCTION

A.  The California Department of Fair Employment and Housing, hereinafter
    referred to as the FEPA, has jurisdiction over allegations of
    employment discrimination filed against employers of five (5) or more
    employees occurring within the State of California based on race,
    religious creed, color, national origin, ancestry, physical
    disability, mental disability, medical condition, genetic information,
    marital status, sex, gender, gender identity, gender expression, age,
    sexual orientation, military and veteran status, and criminal history
    pursuant to the California Fair Employment and Housing Act. In
    situations involving harassment, the FEPA has jurisdiction over
    employers with one (1) or more employees pursuant to the California
    Fair Employment and Housing Act. The FEPA also has jurisdiction over
    allegations of employment discrimination filed against employers of
    fifty (50) or more employees occurring within the State of California
    based on family care and medical leave issues involving the California
    Family Rights Act.

    The U.S. Equal Employment Opportunity Commission, hereinafter referred
    to as the EEOC, has jurisdiction over allegations of employment
    discrimination occurring throughout the United States where such
    charges are based on race, color, religion, sex, or national origin,
    all pursuant to Title VII of the Civil Rights Act of 1964, as amended
    (42 U.S.C. § 2000(e)) (hereinafter referred to as Title VII). The EEOC
    has jurisdiction to investigate and determine charges of
    discrimination based on age (40 or older) under the Age Discrimination
    in Employment Act of 1967, as amended (29 U.S.C.§ 621 et. seq.)(ADEA),
    for unequal wages based on sex under the Equal Pay Act of 1963, as
    amended (29 U.S.C.§ 206) (EPA), and over allegations of employment
    discrimination based on disability pursuant to Title I of the Americans

1

with Disabilities Act of 1990, as amended (42 U.S.C. § 12101) (ADA), and over the use or acquisition of genetic information as the basis for employment decisions pursuant to Title II of the Genetic Information Nondiscrimination Act of 2008.

B.     In recognition of, and to the extent of the common jurisdiction and goals of the two (2) Agencies, and in consideration of the mutual promises and covenants contained herein, the FEPA and the EEOC hereby agree to the terms of this Worksharing Agreement, which is designed to provide individuals with an efficient procedure for obtaining redress for their grievances under appropriate California and Federal laws.


II.   FILING OF CHARGES OF DISCRIMINATION

A.     In order to facilitate the assertion of employment rights, the EEOC and the FEPA each designate the other as its agent for the purpose of receiving and drafting charges, including those that are not jurisdictional with the agency that initially receives the charges. The EEOC's receipt of charges on the FEPA's behalf will automatically initiate the proceedings of both the EEOC and the FEPA for the purposes of Section 706 (c) and (e) (1) of Title VII. This delegation of authority to receive charges does not include the right of one Agency to determine the jurisdiction of the other Agency over a charge. Charges can be transferred from one agency to another in accordance with the terms of this agreement or by other mutual agreement.

B.     The FEPA shall take all charges alleging a violation of Title VII, the ADEA, the EPA, GINA or the ADA where both the FEPA and the EEOC have mutual jurisdiction, or where the EEOC only has jurisdiction, so long as the allegations meet the minimum requirements of those Acts, and for charges specified in Section III. A. 1. below, refer them to the EEOC for initial processing.

C.     Each Agency will inform individuals of their rights to file charges directly with the other Agency and or assist any person alleging employment discrimination to draft a charge in a manner that will satisfy the requirements of both agencies to the extent of their common jurisdiction.

       Normally, once an agency begins an investigation, it resolves the charge. Charges may be transferred between the EEOC and the FEPA within the framework of a mutually agreeable system. Each agency will advise Charging Parties that charges will be resolved by the agency taking the charge except when the agency taking the charge lacks jurisdiction or when the charge is to be transferred in accordance with Section III (DIVISION OF INITIAL CHARGE-PROCESSING RESPONSIBILITIES).

