# EXHIBIT 2
# TO NOTICE OF ERRATA

# EXHIBIT 2
# TO NOTICE OF  ERRATA

# EXHIBIT 2

# EXHIBIT 2

**To:** ANNA PARK[ANNA.PARK@EEOC.GOV]; Baca, Elena R.[elenabaca@paulhastings.com];
**Cc:** ███████████████████████████████████████████████; Ebbink,
Benjamin[bebbink@fisherphillips.com]; Derry, Ryan D.[ryanderry@paulhastings.com]
**From:** Wipper, Janette@DFEH[Janette.Wipper@dfeh.ca.gov]
**Sent:** Wed 9/29/2021 9:07:58 PM (UTC-04:00)
**Subject:** Proposed Consent Decree by EEOC and Activision Blizzard

Counsel:

DFEH reviewed your proposed consent decree. It is not fair, adequate or reasonable, nor consistent with the public interest.

DFEH intends to intervene to object to the proposed decree unless it is withdrawn. We request that you notify your client.

Regards,

Janette Wipper

_____

____

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

# EXHIBIT 3

# EXHIBIT 3



**From:** ████████████████████████████ >
**Sent:** Monday, October 4, 2021 8:05 AM
**To:** TAYLOR MARKEY <TAYLOR.MARKEY@EEOC.GOV>; Baca, Elena R.
<elenabaca@paulhastings.com>; ████████████████████████ >; ANNA
PARK <ANNA.PARK@EEOC.GOV>; NAKKISA AKHAVAN <NAKKISA.AKHAVAN@EEOC.GOV>; Derry,
Ryan D. <ryanderry@paulhastings.com>; Davis, Felicia A. <feliciadavis@paulhastings.com>;
CHRISTOPHER LAGE <CHRISTOPHER.LAGE@EEOC.GOV>; LISA MORELLI <LISA.MORELLI@EEOC.GOV>;
GWENDOLYN REAMS <GWENDOLYN.REAMS@EEOC.GOV>
**Cc:** Wipper, Janette@DFEH <Janette.Wipper@dfeh.ca.gov>; bebbink@fisherphillips.com
**Subject:** RE: EEOC v. Activision Blizzard, DFEH Motion to Intervene, Meet and Confer

Hi Taylor,

DFEH is available to meet and confer on Tues. Oct. 5 at 11 am and understand that counsel for
defendants are available at this time as well.  Please let me know whether others from the EEOC will
be joining you so I can send the Teams invite.  Thank you.

███

**From:** TAYLOR MARKEY <TAYLOR.MARKEY@EEOC.GOV>
**Sent:** Friday, October 1, 2021 4:47 PM
**To:** ████████████████████████ Baca, Elena R. <elenabaca@paulhastings.com>;
████████████████████████ >; ANNA PARK <ANNA.PARK@EEOC.GOV>;
NAKKISA AKHAVAN <NAKKISA.AKHAVAN@EEOC.GOV>; Derry, Ryan D.
<ryanderry@paulhastings.com>; Davis, Felicia A. <feliciadavis@paulhastings.com>; CHRISTOPHER
LAGE <CHRISTOPHER.LAGE@EEOC.GOV>; LISA MORELLI <LISA.MORELLI@EEOC.GOV>; GWENDOLYN
REAMS <GWENDOLYN.REAMS@EEOC.GOV>
**Cc:** Wipper, Janette@DFEH <Janette.Wipper@dfeh.ca.gov>; bebbink@fisherphillips.com
**Subject:** RE: EEOC v. Activision Blizzard, DFEH Motion to Intervene, Meet and Confer

**[EXTERNAL]** This email originated from outside DFEH. Do not click links or open
attachments unless you recognize the sender and know the content is safe.

███

Thanks for providing that information. The agency needs time to evaluate your position and review

the authorities you provided. We are available on Tuesday October 5. We would propose meeting at either 11a.m. or 2p.m., whichever works better for you all.

Best,
Taylor Markey
Senior Trial Attorney
Los Angeles District Office
U.S. Equal Employment Opportunity Commission
☎(213) 785-3090 🖷(213) 894-1301
✉taylor.markey@eeoc.gov
Web: www.EEOC.gov

 in 🐦 f 📷 ▶️

Get EEOC news in your inbox.
Sign up here.

---

**From:** ███████████████████████ >
**Sent:** Friday, October 1, 2021 1:09 PM
**To:** TAYLOR MARKEY <TAYLOR.MARKEY@EEOC.GOV>; Baca, Elena R. <elenabaca@paulhastings.com>; ██████████████████████ ANNA PARK <ANNA.PARK@EEOC.GOV>; NAKKISA AKHAVAN <NAKKISA.AKHAVAN@EEOC.GOV>; Derry, Ryan D. <ryanderry@paulhastings.com>; Davis, Felicia A. <feliciadavis@paulhastings.com>; CHRISTOPHER LAGE <CHRISTOPHER.LAGE@EEOC.GOV>; LISA MORELLI <LISA.MORELLI@EEOC.GOV>; GWENDOLYN REAMS <GWENDOLYN.REAMS@EEOC.GOV>
**Cc:** Wipper, Janette@DFEH <Janette.Wipper@dfeh.ca.gov>; bebbink@fisherphillips.com
**Subject:** RE: EEOC v. Activision Blizzard, DFEH Motion to Intervene, Meet and Confer

Hi Taylor,

DFEH can intervene as a matter of right under Fed. R. Civ. P. 24(a) to object to the proposed decree and to request a fairness hearing consistent with the DFEH's pending request to the Defendants. Please see https://www.eeoc.gov/section-iv-settlement-guidance. Also see, *EEOC v. Pan American World Airways, Inc.*, 622 F. Supp. 633, 639, 640 (N. D. Cal. 1985) (citing *Moore v. City of San Jose*, 615 F.2d 1265, 1271 (9th Cir.1980) requiring the district court to assess whether the agreement is fundamentally fair or just because government participation in negotiating a decree does not insulate it from court review or lower the standard of review.

Fed. R. Civ. P. 24(a) is construed broadly in favor of intervention. *Greene v. United States*, 996 F.2d 973, 976 (9th Cir.1993). For example, "[m]otions to intervene for the limited purpose of obtaining documents protected in the matter must be timely." *EEOC v. ABM Industries, Inc.*, No. 1:07-CV-01428, 2013 WL 1455510 (E.D. Cal. April 9, 2013) at *2 citing *Empire Blue Cross & Blue Shield v. Janet Greeson's A Place For Us, Inc.*, 62 F.3d 1217, 1219 (9th Cir.1995) ("This circuit has not yet decided whether such motions to intervene for ancillary purposes must be timely. We hold that they must.").

The DFEH's objection to the proposed decree stems from its deviation from EEOC's Settlement Guidelines.  The proposed decree will provide nominal relief for a nationwide class since in California alone 2,600 employees participated in a walk-out a few days after DFEH filed suit on July 20, 2021.  This was widely reported by the time the proposed decree was lodged on September 27, 2021.  The proposed decree would similarly offer nominal relief to the nationwide class outside of California if their numbers are added to California employees who participated in the protected activity of the mass walk-out against defendants' employment practices.  California workers who are offered nominal relief will not be harmed by the DFEH's request for a fairness hearing which could alleviate the pressure imposed on harmed individuals by the proposed decree to waive stronger FEHA rights and uncap damages.

The Ninth Circuit labels reversions of settlement funds to defendants a "perverse incentive" and yet the proposed decree contains a reversion to defendants and the *cy pres* defendants select or to defendants' own "Diversity, Equity, and Inclusion Fund." *Roes, 1-2 v. SFBSC Management, LLC*, 944 F.3d 1035, 1058 (9th Cir. 2019).  The "perverse incentive" of a reversion of settlement funds to defendants "might lead defendants to negotiate for a subpar notice process, a more tedious claims process, or restrictive claim eligibility." *Id*. at 1059.   Here, the notice to the harmed individuals is lacking or inadequate, the automatic denial of relief to harmed individuals who aren't able to return paperwork is a requirement of the proposed decree that would tend to restrict claim eligibility.  EEOC cannot argue an exemption from such common sense safeguards against reversions of settlement funds to defendants despite that EEOC is not subject to Rule 23 class certification requirements since fairness is the fundamental goal.

