1  DAVID A. ROSENFELD, Bar No. 058163
   WEINBERG, ROGER & ROSENFELD
2  A Professional Corporation
   1375 55th Street
3  Emeryville, California 94608
   Telephone  (510) 337-1001
4  Fax  (510) 337-1023
   E-Mail:  courtnotices@unioncounsel.net
5          drosenfeld@unioncounsel.net

6  Attorneys for COMMUNICATIONS WORKERS OF
   AMERICA, AFL-CIO, CLC
7

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

| 11 | U.S. EQUAL EMPLOYMENT | No. 2:21-CV-07682 DSF-JEM |
|----|----------------------|---------------------------|
| 12 | OPPORTUNITY COMMISSION, | |
| 13 | Plaintiff, | **OBJECTION TO PROPOSED CONSENT DECREE AND REQUEST FOR FAIRNESS HEARING** |
| 14 | v. | |
| 15 | ACTIVISION BLIZZARD, INC., | |
| 16 | BLIZZARD ENTERTAINMENT, INC., ACTIVISION PUBLISHING, INC., and | |
| 17 | KING.COM, INC., and DOES ONE through TEN, inclusive, | |
| 18 | Defendants. | |
| 19 | | |

20

21

22

23

24

25

26

27

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

1   The Communications Workers of America which represents a number of

2   Activision current and former employees requests that the Court grant and schedule

3   a fairness hearing with respect to the proposed Consent Decree.  The

4   Communications Workers of America believes that there are a number of serious

5   deficiencies in the proposed Consent Decree and the Union would like those

6   deficiencies addressed at a fairness hearing.  Generally a union has standing to raise

7   such issues. See *Social Services Union Local 535 v. County of Santa Clara*, 609

8   F.2d 944 (9th Cir 1079).

9   Attached as Exhibit A is a copy of a letter sent to the EEOC detailing those

10  deficiencies.

11

12

13  Dated:  October 12, 2021                    WEINBERG, ROGER & ROSENFELD
                                                A Professional Corporation

14

15                                      By:         DAVID A. ROSENFELD

16                                              Attorneys for COMMUNICATIONS
17                                              WORKERS OF AMERICA, AFL-CIO,
                                                CLC

18  152496\1212046

19

20

21

22

23

24

25

26

27

28

1

OBJECTION TO PROPOSED CONSENT DECREE AND REQUEST FOR FAIRNESS HEARING
Case No. 2:21-CV-07682 DSF-JEM

# PROOF OF SERVICE

I am a citizen of the United States and resident of the State of California. I am employed in the County of Alameda, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years and not a party to the within action.

On October 12, 2021, I served the following documents in the manner described below:

**OBJECTION TO PROPOSED CONSENT DECREE AND REQUEST FOR FAIRNESS HEARING**

☐ (BY U.S. MAIL) I am personally and readily familiar with the business practice of Weinberg, Roger & Rosenfeld for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at Emeryville, California.

☑ BY ELECTRONIC SERVICE: By electronically mailing a true and correct copy through Weinberg, Roger & Rosenfeld's electronic mail system from kshaw@unioncounsel.net to the email addresses set forth below.

On the following part(ies) in this action:

| | |
|---|---|
| Anna Y. Park, Regional Attorney<br>Los Angeles District Office<br>U.S. Equal Employment<br>Opportunity Commission<br>255 East Temple Street, Fourth Floor<br>Los Angeles, CA 90012<br>Anna.park@eeoc.gov | Nakkisa Akhavan<br>U.S. Equal Employment<br>Opportunity Commission<br>Los Angeles District Office Legal Unit<br>255 East Temple Street 4th Floor<br>Los Angeles, CA 90012<br>nakkisa.akhavan@eeoc.gov |
| Christian Schreiber<br>Olivier Schreiber & Chao LLP<br>201 Filbert Street, Suite 201<br>San Francisco, CA 94133<br>christian@osclegal.com | Monique Olivier<br>Olivier Schreiber & Chao LLP<br>201 Filbert Street Suite 201<br>San Francisco, CA 94133<br>monique@osclegal.com |

WEINBERG, ROGER & ROSENFELD<br>A Professional Corporation<br>1375 55th Street<br>Emeryville, California 94608<br>(510) 337-1001

