Christian Schreiber (Bar No. 245597)
christian@osclegal.com
Monique Olivier (Bar No. 190385)
monique@osclegal.com
OLIVIER SCHREIBER & CHAO LLP
201 Filbert Street, Suite 201
San Francisco, California 94133
Tel: (415) 484-0980
Fax: (415) 658-7758

*Attorneys for Proposed Intervenor,*
*Department of Fair Employment and Housing*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ACTIVISION BLIZZARD, INC., BLIZZARD ENTERTAINMENT, INC., ACTIVISION PUBLISHING, INC., and KING.COM, INC., and DOES ONE through TEN, inclusive,<br><br>Defendants. | Case No. 2:21-CV-07682 DSF-JEM<br><br>**PROPOSED INTERVENOR CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT'S NOTICE OF MOTION AND MOTION TO STRIKE**<br><br>Date: November 29, 2021<br>Time: 1:30pm<br>Judge: Hon. Dale S. Fischer |

## NOTICE OF MOTION AND MOTION TO STRIKE

PLEASE TAKE NOTICE that on November 29, 2021, at 1:30 p.m. in Courtroom 7D of the above-entitled Court, located at 350 West 1st Street, Los Angeles, California, Proposed Intervenor California Department of Fair Employment and Housing ("DFEH") will and hereby does move this Court pursuant to Federal Rule of Civil Procedure 12(f) for an order striking the ECF Docket Entries 15, 16, and 17 from the public record and this Court's consideration. Plaintiff U.S. Equal Employment Opportunity Commission ("Plaintiff" or "EEOC") filed documents that disclose privileged and confidential information in these documents and has refused to take the steps to remove such privileged information.

DFEH's Motion to Strike ("this Motion") is based upon this Notice of Motion and Motion; on the accompanying Memorandum of Points and Authorities; on the declarations of Christian Schreiber and Janette Wipper, the pleadings, files, and records in this action; and on such oral argument as the Court may permit at a hearing on this Motion.

Date:  October 19, 2021

Respectfully submitted,

OLIVIER SCHREIBER & CHAO LLP

*/s/ Christian Schreiber*
Christian Schreiber

*Attorneys for Proposed Intervenor*
*Department of Fair Employment and*
*Housing*

## <u>TABLE OF CONTENTS</u>

I.   **INTRODUCTION** ..................................................................................1

II.  **RELEVANT FACTUAL BACKGROUND** ........................................2

    A.   EEOC's Filings And DFEH's Efforts To Meet And Confer ........................2

    B.   The Privileged Material ...............................................................3

**III. ARGUMENT** ...........................................................................................5

    A.   Legal Standard ...........................................................................5

    B.   The Court Should Strike All Privileged Materials Filed Or Conditionally Lodged With The Court. ...............................................................6

    C.   DFEH Will Suffer Severe Prejudice if the Court Does Not Strike Its Privileged Information. ................................................................8

**IV. CONCLUSION** ......................................................................................9

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Proposed Intervenor California Department of Fair Employment and Housing ("DFEH") moves this Court for an Order: (1) striking from the public record all documents filed by Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") that disclose information that is confidential and privileged; and (2) striking EEOC's Motion to Seal in its entirety. These filings are part of the EEOC's Opposition to DFEH's *Ex Parte* Application and are located at ECF Dkt. Nos. 15, 16, and 17. EEOC has refused to respond to numerous requests made by DFEH to have this information removed from the public docket and to withdraw privileged information from the documents it sought to be sealed.

The privileged information contained in these filings was improperly disclosed. EEOC concedes the information it has filed is privileged. ECF Dkt. 15-1. DFEH is also aware that certain material included in its filing was marked "Privileged and Confidential" by DFEH, and subject to statutory and common law privileges, as well as a Worksharing Agreement entered into by DFEH and EEOC that prohibits such disclosures. In contravention of Civil Local Rule 79-5.3, EEOC never served on DFEH the documents (unredacted or redacted) it lodged with the Court. *See* ECF Dkt. 15-2 (Declaration of Taylor Markey) ¶¶ 5-7.

