# Exhibit B

## Matney, Patricia

| | |
|---|---|
| **From:** | Christian Schreiber |
| **Sent:** | Sunday, October 24, 2021 4:00 PM |
| **To:** | ANNA PARK; TAYLOR MARKEY |
| **Cc:** | NAKKISA AKHAVAN; CHRISTOPHER LAGE; MAURICE R. NEISHLOS; Monique Olivier; Bien, Rachel OSC Legal; Sagafi, Jahan C. |
| **Subject:** | RE: EEOC v. Activision - |
| **Attachments:** | 2021.10.24.DRAFT.Notice.Release.for EEOC Review.docx |

Dear Taylor, Anna, and colleagues:

Thank you for your letter of this past Thursday setting forth topics and questions regarding our efforts to come to agreement on changes and clarifications to the proposed consent decree. Below are our substantive thoughts to move the discussion forward. We would like to continue this meet and confer process to give these discussions the best chance of minimizing or eliminating the disagreements between the agencies. To accomplish that, would you be willing to extend the deadline for our motion to intervene? I recognize that the latest date you were willing to agree to was tomorrow in our earlier discussions. Given the progress that the agencies have made in engaging in a discussion, I hope that you will agree to extend the deadline by two weeks to allow these promising discussions to continue. We very much do not want to move to intervene, and would only be doing so as a last resort and because the deadline is tomorrow. Please let us know your thoughts today or tomorrow morning.

As to the numbered items in Taylor's letter:

1. We appreciate your willingness to provide notice to the potential claimants about the proposed consent decree. Attached is a proposed notice for your consideration. We are willing to agree that (1) if the proposed consent decree is approved, we will notify potentially covered individuals in the state action about it, and (2) as part of any settlement of the DFEH action, we would inform potentially covered individuals of the status of the EEOC action. We look forward to continuing to zealously prosecute the claims in our action for the benefit of all potentially covered individuals.

2. As you know, we believe that the EEOC lacks authority to, and as a matter of federalism and comity should not release, or set up a mechanism by which releases may be achieved for, state claims. Therefore, we ask that the consent decree be modified to eliminate the individual release negotiation component. We also believe that an hour is not enough time for a lawyer to get up to speed or for them to form a relationship with, properly advise, or conduct diligent negotiations on behalf of an individual claimant. However, if that component is ordered by the Court, we believe that the attorneys most knowledgeable about the value of the California claims should be made available to the claimants. Therefore, we included the DFEH's and its counsel's information in the proposed notice. Those lawyers will be in the best position to advise the claimants about the value of their claims based on the results of the state investigation and pay analyses. As to your question about this being a bilateral arrangement, we have no intention of including a federal release in any settlement of our claims, given your pending action even though California law provides that the DFEH can do so, whereas there is no law allowing the EEOC to release state claims.

3. Thank you for offering to confirm that the first part of the release is limited to sexual harassment, pregnancy discrimination, and related retaliation. Thank you also for your written assurances in a filing with the Court "that the releases will not include language that is contrary to public policy including arbitration agreements, no rehire clauses, confidentiality agreements, or non-disparagement provisions." Would you be willing to put that in an amended consent decree, to avoid any confusion or possibility that individual laypeople reading the consent decree fail to realize the full protections they have (since they will likely not have the time or awareness

to review the entire court record of separate statements about the consent decree)? In addition, we believe it is critical that the EEOC confirm that no state law claims can be released as part of the consent decree process, consistent with the limits on its authority and the relationship of respect between the federal and state agencies. This would also ensure that the consent decree is consistent with the EEOC Model Release Language. Would the EEOC be willing to amend the consent decree in that fashion as well?

4. We do not understand your statements in this paragraph. We remain very concerned about the consent decree allowing changes to personnel files, whether construed as removing documents from the files (as you say in item #4) or destroying documents. We appreciate your offer to put in writing that Defendants cannot destroy documents; that will be very helpful. Given the possibility that the consent decree could be read to allow (or require) destruction of evidence (including removal of documents from personnel files), we believe it would be appropriate for the consent decree to be amended to clarify that destruction of evidence will not be tolerated.

