| | |
|---|---|
| 1 | OUTTEN & GOLDEN |
| 2 | JAHAN C. SAGAFI (SBN 224887)<br>jsagafi@outtengolden.com |
| 3 | One California Street, Suite 1250<br>San Francisco, CA 94111 |
| 4 | Telephone:  (415) 638-8800<br>Facsimile:    (415) 638-8810 |
| 5 | OLIVIER SCHREIBER & CHAO LLP |
| 6 | CHRISTIAN SCHREIBER (SBN 245597)<br>MONIQUE OLIVIER (190385) |
| 7 | christian@osclegal.com<br>monique@osclegal.com |
| 8 | 201 Filbert Street, Suite 201<br>San Francisco, CA 94133 |
| 9 | Telephone: (415) 484-0980<br>Facsimile: (415) 659-7758 |
| 10 | OLIVIER SCHREIBER AND CHAO LLP |
| 11 | RACHEL BIEN (315886)<br>rachel@osclegal.com |
| 12 | 1149 North Gower Street Suite 215<br>Los Angeles, CA 90038 |
| 13 | Telephone: (415) 484-0522<br>Facsimile: (415) 658-7758 |
| 14 | *Attorneys for Proposed Intervenor,* |
| 15 | *Department of Fairf Employment and Housing* |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>                            Plaintiff,<br><br>        v.<br><br>ACTIVISION BLIZZARD INC., BLIZZARD ENTERTAINMENT, INC., ACTIVISION PUBLISHING, INC. KING.COM, INC., and DOES ONE through TEN, inclusive,<br><br>                            Defendants. | Case No. 2:21-CV-07682 DSF-JEM<br><br>**DECLARATION OF JANETTE WIPPER IN SUPPORT OF DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING'S MOTION TO INTERVENE**<br><br>Date:       November 29, 2021<br>Time:       1:30 p.m.<br>Location: Courtroom 7D<br>Judge:     Hon. Dale S. Fischer<br><br>Action Filed: September 27, 2021 |

I, Janette Wipper, declare:

1. I am the Chief Counsel of the California Department of Fair Employment and Housing (DFEH). I am an attorney admitted to practice law in the State of California and in the United States District Court for the Central District of California and I submit this declaration in support of DFEH's Motion to Intervene.

2. DFEH is a Fair Employment Practices Agency under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e-5, 7, 8. DFEH has authority to pursue claims in court under both Title VII and the California Fair Employment and Housing Act ("FEHA"), 42 U.S.C. §§ 2000e; Cal. Gov. Code §12930(h), but it has a long tradition of prosecuting California claims, which provide more protection than federal law.

*A. The DFEH's Investigation of Activision*

3. DFEH Director Kevin Kish signed a Director's Complaint, DFEH Case No. 201810-03875512, EEOC Charge No. 37A-2019-00053-C, against Blizzard Entertainment, Inc. ("Director's Complaint") on October 12, 2018. The Director's Complaint was later amended to add entities Activision Blizzard, Inc. and Activision Publishing, Inc. (the "Activision Defendants"). On July 20, 2021, after Activision refused to participate in DFEH's mediation process, DFEH proceeded with litigation and filed *DFEH v. Activision Blizzard, et al.*, Case No. 21STCV26571, in the Los Angeles Superior Court.

4. DFEH's investigation of its Director's Complaint and litigation has been substantial and ongoing. For example, between late 2018 to the present, DFEH has taken seven depositions, propounded several sets of interrogatories and

requests for production, received roughly 18,000 pages of documents and 7 years of employment data (which DFEH has analyzed), exchanged several meet and confer letters, had many teleconferences with defense counsel, and interviewed hundreds of victims and employee/contractor witnesses.  DFEH continues to interview witnesses and both served and responded to requests for production in the context of the litigation.  Meet-and-confer efforts in that context continue.

### B.  DFEH and EEOC's Coordination in Investigation of Activision

5.   The U.S. Equal Employment Opportunity Commission ("EEOC") signed Charge No. 480-2018-05212 against Activision Blizzard, Inc. ("Commissioner's Charge") on September 26, 2018, though it did not notify the DFEH of the Commissioner's Charge pursuant to 42 U.S.C. §§ 2000e-5(d), 29 C.F.R. § 1601.13(e). Nonetheless, after the DFEH learned of the Commissioner's Charge, the DFEH and EEOC proceeded with coordinated and confidential investigations. This approach is customary for agencies to effectuate civil rights enforcement.

6.   DFEH is a party to a publicly available Worksharing Agreement with the EEOC, which protects the confidential exchange of information related to investigations.  It states that the EEOC and the DFEH share both confidential information and personnel related to investigations. The DFEH and EEOC Worksharing Agreement was signed in October 2018 by DFEH Director Kevin Kish and EEOC's District Director for the Los Angeles District Office, Rosa Viramontes, and has been extended annually through the present. A true and correct copy of the Worksharing Agreement is available online (https://www.dfeh.ca.gov/wp-

content/uploads/sites/32/2019/01/WorksharingAgreementFY2019WSA.pdf) and attached hereto as **Exhibit A**.

