# Exhibit D



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR GAVIN NEWSOM

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                              DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 l Elk Grove l CA l 95758
800-884-1684 (voice) l 800-700-2320 (TTY) | California's Relay Service at 711
www.dfeh.ca.gov l email: contact.center@dfeh.ca.gov

*Via Email: USPS Certified Mail,*
*Courtesy Copy Via Email to:* elenabaca@paulhastings.com, feliciadavis@paulhastings.com, ryanderry@paulhastings.com

June 29, 2021

Blizzard Entertainment, Inc.,
Activision Blizzard, Inc.,
Activision Publishing, Inc.,
c/o Elena Baca, Esq.
Paul Hastings, LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071

RE:    *Kish v. Blizzard Entertainment Inc., et al.* (DFEH Case No. 201810-03875512)

Dear Counsel:

The California Department of Fair Employment and Housing ("DFEH") writes in response to your June 28, 2021 letter. Your letter first claims that your client is "*...entirely in the dark as to what it is the DFEH proposes we mediate.*" (Paul Hastings' June 28, 2021 Letter to DFEH, p. 2.) It also proposes that, "*after more than two-and-a-half years of investigation, numerous depositions, more than 17,000 pages of documents produced, almost a decade's worth of employee data provided, and inquiries and requests across numerous areas and issues,*" DFEH should "*…transfer* [a DFEH director's complaint] to the EEOC…" as you claim is purportedly "…contemplated by the Government Code, thereby obviating the need for a tolling agreement." (*Ibid*.) DFEH disagrees with both positions.

DFEH also asks that you share a copy of this letter with your client.

**DFEH Director's Complaint**

With respect to your first position, DFEH proposes to mediate *Kish v. Blizzard Entertainment Inc., et al.* (DFEH Case No. 201810-03875512). The DFEH director's complaints and accompanying notices, and investigatory discovery, clearly describe the scope of the DFEH's investigation over the last two years. They specifically addressed whether Respondents engaged in discrimination against their employees on the basis of sex-gender, including failing to hire, select, or employ persons because of their sex, as well as discriminating in compensation or in the terms, conditions, privileges of employment due to their sex. They also addressed whether Respondents failed to take all reasonable steps to prevent unlawful discrimination, harassment, or retaliation. DFEH has conducted investigatory discovery consistent with these allegations, as well as claims reasonably related to information provided by respondents themselves. Naturally, the DFEH's findings and mediation pertain to these issues DFEH investigated.

June 29, 2021
Re: Kish v. Blizzard Entertainment, Inc., et al.
Page **2** of **4**

---

DFEH did not limit the scope of its director's complaint, nor its allegations, investigative discovery or findings, as you state in your letter, to "pay issues only." (Paul Hastings' June 28, 2021 Letter to DFEH, p. 2). Throughout the investigation, DFEH consistently conveyed its intent to fully investigate the DFEH director's complaint to both your client's former counsel and your firm. DFEH also has not waived or otherwise authorized any of its confidential investigative techniques or deliberative process be disclosed during the investigation. (Evid. Code, § 1040 et seq.; Gov. Code, § 11180 et seq.; see also 42 U.S.C. § 2000e-5(b).) We are puzzled by your statements about the limitations of DFEH's case.

**DFEH Mediation**

At this stage, DFEH seeks to schedule a mediation with your client to attempt to resolve the director's complaint without litigation. As set forth in the DFEH's June 24 letter, the "DFEH has completed its investigation of [*Kish v. Blizzard Entertainment Inc., et al.* (DFEH Case No. 201810-03875512)]. Based on the evidence DFEH has collected during its investigation, DFEH has reason to file a civil complaint in superior court against Blizzard Entertainment, Inc., Activision Blizzard, Inc., and Activision Publishing, Inc. Before the DFEH files a civil action, Government Code sections 12965 and 12981 state that the department shall require all parties to participate in a free mandatory dispute resolution conducted by the DFEH's Dispute Resolution Division." (DFEH June 24, 2021 Letter to Paul Hastings, p. 1.) DFEH has sent a similar letter to numerous respondents who have successfully resolved claims in mediation with DFEH.

As you acknowledge in your June 28 letter, DFEH has indeed worked with many employers to resolve claims. Those employers have also received the letter regarding mediation. If the employer requires more time to prepare for a mediation, they simply request to enter a tolling agreement to accommodate the additional time *and also avoid prejudice to the DFEH*. Your client, however, has refused to enter a tolling agreement with respect to the full scope of the DFEH director's complaint. Nonetheless, your letter implies DFEH is somehow the cause of your client's burden regarding the mediation schedule. That is simply incorrect.

You and your client's position changed only recently without explanation. As of May 21, 2021, Respondents agreed in principle during a meet and confer discussion to extend the tolling deadline to allow for mediation between Respondents and DFEH. DFEH promptly sent over a draft tolling agreement to enable the parties to mediate as previously planned with Mediator Mark Rudy on December 9, 2021. EEOC was not a part of that discussion. Nonetheless, shortly thereafter, EEOC apparently issued an interim letter of determination under federal law, and you abruptly changed course.

