# EXHIBIT D

| | |
|---|---|
| **From:** | Vuong, Rumduol@DFEH |
| **To:** | Baca, Elena R.; Derry, Ryan D. |
| **Cc:** | Mesinas, Soyeon@DFEH; Hosseinian, Azadeh@DFEH; Davis, Felicia A. |
| **Subject:** | [EXT] RE: Kish v. Blizzard, et al, Tolling Agreement Extension |
| **Date:** | Wednesday, June 23, 2021 4:26:55 PM |
| **Attachments:** | image001.png |

Dear Counsel:

Please be advised that DFEH and EEOC have engaged in further dialogue and EEOC has apologized for asserting that EEOC has jurisdiction over the DFEH's Director's Complaint. EEOC has affirmed that DFEH has jurisdiction to investigate claims alleged in its Director's Complaint. If you have any questions about EEOC's misstatement, please contact Rosa Viramontes, Director of EEOC's Los Angeles District Office. Accordingly, please confirm whether your clients would like to proceed as planned to mediate with Mark Rudy in December and send us the extension of the tolling agreement by COB tomorrow.

Rumie

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication

**From:** Baca, Elena R. <ElenaBaca@paulhastings.com>
**Sent:** Tuesday, June 15, 2021 3:00 PM
**To:** Vuong, Rumduol@DFEH <Rumduol.Vuong@dfeh.ca.gov>; Derry, Ryan D. <ryanderry@paulhastings.com>; ANNA PARK <ANNA.PARK@EEOC.GOV>
**Cc:** Mesinas, Soyeon@DFEH <Soyeon.Mesinas@dfeh.ca.gov>; Hosseinian, Azadeh@DFEH <Azadeh.Hosseinian@dfeh.ca.gov>; Davis, Felicia A. <feliciadavis@paulhastings.com>
**Subject:** RE: Kish v. Blizzard, et al, Tolling Agreement Extension

> [EXTERNAL] This email originated from outside DFEH. Do not click links or open attachments unless you recognize the sender and know the content is safe.

+EEOC/Anna

Rumi - We are genuinely uncertain how to proceed. There are two concurrently filed, overlapping complaints. The EEOC has asserted jurisdiction. Your office apparently has a different view. We hope you understand that it puts the Company in an uncomfortable position to be asked to be the arbiter between the two positions. As we stated yesterday, we suggest we wait until there is final word from both agencies on the jurisdiction; we assume that could happen before we would need to agree to any further extension. We are not aiming to put the DFEH in a position where the statute would run during your current discussion with the EEOC.



**Elena R. Baca| Partner**
Paul Hastings LLP | 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, CA 90071 |
Direct: +1.213.683.6306 | Main: +1.213.683.6000 | Fax: +1.213.996.3306 |
elenabaca@paulhastings.com | www.paulhastings.com

**From:** Vuong, Rumduol@DFEH <Rumduol.Vuong@dfeh.ca.gov>
**Sent:** Tuesday, June 15, 2021 12:57 PM
**To:** Derry, Ryan D. <ryanderry@paulhastings.com>
**Cc:** Mesinas, Soyeon@DFEH <Soyeon.Mesinas@dfeh.ca.gov>; Hosseinian, Azadeh@DFEH <Azadeh.Hosseinian@dfeh.ca.gov>; Baca, Elena R. <ElenaBaca@paulhastings.com>; Davis, Felicia A. <feliciadavis@paulhastings.com>
**Subject:** [EXT] RE: Kish v. Blizzard, et al, Tolling Agreement Extension

Dear Ryan,

As we have noted in our prior email, DFEH disagrees with Anna Park's claim of jurisdiction over this state investigation. Indeed, as DFEH has explained its position on numerous occasions that EEOC cannot pursue alleged violations of state law and cannot assert jurisdiction over a DFEH-initiated investigation concerning such allegations.

There is simply no authority supporting Anna Park's claim. For example, the worksharing agreement she relies upon plainly states: "This delegation of authority to receive charges does not include the right of one Agency to determine the jurisdiction of the other Agency over a charge. Charges can be transferred from one agency to another in accordance with the terms of this agreement or by other mutual agreement." Worksharing Agreement between EEOC and DFEH, Section II.A. DFEH has not agreed to transfer its DFEH Director's Complaint to EEOC. Moreover, Title VII provides deference to state civil rights enforcement by state agencies, where possible, to avoid unnecessary federal intervention. Title VII, Section 706(c) and (d). Finally, as Anna Park acknowledges in a prior email, she does not even have authority over the EEOC's investigation or the worksharing agreement, and your client should not rely on her misrepresentations.

