# EXHIBIT I

| | |
|---|---|
| **From:** | Noh, Sue@DFEH |
| **To:** | Baca, Elena R. |
| **Cc:** | Vuong, Rumduol@DFEH; Derry, Ryan D.; Davis, Felicia A. |
| **Subject:** | [EXT] RE: Kish v. Activision Blizzard et al - Agreement |
| **Date:** | Tuesday, July 13, 2021 3:51:14 PM |
| **Attachments:** | image001.png |

Hi Elena,

Ryan Derry already sent this agreement to us on July 9, 2021. We had a meeting on July 12, 2021, where I explained that we needed the edits we made because of our concern that Respondents were attempting to settle claims before the Dec. 9, 2021, mediation with Mark Rudy. There was no need to send back the same agreement Ryan sent on July 9, 2021, since we discussed it during the call on July 12, 2021. Thereafter, at your request we rescheduled a call for today (July 13, 2021). We again explained today that we could not agree to the tolling agreement without an assurance that DFEH would not be appearing for a mediation on Dec. 9, 2021, only to learn that some portion of the claims were resolved.

In today's call, DFEH again invited Respondents to attend the mandatory dispute resolution on July 15, 2021. To provide as many options, we also secured a second full day to participate in the mandatory dispute resolution on July 20, 2021. Since you will be out of the county on July 20, we **need a response by noon tomorrow as to whether Respondents will attend the July 15 mandatory dispute resolution**. As we explained on our call today, the July 15 mandatory dispute resolution would provide a meaningful opportunity for DFEH to further inform Respondents of the substantive claims at issue, and make an opening demand. The mandatory mediation to be conducted by Zoom and a mediation with Mark Rudy are not mutually exclusive. We simply need to know one way or the other whether Respondents would like to attend the mandatory dispute resolution. If Respondents do not wish to hear from the DFEH about the substantive claims through the mandatory dispute resolution process we can't force them to listen, but please let us know whether they will show up.

Sue Noh
Assistant Chief Counsel
Department of Fair Employment & Housing
Cell: 916-708-2329
*she/her*

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

**From:** Baca, Elena R. <ElenaBaca@paulhastings.com>
**Sent:** Tuesday, July 13, 2021 3:30 PM
**To:** Noh, Sue@DFEH <Sue.Noh@dfeh.ca.gov>
**Cc:** Vuong, Rumduol@DFEH <Rumduol.Vuong@dfeh.ca.gov>; Derry, Ryan D. <ryanderry@paulhastings.com>; Davis, Felicia A. <feliciadavis@paulhastings.com>
**Subject:** Kish v. Activision Blizzard et al - Agreement

**[EXTERNAL]** This email originated from outside DFEH. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Sue - Attached is a signed version of the tolling agreement our clients have authorized us to enter with the DFEH. As we discussed, this document does not seek to address the jurisdictional issues between the agencies one way or the other; our clients are not prepared to take any position on those questions. Rather, this agreement leaves everyone where they are currently but allows DFEH and Respondents sufficient time to have a meaningful pre-mediation and mediation process – which we understood to be the shared goal of extending the tolling agreement. We look forward to hearing from you.

**Elena R. Baca| Partner**

 Paul Hastings LLP | 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, CA 90071 | Direct: +1.213.683.6306 | Main: +1.213.683.6000 | Fax: +1.213.996.3306 | elenabaca@paulhastings.com | www.paulhastings.com

*********************************************************************************

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.