ELENA R. BACA (SB# 160564)
elenabaca@paulhastings.com
FELICIA A. DAVIS (SB# 266523)
feliciadavis@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, California  90071-2228
Telephone:  1(213) 683-6000
Facsimile:  1(213) 627-0705

RYAN D. DERRY (SB# 244337)
PAUL HASTINGS LLP
ryanderry@paulhastings.com
101 California Street
Forty-Eighth Floor
San Francisco, California 94111
Telephone:   (415) 856-7000
Facsimile:   (415) 856-7100

Attorneys for Defendants
ACTIVISION BLIZZARD, INC., BLIZZARD
ENTERTAINMENT, INC., ACTIVISION
PUBLISHING, INC., and KING.COM, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>ACTIVISION BLIZZARD, INC., BLIZZARD ENTERTAINMENT, INC., ACTIVISION PUBLISHING, INC., and KING.COM, INC., and DOES ONE through TEN, inclusive,<br><br>Defendants. | CASE NO. 2:21-CV-07682 DSF-JEM<br><br>**OBJECTION TO CWA'S OBJECTION AND REQUEST FOR FAIRNESS HEARING**<br><br>Dept.:     7D<br>Judge:    Hon. Dale S. Fischer |

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................ 1

II.   LEGAL ARGUMENT ........................................................................ 2

    A.    CWA's "Objection" Is Without Any Procedural Basis. ...................... 2

    B.    CWA Does Not Represent Activision Blizzard Employees And Has No Standing To Object To The Consent Decree. .......................... 3

    C.    The "Objection" Should Also Be Overruled On Substance—The Consent Decree Is Fair And Reasonable. ............................................. 5

III.  CONCLUSION ................................................................................. 6

# I.    **INTRODUCTION**

The Communication Workers of America ("CWA") has no connection whatsoever to this matter. It is not a party to this litigation or the proposed Consent Decree. It has no claim that will be resolved by the Consent Decree. And it has never been recognized as a collective bargaining representative of any of Activision Blizzard's employees.

Notwithstanding that total lack of connection, CWA has filed a one-paragraph "objection" asking the Court to schedule a fairness hearing. CWA's "objection" cites no rule of Civil Procedure that would allow its filing, does not seek to actually intervene in the case, and in fact makes no developed legal argument at all.[1] Instead, it cites a single (inapplicable) case and attaches a letter it wrote to the EEOC posing several questions about the Consent Decree.

For at least three reasons, CWA's "objection" should be summarily rejected. First, since CWA is not a party to this matter, the Federal Rules of Civil Procedure do not allow CWA's "objection." And CWA has not even tried to meet the requirements of Federal Rule of Civil Procedure 24 to actually intervene in the case, which wold fail in any event. Second, CWA is not the lawfully-recognized collective bargaining representative of any of Activision Blizzard's employees, and to treat it as such is wholly inconsistent with Section 7 of the National Labor Relations Act ("NLRA"). Third, even if CWA's "objection" were proper, and even if CWA actually was the lawfully-recognized collective bargaining representative of

---

[1] CWA's "objection" and the limited explanation contained therein appears to be another effort by its counsel in a line of "frivolous, inapplicable arguments"—which have led to counsel being "repeatedly warned and/or admonished" in matters before the National Labor Relations Board. *See S.F. Div. of Judges IATSE Local 16*, 2021 NLRB LEXIS 398, at *19 & n.24 (Sept. 24, 2021) ("Respondent counsel David Rosenfeld has been repeatedly warned and/or admonished by the Board for continually making these frivolous, inapplicable arguments that counsel knows have been repeatedly rejected by the Board."); *Bettie Page Clothing*, 359 N.L.R.B. 777, 781 n.2 (2013) ("David Rosenfeld, Esq., filed a motion for a more definite statement and a notice for request for remedy; both are frivolous and simply waste time and resources.").

