Anna Y. Park, SBN 164242
anna.park@eeoc.gov
Nakkisa Akhavan, SBN 286260
nakkisa.akhavan@eeoc.gov
Taylor Markey, SBN 319557
taylor.markey@eeoc.gov
Maurice Neishlos, NY SBN 5639265
maurice.neishlos@eeoc.gov
Alisha Ansari, SBN 312875
alisha.ansari@eeoc.gov
Ella Hushagen, SBN 297990
ella.hushagen@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 422-8396
Facsimile: (213) 894-1301
E Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>ACTIVISION BLIZZARD, INC., BLIZZARD ENTERTAINMENT, INC., ACTIVISION PUBLISHING, INC., and KING.COM, INC., and DOES ONE through TEN, inclusive,<br><br>Defendants. | Case No.: 2:21-cv-07682-DSF-JEM<br><br>**DECLARATION OF DISTRICT DIRECTOR ROSA VIRAMONTES IN SUPPORT OF OPPOSITION TO DFEH'S MOTION TO INTERVENE** |

**DECLARATION OF ROSA VIRAMONTES**

I, Rosa Viramontes, have personal knowledge of the facts set forth in this Declaration. I am competent to attest to these facts and would do so if called to testify.

1. I am the District Director of the Los Angeles District Office ("LADO") of the United States Equal Employment Opportunity Commission ("EEOC"). I have been the District Director at all relevant times herein. As the District Director, I am responsible for, among other things, the investigations and the operations of the Los Angeles District Office that covers Southern California, Central California, Nevada, Hawaii, Guam, American Samoa, Wake Islands, and the Northern Mariana Islands. I have been with the EEOC for 43 years with experience in systemic investigations since 1983. As of October 1, 2021, I am currently the Acting Director of Field Management Programs for the EEOC in Washington, D.C.

2. In February 2018, I received an anonymous complaint from an employee of Blizzard Entertainment, Inc., a subsidiary of Activision Blizzard, Inc., alleging, among other things, that a hostile work environment based on sex existed at her place of employment.

3. On September 26, 2018, former EEOC Commissioner Chai Feldblum signed the Commissioner's Charge, Charge No. 480-2018-05212, against Activision Blizzard, Inc. ("Commissioner's Charge") that was dually filed with DFEH.

**A.  EEOC Maintains Cooperative Agreements with Local Fair Employment Practices Agencies**

4. As the District Director, I was the signatory and contracting official on behalf of the EEOC for the California Worksharing Agreement between the EEOC and the California Department of Fair Employment and Housing ("DFEH"), the California Fair Employment Practices Agency ("FEPA"). The California Worksharing Agreement covers the agreement between two EEOC District Offices in California, the Los Angeles District Office and the San Francisco District Office, and DFEH. I also have Worksharing Agreements with other states in my District.

5. The DFEH signatory for the Worksharing Agreement is DFEH Director Kevin Kish.

6. The Worksharing Agreement is publicly available and intended to foster cooperation between the two agencies, in accordance with Title VII, on charge intake and investigations to avoid duplication of efforts and to better serve our stakeholders, including individuals harmed by violations of the civil rights laws which each agency enforces. The DFEH and the EEOC have had a Worksharing Agreement for decades.

7. The operative Worksharing Agreement was signed by me and DFEH Director Kevin Kish on October 2, 2018 and October 3, 2018, respectively. *See* Declaration of Janette Wipper In Support of Motion to Intervene ("Wipper Decl."), ¶ 6, Exhibit ("Exh.") A. This Worksharing Agreement has been extended annually to 2021. Specifically, the Fiscal Year 2021 Extension of Worksharing Agreement was signed by Kevin Kish on November 2, 2020. I signed it on November 4, 2020. This extension applied to the time period of October 1, 2020 through September 30, 2021. Under long-standing practice in place throughout my tenure as the District Director, the agencies continue to honor the terms in handling charges until the new agreement is signed if there is a lapse in the contract.

