# EXHIBIT F

# EXHIBIT F



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                      GAVIN NEWSOM, GOVERNOR

**Department of Fair Employment & Housing**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
www.dfeh.ca.gov | email contact.center@dfeh.ca.gov

*Via FedEx and E-mail*
Rosa.Viramontes@eeoc.gov

June 15, 2021

Rosa Viramontes
U.S. EEOC, Los Angeles District Office
255 East Temple St., 4th Floor
Los Angeles, CA  90012

RE:    *Kish v. Blizzard Entertainment, et al.*, DFEH Case No. 201810-03875512, and
       Worksharing Agreement between EEOC and DFEH, Section VI.E

Dear Ms. Viramontes,

     I write to follow-up on our previous discussions regarding *Kish v. Blizzard Entertainment, et al.*, DFEH Case No. 201810-03875512, filed by Kevin Kish as a Department of Fair Employment and Housing ("DFEH") Director's Complaint in October 2018 ("Director's Complaint") under the California Fair Employment and Housing Act ("FEHA"), California Government Code section 12961. The DFEH Director's Complaint followed individual complaints of discrimination alleging state law claims that were filed against Respondents with DFEH. Around the same time, EEOC filed a EEOC Commissioner's Charge against Respondents, but did not notify DFEH.  (29 CFR § 1601.13(e).) Respondents' counsel notified DFEH about the EEOC Commissioner's Charge.

     On June 8, 2021, Respondents' counsel sent an email communication to DFEH stating that EEOC has "asserted jurisdiction" over the DFEH Director's Complaint based on the EEOC Commissioner's Charge filed in September 2018. Defense counsel included Regional Attorney Anna Park on the communications with DFEH, and Ms. Park responded as follows:

> Counsel,
> Thank you for reaching out to the EEOC. As to your question on the jurisdictional issue, the EEOC's commissioners charge predates the DFEH's director's charge [sic] and both were dually filed. As such, the EEOC has jurisdiction under the workshare agreement and past practices to be the lead entity. Both the Commissioner's charge and the DFEH charge [sic] have overlapping if not similar allegations and since the EEOC has asserted jurisdiction over this investigation, the operative investigation is the EEOC Commissioner's charge. We have informed the DFEH of our position.
> I am including the District Director for the EEOC since she has jurisdiction over the investigation.
> Anna

Rosa Viramontes
June 15, 2021
Page 2

     Before sending the above email communication, Ms. Park did not inform DFEH of her position. DFEH strongly disagrees with Ms. Park's statement that "EEOC has jurisdiction under the workshare agreement" over DFEH's Director's Complaint. The worksharing agreement plainly states: "*This delegation of authority to receive charges does not include the right of one Agency to determine the jurisdiction of the other Agency over a charge*. Charges *can* be transferred from one agency to another in accordance with the terms of this agreement or by other mutual agreement." (Worksharing Agreement between EEOC and DFEH, Section II.A.) DFEH has not agreed to transfer its DFEH Director's Complaints to EEOC.

     Ms. Park's June 8, 2021 statement also contradicts her prior statements in August 2020. At that time, Ms. Park proposed that the agencies work together on the investigations. Specifically, she proposed that EEOC take the lead in investigating harassment claims against Respondents, DFEH take the lead on pay and promotion claims, and together the agencies would mediate any findings of discrimination. These internal discussions concerned the agencies' deliberative process, broader state law protections for employees, as well as different authorities, protocols and resources. For that reason, DFEH disagreed with Ms. Park's proposal to disclose certain information to defense counsel. You agreed, at that time, that EEOC would not disclose the agencies' plans to defense counsel and suggested that EEOC and DFEH resume discussions before making representations to defense counsel. DFEH and EEOC have since conducted parallel and concurrent investigations against Respondents. Ms. Park's recent claim of exclusive jurisdiction over both investigations to defense counsel, without advance notice to DFEH, was a sudden and unexpected change.[1]

     Respondents' counsel maintains that the EEOC's current characterization of jurisdiction is to alleviate the "burden" on Respondents to respond to both investigations. However, both investigations have been pending for over two years. Also, with respect to any "duplication," FEHA and the California Equal Pay Act are not duplicative of Title VII. For example, unlike Title VII, FEHA provides Californians broader legal protections and rights such as, among other protections, coverage of interns and contractors, strict liability for supervisor harassment, individual liability against supervisors for harassment, uncapped damages, a three-year administrative complaint deadline, and recognition of anticipatory retaliation by California employers. The California Equal Pay Act is also one of the strongest pay equity laws in the nation, and includes a substantially similar work standard, back pay, liquidated damages, interest and penalties. We expect that you agree that California workers should not be deprived of these greater rights and remedies under state law in the pending investigation.[2]

---

[1] The current practice of ongoing cooperation between DFEH and the EEOC's San Francisco District Office ("SFDO") on an unrelated systemic investigation does not reflect that EEOC "asserts jurisdiction" to exclude DFEH's claims under State law for the coordinated investigations by DFEH and SFDO.

[2] Title VII provides deference to state enforcement of civil rights laws. See, *e.g.,* 110 Cong.Rec. 12688 (1964) (remarks of Sen. Saltonstall) (Title VII preserves "the opportunity and authority of the State and local governments to work out their own problems if they are willing to do so"); *id.,* at 14313 (remarks of Sen. Miller) (Title VII "give[s] the States the opportunity to carry out their responsibilities first"); *Mohasco Corp. v. Silver,* 447 U.S. 807, 821 (1980) (Title VII "give[s] state agencies an opportunity to redress the evil at which the federal legislation was aimed, and to avoid federal

Rosa Viramontes
June 15, 2021
Page 3

      In an effort to clarify this issue for all parties, DFEH respectfully requests EEOC's official position regarding the foregoing EEOC Commissioner's Charge in connection with the DFEH Director's Complaint. We also request that EEOC's official position be communicated to all parties. Because of the time sensitive nature of the investigation, we ask that you provide the EEOC's position by June 18, 2021.

      Sincerely,

*[signature: Janette W.]*

Janette Wipper
Chief Counsel

cc:    Martin Ebel, U.S. EEOC, Director of Field Programs

---

intervention unless its need was demonstrated"); *Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 755 (1979) (Title VII "give[s] state agencies a limited opportunity to resolve problems of employment discrimination and thereby to make unnecessary, resort to federal relief by victims of the discrimination"); *Love v. Pullman Co.,* 404 U.S. 522, 526 (1972) (Title VII "give[s] state agencies a prior opportunity to consider discrimination complaints").