# EXHIBIT G

# EXHIBIT G



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Los Angeles District Office**

255 E. Temple Street, 4th Floor
Los Angeles, CA 90012
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Los Angeles Direct Dial: (213) 785-3090
FAX (213) 894-1118
Website: www.eeoc.gov

June 23, 2021

SENT VIA ELECTRONIC MAIL

Ms. Janette Wipper, Chief Counsel
California Department of Fair Employment & Housing
2218 Kausen Drive, Suite 100
Elk Grove, CA 95758

Dear Ms. Wipper:

    This letter responds to your June 15, 2021, letter regarding *Feldblum v. Activision Blizzard, Inc.*, EEOC Charge No. 480-2018-05212 ("Commissioner's Charge") and *Kish v. Blizzard Entertainment, et al.*, DFEH Case No. 201810-03875512, EEOC Charge No. 37A-2019-00053-C ("Director's Complaint").

    As you are aware, the United States Equal Employment Opportunity Commission ("EEOC" or "Commission") filed a Commissioner's Charge against Respondents on September 26, 2018. The California Department of Fair Employment and Housing ("DFEH") filed a Director's Complaint on October 12, 2018 (later amended on October 29, 2018), with similar allegations. After Respondents' counsel made the EEOC aware of the DFEH Director's Complaint, there was a joint telephonic conference call with you, other DFEH staff and our EEOC Los Angeles District staff on November 29, 2018, where you were provided notice of the EEOC Commissioner's Charge. We discussed that when there are duplicate charges filed by individuals at our respective agencies, typically the agency that first receives the charge handles the investigation. However, we also discussed that this was an unusual circumstance involving an EEOC Commissioner's Charge and a DFEH Director's Complaint. At the time, our agencies agreed in the spirit of partnership to conduct a joint investigation of the case and share information.

    On December 10, 2018, I had a conversation with DFEH Executive Director Kevin Kish where we further agreed to work together and consider a common interest agreement wherein the EEOC would take the lead in investigating the harassment claims and the DFEH would take the lead in investigating the pay claims, with both agencies sharing information and coordinating our efforts. Throughout 2019, we exchanged a number of drafts of the common interest agreement regarding the division of labor. Although a formal common interest agreement did not ultimately materialize, the collaborative spirit of conversations remained. I subsequently advised you that in order to continue working jointly on these investigations and to avoid any confusion,

Ms. Janette Wipper
June 23, 2021
Page 2 of 3

then OFP Director, Nicholas Inzeo, asked for written confirmation of the division of labor between our two agencies.

There were multiple email exchanges and phone conversations between us on this subject resulting in your May 22, 2020, email wherein you confirmed that, "Pursuant to our worksharing agreement, our common equal employment opportunity authorities, and our common goals, DFEH and EEOC are working together on an investigation of potential violations by Activision Blizzard and its subsidiaries/affiliates." You further confirmed the division of the investigation, stating, "EEOC is working on the sexual harassment allegations of the investigation, and DFEH is working on allegations of sex discrimination and failure to prevent discrimination and other violations in the investigation.  We will continue to coordinate during the investigation.  If reasonable cause determinations are issued by both agencies, we will also coordinate conciliation and mediation efforts together."

On June 2, 2020, you again confirmed via email, "EEOC plans to take the lead on investigation of the harassment allegations in this matter, and DFEH plans to take the lead on the employment discrimination allegations in this matter, including pay, promotion and advancement opportunities, hiring and assignment, transfer, training and other opportunities, reassignment, demotion and termination allegations." On June 4, 2020, you further stated via email, "DFEH is not conducting the investigation of the harassment allegations in this matter." As the EEOC's investigation progressed, however, the EEOC began to receive information that there was overlap between the DFEH's requests and activities and the EEOC's. The EEOC received several inquiries from Respondents' counsel regarding the coordination of the investigations. It seems like you ran into some of the same overlap concerns as well.

We had multiple conversations with you on this issue and on August 20, 2020, we discussed a draft response to Respondents' counsel identifying how our agencies intended to coordinate the investigation.  We prepared the draft response for your input/edits and we were surprised to learn, on August 27, that you no longer agreed with the approach, raising concerns about the former EEOC Chair's proposed conciliation regulation.  Unfortunately, we were unable to connect with you to discuss your concerns.

Since that time, the EEOC was informed that it appears the DFEH is investigating the harassment-related claims in addition to the other issues. The overlap in our investigations appears to be a source of confusion not only for Respondents, but also for witnesses who believe they have provided information regarding the EEOC's investigation into the harassment allegations to us when they have not. This has posed significant challenges with the EEOC investigation. I imagine you have run into similar issues.

Your letter appears to confirm that the DFEH is now investigating harassment allegations as you mention that FEHA provides "strict liability for supervisor harassment, individual liability against supervisors for harassment…" as justification for why DFEH and EEOC's investigations are not duplicative.

Ms. Janette Wipper
June 23, 2021
Page 3 of 3

With respect to the concern raised in your June 15, 2021, letter, the EEOC has jurisdiction to pursue the claims in the EEOC Commissioner's Charge under federal law. EEOC's investigation has focused solely on the harassment and retaliation claims. The June 8, 2021, email referenced our lead role in those claims. However, it is clear that the DFEH has jurisdiction to investigate claims in its Director's Complaint under state law. Please accept our apologies for any misunderstanding or miscommunication regarding jurisdiction over state law. It was not our intent to appear to assert jurisdiction over California law.

Please note that the EEOC issued a Letter of Determination on June 15, 2021, indicating that there is reasonable cause to believe that Respondents violated Title VII of the Civil Rights Act of 1964, as amended, focusing on the harassment and retaliation claims only. No finding was made on the other claims. A copy of the EEOC Letter of Determination is attached. The EEOC is currently engaging in conciliation with Respondents.

I am aware that DFEH Director Kevin Kish recently met with Martin Ebel, Director of the EEOC Office of Field Programs, and Cheryl Mabry, the Director of EEOC State, Local and Tribal Programs. It is my understanding that an action item from that meeting was for the two legal units to discuss coordinating next steps. I am hopeful that once the legal units have had an opportunity to confer, we can continue working together in the spirit of partnership and in the best interest of the public we serve. We are available to continue the discussion with Mr. Kish or with you at any time.

Sincerely,

*Rosa M Viramontes*

Digitally signed by Rosa M Viramontes
Date: 2021.06.23 14:43:36 -07'00'

Rosa M. Viramontes
District Director
EEOC Los Angeles District