Anna Y. Park, SBN 164242
anna.park@eeoc.gov
Nakkisa Akhavan, SBN 286260
nakkisa.akhavan@eeoc.gov
Taylor Markey, SBN 319557
taylor.markey@eeoc.gov
Maurice Neishlos, NY SBN 5639265
maurice.neishlos@eeoc.gov
Alisha Ansari, SBN 312875
alisha.ansari@eeoc.gov
Ella Hushagen, SBN 297990
ella.hushagen@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 785-3090
Facsimile: (213) 894-1301
E Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>ACTIVISION BLIZZARD, INC., BLIZZARD ENTERTAINMENT, INC., ACTIVISION PUBLISHING, INC., and KING.COM, INC., and DOES ONE through TEN, inclusive,<br><br>Defendants. | Case No.: 2:21-cv-07682-DSF-JEM<br><br>**DECLARATION OF TAYLOR MARKEY IN SUPPORT OF OPPOSITION TO MOTION TO INTERVENE** |

## DECLARATION OF TAYLOR MARKEY

I, Taylor Markey, have personal knowledge of the facts set forth in this Declaration. I am competent to attest to these facts and would do so if called to testify.

1. I am a Senior Trial Attorney in the Los Angeles District Office ("LADO") of the United States Equal Employment Opportunity Commission (the "EEOC"). I have been employed at the EEOC since August 2020 and have been involved in the investigation and subsequent litigation against Defendants since that time, including meet-and-confer discussions related to the instant motion.

2. From June to September 2021, EEOC and Defendants engaged in conciliation as required under Title VII, attending multiple sessions with a private mediator and engaging in extensive negotiations.

3. These efforts led to a comprehensive agreement which provides for significant injunctive relief aimed at reforming Defendants' culture and practices and an $18 million class fund available to potential claimants nationally for potential claims going back to September 2016, which is the full temporal scope of the EEOC's Commissioner's Charge. The proposed Decree was approved by the EEOC's Office of General Counsel through standard Commission procedures.

4. Following EEOC's and Defendants' lodging of the proposed Decree on September 27, 2021, the Department of Fair Employment and Housing (the "DFEH") informed the EEOC that it planned to move to intervene in the action. EEOC met and conferred with DFEH (via phone and video conferences and written correspondence) regarding the substance of their concerns over a period of weeks, attempting to put past disagreements aside in the interest of civil rights. I was present in these meet and confer phone and video conferences which occurred on October 14, 22, and 25.

5. During these meet-and-confer discussions, EEOC made several concrete proposals aimed at addressing DFEH's concerns including: 1) offering to

Declaration of Taylor Markey ISO Opposition to Motion to Intervene

include information about the DFEH lawsuit pending in state court in any notice of settlement to claimants and in any release of claims presented to claimants; 2) offering to receive and consider in good faith DFEH's input on the text of the notice of settlement and other documents; 3) offering to send a letter to Defendants instructing them not to destroy any documents relevant to DFEH's lawsuit (despite the fact that the Decree does not call for the destruction of documents); 4) offering to make assurances in writing that the Decree and release of claims will include only those claims which EEOC had the right to investigate under the Interagency Agreement (namely sexual harassment, pregnancy discrimination, and related retaliation). A true and correct copy of EEOC's October 21, 2021 meet and confer letter to DFEH is attached hereto as **Exhibit M**.

6. EEOC also explained to DFEH multiple times during these discussions that it is not attempting to settle any state claims but instead intends to establish a process in which individuals can decide whether to release their own federal and state claims, without facing any penalty of any kind for refusing to settle those claims. EEOC also explained that the proposed Decree does not call for the destruction of any documents relevant to DFEH's pending state court lawsuit.

7. Despite these concessions and clarifications, DFEH responded by continuing to mischaracterize EEOC's actions as settling state law claims. It also continued to make new demands, including for EEOC to limit its discretionary authority over the claims process, and for EEOC to reopen negotiations with Defendants—which is the only way the text of the negotiated proposed Decree can be amended. DFEH proposed language for a Notice of Settlement to potential claimants in which it intended EEOC to pre-commit to circumscribe its authority, giving claimants an estimated $6,000 per person, and dividing the Class Fund evenly between sexual harassment, pregnancy discrimination and related retaliation claims, *before* completing the claims process and understanding the true nature and value of all final claims. EEOC was concerned that such a Notice would incorrectly imply to

Declaration of Taylor Markey ISO Opposition to Motion to Intervene

potential claimants, whose claims may be worth hundreds of thousands of dollars, that their potential recovery here was capped at $6,000, dissuading them from submitting a claim form. A true and correct copy of DFEH's October 24, 2021 Email with Attached Proposed Notice to Claimants is attached hereto as **Exhibit N**.

8. During a meet and confer video conference on October 25, 2021, counsel for DFEH also expressed concern that private counsel provided under the terms of the Decree and not controlled by DFEH might offer further representation to claimants that could "pull energy" away from their state court action.

9. EEOC informed DFEH that limiting its discretionary authority over the claims process, reopening negotiations with Defendants and taking away claimants' ability to choose to fully release sexual harassment, pregnancy discrimination, and related retaliation claims were non-starters. In response, DFEH filed the instant Motion.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on November 8, 2021, at Los Angeles, California.

                                               /s/ Taylor Markey
                                               Taylor Markey
                                               Senior Trial Attorney
                                               EEOC, Los Angeles District Office

Declaration of Taylor Markey ISO Opposition to Motion to Intervene