# EXHIBIT M

# EXHIBIT M

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Los Angeles District Office

255 E. Temple Street, 4th Floor
Los Angeles, CA 90012
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Los Angeles Direct Dial: (213) 785-3090
FAX (213) 894-1118
Website: www.eeoc.gov

October 21, 2021

Christian Schreiber
christian@osclegla.com
Olivier Schreiber & Chao LLP
201 Filbert Street, Suite 201
San Francisco, CA 94133

Counsel:

  This letter is in response to your October 19, 2021 email regarding your proposed motion to intervene. As an initial matter, the EEOC does not understand DFEH's position that its interests are affected by our proposed Decree. EEOC's position has been, and continues to be, that DFEH has no interest in the EEOC's resolution. Furthermore, your client has continued to ignore two major issues that affect how this matter can be resolved: (1) the interagency agreement between the agencies stating that, in relevant part, EEOC would pursue sexual harassment and DFEH "would not investigate harassment;" and (2) the conflict of interest and what steps your client has taken to address it. This letter will address first what action the EEOC is agreeable to taking in order to reach a resolution of this matter without protracted litigation and then will address the conflict issue. The EEOC's position with regard to the interagency agreement has been addressed at length without any response from DFEH.

  First, with regard to the demands you make in your October 19, 2021 email in order for DFEH to agree not to move to intervene, to be very clear, the EEOC will not be amending its negotiated proposed consent decree that is currently before the Court. With its demands, DFEH seeks to replace EEOC's discretion with its own and EEOC cannot and will not agree to such demands. Furthermore, the arguments and requests contained in that email continue to raise issues the EEOC has thoroughly addressed in meet and confer efforts with current and prior counsel and in its proposed opposition to the motion to intervene filed with the Court. Nonetheless, in the interest of resolving this matter without protracted litigation, the EEOC is agreeable to taking the following actions:

1. In the notice of settlement, the EEOC will notify potential claimants, in neutral language, that there is a pending state court action and of the claims brought in that action. It is the EEOC's goal that individuals be as informed as possible about their options. We maintain that it would be inappropriate and unethical for either agency to advise eligible claimants as to their rights at this juncture. We ask in return that, to the extent DFEH identifies

1

potential claimants for whom they would seek relief in its state action, DFEH equally notify them of EEOC's action and consent decree, once approved by the Court;
2. In the notice of settlement, the EEOC will inform potential claimants of their right, if they are deemed to be eligible claimants, to be advised on the release at no cost by a private attorney of their choice. Thus, individuals will have the opportunity to receive advice regarding what they would be releasing, including regarding potential claims that could otherwise be pursued in DFEH's lawsuit. We ask in return that, to the extent DFEH does resolve its lawsuit, the EEOC be extended the same courtesy;
3. We will make assurances in writing that the release in this case will not include claims other than sexual harassment, pregnancy discrimination and/or related retaliation. EEOC has continued to abide by the agreement between the two agencies in which it relinquished non-pregnancy sex discrimination claims and related retaliation. We have already made written assurances in a filing with the court that the releases will not include language that is contrary to public policy including arbitration agreements, no-rehire clauses, confidentiality agreements, or non-disparagement provisions;
4. It appears DFEH is no longer asserting that that the proposed Decree requires the destruction of documents. As we explained in our proposed opposition, the Decree provisions about which DFEH previously complained are aimed at separating certain documents from eligible claimants' personnel files to prevent retaliation. Nevertheless, we are willing to affirmatively instruct Defendants in writing that destruction of documents relevant to your pending lawsuit would be inappropriate and that we would consider it to be in violation of the spirit of the Decree. Defendants are already under legal obligation to refrain from spoliation, but we agree that the proposed Decree provides no exemption from that general obligation and are willing to make that position clear to Defendants.

With respect to what appears to be the crux of our disagreement – the scope of what will be released by EEOC and individuals under the auspices of EEOC's Action – your argument that the language in the Decree is overbroad is not well-taken – if EEOC purports to waive claims that are beyond its power to waive, then the waiver is ineffective. If the EEOC purports to waive claims which are within its power to waive, you can have no disagreement with the exercise of its own power. The EEOC did not bring a FEHA claim in this Action, nor does the EEOC purport to waive one. That individuals will have a choice whether to waive FEHA claims cannot possibly implicate DFEH's legitimate interests, which fundamentally derive from those individuals' own interests. To the extent that DFEH is contending that any harmed women can be exposed to the delays and risks inherent in litigation, despite their desire to resolve their claims, for the purpose of touting DFEH's enforcement authority, we disagree that this constitutes a legitimate interest warranting its efforts to inject itself into this matter. If instead, DFEH simply wants to provide input to ensure that harmed individuals receive fair and neutral information about their choices and continue to prosecute its own lawsuit in state court, the proposed compromises we will agree to, as detailed above, should respond fully to its concerns.

With regard to the conflict issue, to the extent we are continuing to engage with your firm as counsel for DFEH, we need to clarify whether you have cured the conflict of interest issues we

raised with you. We recently brought to your attention that Ms. Wipper, a DFEH attorney, has continued to represent DFEH in an email she sent us *after* the filing of our *ex parte* opposition explaining why all DFEH attorneys are conflicted and barred from involvement in these intervention proceedings. For this reason, we need to understand what actions you have taken to screen the conflicted attorneys from continued participation in this matter. To be clear, screening the two attorneys who formerly worked for the EEOC is insufficient to cure the conflict. No DFEH attorneys can provide work product or legal advice to you as subsequent counsel. Please confirm that they have not done so and describe the precautions being taken to prevent further contamination.

We remain open to having a dialogue about what is in the best interest of the public and harmed individuals, which certainly cannot be served by one civil rights agency attacking another. If you are amenable to accepting the offer we have detailed above, we would ask that you seek to withdraw everything that you have filed in federal court and inform the Court so that it might turn to its independent consideration regarding whether the Decree is fair, adequate and reasonable. We would then be willing to join in the notice and seek withdrawal of all filings we have made since your *ex parte* application. If you are not amenable to accepting our offer, we will be placed in the unenviable position of defending ourselves against a sister agency. We feel strongly that further conflict is wholly unnecessary and will only damage both of our agencies and benefit Defendants.

We are available today and tomorrow to discuss these issues further; please provide us with your availability. We believe this can be resolved before Monday with your cooperation.

Best,

Taylor Markey
*Digitally signed by Taylor Markey*
*Date: 2021.10.21 13:38:13 -07'00'*

Taylor Markey
Senior Trial Attorney

3