# EXHIBIT N

# EXHIBIT N

| | |
|---|---|
| **From:** | Christian Schreiber |
| **To:** | ANNA PARK; TAYLOR MARKEY |
| **Cc:** | NAKKISA AKHAVAN; CHRISTOPHER LAGE; MAURICE R. NEISHLOS; Monique Olivier; Rachel Bien; jsagafi@outtengolden.com |
| **Subject:** | RE: EEOC v. Activision - |
| **Date:** | Sunday, October 24, 2021 4:00:26 PM |
| **Attachments:** | image001.png<br>2021.10.24.DRAFT.Notice.Release.for EEOC Review.docx |

Dear Taylor, Anna, and colleagues:

Thank you for your letter of this past Thursday setting forth topics and questions regarding our efforts to come to agreement on changes and clarifications to the proposed consent decree.  Below are our substantive thoughts to move the discussion forward.  We would like to continue this meet and confer process to give these discussions the best chance of minimizing or eliminating the disagreements between the agencies.  To accomplish that, would you be willing to extend the deadline for our motion to intervene?  I recognize that the latest date you were willing to agree to was tomorrow in our earlier discussions.  Given the progress that the agencies have made in engaging in a discussion, I hope that you will agree to extend the deadline by two weeks to allow these promising discussions to continue.  We very much do not want to move to intervene, and would only be doing so as a last resort and because the deadline is tomorrow.  Please let us know your thoughts today or tomorrow morning.

As to the numbered items in Taylor's letter:

1. We appreciate your willingness to provide notice to the potential claimants about the proposed consent decree.  Attached is a proposed notice for your consideration.  We are willing to agree that (1) if the proposed consent decree is approved, we will notify potentially covered individuals in the state action about it, and (2) as part of any settlement of the DFEH action, we would inform potentially covered individuals of the status of the EEOC action.  We look forward to continuing to zealously prosecute the claims in our action for the benefit of all potentially covered individuals.

2. As you know, we believe that the EEOC lacks authority to, and as a matter of federalism and comity should not release, or set up a mechanism by which releases may be achieved for, state claims.  Therefore, we ask that the consent decree be modified to eliminate the individual release negotiation component.  We also believe that an hour is not enough time for a lawyer to get up to speed or for them to form a relationship with, properly advise, or conduct diligent negotiations on behalf of an individual claimant.  However, if that component is ordered by the Court, we believe that the attorneys most knowledgeable about the value of the California claims should be made available to the claimants.  Therefore, we included the DFEH's and its counsel's information in the proposed notice.  Those lawyers will be in the best position to advise the claimants about the value of their claims based on the results of the state investigation and pay analyses.  As to your question about this being a bilateral arrangement, we have no intention of including a federal release in any settlement of our claims, given your pending action even though California law provides that the DFEH can do so, whereas there is no law allowing the EEOC to release state claims.

3. Thank you for offering to confirm that the first part of the release is limited to sexual harassment, pregnancy discrimination, and related retaliation.  Thank you also for your written assurances in a filing with the Court "that the releases will not include language that is contrary to public policy including arbitration agreements, no rehire clauses, confidentiality agreements, or non-disparagement provisions."  Would you be willing to put that in an amended consent decree, to avoid any confusion or possibility that individual laypeople reading the consent decree fail to realize the full protections they have (since they will likely not have the time or awareness to review the entire court record of separate statements about the consent decree)?  In addition, we believe it is critical that the EEOC confirm that no state law claims can be released as part of the consent decree process, consistent with the limits on its authority and the relationship of respect between the federal and state agencies.  This would also ensure that the consent decree is consistent with the EEOC Model Release Language.  Would the EEOC be willing to amend the consent decree in that fashion as well?

4. We do not understand your statements in this paragraph.  We remain very concerned about the consent decree allowing changes to personnel files, whether construed as removing documents from the files (as you say in item #4) or destroying documents.  We appreciate your offer to put in writing that Defendants cannot destroy documents; that will be very helpful.  Given the possibility that the consent decree could be read to allow (or require) destruction of evidence (including removal of documents from personnel files), we believe it would be appropriate for the consent decree to be amended to clarify that destruction of evidence will not be tolerated.

I recognize that this is a lot for us to consider and discuss.  We also have legal authority and policy considerations that undergird the agencies' relationship of trust and cooperation that we would like to discuss with you.  We are hopeful that this discussion will pave the way for changes to the consent decree that will improve its chances of being approved and promptly implemented, while maintaining the DFEH's opportunity to achieve the best result possible for the covered individuals in California.

