Anna Y. Park, SBN 164242
anna.park@eeoc.gov
Nakkisa Akhavan, SBN 286260
nakkisa.akhavan@eeoc.gov
Taylor Markey, SBN 319557
taylor.markey@eeoc.gov
Maurice Neishlos, NY SBN 5639265
maurice.neishlos@eeoc.gov
Alisha Ansari, SBN 312875
alisha.ansari@eeoc.gov
Ella Hushagen, SBN 297990
ella.hushagen@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 422-8396
Facsimile: (213) 894-1301
E Mail: lado.legal@eeoc.gov
Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ACTIVISION BLIZZARD, INC., BLIZZARD ENTERTAINMENT, INC., ACTIVISION PUBLISHING, INC., and KING.COM, INC., and DOES ONE through TEN, inclusive,<br><br>　　　　Defendants. | Case No.: 2:21-cv-07682-DSF-JEM<br><br>**DECLARATION OF ELLA HUSHAGEN IN SUPPORT OF OPPOSITION TO DFEH'S MOTION TO INTERVENE** |

# DECLARATION OF ELLA HUSHAGEN

I, Ella Hushagen, have personal knowledge of the facts set forth in this Declaration. I am competent to attest to these facts and would do so if called to testify.

1. I am a Senior Trial Attorney in the Los Angeles District Office ("LADO") of the United States Equal Employment Opportunity Commission (the "EEOC"). I have been employed at the EEOC since August 2020 and have been involved in the investigation and subsequent litigation against Defendants since that time.

2. I participated in a meet and confer video conference on November 3, 2021, with counsel for DFEH, Jahan Sagafi, Iris Mattes, and Amy Maurer.

3. During the meet and confer conference on November 3, 2021, we discussed the EEOC's potential motion to disqualify or seek other remedies due to potentially ongoing ethical issues initially raised by the participation of DFEH attorneys who formerly worked on this matter during their employment at EEOC. We agreed, in the spirit of cooperation and professional courtesy, to avoid further litigation on that issue at this time. EEOC and DFEH agreed to enter a stipulation and a protective order to allow for information sharing among counsel regarding the personal and substantial work performed by the attorneys in question. DFEH committed to sharing information about its efforts to screen conflicted attorneys and ensure that confidential information acquired by the former EEOC attorneys is not used against EEOC in these proceedings. EEOC is agreeing not to bring a disqualification motion at this time in the interests of judicial economy and cooperation, but it is not waiving its right to seek disqualification of DFEH's conflicted attorneys later or seek other appropriate relief regarding any conflict of interest should DFEH continue to litigate in this federal action. The email I sent memorializing this meet and confer conference is attached as **Exhibit O**. EEOC and DFEH intend to submit a stipulation and protective order to this Court to

memorialize this agreement.

4. In the context of discussing DFEH's motion to intervene and DFEH's position regarding the conflicted attorneys, Mr. Sagafi stated that DFEH was not "there to litigate in Federal Court." Mr. Sagafi stated there are a few possible outcomes with respect to the DFEH's Motion to Intervene in the EEOC's lawsuit. Mr. Sagafi stated that potentially the Court will allow DFEH to intervene and the Consent Decree will get "changed" in "ways [DFEH] likes." Or, as a result of DFEH's intervention, the EEOC's settlement agreement with Defendants will "fall apart," resulting in EEOC and Defendants litigating, and DFEH will "go away." But, Mr. Sagafi said, in the event the settlement falls apart and there are settlement discussions later on, DFEH will again seek a seat at the negotiating table. Alternatively, the Court will not allow DFEH to intervene and "[the conflict issue] is moot."

5. During the November 3, 2021 video conference, the parties met and conferred pursuant to Local Rule 7-3 regarding EEOC's evidentiary objections to the Declarations of Janette Wipper ("Wipper Decl.") and Jahan Sagafi ("Sagafi Decl.") In Support of DFEH's Motion to Intervene.

    a. EEOC argued in a written meet and confer correspondence and during the video conference that Ms. Wipper's declaration lacks foundation in personal knowledge and contains hearsay statements. A true and correct copy of the meet letter Nakkisa Akhavan sent DFEH's counsel is attached as **Exhibit P**. Mr. Sagafi agreed to revise Ms. Wipper's declaration in certain respects to lay foundation and demonstrate her personal knowledge. On Monday, November 8, 2021—*i.e.*, the deadline for EEOC's opposition to DFEH's Motion to Intervene—DFEH's counsel emailed us to report that they would not revise Ms. Wipper's declaration. It is their position that Ms. Wipper's declaration demonstrates personal knowledge.

    b. Mr. Sagafi disagreed that the statements attributed to EEOC

and Defendants restated in Ms. Wipper's declaration are hearsay. *See* Wipper Decl. ¶¶ 12 & 16.  Mr. Sagafi argued the statements are not submitted for their truth, but only to show DFEH's understanding and explain the steps DFEH took.  Mr. Sagafi sent authority and analysis for his argument.  EEOC is reviewing it.  EEOC has not yet determined whether it will move to strike portions of Ms. Wipper's declaration.

      c.    EEOC argued in its written meet and confer correspondence and during the conference that Mr. Sagafi's declaration contains incompetent expert evidence estimating damages in the instant action and identifying comparable damages in other lawsuits.  *See* Exh. P (meet and confer letter dated October 29, 2021); Sagafi Decl. ¶¶ 16-17.  We further argued that Exhibits F and G attached to Mr. Sagafi's declaration, *i.e.*, a consent decree the Department of Labor entered in a different lawsuit and an expert report submitted in another matter, are irrelevant and prejudicial.  Mr. Sagafi sent EEOC authority for his argument that his statements are permissible layperson testimony. Mr. Sagafi represented that the damages estimate he provided in his declaration, Sagafi Decl. ¶ 16, was a hypothetical example of what the EEOC should have provided the Court.

      d.    EEOC agreed to review Mr. Sagafi's authority and determine whether it will bring a motion to strike the offending portions of Mr. Sagafi's declaration. EEOC has not yet determined whether it will move to strike portions of Mr. Sagafi's declaration and Exhibits F and G.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on November 8, 2021, at Los Angeles, California.

Ella Hushagen
Senior Trial Attorney
EEOC, Los Angeles District Office

- 3 -