# EXHIBIT O

# EXHIBIT O

| | |
|---|---|
| **From:** | ELLA HUSHAGEN |
| **To:** | Sagafi, Jahan C.; ANNA PARK; TAYLOR MARKEY; NAKKISA AKHAVAN |
| **Cc:** | Activision O&G Pltf Counsel |
| **Subject:** | RE: Activision - EEOC M&C re Wipper & Sagafi Declarations |
| **Date:** | Monday, November 8, 2021 10:34:00 AM |
| **Attachments:** | image001.png |

Dear Jahan and colleagues,

Thank you for following up regarding our meet and confer last week.

With respect to the conflict motion, we will be sending you a proposed stipulation and a proposed protective order. We will hold on filing our Application for Leave to File Documents Under Seal to allow the parties to attempt to resolve the issue. If we need to proceed, you stated you would object. During the meet and confer meeting, the EEOC made a proposal to attempt to resolve the conflict issue. Specifically, the EEOC proposed the following:

1. The EEOC requested information from DFEH as to what specifically it has done to screen the former EEOC attorneys such that they are not providing confidential information, work product, and legal advice;
2. We requested information about what screening has been done or will be done to ensure that Ms. Wipper and other DFEH attorneys are not providing DFEH confidential information, work product, and legal advice;
3. EEOC requested that you identify who is representing the DFEH as the "client" in this matter presently;
4. We agreed to enter into a stipulation that the EEOC is not waiving the conflict, and that the two agencies will share information to resolve the matter. Both agencies expressed a desire to resolve the issue but if we cannot, and the DFEH continues to litigate without appropriate conflict screening, then the EEOC will be forced to bring this issue before the Court;
5. EEOC expressed willingness to enter into a protective order for "attorneys eyes only" to afford you the opportunity to review some of the documents we are seeking to seal. The protective order will specifically prohibit anyone from DFEH the ability to review the confidential and privileged documents.

As to your proposal to present a state bar complaint against the DFEH attorneys, the EEOC does not believe a State Bar complaint would be the proper mechanism to address our issues. The EEOC is a federal agency, so a State Bar proceeding would raise sovereign immunity issues. We think the federal court is the proper forum to decide this issue because it is ripe here. The Court can order the appropriate remedies in this federal court action if we are not able to resolve the issues. As laid out in several conversations with DFEH counsel, the EEOC is not here to punish the former EEOC attorneys. We have an obligation to protect the agency from the former EEOC attorneys' clear-cut violation of their ethical obligations by taking positions directly adverse to the EEOC, and the conflict under Rule 1.11 of Ms. Wipper and other DFEH attorneys.

We explained that the EEOC remained concerned about the conflict issue because of recent representations by counsel for DFEH that no screening was done other than for the former EEOC attorneys.

You suggested that if there is a finding by the state bar that the former EEOC attorneys are not conflicted, you would like to bring them back into the federal case. We do not believe it is appropriate for the former EEOC attorneys to come back into the federal case, and that Rule 1.11 prevents Ms. Wipper and other DFEH attorneys from providing confidential information, legal advice, and work product in this matter.

<u>The parties met and conferred pursuant to LR 7-3 on EEOC's motion to strike and we were able to come to agree to the following:</u>

You agreed to 1) remove improper redactions contained in Exhibits B-E of Ms. Wipper's declaration, and 2) revise Ms. Wipper's declaration so as to remove conclusory statements that do not demonstrate her personal knowledge by today, Friday, November 5. We stated that we will review what you file to confirm whether it cures the defects.

Last week, you emailed us Exhibits B through D to Ms. Wipper's declaration with improper redactions removed. It does not appear that you filed them with the court. We are still missing Exhibit E. You have not yet emailed us a revised declaration of Janette Wipper, nor did you file it. As you know, our opposition is due today. Not having time to review Ms. Wipper's revised declaration is prejudicial.

You explained that your position is that the hearsay statements in paragraphs 12 and 16 are not hearsay because they are not submitted for the truth of the matter asserted, but to explain DFEH's reaction. Thank you for providing your analysis in writing. We are reviewing it.

Regarding your declaration, we informed you that we believed paragraphs 16 and 17 and Exhibits F (paragraph 20) and G (paragraph 21) should be stricken. You said you have authority demonstrating that your assertions in paragraphs 16 and 17 (your ~$1 billion damages estimate and cases showing such damages are reasonable in comparable cases, respectively) is permissible layperson testimony. You argued that you are not attempting to insert expert testimony or imply that you have specialized knowledge. You told us that you included that information as an example of what EEOC should have provided to the Court, not to suggest that the damages should or will be that high.

