# EXHIBIT P

# EXHIBIT P



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Los Angeles District Office**

255 E. Temple Street, 4th Floor
Los Angeles, CA 90012
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Los Angeles Direct Dial: (213) 785-3090
FAX (213) 894-1118
Website: www.eeoc.gov

October 29, 2021

Jahan Sagafi
Outten & Golden LLP
One California St., Ste. 1250
San Francisco, CA 94111

*Sent via electronic mail only to:*      jsagafi@outtengolden.com

**Re:**   **Meet and confer regarding evidentiary deficiencies in the DFEH's declarations in support of its Motion to Intervene**.

Dear Counsel,

This letter identifies and describes deficiencies in the DFEH's declarations filed in support of its Motion to Intervene in the instant action.  We invite you to meet and confer regarding these deficiencies. We are available for a teleconference during the following times: Monday, November 1 except from 2:30-4:00 p.m., and Tuesday, November 2 except from 9:30-10:30 a.m. If you do not cure the deficiencies, we will file a motion to strike on November 8, 2021.

***The Exhibits to Janette Wipper's Declaration Contain Redactions in Violation of Local Rules 5.2-1 and 79-5.2.2***

The Declaration of Janette Wipper In Support of the DFEH's Motion to Intervene (ECF 24-10) attaches several exhibits reflecting correspondence between counsel for the DFEH, the EEOC and Defendants.  The names of the DFEH's counsel are redacted from Exhibits B, C, D, and E.

Local Rule 5.2-1 governs redactions in public filings, specifying that filers are to redact passport numbers, driver license numbers, and home address information.  In the event that a litigant wishes to redact information exceeding those limited categories, Local Rule 79-5.2.2 provides a process for sealing documents in non-sealed civil cases.

Redacting names of your counsel who EEOC alleges are conflicted in publicly-filed documents is patently improper under the Local Rules.  We will seek to strike the exhibits in their entirety for failing to comply with the Local Rules.

***Janette Wipper's Declaration Lacks Foundation***

Ms. Wipper's declaration in support of the DFEH's motion to strike is rife with hearsay statements and statements lacking foundation in personal knowledge. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal

knowledge of the matter." Fed. R. Evid. 602; *Lowry v. City of San Diego*, 858 F.3d 1248, 1256 (9th Cir. 2017) ("Generally, a witness must have personal knowledge of the matter to which she testifies.") (internal quotations omitted).

In particular, paragraphs 9, 10, 11, 13, 15, 16, and 17 fail to establish Ms. Wipper's personal knowledge to declare the facts therein. To the extent there are documents or communications that lay this foundation, they are not attached as exhibits. Paragraphs 12 and 16 also contain hearsay statements.

Ms. Wipper's declaration is not competent evidence, and we will ask the court to strike it in its entirety.

### *The Declaration of Jahan Sagafi Lacks Foundation and Contains Improper Expert Testimony*

The Declaration of Jahan Sagafi includes inaccuracies in its memorialization of the meet and confer process that preceded the DFEH's motion.  In paragraph 11, Mr. Sagafi writes that Mr. Schreiber sent the EEOC a draft notice to go to class members.  Mr. Sagafi describes the contents of the draft notice without providing it: the notice is not attached as part of Exhibit B.

The Declaration of Jahan Sagafi goes well beyond memorializing the meet and confer process. Mr. Sagafi's declaration also contains incompetent and improper expert testimony and statements lacking personal knowledge.

In Paragraphs 16 and 17, Mr. Sagafi states impermissible expert opinions about the "total potential exposure" in this case and "comparable" damages awards in other cases.  Federal Rules of Evidence 702-706 and Local Rules 16-2.4, 16-2.5 and 26-1(f) carefully regulate the introduction of expert evidence.  Mr. Sagafi's "damages estimate" is plainly improper and highly prejudicial expert testimony from a non-expert.  None of the procedural protections in place to interrogate expert evidence are available at this juncture to examine Mr. Sagafi's qualifications as an expert economist, nor his underlying assumptions and methodologies.

Exhibits F and G are irrelevant documents from other cases. Furthermore, Exhibit G is not cited once in the DFEH's brief and, as such, is plainly irrelevant.

We hope we can achieve a resolution with you regarding the issues described in this letter.  If we cannot achieve a resolution, we are prepared to move forward with a motion to strike.  Please let us know your availability to meet and confer at your earliest convenience.

Best regards,

/s/
Nakkisa Akhavan

2