1  Anna Y, Park, SBN 164242
   anna.park@eeoc.gov
2  Nakkisa Akhavan, SBN 286260
3  nakkisa.akhavan@eeoc.gov
   Taylor Markey, SBN 319557
4  taylor.markey@eeoc.gov
5  Maurice Neishlos, NY SBN 5639265
   maurice.neishlos@eeoc.gov
6  Alisha Ansari, SBN 312875
7  alisha.ansari@eeoc.gov
   Ella Caroline Hushagen, SBN 297990
8  ella.hushagen@eeoc.gov
9  U.S. EQUAL EMPLOYMENT
   OPPORTUNITY COMMISSION
10 255 East Temple Street, Fourth Floor
11 Los Angeles, CA 90012
   Telephone: (213) 422-8396
12 Facsimile: (213) 894-1301
13 Email:  lado.legal@eeoc.gov

14 Attorneys for Plaintiff
15 U.S. EQUAL EMPLOYMENT
   OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ACTIVISION BLIZZARD, INC., BLIZZARD ENTERTAINMENT, INC., ACTIVISION PUBLISHING, INC., and KING.COM, INC, and DOES ONE through TEN, inclusive,<br><br>Defendants. | Case No. 2:21-CV-07682-DSF-JEM<br><br>**PLAINTIFF EEOC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS OPPOSITION TO DFEH'S MOTION TO INTERVENE** |

TO THE COURT, TO ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff hereby requests, pursuant to Federal Rule of Evidence 201(b)(2), that the Court take judicial notice of the following documents submitted in support of Plaintiff's Opposition to DFEH's Motion to Intervene:

A. Plaintiffs' Opposition to the DFEH's Ex Parte Application Regarding Jurisdictional Issues filed in *Melanie McCracken, et al. v. Riot Games, Inc.*, Case No. 18STCV03957, Cal. Super. Court for the Cty. Of Los Angeles (Sept. 10, 2021). A true and correct copy of the document is attached hereto as **Exhibit A**. Judicial notice is proper because the existence of the document is not subject to reasonable dispute and is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2); *see also Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (holding that courts judicially notice "undisputed matters of public record, including documents on file in federal or state courts").

B. The EEOC/FEPA Model Worksharing Agreement between the Connecticut Commission on Human Rights and Opportunities and the EEOC's New York District Office for Fiscal Year 2012. A true and correct copy of the document is attached hereto as **Exhibit B**. Judicial notice is proper under FRE 201(b) because the existence of the document is not subject to reasonable dispute and is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2); *see Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986) ("[A] court may take judicial notice of records and reports of administrative bodies.") (quotations omitted), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991); *see also Scott v. Gino Morena Enterprises, LLC*, 888 F.3d 1101, 1107 n.3 (9th Cir. 2018) (granting judicial notice of Worksharing Agreement between DFEH and EEOC).

C. The introduction to the EEOC's Regional Attorneys' Manual guide. A true and correct copy of the document is attached hereto as **Exhibit C** and is available at https://www.eeoc.gov/regional-attorneys-manual. Judicial notice is proper under FRE

201(b) because the existence of the document is not subject to reasonable dispute and is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2); *see Mack*, 798 F.2d at 1282; *see also Protect Lake Pleasant, LLC v. McDonald*, 609 F.Supp.2d 895, 922 n.13 (D. Ariz. 2009) (taking judicial notice of a federal agency's website and its statements regarding an agency manual).

Date: November 8, 2021

Respectfully submitted,

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

By: */s/ Taylor Markey*
     Senior Trial Attorney
     E-Mail: taylor.markey@eeoc.gov