# EXHIBIT A

# EXHIBIT A

**JML LAW**
A PROFESSIONAL LAW CORPORATION
5855 TOPANGA CANYON BLVD., SUITE 300
WOODLAND HILLS, CALIFORNIA 91367
Tel: (818) 610-8800
Fax: (818) 610-3030

JOSEPH M. LOVRETOVICH, STATE BAR NO. 73403
NICHOLAS W. SARRIS, STATE BAR NO. 242011

Attorneys for Plaintiff Jess Negron

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT**

| | |
|---|---|
| MELANIE MCCRACKEN, an individual; JESSICA NEGRON, an individual; and GABRIELA DOWNIE, an individual,<br><br>             Plaintiff,<br><br>      vs.<br><br>RIOT GAMES, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>             Defendants.<br><hr><br>AND RELATED COMPLAINTS IN<br><br>INTERVENTION | Case No.:  18STCV03957<br><br>*Assigned to Hon. Elihu M. Berle in Dept. 6*<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' OPPOSITION TO THE DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING'S EX PARTE APPLICATION REGARDING JURISDICTIONAL ISSUES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF NICHOLAS W. SARRIS**<br><br>Date: September 9, 2021<br>Time: 8:30 a.m.<br>Dept.: 6 |

1

Plaintiffs, on behalf of themselves and all similarly situated individuals, hereby submit the following opposition to the Department of Fair Employment and Housing's Ex Parte Application Regarding Jurisdictional Issues.  This opposition is based upon the foregoing Memorandum of Points and Authorities, the Declaration of Nicholas W. Sarris, and the files and records in this matter.

DATED:      September 10, 2021          GENIE HARRISON LAW FIRM, APC


                                         By:    _/s/ Genie Harrison_____

                                                GENIE HARRISON
                                                MIA MUNRO
                                                ANDIE FIELDS
                                                Attorneys for Plaintiffs


DATED:      September 10, 2021          JML LAW, A Professional Law Corporation


                                         By:    _/s/ Nicholas W. Sarris_____

                                                JOSEPH M. LOVRETOVICH
                                                NICHOLAS W. SARRIS
                                                BROOKE C. BELLAH
                                                Attorneys for Plaintiffs

PLAINTIFFS' OPPOSITION TO THE DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING'S EX PARTE APPLICATION REGARDING JURISDICTIONAL ISSUES

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

*Power tends to corrupt and absolute power corrupts absolutely.* – Lord Acton.

In a blatant attempt by the DFEH to gain absolute power over the course of this litigation by removing the women who have come forward to prosecute this action as Plaintiffs, DFEH seeks an ex parte order allowing DFEH to file what is effectively a motion for summary judgment against Plaintiff Downie on the issuing of standing.  Apparently, DFEH is angered by Riot's failure to file a motion for summary judgment against Plaintiff Downie, particularly since DFEH wasted taxpayer dollars sending an advisory letter to Riot (a letter on which DFEH did not copy Plaintiffs' counsel) explaining why DFEH believes Plaintiff Downie lacks standing, so DFEH now asks the Court to intervene.  The DFEH's bravado, while impressive in its size, is disturbing because its actions seek to disenfranchise the women of Riot by preventing their participation in this case and leaving DFEH with unfettered control over the case's process and outcome. To say that DFEH"s conduct is disturbing is an understatement.

First and foremost, Plaintiff Downie has standing as she did not settle her individual claims that form the basis for this putative class action.[1]  (Declaration of Nicholas Sarris, para. 2).  The settlement agreement between Plaintiff Downie and Riot relates to Plaintiff Downie's individual claims that are distinct from the claims asserted in the class action.  (See Proctor Declaration, Ex. 1, pg. 1, para. A.).  The settlement agreement also explicitly excludes the claims alleged in this class action (Proctor Decl., Ex. 1, pg. 2, para. 2(b)) and permits Plaintiff Downie to participate as a representative and class member in this class action (Proctor Decl., Ex. 1, pg.

---

[1] Once again, DFEH misleads this Court by stating that the individual complaint filed by Plaintiff Downie was virtually identical to the class action.  In her individual complaint, Plaintiff Downie also asserted causes of action for Violation of Statutory Rights (Cal. Civ. Code §3344) and Violation of Common Law Rights of Publicity.  (See Complaint entitled Gabriella Downie v Riot Games, Case no. 18STCV09833 filed in the Los Angeles Superior Court.  With respect to those claims in Plaintiff Downie's individual complaint that overlapped the class action, those claims were specifically excluded from the settlement.  (Sarris Decl., para. 2).

PLAINTIFFS' OPPOSITION TO THE DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING'S EX PARTE APPLICATION REGARDING JURISDICTIONAL ISSUES

2, para. 2(d)).  Finally, the supplemental mutual release also explicitly does not apply to this class action.  (Proctor Decl., Ex. 1, pg. 12, para. 1(b)).

In its ex parte application, DFEH misleads this Court by failing to inform the Court that Riot has admitted in discovery responses that Plaintiff Downie did not settle her individual claims that are asserted in the putative class action.  Specially, Riot confirmed the following under penalty of perjury:

(1) Plaintiff Downie is a member of the putative class as described in the Third Amended Complaint ("TAC"); (Sarris Decl., Exhibit 1, Response to Request for Admission ("RFA") No. 10)

(2) Plaintiff can still pursue any of the claims that are currently alleged on behalf of the class in the above-listed action on an individual basis; (Sarris Decl, Ex. 1, Response to RFA No. 22)

(3) Plaintiff Downie's settlement agreement does "not impair or otherwise impact [her] abilities to represent the class, participate in the class as [a] class member[], and/or recover as [a] class member[s] in the action."  (Sarris Decl, Ex. 1, Response to RFA No. 26).

As such, DFEH's argument that Plaintiff Downie lacks standing thereby depriving this Court of jurisdiction is complete nonsense.

Second, DFEH's ex parte application fails to establish any irreparable harm or immediate danger justifying ex parte relief.  No MSC is scheduled, no settlement has been reached, no negotiations have taken place since 2020 and no settlement has been presented to this Court for approval.  Moreover, any party can request a MSC pursuant to California Rules of Court.  If Plaintiff and Riot ultimately request an MSC, DFEH can certainly attend, and Plaintiffs' counsel hopes that DFEH would attend.  In fact, Plaintiffs have repeatedly sought DFEH's participation in settlement discussions, including inviting DFEH to participate in a mediation with Mark Rudy for which Plaintiffs and Riot paid at no cost to DFEH.  Despite DFEH's repeated unprofessional behavior in this case, Plaintiffs still prefer to have DFEH attend further mediations and/or an MSC.  But Plaintiffs believe it is completely inappropriate for DFEH to attempt to prevent

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

PLAINTIFFS' OPPOSITION TO THE DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING'S EX PARTE APPLICATION REGARDING JURISDICTIONAL ISSUES

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

Plaintiffs from discussing potential resolution with Riot.  It is disheartening that DFEH views a path forward towards possible resolution as a bad thing.  (Sarris Decl., para. 4).

Third and finally, the sole purpose of this ex parte is for DFEH to eliminate Plaintiffs and their counsel from this case so that DFEH can be the sole decision maker in how the case is prosecuted.  This motivation is evidenced by DFEHs attempt to persuade Riot to move against Plaintiffs to assert the DFEH's frivolous alleged jurisdictional analysis behind the backs of Plaintiff as previously described.  (Sarris Decl., para. 5).  DFEH's pattern of attempting to have sole control over this litigation is also evidenced by DFEH's conduct in another matter with similar allegations to this case, *Department of Fair Employment and Housing v. Activision Blizzard, Inc.*, et al., Case No. 21STCV26571, which was recently filed in Los Angeles Superior Court.  In the *Activision* case, DFEH attempted to dissuade the women working at Activision/Blizzard from speaking with private counsel when it sent the following email to female employees of Blizzard:

> We also wanted to follow up and alert you that you may be contacted by private attorneys seeking to become your attorney for this case. It is unnecessary and may be misleading or confusing.  A private attorney would have to file suit in your name or get the court's permission for you to intervene as a named plaintiff in this matter.  Please let us know if any attorney attempts to solicit your business for this case. (Emphasis added).  (Sarris Decl., para. 6-7, Ex. 2).

The above email makes clear that DFEH does not want private attorneys, other than perhaps counsel it hand-picks and can control, involved in cases where DFEH is a participant. Worse yet, DFEH is actively telling women that it is unnecessary for them to retain private counsel.  The fact is that DFEH represents the interests of the DFEH, not the women who are affected by these lawsuits.

Any settlement of this case by Plaintiffs would require approval by this Court – regardless of whether such settlement was achieved through an MSC -- notification of the class and an opportunity for class members to object or opt out.  But DFEH is devoid of such accountability, which is why it wants Plaintiffs' counsel out; the mere presence of Plaintiffs' counsel ensures that the women of Riot will have their interests heard.  (Sarris Decl., para. 8).

