# EXHIBIT B

# EXHIBIT B

 U.S. Equal Employment Opportunity Commission

# FY 2012 EEOC/FEPA MODEL WORKSHARING AGREEMENT WORKSHARING AGREEMENT BETWEEN State of Connecticut Commission on Human Rights and Opportunities and THE U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION New York District Office FOR FISCAL YEAR 2012

I. INTRODUCTION

A. The Commission on Human Rights and Opportunities, hereinafter referred to as the FEPA, has jurisdiction over allegations of employment discrimination filed against employers of three or more employees occurring within Connecticut based on Age, Ancestry, Color, Criminal Record (in state employment & licensing only), Gender Identity or Expression, Genectic Information, Learning Disability, Marital Status, Mental Disorder, Mental Retardation, National Origin, Physical Disability, Race, Religious Creed, Sex, including pregnancy and sexual harassment, Sexual Orientation, pursuant to Conn. Gen Stat. §§46a-51 to 46a-104.

The U.S. Equal Employment Opportunity Commission, hereinafter referred to as the EEOC, has jurisdiction over allegations of employment discrimination occurring throughout the United States where such charges are based on race, color, religion, sex, or national origin, all

pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000(e)) (hereinafter referred to as Title VII). The EEOC has jurisdiction to investigate and determine charges of discrimination based on age (40 or older) under the Age Discrimination in Employment Act of 1967, as amended (29 U.S.C.§ 621 et. seq.)(ADEA), for unequal wages based on sex under the Equal Pay Act of 1963, as amended (29 U.S.C.§ 206) (EPA), and over allegations of employment discrimination based on disability pursuant to Title I of the Americans with Disabilities Act of 1990, as amended (42 U.S.C. § 12101) (ADA), and over the use or acquisition of genetic information as the basis for employment decisions pursuant to Title II of the Genetic Information Nondiscrimination Act of 2008.

B. In recognition of, and to the extent of the common jurisdiction and goals of the two (2) Agencies, and in consideration of the mutual promises and covenants contained herein, the FEPA and the EEOC hereby agree to the terms of this Worksharing Agreement, which is designed to provide individuals with an efficient procedure for obtaining redress for their grievances under appropriate Connecticut State and Federal laws.

II. FILING OF CHARGES OF DISCRIMINATION

A. In order to facilitate the assertion of employment rights, the EEOC and the FEPA each designate the other as its agent for the purpose of receiving and drafting charges, including those that are not jurisdictional with the agency that initially receives the charges. The EEOC's receipt of charges on the FEPA's behalf will automatically initiate the proceedings of both the EEOC and the FEPA for the purposes of Section 706 (c) and (e) (1) of Title VII. This delegation of authority to receive charges does not include the right of one Agency to determine the jurisdiction of the other Agency over a charge. Charges can be transferred from one agency to another in accordance with the terms of this agreement or by other mutual agreement.

B. The FEPA shall take all charges alleging a violation of Title VII, the ADEA, the EPA, GINA or the ADA where both the FEPA and the EEOC have mutual jurisdiction, or where the EEOC only has jurisdiction, so long as the allegations meet the minimum requirements of those Acts, and for charges specified in Section III. A. 1. below, refer them to the EEOC for initial processing.

C. Each Agency will inform individuals of their rights to file charges directly with the other Agency and or assist any person alleging employment discrimination to draft a charge in a manner that will satisfy the requirements of both agencies to the extent of their common jurisdiction.

Normally, once an agency begins an investigation, it resolves the charge. Charges may be transferred between the EEOC and the FEPA within the framework of a mutually agreeable system. Each agency will advise Charging Parties that charges will be resolved by the agency taking the charge except when the agency taking the charge lacks jurisdiction or when the charge is to be transferred in accordance with Section III (DIVISION OF INITIAL CHARGE-PROCESSING RESPONSIBILITIES).

III. DIVISION OF INITIAL CHARGE-PROCESSING RESPONSIBILITIES

In recognition of the statutory authority granted to the FEPA by Section 706(c) and 706(d) of Title VII as amended; and by Title I of the Americans with Disabilities Act, and the transmittal of charges of age discrimination pursuant to the Age Discrimination in Employment Act of 1967, the primary responsibility for resolving charges between the FEPA and the EEOC will be divided as follows:

   A. The EEOC and the FEPA will process all Title VII, ADA, GINA, and ADEA charges that they originally receive.

      1. For charges originally received by the EEOC and/or to be initially processed by the EEOC, the FEPA waives its right of exclusive jurisdiction to initially process such charges for a period of 60 days for the purpose of allowing the EEOC to proceed immediately with the processing of such charges before the 61st day. In addition, the EEOC will initially process the following charges:

         - All Title VII, ADA, and concurrent Title VII/ADA charges jurisdictional with the FEPA and received by the FEPA 240 days or more after the date of violation;

         - All disability-based charges that may not be resolved by the FEPA in a manner consistent with the ADA.