D.     For charges that are to be dual-filed, each Agency will use EEOC Charge Form 5 (or alternatively, an employment discrimination charge form which within statutory limitations, is acceptable in form and content to the EEOC and the FEPA) to draft charges. When a charge is taken

2

based on disability, the nature of the disability shall not be disclosed on the face of the charge.

E.    Within ten calendar days of receipt, each Agency agrees that it will notify both the Charging Party and the Respondent of the dual-filed nature of each such charge it receives for initial processing and explain the rights and responsibilities of the parties under the applicable Federal, State, or Local statutes.

III. DIVISION OF INITIAL CHARGE-PROCESSING RESPONSIBILITIES

In recognition of the statutory authority granted to the FEPA by Section 706(c) and 706(d) of Title VII as amended; and by Title I of the Americans with Disabilities Act, and the transmittal of charges of age discrimination pursuant to the Age Discrimination in Employment Act of 1967, the primary responsibility for resolving charges between the FEPA and the EEOC will be divided as follows:

A.    The EEOC and the FEPA will process all Title VII, ADA, GINA, and ADEA charges that they originally receive.

1.    For charges originally received by the EEOC and/or to be initially processed by the EEOC, the FEPA waives its right of exclusive jurisdiction to initially process such charges for a period of 60 days for the purpose of allowing the EEOC to proceed immediately with the processing of such charges before the 61st day.

In addition, the EEOC will initially process the following charges:

-- All Title VII, ADA, and concurrent Title VII/ADA charges jurisdictional with the FEPA and received by the FEPA 240 days or more after the date of violation;

-- All disability-based charges that may not be resolved by the FEPA in a manner consistent with the ADA.

-- All concurrent Title VII/EPA charges;

-- All charges against the FEPA or its parent organization where such parent organization exercises direct or indirect control over the charge decision-making process;

-- All charges filed by EEOC Commissioners;

-- Charges also covered by the Immigration Reform and Control Act;

-- Complaints referred to the EEOC by the U.S. Department of Justice, Office of Federal Contract Compliance Programs, or Federal fund-granting agencies under 29 CFR § 1640, 1641, and 1691.

3

-- Any charge where the EEOC is a party to a Conciliation Agreement or a Consent Decree that, upon mutual consultation and agreement, is relevant to the disposition of the charge. The EEOC will notify the FEPA of all Conciliation Agreements and Consent Decrees that have features relevant to the disposition of subsequent charges;

-- Any charge alleging retaliation for filing a charge with the EEOC or for cooperating with the EEOC; and

-- All charges against Respondents that are designated for initial processing by the EEOC in a supplementary memorandum to this Agreement.

2.    The FEPA will initially process the following types of charges:

-- Any charge alleging retaliation for filing a charge with the FEPA or cooperating with the FEPA;

-- Any charge where the FEPA is a party to a Conciliation Agreement or a Consent Decree that, upon mutual consultation and agreement, is relevant to the disposition of the charge. The FEPA will provide the EEOC with an on-going list of all Conciliation Agreements and Consent Decrees that have features relevant to the disposition of subsequent charges;

-- All charges that allege more than one basis of discrimination where at least one basis is not covered by the laws administered by the EEOC but is covered by the FEPA Ordinance, or where the EEOC is mandated by federal court decision or by internal administrative EEOC policy to dismiss the charge, but the FEPA can process that charge.

-- All charges against Respondents that are designated for initial processing by the FEPA in a supplementary memorandum to this Agreement; and

-- All disability-based charges against Respondents over which the EEOC does not have jurisdiction.

B.    Notwithstanding any other provision of the Agreement, the FEPA or the EEOC may request to be granted the right to initially process any charge subject to agreement of the other agency. Such variations shall not be inconsistent with the objectives of this Worksharing Agreement or the Contracting Principles.

4

C.  Each Agency will on a quarterly basis notify the other of all cases in litigation and will notify each other when a new suit is filed. As charges are received by one Agency against a Respondent on the other Agency's litigation list a copy of the new charge will be sent to the other Agency's litigation unit within 15 working days.