DFEH is not to blame for the fact that defendants chose not to waive the confidentiality of conciliation under Title VII—as is their known right at any time—to enable all parties to work on a global resolution.

Please confirm today whether EEOC would request a fairness hearing as counsel for defendants has persisted in failing to respond to the DFEH's request for them to immediately notify the court of the DFEH's request for a fairness hearing.  Alternatively, the defects in the proposed decree can be corrected by withdrawing it and re-filing one that is modified to meet the fairness standard.  Thank you.

██████

████████████████

Department of Fair Employment & Housing

████████████████

*she/her*

_____

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

**From:** TAYLOR MARKEY <TAYLOR.MARKEY@EEOC.GOV>
**Sent:** Friday, October 1, 2021 11:45 AM
**To:** ████████████████████████>; Baca, Elena R. <elenabaca@paulhastings.com>;
████████████████████████████ ANNA PARK <ANNA.PARK@EEOC.GOV>;
NAKKISA AKHAVAN <NAKKISA.AKHAVAN@EEOC.GOV>; Derry, Ryan D.
<ryanderry@paulhastings.com>; Davis, Felicia A. <feliciadavis@paulhastings.com>; CHRISTOPHER
LAGE <CHRISTOPHER.LAGE@EEOC.GOV>; LISA MORELLI <LISA.MORELLI@EEOC.GOV>; GWENDOLYN
REAMS <GWENDOLYN.REAMS@EEOC.GOV>
**Cc:** Wipper, Janette@DFEH <Janette.Wipper@dfeh.ca.gov>; bebbink@fisherphillips.com
**Subject:** RE: EEOC v. Activision Blizzard, DFEH Motion to Intervene, Meet and Confer

> **[EXTERNAL]** This email originated from outside DFEH. Do not click links or open
> attachments unless you recognize the sender and know the content is safe.

Counsel,

EEOC will meet and confer. We are not available until Tuesday, October 5. We also would like to
understand better what your objections are to the substance of the decree. Please also provide us
with any basis on which you believe you have standing or a legal basis to intervene or make an
objection. Before embarking on a process that could seriously delay relief for harmed individuals, we
need to understand the basis on which you believe the decree will affect you as an agency. We
intend to meet and confer in good faith and would greatly appreciate adequate time to review and
consider your position.

Best,
Taylor Markey
Senior Trial Attorney
Los Angeles District Office
U.S. Equal Employment Opportunity Commission
☎ (213) 785-3090  📠 (213) 894-1301
✉taylor.markey@eeoc.gov
Web: www.EEOC.gov
-

Get EEOC news in your inbox.
Sign up here.

---

**From:** ████████████████████████>
**Sent:** Friday, October 1, 2021 10:55 AM
**To:** Baca, Elena R. <elenabaca@paulhastings.com>; ████████████████████

█████████████████ >; ANNA PARK <ANNA.PARK@EEOC.GOV>; NAKKISA AKHAVAN
<NAKKISA.AKHAVAN@EEOC.GOV>; TAYLOR MARKEY <TAYLOR.MARKEY@EEOC.GOV>; Derry, Ryan D.
<ryanderry@paulhastings.com>; Davis, Felicia A. <feliciadavis@paulhastings.com>
**Cc:** Wipper, Janette@DFEH <Janette.Wipper@dfeh.ca.gov>; bebbink@fisherphillips.com
**Subject:** RE: EEOC v. Activision Blizzard, DFEH Motion to Intervene, Meet and Confer

Hi Elena,

Since Defendants aren't prepared to meet and confer until October 4, 2021, please submit a request
to the court for a fairness hearing and ask the Court to delay entry of the decree because
Defendants know that DFEH requests to meet and confer on intervention as an objector to protect
stronger FEHA claims and remedies.  Good faith requires both steps as a minimum and we request
that you notify us when this has been done or if you reject this proposal.  Rejection of this proposal
suggests an impasse on meet and confer efforts.

Defendants should further requests that the proposed decree will not seek relief for California
workers or seek waivers of any California claims, including but not limited to FEHA.  Please send us
the release that was omitted from the proposed decree.

Please see https://www.eeoc.gov/section-iv-settlement-guidance.  Also see, *EEOC v. Pan American
World Airways, Inc.*, 622 F. Supp. 633, 639, 640 (N. D. Cal. 1985) (citing Moore v. City of San Jose,
615 F.2d 1265, 1271 (9th Cir.1980) requiring the district court to assess whether the agreement is
fundamentally fair or just because government participation in negotiating  a decree does not
insulate it from court review or lower the standard of review.  Thank you.

██████████

Department of Fair Employment & Housing

███████████

*she/her*

---

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or
legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized
interception, review, use or disclosure is prohibited and may violate applicable laws including the
Electronic Communications Privacy Act. If you are not the intended recipient, please contact the
sender and destroy all copies of the communication.

---

**From:** Baca, Elena R. <ElenaBaca@paulhastings.com>
**Sent:** Friday, October 1, 2021 10:11 AM
**To:** █████████████████████ >; ANNA PARK
<ANNA.PARK@EEOC.GOV>; Nakkisa.akhavan@eeoc.gov; taylor.markey@eeoc.gov; Derry, Ryan D.
<ryanderry@paulhastings.com>; Davis, Felicia A. <feliciadavis@paulhastings.com>
**Cc:** ██████████████████ >; Wipper, Janette@DFEH

<Janette.Wipper@dfeh.ca.gov>

**Subject:** RE: EEOC v. Activision Blizzard, DFEH Motion to Intervene, Meet and Confer

**[EXTERNAL]** This email originated from outside DFEH. Do not click links or open
attachments unless you recognize the sender and know the content is safe.

Counsel –

Defendants are available to meet and confer.

To allow for a more productive meet and confer session, please send us the authorities and basis for
your planned motion.  You will recall we did this for you in connection with Defendants' planned
demurrer.   We also ask for 48 hours to consider the materials, something we also allowed the DFEH
in connection with our motion.  Assuming you are able to send us the authorities today, Defendants
are available October 4, 2021, after 11 AM PT.  We are unaware of the EEOC's availability.  Please
confirm, too, that the DFEH will be prepared to meet and confer on Defendants' demurrer at the
same time.

Many thanks

**From:** ███████████████████████████████>
**Sent:** Thursday, September 30, 2021 3:15 PM
**To:** ANNA PARK <ANNA.PARK@EEOC.GOV>; Nakkisa.akhavan@eeoc.gov; taylor.markey@eeoc.gov;
Baca, Elena R. <ElenaBaca@paulhastings.com>; Derry, Ryan D. <ryanderry@paulhastings.com>;
Davis, Felicia A. <feliciadavis@paulhastings.com>
**Cc:** ██████████████████████████>; Wipper, Janette@DFEH
<Janette.Wipper@dfeh.ca.gov>
**Subject:** [EXT] EEOC v. Activision Blizzard, DFEH Motion to Intervene, Meet and Confer

Dear Counsel:

DFEH requests to meet and confer on October 1, 2021, on the DFEH's motion to intervene in the
matter of EEOC v. Activision Blizzard, Inc., et al.  Please provide your earliest availability to meet and
confer as we seek to file our motion prior to entry of your proposed decree.  If DFEH does not hear
back by noon on October 1, 2021, we will be forced to assume that the parties do not wish to meet
and confer on this matter and proceed accordingly.

Sincerely,

███████████

CA Dept of Fair Employment & Housing

██████████



CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication

# EXHIBIT 4

# EXHIBIT 4

**To:** 
**Cc:** CHRISTINE PARK-GONZALEZ[CHRISTINE.PARK-GONZALEZ@EEOC.GOV]; ANNA PARK[ANNA.PARK@EEOC.GOV]; NAKKISA AKHAVAN[NAKKISA.AKHAVAN@EEOC.GOV]; GWENDOLYN REAMS[GWENDOLYN.REAMS@EEOC.GOV]; CHRISTOPHER LAGE[CHRISTOPHER.LAGE@EEOC.GOV]; LISA MORELLI[LISA.MORELLI@EEOC.GOV]; KATHLEEN ORAM[KATHLEEN.ORAM@EEOC.GOV]
**From:** GARY J HOZEMPA[/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=GHOZEMP]
**Sent:** Mon 10/4/2021 5:34:11 PM (UTC-04:00)
**Subject:** EEOC v Activision Blizzard
▮▮▮▮▮▮ Post-Employment Advisory (002).docx
LA-16-08.pdf

▮▮▮▮▮▮

Attached is a letter from Kathleen Oram, Assistant Legal Counsel, advising you of the post-federal employment conflict of interest statute.  We learned of your involvement in the Activision Blizzard case on behalf of the DFEH and want to ensure that you are aware of the relevant restrictions regarding your post-EEOC employment.  If you have any questions, please contact me.