OBJECTION TO PROPOSED CONSENT DECREE AND REQUEST FOR FAIRNESS HEARING
Case No. 2:21-CV-07682 DSF-JEM

| Rachel Bien<br>Olivier Schreiber and Chao LLP<br>1149 North Gower Street Suite 215<br>Los Angeles, CA 90038<br>rachel@osclegal.com | Taylor M. Markey<br>U.S. Equal Employment Opportunity Commission<br>Legal Unit<br>225 East Temple Street 4th Floor<br>Los Angeles, CA 90012<br>taylor.markey@eeoc.gov |
| --- | --- |
| Ryan D. Derry<br>Paul Hastings LLP<br>101 California Street<br>Forty Eighth Floor<br>San Francisco, CA 94111<br>ryanderry@paulhastings.com | Elena R. Baca<br>Felicia A. Davis<br>Paul Hastings LLP<br>515 South Flower Street<br>Twenty-Fifth Floor<br>Los Angeles, CA 90071-2228<br>elenabaca@paulhastings.com<br>Feliciadavis@paulhastings.com |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 12, 2021, at Emeryville, California.

_____
Katrina Shaw

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

3
OBJECTION TO PROPOSED CONSENT DECREE AND REQUEST FOR FAIRNESS HEARING
Case No. 2:21-CV-07682 DSF-JEM

# EXHIBIT A

# EXHIBIT A



1375 55th Street
Emeryville, California 94608
TELEPHONE:  (510) 337-1001
FACSIMILE:  (510) 337-1023
David A. Rosenfeld
drosenfeld@unioncounsel.net

STEWART WEINBERG
DAVID A. ROSENFELD
WILLIAM A. SOKOL
ANTONIO RUIZ
MATTHEW J. GAUGER
ASHLEY K. IKEDA▲
LINDA BALDWIN JONES
PATRICIA A. DAVIS
ALAN G. CROWLEY
KRISTINA L. HILLMAN ♦
BRUCE A. HARLAND
CONCEPCIÓN E. LOZANO-BATISTA
CAREN P. SENCER
ANNE I. YEN
KRISTINA M. ZINNEN
JANNAH V. MANANSALA
MANUEL A. BOÍGUES▼
KERIANNE R. STEELE♦
GARY P. PROVENCHER
EZEKIEL D. CARDER▶
LISL R. SOTO
JOLENE KRAMER
CAITLIN E. GRAY
TIFFANY L. CRAIN♦
XOCHITL A. LOPEZ

DAVID W.M. FUJIMOTO
ALEXANDER S. NAZAROV
JERRY P.S. CHANG♠
ANDREA C. MATSUOKA
KATHARINE R. McDONAGH
BENJAMIN J. FLOAN♦
WILLIAM T. HANLEY
ABEL RODRIGUEZ
COREY T. KNISS
BISMA SHAHBAZ
SEAN W. McDONALD◆
DANIELA A. ARCHILA
ALAINA L. GILCHRIST
MATTHEW J. ERLE
KARA L. GORDON
P. ANN SURAPRUIK
MAXIMILLIAN D. CASILLAS▲
CRAIG L. SCHECHTER

OF COUNSEL

ROBERTA D. PERKINS
NINA FENDEL
ROBERT E. SZYKOWNY
ANDREA K. DON
LORI K. AQUINO◆

⁑       Admitted in Hawaii
⁑       Also admitted in Nevada
▼       Also admitted in Illinois
▶       Also admitted in New York and
        Alaska
◆       Also admitted in Minnesota
⁑       Admitted in Nevada and
        Washington
▲       Also admitted in Idaho

October 6, 2021

**VIA ELECTRONIC MAIL**

Anna Y. Park – anna.park@eeoc.gov
Nakkisa Akhavan – nakkisa.akhavan@eeoc.gov
Taylor Markey – taylor.markey@eeoc.gov
U.S. Equal Employment Opportunity
Commission
255 East Temple Street, Fourth Floor
Los Angeles, CA  90012

**Re: U.S. Equal Employment Opportunity Commission v. Activision Blizzard, Inc., et al.**
**USDC Central District Case No.  2:21-CV-07682 DSF-JEM**

Dear Counsel:

This office represents the Communications Workers of America, which is in contact with a large number of employees of Defendants in the above-referenced case.

The employees and CWA recently learned of the Proposed Consent Decree involving these Defendants.

We have grave concerns over the scope and extent of that Consent Decree.

Please provide notice to the undersigned at the following email addresses of any further proceedings in this matter:

drosenfeld@unioncounsel.net

courtnotices@unioncounsel.net

We are concerned about the following issues and would like a response from your office about these issues:

1.  Why were the employees not consulted prior to the agreement of the proposed Consent Decree?  These EEOC standards regarding Consent Decree Decrees require communication with employees who are affected by a Consent Decree before entering into any proposed Consent Decree.

2.  The Consent Decree has a reference to waivers.  We have not seen any potential waivers, and we are concerned that they be limited to the narrow allegations of the complaint and do not affect any private right of action or claim under state law, other federal laws or other laws or regulations.