DFEH has requested on multiple occasions that EEOC take the steps necessary to remove the documents from the public record and the documents submitted to the Court for sealing. DFEH has filed objections to the EEOC's filings. *See* ECF Dkt. 18; *see also* Declaration of Christian Schreiber ("Schreiber Decl.") ¶¶ 5-8, filed herewith. EEOC has ignored these requests. As the holder of the privileged, DFEH has not waived the privilege or consented to the disclosure – not to this Court, nor any third party. EEOC cannot unilaterally waive the privilege that DFEH holds.

1    There is no justification, and EEOC has offered none, for the disclosure of

2    privileged material in consideration of either the proposed Consent Decree or

3    DFEH's Motion to Intervene. The disclosure of this information, and any future

4    disclosures contemplated by EEOC, is highly prejudicial to DFEH's ongoing

5    investigation and litigation. Declaration of Janette Wipper ("Wipper Decl.") ¶ 5,

6    filed herewith. Furthermore, EEOC's selective disclosure of privileged material

7    creates a scenario in which DFEH would be able to refute EEOC's claims only

8    through further disclosure of privileged material – which would undermine the very

9    purpose of the privileges protecting DFEH's investigation and prosecution of the

10   civil rights claims at issue in this case.

11   The stakes here are not theoretical. The privileges DFEH seeks to enforce are

12   essential to DFEH's mission and the enforcement and prosecution of civil rights

13   violations in California. Because there is no credible dispute that the information

14   disclosed is privileged and confidential, was improperly disclosed, that there has

15   been no waiver, and that DFEH has attempted to avoid motion practice through

16   good faith meet and confer, this Motion should be granted and the documents filed

17   in the public record should be immediately stricken and removed from the public

18   record. Furthermore, the Court should strike EEOC's Motion to Seal, decline to

19   review the privileged material, and Order that the documents filed therewith be

20   stricken.

21   **II.    RELEVANT FACTUAL BACKGROUND**

22   **A.    EEOC's Filings And DFEH's Efforts To Meet And Confer**

23   On September 27, 2021, EEOC filed a proposed Consent Decree with

24   Activision Blizzard, Inc., Blizzard Entertainment, Inc., Activision Publishing, Inc.,

25   and King.Com, Inc. (the "Activision Defendants"). ECF Dkt. 11-1.

26   On October 6, 2021, DFEH filed an *Ex Parte* Application seeking an order

27   shortening time for it to file a Motion to Intervene in this action. ECF Dkt. 13. In

28   response to DFEH's filing and in Opposition to DFEH's proposed intervention,

1   EEOC filed documents containing and referring to privileged information and

2   lodged declarations and documents that appear to contain and refer to additional

3   privileged information. *See* ECF Dkt. 15.

4        On Saturday, October 9, DFEH Chief Counsel Janette Wipper emailed

5   EEOC Regional Attorney Anna Park and requested that privileged documents be

6   removed from the public record. ECF Dkt. 18-2, Ex. B.

7        The same day, EEOC re-filed certain documents pursuant to a Notice of

8   Errata. ECF Dkt. Nos. 16, 17. After the documents were re-filed, DFEH counsel

9   emailed EEOC Senior Attorney Taylor Markey and requested the documents be

10  removed. ECF Dkt. 18-1, Ex. A. DFEH counsel also requested that unredacted

11  copies of all documents filed by EEOC be immediately provided. *Id.*

12       On Monday, October 11, having received no response from either Ms. Park

13  or Ms. Markey, DFEH filed objections to EEOC's evidence. ECF Dkt. 18.

14       On Tuesday, October 12, the Court ordered EEOC and DFEH to meet and

15  confer about a briefing schedule on a motion to intervene. ECF Dkt. 19.