I recognize that this is a lot for us to consider and discuss. We also have legal authority and policy considerations that undergird the agencies' relationship of trust and cooperation that we would like to discuss with you. We are hopeful that this discussion will pave the way for changes to the consent decree that will improve its chances of being approved and promptly implemented, while maintaining the DFEH's opportunity to achieve the best result possible for the covered individuals in California.

Given the many items for discussion, negotiation, and/or clarification, the great opportunity for us to reach a good result, and the real downsides of litigation, I want to reiterate our urgent request that the EEOC allow a brief extension of two weeks on tomorrow's deadline so that we can continue our discussions.

Chris

Christian Schreiber
OLIVIER SCHREIBER & CHAO LLP
201 Filbert Street, Suite 201
San Francisco, CA 94133
(415) 484-0980 - main
(415) 484-0161 - direct
www.osclegal.com
christian@osclegal.com

**From:** ANNA PARK <ANNA.PARK@EEOC.GOV>
**Sent:** Saturday, October 23, 2021 1:34 PM
**To:** Christian Schreiber <christian@osclegal.com>; TAYLOR MARKEY <TAYLOR.MARKEY@EEOC.GOV>
**Cc:** NAKKISA AKHAVAN <NAKKISA.AKHAVAN@EEOC.GOV>; CHRISTOPHER LAGE <CHRISTOPHER.LAGE@EEOC.GOV>; MAURICE R. NEISHLOS <MAURICE.NEISHLOS@EEOC.GOV>; Monique Olivier <monique@osclegal.com>; Rachel Bien <rachel@osclegal.com>; jsagafi@outtengolden.com
**Subject:** Re: EEOC v. Activision -

To clarify when I refer to your substantive response, I am referring to the notice issue and to our proposal to resolve the matter. Anna

Get Outlook for iOS

**From:** Christian Schreiber <christian@osclegal.com>
**Sent:** Saturday, October 23, 2021 12:59:58 PM
**To:** ANNA PARK <ANNA.PARK@EEOC.GOV>; TAYLOR MARKEY <TAYLOR.MARKEY@EEOC.GOV>
**Cc:** NAKKISA AKHAVAN <NAKKISA.AKHAVAN@EEOC.GOV>; CHRISTOPHER LAGE <CHRISTOPHER.LAGE@EEOC.GOV>; MAURICE R. NEISHLOS <MAURICE.NEISHLOS@EEOC.GOV>; Monique Olivier <monique@osclegal.com>; Rachel Bien

<rachel@osclegal.com>; jsagafi@outtengolden.com <jsagafi@outtengolden.com>
**Subject:** EEOC v. Activision -

Anna,

As we discussed on our call yesterday, one area of disagreement between EEOC and DFEH centers around EEOC's contention that there was an agreement by which DFEH "ceded" certain claims as part of a partitioning of the investigation. DFEH does not believe there was ever such an agreement, nor could there have been.

I mentioned two emails on our call, both of which EEOC should have. I would commend you to take a look at them and perhaps we can follow up after. The first is a chain from August 20, 2020 (beginning with Marla Stern) and is followed by an email on August 27, 2020 from Janette Wipper. The second is an email from Janette Wipper to Charlotte Burrows on June 11, 2021, with Charlotte Burrows responding on June 16, 2021. Those email chains express DFEH's position that there was no "exclusivity" to the agencies' efforts, let alone an agreement that DFEH would cede certain claims to EEOC to settle.

EEOC has repeatedly referred to the "Interagency Agreement" about the partitioning of claims, duties, and authority. EEOC has not, to my knowledge, enumerated the complete universe of documents it believes comprises this Agreement. I think it would be helpful to understand this, as this disagreement about each agency's role seems to be the source of strain and misunderstanding and has contributed to a breakdown in trust. I am hopeful that we can restore some of what's been lost by understanding where and how the disconnect arose.

Thank you,

Christian Schreiber
**OLIVIER SCHREIBER & CHAO LLP**
201 Filbert Street, Suite 201
San Francisco, CA 94133
(415) 484-0980 - main
(415) 484-0161 - direct
www.osclegal.com
christian@osclegal.com



NOTICE: This e-mail is from the law firm of Olivier Schreiber & Chao LLP ("OSC"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you properly received this e-mail as a client, co-counsel or retained expert of OSC, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.