7.  The EEOC Commissioner's Charge is dual-filed under the Title VII Worksharing Agreement. EEOC and DFEH therefore "…shall make available for inspection and copying to appropriate officials from the other Agency any information that may assist each Agency in carrying out its responsibilities." Section IV, Exchange of Information, Worksharing Agreement.

8.  Beginning in 2018, the EEOC and DFEH communicated about the investigations into the Activision Defendants.  DFEH was available to consult with EEOC and share information during the investigations.  However, DFEH did not, at any point during the investigations, cede to EEOC its Director's Complaint or its authority to prosecute or resolve DFEH's claims under state law, nor could it. FEHA does not authorize EEOC to prosecute state FEHA claims in court. Cal. Gov. Code §§12925(d); 12965(b).

9.  EEOC requested the agencies split investigation work related to the Activision investigations.  At that time, EEOC and DFEH deliberated about a confidential division of *investigatory* responsibility; given the parties' Title VII Worksharing Agreement, such divisions of labor can make sense as an effort to avoid duplicating work.  This kind of arrangement, however, has no impact on litigation authority and the claims each agency ultimately prosecutes *in court*, because each agency can work only within the limits of its statutory authorization and each agency must have standing to prosecute or resolve any claim it brings in court.  In other words, while it is normal for EEOC and DFEH to share work in investigations under the Worksharing Agreement, that does not authorize EEOC to

prosecute state FEHA claims in court, or resolve them through a court-approved consent decree. DFEH has authority to bring Title VII claims in court based on statutory provisions of Title VII and FEHA, not the Worksharing Agreement.

10. DFEH also expressly declined EEOC's proposed division of investigatory labor in August 2020, when DFEH became aware of a new EEOC pilot program on conciliation, which was subject to significant public criticism, including by an EEOC commissioner. The pilot program required that EEOC disclose to respondents (but not complainants) significant information and evidence from investigations, including disclosing the identity of informants, such as witnesses and victims of discrimination, which are protected under California law. Such mandatory disclosures may dissuade witnesses against coming forward to report discrimination and other unlawful practices to the government, and thereby significantly undermine any investigation in any area of law enforcement.

11. At the same time that EEOC publicized its new pilot program, EEOC requested that DFEH disclose to the Activision Defendants that the agencies would divide responsibility for investigatory tasks, and share the investigations. DFEH responded that, given the pilot program, not only would DFEH not agree to disclose this division of labor to defendants, DFEH did not agree it was the appropriate time to take the approach EEOC proposed at all.

12. DFEH diligently continued its investigation and, almost one year later in June 2021, the Activision Defendants informed DFEH that EEOC had "asserted jurisdiction" over DFEH's entire investigation under state law—a position, as DFEH explained in this and later correspondence, that is without any legal basis and that EEOC later rescinded and apologized for taking. A copy of that

correspondence is attached hereto as **Exhibit B.** In relevant part:

    a. On June 4, 2021, counsel for the Activision Defendants sent an email that stated in relevant part: "It's our understanding that the EEOC has asserted jurisdiction and, thus, we have been responding to the EEOC. We have added Anna Park from the EEOC to this email in the hopes that we can come to some understanding on these jurisdictional issues."

    b. On June 7, 2021, DFEH responded to the Activision Defendants and stated in relevant part: "EEOC's investigation pertains to claims under Title VII … and does not pertain to FEHA claims. DFEH is investigating claims under applicable California law, FEHA, etc."

    c. On June 8, 2021, the EEOC Los Angeles Regional Attorney Anna Park sent an email to DFEH, the EEOC Los Angeles District Director Rosa Viramontes, and counsel for the Activision Defendants, that stated: "Counsel, Thank you for reaching out to the EEOC. As to your question on the jurisdictional issue, the EEOC's commissioners charge predates the DFEH's director's charge and both were dually filed. As such, the EEOC has jurisdiction under the workshare agreement and past practices to be the lead entity. Both the Commissioner's charge and the DFEH charge have overlapping if not similar allegations and since the EEOC has asserted jurisdiction over this investigation, the operative investigation is the EEOC Commissioner's charge. We have informed the DFEH of our position. I am including the District Director for the EEOC since she has

jurisdiction over the investigation."

d. On June 9, 2021, counsel for the Activision Defendants sent an email to DFEH, copying again the EEOC Los Angeles Regional Attorney Anna Park, which stated in relevant part: "We, however, would appreciate understanding whether—given the workshare agreement and the EEOC's assertion of jurisdiction—we can reduce the burden on our clients with one agency, the EEOC, handling these matters."

e. On June 11, 2021, DFEH responded to Activision Defendants and stated: "The DFEH and EEOC have conferred as you suggested. We do not agree with EEOC's position."