You ended ongoing meet and confer efforts with DFEH regarding a tolling agreement and mediation, and then asked DFEH to "transfer" its broader case to EEOC (which has no authority over state law claims) in its entirety. (see, e.g., *Victa v. Merle Norman Cosms., Inc.*, (1993) 19 Cal. App. 4th 454, 463 [*…the inability to assert the broader remedies of California law in the EEOC case derived not from limitations on the courts but from limitations of the EEOC's power*].) You also continue to attempt to delay DFEH's compliance with Government Code sections 12965(a)

June 29, 2021
Re: Kish v. Blizzard Entertainment, Inc., et al.
Page **3** of **4**

_____

["the department shall require all parties to participate in a mandatory dispute resolution in the department's internal dispute resolution division free of charge to the parties in an effort to resolve the dispute without litigation"], and preclude its case. Even after such unprecedented and baseless actions, you assert DFEH somehow lacks good faith in your letter. (Paul Hastings' June 28, 2021 Letter to DFEH, p. 2) The record shows otherwise.

### DFEH's Broader Authorities

With respect to your second position (whether DFEH should defer claims under state law to EEOC), you disregard DFEH's broader authorities.  First, the Government Code does not contemplate transferring a DFEH director's complaint or its authorities to EEOC, as stated in your letter.  (Paul Hastings' June 28, 2021 Letter to DFEH, p. 2) Indeed, EEOC does not have standing to bring FEHA claims. (*Victa v. Merle Norman Cosms., Inc*. 19 Cal. App. 4th at 463 ("The real barrier to litigation of plaintiff's state law claims in the EEOC case was that the ***EEOC did not possess standing to prosecute those claims***. (See Gov. Code, §§ 12965, 12973, subd. (b) [FEHA suits may be brought by aggrieved claimants and the Department of Fair Employment and Housing]...) But this deficiency was not one of subject matter jurisdiction. Rather, it was one of standing or practical capacity on the part of the EEOC. In short***, the inability to assert the broader remedies of California law in the EEOC case derived not from limitations on the courts but from limitations of the EEOC's power***."]  Unlike EEOC, DFEH has authority to bring **both** FEHA and Title VII claims, [Gov. Code, 12930; Title VII, § 701(a).]; and seek greater rights and remedies under state law in this or any other matter.

Further, Title VII does not limit but expands DFEH's authorities. Under Title VII, there is "***a federal statutory preference for deferral by the EEOC to a suitably qualified and empowered state agency***" such as DFEH. (*Martin v. Lockheed Missiles & Space Co., Inc*. (1994) 29 Cal. App. 4th 1718, 1728-1729; see, *e.g.,* Title VII 706(d)[deferral of EEOC commissioner's charges to state agencies]; 110 Cong.Rec. 12688 (1964) (remarks of Sen. Saltonstall) (Title VII preserves "the opportunity and authority of the State and local governments to work out their own problems if they are willing to do so"); *id.,* at 14313 (remarks of Sen. Miller) (Title VII "give[s] the States the opportunity to carry out their responsibilities first"); *Mohasco Corp. v. Silver,* 447 U.S. 807, 821 (1980) (Title VII "give[s] state agencies an opportunity to redress the evil at which the federal legislation was aimed, and to avoid federal intervention unless its need was demonstrated"); *Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 755 (1979) (Title VII "give[s] state agencies a limited opportunity to resolve problems of employment discrimination and thereby to make unnecessary, resort to federal relief by victims of the discrimination"); *Love v. Pullman Co.,* 404 U.S. 522, 526 (1972) (Title VII "give[s] state agencies a prior opportunity to consider discrimination complaints").

The EEOC-DFEH Worksharing Agreement also fails to provide any basis for your request. The worksharing agreement plainly states: "*This delegation of authority to receive charges does not include the right of one Agency to determine the jurisdiction of the other Agency over a charge*." (Worksharing Agreement between EEOC and DFEH, Section II.A.) It also does not address transferring DFEH director's complaints to EEOC.  That is rightly so. The broader rights and remedies afforded to victims of discrimination under California law and relevant here cannot be

June 29, 2021
Re: Kish v. Blizzard Entertainment, Inc., et al.
Page **4** of **4**

_____

prematurely denied by a transfer of the DFEH director's complaint to EEOC. It would be contrary to DFEH's statutory mandate. The California Legislature intended to provide more, not less, protection than federal law to California workers under the FEHA and related state laws.

***

Again, as other respondents often do, your client may receive more time to prepare for a mediation by simply requesting to enter a tolling agreement to accommodate the additional time *and also avoid prejudice to the DFEH*. If your client wishes to do so, please let us know by tomorrow. Otherwise, please confirm which date your client prefers for the mediation: July 1 or 2. We look forward to an opportunity to resolve all allegations in *Kish v. Blizzard Entertainment Inc., et al.* (DFEH Case No. 201810-03875512) without litigation.

Sincerely,