DFEH will continue to pursue its investigation, including taking the necessary action to preserve our rights. Respondents' continued refusal to provide an answer on whether it will enter in an extension of the tolling agreement cannot be seen as anything other than a contravention of the good faith efforts DFEH has made to work with Respondent in this investigation.

Rumie

**From:** Derry, Ryan D. <ryanderry@paulhastings.com>
**Sent:** Monday, June 14, 2021 5:34 PM
**To:** Vuong, Rumduol@DFEH <Rumduol.Vuong@dfeh.ca.gov>
**Cc:** Mesinas, Soyeon@DFEH <Soyeon.Mesinas@dfeh.ca.gov>; Hosseinian, Azadeh@DFEH <Azadeh.Hosseinian@dfeh.ca.gov>; ROSA VIRAMONTES <ROSA.VIRAMONTES@EEOC.GOV>; ANNA PARK <ANNA.PARK@EEOC.GOV>; Baca, Elena R. <elenabaca@paulhastings.com>; Davis, Felicia A. <feliciadavis@paulhastings.com>
**Subject:** RE: Kish v. Blizzard, et al, Tolling Agreement Extension

> **[EXTERNAL]** This email originated from outside DFEH. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Rumie - It is our understanding that the EEOC asserted jurisdiction. After we received your email on Friday, there was another email from the EEOC on the subject. We suggest we wait until there is final word on the jurisdiction issue to connect; we assume that could happen before we would need to agree to any further extension.

Best,

**From:** ANNA PARK <ANNA.PARK@EEOC.GOV>
**Sent:** Friday, June 11, 2021 7:12 PM
**To:** Vuong, Rumduol@DFEH <Rumduol.Vuong@dfeh.ca.gov>; Baca, Elena R. <ElenaBaca@paulhastings.com>; Davis, Felicia A. <feliciadavis@paulhastings.com>; Derry, Ryan D. <ryanderry@paulhastings.com>
**Cc:** Mesinas, Soyeon@DFEH <Soyeon.Mesinas@dfeh.ca.gov>; Hosseinian, Azadeh@DFEH <Azadeh.Hosseinian@dfeh.ca.gov>; ROSA VIRAMONTES <ROSA.VIRAMONTES@EEOC.GOV>
**Subject:** [EXT] Re: Kish v. Blizzard, et al, Tolling Agreement Extension

Rumie,

I think the issue relates to not the DFEH's director's charge but the fact that the EEOC's Commissioner's and the interplay with the DFEH Director's charge. The DFEH Director's charge is a duplicate and therefore EEOC has jurisdiction over this investigation.

Anna

Get Outlook for iOS

**From:** Vuong, Rumduol@DFEH <Rumduol.Vuong@dfeh.ca.gov>
**Sent:** Friday, June 11, 2021 4:59:32 PM

**To:** Baca, Elena R. <elenabaca@paulhastings.com>; Davis, Felicia A. <feliciadavis@paulhastings.com>; Derry, Ryan D. <ryanderry@paulhastings.com>
**Cc:** Mesinas, Soyeon@DFEH <Soyeon.Mesinas@dfeh.ca.gov>; Hosseinian, Azadeh@DFEH <Azadeh.Hosseinian@dfeh.ca.gov>; ANNA PARK <ANNA.PARK@EEOC.GOV>
**Subject:** RE: Kish v. Blizzard, et al, Tolling Agreement Extension

Elena,

You asked in this email chain whether DFEH would defer our case to EEOC.  As we said before, DFEH is not deferring the DFEH's Director's Complaint as it asserts the department 's state law claims that cannot be pursued by EEOC.  DFEH has been conducting an agency- initiated investigation under state law since 2018 and you are nonetheless requesting that DFEH defer its case at the end of the investigation to EEOC for the convenience of your client despite that as all parties agree, each agency can make its own findings and prosecute claims under FEHA or Title VII.  DFEH has continued to accommodate numerous requests for extensions on responses to investigative discovery and thereby reduced your client's burdens.  Accordingly, the tolling agreement is justified to demonstrate your client's good faith in eventually complying with its FEHA discovery obligations rather than running out the clock.  As such, before we entertain any further questions which we have thoroughly answered, we request that you confirm by Monday whether your client has seen and approved the tolling agreement.