OBJECTION TO CWA OBJECTION AND
REQUEST FOR FAIRNESS HEARING

1  Activision Blizzard's employees, no fairness hearing is needed because the proposed
2  Consent Decree easily meets the standards for approval by this Court.  Indeed, as
3  explained in Activision Blizzard's concurrently filed Opposition to the California
4  Department of Fair Employment and Housing's Motion to Intervene, the proposed
5  Consent Decree is consistent with consent decrees that are routinely approved in this
6  district and others around the country without a fairness hearing.

7  For those reasons, and the additional ones noted below, CWA's "objection"
8  seeking a fairness hearing must fail.

9  **II.   LEGAL ARGUMENT**

10  **A.   CWA's "Objection" Is Without Any Procedural Basis.**

11  The Federal Rules of Civil Procedure generally do not recognize a
12  free-standing right of non-parties to lodge objections to settlements.  Indeed,
13  non-parties typically can be heard only as part of a Rule 23 fairness hearing.  *See* Fed.
14  R. Civ. P. 23(e)(5)(A).  An EEOC enforcement action, however, is not a class action
15  governed by the requirements of Rule 23.  *See EEOC v. Waffle House, Inc.*, 534 U.S.
16  279, 288 (2002) (acknowledging that "the EEOC was not required to comply with
17  Rule 23").  Accordingly, those procedures and the right to "object" to a proposed
18  settlement do not apply here.

19  Thus, the only means for CWA to interject itself into this matter is through a
20  motion to intervene under Federal Rule of Civil Procedure Rule 24.  *See* Fed. R. Civ.
21  P. 24.  Rule 24 intervention is available, however, only if CWA demonstrates that it
22  has "a 'significantly protectable' interest relating to . . . the subject of the action" that
23  will be "impair[ed] or impede[d]" and which is not "[]adequately represented by the
24  parties to the action."  *See Cooper v. Newsom*, 13 F.4th 857, 864 (9th Cir. 2021)
25  (quoting *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011)
26  (*en banc*)).

27  Here, CWA has not properly noticed such a motion, nor has it asserted, nor
28  could it prevail, on a request to intervene under Rule 24.  That is because CWA

OBJECTION TO CWA OBJECTION AND
REQUEST FOR FAIRNESS HEARING

cannot establish that it has "a 'significantly protectable' interest relating to the . . . the subject of the action" that will be "impair[ed] or impede[d]" and which is not "[]adequately represented by the parties to the action."  *See id.*  CWA's bare allegation—unsupported by any form of evidence—that it "represents a number of Activision current and former employees" does not suffice here.  Indeed, as discussed below, CWA has no standing to represent any interests in this matter, and the Consent Decree itself is fair, reasonable, and adequately protects the interests of those who choose to participate.  Thus, CWA's "objection" is improper and should not be recognized by this Court.

## B.   CWA Does Not Represent Activision Blizzard Employees And Has No Standing To Object To The Consent Decree.

Even if CWA's "objection" was not procedurally improper, CWA still would have no basis or standing to object.  An individual or entity must have standing to object to a settlement.  *See In re Hydroxycut Marketing & Sales Practices Litig.,* No. 09md2087 BTM (KSC), 2013 WL 5275618, at *2 (S.D. Cal. Sept. 17, 2013) ("The party seeking to invoke the Court's jurisdiction—in this case, the Objectors—has the burden of establishing standing.").

In an effort to suggest it has standing here, CWA (1) cites to a single case, *Soc. Servs. Union Local 535 v. County of Santa Clara*, 609 F.2d 944, 948-49 (9th Cir. 1979), claiming it stands for the proposition that "generally a union has standing to raise" issues regarding a settlement; and (2) informs the Court, without citation to any evidence, that CWA represents "a number of Activision current and former employees."  Objection, 1:1-8.  CWA's reliance on *Social Services* and its representations to the Court are disingenuous and must be rejected.

First, *Social Services* is wholly inapplicable here.  In *Social Services*, unions that *already* had representative status for purposes of collective bargaining under the NLRA brought a Rule 23 class action claim on behalf of union members.  609 F.2d 944.  Here, CWA is not the lawfully recognized collective bargaining representative

for any Activision Blizzard employees, CWA has not brough a class action claim, and, as explained above, the Consent Decree is not subject to Rule 23's procedures. For those reasons, *Social Services* has no bearing.