8. The Worksharing Agreement explicitly provides that EEOC Commissioner's Charges will be initially processed by the EEOC. *See* Wipper Decl., ¶ 6, Exh. A (Worksharing Agreement) at § III(A)(1) ("[T]he EEOC will initially process…[a]ll charges filed by EEOC Commissioners[.]"). Accordingly, the Commissioner's Charge against Activision was to be investigated by the EEOC on all claims.

9. During my tenure as District Director, the longstanding practice of the EEOC and the DFEH has been for the agency with the earliest charge to conduct the investigation, pursuant to the Worksharing Agreement. *See* Wipper Decl., ¶ 6, Ex. A (Worksharing Agreement) §§ II(C) ("Normally, once an agency begins an investigation, it resolves the charge.").

10. In my experience as District Director, I have observed that EEOC and DFEH

- 3 -

regularly defer complaints that implicate overlapping areas of civil rights law to one another in order to avoid duplication of investigatory work.

**B.     EEOC and DFEH Agreed to Cooperate and Divide Responsibilities on the Activision Investigation**

11.     Sometime in or around November 28, 2018, I was out of the office when I learned that DFEH Director Kevin Kish signed a Director's Complaint, DFEH Case No. 201810-03875512, EEOC Charge No. 37A-2019-00053-C, against Blizzard Entertainment, Inc. ("Director's Complaint").  I directed my Deputy Director, Christine Park-Gonzalez, to communicate with DFEH on my behalf regarding the charges. Deputy Director Park-Gonzalez informed me that the two agencies discussed coordinating the investigations.  Deputy Director Park-Gonzalez told me the agencies agreed that the EEOC would take jurisdiction of the sexual harassment investigation and DFEH would take on the investigation related to sex-based discrimination in pay and promotion.

12.     On or about December 10, 2018, DFEH Director Kish and I agreed to formalize the agreement related to the investigation into Activision. My understanding was that the two agencies were formally agreeing to coordinate and divide up the investigation into Activision, pursuant to our Worksharing Agreement. *See* Wipper Decl., Ex. A (Worksharing Agreement) at §§ II(C) & III(B). I understood that the agencies agreed that EEOC would investigate harassment allegations and DFEH would investigate pay and promotion related allegations (the "Interagency Agreement"). DFEH Director Kish and I discussed entering into a common interest agreement and he sent me a draft to review. However, the substance of the common interest agreement did not apply to the circumstance involving two civil rights agencies with a preexisting worksharing agreement.  DFEH Director Kish and I agreed that the common interest agreement was not workable and he ultimately referred me to follow up with DFEH General Counsel Janette Wipper.  I understood that DFEH General Counsel Wipper was representing the DFEH on behalf of DFEH Director Kish to work out the specifics of the Interagency Agreement between the agencies.

13. Over the course of 2019, I spoke to Ms. Wipper several times. We discussed and agreed that the EEOC would take the lead on investigating claims related to harassment and DFEH would take the lead with respect to pay and promotion claims. I communicated to the EEOC investigatory and legal staff the parameters for the Interagency Agreement. EEOC staff conducted the investigation accordingly. Indeed, EEOC and DFEH staff communicated with each other regarding this arrangement at various intervals in 2019 and 2020. I understood that both agencies were adhering to the contours of our Interagency Agreement since at least December 2018.