Given the many items for discussion, negotiation, and/or clarification, the great opportunity for us to reach a good result, and the real downsides of litigation, I want to reiterate our urgent request that the EEOC allow a brief extension of two weeks on tomorrow's deadline so that we can continue our discussions.

Chris

Christian Schreiber
OLIVIER SCHREIBER & CHAO LLP
201 Filbert Street, Suite 201
San Francisco, CA 94133
(415) 484-0980 - main
(415) 484-0161 - direct
www.osclegal.com
christian@osclegal.com

**From:** ANNA PARK <ANNA.PARK@EEOC.GOV>
**Sent:** Saturday, October 23, 2021 1:34 PM
**To:** Christian Schreiber <christian@osclegal.com>; TAYLOR MARKEY <TAYLOR.MARKEY@EEOC.GOV>
**Cc:** NAKKISA AKHAVAN <NAKKISA.AKHAVAN@EEOC.GOV>; CHRISTOPHER LAGE <CHRISTOPHER.LAGE@EEOC.GOV>; MAURICE R. NEISHLOS <MAURICE.NEISHLOS@EEOC.GOV>; Monique Olivier <monique@osclegal.com>; Rachel Bien <rachel@osclegal.com>; jsagafi@outtengolden.com
**Subject:** Re: EEOC v. Activision -

To clarify when I refer to your substantive response, I am referring to the notice issue and to our proposal to resolve the matter. Anna

Get Outlook for iOS

**From:** Christian Schreiber <christian@osclegal.com>
**Sent:** Saturday, October 23, 2021 12:59:58 PM
**To:** ANNA PARK <ANNA.PARK@EEOC.GOV>; TAYLOR MARKEY <TAYLOR.MARKEY@EEOC.GOV>
**Cc:** NAKKISA AKHAVAN <NAKKISA.AKHAVAN@EEOC.GOV>; CHRISTOPHER LAGE <CHRISTOPHER.LAGE@EEOC.GOV>; MAURICE R. NEISHLOS <MAURICE.NEISHLOS@EEOC.GOV>; Monique Olivier <monique@osclegal.com>; Rachel Bien <rachel@osclegal.com>; jsagafi@outtengolden.com <jsagafi@outtengolden.com>
**Subject:** EEOC v. Activision -

Anna,

As we discussed on our call yesterday, one area of disagreement between EEOC and DFEH centers around EEOC's contention that there was an agreement by which DFEH "ceded" certain claims as part of a partitioning of the investigation. DFEH does not believe there was ever such an agreement, nor could there have been.

I mentioned two emails on our call, both of which EEOC should have. I would commend you to take a look at them and perhaps we can follow up after. The first is a chain from August 20, 2020 (beginning with Marla Stern) and is followed by an email on August 27, 2020 from Janette Wipper. The second is an email from Janette Wipper to Charlotte Burrows on June 11, 2021, with Charlotte Burrows responding on June 16, 2021. Those email chains express DFEH's position that there was no "exclusivity" to the agencies' efforts, let alone an agreement that DFEH would cede certain claims to EEOC to settle.

EEOC has repeatedly referred to the "Interagency Agreement" about the partitioning of claims, duties, and authority. EEOC has not, to my knowledge, enumerated the complete universe of documents it believes comprises this Agreement. I think it would be helpful to understand this, as this disagreement about each agency's role seems to be the source of strain and misunderstanding and has contributed to a breakdown in trust. I am hopeful that we can restore some of what's been lost by understanding where and how the disconnect arose.

Thank you,

Christian Schreiber
**OLIVIER SCHREIBER & CHAO LLP**
201 Filbert Street, Suite 201
San Francisco, CA 94133
(415) 484-0980 - main
(415) 484-0161 - direct
www.osclegal.com
christian@osclegal.com



NOTICE: This e-mail is from the law firm of Olivier Schreiber & Chao LLP ("OSC"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you properly received this e-mail as a client, co-counsel or retained expert of OSC, you should maintain its contents in confidence in order to preserve any attorney-client or work product privilege that may be available to protect confidentiality.

# NOTICE

**To: Current and former female employees who worked for certain Activision companies from September 1, 2016 to September 27, 2021**.

We are writing to provide information about an Agreement between the U.S. Equal Employment Opportunity Commission ("EEOC") and ACTIVISION BLIZZARD, INC., BLIZZARD ENTERTAINMENT, INC., ACTIVISION PUBLISHING, INC., and KING DIGITAL ENTERTAINMENT, INC. (collectively, "Defendants" or "Activision") to settle the EEOC's lawsuit against Activision. This settlement may provide monetary benefits to you in exchange for you agreeing to drop your claims against Activision.