We responded that you attached an expert's report from another matter to substantiate the assumptions in your damages estimate. Generally, attorneys are not laypersons because they do, in fact, have specialized knowledge and expertise.

We further argued that, in any event, at least the pay disparity damages should not be included in your estimate because the release EEOC claimants will sign does not release pay claims. You responded that if there is no release of pay claims, then maybe this can go away. The EEOC reiterated what it has communicated at every opportunity: that the action does not allege pay claims, nor does the release touch them.

Thank you for supplying authorities and further analysis for your contention that your damages estimate and string cite to 'comparable' cases is permissible layperson testimony. We are considering it to determine whether we will need to move to strike the specified paragraphs and exhibits and will provide you with a response shortly.



Ella Hushagen
Senior Trial Attorney
Los Angeles District Office
U.S. Equal Employment Opportunity Commission
☎ (213) 785-3036  🖨 (213) 894-1301
✉ ella.hushagen@eeoc.gov
Web: www.EEOC.gov



Get EEOC news in your inbox.
Sign up here.

*Email Confidentiality*: This communication, including any attachments, is from the U.S. Equal Employment Opportunity Commission, Los Angeles District Office, and contains confidential information intended only for the addressee(s). The information contained in the transmission may also be privileged and/or subject to attorney work-product protection, and exempt from disclosure under applicable law. If you are not the intended recipient, any use, dissemination, distribution or copying of this document or its contents is strictly prohibited. If you have received this communication in error please contact the sender via e-mail immediately and destroy all copies of the original message.

**From:** Sagafi, Jahan C. <jsagafi@outtengolden.com>
**Sent:** Friday, November 5, 2021 3:36 PM
**To:** ANNA PARK <ANNA.PARK@EEOC.GOV>; TAYLOR MARKEY <TAYLOR.MARKEY@EEOC.GOV>; NAKKISA AKHAVAN <NAKKISA.AKHAVAN@EEOC.GOV>; ELLA HUSHAGEN <ELLA.HUSHAGEN@EEOC.GOV>
**Cc:** Activision O&G Pltf Counsel <ActivisionO&GPltfCounsel@outtengolden.com>
**Subject:** RE: Activision - EEOC M&C re Wipper & Sagafi Declarations

Hi colleagues

  Did you have any thoughts in response to yesterday's email, below? We are happy to discuss further with you.

  Also, we should shortly be able to send you the proposed supplemental Wipper Declaration detailing personal knowledge per our conversation. In the meantime, here are unredacted versions of Exs. A-D. I still owe you Ex. E. Once we get you everything (which I hope will be today), please let us know if it does not allay your concerns. If it does resolve the issues, then perhaps we could file a stipulation on Monday allowing this to be entered into the record, and you could refer to it in your opposition if you like. Or, if you see another preferred path, please let me know that.

  We look forward to hearing from you and will also update you with the declaration and Ex. E as soon as possible.

Jahan



**Jahan C. Sagafi | Partner**
One California Street, 12th Floor | San Francisco, CA 94111
T 415-638-8808 | F 347-390-2187
jsagafi@outtengolden.com | Bio

   

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.
*Please consider the environment before printing this e-mail.*

**From:** Sagafi, Jahan C.
**Sent:** Thursday, November 4, 2021 9:29 PM
**To:** Anna Park (anna.park@eeoc.gov) <anna.park@eeoc.gov>; Taylor Markey (taylor.markey@eeoc.gov) <taylor.markey@eeoc.gov>; Nakkisa Akhavan (nakkisa.akhavan@eeoc.gov) <nakkisa.akhavan@eeoc.gov>; Ella Hushagen (ella.hushagen@eeoc.gov) <ella.hushagen@eeoc.gov>
**Cc:** Activision O&G Pltf Counsel <ActivisionO&GPltfCounsel@outtengolden.com>
**Subject:** Activision - EEOC M&C re Wipper & Sagafi Declarations

Hi Anna, Ella, and colleagues

  Following up on our meet and confer yesterday regarding the EEOC's concerns regarding the Wipper and Sagafi Declarations, we are planning to send you the proposed supplemental Wipper Declaration addressing the personal knowledge issues and the unredacted exhibits tomorrow. In the meantime, here are the answers to your questions as to hearsay and expert testimony.