As the record clearly indicates, Plaintiffs' counsel has not placed the DFEH in a position where they must seek emergency relief or else face the loss of any of the DFEH's rights. Plaintiffs and their counsel have neither taken any action to prevent the DFEH's involvement in any settlement discussions nor submitted a settlement to this Court for approval. If that day comes, DFEH can file all the objections it wants, and this Court will be the arbiter of whether any such settlement is fair and reasonable. But until then, DFEH should not be permitted to interfere with the putative class action, particularly through frivolous ex parte motions. (Sarris Decl., para. 9).

## II.    LEGAL ARGUMENT

### A.   THE DFEH HAS FAILED TO MAKE AN AFFIRMATIVE SHOWING OF IRREPARABLE HARM, IMMEDIATE DANGER, OR ANY OTHER STATUTORY BASIS FOR ITS EX PARTE APPLICATION

California Rule of Court, Rule 3.1202(c) states:

> An applicant must make an affirmative factual showing in a declaration containing competent testimony based on personal knowledge of irreparable harm, immediate danger, or any other statutory basis for granting relief ex parte.

"A trial court should deny an ex parte application absent the requisite showing." *People ex rel. Allstate Ins. Co. v. Suh* (2019) 37 Cal.App.5th 253, 257.

Here, DFEH has failed to meet its burden of establishing that it faces irreparable harm or immediate danger. While DFEH claims that it might lose its rights, Plaintiffs and Riot have neither the power nor the authority to settle the putative class such that they could bar the DFEH's claims. While Plaintiffs and Riot could, in theory, enter into a settlement agreement (presuming, of course, that Riot would be willing to pay what Plaintiffs believe to be a fair and adequate settlement)[2], this Court must preliminarily approve the settlement, give the women of

---

[2] As an aside, we also note that DFEH's suggestion that sufficient discovery has not occurred such that a MSC should not proceed is ridiculous being that DFEH had no problem participating in a mediation with Mark Rudy in 2020 when the parties had less information. Moreover, the parties possess a statistically significant amount of data such that a settlement framework could be achieved presuming the terms of a settlement can be reached.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

PLAINTIFFS' OPPOSITION TO THE DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING'S EX PARTE APPLICATION REGARDING JURISDICTIONAL ISSUES

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

1   Riot the opportunity to be heard and, if all goes well, grant final approval.  It is this Court that

2   holds the power to determine the implications of any settlement, not Plaintiffs and not Riot.

3          Based upon the aforementioned facts and law, Plaintiffs respectfully request that the

4   Court deny the DFEH's *ex parte* application as the DFEH has failed to present any evidence of

5   irreparable harm, immediate danger, or any other statutory basis for granting relief ex parte.

6      **B.  PLAINTIFF DOWNIE HAS STANDING AND THUS NO JURISDCTIONAL**

7          **ISSUE EXIST.**

8          DFEH is also completely wrong in its assertion that jurisdictional issues exist in this case.

9   In *Watkins v. Wachovia Corp.* (2009) 172 Cal.App.4th 1576, Plaintiff brought a class action

10  against Wachovia seeking damages for unpaid overtime compensation for herself[3] and a

11  purported class of similarly situated workers.  The trial court denied Watkins's motion for class

12  certification, and she subsequently settled all of her claims against Wachovia but attempted to

13  retain the right to appeal the denial of class certification in her representative capacity.

14  Importantly, the settlement of Watkins's individual claims was not limited to her claims related

15  to wrongful termination, but also encompassed her overtime claims. Further, <u>Watkins agreed that</u>

16  <u>if the class action was ultimately successful, she would not be entitled to any class recovery</u>.

17  *Watkins v. Wachovia Corp.*, 172 Cal. App. 4th 1576, 1584–85 (2009).

18          In holding that Watkins lacked standing to pursue her wage claims on behalf of the class,

19  the court relied upon the fact that "Watkins settled her wage claim. Watkins did not simply settle

20  her individual wrongful termination claim, leaving her wage claim—which was asserted as a

21  class action—untouched. Instead, she settled her wage claim and agreed that, if the class was

22  somehow ultimately successful in obtaining relief, she would not be entitled to participate in that

23

24  _____

25  We also note that DFEH's characterization of the discovery efforts made by Plaintiffs is
    incorrect and offensive.  While we have very strong opinions about the DFEH's litigation style
26  and its lack of effectiveness in advancing the interests of the women of Riot, we will not waste
    the Court's time with the details of our critiques.
27

28  [3] There were actually multiple Plaintiffs in *Watkins*, but their claims are not pertinent to the
    analysis.

7

relief." *Id*. at 1588.  As a result, the Court held that "if the class is ultimately certified and obtains a recovery, the settling plaintiff cannot share in it, having already received <u>complete recovery</u>." *Id*. at 1592 (emphasis added).

Unlike in *Watkins*, it is undisputed that Plaintiff Downie did not settle her claims asserted in the putative class action.  In this regard, we note Riot's response to Plaintiff Downie's Request for Admission No. 13, which states in pertinent part:

> Riot admits that Riot and Plaintiff Downie did not settle Downie's individual claims against Riot that were brought on behalf of a putative class in the Second Amended Complaint before Riot's submission of Catherine Conway's Declaration to the Court on March 5, 2020.

Moreover, Riot has also confirmed in in response to Plaintiff Downie's Request for Admission No. 26 that Plaintiff Downie's settlement agreement does "not impair or otherwise impact [her] abilities to represent the class, participate in the class as [a] class member[], and/or recover as [a] class member[s] in the action."

As the evidence clearly establishes that Plaintiff Downie has not obtained complete recovery and has specifically not released either her individual or class claims asserted in the Third Amended Complaint, Plaintiff Downie has standing to pursue the putative class action. We have repeatedly explained this to the DFEH to no avail.

As to DFEH's assertion that the Court lacks jurisdiction, DFEH's citation to *Watkins* is not accurate; the portion of the opinion cited as pertaining to jurisdiction is actually found on page 1588, not 1592.[4]  Next, the full text of DFEH's cherry-picked quote provides context for the question of whether jurisdiction is at issue in our case:

> We begin with the premise that courts will not render opinions on moot questions. (*Larner v. Los Angeles Doctors Hospital*

---

[4] Oddly, DFEH made the same citation error in its secret letter to Riot.  Plaintiffs' counsel pointed this error out to DFEH and Riot, but DFEH did not correct this mistake.  This leads Plaintiffs' counsel to believe that DFEH is not reading correspondence sent in this case by Plaintiffs' counsel and thus is not engaging in good faith discussions with counsel over the legal issues it now raises with the Court.

PLAINTIFFS' OPPOSITION TO THE DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING'S EX PARTE APPLICATION REGARDING JURISDICTIONAL ISSUES

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

*Associates, LP* (2008) 168 Cal.App.4th 1291, 1296, 86 Cal.Rptr.3d 324.) When the parties to a case have settled their underlying dispute, dismissal of the appeal as moot is appropriate because the settlement moots the issues on appeal. (*Id.* at pp. 1296–1297, 86 Cal.Rptr.3d 324.) This is true even when the parties' agreement purports to preserve the right to appeal. The parties cannot, by agreement, give this court jurisdiction to hear an otherwise moot appeal. (Id. at pp. 1297–1298, 86 Cal.Rptr.3d 324.) We therefore must consider whether Watkins's settlement of her individual claims rendered this appeal moot, regardless of any stated intention of the parties to preserve Watkins's right to pursue her representative claims. *Watkins*, *supra*, 172 Cal. App. 4th at p. 1588.

As the above citation makes clear, the issue of appellate court jurisdiction rested on whether Watkins's settlement rendered her appeal moot.  Because Watkins settled her individual claims that formed the basis of her class claims, she was no longer a part of the putative class and thus lacked appellate rights.  Here, Plaintiff Downie has not settled her individual claims that form the basis of the current class claims and is a member of the putative class.  As such, no jurisdictional issue exists.

## C.  PLAINTIFFS AND RIOT HAVE THE RIGHT TO REQUEST AN MSC

On the court's own motion or at the request of any party, the court may set one or more mandatory settlement conferences.  California Rules of Court, Rule 3.1380.  California law gives any party to a lawsuit the right to request an MSC while the Court retains the power to order a MSC.  The DFEH is requesting that this Court limit its power by not ordering a MSC until DFEH deems it appropriate.  No case law exists to support DFEH's request.  Moreover, Plaintiffs are more than confident that this Court does not need the DFEH to tell it what powers it should and should not have.   Finally, we note that DFEH erroneously argues that Plaintiffs and Riot would seek to utilize a MSC Judge to usurp the approval process of a class action settlement.  This is not the case as any settlement would have to be approved by this Court.