         - All concurrent Title VII/EPA charges;

         - All charges against the FEPA or its parent organization where such parent organization exercises direct or indirect control over the charge decision-making process;

         - All charges filed by EEOC Commissioners;

         - Charges also covered by the Immigration Reform and Control Act;

         - Any charge where the EEOC is a party to a Conciliation Agreement or a Consent Decree that, upon mutual consultation and agreement, is relevant to the disposition

      of the charge. The EEOC will notify the FEPA of all Conciliation Agreements and Consent Decrees that have features relevant to the disposition of subsequent charges;

- Any charge alleging retaliation for filing a charge with the EEOC or for cooperating with the EEOC; and

- All charges against Respondents that are designated for initial processing by the EEOC in a supplementary memorandum to this Agreement.

- (Add additional provisions specific to District Office here)

- The FEPA will initially process the following types of charges:

- Any charge alleging retaliation for filing a charge with the FEPA or cooperating with the FEPA;

- Any charge where the FEPA is a party to a Conciliation Agreement or a Consent Decree that, upon mutual consultation and agreement, is relevant to the disposition of the charge. The FEPA will provide the EEOC with an on-going list of all Conciliation Agreements and Consent Decrees that have features relevant to the disposition of subsequent charges;

- All charges that allege more than one basis of discrimination where at least one basis is not covered by the laws administered by the EEOC but is covered by the FEPA Ordinance, or where the EEOC is mandated by federal court decision or by internal administrative EEOC policy to dismiss the charge, but the FEPA can process that charge.

- All charges against Respondents that are designated for initial processing by the FEPA in a supplementary memorandum to this Agreement; and

- All disability-based charges against Respondents over which the EEOC does not have jurisdiction. (Add additional provisions specific to the FEPA here.)

B. Notwithstanding any other provision of the Agreement, the FEPA or the EEOC may request to be granted the right to initially process any charge subject to agreement of the other agency. Such variations shall not be inconsistent with the objectives of this Worksharing Agreement or the Contracting Principles.

    C. Each Agency will on a quarterly basis notify the other of all cases in litigation and will notify each other when a new suit is filed. As charges are received by one Agency against a Respondent on the other Agency's litigation list a copy of the new charge will be sent to the other Agency's litigation unit within working days.

IV. EXCHANGE OF INFORMATION

    A. Both the FEPA and the EEOC shall make available for inspection and copying to appropriate officials from the other Agency any information that may assist each Agency in carrying out its responsibilities. Such information shall include, but not necessarily be limited to, investigative files, conciliation agreements, staffing information, case management printouts, charge processing documentation, and any other material and data as may be related to the processing of dual-filed charges or administration of the contract. The Agency accepting information agrees to comply with any confidentiality requirements imposed on the agency providing the information. With respect to all information obtained from the EEOC, the FEPA agrees to observe the confidentiality provisions of Title VII, the ADEA, the ADA and GINA.

    B. In order to expedite the resolution of charges or facilitate the working of this Agreement, either Agency may request or permit personnel of the other Agency to accompany or to observe its personnel when processing a charge.

V. RESOLUTION OF CHARGES

    A. A. Both agencies will adhere to the procedures set out in the EEOC's State and Local Handbook, including current revisions thereto.

    B. For the purpose of according substantial weight to the FEPA final finding and order, the FEPA must submit to the EEOC copies of all documents pertinent to conducting a substantial weight review; the evaluation will be designed to determine whether the following items have been addressed in a manner sufficient to satisfy EEOC requirements; including, but not limited to:

        1. jurisdictional requirements,

        2. investigation and resolution of all relevant issues alleging personal harm with appropriate documentation and using proper theory,

        3. relief, if appropriate,

        4. mechanisms for monitoring and enforcing compliance with all terms of conciliation agreements, orders after public hearing or consent orders to which the FEPA is a party.

C. In order to be eligible for contract credit and/or payment, submissions must meet all the substantive and administrative requirements as stipulated in the Contracting Principles.

D. For the purposes of determining eligibility for contract payment, a final action is defined as the point after which the charging party has no administrative recourse, appeal, or other avenue of redress available under applicable State and Local statutes.

VI. IMPLEMENTATION OF THE WORKSHARING AGREEMENT

A. . Each agency will designate a person as liaison official for the other agency to contact concerning the day-to-day implementation for the Agreement. The liaison for the FEPA will be (name of person). The liaison official for the EEOC will be (name of person).

B. The agencies will monitor the allocation of charge-processing responsibilities as set forth in the Agreement. Where it appears that the overall projection appears inappropriate, the appropriate portions of this Agreement will be modified to ensure full utilization of the investigation and resolution capacities of the FEPA and rapid redress for allegations of unlawful employment discrimination.

C. The EEOC will provide original forms to be copied by the FEPA, in accordance with the Regulations and the Compliance Manual to be used by the FEPAs in correspondence with Charging Parties and Respondents.

D. If a dispute regarding the implementation or application of this agreement cannot be resolved by the FEPA and District Office Director, the issues will be reduced to writing by both parties and forwarded to the Director of the Office of Field Programs for resolution.

E. E. This Agreement shall operate from the first day of October 2011 to the thirtieth day of September 2012 and may be renewed or modified by mutual consent of the parties. I have read the foregoing Worksharing Agreement and I accept and agree to the provisions contained therein.

Date _____
_____;
District Director U.S. Equal Employment Opportunity Commission
_____District Office
Date _____
_____,
Title:Executive Director
FEPA Name: State of Connecticut Commission on Human Rights and Opportunities