IV.  EXCHANGE OF INFORMATION

A.  Both the FEPA and the EEOC shall make available for inspection and copying to appropriate officials from the other Agency any information that may assist each Agency in carrying out its responsibilities. Such information shall include, but not necessarily be limited to, investigative files, conciliation agreements, staffing information, case management printouts, charge processing documentation, and any other material and data as may be related to the processing of dual-filed charges or administration of the contract. The Agency accepting information agrees to comply with any confidentiality requirements imposed on the agency providing the information. With respect to all information obtained from the EEOC, the FEPA agrees to observe the confidentiality provisions of Title VII, the ADEA, the ADA and GINA.

B.  In order to expedite the resolution of charges or facilitate the working of this Agreement, either Agency may request or permit personnel of the other Agency to accompany or to observe its personnel when processing a charge.

V.  RESOLUTION OF CHARGES

A.  Both agencies will adhere to the procedures set out in the EEOC's State and Local Handbook, including current revisions thereto.

B.  For the purpose of according substantial weight to the FEPA final finding and order, the FEPA must submit to the EEOC copies of all documents pertinent to conducting a substantial weight review; the evaluation will be designed to determine whether the following items have been addressed in a manner sufficient to satisfy EEOC requirements; including, but not limited to:

1.  jurisdictional requirements,

2.  investigation and resolution of all relevant issues alleging personal harm with appropriate documentation and using proper theory,

3.  relief, if appropriate,

4.  mechanisms for monitoring and enforcing compliance with all terms of conciliation agreements, orders after public hearing or consent orders to which the FEPA is a party.

C.  In order to be eligible for contract credit and/or payment, submissions must meet all the substantive and administrative requirements as stipulated in the Contracting Principles.

D.  For the purposes of determining eligibility for contract payment, a final action is defined as the point after which the charging party has no administrative recourse, appeal, or other avenue of redress available under applicable State and Local statutes.

E.  The FEPA must submit supporting documents to justify each case resolution within 45 calendar days of FEPA case closure to the EEOC in order to receive contract credit and/or payment, with the exception of closures in the month of September. The cases closed in September will be submitted for credit no later than October 15th of the same calendar year. The FEPA must also provide the charge resolution reports (EEOC 472 reports) along with the aforementioned case resolution documentation.

VI.  IMPLEMENTATION OF THE WORKSHARING AGREEMENT

A.  Each agency will designate a person as liaison official for the other agency to contact concerning the day-to-day implementation for the Agreement. The liaison for the FEPA will be Mary Wheat, Deputy Director of Enforcement. The liaison official for the EEOC will be State and Local Coordinator, Karrie Maeda.

B.  The agencies will monitor the allocation of charge-processing responsibilities as set forth in the Agreement. Where it appears that the overall projection appears inappropriate, the appropriate portions of this Agreement will be modified to ensure full utilization of the investigation and resolution capacities of the FEPA and rapid redress for allegations of unlawful employment discrimination.

C.  The agencies agree to work together in furtherance of the EEOC's current Strategic Plan when assessing the allocation of charges under this agreement and to cooperate in compliance and enforcement efforts as well as training, outreach and technical assistance efforts encompassed by the Plan.

D.  The EEOC will provide original forms to be copied by the FEPA, in accordance with the Regulations and the Compliance Manual to be used by the FEPAs in correspondence with Charging Parties and Respondents.

E.  If a dispute regarding the implementation or application of this agreement cannot be resolved by the FEPA and District Office Director, the issues will be reduced to writing by both parties and forwarded to the Director of the Office of Field Programs for resolution.

F.  This Agreement shall operate from the first day of October 2018 to the thirtieth day of September 2019 and may be renewed or modified by mutual consent of the parties.

6

I have read the foregoing Worksharing Agreement and I accept and agree to
the provisions contained therein.