Regards,

Gary Hozempa



Gary John Hozempa
Senior Staff Attorney
Office of Legal Counsel
U.S. Equal Employment
Opportunity Commission
Phone:  202-921-2672; Mobile:
301-367-3150
Email:  gary.hozempa@eeoc.gov
Web: www.EEOC.gov



Get EEOC news in your inbox.
Sign up here.

**To:**
**Cc:** CHRISTINE PARK-GONZALEZ[CHRISTINE.PARK-GONZALEZ@EEOC.GOV]; ANNA PARK[ANNA.PARK@EEOC.GOV];
NAKKISA AKHAVAN[NAKKISA.AKHAVAN@EEOC.GOV]; GWENDOLYN REAMS[GWENDOLYN.REAMS@EEOC.GOV];
CHRISTOPHER LAGE[CHRISTOPHER.LAGE@EEOC.GOV]; LISA MORELLI[LISA.MORELLI@EEOC.GOV]; KATHLEEN
ORAM[KATHLEEN.ORAM@EEOC.GOV]
**From:** GARY J HOZEMPA[/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP
(FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=GHOZEMP]
**Sent:** Mon 10/4/2021 5:36:38 PM (UTC-04:00)
**Subject:** EEOC v. Activision Blizzard
 post-employment advisory 002.docx
LA-16-08.pdf

▮▮▮▮,

Attached is a letter from Kathleen Oram, Assistant Legal Counsel, advising you of the post-federal
employment conflict of interest statute.  We learned of your involvement in the Activision Blizzard case
on behalf of the DFEH and want to ensure that you are aware of the relevant restrictions regarding
your post-EEOC employment.  If you have any questions, please contact me.

Regards,

Gary Hozempa



Gary John Hozempa
Senior Staff Attorney
Office of Legal Counsel
U.S. Equal Employment
Opportunity Commission
Phone:  202-921-2672; Mobile:
301-367-3150
Email:  gary.hozempa@eeoc.gov
Web: www.EEOC.gov



Get EEOC news in your inbox.
Sign up here.



Office of
Legal Counsel

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Washington, D.C.  20507**

October 4, 2021

████████████████

California Department of Fair Employment & Housing

Dear ██████:

It has come to our attention that, as ████████████████ for the California Department of Fair Employment and Housing (DFEH), you are representing DFEH's interests in the civil action brought by the EEOC against Activision Blizzard.  It is our understanding that you were personally and substantially involved in this matter while you were employed as a ████████████████ at the EEOC.  Moreover, you have been communicating with the EEOC regarding DFEH's intention to intervene in the Activision Blizzard case.  Thus, it is incumbent upon our office to advise you of the federal post-employment conflict of interest statute that applies to your status as a former employee of the executive branch.  The statute, 18 U.S.C. § 207 (specifically 18 U.S.C. §§ 207(a)(1)), applies to all former employees of the executive branch.  Regulations issued by the U.S. Office of Government Ethics ("OGE") also are applicable to your post-federal employment situation, primarily 5 C.F.R. Part 2641.  In general, 5 C.F.R. §§ 2641.101 through 2641.202 provide guidance regarding your post-employment restrictions and obligations.  A Legal Advisory ("LA") issued by the U.S. Office of Government Ethics, LA-16-08 (September 23, 2016) (attached) provides further guidance applicable to your post-federal employment activities.  The following link to a U.S. Department of Justice webpage contains links to 18 U.S.C. § 207 and 5 C.F.R. § 2641 -- Leaving Government (justice.gov).

A)      Federal Conflict of Interest Statute:  18 U.S.C. § 207(a)(1)

1.  18 U.S.C. § 207(a)(1):  Permanent bar on participating in particular matter involving specific parties in which you participated personally and substantially

18 U.S.C. § 207(a)(1) provides:

Any person who is an officer or employee . . . of the executive branch of the United States . . . and who, after the termination of his or her service of employment with the United States . . . , knowingly makes, with the intent to influence, any communication to or appearance before any officer or employee of any department, agency, court, or court-martial of the United States or the District of Columbia, on behalf of any other person (except the United States or the District of Columbia) in connection with a particular matter – (A) in which the United States or the District of Columbia is a party or has a direct and substantial

interest, (B) in which the person participated personally and substantially as such officer or employee, and (C) which involved a specific party or specific parties at the time of such participation, shall be punished as provided in section 216 of this title.

As explained in OGE LA-16-08, 18 U.S.C. § 207(a)(1) prohibits you, in your post-EEOC employment, "from making, with the intent to influence, any communication to or appearance before an employee of the United States on behalf of another [including, but not limited to, a state government],[1] regarding a 'particular matter involving specific parties' in which you participated personally and substantially as a Government employee." This restriction is permanent and commenced on the date you left the EEOC and continues for the life of the particular matter. *See* 5 C.F.R. § 2641.201(c). The restriction also applies to any communication to or appearance before a court. *See* OGE LA-16-08, at Q7, p. 4.

A "particular matter involving specific parties" includes, among other things, an EEOC administrative charge (including a Commissioner charge), an investigation of a charge, a cause/no cause determination, a subpoena and a subpoena determination, a recommendation for litigation, and an EEOC-initiated civil action. If, during your tenure at the EEOC, you participated personally and substantially[2] in the Activision Blizzard charge or civil action and now wish to act on behalf of or as a representative of DFEH with the intent to influence, 18 U.S.C. § 207(a)(1) prohibits you from communicating with, or making an appearance before, the EEOC, any of its employees, or any court.[3]

B)      State Bar Rules of Professional Conduct

The Rules of Professional Conduct issued by your state bar association may apply to your post-federal employment activities, such as a rule that requires that an attorney keep confidential the communications between the attorney and her client (the EEOC).[4]

---

[1] For a comprehensive definition of "person," consult 5 C.F.R. § 2641.104.

[2] Participated personally (directly or through direct and active supervision of anyone you supervise) and substantially (your involvement is of significance to the matter) is defined at greater length in 5 C.F.R. § 2641.201(i).

[3] For a thorough explanation of the various terms used in 18 U.S.C. § 207, consult:  5 C.F.R. §§ 2641(d)(1) & (2) (communication and appearance); 5 C.F.R. § 2641.201(e) (with the intent to influence); 5 C.F.R. § 2641.201(g) (on behalf of any other person); 5 C.F.R. § 2641.201(h) (particular matter involving a specific party or parties); 5 C.F.R. § 2641.201(i) (participated personally and substantially); and 5 C.F.R. § 2641.201(j) (United States is a party or has a direct and substantial interest).

[4] We do not address your ethical obligations under your state bar's Rules of Professional Conduct.  Questions you may have pertaining to these Rules should be addressed to your state bar association.

Please let us know whether you have any questions.  In this regard, 5 C.F.R. §
2641.105(a) encourages current and former employees to seek advice from agency ethics
officials when the employees have questions about 18 U.S.C. § 207.

This communication was prepared by Gary J. Hozempa, who can be reached at
gary.hozempa@eeoc.gov.