LOS ANGELES OFFICE
800 Wilshire Boulevard, Suite 1020
Los Angeles, CA  90017-2607
TEL 213.380.2344 FAX 213.443.5098

SACRAMENTO OFFICE
431 I Street, Suite 202
Sacramento, CA  95814-2341
TEL 916.443.6600 FAX 916.442.0244

HONOLULU OFFICE
220 South King Street, Suite 901
Honolulu, HI  96813-4500
TEL 808.528.8880 FAX 808.528.8881

3. The settlement amount of 18 million dollars seems woefully inadequate.  This would provide the maximum settlement for only 60 workers.  If any significant number of workers received the maximum under federal law, there would be little available for many other workers adversely affected.  We are concerned about how the EEOC got to that number and how it believes that number will be fairly distributed.  Please explain.

4. This proposed Consent Decree seems to be an attempt to preempt the parallel suit brought by the Department of Fair Employment and Housing under California law.  California law provides for greater remedies, and the DFEH seems much more willing to aggressively and effectively pursue litigation.  Please explain why this Consent Decree was suddenly entered into shortly after the DFEH's complaint was filed and has become active.  Do you plan to seek input from the DFEH?  Why was this not coordinated with the DFEH?

5. The Consent Decree requires notice to the employees.  We have not seen that form or notice, so please provide any proposed notice.

6. The Consent Decree refers in several parts to "retaliation."  We are concerned that retaliation will encompass claims under state law and other federal laws such as the National Labor Relations Act.  Please explain how you intend to limit any waiver to retaliation under Title VII.

7. The Consent Decree refers to "Activision Publishing and its related subsidiaries and companies…."  See p. 1: 18.  We do not have a definition of what "related subsidiaries and companies" in the Consent Decree covers.  Please explain.

8. We are concerned that this provides for non-admissions clauses. See Consent Decree pp. 2:1-9 and 5:17-19.  Given the scope, breadth, long term nature and seriousness of the allegations, we do not understand why the EEOC gave these Defendants a pass of non-admissions clauses.  Please explain.

9. The Consent Decree seems to cover "Defendants, as well as their parents, subsidiaries, officers, directors, agents, successors and assigns."  See Consent Decree p. 2:15-16.  Does this Consent Decree then absolve the individuals from any further liability?  Please explain.  How will notice be given to them to assure compliance?

10. The Consent Decree contemplates that individuals who receive any settlement will be required to sign a waiver or release of some kind.  Please provide a copy of any such release or waiver so that we can insure that it is limited to the specific allegations of the complaint and of the EEOC's authority.  We want to make sure it does not waive any other claims under federal or state law or other applicable law.

11. We have not seen a copy of any claim form.  Will you please provide us a copy of any proposed claim form.  We would like to make sure it is understandable and accurate.

12. We would like to have some input into the hiring of any "EEO Consultant."  We are concerned to make sure that the consultant is independent, knowledgeable and vigorous.

13. We also would like to know how the EEOC will determine whether someone is an "eligible claimant" as defined in the Consent Decree.  Please explain how you intend to determine the "list of potential claimants."  See Consent Decree p. 4:20-21.  What about misclassified workers under state or federal law?  As I have indicated, CWA is in contact with a large number of individuals. The DFEH is in contact with many individuals.  How do you intend to incorporate any individuals that we know about, former employees and all people who were adversely affected by the illegal practices of Defendant so that they are entitled to submit a claim form?

14. Provide us a copy of charge number 480-2018-05212 so we can see the scope of any release. The proposed Consent Decree would provide that "[n]othing is this Decree constitutes, nor should be construed as constituting, the imposition of any penalty against Defendants."  See Consent Decree p. 5:20-21.  We do not understand why there is that language in this Consent Decree given the fact that the conduct is so egregious. The Consent Decree and its monetary penalty should be considered a penalty.

15. We object to an automatic expiration of the Consent Decree.  It should expire only upon court approval with notice to all affected claimants.  See Consent Decree p. 6:21-24.

16. We are concerned that the Consent Decree agrees that attorneys for the Defendant can be present when the EEOC interviews "any person who possesses privileged information regarding the topic of the interview."  See Consent Decree, p. 8:1-2.  Many of the employees will have what the Defendants assert to be "privileged information," and this will give the Defendants the right to have any attorney present.  Employees have a Section 7 right under the National Labor Relations Act not to have a representative of the company present.  This will make those interviews intimidating and virtually useless.  Furthermore, the provision does not provide that those interviews will be on paid work time.