16       On Thursday, October 14, pursuant to the Court's Order, counsel for DFEH

17  and EEOC met and conferred about a briefing schedule. Schreiber Decl. ¶ 7. During

18  the meeting, DFEH again raised the issue of EEOC's improper disclosure of

19  privileged and confidential information. *Id.* EEOC did not commit to taking any

20  action during this call. *Id.*

21       On Friday, October 15, DFEH counsel emailed EEOC again to insist that

22  EEOC take the steps necessary to remove the privileged communications and

23  requested a response by the close of business. Schreiber Decl. ¶ 8. Again, EEOC

24  did not respond to the request. *Id.* EEOC also has not provided unredacted copies of

25  documents related to its Motion to Seal. *Id.* ¶ 9.

26      **B.**    **The Privileged Material**

27       EEOC's filing at Docket 15 includes information and statements taken from

28  privileged and confidential communications that EEOC concedes are privileged. In

1  fact, EEOC took the step of filing a Motion to Seal precisely because the

2  information it filed (and lodged) is unquestionably privileged.

3      The documents include a declaration from EEOC District Director Rosa

4  Viramontes, which reveals privileged deliberations (at ¶¶ 9-11) and quotes directly

5  from emails that were labeled "PRIVILEGED AND CONFIDENTIAL" by DFEH.

6  ECF Dkt. 15-7 (re-filed as ECF Dkt. 16-1, Ex. 1) (Viramontes Decl.) ¶ 13. The

7  quotations contained in the Viramontes Declaration are taken directly from emails

8  that were marked "PRIVILEGED and CONFIDENTIAL, *subject to government*

9  *privileges and attorney-client/ work-product privileges*" and/or "PRIVILEGED &

10  CONFIDENTIAL EEOC/DFEH Investigation of Activision Blizzard." Wipper

11  Decl. ¶ 2.

12      In addition to the direct quotations from the Viramontes Declaration,

13  EEOC's Opposition to DFEH's *Ex Parte* Application to Shorten Time included a

14  Motion to Seal. The Motion to Seal (ECF Dkts. 15, 15-1) admittedly contains

15  privileged material, which has still not been provided to DFEH. Schreiber Decl. ¶ 9.

16  As set forth in the Motion, EEOC describes the material as privileged because it

17  "contain[s] privileged information, which cannot be disclosed to Defendants. The

18  disclosure of this privileged information in this litigation would result in unfair

19  prejudice to EEOC because Defendants would be able to gain a significant strategic

20  and tactical advantage if they had access to the information." ECF Dkt. 15-1

21  (Memo. at 2:21-25). EEOC's filing states further identifies privileged information

22  contained in the Declaration of Ms. Markey, as well as all of Declaration of Marla

23  Stern-Knowlton with attached exhibits. ECF Dkt. 15-1. These documents were

24  lodged with the Court (Markey Decl. ¶¶ 5-7) and were never provided to DFEH.

25  Schreiber Decl. ¶ 9.

26      DFEH has not waived the privilege and has not consented to the provision of

27  any of this information to the Court or the public. Wipper Decl. ¶ 2. Indeed,

28  EEOC's selective disclosure of privileged material creates a scenario in which

DFEH would be able to refute EEOC's claims only through further disclosure of privileged material – which would undermine the very purpose of the privileges protecting DFEH's investigation and prosecution of the civil rights claims at issue in this case.

## III.   ARGUMENT

### A.   Legal Standard

Federal Rule of Civil Procedure 12(f) provides that the Court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Because privileged material has "no possible bearing upon the subject matter of the litigation…Courts utilize Rule 12(f) to strike sections of a pleading that include inadmissible or privileged information." *Fodor v. Blakey*, No. CV1108496MMMRZX, 2012 WL 12893986, at *5 (C.D. Cal. Dec. 31, 2012). "[P]rivileged material falls squarely within the ambit of Rule 12(f)." *Phoenix Ins. Co. v. Diamond Plastics Corp.*, No. C19-1983-JCC, 2020 WL 4261419, at *2 (W.D. Wash. July 24, 2020) (citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994); *see also* Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil 2D* § 1382, at 706-07, 711 (1990)).