f. On June 11, 2021, counsel for the Activision Defendants sent an email to DFEH, copying again the EEOC Los Angeles Regional Attorney Anna Park, seeking further clarification of DFEH's position.

g. On June 11, 2021, DFEH responded to Activision Defendants and the EEOC Los Angeles Regional Attorney Anna Park, and stated: "You asked in this email chain whether DFEH would defer our case to EEOC. As we said before, DFEH is not deferring the DFEH's Director's Complaint as it asserts the department's state law claims that cannot be pursued by EEOC. DFEH has been conducting an agency-initiated investigation under state law since 2018 and you are nonetheless requesting that DFEH defer its case at the end of the investigation to EEOC for the convenience of your client despite that as all parties agree, each agency can make its own findings and prosecute claims under FEHA or Title VII."

      h. On June 11, 2021, the EEOC Los Angeles Regional Attorney Anna Park responded to DFEH, copying counsel for the Activision Defendants, and stated: "I think the issue relates to not the DFEH's director's charge but the fact that the EEOC's Commissioner's and the interplay with the DFEH Director's charge. The DFEH Director's charge is a duplicate and therefore EEOC has jurisdiction over this investigation."

      i. On June 23, 2021, DFEH sent an email to the Activision Defendants which stated in relevant part: "Please be advised that DFEH and EEOC have engaged in further dialogue and EEOC has apologized for asserting that EEOC has jurisdiction over the DFEH's Director's Complaint. **EEOC has affirmed that DFEH has jurisdiction to investigate claims alleged in its Director's Complaint**. If you have any questions about EEOC's misstatement, please contact Rosa Viramontes, Director of EEOC's Los Angeles District Office."

13. Following the email communications between DFEH, the EEOC Los Angeles Regional Attorney Anna Park and counsel for the Activision Defendants, the Activision Defendants sent a June 28, 2021 letter to the DFEH that stated "[the Activision Defendants] have never questioned the DFEH's authority to conduct its investigation," but also stated that it nevertheless would "…*secure state and federal releases from any employees*…" in any resolution ultimately achieved with the EEOC. A true and correct copy of the correspondence is attached hereto as **Exhibit C.**

14. In response to the Activision Defendants' June 28, 2021

8
DECLARATION OF JAHAN C. SAGAFI IN SUPPORT OF MOTION TO INTERVENE
CASE NO. 2:21-CV-07682 DSF-JEM

correspondence, the DFEH sent correspondence to counsel for the Activision Defendants on June 29, 2021. A true and correct copy of the correspondence is attached hereto as **Exhibit D.** The letter stated in relevant part:

    a. "EEOC does not have standing to bring [California Fair Employment and Housing Act (FEHA)] claims…Unlike EEOC, DFEH has authority to … seek greater rights and remedies under state law in this or any other matter."

    b. "DFEH did not limit the scope of its director's complaint, nor its allegations, investigative discovery or findings…Throughout the investigation, DFEH consistently conveyed its intent to fully investigate the DFEH director's complaint to both your client's former counsel and your firm. DFEH also has not waived or otherwise authorized any of its confidential investigative techniques or deliberative process be disclosed during the investigation. (Evid. Code, § 1040 et seq.; Gov. Code, § 11180 et seq.; see also 42 U.S.C. § 2000e-5(b).)"

    c. "We look forward to an opportunity to resolve all allegations in *Kish v. Blizzard Entertainment Inc., et al.* (DFEH Case No. 201810-03875512) without litigation."

15. Although under Title VII, the EEOC is required to provide employment records and other confidential information obtained in investigations and through other methods to state agencies, like the DFEH, the DFEH has no corresponding statutory obligation under state law. Nevertheless, between 2018 and 2020 and again between July and September 2021, DFEH contacted the EEOC

multiple times to discuss collaboration and invite the EEOC to a mediation scheduled with mediator Mark Rudy for December 2021.

16. Between July and August 2021, Activision's counsel told DFEH that Activision and the EEOC were engaged in a conciliation process, although Activision had refused to participate in the DFEH's mandatory mediation process. DFEH contacted the EEOC to confirm the conciliation, and to reiterate our interest in collaborating.

17. On August 20, 2021, the EEOC set up a call with DFEH for September 14, 2021. On September 10, 2021, the EEOC canceled that call. On September 27, 2021, the EEOC filed the proposed consent decree at issue here.

18. EEOC did not notify the DFEH before filing the Civil Complaint and lodging the proposed Consent Decree with this Court. Shortly after the Complaint and Consent Decree were filed, on September 29, 2021, DFEH informed EEOC that the decree is not fair, adequate, or reasonable and is inconsistent with the public interest. A true and correct copy of that correspondence is attached hereto as **Exhibit E.**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on October 25, 2021, in San Francisco, California.

　　　　　　　　　　　　　　　　　　　　　　　/s/ Janette Wipper
　　　　　　　　　　　　　　　　　　　　　　　Janette Wipper