Rumie

**From:** Baca, Elena R. <ElenaBaca@paulhastings.com>
**Sent:** Friday, June 11, 2021 2:58 PM
**To:** Vuong, Rumduol@DFEH <Rumduol.Vuong@dfeh.ca.gov>; Davis, Felicia A. <feliciadavis@paulhastings.com>; Derry, Ryan D. <ryanderry@paulhastings.com>
**Cc:** Mesinas, Soyeon@DFEH <Soyeon.Mesinas@dfeh.ca.gov>; Hosseinian, Azadeh@DFEH <Azadeh.Hosseinian@dfeh.ca.gov>; ANNA PARK <ANNA.PARK@EEOC.GOV>
**Subject:** RE: Kish v. Blizzard, et al, Tolling Agreement Extension

**[EXTERNAL]** This email originated from outside DFEH. Do not click links or open attachments unless you recognize the sender and know the content is safe.

+ EEOC/Anna Park

Rumie –

Thank you for letting us know the agencies have connected.  We are unclear as to what your statement means when you say, "We do not agree with the EEOC's position."  Are you able to provide us with more clarity?

In the meantime, we will connect with our client.

Many thanks



**Elena R. Baca| Partner**
Paul Hastings LLP | 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, CA 90071 |
Direct: +1.213.683.6306 | Main: +1.213.683.6000 | Fax: +1.213.996.3306 |
elenabaca@paulhastings.com | www.paulhastings.com

**From:** Vuong, Rumduol@DFEH <Rumduol.Vuong@dfeh.ca.gov>
**Sent:** Friday, June 11, 2021 11:28 AM
**To:** Baca, Elena R. <ElenaBaca@paulhastings.com>; Davis, Felicia A. <feliciadavis@paulhastings.com>; Derry, Ryan D. <ryanderry@paulhastings.com>
**Cc:** Mesinas, Soyeon@DFEH <Soyeon.Mesinas@dfeh.ca.gov>; Hosseinian, Azadeh@DFEH <Azadeh.Hosseinian@dfeh.ca.gov>
**Subject:** [EXT] RE: Kish v. Blizzard, et al, Tolling Agreement Extension

Elena,

The DFEH and EEOC have conferred as you suggested.  We do not agree with EEOC's position.  Please confirm by Monday whether Blizzard will agree to tolling to allow Blizzard and DFEH to attend the December 2020 mediation scheduled with Mark Rudy.  Also please confirm whether your client is fully informed regarding DFEH's request for tolling to allow for the mediation with Mark Rudy.

Rumie

**From:** Baca, Elena R. <ElenaBaca@paulhastings.com>
**Sent:** Wednesday, June 9, 2021 3:59 PM
**To:** Vuong, Rumduol@DFEH <Rumduol.Vuong@dfeh.ca.gov>; Davis, Felicia A. <feliciadavis@paulhastings.com>; Derry, Ryan D. <ryanderry@paulhastings.com>
**Cc:** Mesinas, Soyeon@DFEH <Soyeon.Mesinas@dfeh.ca.gov>; Hosseinian, Azadeh@DFEH <Azadeh.Hosseinian@dfeh.ca.gov>; ANNA PARK <ANNA.PARK@EEOC.GOV>
**Subject:** RE: Kish v. Blizzard, et al, Tolling Agreement Extension

**[EXTERNAL]** This email originated from outside DFEH. Do not click links or open attachments unless you recognize the sender and know the content is safe.

+ EEOC/Anna Park

Rumie –

Thank you for the continued dialogue on these issues.  As you note, we would like more insight and assistance from the Agency and EEOC on the question of jurisdiction and, in turn, the need for a tolling agreement.  Based on the email we both received from the EEOC after your message, with the EEOC asserting jurisdiction and a dual filed charge predating that of the DFEH, it is our understanding that the EEOC has jurisdiction.

We want to be clear that we are not trying to make things difficult for the Agency.  From the outset, our clients have been cooperating with respect to producing documents, witnesses, and information and scheduling.  We have also been asking about the jurisdiction issues and potential substantive concerns the Agency may have; proceeding on parallel tracks has resulted in our clients expending significant time, effort and internal resources. We do not believe this would be the Agency's intended goal.  We, however, would appreciate understanding whether—given the workshare agreement and the EEOC's assertion of jurisdiction—we can reduce the burden on our clients with one agency, the EEOC, handling these matters.