In fact, what CWA fails to tell the Court is that, where a union is not the recognized representative, it typically has no standing to bring claims or interject on the purported behalf of employees. *See, e.g.*, *Nestle Ice Cream Co. v. NLRB*, 46 F.3d 578, 585-86 (6th Cir. 1995) (holding that unions could not be Rule 23 class representatives because they did not represent a bargaining unit of employees).

Second, CWA's statement to this Court that it represents "a number of Activision current and former employees" is misleading. *See* Objection, 1:1-2. CWA presents no evidence that it was certified as a representative of employees by the National Labor Relations Board ("NLRB"), because that has never happened. CWA presents no evidence that it has been recognized by any relevant employer here, because that has also never happened. Courts have long recognized that a union cannot be lawfully recognized unless that union represents a majority of employees— whether by NLRB process of certification or otherwise. *See, e.g.*, *Int'l Ladies' Garment Workers' Union v. NLRB*, 366 U.S. 731, 737-39 (1961) (concluding that both a union and employer commit unfair practices when they sign a collective-bargaining agreement recognizing the union as the exclusive bargaining representative when in fact only a minority of the employees have authorized the union to represent their interests).

Since CWA does not legally represent Activision Blizzard's employees, treating it as if it does would directly undermine Section 7 of the NLRA. "There could be no clearer abridgment of § 7 of the Act, assuring employees the right to 'bargain collectively through representatives of their own choosing' or 'to refrain from' such activity" than to grant "exclusive bargaining status to an agency selected by a minority of its employees, thereby impressing that agent upon the nonconsenting majority." *Id.* at 737. Thus, to allow CWA—which has never been lawfully certified

OBJECTION TO CWA OBJECTION AND
REQUEST FOR FAIRNESS HEARING

or recognized as a collective bargaining representative of Activision Blizzard's employees—to object and confer standing upon itself would be contrary to Section 7 of the NLRA.  CWA's "objection" should be rejected.

**C.** **The "Objection" Should Also Be Overruled On Substance—The Consent Decree Is Fair And Reasonable.**

Setting aside the procedural and legal deficiencies with CWA's "objection," it should also be overruled for the simple reason that the Consent Decree is fair and promotes the public interest.  As explained in Activision Blizzard's concurrently filed Opposition to the California Department of Fair Employment and Housing's Motion to Intervene, the proposed Consent Decree is consistent with consent decrees that are routinely approved in this district and others around the country without a fairness hearing.  *See* Dkt. 31.  The Consent Decree is the result of a months-long conciliation process, facilitated by a private mediator, in a good-faith effort to resolve the EEOC's claims.  It includes not only extensive policy and practice measures that Activision Blizzard will continue to implement to improve its workplaces, but also an $18 million fund that will be used to compensate eligible employees who *voluntarily make claims* and *choose to participate* in the financial portion of the settlement.  The terms of the Consent Decree are fair and reasonable.  CWA's "objection" should be overruled.

///
///
///
///
///
///
///
///
///

OBJECTION TO CWA OBJECTION AND
REQUEST FOR FAIRNESS HEARING

**III.**   **CONCLUSION**

CWA's attempts to interject itself into the parties' Consent Decree is without support and, quite simply, a frivolous filing.  CWA lacks standing to "object" and merely attempts to delay and derail Activision Blizzard employees' ability to recover, if they so choose, under the terms of the Consent Decree.  CWA's "objection" should be rejected out of hand, and the EEOC's and Activision Blizzard's Consent Decree approved and entered.

DATED:  November 8, 2021

PAUL HASTINGS LLP

By: _____

ELENA R. BACA

Attorneys for Defendants
ACTIVISION BLIZZARD, INC.,
BLIZZARD ENTERTAINMENT, INC.,
ACTIVISION PUBLISHING, INC., and
KING.COM, INC.

OBJECTION TO CWA OBJECTION AND
REQUEST FOR FAIRNESS HEARING