14. Ms. Wipper and I memorialized the Interagency Agreement on behalf of our respective agencies through a series of emails exchanged between May 22, 2020 and June 4, 2020, true and correct copies of which are attached hereto as **Exhibits A - C**. In the emails, the EEOC and DFEH agreed to the following specific terms:

    a. "Pursuant to [the] Worksharing Agreement, [] common equal employment opportunity authorities, and [] common goals," DFEH and EEOC were "working together on an investigation of potential violations by Activision Blizzard and its subsidiaries/affiliates." Exh. A (Email from Wipper dated May 22, 2020).

    b. The parties were to "continue to coordinate during the investigation." *Id.*

    c. If reasonable cause determinations were to be issued, both agencies were to "coordinate conciliation and mediation efforts together." *Id.*

    d. The EEOC was to investigate "the harassment allegations" and "take the lead on investigation of the harassment allegations." *Id.*; Exh. B (Email from Wipper dated June 2, 2020).

    e. DFEH was to "take the lead on" the investigation of sex discrimination relating to "pay, promotion and advancement opportunities, hiring and assignment, transfer, training and other opportunities, reassignment, demotion and termination allegations" and failure to prevent discrimination under Gov. Code § 12940(k). Exh. B (Email from Wipper dated June 2, 2020). The email noted that it was memorializing this

- 5 -

Declaration of Rosa Viramontes ISO Opposition to Motion to Intervene

division of work "per our discussion." *Id.*

      f.    DFEH explicitly agreed it "is not conducting the investigation of the harassment allegations in this matter." Exh. C (Email from Wipper dated June 4, 2020).

15. In reliance on the Interagency Agreement, EEOC limited the scope of its investigation to harassment. EEOC proceeded to investigate harassment claims pursuant to the Interagency Agreement. EEOC did not investigate the pay and promotion claims.

16. I entered into the Interagency Agreement because of the EEOC's concern to protect the public and, especially, harmed individuals, from the confusion and re-traumatization that would result from multiple agencies requesting that they share the same sensitive facts repeatedly. It is a longstanding practice at the EEOC to coordinate and work cooperatively with other civil rights agencies, and to avoid duplicative investigations.

17. At no time did I have a discussion with Ms. Wipper to rescind or modify the Interagency Agreement or the Worksharing Agreement.

18. In August 2020, counsel for Activision Blizzard, Inc., Blizzard Entertainment, Activision Publishing, and King Digital (collectively, "Defendants") wrote to me to ask questions about the two investigations. At my direction, EEOC staff met telephonically with DFEH staff on August 20, 2020 to discuss how to respond. EEOC staff provided a proposed response to DFEH on August 20, 2020. A true and correct copy of the proposed response EEOC provided to DFEH is attached hereto as **Exhibit D**.

19. At the time my staff had a conversation with Ms. Wipper and DFEH staff on August 20, 2020, where DFEH agreed to disclose the agreement to Defendants, the EEOC had a conciliation pilot program underway.

20. On August 27, 2020, one week after EEOC staff emailed Ms. Wipper the EEOC's proposed response to Defendants describing the Interagency Agreement, Ms. Wipper emailed me. Ms. Wipper asked me to not inform Defendants of the terms of the Interagency Agreement, specifically the agencies' division of labor as we had previously agreed to do. Ms. Wipper did not say that DFEH was rescinding the Interagency Agreement we finalized on June 2020. Ms. Wipper did not say that DFEH intended to

Declaration of Rosa Viramontes ISO Opposition to Motion to Intervene

investigate the harassment claims, in violation of the Interagency Agreement. A true and correct copy of the email I received from Ms. Wipper is attached as **Exhibit E**.

21. I did not interpret Ms. Wipper's August 27, 2020 email as a rescission or modification of the Worksharing Agreement or the Interagency Agreement.

22. Ms. Wipper has no authority to modify or rescind the Worksharing Agreement. Mr. Kish and I are the signatories to the Worksharing Agreement in our capacity as Directors of our respective agencies.

23. After Ms. Wipper's August 27, 2020 email, my office continued to investigate with DFEH consistent with the Interagency Agreement. I am also aware that DFEH and EEOC continued to coordinate on other investigations in addition to Activision because I was included in communications on those matters as the contract holder. Ms. Wipper did not raise the conciliation pilot as an issue in the other investigations. Additionally, the conciliation pilot only applied to investigations that were in or entered conciliation during the pilot period. This investigation was still ongoing and was not in conciliation during the pilot time period.