This settlement involves claims described in the EEOC Commissioner's Charge for the claims described below. EEOC's allegations were settled as part of a Consent Decree approved by the United States District Court for the Central District of California. Your rights could be affected by this settlement.

## BACKGROUND

On September 26, 2018, EEOC filed a Commissioner's Charge (No. 480-2018-05212) against Activision. The Charge alleged, under Title VII of the Civil Rights Act of 1964, as amended, that since at least September 1, 2016 through the present, Activision:

- Subjected a class of female employees to sex-based discrimination, including harassment, based on their gender;
- Retaliated against a class of female employees for complaining about sex-based discrimination, based on their gender; and,
- Paid a class of female employees less than male employees, based on their gender, in violation of Title VII of the Civil Rights Act of 1964, as amended.

On September 27, 2021, EEOC filed a civil complaint in federal court alleging Activision and additional entities engaged in unlawful employment practices in violation of §§ 701(k), 703(a) and 704(a) of Title VII, 42 U.S.C. 2000e-2(a) and 2000e-3(a) by subjecting a class of female employees to sexual harassment, to pregnancy discrimination and/or to retaliation for complaining about sexual harassment and/or pregnancy discrimination under federal law. EEOC and Defendants filed a proposed Consent Decree to settle the claims in the federal case.

Our records show you are one of approximately 3,000 female employees in the United States who have worked for Activision at some point during the time period September 1, 2016 to September 27, 2021. You received this Notice because our records show you were employed by _____ during this time-period.

You may be one of the female employees covered by the settlement. If you qualify and take the steps described in this Notice by the deadline below, you could receive a payment from Activision for the following federal claims under Title VII of the Civil Rights Act: harassment based on sex-female, pregnancy discrimination and/or retaliation for complaining about sexual harassment and/or pregnancy discrimination.

Activision denies the allegations but has decided to enter into this settlement in order to move forward.

### ARE YOU AFFECTED?

Female employees who were employed by one of the Activision Defendants and experienced harassment, pregnancy discrimination and/or retaliation for complaining about sexual harassment and/or pregnancy discrimination between September 1, 2016 until September 27, 2021 are covered by this settlement.

### WHAT IS THIS SETTLEMENT ABOUT?

EEOC is the federal government agency responsible for enforcing Title VII of the Civil Rights Act, which includes nondiscrimination and equal employment opportunity provisions under federal law. EEOC obtained evidence of sexual harassment, pregnancy discrimination and/or retaliation for complaining about sexual harassment and/or pregnancy discrimination by Activision against female employees.

EEOC alleges that it found violations of sexual harassment, pregnancy discrimination and/or to retaliation for complaining about sexual harassment and/or pregnancy discrimination against female employees under Title VII of the Civil Rights Act.

Activision denies those allegations. EEOC and Activision negotiated a settlement and have agreed to resolve the issue through a Consent Decree. A Consent Decree is a legal document that explains the terms of an agreement between EEOC and Activision to resolve claims under Title VII of the Civil Rights Act alleged in the federal case.

### STATE LAW CLAIMS

This settlement does not affect claims that you may have under state law, including state non-discrimination, anti-harassment and equal pay laws.

---

### NOTICE FOR CALIFORNIA WORKERS

A related case is currently being litigated by the California Department of Fair Employment and Housing (DFEH) that may also affect your rights. The case is currently pending in the Los Angeles County Superior Court and is titled *DFEH v. Activision Blizzard, et al.*, Case No. 21STCV26571.

DFEH is the California agency responsible for enforcing claims under California's Fair Employment and Housing Act (FEHA) and California's Equal Pay Act (EPA), which both cover California workers. If you worked in California, you may have claims under FEHA or EPA that are separate from this settlement. If you participate in this settlement you will not be giving up your rights under California law.

If you wish to discuss your rights and potential claims with an attorney for the DFEH, please contact the DFEH at (213) 247-2154 or Blizzard.DFEH@dfeh.ca.gov.

---

### WHAT DO YOU GET FOR PARTICIPATING IN THIS SETTLEMENT?

In exchange for agreeing not to sue Activision under Title VII, and if you are eligible, you would receive a payment as described below.

### HOW SETTLEMENT AMOUNT WILL BE ALLOCATED?

| Title VII Claims | No. of Female Employees | Settlement Amount |
|---|---|---|
| Pregnancy Discrimination | 3,000 | $6 million |
| Sexual Harassment | 3,000 | $6 million |
| Retaliation related to Pregnancy Discrimination or Sexual Harassment Complaints | 3,000 | $6 million |
| **Estimated Amount Per Female Employee** | $6,000 per female employee | |
| **Total Settlement Amount:** | $18 million | |

## WHAT DOES THIS SETTLEMENT MEAN FOR YOU?

Your individual share of this settlement is approximately $_____ (before adjustments for taxes and payroll contributions), based on the value of your federal claims. This amount represents your share of damages, including back wages and emotional distress, that Activision will pay to resolve your claims under Title VII. The final amount you will receive will be reduced by deductions for items such as income tax withholding and Social Security contributions.