  On the hearsay issue you raised re ¶¶ 12 and 16 of the Wipper Declaration, as we discussed, the DFEH is not offering the statements from Activision and the EEOC for the truth of the matter asserted. Federal Rule of Evidence 801 defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801. "[A]n out-of-court statement is not hearsay if offered for any purpose other than the truth of whatever the statement asserts." United States v. Lopez, 913 F.3d 807, 826 (9th Cir. 2019); see e.g. Jackson v. Fed. Express, No. 10 Civ. 1760, 2011 WL 13268046, at *5 (C.D. Cal. May 11, 2011) (finding that an email was admissible because it was used to demonstrate a party's awareness of the email and not offered "to prove the truth of the matter asserted therein"). Here, the DFEH is not offering the statements to assert that they are truthful. Rather, the DFEH is offering the facts to show the course of the communication between DFEH, Activision, and the EEOC, what DFEH understood to be happening, and why Ms. Wipper and DFEH took certain actions. Furthermore, the communications discussed in

paragraph 12 were attached to the Declaration as Exhibit B.

On the issue of expert testimony, Sagafi Declaration ¶ 16 does not present an expert damages calculation.  The declaration provides lay opinion testimony, which must be "rationally based on the witness's perception" and "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.  Indeed, the declaration specifically disavows any status as expert testimony on damages.  Instead, it walks through basic math to show how a party proposing a settlement might satisfy its burden to prove the reasonableness of a settlement, beginning with the first step, which is detailing the total best-case exposure.  Here, the declaration explicitly uses assumptions drawn from publicly available information.  Paragraph 17 was submitted to show results in other discrimination cases that the Court might find helpful.  Again, comparators are often presented to the Court to guide it in its assessment of reasonableness.  See, e.g., N.D. Cal. Procedural Guidance for Class Action Settlements (https://cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/).  As a result, neither paragraph constitutes expert testimony.

The Court's analysis in *Encompass Ins. Co. v. Berger*, No. 12 Civ. 8294, 2013 WL 12124281 (C.D. Cal. Dec. 10, 2013) is instructive:

> Generally, a lay witness may give an opinion only if it is rationally based on the perception of the witness, helpful in the determination of a fact at issue, and not based on specialized knowledge." *McDowell Welding & Pipefitting, Inc. v. U.S. Gypsum Co.*, 285 B.R. 460, 466-67 (D. Or. 2002) (citing Fed. R. Evid. 701).  Lay witnesses may, however, testify to conclusions and opinions based on a combination of their personal observations of the subject matter at issue and skills, knowledge, or experience obtained through their vocation. *See L.A. Times Commc'ns, LLC v. Dep't of Army*, 442 F. Supp. 2d 880, 887 (C.D. Cal. 2006) (citing *United States v. Crawford*, 239 F.3d 1086, 1090-91 (9th Cir. 2001) (witness could opine on meaning of a university's use of a term, based on his experience as university employee); *United States v. VonWillie*, 59 F.3d 922, 929 (9th Cir. 1995) (arresting police officer with experience in narcotics cases could give lay opinion testimony that drug traffickers commonly possess and use weapons)); *see also Asplundh Mfg. Div. v. Benton Harbor Eng'g*, 57 F.3d 1190, 1201-02 (3d Cir. 1995) ("[A] lay witness with first-hand knowledge can offer an opinion akin to expert testimony in most cases, so long as the trial judge determines that the witness possesses sufficient and relevant specialized knowledge or experience to offer the opinion.) (original emphasis omitted)).

*Id.* at *3.  As a lawyer with extensive first-hand knowledge of settlement approval motions, I can testify as a layperson based on my experience based on the experience obtained through my vocation.  The EEOC maintains the right to argue that the assumptions or calculations involved in the math in ¶ 16 are inappropriate for this case, or that the cases are distinguishable for some reason.

Similarly, Exhibits F and G to the Sagafi Declaration are relevant.  Exhibit F gives an example of the contours and release of a federal agency discrimination settlement with a technology firm.  Exhibit G provides the basis for one assumption that could be made about the magnitude of a gender pay disparity at a tech company.

Please let us know if you have any questions or concerns.

Jahan


**Jahan C. Sagafi**
415-638-8808