## III.    CONCLUSION

Based upon the foregoing, Plaintiffs respectfully request that the Court deny the DFEH's ex parte application for an order preventing a MSC and ordering the briefing on an issue that Riot has not raised via a motion for summary judgment/adjudication.

PLAINTIFFS' OPPOSITION TO THE DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING'S EX PARTE APPLICATION REGARDING JURISDICTIONAL ISSUES

**JML LAW**
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

1

2      DATED:      September 10, 2021          GENIE HARRISON LAW FIRM, APC

3

4                                             By:    */s/ Genie Harrison*_____

5                                                    GENIE HARRISON
                                                     MIA MUNRO
6                                                    ANDIE FIELDS
7                                                    Attorneys for Plaintiffs

8
       DATED:      September 10, 2021          JML LAW, A Professional Law Corporation
9

10

11                                            By:    */s/ Nicholas W. Sarris*_____

12                                                   JOSEPH M. LOVRETOVICH
                                                     NICHOLAS W. SARRIS
13                                                   BROOKE C. BELLAH
                                                     Attorneys for Plaintiffs
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' OPPOSITION TO THE DEPARTMENT OF FAIR EMPLOYMENT AND
HOUSING'S EX PARTE APPLICATION REGARDING JURISDICTIONAL ISSUES

**JML LAW**
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

## DECLARATION OF NICHOLAS W. SARRIS

I, Nicholas W. Sarris, do hereby declare:

1.     I am an attorney duly licensed to practice law before all courts of the State of California. I am a partner with the law firm of JML LAW, APLC, and along with the GENIE HARRSIONS LAW FIRM, APC, am co-counsel for Plaintiffs and the putative class in this action. This declaration is submitted in opposition to Plaintiff's Opposition to the Department of Fair Employment and Housing's (hereinafter "DFEH") ex parte application for an order requesting this Court order briefing on a nonexistent jurisdictional issue and asking the Court to prevent negations between Plaintiffs and Riot via a Mandatory Settlement Conference. The following facts are within my personal knowledge and, if called as a witness herein, I can and will competently testify thereto.

2.     Plaintiff Downie has standing as she did not settle her individual claims that form the basis for this putative class action.  In her individual complaint, Plaintiff Downie asserted causes of action for Violation of Statutory Rights (Cal. Civ. Code §3344) and Violation of Common Law Rights of Publicity, in addition to claims for violation of the equal pay act and FEHA.  (See Complaint entitled Gabriella Downie v Riot Games, Case no. 18STCV09833 filed in the Los Angeles Superior Court).  With respect to those claims in Plaintiff Downie's individual complaint that overlapped the class action, those claims were specifically excluded from the settlement.

3.     Attached hereto as **Exhibit 1** is a true and correct copy of Riot Games, Inc.'s Responses to Plaintiff Downie's Request for Admissions, Set Two.

4.     DFEH's ex parte application fails to establish any irreparable harm or immediate danger justifying ex parte relief.  No MSC is scheduled, no settlement has been reached, no negotiations have taken place since 2020 and no settlement has been presented to this Court for approval.  If Plaintiff and Riot ultimately request an MSC, DFEH can certainly attend, and Plaintiffs' counsel hopes that DFEH would attend.  In fact, Plaintiffs have repeatedly sought DFEH's participation in settlement discussions, including inviting DFEH to participate in a mediation with Mark Rudy for which Plaintiffs and Riot paid at no cost to DFEH.  Despite

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

PLAINTIFFS' OPPOSITION TO THE DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING'S EX PARTE APPLICATION REGARDING JURISDICTIONAL ISSUES

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

DFEH's repeated unprofessional behavior in this case, Plaintiffs still prefer to have DFEH attend further mediations and/or an MSC.  But Plaintiffs believe it is completely inappropriate for DFEH to attempt to prevent Plaintiffs from discussing potential resolution with Riot.  It is disheartening that DFEH views a path forward towards possible resolution as a bad thing.

5.      The sole purpose of this ex parte is for DFEH to eliminate Plaintiffs and their counsel from this case so that DFEH can be the sole decision maker in how the case is prosecuted.  This motivation is evidenced by DFEHs attempt to persuade Riot to move against Plaintiffs to assert the DFEH's frivolous alleged jurisdictional analysis behind the backs of Plaintiff as previously described.

6.      DFEH's pattern of attempting to have sole control over this litigation is also evidenced by DFEH's conduct in another matter with similar allegations to this case, *Department of Fair Employment and Housing v. Activision Blizzard, Inc.*, et al., Case No. 21STCV26571, which was recently filed in Los Angeles Superior Court.  In the *Activision* case, DFEH attempted to dissuade the women working at Activision/Blizzard from speaking with private counsel when it sent the following email to female employees of Blizzard:

> We also wanted to follow up and alert you that you may be contacted by private attorneys seeking to become your attorney for this case. It is unnecessary and may be misleading or confusing.  A private attorney would have to file suit in your name or get the court's permission for you to intervene as a named plaintiff in this matter.  Please let us know if any attorney attempts to solicit your business for this case. (Emphasis added).

7.      Attached hereto as **Exhibit 2** is a true and correct copy of the email DFEH sent to women employed at Activision Blizzard, dated August 10, 2021, referenced above.

8.      Any settlement of this case by Plaintiffs would require approval by this Court – regardless of whether such settlement was achieved through an MSC -- notification of the class and an opportunity for class members to object or opt out.

9.      Plaintiffs' counsel has not placed the DFEH in a position where they must seek emergency relief or else face the loss of any of the DFEH's rights. Plaintiffs and their counsel

PLAINTIFFS' OPPOSITION TO THE DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING'S EX PARTE APPLICATION REGARDING JURISDICTIONAL ISSUES

have neither taken any action to prevent the DFEH's involvement in any settlement discussions nor submitted a settlement to this Court for approval.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on this 10th day of September, 2021, in Woodland Hills, California.

By: */s/ Nicholas W. Sarris* .

NICHOLAS W. SARRIS

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

PLAINTIFFS' OPPOSITION TO THE DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING'S EX PARTE APPLICATION REGARDING JURISDICTIONAL ISSUES

# Exhibit 1

GIBSON, DUNN & CRUTCHER LLP
CATHERINE A. CONWAY, SBN 98366
  cconway@gibsondunn.com
KATHERINE V.A. SMITH, SBN 247866
  ksmith@gibsondunn.com
TIFFANY PHAN, SBN 292266
  tphan@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

KAPLAN HECKER & FINK LLP
ROBERTA A. KAPLAN, *PRO HAC VICE PENDING*
  rkaplan@kaplanhecker.com
GABRIELLE E. TENZER, *PRO HAC VICE PENDING*
  gtenzer@kaplanhecker.com
350 Fifth Avenue, Suite 7110
New York, New York 10118
Telephone: 212.763.0883
Facsimile: 212.564.0883

Attorneys for Defendant RIOT GAMES, INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

## CENTRAL DISTRICT

| | |
|---|---|
| MELANIE MCCRACKEN, an individual; and JESSICA NEGRON, an individual; and GABRIELA DOWNIE, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>RIOT GAMES, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>―――――――――――――――<br>DIVISION OF LABOR STANDARDS AND ENFORCEMENT, DEPARTMENT OF INDUSTRIAL RELATIONS, an agency of the State of California,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>RIOT GAMES, INC., a Delaware corporation; and DOES 1 through 10, inclusive, | CASE NO. 18STCV03957<br><br>**DEFENDANT RIOT GAMES, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF GABRIELA DOWNIE'S SECOND SET OF REQUESTS FOR ADMISSIONS**<br><br>ASSIGNED FOR ALL PURPOSES TO: THE HON. JUDGE ELIHU M. BERLE DEPARTMENT 6<br><br>Action Filed: Nov. 5, 2018<br>Trial Date: None set |

Gibson, Dunn & Crutcher LLP

DEFENDANT RIOT GAMES, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF GABRIELA DOWNIE'S SECOND SET OF REQUESTS FOR ADMISSIONS

| | |
|---|---|
| 1 | |
| 2 | Defendants. |

DEPARTMENT OF FAIR EMPLOYMENT
AND HOUSING, an agency of the State of
California,

          Plaintiff-Intervenor,

      v.

RIOT GAMES, INC., a Delaware corporation;
RIOT GAMES DIRECT, INC., a Delaware
Corporation; RIOT GAMES
MERCHANDISE, INC., a Delaware
Corporation; RIOT GAMES PRODUCTIONS,
INC., a Delaware Corporation; and DOES 1
through 10, inclusive,

          Defendants.