Date 10/3/18 _____,

Rosa Viramontes, District Director

U.S. Equal Employment Opportunity Commission
Los Angeles District Office


Date 10/2/18 _____,

Kevin Kish, Director

California Department of Fair Employment and Housing

7

**Attachment 5**

## FY 2020 EXTENSION OF WORKSHARING AGREEMENT

Inasmuch as there have been no substantive changes in the processes,
procedures, statutes, policies or regulations that would adversely
affect or substantially alter the work sharing arrangement between the
Los Angeles District Office and the
California Department of Fair Employment and Housing, or that would
affect the processing of charges filed under the pertinent Federal,
state or local statutes, the parties agree to extend the current work
sharing agreement that was executed on 10/1/2018 through the FY 2020
Charge Resolution Contract Option Period, from October 1, 2019 through
September 30, 2020.  The agencies agree to work together in
furtherance of the provisions of EEOC's current Strategic Plan when
assessing the allocation of charges under this agreement and to
cooperate in compliance and enforcement efforts as well as training,
outreach and technical assistance efforts encompassed by the Plan.  By
executing this extension, the parties agree to abide by the
confidentiality provisions of GINA as well as the other statutes cited
in the agreement.  This agreement, as well as the attendant
Worksharing Agreement may be reopened and amended by mutual consent of
the parties.


_Mary Wheat_
For the FEPA

_10-4-2019_
Date


_Rosa M. Viramontes_
For the EEOC District Office

_10/4/2019_
Date

Attachment 5


## FY 2021 EXTENSION OF WORKSHARING AGREEMENT

The parties acknowledge that EEOC believes there have been no
substantive changes in the processes, procedures, statutes,
policies or regulations that would adversely affect or
substantively alter the worksharing agreement between the EEOC
Los Angeles District Office and the California Department of
Fair Employment and Housing (DFEH), or that would affect the
processing of charges filed under the pertinent Federal, state
or local statutes, and that the DFEH believes EEOC has made
changes to its policies and practices with respect to sharing
EEO-1 data that do alter the worksharing agreement and affect
the processing of charges. Nevertheless, without waiving any
claims or defenses related to the scope of information sharing
required by the worksharing agreement or arising under
applicable statutes or regulations, the parties agree to extend
the current worksharing agreement that was executed on October
4, 2019, through the FY 2021 Charge Resolution Contract Option
Period, from October 1, 2020 through September 30, 2021. The
agencies agree to work together in furtherance of the provisions
of EEOC's current Strategic Plan when assessing the allocation
of charges under this agreement and to cooperate in compliance
and enforcement efforts as well as training, outreach and
technical assistance efforts encompassed by the Plan. By
executing this extension, the parties agree to abide by the
confidentiality provisions of GINA as well as the other statutes
cited in the agreement.  This agreement, as well as the
attendant Worksharing Agreement, may be reopened and amended by
mutual consent of the parties.


_____          ___11/02/2020_____

        For the FEPA                              Date

Rosa M.          Digitally signed by Rosa M. Viramontes
                 DN: cn=Rosa M. Viramontes, o=EEOC - Los      November 4, 2020
Viramontes       Angeles District Office, ou=District Director,
                 email=rosa.viramontes@eeoc.gov, c=US
_____          _____
                 Date: 2020.11.04 09:17:32 -08'00'

  For the EEOC District Office                     Date

# ATTACHMENT D

# ATTACHMENT D



**From:** Wipper, Janette@DFEH <Janette.Wipper@dfeh.ca.gov>
**Sent:** Thursday, June 04, 2020 3:16 PM
**To:** ROSA VIRAMONTES <ROSA.VIRAMONTES@EEOC.GOV>
**Subject:** RE: PRIVILEGED & CONFIDENTIAL EEOC/DFEH Investigation of Activision Blizzard

Rosa,

To confirm our discussion, DFEH is not conducting the investigation of the harassment allegations in this matter.

Please let me know if you need further information.