Sincerely,

/s/

Kathleen Oram
Assistant Legal Counsel
Advice and External Litigation Division
Alternate Designated Agency Ethics Official

cc:    Christine Park-Gonzalez, Acting District Director
       Los Angeles District Office – EEOC

       Anna Park, Regional Attorney
       Los Angeles District Office – EEOC

       Nakkisa Akhavan, Supervisory Trial Attorney
       Los Angeles District Office – EEOC

       Gwendolyn Reams, Associate General Counsel
       Office of General Counsel – EEOC

       Christopher Lage, Assistant General Counsel
       Office of General Counsel – EEOC

       Lisa Morelli, Assistant General Counsel
       Office of General Counsel – EEOC



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Washington, D.C.  20507

Office of
Legal Counsel

October 4, 2021

███████████████

Department of Fair Employment & Housing

Dear ██████:

It has come to our attention that, as ████████████████ for the California Department of Fair Employment and Housing (DFEH), you are representing DFEH's interests in the civil action brought by the EEOC against Activision Blizzard.  It is our understanding that you were personally and substantially involved in this matter while you were employed as a ████████████████t the EEOC.  Moreover, you have been communicating with the EEOC regarding DFEH's intention to intervene in the Activision Blizzard case.  Thus, it is incumbent upon our office to advise you of the federal post-employment conflict of interest statute that applies to your status as a former employee of the executive branch.  The statute, 18 U.S.C. § 207 (specifically 18 U.S.C. §§ 207(a)(1)), applies to all former employees of the executive branch.  Regulations issued by the U.S. Office of Government Ethics ("OGE") also are applicable to your post-federal employment situation, primarily 5 C.F.R. Part 2641.  In general, 5 C.F.R. §§ 2641.101 through 2641.202 provide guidance regarding your post-employment restrictions and obligations.  A Legal Advisory ("LA") issued by the U.S. Office of Government Ethics, LA-16-08 (September 23, 2016) (attached) provides further guidance applicable to your post-federal employment activities.  The following link to a U.S. Department of Justice webpage contains links to 18 U.S.C. § 207 and 5 C.F.R. § 2641 -- Leaving Government (justice.gov).

A)    Federal Conflict of Interest Statute:  18 U.S.C. § 207(a)(1)

   1.   18 U.S.C. § 207(a)(1):  Permanent bar on participating in particular matter involving specific parties in which you participated personally and substantially

18 U.S.C. § 207(a)(1) provides:

Any person who is an officer or employee . . . of the executive branch of the United States . . . and who, after the termination of his or her service of employment with the United States . . . , knowingly makes, with the intent to influence, any communication to or appearance before any officer or employee of any department, agency, court, or court-martial of the United States or the District of Columbia, on behalf of any other person (except the United States or the District of Columbia) in connection with a particular matter – (A) in which the

United States or the District of Columbia is a party or has a direct and substantial interest, (B) in which the person participated personally and substantially as such officer or employee, and (C) which involved a specific party or specific parties at the time of such participation, shall be punished as provided in section 216 of this title.

As explained in OGE LA-16-08, 18 U.S.C. § 207(a)(1) prohibits you, in your post-EEOC employment, "from making, with the intent to influence, any communication to or appearance before an employee of the United States on behalf of another [including, but not limited to, a state government],[1] regarding a 'particular matter involving specific parties' in which you participated personally and substantially as a Government employee." This restriction is permanent and commenced on the date you left the EEOC and continues for the life of the particular matter. *See* 5 C.F.R. § 2641.201(c). The restriction also applies to any communication to or appearance before a court. *See* OGE LA-16-08, at Q7, p. 4.

A "particular matter involving specific parties" includes, among other things, an EEOC administrative charge (including a Commissioner charge), an investigation of a charge, a cause/no cause determination, a subpoena and a subpoena determination, a recommendation for litigation, and an EEOC-initiated civil action. If, during your tenure at the EEOC, you participated personally and substantially[2] in the Activision Blizzard charge or civil action and now wish to act on behalf of or as a representative of DFEH with the intent to influence, 18 U.S.C. § 207(a)(1) prohibits you from communicating with, or making an appearance before, the EEOC, any of its employees, or any court.[3]

B)      State Bar Rules of Professional Conduct

The Rules of Professional Conduct issued by your state bar association may apply to your post-federal employment activities, such as a rule that requires that an attorney keep confidential the communications between the attorney and her client (the EEOC).[4]

---

[1] For a comprehensive definition of "person," consult 5 C.F.R. § 2641.104.

[2] Participated personally (directly or through direct and active supervision of anyone you supervise) and substantially (your involvement is of significance to the matter) is defined at greater length in 5 C.F.R. § 2641.201(i).

[3] For a thorough explanation of the various terms used in 18 U.S.C. § 207, consult: 5 C.F.R. §§ 2641(d)(1) & (2) (communication and appearance); 5 C.F.R. § 2641.201(e) (with the intent to influence); 5 C.F.R. § 2641.201(g) (on behalf of any other person); 5 C.F.R. § 2641.201(h) (particular matter involving a specific party or parties); 5 C.F.R. § 2641.201(i) (participated personally and substantially); and 5 C.F.R. § 2641.201(j) (United States is a party or has a direct and substantial interest).

[4] We do not address your ethical obligations under your state bar's Rules of Professional Conduct. Questions you may have pertaining to these Rules should be addressed to your state bar association.

Please let us know whether you have any questions.  In this regard, 5 C.F.R. § 2641.105(a) encourages current and former employees to seek advice from agency ethics officials when the employees have questions about 18 U.S.C. § 207.

This communication was prepared by Gary J. Hozempa, who can be reached at gary.hozempa@eeoc.gov.

Sincerely,

/s/

Kathleen Oram
Assistant Legal Counsel
Advice and External Litigation Division
Alternate Designated Agency Ethics Official

cc:     Christine Park-Gonzalez, Acting District Director
        Los Angeles District Office – EEOC

        Anna Park, Regional Attorney
        Los Angeles District Office – EEOC

        Nakkisa Akhavan, Supervisory Trial Attorney
        Los Angeles District Office – EEOC

        Gwendolyn Reams, Associate General Counsel
        Office of General Counsel – EEOC

        Christopher Lage, Assistant General Counsel
        Office of General Counsel – EEOC

        Lisa Morelli, Assistant General Counsel
        Office of General Counsel – EEOC

# UNITED STATES OFFICE OF
# GOVERNMENT ETHICS

★

September 23, 2016
LA-16-08

LEGAL ADVISORY

TO:             Designated Agency Ethics Officials

FROM:        Walter M. Shaub, Jr.
                    Director

SUBJECT:   Introduction to the Primary Post-Government Employment Restrictions
                    Applicable to Former Executive Branch Employees

This Legal Advisory provides a plain language discussion for agency ethics officials, departing employees, and former employees on the post-Government employment restrictions, particularly those found in certain provisions of the primary post-Government employment statute applicable to former employees of the executive branch, 18 U.S.C. § 207. OGE's regulations provide more detailed guidance at 5 C.F.R. part 2641.

Readers should be mindful that additional legal authorities not addressed in this Legal Advisory may be applicable to certain individuals. This Legal Advisory provides a general introduction to the primary post-Government employment restrictions under a criminal law applicable to former executive branch employees but does not offer comprehensive guidance on the application of that law to individual circumstances. Departing and former employees should consult their agencies' ethics officials for guidance regarding their individual circumstances.

The post-Government employment restrictions described in Section I of this Legal Advisory apply to all former employees. The additional restrictions described in Section II apply only to certain high-level officials who are referred to as "senior" and "very senior" employees. The responses to Questions 15 and 17 will help you determine if you are a "senior" or "very senior" employee. It is important to recognize that the restrictions applicable to "senior" and "very senior" employees are in addition to the restrictions applicable to all employees. Therefore, "senior" and "very senior" employees should read both Sections I and II of this Legal Advisory.

## *I. Restrictions Applicable to All Employees*

## Q1.    What is the purpose of the post-Government restrictions under 18 U.S.C. § 207?

The primary source of post-Government employment ethics restrictions is found at 18 U.S.C. § 207. A critical function of section 207 is to prevent former Government employees from leveraging relationships forged during their Government service to assist others in their

dealings with the Government. Some provisions of section 207 also impose limitations on the use of nonpublic information and on behind-the-scenes activities. At the same time, none of the restrictions of section 207 prohibit any former employee, regardless of Government rank or position, from accepting employment with any particular private or public employer. Rather, section 207 prohibits a former employee from providing certain services to, or on behalf of, non-Federal employers or other persons, whether or not done for compensation. In this way, the statute carefully balances various governmental interests, including the Government's interests in both recruiting personnel and guarding against certain acts involving, or appearing to involve, the unfair use of prior Government employment.