17. The Consent Decree gives a large amount of discretion to the proposed Claims Administrator.  See Consent Decree p. 10:2-11:2.  We think this is too much discretion, and our concern that the EEOC should negotiate stricter guidelines and/or maintain stricter control over the duties of the claims administrator.  We want input into the selection of the Claims Administrator or it should be a public process.

18. We are concerned that the Consent Decree limits the amount of information which will be posted on the website and available on recorded messages.  See Consent Decree p. 11:13-14.  Please explain why there is such a limit.  Workers have a Section 7 right to post unlimited information about workers' conditions, and this may serve to limit that right.

19. We would like to see any proposed "Notice of Settlement" and "Claim Form" as provided for in the Consent Decree at page 12:11-13.  We want to have input in any such forms.

20. The claim procedure will provide for an effort to contact claimants who did not receive initial mailings.  We would like to know if the EEOC will share the information of those whom the EEOC has not been able to initially locate so the CWA can provide any additional information in order to locate additional claimants.

21. The EEOC intends to establish "general criteria for scoring claims made through Claim Forms." See Consent Decree p. 13:26-27. We would like to know how the EEOC intends to develop those "general criteria" and to score claims. We would like input into that process to assure a fair distribution and fair remedies. We want a transparent process without sacrificing potential confidentiality concerns.

22. The EEOC negotiated an hourly rate of $450.00 an hour for one hour for an Eligible Claimant to consult a private attorney. See Consent Decree p. 15:3-8. That is wholly inadequate. It is not the going rate for skilled and competent attorneys who specialize in these areas in Southern California or in other areas where the employees work. Furthermore, one hour is not adequate for any competent attorney to review the Consent Decree and the facts of each individual employee's case. No attorney will agree to such a limit because it would constitute malpractice. This seems to be a complete and utter disregard for what would be a meaningful consultation paid for by the Defendants.

23. The Consent Decree provides for the employment of an "Equal Employment Opportunity Consultant." See Consent Decree p. 20:20-23:8, CWA would like input into that decision. Does the EEOC have any proposed consultants? Can we evaluate them?

24. We have the same questions about the hiring of an Internal EEO Coordinator. See Consent Decree p. 23:9-25:8. Do we have input into the hiring and/or approval of who the internal coordinator will be. Why just one?

25. The Consent Decree provides for the Defendants to submit "Workplace Policies and Procedures." See Consent Decree p. 27-28:4. We would like to see a copy of any such policies. The employees are entitled to see those policies and procedures. When can we see them, and when can we evaluate them and have any input into whether they are lawful or serve the purposes of the Consent Decree? We want to make sure they do not interfere with Section 7 rights and the right to organize and state laws.

26. The Consent Decree provides for the establishment of an Internal Complaint Investigation Procedure." See Consent Decree p. 30:4-5. Again, CWA would like to see a copy of any such procedure to insure that it is fair and does not interfere with other federal and state rights, including rights that were forwarded under the National Labor Relations Act.

27. The Consent Decree provides "that the confidentiality of the complaint, complainant, and investigation shall be maintained to the fullest extent possible." See Consent Decree p. 32:1-4. We are concerned that this may be construed to prohibit employees from talking about unlawful conduct, harassment and investigations among themselves. This is conduct protected by Section 7 of the National Labor Relations Act.

28. The Consent Decree provides that the Defendants have submitted information about training programs and that they will institute "Compliance Trainings." See Consent Decree pp. 33:6-34:37-13. We are concerned that those trainings are adequate and also that they incorporate training to employees as well as managers about the workplace rights of employees. This must include

Anna Y. Park
Nakkissa Akhavan
Taylor Markey
October 6, 2021
Page 5

Section 7 rights under the National Labor Relations Act as well as other rights under state and federal law.  Employees should be specifically advised of their right to organize for the means of preventing further discrimination.  Why is this not being coordinated with the General Counsel of the National Labor Relations Board?

29. Two hours training of "Human Resources ("HR") employees" is woefully inadequate.  See Consent Decree p. 34:17-23.   It should be required semi-annually, and workers should be allowed to attend.

30. The Consent Decree should include training of workers about how to respond to the illegal and improper conduct alleged in the Complaint.  This should include training with respect to how to report retaliation and the scope of the Consent Decree.

31. Employer representatives should be required to read a summary of the Consent Decree to workers.

We look forward to a prompt response to these inquiries.  We expect to have additional inquiries regarding this matter as we consult with the employees regarding the scope and effect of the Proposed Consent Decree.

Please take no further action without giving CWA an opportunity to comment.  Please, as I indicated, provide notice to this office of any further filings or any further action in this matter.

Sincerely,

David A. Rosenfeld

DAR:lda:dmt
opeiu 29 afl-cio(1)
152496\1209584