A district court may strike pleadings that impermissibly disclose or describe attorney-client privileged communications or work product. *See, e.g.*, *Hartford Cas. Ins. Co. v. Teed*, No. 18-CV-00479-RS, 2019 WL 7832604, at *4 (N.D. Cal. May 10, 2019) (striking confidential settlement discussions); *Jones v. Gen. Motors Corp.*, 24 F. Supp. 2d 1335, 1339 (M.D. Fla. 1998) (striking claim that was "impermissibly based on attorney-client privileged materials"); *Major League Baseball Props., Inc. v. Opening Day Prods., Inc.*, No. 96 Civ. 7078 (DAB), 1997 WL 525482, at *3, *6 (S.D.N.Y. Aug. 22, 1997) (finding that the inclusion in pleadings of part of a statement protected under attorney-client privilege was prejudicial and so should be struck under Rule 12(f)).

The purpose of the rule is to "avoid . . . prejudice to a party by preventing a jury from seeing the offensive matter or giving the allegation any unnecessary notoriety." *Wailua Assocs. v. Aetna Cas. & Sur. Co.*, 183 F.R.D. 550, 553 (D. Haw. 1998). Indeed, courts routinely strike such allegations from public filings to protect against the improper disclosure of privileged information obtained and used without permission by an opposing party. *See, e.g.*, *Izzetov v. Tesla Inc.*, No. 5:19-CV-03734-EJD, 2020 WL 1677333, at *7 (N.D. Cal. Apr. 6, 2020) (granting motion to strike allegations protected under California's litigation privilege); *Fodor v. Blakey*, No. CV1108496MMMRZX, 2012 WL 12893986, at *5 (C.D. Cal. Dec. 31, 2012) (granting motion to strike based on privileged marital communications); *Stewart v. Wachowski*, No. CV 03-2873 MMM (VBKx), 2004 WL 5618386, *2 (C.D. Cal. Sept. 28, 2004) ("Courts have used Rule 12(f) to strike allegations from complaints that detail settlement negotiations within the ambit of Rule 408."); *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 40 (S.D.N.Y. 1992) (granting motion to strike portions of a complaint that referenced settlement discussions under Rule 408 as immaterial and potentially prejudicial).

### B.    The Court Should Strike All Privileged Materials Filed Or Conditionally Lodged With The Court.

The Court should strike EEOC's disclosure of privileged information as contained in Paragraph 9-11 and 13 of the Viramontes Declaration, and should strike and decline to review all material submitted to the Court as part of EEOC's Motion to Seal.

With respect to the Viramontes Declaration, there is no dispute that the statements quoted in the Declaration are taken directly from privileged and confidential communications. Wipper Decl. ¶ 2. These quotations, as well as the communications described in the preceding paragraphs, are protected by the government deliberative process privilege, attorney-client privilege and attorney

1   work product doctrine and were marked privileged and confidential on the face of

2   the document. *See* ECF Dkt. 18-2.

3        With respect to the material apparently lodged with the Court as part of

4   EEOC's Motion to Seal, EEOC concedes it has submitted privileged information to

5   the Court. ECF Dkt. 15 (Memo. at 2, 5); ECF Dkt. 15-2 (Markey Decl. ¶¶ 5-7).

6   DFEH cannot address the specific elements of the material, though DFEH has no

7   reason to doubt the accuracy of EEOC's description of the material as privileged

8   and confidential. DFEH did not receive a copy of the material lodged with the

9   Court. Schreiber Decl. ¶ 9.

10        The disclosure of privileged information to the Court is improper; DFEH is

11   the holder of the privilege and has not waived it. Wipper Decl. ¶ 2. But it also

12   forces DFEH to either (1) leave unanswered EEOC's misleading assertions based

13   on the privileged materials; or (2) submit additional privileged material in order to

14   correct those misleading assertions.[1] Nor should the Court review the materials *in*

15   *camera*.