We suggest that, rather than force an issue on the tolling agreement question within 24 hours, we defer the conversation at least a week to allow the DFEH and EEOC to confer further.  The reality is that there is insufficient time in the next 2.5 weeks for the Agency to finish gathering information, conclude its investigation, provide us with notice of what we might be mediating, participate in mediation and, assuming that mediation were to fail, 10 days thereafter, initiate litigation.  Nor does it make sense for us and the DFEH to focus further resources on this investigation if, ultimately, the DFEH will be passing these issues to the EEOC.  Thus, whether we have to make the decision now or in another week, when we have more clarity, would seem immaterial.  At a minimum, our clients would agree to extend the tolling agreement by a week, to allow the Agency and EEOC time to confer.

Please let us know if this path is acceptable to the DFEH.

Thanks,



**Elena R. Baca| Partner**
Paul Hastings LLP | 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, CA 90071 |
Direct: +1.213.683.6306 | Main: +1.213.683.6000 | Fax: +1.213.996.3306 |
elenabaca@paulhastings.com | www.paulhastings.com

**From:** Vuong, Rumduol@DFEH <Rumduol.Vuong@dfeh.ca.gov>
**Sent:** Tuesday, June 8, 2021 3:43 PM
**To:** Baca, Elena R. <ElenaBaca@paulhastings.com>; Davis, Felicia A. <feliciadavis@paulhastings.com>; Derry, Ryan D.

<ryanderry@paulhastings.com>
**Cc:** Mesinas, Soyeon@DFEH <Soyeon.Mesinas@dfeh.ca.gov>; Hosseinian, Azadeh@DFEH <Azadeh.Hosseinian@dfeh.ca.gov>
**Subject:** [EXT] RE: Kish v. Blizzard, et al, Tolling Agreement Extension

Hi Elena,

We appreciate your response but I think there may be some confusion as to the tolling issue.

The operative complaint for DFEH's investigation is a director's compliant which alleges group claims. While the one year statute of limitations for individuals who have been issued a right to sue can be tolled where either DFEH defers the investigation of the charge to EEOC (Cal. Govt Code Section 12965(d)(1)) or EEOC defers the investigation to DFEH (Cal. Govt Code Section 12965(e)(1)), there is no statutory provision tolling the deadline for DFEH to pursue a civil action because the charges are dually filed. As such, a tolling agreement is necessary regardless of the parameters of the respective investigations.

DFEH intends to complete its investigation by the deadline regardless of whether it is the current July deadline or the proposed extension in our agreement. **DFEH needs to know by COB tomorrow (June 9) whether Respondents intend to agree to an extension of the tolling agreement.** While we remain open to negotiating the terms of the extension, if Respondents are unwilling to agree to an extension, DFEH will need to begin the process of arranging for an internal mediation in June and file suit before July 7, 2021 since the case expires on July 7, 2021 without an extension.

Lastly, if it is Respondents' intention to no longer agree to an extension, DFEH would request that Respondents provide dates in the next 2-3 weeks for those witnesses previously identified.

Rumie

**From:** Baca, Elena R. <ElenaBaca@paulhastings.com>
**Sent:** Tuesday, June 8, 2021 11:55 AM
**To:** Vuong, Rumduol@DFEH <Rumduol.Vuong@dfeh.ca.gov>; Davis, Felicia A. <feliciadavis@paulhastings.com>; Derry, Ryan D. <ryanderry@paulhastings.com>; 'ANNA PARK' <ANNA.PARK@EEOC.GOV>
**Cc:** Mesinas, Soyeon@DFEH <Soyeon.Mesinas@dfeh.ca.gov>; Hosseinian, Azadeh@DFEH <Azadeh.Hosseinian@dfeh.ca.gov>
**Subject:** RE: Kish v. Blizzard, et al, Tolling Agreement Extension

> **[EXTERNAL]** This email originated from outside DFEH. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hi Rumie – Thank you for your email. We were hoping to get some clarity from both of the agencies, given the overlap and dual-filing. It is our understanding that, under the Government Code, if the state does not complete its investigation in the time allotted, it may defer the investigation to the EEOC (which first asserted jurisdiction). Thus, we thought it might be an option the DFEH might agree to, rather than have parallel proceedings. Do you know whether there are any discussions between the agencies as to how best to proceed? It would be helpful to know this, as it would seem to impact whether a new tolling agreement is necessary, at all. Or, do you have an alternative suggestion as to the best way to sort this out? As always, we appreciate your continued cooperation.