**C.   EEOC Investigated, Found Cause On Sexual Harassment and Related Claims, and Coordinated with DFEH**

24. On June 15, 2021, EEOC concluded its investigation. I issued a Letter of Determination finding reasonable cause to believe violations of Title VII occurred at the operations of Defendants. A conciliation invitation was also sent to Defendants and conciliation was opened.

25. On June 15, 2021, I received a letter from Janette Wipper. I understand Ms. Wipper also sent the letter to the Chair of our agency, who is appointed by the President of the United States and confirmed by the Senate. In her letter, Ms. Wipper acknowledged the application of the Worksharing Agreement. Ms. Wipper confirmed that in August 2020, "DFEH disagreed with Ms. Park's proposal to disclose certain information to defense counsel." Ms. Wipper did not write that DFEH had rescinded or modified the Interagency Agreement of June 2020 concerning the agencies' coordination of the Activision

Declaration of Rosa Viramontes ISO Opposition to Motion to Intervene

investigation. Ms. Wipper requested that EEOC communicate its position about the Activision investigation to all parties. A true and correct copy of Ms. Wipper's June 15, 2021 letter to me is attached hereto as **Exhibit F**.

26. In response to Ms. Wipper's June 15, 2021 letter and pursuant to the Interagency Agreement, on June 23, 2021, I sent Ms. Wipper a letter updating her on the status of EEOC's investigation. I provided DFEH with a copy of the EEOC's Letter of Determination. I informed DFEH that the EEOC and Defendants were currently engaging in conciliation. I stated that it was my understanding that the next step was for the agencies to "coordinat[e] next steps," and I expressed hope that the agencies could "continue working together in the spirit of partnership and in the best interest of the public we serve." A true and correct copy of my June 23, 2021 letter is attached hereto as **Exhibit G**.

27. In my June 23, 2021 letter to Ms. Wipper, I did not communicate that I wished to modify the Interagency Agreement. I also clarified what appeared to be a misunderstanding. I interpreted Ms. Wipper's letter as suggesting EEOC had asserted it would take over investigation of the whole case, which was not accurate. I explained how the Worksharing Agreement worked and clarified that EEOC asserted jurisdiction for the harassment claims pursuant to the Worksharing Agreement and Interagency Agreement. At no time did we agree for each agency to be responsible for prosecuting all claims under their respective statutes, *e.g.*, the California Fair Employment and Housing Act for DFEH and Title VII for EEOC. The purpose of the Interagency Agreement in the Activision investigation was to divide the work by substantive claims (*i.e.*, sexual harassment and pay and promotion claims) rather than dividing by state and federal law claims. In fact, I explained that EEOC suspected that DFEH had begun to investigate sexual harassment to the detriment of the harmed individuals. I never received a response to my inquiry into this. I informed Ms. Wipper that I intended to proceed pursuant to our agreement and waited to hear from her.

28. On or about July 12, 2021, I informed the Defendants of the Interagency Agreement pursuant to the request by DFEH in Ms. Wipper's June 15, 2021 letter. In that

letter, I confirmed that the EEOC and DFEH agreed that the EEOC would investigate the harassment allegations and related claims, and DFEH would investigate the pay and promotion discrimination claims.  A true and correct copy of this correspondence is attached hereto as **Exhibit H**.

29. Between June 23 and July 27, 2021, DFEH did not respond to my June 23, 2021 letter inviting DFEH to coordinate next steps and cooperate going forward.  In the Interagency Agreement, DFEH agreed to notify me or EEOC of its investigative findings and coordinate conciliation and mediation. See Ex. A (Wipper May 22, 2020 email). DFEH did not provide me or anyone at EEOC any notice of its findings at the culmination of its investigation.  DFEH did not provide me or anyone at EEOC any information regarding DFEH's mediation efforts until after it filed its lawsuit.