To get this benefit, you will need to sign a "release," which means you agree to give up certain legal claims under federal law. The enclosed Release forms describe the claims you would be giving up. Signing the Release does not limit your ability to pursue claims under state law. Some state laws, including California's, are significantly stronger than federal laws.

## RIGHT TO INDEPENDENT ADVICE AND CONSULTATION

You can talk with others about the settlement and the documents related to it, including attorneys, if you choose. No one can ask you or pressure you not to discuss the settlement and related documents with anyone you choose. No one can pressure you into signing any document.

As part of the Consent Decree, Activision has agreed to pay for one hour of one lawyer's time at a maximum hourly rate of $450. If you are interested in speaking with that lawyer to get their independent assessment about whether to sign the Release in exchange for the payment described above, please contact _____.

## WHAT IS YOUR NEXT STEP?

You should read this Notice and the enclosed Release form carefully.

Please do not ignore these forms or throw them away. Otherwise, you could miss an opportunity to receive money from Activision.

To be eligible for a payment, you must complete, sign, and return both of the following enclosed forms –

    (1) the "Release of Claims" (Release); and

    (2) Information Verification - to:

[Name and address for return of forms or instructions/email for electronic submission]

**DEADLINE**: The forms must be postmarked by [INSERT specific date]

You may receive some or all of these benefits only if these forms confirm that you are one of the individuals covered by the settlement. After correct completion and submission of these forms, a final decision will be made about your eligibility.

If you fail to return both of the required forms by the deadline above, or if your forms do not verify your eligibility, you will not be eligible to receive any of the settlement funds.

**HOW CAN YOU GET MORE INFORMATION?**

If you have any questions, you may contact _____ @eeoc.gov. You can also visit the U.S. EEOC website about this case at www._____. If you have questions about California law, you may contact the DFEH at (213) 247-2154 or Blizzard.DFEH@dfeh.ca.gov.

**ATTACHMENT TO NOTICE**

**To: Current and former female employees who worked for certain Activision companies from September 26, 2016 until September 27, 2021**.

**RELEASE OF CLAIMS UNDER TITLE VII OF THE CIVIL RIGHTS ACT**

**PLEASE CAREFULLY READ THE ENCLOSED NOTICE BEFORE COMPLETING THIS RELEASE. YOU MUST RETURN A SIGNED RELEASE TO RECEIVE MONEY FROM THE SETTLEMENT.**

This Release of Claims ("Release") is a legal document. The document states that in return for Activision's paying you money, you agree that you will waive federal claims of harassment based on sex-female, pregnancy discrimination, and retaliation for complaining about sexual harassment or pregnancy discrimination you might have against Activision, during your employment with Activision from September 1, 2016 until the September 27, 2021, under Title VII of the Civil Rights Act, as amended.

You can talk with others about the settlement and this document, including an attorney if you choose, and no one can pressure you into signing the document. You must sign and return the document by a certain date, you will not receive any money.

> In consideration of payment of $ \_\_\_\_ (less adjustments required by law) by Activision to me, I (print name) _____ agree to the following:
>
> By signing this Release, I agree to release Activision from any federal claim of harassment based on sex-female, pregnancy discrimination, or retaliation for complaining about sexual harassment or pregnancy discrimination that I have or might have against Activision, during my employment with Activision from September 26, 2016 until the September 27, 2021, under Title VII of the Civil Rights Act, as amended.
>
> I understand that Activision has agreed to pay the consideration of payment in this settlement to resolve the three federal claims above alleged on behalf of female employees in the federal action under Title VII of the Civil Rights Act, as amended.

**California workers**: I understand this release does not impact my right to obtain relief under California's Fair Employment and Housing Act (FEHA) and California's Equal Pay Act (EPA), or in the pending enforcement action entitled *DFEH v. Activision Blizzard, et al.*, Case No. 21STCV26571, in the Los Angeles Superior Court.

I have read this Release and I have had a full opportunity to consider and understand its terms and to consult with anyone of my choice and seek legal advice. I understand that if I do not sign this Release and return it, by the deadline, I will not receive any payment.

IN WITNESS WHEREOF,

Signature: --------------

Date: --------------

Printed Name: -----------