DEFENDANT RIOT GAMES, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF GABRIELA DOWNIE'S
SECOND SET OF REQUESTS FOR ADMISSIONS

**PROPOUNDING PARTY:**      Plaintiff Gabriela Downie

**RESPONDING PARTY:**      Defendant, Riot Games, Inc.

**SET NUMBER:**      Two (2)

     Pursuant to California Code of Civil Procedure § 2033.030, Defendant Riot Games, Inc. ("Riot") hereby responds to Plaintiff Gabriela Downie's ("Plaintiff") Second Set of Requests for Admission ("Requests for Admission" or "RFAs").

## **PRELIMINARY STATEMENT**

     Riot's responses to Plaintiff's Requests are made solely for the purposes of this action and to the best of Riot's present knowledge, information and belief respecting the matters about which inquiry has been made.  Discovery in this matter is continuing and, consequently, Riot may not have yet identified all information responsive to the Requests.  As discovery in this action proceeds, Riot anticipates that it may discover additional or different information.  Without in any way obligating itself to do so, Riot reserves the right to amend, supplement, clarify or further explain its responses at any time in the future, and to make use of, or to introduce at any hearing, information responsive to these Requests but discovered subsequent to the date of Riot's initial responses.

     Furthermore, these responses are without prejudice to the right of Riot to use or rely on at any time, any subsequently discovered information, or information omitted from these responses as a result of mistake, error, oversight or inadvertence.  Riot further reserves the right to provide additional information and evidence at any time, and to object on appropriate grounds to the introduction of any portion of these responses into evidence.

     Riot responds to these Requests as it interprets and understands them.  If Plaintiff subsequently asserts an interpretation of any RFA that differs from Riot's understanding, Riot reserves its right to supplement its objections and/or responses herein.

     Riot does not concede the relevancy, materiality, or admissibility of any information sought by these Requests or any response hereto.  Riot's responses are made subject to and without waiver of any objections as to the relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information referred to or of the responses given herein, or of the subject matter thereof, in any proceeding.

Gibson, Dunn & Crutcher LLP

3

DEFENDANT RIOT GAMES, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF GABRIELA DOWNIE'S SECOND SET OF REQUESTS FOR ADMISSIONS

Riot states that, except for facts explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred from these responses.  The fact that Riot has responded to any Request is not intended to be, and shall not be construed as, a waiver by Riot of any part of any objection to any Request.

## **GENERAL OBJECTIONS**

Specific objections to each Request are made on an individual basis in Riot's responses below. In addition to these specific objections, Riot makes general objections to these Requests and the definitions and instructions governing them.  Riot's specific objections to individual Requests are submitted without waiving any of the general objections, even if not expressly set forth in the individual response.  The inclusion of any objection in any specific response is not a waiver of any general objection.

1.      Riot objects to the Requests and to any instructions, direction, or definitions in the Requests to the extent they purport to impose any requirement or discovery obligation beyond that set forth in the California Code of Civil Procedure or other applicable laws and rules of the Court.

2.      Riot objects to the Requests to the extent they seek information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.  In responding to the Requests, Riot will not provide any information protected from disclosure by any of the foregoing privileges.  Riot does not intend to waive any such privilege or immunity in connection with these responses.  The inadvertent disclosure of any such information shall not constitute a waiver of any privilege or right that Riot may have to object to the use of any such information.

3.      Riot objects to the Requests to the extent they purport to seek information that is confidential and/or proprietary.  Riot will provide such information, if and when the Court approves and enters a protective order governing the use and protection of confidential and proprietary information that is agreeable to all parties.

4.      Riot objects to the Requests to the extent they purport to request information that is not relevant to the claims or defenses of any party in this litigation and/or is not reasonably calculated to lead to the discovery of admissible evidence.

5.      Riot objects to the Requests to the extent they are overly broad, unduly burdensome, vague, and ambiguous.

6.      Riot objects to the Requests to the extent they seek information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.  In responding to the Requests, Riot will not provide any information protected from disclosure by any of the foregoing privileges.  Riot does not intend to waive any such privilege or immunity in connection with these responses.  The inadvertent disclosure of any such information shall not constitute a waiver of any privilege or right that Riot may have to object to the use of any such information.

7.      Riot objects to the Requests to the extent they purport to require Riot to identify information or documents that support any given fact or legal assertion, on the grounds that such Requests would require subjective judgment on the part of Riot and its attorneys, and would require further disclosure of a conclusion or opinion of counsel in violation of the attorney work product doctrine.

8.      Riot objects to the Requests to the extent they exceed the permissible scope of discovery by purporting to require Riot to provide information not in Riot's possession, custody, or control.  In responding to each individual Request, Riot will not attempt to provide information outside its possession, custody, or control.

9.      Riot objects to the Requests to the extent they call for publicly available information.

10.      Riot objects to the Requests to the extent they seek information in the possession, custody, or control of Plaintiff in this action.

11.      Riot objects to the Requests to the extent they seek documents protected by other individuals' rights of privacy under, among other authorities, Article I, section 1 of the California Constitution, including but not limited to the rights of privacy over personal financial records, employment history, and personnel records.

12.      Riot objects to the Requests to the extent they are vague, ambiguous, unintelligible, overbroad, unduly burdensome, or seek information irrelevant to the subject matter of this action or disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed

Gibson, Dunn &
Crutcher LLP

5

DEFENDANT RIOT GAMES, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF GABRIELA DOWNIE'S
SECOND SET OF REQUESTS FOR ADMISSIONS

discovery outweighs the likely benefit.  Where a term is vague or ambiguous, Riot will respond based on its understanding of the term.

13.     Riot objects to the Requests to the extent they are not reasonably limited in time.

14.     Riot objects to the Requests on the grounds, and to the extent, that they call for legal conclusions, legal reasoning, legal theories, or information that is the proper subject of expert discovery.  (See *Sav-On Drugs, Inc.*, supra, 15 Cal.3d at p. 5.)

15.     Riot's objections to the Requests are not admissions to the existence of any fact set forth in or assumed by such Requests or that such answer constitutes relevant evidence.  No incidental or implied admissions are intended by the responses herein.  That Riot has objected to any Request should not be taken as an admission that Riot accepts or admits the existence of any "facts" set forth or assumed by such Request.

16.     Nothing in Riot's Responses constitutes an admission of Plaintiff Negron or Plaintiff Downie's standing and/or adequacy to act as a putative class or PAGA representative in this action, nor does it constitute an admission that Plaintiff Negron or Plaintiff Downie qualifies as an "aggrieved employee."  Riot reserves any and all arguments it may have with respect to Plaintiff Negron and Plaintiff Downie's standing and/or adequacy to act as a putative class or PAGA representative.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 9:**

Admit that Plaintiff Downie and Plaintiff Negron were members of the putative class as defined in the Second Amended Complaint in this action entitled *McCracken v. Riot Games, Inc.*, et al., Case No. 18STCV03957 at all times that the Second Amended Complaint was the operative complaint in this action.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Riot hereby incorporates its Preliminary Statement and General Objections as though fully set forth herein.  Riot further objects to this Request as vague and ambiguous, including but not limited to, its use of the undefined terms "members of the putative class" and "at all times that the Second Amended Complaint was the operative complaint in this action."  Riot further objects to this Request to the extent it calls for a legal conclusion, legal reasoning, or legal theories.  Riot further objects to

Gibson, Dunn & Crutcher LLP

6

DEFENDANT RIOT GAMES, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF GABRIELA DOWNIE'S SECOND SET OF REQUESTS FOR ADMISSIONS

1   this Request to the extent it seeks information protected by the attorney-client privilege, the work

2   product doctrine, or any other applicable privilege.  Riot further objects to this Request on the ground

3   that Plaintiff Downie is improperly propounding discovery requests on behalf of Plaintiff Jessica Ne-

4   gron, particularly because Plaintiff Negron's claims are subject to arbitration.

5          Subject to and without waiving the foregoing objections, Riot responds as follows:  Admit.

6   **REQUEST FOR ADMISSION NO. 10:**

7          Admit that Plaintiff Downie is a member of the putative class as defined in the Third

8   Amended Complaint in this action entitled *McCracken v. Riot Games, Inc.*, et al., Case No.

9   18STCV03957.

10   **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

11          Riot hereby incorporates its Preliminary Statement and General Objections as though fully set

12   forth herein.  Riot further objects to this Request as vague and ambiguous, including but not limited

13   to, its use of the undefined term "member of the putative class."  Riot further objects to this Request

14   to the extent it calls for a legal conclusion, legal reasoning, or legal theories.  Riot further objects to

15   this Request to the extent it seeks information protected by the attorney-client privilege, the work

16   product doctrine, or any other applicable privilege.

17          Subject to and without waiving the foregoing objections, Riot responds as follows:  Admit.

18   **REQUEST FOR ADMISSION NO. 11:**

19          Admit that Plaintiff Negron was a member of the putative class as defined in the Third

20   Amended Complaint in this action entitled *McCracken v. Riot Games, Inc.*, et al., Case No.

21   18STCV03957 until the Court granted Riot Games' order compelling her to arbitration.