Janette

**From:** Wipper, Janette@DFEH
**Sent:** Tuesday, June 2, 2020 12:04 PM
**To:** ROSA VIRAMONTES <ROSA.VIRAMONTES@EEOC.GOV>
**Subject:** RE: PRIVILEGED & CONFIDENTIAL EEOC/DFEH Investigation of Activision Blizzard

Hi Rosa,

Per our discussion, EEOC plans to take the lead on investigation of the harassment allegations in this matter, and DFEH plans to take the lead on the employment discrimination allegations in this matter, including pay, promotion and advancement opportunities, hiring and assignment, transfer, training and other opportunities, reassignment, demotion and termination allegations.  Also, DFEH will take the lead on state claims that do not exist under federal law such as the failure to prevent claim noted below, Gov. Code, § 12940(k), 2 CCR § 11023.

Please let me know if you need any further information.

Janette



**From:** Wipper, Janette@DFEH <Janette.Wipper@dfeh.ca.gov>
**Sent:** Tuesday, June 02, 2020 8:57 AM
**To:** ROSA VIRAMONTES <ROSA.VIRAMONTES@EEOC.GOV>
**Subject:** RE: PRIVILEGED & CONFIDENTIAL EEOC/DFEH Investigation of Activision Blizzard

Hi Rosa,

the sex discrimination allegations in our department-initiated complaint that are now under investigation currently cover discrimination in all terms and conditions of employment.

Under the California Fair Employment and Housing Act (FEHA, Gov. Code, § 12940(k), 2 CCR § 11023), an employer is required to take

all reasonable steps to prevent discrimination or other violations from occurring.  It is a separate claim under FEHA, and the DFEH may independently seek non-monetary preventative remedies for a violation of Gov. Code, § 12940(k) whether or not the department prevails on an underlying claim of discrimination, harassment, or retaliation. Please also see relevant regulation copied below.

Thanks.

2 CCR § 11023 (a) Employers have an affirmative duty to take reasonable steps to prevent and promptly correct discriminatory and harassing conduct. (Gov. Code, § 12940(k).)
(1) A determination as to whether an employer has complied with Government Code section 12940(k) includes an individualized assessment, depending upon numerous factors sometimes unique to the particular employer including, but not limited to, its workforce size, budget, and nature of its business, as well as upon the facts of a particular case.
(2) There is no stand-alone, private cause of action under Government Code section 12940(k). In order for a private claimant to establish an actionable claim under Government Code section 12940(k), the private claimant must also plead and prevail on the underlying claim of discrimination, harassment, or retaliation.
(3) However, in an exercise of its police powers, the Department may independently seek non-monetary preventative remedies for a violation of Government Code section 12940(k) whether or not the Department prevails on an underlying claim of discrimination, harassment, or retaliation.

---

**From:** ROSA VIRAMONTES <ROSA.VIRAMONTES@EEOC.GOV>
**Sent:** Monday, June 1, 2020 4:24 PM
**To:** Wipper, Janette@DFEH <Janette.Wipper@dfeh.ca.gov>
**Subject:** RE: PRIVILEGED & CONFIDENTIAL EEOC/DFEH Investigation of Activision Blizzard

[EXTERNAL] This email originated from outside DFEH. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hi Janette.

"Which allegations of sex discrimination is the FEPA working on?  And what is failure to prevent discrimination?  And what other violations?  We need clearer answers before moving forward. "

Thanks.

---



**From:** Wipper, Janette@DFEH <Janette.Wipper@dfeh.ca.gov>
**Sent:** Friday, May 22, 2020 9:29 AM
**To:** ROSA VIRAMONTES <ROSA.VIRAMONTES@EEOC.GOV>
**Subject:** PRIVILEGED & CONFIDENTIAL EEOC/DFEH Investigation of Activision Blizzard

PRIVILEGED and CONFIDENTIAL,
*subject to government privileges and attorney-client/ work-product privileges*

Rosa,

Pursuant to our worksharing agreement, our common equal employment opportunity authorities, and our common goals, DFEH and EEOC are working together on an investigation of potential violations by Activision Blizzard and its subsidiaries/affiliates.