**Q2.    I left Government service to work for a non-Federal employer. What post-Government employment restrictions apply to me?**

As mentioned above, the primary source of post-Government employment ethics restrictions is found at 18 U.S.C. § 207. This law, which carries both criminal and civil penalties for violations, is designed to prevent former employees from taking certain actions after leaving the Government that could involve the unfair use of influence and information gained through Government employment. There are two basic restrictions in 18 U.S.C. § 207(a) that are applicable to all former executive branch employees, including former special Government employees. There are further restrictions in 18 U.S.C. § 207 for employees involved in trade or treaty negotiations, as well as the additional restrictions for "senior" and "very senior employees," discussed below.[1]

### (a) Lifetime Ban on Matters in Which You Participated

Section 207(a)(1) bars you from making, with the intent to influence, any communication to or appearance before an employee of the United States on behalf of another regarding a "particular matter involving specific parties" in which you participated personally and substantially as a Government employee. This post-Government employment restriction on communications and appearances is permanent and continues for the life of the particular matter.

### (b) Two-Year Ban on Matters Under Your Official Responsibility

Section 207(a)(2) bars you from making, with the intent to influence, any communication to or appearance before an employee of the United States on behalf of another regarding a "particular matter involving specific parties" if you were not personally involved in the matter but the matter was pending under your "official responsibility" at any time during your last year of Government service. This post-Government employment restriction on communications and appearances continues for two years after you leave the Government.

### (c) Limitations on the Lifetime Ban and the Two-Year Ban

Both the lifetime ban and the two-year ban, which are applicable to all employees, bar certain communications to the Government and certain appearances before the Government, but

---

[1] A one-page chart describing the post-Government employment restrictions found in 18 U.S.C. § 207 is attached.

they apply only under certain conditions. First, both of these restrictions apply only when the matter is a "particular matter involving specific parties." Examples of particular matters involving specific parties include contracts, cases, claims, investigations, grants, and other matters focused on identified parties. Second, unlike the restrictions in 18 U.S.C. § 207(b) and (f), which are discussed in response to Questions 4 and 20 below and are applicable only to certain employees, they do not cover behind-the-scenes activities if there is no communication to or appearance before the Government. Third, they are limited to communications to and appearances before any executive branch employee that are made with the "intent to influence," but you should be aware that "intent to influence" has been interpreted quite broadly. Fourth, they are limited to communications and appearances made on behalf of any other "person," but you should be aware that the word "person" includes individuals, organizations, companies, state and local governments, and other entities. Finally, both of these restrictions are limited to matters in which the United States is a party or has a direct and substantial interest, but it is probably safest for you to assume that the United States has a direct and substantial interest in any matter that you are considering addressing in a communication to or appearance before the Government.

**Q3.    Am I prohibited from working for any specific employer?**

None of the provisions of 18 U.S.C. § 207 directly bar you from accepting employment with any specific employer after Government service. However, if you are retired from the uniformed services or continue to serve as a member of the reserve component after leaving Government, the Emoluments Clause of the U.S. Constitution (Article I, § 9, cl. 8) places certain restrictions on your ability to accept employment and compensation from foreign governments, including organizations owned or controlled by a foreign government. In addition, the Procurement Integrity Act imposes certain restrictions on sources of compensation if you had certain responsibilities in connection with a contract for more than $10,000,000. Your agency's ethics officials can help you determine whether you are covered by these or other authorities restricting your post-Government employment activities.

**Q4.    May I provide "behind-the-scenes" assistance to another person, such as giving advice or drafting a document, if I avoid communications to and appearances before the Government?**

In most cases, the answer is yes. As explained in response to Question 2 above, most of the restrictions under 18 U.S.C. § 207 are limited to appearances and communications. They do not bar you from providing behind-the-scenes assistance to any person or entity. If you provide behind-the-scenes assistance, however, you should not have any communication to the Government attributed to you by another.

An example of one restriction that limits more than only appearances and communications is found in 18 U.S.C. § 207(b). Section 207(b) applies to former employees who worked on certain ongoing trade and treaty negotiations. This restriction applies to you if you participated in a covered trade or treaty negotiation during your last year of Government service and had access to information that would be exempt from release to the public under the Freedom of Information Act. In that case, section 207(b) bars you from representing, or aiding or advising, any other person concerning that trade or treaty negotiation on the basis of that

information. This restriction lasts for one year after your Government service terminated. Additionally, as explained more fully in Question 20, 18 U.S.C. § 207(f) bars former "senior" and "very senior" employees from aiding, assisting, and representing certain foreign entities in an attempt to influence the United States.

**Q5.   Do the restrictions apply even if I am not getting paid?**

Yes. The restrictions under 18 U.S.C. § 207 apply even if you are not receiving compensation for your activities.

**Q6.   May I represent myself without violating the restrictions under 18 U.S.C. § 207?**

Yes, but you should be careful to ensure that you are, in fact, representing only yourself. For example, if you make a communication or appearance regarding a matter in which your new employer has an interest, you could be considered to be representing your employer's interest as opposed to your own. This is true even if you believe that your communication is consistent with the Government's interests.

It is important to remember that the legal term "person" can include individuals, organizations, companies, state and local governments, and other entities. This interpretation of the term "person" includes single-member corporations or LLCs that you have created for your own post-Government employment activities. Even if you are the sole owner and employee of that legal entity, it is a separate "person" from you. Thus, for example, if you created a legal entity and that entity has a contract with the Government, you are acting on behalf of the legal entity and not solely on your own behalf. In that case, the restrictions under 18 U.S.C. § 207 apply to your communications to and appearances before the Government in connection with the contract and any other business your legal entity is seeking to do with the Government.

**Q7.   Do the restrictions under 18 U.S.C. § 207(a) apply to interactions with agencies other than my former agency?**

Yes. The restrictions apply to a communication to or appearance before any officer or employee of any department, agency, court, or court-martial of the United States. The restrictions do not extend to a communication to or appearance before a Member of Congress, a congressional committee, or their staffs.

**Q8.   When I was in the Government, I worked on a regulation establishing standards for a regulated industry. After leaving Government service, may I submit a comment on this regulation on behalf of my non-Federal employer?**

It depends. If you are not a "senior" or "very senior" employee, you may submit a comment on the regulation, even if you submit the comment on behalf of another person, because the regulation is not a "particular matter involving specific parties." As discussed in response to Question 2, the legal restrictions applicable to you are limited to "particular matters involving specific parties." A regulation covering an entire industry does not involve specific parties.

In contrast, if you are a "senior" or "very senior" employee, you may not submit a comment on the regulation on behalf of any other person. As explained in Part II of this Legal Advisory, the legal restrictions applicable to "senior" and "very senior" employees are broader in scope. They are not limited to "particular matters involving specific parties."

**Q9.     When I was in Government, I helped draft one provision of a contract for my agency. After leaving Government, may I represent the contractor in a dispute over a different provision of the contract that I did not help draft?**

No. You may not represent the contractor in the dispute. The contract as a whole is the "particular matter involving specific parties." A dispute over any part of the contract triggers the lifetime ban under 18 U.S.C. § 207(a)(1). The restriction applies to you, even if you worked on a different provision of the contract. If you are not sure whether the dispute involves the same contract, you should consult your former agency's ethics officials.

Keep in mind, however, that the restriction applies to this specific contract and not more broadly to the contractor. If a dispute were to arise between your former agency and the contractor in connection with a different contract in which you were not involved, the separate contract would generally be a different "particular matter involving specific parties" than the one in which you participated as a Government employee. As a result, the restriction would not apply to that other contract.

As explained in Part II of this Legal Advisory, if you were a "senior" or "very senior" employee, you are barred for one or two years from any communications to and appearances before your former agency. In that case, whether you could represent the contractor would depend on how much time has passed since you left Government.

**Q10.    In the last year of my Government service, employees under my supervision handled several grants. I did not personally work on any of the grants. I did not even review or approve them. I left the Government three months ago. May I represent someone before the Government on any of these grants?**

No. Section 207(a)(2) imposes a two-year ban in connection with any "particular matter involving specific parties" that was pending under your "official responsibility" during the last year of your Government service. The prohibition under section 207(a)(2) applies even if you did not personally participate in the matter. In this case, the two-year ban applies because: (1) the grants were "pending under your official responsibility" in the last year of your Government service; (2) the grants were particular matters involving specific parties (in this instance, the parties were the "grantees"); and (3) you terminated your Government service less than two years ago. You may not represent anyone to the Government in connection with these grants for the first two years after your Government service ended. (As discussed in response to Question 2, however, both the lifetime ban for matters in which you personally participated and the two-year ban for matters under your "official responsibility" are limited to communications and appearances made on behalf of another person and do not prohibit behind-the-scenes activity.)