16        It is improper for a district court to review concededly privileged documents

17   as a preliminary matter. Here, there is no challenge to the privilege; EEOC

18   concedes the material is privileged and has unilaterally sought to disclose the

19   material to this Court. This is improper and the Court may not review privileged

20   materials. *See* Fed. R. Evid. 104(a) ("The court must decide any preliminary

21   question about whether a witness is qualified, a privilege exists, or evidence is

22   admissible. In so deciding, the court is not bound by evidence rules, except those on

23   privilege.").

24

25

26   [1] Without the benefit of seeing EEOC's filing, DFEH is left to guess about what EEOC has
     provided to the Court. However, EEOC's characterizations suggest that it has provided privileged

27   materials that are at best incomplete, and at worst misleading. DFEH should not be placed in the
     position where refuting misleading impressions left by EEOC can only be accomplished by

28   further disclosure of privileged material.

1    EEOC's actions suggest the Court's *in camera* review of the privileged

2    material is appropriate or necessary. Not so. There has been no showing of need,

3    nor a showing of cause of any kind. In matters where privilege is *challenged*, which

4    is not the case here, the U.S. Supreme Court has held that it is improper for a

5    district court to review privileged material simply because one party asks it to. The

6    reason is that it is not the province of a district court to assist in baseless breaches

7    of the privilege to become "unwitting (and perhaps unwilling) agents" of a party

8    seeking to vitiate the privilege. *United States v. Zolin*, 491 U.S. 554, 571 (1989). In

9    *Zolin*, the Court considered the role of a district court in reviewing privileged

10   materials *in camera* where the government alleged the privilege was vitiated by the

11   crime-fraud exception. *Id.* However, even where the privilege was contested (unlike

12   here) the Court concluded that a district court should not review privileged

13   documents without a showing of need based on "a factual basis adequate to support

14   a good faith belief by a reasonable person." *Id.* at 572 (citations omitted).

15       Here, no such showing has been made. EEOC simply took the unilateral step

16   of improperly disclosing privileged information. The Court should not countenance

17   such outrageous conduct. *Id.* at 573 ("[M]aterials that have been determined to be

18   privileged may not be considered in making the preliminary determination of the

19   existence of a privilege.").

20       **C.    DFEH Will Suffer Severe Prejudice if the Court Does Not Strike
             Its Privileged Information.**

21
22       EEOC concedes (and DFEH concurs) that the disclosure of this information

23   to third parties or the public would be prejudicial. *See* ECF Dkt. 15-1 (Memo. at 8);

24   Wipper Decl. ¶ 5. EEOC's Motion to Seal states in relevant part, "EEOC's

25   Memorandum and the evidence on which it relies contain privileged information,

26   which cannot be disclosed to Defendants. The disclosure of this privileged

27   information in this litigation would result in unfair prejudice to EEOC because

28

1  Defendants would be able to gain a significant strategic and tactical advantage if
2  they had access to the information." ECF Dkt. 15-1 (Memo. at 2:21-25).

3       DFEH will suffer irreparable harm if its privileged information may be
4  unilaterally disclosed. If EEOC can unilaterally disclose confidential, privileged
5  information to this Court and possibly to Defendants, DFEH's statutory mandate to
6  investigate and prosecute civil rights violations would be severely impaired. Wipper
7  Decl. ¶ 5; Cal. Gov. Code, §§ 11181(g), 12900 *et seq*.

8  **IV.   CONCLUSION**

9       For the foregoing reasons, DFEH respectfully requests that the Court strike
10 ECF Docket entries 15, 16, and 17 in their entirety, decline to review any material
11 lodged with the Court as part of EEOC's Motion to Strike, and direct EEOC not to
12 violate the privilege in any other filings in this matter.

13

14 Date:  October 19, 2021                    Respectfully submitted,

15                                            OLIVIER SCHREIBER & CHAO LLP

16                                            */s/ Christian Schreiber*
17                                            Christian Schreiber

18                                            *Attorneys for Proposed Intervenor*
19                                            *Department of Fair Employment and*
                                             *Housing*
20
21
22
23
24
25
26
27
28