**Elena R. Baca| Partner**
Paul Hastings LLP | 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, CA 90071 |
Direct: +1.213.683.6306 | Main: +1.213.683.6000 | Fax: +1.213.996.3306 |
elenabaca@paulhastings.com | www.paulhastings.com

**From:** Vuong, Rumduol@DFEH <Rumduol.Vuong@dfeh.ca.gov>
**Sent:** Monday, June 7, 2021 8:15 AM
**To:** Baca, Elena R. <ElenaBaca@paulhastings.com>; Davis, Felicia A. <feliciadavis@paulhastings.com>; Derry, Ryan D. <ryanderry@paulhastings.com>; 'ANNA PARK' <ANNA.PARK@EEOC.GOV>
**Cc:** Mesinas, Soyeon@DFEH <Soyeon.Mesinas@dfeh.ca.gov>; Hosseinian, Azadeh@DFEH <Azadeh.Hosseinian@dfeh.ca.gov>
**Subject:** [EXT] RE: Kish v. Blizzard, et al, Tolling Agreement Extension

Dear Elena,

We appreciate your update on the tolling agreement. EEOC's investigation pertains to claims under Title VII for which there is no expiration and does not pertain to FEHA claims. DFEH is investigating claims under applicable California law, FEHA, etc. While there is no deadline for EEOC to file suit under Title VII, the dual filing does not preserve DFEH's claims under applicable state law that will expire without a tolling agreement. Specifically, as you are aware, DFEH's civil actions are governed by California Government Code Section 12965, which does impose a deadline by which DFEH must file a civil action.

Rumie

**From:** Baca, Elena R. <ElenaBaca@paulhastings.com>
**Sent:** Friday, June 4, 2021 6:57 PM
**To:** Vuong, Rumduol@DFEH <Rumduol.Vuong@dfeh.ca.gov>; Davis, Felicia A. <feliciadavis@paulhastings.com>; Derry, Ryan D. <ryanderry@paulhastings.com>; 'ANNA PARK' <ANNA.PARK@EEOC.GOV>
**Cc:** Mesinas, Soyeon@DFEH <Soyeon.Mesinas@dfeh.ca.gov>; Hosseinian, Azadeh@DFEH <Azadeh.Hosseinian@dfeh.ca.gov>
**Subject:** RE: Kish v. Blizzard, et al, Tolling Agreement Extension

[EXTERNAL] This email originated from outside DFEH. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Rumie –

Thank you for sending the draft tolling agreement.

As we looked to revise it, it occurred to us that extending the tolling agreement may be unnecessary, given the overlapping EEOC dually-filed Commissioners Charge. At a minimum, we need to understand the jurisdictional issues, since the EEOC's Commissioners Charge was dually-filed and issued September 2018, the month before the DFEH's Director's Complaint (which is also dually-filed).

It's our understanding that the EEOC has asserted jurisdiction and, thus, we have been responding to the EEOC. We have added Anna Park from the EEOC to this email in the hopes that we can come to some understanding on these jurisdictional issues.



**Elena R. Baca| Partner**
Paul Hastings LLP | 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, CA 90071 |
Direct: +1.213.683.6306 | Main: +1.213.683.6000 | Fax: +1.213.996.3306 |
elenabaca@paulhastings.com | www.paulhastings.com

**From:** Vuong, Rumduol@DFEH <Rumduol.Vuong@dfeh.ca.gov>
**Sent:** Tuesday, May 25, 2021 10:37 AM
**To:** Baca, Elena R. <ElenaBaca@paulhastings.com>; Davis, Felicia A. <feliciadavis@paulhastings.com>; Derry, Ryan D. <ryanderry@paulhastings.com>
**Cc:** Mesinas, Soyeon@DFEH <Soyeon.Mesinas@dfeh.ca.gov>; Hosseinian, Azadeh@DFEH <Azadeh.Hosseinian@dfeh.ca.gov>
**Subject:** [EXT] Kish v. Blizzard, et al, Tolling Agreement Extension

Dear Counsel,

Pursuant to our meet and confer on Friday, DFEH agreed to float a draft agreement to extend our current tolling agreement to account for the December 9, 2021 mediation with Mark Rudy's office. DFEH is in agreement with Respondents that a pre-mediation meeting will be helpful and look forward to discussing what this meeting will entail closer to the mediation date. Please find attached to this email, a draft of the agreement to extend the current tolling agreement along with the original executed tolling agreement.

Rumie

---
--

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.