**D. DFEH Filed A Sexual Harassment Lawsuit Against Defendants, Then Requested to Participate in EEOC's Conciliation Process**

30. I learned that DFEH filed a state court complaint against Activision Blizzard, Inc., Blizzard Entertainment, Inc., and Activision Publishing, Inc. on July 20, 2021, asserting claims of sexual harassment, among other claims.  I learned about DFEH's lawsuit from media reports. It is in the complaint that I learned that DFEH had proposed mediation dates of July 1, 2, and 15, 2021 to Defendants.

31. On July 27, 2021, Ms. Wipper informed me for the first time that DFEH had filed a lawsuit against Defendants. This was the first communication I received from Ms. Wipper since my June 23, 2021 letter.  A true and correct copy of Ms. Wipper's email is attached as **Exhibit I.**

32. Ms. Wipper's email to me indicated that Defendants were not willing to mediate with DFEH and EEOC, so DFEH had no choice but to file its lawsuit. Exh. I.

33. A few days later, I was informed by my superiors that Ms. Wipper had complained that I had not responded to her email of July 27, 2021.  My superiors informed me that Ms. Wipper had placed a number of calls to EEOC officials in Washington, D.C. to demand a response.

Declaration of Rosa Viramontes ISO Opposition to Motion to Intervene

34. The EEOC's conciliation process is confidential under federal law. *See* 42 U.S.C. § 2000e-5(b). EEOC owes a strict responsibility of confidentiality to employers during the conciliation process.

35. After DFEH filed its lawsuit against Defendants, I was not able to invite DFEH to participate in EEOC's conciliation efforts because when Defendants did not waive their entitlement to confidentiality during conciliation. DFEH could not participate in the conciliation process after publicly filing a lawsuit against Defendants.

36. EEOC proceeded with its confidential conciliation process.

37. On or about August 2, 2021, I responded to Ms. Wipper's July 27, 2021 email on behalf of myself and senior leadership of the EEOC. I stated that we very much wanted to have a discussion with Ms. Wipper and Mr. Kish as soon as everyone could coordinate their schedules. A true and correct copy of that email is attached as **Exhibit J**.

38. Throughout August and September 2021, Ms. Wipper and I communicated regularly. Ms. Wipper had requested a meeting with EEOC's upper management located in Washington, DC, and therefore coordinating a meeting took time.

39. On August 13, 2021 and later on September 15, 2021, Ms. Wipper emailed me. She stated that she had learned from Defendants that the EEOC was in conciliation with them. Ms. Wipper asked for an opportunity for DFEH to discuss the state claims and remedies with the EEOC claimants before the agencies' joint meeting. A true and correct copy of that email is attached as **Exhibit K**.

40. I wrote a letter to DFEH on September 23, 2021. In response to Ms. Wipper's stating that she just learned from defendants we may be in conciliation, I reminded Ms. Wipper that I had informed her on June 23, 2021 that the EEOC was opening up conciliation efforts with Defendants then. I further reminded Ms. Wipper that we had sent a copy of EEOC's Letters of Determination, pursuant to the Interagency Agreement. I also informed Ms. Wipper that EEOC was surprised by DFEH's filing in state court pursuing sexual harassment claims. I explained that the EEOC was proceeding consistent with the Worksharing Agreement and Interagency Agreement. I requested Ms. Wipper's and Mr.

1  Kish's availability in October for the agencies' meeting. A true and correct copy of that
2  letter is attached hereto as **Exhibit L**.
3     41.    I did not receive a response from DFEH. A copy of the EEOC Complaint and
4  Proposed Consent Decree was sent to Mr. Kish and Ms. Wipper when it was filed.

Date: 11/8/2021

Rosa Viramontes
Former District Director Los Angeles
District Office, Acting Director of Field
Management Programs

- 11 -

Declaration of Rosa Viramontes ISO Opposition to Motion to Intervene