22   **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

23          Riot hereby incorporates its Preliminary Statement and General Objections as though fully set

24   forth herein.  Riot further objects to this Request as vague and ambiguous, including but not limited

25   to, its use of the undefined term "member of the putative class."  Riot further objects to this Request

26   to the extent it calls for a legal conclusion, legal reasoning, or legal theories.  Riot further objects to

27   this Request to the extent it seeks information protected by the attorney-client privilege, the work

28   product doctrine, or any other applicable privilege.  Riot further objects to this Request on the ground

Gibson, Dunn &
Crutcher LLP

DEFENDANT RIOT GAMES, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF GABRIELA DOWNIE'S
SECOND SET OF REQUESTS FOR ADMISSIONS

that Plaintiff Downie is improperly propounding discovery requests on behalf of Plaintiff Jessica Ne-

gron, particularly because Plaintiff Negron's claims are subject to arbitration.

Subject to and without waiving the foregoing objections, Riot responds as follows:  Admit.

**REQUEST FOR ADMISSION NO. 12:**

Admit that DEFENDANT's March 5, 2020 representation to the Court in this matter through

the Declaration of Catherine Conway (attached hereto as Exhibit A) that "Riot and Plaintiff Downie

settled Downie's individual claims that were not being pursued in the class action" was a true and ac-

curate statement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Riot hereby incorporates its Preliminary Statement and General Objections as though fully set

forth herein.  Riot further objects to this Request on the grounds that it is vague and ambiguous, in-

cluding but not limited to, its use of the undefined term "representation."  Riot further objects to this

Request to the extent it calls for a legal conclusion, legal reasoning, or legal theories.  Riot further ob-

jects to this Request to the extent it seeks information protected by the attorney-client privilege, the

work product doctrine, or any other applicable privilege.  Riot further objects to this Request on the

grounds that it quotes a selected portion of a longer document and that the quoted language is pre-

sented without context, rendering the Request vague and ambiguous.

Subject to and without waiving the foregoing objections, Riot responds as follows:  Denied,

except Riot admits that Riot and Plaintiff Downie settled Downie's individual claims against Riot,

including, but not limited to, all individual allegations in *Downie v. Riot Games, Inc.* (LASC Case

No. 18STCV09833), that were not brought on behalf of a putative class in the Second Amended

Complaint.

**REQUEST FOR ADMISSION NO. 13:**

Admit that Plaintiff Downie had not settled or released "Downie's individual claims that were

. . . being pursued in the class action" (see Exhibit A) prior to DEFENDANT's submission of Cathe-

rine Conway's Declaration to the Court on March 5, 2020, attached hereto as Exhibit A.

Gibson, Dunn &
Crutcher LLP

8
DEFENDANT RIOT GAMES, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF GABRIELA DOWNIE'S
SECOND SET OF REQUESTS FOR ADMISSIONS

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Riot hereby incorporates its Preliminary Statement and General Objections as though fully set forth herein.  Riot further objects to this Request on the grounds that it is vague and ambiguous, including but not limited to, its use of the undefined terms "settled" and "released."  Riot further objects to this Request to the extent it calls for a legal conclusion, legal reasoning, or legal theories.  Riot further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Riot further objects to this Request on the grounds that it quotes a selected portion of a longer document and that the quoted language is presented without context, rendering the Request vague and ambiguous.

Subject to and without waiving the foregoing objections, Riot responds as follows:  Denied, except Riot admits that Riot and Plaintiff Downie did not settle Downie's individual claims against Riot that were brought on behalf of a putative class in the Second Amended Complaint before Riot's submission of Catherine Conway's Declaration to the Court on March 5, 2020.

**REQUEST FOR ADMISSION NO. 14:**

Admit that Plaintiff Downie had *only* settled or released "Downie's individual claims that were not being pursued in the class action" (see Exhibit A) prior to DEFENDANT's submission of Catherine Conway's declaration to the Court on March 5, 2020, attached hereto as Exhibit A.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Riot hereby incorporates its Preliminary Statement and General Objections as though fully set forth herein.  Riot further objects to this Request on the grounds that it is vague and ambiguous, including but not limited to, its use of the undefined terms "settled" and "released."  Riot further objects to this Request to the extent it calls for a legal conclusion, legal reasoning, or legal theories.  Riot further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Riot further objects to this Request on the grounds that it quotes a selected portion of a longer document and that the quoted language is presented without context, rendering the Request vague and ambiguous.

Subject to and without waiving the foregoing objections, Riot responds as follows:  Denied, except Riot admits that, of Downie's claims asserted against Riot, Riot and Plaintiff Downie only set-tled Downie's individual claims against Riot, including, but not limited to, all individual allegations in *Downie v. Riot Games, Inc.* (LASC Case No. 18STCV09833), that were not brought on behalf of a putative class in the Second Amended Complaint before Riot's submission of Catherine Conway's Declaration to the Court on March 5, 2020.

**REQUEST FOR ADMISSION NO. 15:**

Admit that DEFENDANT's representation to Plaintiffs' counsel in this matter, through the October 30, 2020 letter attached as Exhibit B, stating that Gabriela Downie's execution of DEFEND-ANT's Supplemental Mutual Release would "***not*** release or extinguish any existing claims that are already alleged in the class action entitled *McCracken v. Riot Games, Inc.*, et al., case number 18STCV03957" was a true and accurate statement. (emphasis in original)

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Riot hereby incorporates its Preliminary Statement and General Objections as though fully set forth herein.  Riot further objects to this Request on the grounds that it is vague and ambiguous, in-cluding but not limited to, its use of the undefined terms "representation" and "execution."  Riot fur-ther objects to this Request to the extent it calls for a legal conclusion, legal reasoning, or legal theo-ries.  Riot further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Riot further objects to this Request on the grounds that it quotes a selected portion of a longer document and that the quoted language is presented without context, rendering the Request vague and ambiguous.

Subject to and without waiving the foregoing objections, Riot responds as follows:  Admit.

**REQUEST FOR ADMISSION NO. 16:**

Admit that Gabriela Downie's execution of DEFENDANT's Supplemental Mutual Release, attached here as Exhibit C, did "***not*** release or extinguish any existing claims that [were] already al-leged in the class action entitled *McCracken v. Riot Games, Inc.*, et al., case number 18STCV03957" as of the time of her execution of DEFENDANT's Supplemental Mutual Release (see October 30, 2020 letter from Catherine Conway attached as Exhibit B).

Gibson, Dunn & Crutcher LLP

10

DEFENDANT RIOT GAMES, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF GABRIELA DOWNIE'S SECOND SET OF REQUESTS FOR ADMISSIONS

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Riot hereby incorporates its Preliminary Statement and General Objections as though fully set forth herein.  Riot further objects to this Request on the grounds that it is vague and ambiguous, including but not limited to, its use of the undefined term "execution."  Riot further objects to this Request to the extent it calls for a legal conclusion, legal reasoning, or legal theories.  Riot further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Riot further objects to this Request on the grounds that it quotes a selected portion of a longer document and that the quoted language is presented without context, rendering the Request vague and ambiguous.

Subject to and without waiving the foregoing objections, Riot responds as follows:  Admit.

**REQUEST FOR ADMISSION NO. 17:**

Admit that DEFENDANT's March 5, 2020 representation to the Court in this matter through the Declaration of Catherine Conway (attached here as Exhibit A) that "Riot and Plaintiff Negron settled Negron's constructive termination claim, which is not a claim that Negron seeks to pursue on a class basis" was a true and accurate statement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Riot hereby incorporates its Preliminary Statement and General Objections as though fully set forth herein.  Riot further objects to this Request on the grounds that it is vague and ambiguous, including but not limited to, its use of the undefined term "representation."  Riot further objects to this Request to the extent it calls for a legal conclusion, legal reasoning, or legal theories.  Riot further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Riot further objects to this Request on the grounds that it quotes a selected portion of a longer document and that the quoted language is presented without context, rendering the Request vague and ambiguous.  Riot further objects to this Request on the ground that Plaintiff Downie is improperly propounding discovery requests on behalf of Plaintiff Jessica Negron, particularly because Plaintiff Negron's claims are subject to arbitration.

Subject to and without waiving the foregoing objections, Riot responds as follows:  Admit.