As previously discussed, EEOC is working on the sexual harassment allegations of the investigation, and DFEH is working on allegations of sex discrimination and failure to prevent discrimination and other violations in the investigation.  We will continue to coordinate during the investigation.  If reasonable cause determinations are issued by both agencies, we will also coordinate conciliation and mediation efforts together.

We look forward to working with you.

Janette

_____

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

# ATTACHMENT E

# ATTACHMENT E

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Los Angeles District Office**

255 E. Temple Street, 4th Floor
Los Angeles, CA  90012
Intake Information Group:  (800) 669-4000
Intake Information Group TTY:  (800) 669-6820
Los Angeles Direct Dial:  (213) 785-3090
FAX (213) 894-1118
Website:  www.eeoc.gov

July 12, 2021

SENT VIA ELECTRONIC MAIL

Elena R Baca
Paul Hastings, LLP Employment Law Dept.
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, Ca 90071
elenabaca@paulhastings.com

Re:  *Feldblum v. Activision Blizzard, Inc.*, EEOC Charge No. 480-2018-05212

Dear Ms. Baca:

This letter serves to follow up on the matter regarding *Feldblum v. Activision Blizzard, Inc.*, EEOC Charge No. 480-2018-05212 ("Commissioner's Charge") and *Kish v. Blizzard Entertainment, et al.*, DFEH Case No. 201810-03875512, EEOC Charge No. 37A-2019-00053-C ("Director's Complaint").

As you are aware, the United States Equal Employment Opportunity Commission ("EEOC" or "Commission") filed a Commissioner's Charge against Respondents on September 26, 2018.  The California Department of Fair Employment and Housing ("DFEH") filed a Director's Complaint on October 12, 2018 (later amended on October 29, 2018) with similar and overlapping allegations.

It is my understanding that you were asked by DFEH to reach out to me to discuss the matter.  Specifically, you asked about interrelationship between the EEOC's Commissioner's Charge and the DFEH Directors' Charge which cover the same claims, bases and issues. You have reasonably asked the two agencies to coordinate and to respond to your question.

As discussed, where there are duplicate charges filed with our respective agencies, typically the agency that first receives the charge handles the investigation. We also discussed that this was an unusual circumstance, involving an EEOC Commissioner's Charge and a DFEH Director's Complaint. Pursuant to discussions between the EEOC and DFEH regarding how to handle the overlapping Commissioner's Charge and Director's Complaint, our agencies agreed that pursuant to the EEOC-DFEH Worksharing Agreement and past practices, and in the spirit of cooperation, it would be in the best interest of both agencies to conduct a joint investigation of the case.

       The two agencies did agree to address the duplication of effort raised in these two investigations in the following manner:  The EEOC and DFEH agreed that the EEOC would investigate the harassment allegations and related claims and DFEH would investigate allegations of pay, promotion, hiring assignment, transfer, training demotion, and termination. DFEH specifically agreed not to investigate the sexual harassment related claims.  As our Letter of Determination indicates, we have proceeded on the sexual harassment related claims.  It is our understanding that DFEH had already disclosed the arrangement between the agencies early in the investigation.

       We have reached out to DFEH and we will continue to do so to coordinate efforts.  We hope to get some further clarity from the DFEH and expect to have a response soon.