**Q11.   Would I violate the restrictions under 18 U.S.C. § 207 by merely attending a meeting on behalf of another person if I do not speak?**

There is a risk that your mere presence at the meeting could violate the restrictions under 18 U.S.C. § 207. The restrictions under section 207 include a ban on appearances before the Government, if made with the intent to influence. Your presence, even without any explicit communication, may in many instances be construed as an attempt to influence the Government. As a practical matter, there is also a realistic possibility that you will be asked a question during or after the meeting. Given the considerable risks associated with attending meetings when you are covered by the restrictions under section 207, it is recommended that you consult an agency ethics official before attending any such meeting.

**Q12.   I currently work for a Government contractor. My employer has just assigned me to work on a contract in which I was previously involved before leaving the Government. May I direct questions to or share information with employees of the agency regarding that matter?**

The lifetime ban under 18 U.S.C. § 207(a)(1) bars you from communications with the intent to influence on behalf of your employer. Communications are permitted if they are not made with the "intent to influence." As noted in response to Question 2, however, "intent to influence" has been interpreted quite broadly and, depending on the circumstances, can include your discussion of purely factual information, if that information is intended to influence the Government. There is considerable risk that you will cross over this threshold and be deemed to possess the requisite "intent to influence" if you are communicating to agency employees about this contract.

**Q13.   After leaving to work for a non-Federal employer, may I attend a purely social event at my former agency, such as a celebration for a retiring employee held in the employee's office suite?**

Yes. Section 207 does not prohibit social events or purely social communications to employees of your former agency. It is important for you to be mindful, however, that you could be considered to have made an appearance or communication with the intent to influence in connection with a particular matter if you discuss the matter at the event. The subject of the discussion, rather than the nature of the event, will determine whether section 207 applies.

**Q14.   Do any additional post-Government employment restrictions apply to me if I was a political appointee and was required to sign the Ethics Pledge under Executive Order 13490?**

Yes. Full-time, non-career appointees required to sign the Ethics Pledge under Executive Order 13490 are subject to additional restrictions under the terms of that pledge. You were required to sign the Ethics Pledge if you were a full-time, non-career Presidential or Vice-Presidential appointee, non-career appointee in the Senior Executive Service (or other SES-type system), or appointee to a position that has been excepted from the competitive service by reason

of being of a confidential or policymaking character (Schedule C positions and other positions excepted under comparable criteria) in an executive agency.

Paragraph 5 of the Ethics Pledge prohibits any former appointee who is a registered lobbyist from lobbying any covered executive branch official[2] or non-career senior Executive Service appointee for the remainder of the Presidential administration in which they signed the Ethics Pledge. This prohibition is in addition to the restrictions found in 18 U.S.C. § 207. As discussed later in this Legal Advisory, former "senior" employees are also covered by paragraph 4 of the Ethics Pledge, which extends the length of a post-Government employment restriction applicable to them under 18 U.S.C. § 207(c).

## II. Additional Restrictions Applicable to Senior and Very Senior Employees

The following questions and answers address additional restrictions that apply only to former "senior" and "very senior" employees. These restrictions do not apply to other employees. Former "senior" and "very senior" employees are also subject to the restrictions discussed in Section I above that are applicable to all former employees

**Q15.   Am I a former "senior" employee?**

The term former "senior" employee refers to the following individuals:

(a) Anyone who occupied a position paid at a rate of basic pay that was equal to or above 86.5% of the pay level for level II of the Executive Schedule. In calendar year 2016, that threshold is $160,111.50. "Rate of basic pay" does not include locality-based adjustments or additional pay such as bonuses, awards, and various allowances. Note that the determination as to whether you were a "senior" employee is based on the pay level that applied to level II of the Executive Schedule at the time you left senior service.

(b) A former active duty commissioned officer of the uniformed services who served in a position for which the pay grade was O-7 or above.

(c) Anyone who occupied a position for which the rate of pay is specified in or fixed according to the Executive Schedule.

(d) Anyone appointed by the President to a position under 3 U.S.C. § 105(a)(2)(B) or the Vice President to a position under 3 U.S.C. § 106(a)(1)(B) (These appointees hold high-level positions in the Executive Office of the President.)

---

[2] Covered executive branch officials include the President, the Vice President, any official in the Executive Office of the President, any Executive Schedule official (EL I-V), any uniformed officer at pay grade O-7 or above, and any Schedule C employee. *See* Executive Order 13490, § 2(d) (Jan. 21, 2009) (citing 2 U.S.C. § 1602(3)); *see also* OGE DO-10-004, at 4-5 (Feb. 22, 2010).

If you are not sure whether you are a former "senior" employee, you should consult your agency's ethics officials. OGE's regulations address the definition of "senior" employee at 5 C.F.R. § 2641.104.

**Q16.   If I am a former "senior" employee, what additional restrictions apply to me?**

In addition to other post-Government employment restrictions discussed in this Legal Advisory, former "senior" employees are subject to a one-year "cooling off" period. If you are a former "senior" employee, section 207(c) bars you from making, with the intent to influence, communications to and appearances before your former agency on behalf of any other person for one year after you ceased to be a "senior" employee.

Although time-limited, this one-year cooling off period for former "senior" employees under section 207(c) applies to a broader range of activities than either the lifetime ban or the two-year ban. (Those two restrictions are discussed in more detail in response to Question 2.) Those restrictions apply only to "particular matters involving specific parties." The additional restriction under section 207(c) applies to any matter on which you seek official action, including a new matter that was not pending when you were in Government. The concept of a "matter" is very broad. Examples of communications seeking action on official matters include discussing broad policy options and expressing concern about regulatory changes an agency is considering.

This one-year cooling off period applies to communications to and appearances before any agency in which you served within the one-year period prior to your terminating as a "senior" employee. The scope of this restriction includes each and every agency in which you served during that one-year period. Thus, if you were a "detailee" from one agency to another, the restriction applies to both agencies.

If you were required to sign the Ethics Pledge under Executive Order 13490, paragraph 4 of the pledge extends this cooling-off period to two years from the end of your service as a "senior" employee. You are also subject to an additional requirement under paragraph 5 of the pledge, which is applicable to all pledge signers and is discussed in the response to Question 14 above.

In addition to the one-year cooling off period under section 207(c), section 207(f) bars "senior" employees from engaging in certain activities on behalf of foreign governments or foreign political parties. This additional restriction is discussed in response to Question 20 below.

**Q17.   Am I a former "very senior" employee?**

The term former "very senior" employee refers to the following individuals:

(a) Anyone who occupied a position in the executive branch at the rate payable for level I of the Executive Schedule ($205,700 in calendar year 2016) (*e.g.*, Cabinet Members), and employees of the Executive Office of the President who occupied a position paid at the rate payable for level II of the Executive Schedule ($185,100 in calendar year

2016). Note that the determination as to whether you were a "very senior" employee is based on the pay level for the applicable provision of the Executive Schedule at the time you left very senior service.

(b) The Vice President and any former employee in the Executive Office of the President (EOP) who was appointed by the President to a position under 3 U.S.C. § 105(a)(2)(A) or by the Vice President to a position under 3 U.S.C. § 106(a)(1)(A).

If you are not sure whether you are a former "very senior" employee, you should consult your agency's ethics officials. OGE's regulations address the definition of "very senior" employee at 5 C.F.R. § 2641.104.

## Q18. If I am a former "very senior" employee, what additional restrictions apply to me?

In addition to other post-Government employment restrictions discussed in this Legal Advisory, former "very senior" employees are subject to a two-year "cooling off" period. If you are a former "very senior" employee, section 207(d) bars you from making, with the intent to influence, communications to and appearances before the following Government officials on behalf of any other person for a period of two years after you ceased to be a "very senior" employee:

(a) Any officer or employee of the agency (or agencies) in which you served in a "very senior" position during the one-year period before terminating your "very senior" service.

(b) Any officer or employee of the Government in an Executive Schedule position, including individuals outside your former agency.

The additional restriction for former "very senior" employees under section 207(d) applies to a broader range of activities than either the lifetime ban or the two-year ban. (Those two restrictions are discussed in more detail in response to Question 2.) Those restrictions apply only to "particular matters involving specific parties." The additional restriction under section 207(d) applies to any matter on which you seek official action, including a new matter that was not pending when you were in Government. The concept of a "matter" is very broad. Examples of communications seeking action on official matters include discussing broad policy options and expressing concern about regulatory changes an agency is considering.