Gibson, Dunn & Crutcher LLP

11

DEFENDANT RIOT GAMES, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF GABRIELA DOWNIE'S SECOND SET OF REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 18:**

Admit that Plaintiff Negron and Riot Games had not settled or released any claim that Negron sought to pursue on a class basis via the Second Amended Complaint of the class action entitled *McCracken v. Riot Games, Inc.*, et al., case number 18STCV03957, as of the time of the submission of Catherine Conway's declaration to the Court on March 5, 2020, attached here as Exhibit A.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Riot hereby incorporates its Preliminary Statement and General Objections as though fully set forth herein.  Riot further objects to this Request on the grounds that it is vague and ambiguous, including but not limited to, its use of the undefined terms "sought to pursue," "released" and "settled."  Riot further objects to this Request to the extent it calls for a legal conclusion, legal reasoning, or legal theories.  Riot further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Riot further objects to this Request on the ground that Plaintiff Downie is improperly propounding discovery requests on behalf of Plaintiff Jessica Negron, particularly because Plaintiff Negron's claims are subject to arbitration.  Riot further objects to this Request on the grounds that its use of the phrase "any claim that Negron sought to pursue on a class basis via the Second Amended Complaint" renders the Request vague, ambiguous, and unintelligible.

Subject to and without waiving the foregoing objections, Riot responds as follows:  Denied, except that Riot admits that Plaintiff Negron and Riot had not settled or released any claim that Negron had asserted on a class basis via the Second Amended Complaint of the class action entitled *McCracken v. Riot Games, Inc.*, et al., case number 18STCV03957, as of the time of the submission of Catherine Conway's declaration to the Court on March 5, 2020.

**REQUEST FOR ADMISSION NO. 19:**

Admit that Jessica Negron and Riot Games have not settled Negron's individual claims against Riot Games that were brought on behalf of a putative class or on behalf of PAGA representative class via the Second Amended Complaint in the class action entitled *McCracken v. Riot Games, Inc.*, et al., case number 18STCV03957.

Gibson, Dunn & Crutcher LLP

12

DEFENDANT RIOT GAMES, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF GABRIELA DOWNIE'S SECOND SET OF REQUESTS FOR ADMISSIONS

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Riot hereby incorporates its Preliminary Statement and General Objections as though fully set forth herein.  Riot further objects to this Request on the grounds that it is vague and ambiguous, including but not limited to, its use of the undefined terms "settled" and "individual claims."  Riot further objects to this Request to the extent it calls for a legal conclusion, legal reasoning, or legal theories.  Riot further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Riot further objects to this Request on the ground that Plaintiff Downie is improperly propounding discovery requests on behalf of Plaintiff Jessica Negron, particularly because Plaintiff Negron's claims are subject to arbitration.  Riot further objects to this Request on the grounds that its use of the phrase "individual claims" in connection with the phrase "or on behalf of PAGA representative class" renders the Request vague, ambiguous, and unintelligible.  One cannot bring individual claims via a PAGA representative class.  (*Kim v. Reins Int'l California, Inc.* (2020) 9 Cal.5th 73, 86-87 ["Although representative in nature, a PAGA claim is not simply a collection of individual claims for relief, and so is different from a class action… In a class action, the representative plaintiff still possesses only a single claim for relief—the plaintiff's own… There is no individual component to a PAGA action because every PAGA action ... is a representative action on behalf of the state."]; *Arias v. Superior Ct.* (2009) 46 Cal. 4th 969, 986 ["An employee plaintiff suing, as here, under the Labor Code Private Attorneys General Act of 2004, does so as the proxy or agent of the state's labor law enforcement agencies."].)

Subject to and without waiving the foregoing objections, Riot responds as follows: Denied, except that Riot admits that Plaintiff Negron and Riot have not settled Negron's individual claims against Riot that were brought on behalf of a putative class via the Second Amended Complaint in the class action entitled *McCracken v. Riot Games, Inc.*, et al., case number 18STCV03957.

**REQUEST FOR ADMISSION NO. 20:**

Admit that DEFENDANT's representation to Plaintiffs' counsel in this matter, through the October 30, 2020 letter attached as Exhibit B, stating that Jessica Negron's execution of DEFENDANT's Supplemental Mutual Release would "***not*** release or extinguish any existing claims that are

Gibson, Dunn & Crutcher LLP

13

DEFENDANT RIOT GAMES, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF GABRIELA DOWNIE'S SECOND SET OF REQUESTS FOR ADMISSIONS

already alleged in the class action entitled *McCracken v. Riot Games, Inc.*, et al., case number

18STCV03957" was a true and accurate statement. (emphasis in original)

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Riot hereby incorporates its Preliminary Statement and General Objections as though fully set forth herein.  Riot further objects to this Request on the grounds that it is vague and ambiguous, including but not limited to, its use of the undefined terms "execution" and "representation."  Riot further objects to this Request to the extent it calls for a legal conclusion, legal reasoning, or legal theories.  Riot further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Riot further objects to this Request on the grounds that it quotes a selected portion of a longer document and that the quoted language is presented without context, rendering the Request vague and ambiguous.  Riot further objects to this Request on the ground that Plaintiff Downie is improperly propounding discovery requests on behalf of Plaintiff Jessica Negron, particularly because Plaintiff Negron's claims are subject to arbitration.

Subject to and without waiving the foregoing objections, Riot responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 21:**

Admit that Jessica Negron and Riot Games have not settled Negron's individual claims against Riot Games that were brought on behalf of a putative class or on behalf of a PAGA representative class in the Third Amended Complaint in the class action entitled *McCracken v. Riot Games, Inc.*, et al., case number 18STCV03957.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Riot hereby incorporates its Preliminary Statement and General Objections as though fully set forth herein.  Riot further objects to this Request to the extent it calls for a legal conclusion, legal reasoning, or legal theories.  Riot further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Riot further objects to this Request on the grounds that it is vague and ambiguous, including but not limited to, its use of the undefined terms "settled" and "individual claims."  Riot further objects to this Request on the ground that Plaintiff Downie is improperly propounding discovery requests on

Gibson, Dunn & Crutcher LLP

14

DEFENDANT RIOT GAMES, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF GABRIELA DOWNIE'S SECOND SET OF REQUESTS FOR ADMISSIONS

behalf of Plaintiff Jessica Negron, particularly because Plaintiff Negron's claims are subject to arbi-

tration.  Riot further objects to this Request on the grounds that its use of the phrase "individual

claims" in connection with the phrase "or on behalf of PAGA representative class" renders the Re-

quest vague, ambiguous, and unintelligible.  One cannot bring individual claims via a PAGA repre-

sentative class.  (*Kim v. Reins Int'l California, Inc*. (2020) 9 Cal.5th 73, 86-87 ["Although representa-

tive in nature, a PAGA claim is not simply a collection of individual claims for relief, and so is differ-

ent from a class action… In a class action, the representative plaintiff still possesses only a single

claim for relief—the plaintiff's own… There is no individual component to a PAGA action because

every PAGA action ... is a representative action on behalf of the state."]; *Arias v. Superior Ct*. (2009)

46 Cal. 4th 969, 986 ["An employee plaintiff suing, as here, under the Labor Code Private Attorneys

General Act of 2004, does so as the proxy or agent of the state's labor law enforcement agencies."].)

Subject to and without waiving the foregoing objections, Riot responds as follows: Denied,

except that Riot admits that Plaintiff Negron and Riot have not settled Negron's individual claims

against Riot that were brought on behalf of a putative class via the Third Amended Complaint in the

class action entitled *McCracken v. Riot Games, Inc.*, et al., case number 18STCV03957.

**REQUEST FOR ADMISSION NO. 22:**

Admit that DEFENDANT's representation to Plaintiffs' counsel in this matter, through the

October 30, 2020 letter attached as Exhibit B, stating that Plaintiffs Downie and Negron "can still

pursue any of the claims that are currently alleged on behalf of the class in the above-listed action on

an individual basis" was a true and accurate statement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Riot hereby incorporates its Preliminary Statement and General Objections as though fully set

forth herein.  Riot further objects to this Request to the extent it calls for a legal conclusion, legal rea-

soning, or legal theories.  Riot further objects to this Request on the grounds that it is vague and am-

biguous including, but not limited to, its use of the undefined term "representation."  Riot further ob-

jects to this Request to the extent it seeks information protected by the attorney-client privilege, the

work product doctrine, or any other applicable privilege.  Riot further objects to this Request on the

Gibson, Dunn &
Crutcher LLP

15

DEFENDANT RIOT GAMES, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF GABRIELA DOWNIE'S
SECOND SET OF REQUESTS FOR ADMISSIONS

grounds that it quotes a selected portion of a longer document and that the quoted language is presented without context, rendering the Request vague and ambiguous.  Riot further objects to this Request on the ground that Plaintiff Downie is improperly propounding discovery requests on behalf of Plaintiff Jessica Negron, particularly because Plaintiff Negron's claims are subject to arbitration.

Subject to and without waiving the foregoing objections, Riot responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 23:**

Admit that Plaintiff Downie "can still pursue any of the claims that are currently alleged on behalf of the class in the [*Melanie McCracken v. Riot Games, et al.*] action on an individual basis." (see October 30, 2020 letter from Cathy Conway attached as Exhibit B)

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Riot hereby incorporates its Preliminary Statement and General Objections as though fully set forth herein.  Riot further objects to this Request to the extent it calls for a legal conclusion, legal reasoning, or legal theories.  Riot further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Riot further objects to this Request on the grounds that it is vague and ambiguous.  Riot further objects to this Request on the grounds that it quotes a selected portion of a longer document and that the quoted language is presented without context, rendering the Request vague and ambiguous.