Sincerely,

Rosa M
Viramontes

Digitally signed by
Rosa M Viramontes
Date: 2021.07.12
17:13:39 -07'00'

Rosa M. Viramontes
District Director
EEOC Los Angeles District Office

2

# ATTACHMENT F

# ATTACHMENT F



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Los Angeles District Office**

255 E. Temple Street, 4th Floor
Los Angeles, CA  90012
Intake Information Group:  (800) 669-4000
Intake Information Group TTY:  (800) 669-6820
Los Angeles Direct Dial:  (213) 785-3090
FAX (213) 894-1118
Website:  www.eeoc.gov

June 23, 2021

SENT VIA ELECTRONIC MAIL

Ms. Janette Wipper, Chief Counsel
California Department of Fair Employment & Housing
2218 Kausen Drive, Suite 100
Elk Grove, CA 95758

Dear Ms. Wipper:

██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████

As you are aware, the United States Equal Employment Opportunity Commission ("EEOC" or "Commission") filed a Commissioner's Charge against Respondents on September 26, 2018.  The California Department of Fair Employment and Housing ("DFEH") filed a Director's Complaint on October 12, 2018 (later amended on October 29, 2018), with similar allegations. After Respondents' counsel made the EEOC aware of the DFEH Director's Complaint, there was a joint telephonic conference call with you, other DFEH staff and our EEOC Los Angeles District staff on November 29, 2018, where you were provided notice of the EEOC Commissioner's Charge. We discussed that when there are duplicate charges filed by individuals at our respective agencies, typically the agency that first receives the charge handles the investigation. However, we also discussed that this was an unusual circumstance involving an EEOC Commissioner's Charge and a DFEH Director's Complaint. At the time, our agencies agreed in the spirit of partnership to conduct a joint investigation of the case and share information.

On December 10, 2018, I had a conversation with DFEH Executive Director Kevin Kish where we further agreed to work together and consider a common interest agreement wherein the EEOC would take the lead in investigating the harassment claims and the DFEH would take the lead in investigating the pay claims, with both agencies sharing information and coordinating our efforts. ████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████

Ms. Janette Wipper
June 23, 2021
Page 2 of 3

██████████████████████████████████████████████████

     There were multiple email exchanges and phone conversations between us on this subject resulting in your May 22, 2020, email wherein you confirmed that, "Pursuant to our worksharing agreement, our common equal employment opportunity authorities, and our common goals, DFEH and EEOC are working together on an investigation of potential violations by Activision Blizzard and its subsidiaries/affiliates." You further confirmed the division of the investigation, stating, "EEOC is working on the sexual harassment allegations of the investigation, and DFEH is working on allegations of sex discrimination and failure to prevent discrimination and other violations in the investigation.  We will continue to coordinate during the investigation.  If reasonable cause determinations are issued by both agencies, we will also coordinate conciliation and mediation efforts together."

     On June 2, 2020, you again confirmed via email, "EEOC plans to take the lead on investigation of the harassment allegations in this matter, and DFEH plans to take the lead on the employment discrimination allegations in this matter, including pay, promotion and advancement opportunities, hiring and assignment, transfer, training and other opportunities, reassignment, demotion and termination allegations." On June 4, 2020, you further stated via email, "DFEH is not conducting the investigation of the harassment allegations in this matter." As the EEOC's investigation progressed, however, the EEOC began to receive information that there was overlap between the DFEH's requests and activities and the EEOC's. The EEOC received several inquiries from Respondents' counsel regarding the coordination of the investigations.



     Since that time, the EEOC was informed that it appears the DFEH is investigating the harassment-related claims in addition to the other issues. The overlap in our investigations appears to be a source of confusion not only for Respondents, but also for witnesses who believe they have provided information regarding the EEOC's investigation into the harassment allegations to us when they have not. This has posed significant challenges with the EEOC investigation. I imagine you have run into similar issues.

██████████████████████████████████████████████████

Ms. Janette Wipper
June 23, 2021
Page 3 of 3

█████████████████████████████████, letter, the EEOC has jurisdiction to pursue the claims in the EEOC Commissioner's Charge under federal law. EEOC's investigation has focused solely on the harassment and retaliation claims. The June 8, 2021, email referenced our lead role in those claims. However, it is clear that the DFEH has jurisdiction to investigate claims in its Director's Complaint under state law.  Please accept our apologies for any misunderstanding or miscommunication regarding jurisdiction over state law. It was not our intent to appear to assert jurisdiction over California law.