In addition to the one-year cooling off period under section 207(d), section 207(f) bars "very senior" employees from engaging in certain activities on behalf of foreign governments or foreign political parties. This additional restriction is discussed in response to Question 20 below.

**Q19.   I was a "senior" or "very senior" employee in an agency that was part of a larger parent agency (*e.g.*, the Department of the Army, for which the parent agency is the Department of Defense). Am I barred from communications and appearances before the parent agency and other sub-agencies (e.g., the Department of the Air Force)?**

The answer depends on whether you were a "senior" employee or a "very senior" employee. If you were a "senior" employee, the answer also depends on the pay for your former position.

*(a) Former "very senior" employees*

For former "very senior" employees, the additional restrictions under section 207(d) always apply to the entire agency, including the parent agency and all components of the agency.

*(b) Former "senior" employees whose pay was specified in or fixed according to the Executive Schedule and anyone appointed to the Executive Office of the President under 3 U.S.C. § 105(a)(2)(B) or 3 U.S.C. § 106(a)(1)(B)*

For former "senior" employees whose pay was specified in or fixed according to the Executive Schedule and for "senior" officials in the Executive Office of the President, the additional restrictions under section 207(c) always apply to the entire agency, including the parent agency and all components of the agency.

*(c) Other former "senior" employees*

For other former "senior" employees the additional restrictions under section 207(c), extend to the entire agency in which they served, including the parent agency and all components of the agency, unless OGE has approved separate "agency component" designations for their agencies. All approved separate "agency component" designations are listed in Appendix B to OGE's regulations at 5 C.F.R. Part 2641. If your agency is included in that list, the designated "agency components" are treated as separate from the parent agency and from one another for purposes of section 207(c). In that case, the additional restrictions for former "senior" employees under section 207(c) apply only to your former agency component, and not to the parent agency or other agency components.

**Q20.   Do any additional restrictions on former "senior" and "very senior" employees apply to me if I am working with a foreign entity, such as a foreign government or political party?**

Yes. For one year from the date you terminate your service as a former "senior" employee or "very senior" employee, section 207(f) bars you from representing, aiding, or assisting a foreign government or foreign political party with the intent to influence any United States employee. It is important to note that this additional restriction under section 207(f) is not limited to communications and appearances; it also prohibits you from working behind-the-scenes to aid or advise any of these foreign entities in attempting to influence the Government.

10

This restriction continues for a period of one year after you ceased to be a "senior" or "very senior" employee. Additionally, unlike the other provisions of section 207, section 207(f) also prohibits you from representing, aiding, or assisting a foreign government or foreign political party in an attempt to influence any employee of the legislative branch, including Members of Congress.

**Q21.   Is there an exception to the additional restrictions on former "senior" and "very senior" employees that would allow me to represent a political campaign?**

An exception at section 207(j)(7) may permit you to make communications or appearances on behalf of a candidate, the candidate's committee, a national or state committee, or a political party if you meet the applicable conditions. A member of the Presidential Transition Team who otherwise satisfies the elements of the exception may also continue to communicate on behalf of the President-elect until the inauguration on January 20.

There are several conditions that must be met in order to qualify for this exception. The exception does not apply if you are acting wholly or partly on behalf of any person other than the candidate, committee, or party. The exception does not apply if you work for anyone other than the candidate, committee, or party (unless your employer represents only candidates or certain types of political entities). For this reason, the exception is unavailable to you if you work for a law firm or consulting firm that represents clients other than the types of political entities specified in the statute. Other limitations to this exception also apply.  For more information on this exception, contact the Designated Agency Ethics Official for your former agency. In addition, OGE has issued an informal advisory opinion, OGE 08 x 4 (Mar. 26, 2008), that addresses this exception in more detail.

**Q22.   Do the additional restrictions on former "senior" and "very senior" employees apply to me if I work for a nonprofit organization or state or local government?**

In most cases, the answer is yes. These restrictions normally apply without regard to the status of your employer, client, or person on behalf of whom you are acting. The statute does contain some limited exceptions to these additional restrictions for former "senior" and "very senior" employees under section 207(c) and (d), but it is important for you to understand that these exceptions are not always applicable to other restrictions under 18 U.S.C. § 207. Therefore, before you rely on an exception, you must be careful to ensure that it covers all potentially applicable provisions of section 207.

Some of the exceptions apply to employees of certain types of non-Federal employers. For example, one exception covers certain representational activities on behalf of a medical research organization or hospital that has nonprofit status under section 501(c)(3) of the tax code. Another exception covers certain representational activities on behalf of an accredited, degree-granting institution of higher education, as defined in section 101 of the Higher Education Act of 1965. A third exception covers certain representational activities on behalf of a state or local agency. However, these three exceptions apply only if you are an employee, as opposed to a consultant or contractor, of that outside entity. These three exceptions do not permit you to make contacts or appearances that would be barred by the lifetime ban under section 207(a)(1) for

11

matters in which you were personally involved or the two-year ban under section 207(a)(2) for matters under your official responsibility. Because the requirements for relying on these exceptions are very specific, you should consult your agency's ethics officials before relying on an exception.

**Q23.    Are there any other exceptions in section 207 to the additional restrictions on former "senior" and "very senior" employees?**

Yes, there are additional exceptions in section 207(j) that may apply in very limited situations. Because the requirements for relying on these exceptions are very specific, you should consult your agency's ethics officials before relying on them.

UNITED STATES OFFICE OF
GOVERNMENT ETHICS
★
Preventing Conflicts of Interest
in the Executive Branch

## Substantive Post-Employment Prohibitions Applicable to Executive Branch Employees*
### 18 U.S.C. § 207

| Section | Employees | Length of Restriction | Brief Summary |
|---|---|---|---|
| 207(a)(1) | All grades and ranks (except enlisted military) | Permanent | No former employee may knowingly make, with the intent to influence, any communication to or appearance before an employee of the U.S. on behalf of any other person (except the U.S.) in connection with a particular matter involving a specific party or parties, in which he participated personally and substantially as an employee, and in which the U.S. is a party or has a direct and substantial interest. |
| 207(a)(2) | All grades and ranks (except enlisted military) | 2 years after Government service terminates | No former employee may knowingly make, with the intent to influence, any communication to or appearance before an employee of the U.S. on behalf of any other person (except the U.S.) in connection with a particular matter involving a specific party or parties, in which the U.S. is a party or has a direct and substantial interest, and which such person knows or reasonably should know was actually pending under his official responsibility within the one-year period prior to the termination of his employment with the U.S. |
| 207(b) | All grades and ranks (except enlisted military) | 1 year after Government service terminates | No former employee may knowingly represent, aid, or advise on the basis of covered information, any other person (except the U.S.) concerning any ongoing trade or treaty negotiation in which, during his last year of Government service, he participated personally and substantially as an employee. |
| 207(c) | "Senior" | 1 year after service in a "senior" position terminates | No former "senior" employee may knowingly make, with the intent to influence, any communication to or appearance before an employee of a department or agency in which he served in any capacity during the one-year period prior to termination from "senior" service, if that communication or appearance is made on behalf of any other person (except the U.S.), in connection with any matter concerning which he seeks official action by that employee. See 207(l) below for an additional restriction for "senior" employees who are private sector assignees. |
| 207(d) | "Very Senior" | 2 years after service in a "very senior" position terminates | No former "very senior" employee may knowingly make, with the intent to influence, any communication to or appearance before any individual appointed to an Executive Schedule position or before any employee of a department or agency in which he served as a "very senior" employee during the two-year period prior to termination from Government service, if that communication or appearance is made on behalf of any other person (except the U.S.), in connection with any matter concerning which he seeks official action by that individual or employee. |
| 207(f) | "Senior" "Very Senior" | 1 year after service in a "senior" or "very senior" position terminates | No former "senior" employee or former "very senior" employee may knowingly, with the intent to influence a decision of an employee of a department or agency of the U.S. in carrying out his official duties, represent a foreign entity before any department or agency of the U.S. or aid or advise a foreign entity. |

\* This quick reference guide is only a summary. When giving advice, always consult the complete set of laws, rules, and opinions that apply to the particular situation.