Subject to and without waiving the foregoing objections, Riot responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 24:**

Admit that Plaintiff Negron "can still pursue any of the claims that are currently alleged on behalf of the class in the [*Melanie McCracken v. Riot Games, et al.*] action on an individual basis." (see October 30, 2020 letter from Cathy Conway attached as Exhibit B)

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Riot hereby incorporates its Preliminary Statement and General Objections as though fully set forth herein.  Riot further objects to this Request to the extent it calls for a legal conclusion, legal reasoning, or legal theories.  Riot further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

Gibson, Dunn & Crutcher LLP

16

DEFENDANT RIOT GAMES, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF GABRIELA DOWNIE'S SECOND SET OF REQUESTS FOR ADMISSIONS

Riot further objects to this Request on the grounds that it is vague and ambiguous.  Riot further objects to this Request on the grounds that it quotes a selected portion of a longer document and that the quoted language is presented without context, rendering the Request vague and ambiguous.  Riot further objects to this Request on the ground that Plaintiff Downie is improperly propounding discovery requests on behalf of Plaintiff Jessica Negron, particularly because Plaintiff Negron's claims are subject to arbitration.

Subject to and without waiving the foregoing objections, Riot responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 25:**

Admit that DEFENDANT's representation to Plaintiffs' counsel in this matter, through the October 30, 2020 letter attached as Exhibit B, that "executing the Supplemental Mutual Releases will not impair or otherwise impact Ms. Negron or Ms. Downie's abilities to represent the class, participate in the class as class members, and/or recover as class members in the action" was a true and accurate statement. (see October 30, 2020 letter from Cathy Conway attached as Exhibit B)

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Riot hereby incorporates its Preliminary Statement and General Objections as though fully set forth herein.  Riot further objects to this Request on the grounds that it is vague and ambiguous, including but not limited to, its use of the undefined term "representation."  Riot further objects to this Request to the extent it calls for a legal conclusion, legal reasoning, or legal theories.  Riot further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Riot further objects to this Request on the grounds that it quotes a selected portion of a longer document and that the quoted language is presented without context, rendering the Request vague and ambiguous.  Riot further objects to this Request on the ground that Plaintiff Downie is improperly propounding discovery requests on behalf of Plaintiff Jessica Negron, particularly because Plaintiff Negron's claims are subject to arbitration.

Subject to and without waiving the foregoing objections, Riot responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 26:**

Admit that Plaintiff Downie's execution of the Supplemental Mutual Release (attached here as Exhibit C) should "not impair or otherwise impact [her] abilities to represent the class, participate

1  in the class as [a] class member[], and/or recover as [a] class member[s] in the action." (see October

2  30, 2020 letter from Cathy Conway attached as Exhibit B)

3  **RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

4      Riot hereby incorporates its Preliminary Statement and General Objections as though fully set

5  forth herein.  Riot further objects to this Request on the grounds that it is vague and ambiguous, in-

6  cluding but not limited to, its use of the undefined term "execution."  Riot further objects to this Re-

7  quest to the extent it calls for a legal conclusion, legal reasoning, or legal theories.  Riot further ob-

8  jects to this Request to the extent it seeks information protected by the attorney-client privilege, the

9  work product doctrine, or any other applicable privilege.  Riot further objects to this Request on the

10  grounds that it quotes a selected portion of a longer document and that the quoted language is pre-

11  sented without context, rendering the Request vague and ambiguous.

12      Subject to and without waiving the foregoing objections, Riot responds as follows: Admit.

13

14  Dated:   July 20, 2021

15                                           GIBSON, DUNN & CRUTCHER LLP
                                             CATHERINE A. CONWAY
16                                           KATHERINE V.A. SMITH
                                             TIFFANY PHAN
17

18                                           By:  _____
                                                         Katherine V.A. Smith
19

20                                           Attorneys for Defendant RIOT GAMES, INC.

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

18
DEFENDANT RIOT GAMES, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF GABRIELA DOWNIE'S
SECOND SET OF REQUESTS FOR ADMISSIONS

1  GIBSON, DUNN & CRUTCHER LLP
   CATHERINE A. CONWAY, SBN 98366
2    cconway@gibsondunn.com
   KATHERINE V.A. SMITH, SBN 247866
3    ksmith@gibsondunn.com
   TIFFANY PHAN, SBN 292266
4    tphan@gibsondunn.com
   333 South Grand Avenue
5  Los Angeles, CA  90071-3197
   Telephone: 213.229.7000
6  Facsimile:  213.229.7520

7  KAPLAN HECKER & FINK LLP
   ROBERTA A. KAPLAN, PRO HAC VICE PENDING
8    rkaplan@kaplanhecker.com
   GABRIELLE E. TENZER, PRO HAC VICE PENDING
9    gtenzer@kaplanhecker.com
   350 Fifth Avenue, Suite 7110
10 New York, NY 10118
   Telephone:  212.763.0883
11 Facsimile:  212.564.0883

12 Attorneys for Defendants RIOT GAMES, INC.

13             SUPERIOR COURT OF THE STATE OF CALIFORNIA
14                FOR THE COUNTY OF LOS ANGELES
                        CENTRAL DISTRICT

15 MELANIE MCCRACKEN, an individual; and       CASE NO. 18STCV03957
   JESSICA NEGRON, an individual; and
16 GABRIELA DOWNIE, an individual,             **VERIFICATION OF RIOT GAMES, INC.'S**
                                               **RESPONSES AND OBJECTIONS TO**
17             Plaintiffs,                     **PLAINTIFF GABRIELA DOWNIE'S**
                                               **SECOND SET OF REQUESTS FOR**
18        v.                                   **ADMISSION AND SECOND SET OF FORM**
                                               **INTERROGATORIES - EMPLOYMENT**
19 RIOT GAMES, INC., a Delaware corporation;
   and DOES 1 through 10, inclusive,           ASSIGNED FOR ALL PURPOSES TO:
20                                             THE HON. JUDGE ELIHU M. BERLE
             Defendants.                       DEPARTMENT 6
21
                                               Action Filed:  Nov. 5, 2018
22                                             Trial Date:     None set

23 DIVISION OF LABOR STANDARDS AND
   ENFORCEMENT, DEPARTMENT OF
24 INDUSTRIAL RELATIONS, an agency of the
   State of California,
25
             Plaintiff-Intervenor,
26
          v.
27
   RIOT GAMES, INC., a Delaware corporation;
28 and DOES 1 through 10, inclusive,

Gibson, Dunn &
Crutcher LLP

VERIFICATION OF RIOT GAMES, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF GABRIELA
DOWNIE'S SECOND SET OF REQUESTS FOR ADMISSION AND SECOND SET OF
FORM INTERROGATORIES - EMPLOYMENT

1

2

Defendants.

3 | DEPARTMENT OF FAIR EMPLOYMENT
AND HOUSING, an agency of the State of
4 | California,

5 |            Plaintiff-Intervenor,

6 |      v.

7 | RIOT GAMES, INC., a Delaware corporation;
RIOT GAMES DIRECT, INC., a Delaware
8 | Corporation; RIOT GAMES
MERCHANDISE, INC., a Delaware
9 | Corporation; RIOT GAMES PRODUCTIONS,
INC., a Delaware Corporation; and DOES 1
10 | through 10, inclusive,

11 |            Defendants.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

VERIFICATION OF RIOT GAMES, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF GABRIELA
DOWNIE'S SECOND SET OF REQUESTS FOR ADMISSION AND SECOND SET OF
FORM INTERROGATORIES - EMPLOYMENT

## **VERIFICATION**

I, Emily Winkle, am the Chief People Officer for Riot Games, Inc., a respondent in this matter. I am an agent of Riot Games, Inc., for the purpose of answering DEFENDANT RIOT GAMES, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF GABRIELA DOWNIE'S SECOND SET OF RE-QUESTS FOR ADMISSION and DEFENDANT RIOT GAMES, INC.'S RESPONSES AND OBJEC-TIONS TO PLAINTIFF GABRIELA DOWNIE'S SECOND SET OF FORM INTERROGATORIES – EMPLOYMENT for the case *McCracken, et al., v. Riot Games, Inc., et al.*, Case No. 18STCV03957. I have read the Requests for Admission and the Form Interrogatories and the Responses and Objections to those Requests and Form Interrogatories and have knowledge of their contents.