        Please note that the EEOC issued a Letter of Determination on June 15, 2021, indicating that there is reasonable cause to believe that Respondents violated Title VII of the Civil Rights Act of 1964, as amended, focusing on the harassment and retaliation claims only. No finding was made on the other claims. A copy of the EEOC Letter of Determination is attached. The EEOC is currently engaging in conciliation with Respondents.

        I am aware that DFEH Director ██████████ recently met with ██████████, Director of the EEOC Office of Field Programs, and ██████████, the Director of EEOC State, Local and Tribal Programs. It is my understanding that an action item from that meeting was for the two legal units to discuss coordinating next steps.  I am hopeful that once the legal units have had an opportunity to confer, we can continue working together in the spirit of partnership and in the best interest of the public we serve. We are available to continue the discussion with █████ or with you at any time.

                        Sincerely,

                        Rosa M          Digitally signed by Rosa
                                        M Viramontes
                        Viramontes      Date: 2021.06.23
                                        14:43:36 -07'00'

                        Rosa M. Viramontes
                        District Director
                        EEOC Los Angeles District

# ATTACHMENT G

# ATTACHMENT G



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Los Angeles District Office**

255 E. Temple Street, 4ᵗʰ Floor
Los Angeles, CA  90012
Intake Information Group:  (800) 669-4000
Intake Information Group TTY:  (800) 669-6820
Los Angeles Direct Dial:  (213) 785-3090
FAX (213) 894-1118
Website:  www.eeoc.gov

September 23, 2021

SENT VIA ELECTRONIC MAIL

Mr. Kevin Kish, Director
Ms. Jeanette Wipper
California Department of Fair Employment & Housing
2218 Kausen Drive, Suite 100
Elk Grove, CA 95758

　　　　Re:　　*Rescheduling of Meeting and Follow-Up on Feldblum v. Activision Blizzard, Inc.*

Dear Mr. Kish and Ms. Wipper:



We were very surprised to learn that DFEH had filed litigation related to this matter in state court and that the DFEH's complaint included a claim for harassment.  The inclusion of the harassment claim was contrary to the EEOC's Worksharing Agreement with DFEH and the specific agreement regarding the division of labor in this matter between our two agencies, pursuant to which EEOC was to investigate all harassment allegations, and DFEH would investigate other potential violations (e.g., pay and promotion claims).

On June 23, 2021, I sent you the EEOC Letter of Determination which noted the additional Respondent entities involved and outlined violations with respect to sexual harassment and, arising out of the investigation, pregnancy discrimination and retaliation.  In the accompanying June 23, 2021 letter, I noted that the "EEOC is currently engaging in conciliation with Respondents" and requested that Ms. Wipper coordinate efforts with our Regional Attorney, Anna Park, on the next step at that time, which was conciliation.  Unfortunately, that did not happen.  Rather than receiving DFEH's findings or information on the mediation dates during

Mr. Kevin Kish
September 23, 2021
Page 2 of 2

the investigative process, we were surprised to learn that DFEH had filed in state court asserting a harassment claim on July 21, 2021 given DFEH's earlier agreement not to investigate the harassment allegations.

As you know, the EEOC conciliation process mandates that the Commission attempt to resolve the findings prior to proceeding in court, which is similar to the DFEH's requirement to mediate prior to proceeding to court.  Since DFEH has already filed in state court, we are not able to disclose information about our conciliation discussions.  At this juncture, we are proceeding pursuant to the Worksharing Agreement and consistent with our original agreement regarding the division of labor in our respective investigations (i.e., that EEOC would pursue harassment allegations and DFEH would investigate claims related to pay and promotion).

Sincerely,

Rosa M
Viramontes

Digitally signed by
Rosa M Viramontes
Date: 2021.09.23
16:45:17 -07'00'

Rosa M. Viramontes
District Director
Los Angeles District Office