# EXHIBIT 5

# EXHIBIT 5

**To:**     ANNA PARK[ANNA.PARK@EEOC.GOV]; ██████████████; Chan, Nelson@DFEH[Nelson.Chan@dfeh.ca.gov]; Lawson, Tony @DFEH[Tony.Lawson@dfeh.ca.gov]

**Cc:**     CHRISTOPHER LAGE[CHRISTOPHER.LAGE@EEOC.GOV]; LISA MORELLI[LISA.MORELLI@EEOC.GOV]; GWENDOLYN REAMS[GWENDOLYN.REAMS@EEOC.GOV]; Baca, Elena R.[elenabaca@paulhastings.com]; Derry, Ryan D.[ryanderry@paulhastings.com]; feliciadavis@paulhastings.com (feliciadavis@paulhastings.com)[feliciadavis@paulhastings.com]; TAYLOR MARKEY[TAYLOR.MARKEY@EEOC.GOV]; NAKKISA AKHAVAN[NAKKISA.AKHAVAN@EEOC.GOV]; NATALIE NARDECCHIA[NATALIE.NARDECCHIA@EEOC.GOV]; Ebbink, Benjamin[bebbink@fisherphillips.com]

**From:**    Wipper, Janette@DFEH[Janette.Wipper@dfeh.ca.gov]

**Sent:**    Mon 10/4/2021 7:39:26 PM (UTC-04:00)

**Subject:**  RE: Follow up on Meet and Confer with EEOC

Dear Ms. Park,

Neither ███████ nor ███████ participated personally and substantially as an EEOC employee in the investigation of EEOC Commissioner's Charge Number 480- 2018-05212.  Please produce any document or other evidence that supports your contrary position.

DFEH requests that EEOC agree not to oppose DFEH's motion to intervene due to our shared civil rights mission and our continued efforts to partner on civil rights enforcement matters.  We look forward to the meet and confer conference at 11am PDT tomorrow.

Regards,

Janette Wipper

---

**From:** ANNA PARK <ANNA.PARK@EEOC.GOV>
**Sent:** Monday, October 4, 2021 3:21 PM
**To:** ████████████████████████████████████████████████████████
**Cc:** CHRISTOPHER LAGE <CHRISTOPHER.LAGE@EEOC.GOV>; LISA MORELLI <LISA.MORELLI@EEOC.GOV>; GWENDOLYN REAMS <GWENDOLYN.REAMS@EEOC.GOV>; Wipper, Janette@DFEH <Janette.Wipper@dfeh.ca.gov>; Baca, Elena R. <elenabaca@paulhastings.com>; Derry, Ryan D. <ryanderry@paulhastings.com>; feliciadavis@paulhastings.com (feliciadavis@paulhastings.com) <feliciadavis@paulhastings.com>; TAYLOR MARKEY <TAYLOR.MARKEY@EEOC.GOV>; NAKKISA AKHAVAN <NAKKISA.AKHAVAN@EEOC.GOV>; ANNA PARK <ANNA.PARK@EEOC.GOV>; NATALIE NARDECCHIA <NATALIE.NARDECCHIA@EEOC.GOV>
**Subject:** Follow up on Meet and Confer with EEOC

**[EXTERNAL]** This email originated from outside DFEH. Do not click links or open attachments unless you recognize the sender and know the content is safe.

 ██ and ██,

In light of the letter you received earlier today reminding you of the statutory and regulatory restrictions on your involvement in EEOC's suit against Activision, we request that you cease your involvement in this matter effective immediately.  In addition, because DFEH does not appear to have complied with the prerequisites of California Rule of Professional Conduct 1.11(b) regarding screening and written notice, it is our position that DFEH counsel may not continue to represent DFEH's interests in connection with EEOC's suit against Activision.  We therefore cannot meet and confer with DFEH counsel regarding the substance of the EEOC's lawsuit or consent decree but continue to be available to meet and confer (either at tomorrow's time or at a postponed date) with an attorney outside of DFEH selected to represent DFEH's interests. Please let us know if the outside person will be appearing tomorrow.

Anna

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

# EXHIBIT 6

# EXHIBIT 6

| | |
|---|---|
| **From:** | TAYLOR MARKEY |
| **To:** | TRACY VILLEMARETTE |
| **Subject:** | FW: EEOC v. Activision Blizzard, Inc., Case No.: 2:21-CV-07682 DSH-JEM |
| **Date:** | Friday, October 8, 2021 12:28:28 PM |

**From:** Patrick Patterson <popatterson@gmail.com>
**Sent:** Wednesday, October 6, 2021 8:51 AM
**To:** ANNA PARK <ANNA.PARK@EEOC.GOV>
**Cc:** CHRISTOPHER LAGE <CHRISTOPHER.LAGE@EEOC.GOV>; elenabaca@paulhastings.com; ryanderry@paulhastings.com; TAYLOR MARKEY <TAYLOR.MARKEY@EEOC.GOV>; NAKKISA AKHAVAN <NAKKISA.AKHAVAN@EEOC.GOV>; NATALIE NARDECCHIA <NATALIE.NARDECCHIA@EEOC.GOV>
**Subject:** Re: EEOC v. Activision Blizzard, Inc., Case No.: 2:21-CV-07682 DSH-JEM

Anna: As I said yesterday, I have been authorized to represent DFEH only for the purpose of the meet-and-confer. I don't know who will be representing the Department going forward, but I will let you know if and when I find out. I am not aware of any other matters I agreed to follow up with you on, so I don't have any further response to give you at this point.

Patrick O. Patterson
Law Office of Patrick O. Patterson, S.C.
P.O. Box 170092
Milwaukee, Wisconsin 53217-0092
414-704-1896

Pronouns He/Him/His

*PRIVILEGED AND/OR CONFIDENTIAL INFORMATION may be contained in this electronic transmission and is intended only for the use of the recipient. Unauthorized use, disclosure, or reproduction is strictly prohibited and may be unlawful. If you believe you have received this transmission in error, please notify the sender immediately by reply email and delete the message and any attachments. Thank you.*

On Wed, Oct 6, 2021 at 9:57 AM ANNA PARK <ANNA.PARK@eeoc.gov> wrote:

> Counsel,
>
> Can you please clarify whether you will be representing the DFEH for all purposes? You indicated yesterday that you were only representing DFEH for the limited  purposes of the meet and confer.
>
> As a related matter, can you also clarify whether ███ ███, and attorneys for DFEH including Janette will be recusing themselves in the proposed intervention motion to challenge the EEOC Proposed Decree.
>
> Finally there are a few matters you were to follow up on from the meet and confer. Do you intend to provide a response?

Anna

Get Outlook for iOS

---

**From:** Patrick Patterson <popatterson@gmail.com>
**Sent:** Tuesday, October 5, 2021 4:02 PM
**To:** ANNA PARK; CHRISTOPHER LAGE; elenabaca@paulhastings.com; ryanderry@paulhastings.com
**Subject:** EEOC v. Activision Blizzard, Inc., Case No.: 2:21-CV-07682 DSH-JEM

Dear Counsel:

On our call today, I advised counsel for EEOC and Activision Blizzard, et al., that DFEH intends to file a motion to intervene, and is also considering a request to shorten the time for filing that motion. My understanding from our conversation is that you would oppose an ex parte application by DFEH to shorten the time under Local Rule 7-3, as well as a motion by DFEH to intervene in the pending federal action for the purpose of opposing the proposed consent decree. If my understanding is incorrect, and in fact you would <u>not</u> oppose the application or motion, please let me know by 12:00 pm EDT/9:00 am PDT on October 6, 2021. If I haven't heard from you by then, I will go forward with the understanding that you intend to oppose both the ex parte application and the motion to intervene.

Thank you.

Patrick O. Patterson
Law Office of Patrick O. Patterson, S.C.
P.O. Box 170092
Milwaukee, Wisconsin 53217-0092
414-704-1896

Pronouns He/Him/His

*PRIVILEGED AND/OR CONFIDENTIAL INFORMATION may be contained in this electronic transmission and is intended only for the use of the recipient. Unauthorized use, disclosure, or reproduction is strictly prohibited and may be unlawful. If you believe you have received this transmission in error, please notify the sender immediately by reply email and delete the message and any attachments. Thank you.*