The information contained in Riot's Responses and Objections is not within the personal knowledge of any one individual employed by Riot.  Therefore, I state and verify that the responses contained therein were prepared and assembled by authorized representatives and counsel for Riot from record and files kept in the regular and ordinary course of business, from interviews with appropriate representatives and employees of Riot, and/or from documents filed and produced in the above-cap-tioned litigation.  The responses are subject to inadvertent and undiscovered errors and are based on information available at this stage of discovery.  Riot reserves the right to amend or make any change in the responses if it appears at any time that omissions or errors have been made therein or that more accurate or additional information in available.  Subject to the limitations set forth herein, the responses are true and accurate to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Los Angeles, California, on _____7/22/2021_____ 2021.

DocuSigned by:

*Emily Winkle*

44332FDAA62B4BF...

Emily Winkle

Gibson, Dunn & Crutcher LLP

1

## PROOF OF SERVICE

2

I, Kristina Eckert, declare as follows:

3

4

5

I am employed in the County of Los Angeles, State of California; I am over the age of eight-een years and am not a party to this action; my business address is 333 South Grand Avenue, Los An-geles, California 90071-3197, in said County and State.  On July 23, 2021, I served the following document(s):

6

7

8

**VERIFICATION OF RIOT GAMES, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF GABRIELA DOWNIE'S SECOND SET OF REQUESTS FOR ADMISSION AND SECOND SET OF FORM INTERROGATORIES – EMPLOY-MENT**

9

10

on the parties listed on the attached Service List, by the following means of service:

11

12

☑ **BY ELECTRONIC SERVICE**:  By electronically serving a true and correct copy through Case Anywhere or other electronic court filing system to the email address(es) set forth in the attached service list.

13

14

☑ I am employed in the office of Catherine A. Conway, a member of the bar of this court, and that the foregoing document(s) was(were) printed on recycled paper.

15

☑ (**STATE**) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

16

17

Executed on July 23, 2021.

18

*Kristina Eckert*

Kristina Eckert

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

# Electronic Service List

Case:        **McCracken, et al. v. Riot Games, Inc.**

Case Info:      **18STCV03957, Los Angeles Superior Court**

**California Department of Fair Employment and Housing**
Denise Levey, Esq. (denise.levey@dfeh.ca.gov)
Melanie Proctor, Esq. (melanie.proctor@dfeh.ca.gov)
Kaitlin Toyama, Esq. (kaitlin.toyama@dfeh.ca.gov)
Olivia Tran, Esq. (olivia.tran@dfeh.ca.gov)
Janette Wipper, Esq. (janette.wipper@dfeh.ca.gov)
2218 Kausen Drive, Suite 100
Elk Grove, CA 95758
Phone: (916) 585.7110
Fax: (888) 382.5293

*Representing:* Department of Fair Employment and Housing

**Division of Labor Standards Enforcement**
David Balter, Esq. (dbalter@dir.ca.gov)
Patricia Kelly, Esq. (pkelly@dir.ca.gov)
455 Golden Gate Avenue, 9th Floor
San Francisco, CA 94102
Phone: (415) 703-4863

*Representing:* Intervener, Labor Commissioner

**Genie Harrison Law Firm, APC**
Andrea Fields, Esq. (andie@genieharrisonlaw.com)
Genie Harrison, Esq. (genie@genieharrisonlaw.com)
Mia Munro, Esq. (mia@genieharrisonlaw.com)
Amber Phillips, Esq. (amber@genieharrisonlaw.com)
523 West 6th Street, Suite 707
Los Angeles, CA 90014
Phone: (213) 805-5301
Fax: (213) 805-5306

*Representing:* Melanie McCracken, et al.

**Gibson, Dunn & Crutcher LLP**
Virginia Baldwin, Esq. (vbaldwin@gibsondunn.com)
Allie Begin, Esq. (abegin@gibsondunn.com)
Catherine Conway, Esq. (cconway@gibsondunn.com)
Cynthia Chen McTernan, Esq. (cmcternan@gibsondunn.com)
Tiffany Phan, Esq. (tphan@gibsondunn.com)
Yekaterina Reyzis, Esq. (yreyzis@gibsondunn.com)
Katherine Smith, Esq. (ksmith@gibsondunn.com)
Raychel Teasdale, Esq. (rteasdale@gibsondunn.com)
Jenna Voronov, Esq. (jvoronov@gibsondunn.com)
Daniel Weiss, Esq. (dweiss@gibsondunn.com)
333 South Grand Avenue
Los Angeles, CA 90071
Phone: (213) 229-7000
Fax: (213) 229-7520

*Representing:* Riot Games, Inc.

**JML Law, APLC**
Joseph Lovretovich, Esq. (jml@jmllaw.com)
Nicholas Sarris, Esq. (nsarris@jmllaw.com)
5855 Topanga Canyon Boulevard, Suite 300
Woodland Hills, CA 91367
Phone: (818) 610-8800
Fax: (818) 610-3030

*Representing:* Melanie McCracken, et al.

Case 5:21-cv-01035-DSF-JEM Document 32-53 Filed 11\08\12 Page 38 of 42 Page ID #:1174

**Kaplan Hecker & Fink LLP**
Kate Doniger, Esq. (kdoniger@kaplanhecker.com)
Roberta Kaplan, Esq. (rkaplan@kaplanhecker.com)
Gabrielle Tenzer, Esq. (gtenzer@kaplanhecker.com)
Rachel Tuchman, Esq. (rtuchman@kaplanhecker.com)
Molly Webster, Esq. (mwebster@kaplanhecker.com)
350 Fifth Avenue, Suite 7110
New York, NY 10118
Phone: (212) 763-0883

*Representing:* Riot Games, Inc.

# Exhibit 2

| | |
|---|---|
| **From:** | Nicholas Sarris |
| **To:** | Nicholas Sarris |
| **Subject:** | FW: DFEH v. Blizzard, Attorney Contact Follow Up |
| **Date:** | Friday, September 10, 2021 9:31:23 AM |

> ---------- Forwarded message ---------

> From: Vuong, Rumduol@DFEH <Rumduol.Vuong@dfeh.ca.gov<mailto:Rumduol.Vuong@dfeh.ca.gov>>

> Date: Tue, Aug 10, 2021, 13:14

> Subject: DFEH v. Blizzard, Attorney Contact Follow Up

> To:

> Cc: Noh, Sue@DFEH <Sue.Noh@dfeh.ca.gov<mailto:Sue.Noh@dfeh.ca.gov>>

>

> Hi all,

>

> We also wanted to follow up and alert you that you may be contacted by private attorneys seeking to become your attorney for this case. It is unnecessary and may be misleading or confusing.  A private attorney would have to file suit in your name or get the court's permission for you to intervene as a named plaintiff in this matter.  Please let us know if any attorney attempts to solicit your business for this case.

>

> Rumie Vuong

> Associate Chief Counsel

> CA Dept of Fair Employment & Housing

> (213) 215-5284

> rumduol.vuong@dfeh.ca.gov<mailto:rumduol.vuong@dfeh.ca.gov>>

>

> [cid:image001.png@01D78DDD.013183B0][cid:image002.png@01D78DDD.013183B0]

>

> _____

> CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication

>

**PROOF OF SERVICE**

1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is, 5855 Topanga Canyon Blvd., Suite 300, Woodland Hills, CA 91367

On September 10, 2021, I served the foregoing document described as **PLAINTIFFS' OPPOSITION TO THE DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING'S EX PARTE APPLICATION REGARDING JURISDCITIONAL ISSUES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF NICHOLAS W. SARRIS** on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope, addressed as follows:

Genie Harrison
Mia Munro
Andie Fields
GENIE HARRISON LAW FIRM, APC
523 W. 6th Street
Los Angeles, CA 90014
Attorneys for Plaintiffs

David M. Balter
Patricia M. Kelly
STATE OF CALIFORNIA, DIVISION OF LABOR STANDARDS ENFORCEMENT
1515 Clay Street, Suite 2206
Oakland, CA 94612
Attorneys for Intervenor DLSE

Catherine A. Conway
Katherine V.A. Smith
GIBSON DUNN & CRUTCHER LLP
333 S. Grand Avenue
Los Angeles, CA 90071-3197
Attorneys for Defendant Riot Games, Inc.

Jannette Wipper
Melanie Proctor
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
2218 Kausen Drive, Sutie 100
Elk Grove, CA 95758
Attorneys for Department of Fair Employment and Housing

☒ By email service, I delivered such documents via email service through CaseAnyhwere.

☒ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

14

PLAINTIFFS' OPPOSITION TO THE DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING'S EX PARTE APPLICATION REGARDING JURISDICTIONAL ISSUES

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

☐ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on September 10, 2021 at Woodland Hills, California.

By:   */s/ Ryan Gutierrez*
      Ryan Gutierrez

**JML LAW**
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

15

PLAINTIFFS' OPPOSITION TO THE DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING'S EX PARTE APPLICATION REGARDING JURISDICTIONAL ISSUES