Jahan C. Sagafi (SBN 224887)
OUTTEN & GOLDEN LLP
One California Street, Suite 1250
San Francisco, CA 94111
Telephone:  (415) 638-8800
Facsimile:   (415) 638-8810
jsagafi@outtengolden.com

Christian Schreiber (SBN 245597)
Monique Olivier (SBN 190385)
OLIVIER SCHREIBER & CHAO LLP
201 Filbert Street, Suite 201
San Francisco, CA 94133
Telephone: (415) 484-0980
Facsimile: (415) 659-7758
christian@osclegal.com
monique@osclegal.com

Rachel Bien (SBN 315886)
OLIVIER SCHREIBER AND CHAO LLP
1149 North Gower Street Suite 215
Los Angeles, CA 90038
Telephone: (415) 484-0522
Facsimile: (415) 658-7758
rachel@osclegal.com

*Attorneys for Proposed Intervenor*
*California Department of Fair Employment and Housing*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ACTIVISION BLIZZARD INC., BLIZZARD ENTERTAINMENT, INC., ACTIVISION PUBLISHING, INC. KING.COM, INC., and DOES ONE through TEN, inclusive,<br><br>Defendants. | Case No. 2:21-CV-07682 DSF-JEM<br><br>**REPLY MEMORANDUM OF LAW IN SUPPORT OF CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING'S MOTION TO INTERVENE**<br><br>Date:      November 29, 2021<br>Time:     1:30 p.m.<br>Judge:    Dale S. Fischer |

## **TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................1

ARGUMENT ..........................................................................................................2

    A.    The DFEH Meets the Requirements for Intervention as of Right. ...................................................................................................2

        1.    The DFEH Has a Protectable Interest in the California Claims. ..........................................................................................2

        2.    The DFEH's Interests Are Not Adequately Represented..5

            a.    Cognizant of Federalism Concerns, Congress Limited the EEOC's Power, Requiring It to Defer to State Agencies Like the DFEH. ............................6

            b.    The EEOC's Inability to Pursue State Law Claims Renders It An Inadequate Representative. ...............7

            c.    Contrary to the Parties' Assurances, the Text of the Decree Still Invites Destruction of Evidence. ..........8

    B.    The DFEH's Intervention Is Timely. ............................................9

    C.    Rule 24(c) Does Not Require a Complaint in Intervention Here. ...................................................................................................9

    D.    Separately, Permissive Intervention under Rule 24(b) Is Appropriate. ..................................................................................11

CONCLUSION.....................................................................................................12

# TABLE OF AUTHORITIES

**CASES**                                                                                        **PAGE(S)**

*Arakaki v. Cayetano*,
　324 F.3d 1078 (9th Cir. 2003)...................................................................... 7, 8

*Armour & Co.*,
　402 U.S. ............................................................................................................ 3

*Atl. City Elec. Co.*,
　295 F.3d ............................................................................................................ 5

*Beckman Indus., Inc. v. Int'l. Ins. Co.*,
　966 F.2d 470 (9th Cir. 1992) ....................................................................... 9, 10

*Carpenter*,
　298 F.3d (9th Cir. 2002) ................................................................................. 10

*Cooper v. Newsom*,
　13 F.4th 857 (9th Cir. 2021) ........................................................................... 11

*Dep't of Fair Emp't & Hous. v. Law Sch. Admission Council, Inc.*,
　941 F. Supp. 2d 1159 (N.D. Cal. 2013) ............................................................ 6

*Dukes v. Wal-Mart Stores, Inc.*,
　603 F.3d 571, 577 (9th Cir. 2010) .................................................................... 3

*Dunlop v. Pan Am. World Airways, Inc.*,
　672 F.2d 1044 (2d Cir. 1982) ....................................................................... 3, 4

*EEOC v. Commercial Office Prods. Co.*,
　486 U.S. 107 (1988) .......................................................................................... 6

*EEOC v. Fed. Express Corp.*,
　268 F. Supp. 2d 192 (E.D.N.Y. 2003) .......................................................... 7, 9

*EEOC v. Navy Fed. Credit Union*,
　424 F.3d 397 (4th Cir. 2005) ............................................................................ 7

*Frank v. Gaos*,
　139 S. Ct. 1041 (2019) ...................................................................................... 3

*Freedom from Religion Found. v. Geithner*,
　644 F.3d 836 (9th Cir. 2011) .......................................................................... 10

*Gates v. Shinn*,
　98 F.3d 463 (9th Cir. 1996) .............................................................................. 3

*Hofstetter v. Chase Home Finance, LLC*,
　No. 10-cv-1313 (N.D. Cal 2011) .................................................................... 12

*Kremer v. Chem. Const. Corp.*,
　456 U.S. 461 (1982) .......................................................................................... 6

*La. Pub. Serv. Comm'n v. FCC*,

476 U.S. 355 (1986) ...................................................................................5

*Lane v. Wells Fargo Bank*,
   No. 12 Civ. 04026, 2013 WL 3187410 (N.D. Cal. June 21, 2013) ......................12

*Michigan v. EPA*,
   268 F.3d 1075 (D.C. Cir. 2001) ...............................................................5

*Mohasco Corp. v. Silver*,
   447 U.S. 807 (1980) ................................................................................6

*Molski v. Gleich*,
   318 F.3d 937 (9th Cir. 2003) ...................................................................3

*Moore v. Verizon Communications Inc.*,
   09 Civ.1823, 2013 WL 450365 (N.D. Cal. Feb. 5, 2013) ......................12

*Nat. Res. Def. Council v. Abraham*,
   355 F.3d 179 (2d Cir. 2004) ....................................................................5

*Nat'l Highway Traffic Safety Admin.*,
   894 F.3d ...................................................................................................5

*Nat'l Super Spuds, Inc. v. N.Y. Mercantile Exch.*,
   660 F.2d 9 (2d Cir. 1981) ........................................................................3

*Orange Cty. v. Air California*,
   799 F.2d 535 (9th Cir. 1986) ...................................................................9

*Perry v. Proposition 8 Official Proponents*,
   587 F.3d 947 (9th Cir. 2009) ...................................................................8

*Peruta v. Cty. of San Diego*,
   824 F.3d 919 (9th Cir. 2016) ...................................................................2

*Pilant v. Caesars Enter. Servs., LLC*,
   No. 20 Civ. 2043, 2021 WL 424280 n.2 (S.D. Cal. Feb. 8, 2021), appeal
   dismissed, No. 21-55228, 2021 WL 4075076 (9th Cir. Aug. 4, 2021) ................11

*Prete v. Bradbury*,
   438 F.3d 949 (9th Cir. 2006) ...................................................................2

*State Pers. Bd. v. Fair Emp't & Hous. Comm'n*,
   703 P.2d 354 (Cal. 1985) .....................................................................2, 6

*Thompson v. Thompson*,
   No. 18 Civ. 04269, 2018 WL 6133659 (C.D. Cal. July 31, 2018) .........9

*Town of Chester, N.Y. v. Laroe Ests., Inc.*,
   __ U.S. __, 137 S. Ct. 1645 (2017) ..................................................10, 11

*Town of Dedham v. Labor Relations Comm'n*,
   312 N.E.2d 548 (Mass. 1974) ..............................................................2, 6

*Trujillo v. Santa Clara Cty.*,
   775 F.2d 1359 (9th Cir. 1985) .................................................................7

*United States v. Asarco Inc.*,
   430 F.3d 972 (9th Cir. 2005)......................................................................................3

*United States v. Local 638*,
   347 F. Supp. 164 (S.D.N.Y. 1972)............................................................................11

*Victa v. Merle Norman Cosmetics, Inc.*,
   24 Cal. Rptr. 2d 117 (Cal. Ct. App. 1993).............................................................3, 7

*WaterLegacy v. U.S. E.P.A.*,
   300 F.R.D. 332 (D. Minn. 2014)...............................................................................10

*Wilderness Soc'y. v. U.S. Forest Serv.*,
   630 F.3d 1173 (9th Cir. 2011)....................................................................................2

*Wilkerson v. Martin Marietta Corp.*,
   171 F.R.D. 273 (D. Colo. 1997)................................................................................11

**STATUTES**                                                                                                            **PAGE(S)**

42 U.S.C. § 2000e-2(n)....................................................................................................9

42 U.S.C. § 2000e–5(c)-(d).........................................................................................6, 7

42 U.S.C. §§ 2000e(a), 2000e-8(d).................................................................................7

42 U.S.C. §§ 2000h-4, 2000e-5, 7, 8..............................................................................6

Cal. Gov't Code § 12946...............................................................................................9

Cal. Gov't Code §§ 12920, 12930, 12993(c).................................................................2

Cal. Gov't Code §§ 12965, 12963.7...............................................................................3

Cal. Lab. Code § 1197.5................................................................................................9

**RULES**                                                                                                               **PAGE(S)**

Fed. R. Civ. P. 24(a)(1)..................................................................................................2

Fed. R. Civ. P. 24(a)(2)...............................................................................................2, 4

**REGULATIONS**                                                                                                         **PAGE(S)**

Cal. Code Regs. tit. 2 § 11013(c)...................................................................................9

# INTRODUCTION

The question before the Court is straightforward: Does the California Department of Fair Employment and Housing ("DFEH") satisfy the liberally construed Rule 24 standards favoring intervention? The answer is yes. <u>First</u>, the DFEH, as the state agency exercising California's police power to prosecute California antidiscrimination laws, has a significant interest in the California claims that the proposed decree would impair. <u>Second</u>, the "minimal" requirement that representation "may be inadequate" is satisfied because the EEOC lacks statutory authority to pursue those state law claims in court but is facilitating their settlement here. <u>Third</u>, the DFEH acted timely, moving to intervene two weeks after the improper settlement was revealed. Separately, limited permissive intervention is appropriate because the DFEH seeks to protect its active state litigation of California law that it alone has authority to enforce.

The parties fail to address the core issue: the limited statutory authority of the EEOC, which cannot release state law claims. This overstepping directly impairs the California interests and laws for which the DFEH is the only governmental enforcement agency. Because Activision may attempt to use the decree to bar the California action, the DFEH's interests are directly implicated.

The release's overbreadth is evident from its vague attempt to resolve all "allegations" and "issues," and its inclusion of "all claims, including those arising out of any of the same factual predicates as those implicated by the Action," with no limitation to the Title VII claims to which Congress limited the EEOC's power, and the EEOC's own manual requires. The absence of a notice, individual release form, and claim form amplify the ambiguity.

For these reasons, the DFEH respectfully submits that intervention must be granted and a noticed hearing on the reasonableness of the decree be set.

# ARGUMENT

## A. The DFEH Meets the Requirements for Intervention as of Right.

The DFEH has satisfied Rule 24(a)(2) by showing a protectable interest, possible impairment thereof, inadequate representation, and timeliness. *Wilderness Soc'y. v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011).[1]

### 1. The DFEH Has a Protectable Interest in the California Claims.

The DFEH has a protectable interest even simply as representative of the California Covered Individuals. For example, public interest groups are entitled to intervene as right on matters involving ballot measures they support – even though it is individual residents who are ultimately affected. *See, e.g.*, *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006). Activision cannot dispute that the California Covered Individuals whose interests the DFEH protects under state law have a significant interest here. Whether the decree adequately protects their interests is a question of the adequacy of the settlement, not whether the DFEH is entitled to intervene.

Separately, the DFEH also represents the distinct, broader interests of the state and the public. *See, e.g.*, *Peruta v. Cty. of San Diego*, 824 F.3d 919, 940 (9th Cir. 2016) (California has significant protectable interest in its statutory scheme); Cal. Gov't Code §§ 12930, 12993(c) (the DFEH is the only governmental agency in California that may lawfully enforce FEHA). The DFEH is "a public prosecutor" that enforces "a public right" on behalf of the state. *State Pers. Bd. v. Fair Emp't & Hous. Comm'n*, 703 P.2d 354, 368 (Cal. 1985) (quoting *Town of Dedham v. Labor Relations Comm'n*, 312 N.E.2d 548, 558 (Mass. 1974)). It exercises the state's police power in pursuit of the public interest. *See* Cal. Gov't Code §§ 12920, 12930. Like most public prosecutors, the DFEH conducts investigations – some on the department's initiative and others based on complaints from the public – and it exercises its discretion in both the prosecution and the resolution of those

---

[1] Rule 24(a)(1) is irrelevant; the DFEH is not moving under that subsection.

investigations. *Id.* §§ 12965, 12963.7. Under state law, it can seek remedies that individuals cannot, including the workplace-wide injunctive relief that it seeks in the State Action. *Id.* § 12965(c).

The decree exceeds the EEOC's authority, which lacks "standing to prosecute [state] claims." *Victa v. Merle Norman Cosmetics, Inc.*, 24 Cal. Rptr. 2d 117, 122 (Cal. Ct. App. 1993). As a result, its entry would exceed the Court's authority. *See, e.g., Dunlop v. Pan Am. World Airways, Inc.*, 672 F.2d 1044, 1049-50 (2d Cir. 1982) ("[A] federal court is obligated to clarify a federal settlement order whose language might be held improperly to bar unlitigated state claims."); *cf. Frank v. Gaos*, 139 S. Ct. 1041, 1046 (2019) ("A court is powerless to approve a proposed class settlement if it lacks jurisdiction over the dispute."); *Nat'l Super Spuds, Inc. v. N.Y. Mercantile Exch.*, 660 F.2d 9, 18 (2d Cir. 1981) ("If a judgment after trial cannot extinguish claims not asserted in the class action complaint, a judgment approving a settlement in such an action ordinarily should not be able to do so either.").

The parties attempt to avoid the force of this interest by suggesting that that the decree is not intended to impair state claims. *See, e.g.*, ECF No. 35 ("EEOC Opp.") at 11:3 ("only . . . Title VII claims"). But the decree remains unmodified, and half-assurances in briefs cannot cure the decree's overbroad scope, which crosses the bright jurisdictional line dividing the EEOC's federal authority from state claims the EEOC has no standing to bring or compromise under any statute.[2]

As an initial matter, the decree fully releases "all allegations, issues, and claims raised by the EEOC," ECF No. 11-1, at 5:14-16, and "all claims, including

---

[2] "Without question courts treat consent decrees as contracts for enforcement purposes." *United States v. Asarco Inc.*, 430 F.3d 972, 980 (9th Cir. 2005) (emphasis omitted); *see also Molski v. Gleich*, 318 F.3d 937, 956 (9th Cir. 2003) (Graber, J., concurring) ("In construing a consent decree, we apply the same principles used to interpret a contract."), *overruled on other grounds by Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571, 577 (9th Cir. 2010); *Gates v. Shinn*, 98 F.3d 463, 468 (9th Cir. 1996) (noting consent decrees' "contractual" nature and stating that "[c]ourts must find the meaning of a consent decree 'within its four corners'" (internal quotations and citations omitted). The Supreme Court cautions that courts must heed a consent decree's "precise terms." *Armour & Co.*, 402 U.S. at 682.

those arising out of any of the same factual predicates as those implicated by the Action," *id.* at 2:11-14.  Activision is likely to invoke this language to undermine the State Action.[3]  This language, standing alone, is sufficient to show that the DFEH's interests may be impaired by the decree.

Furthermore, Activision may invoke the decree as res judicata to block the State Action, claiming privity between EEOC and DFEH.[4]  This possibility would impair California's interests.  *See, e.g.*, *Dunlop*, 672 F.2d at 1047, 1053 (directing district court to limit scope of age discrimination settlement brought by airline employees under the ADEA to federal claims, to preserve litigation of state law claims in separate action).

Finally, the decree also impairs state governmental interests by allowing "the release of claims to which the EEOC is not a party."  ECF No. 11-1, at 15:3-4.  The EEOC stated that this will cover, at least, California "FEHA" claims.  Sagafi Dec. ¶ 14.  Given the EEOC's lack of standing to bring or settle state claims, this overreaching cannot be approved.  And the parties refuse to disclose the release.  Activision mentions "a form agreement," ECF No. 31 ("Def. Opp.") at 8:27, but its contents and scope remain secret.   Because the release appears to cover state law claims, it "may . . . impair or impede" the DFEH's interest.  Fed. R. Civ. P. 24(a)(2).

Neither the EEOC nor Activision addresses the multiple forms of overreaching in the language of the decree.  Instead, they argue that the decree is adequate in the way it compromises state law claims.  EEOC Opp. at 12:7-12; Def. Opp. at 13:19-22.  But neither they, the DFEH, nor this Court can amend the laws of the Congress and the California Legislature.  Regardless, their argument speaks

---

[3] Even the decree's recitals specifically reference the state law claims: "Defendants expressly deny . . . all allegations of wrongdoing . . . arising under Title VII or analogous state and local laws. . . .  However, . . . the Parties wish to resolve all issues through this Decree."  *Id.* at 2:1-9.

[4] The EEOC's argument that it represents the DFEH's interests in this matter only facilitates this argument.  EEOC Opp. at 17:21-18:22.

to reasonableness (which the DFEH requests be addressed separately at a noticed hearing). It does not address DFEH's plainly protectable interest in the decree.

### 2. The DFEH's Interests Are Not Adequately Represented.

The EEOC's invocation of the Worksharing Agreement, its bona fides, and the agencies' division of labor in the investigative phase does nothing to conjure adequate representation.[5] EEOC Opp. at 2:4-3:18, 5:15-8:17, 17:21-24. The agencies' agreement to use investigative resources efficiently while collecting evidence did not – and could not – create a legislative act or legal authority for the EEOC to litigate or settle California claims. While the EEOC is presumed to be adequate in representing individuals' interests with respect to Title VII, it is not adequate with respect to *California* claims, since it has no authority of such claims.

"It is well settled that an agency may only act within the authority granted to it by statute." *Nat'l Highway Traffic Safety Admin.*, 894 F.3d at 108. The EEOC, like any federal administrative agency, is a "creature of statute, having no constitutional or common law existence or authority, but *only* those authorities conferred upon it by Congress." *Id.* (quoting *Atl. City Elec. Co.*, 295 F.3d at 8). An agency's statutory authority will "not be lightly presumed." *Michigan v. EPA*, 268 F.3d 1075, 1082 (D.C. Cir. 2001); *see also Nat. Res. Def. Council v. Abraham*, 355 F.3d 179, 202 (2d Cir. 2004) (noting "well-established principle" that "an agency literally has no power to act . . . unless and until Congress confers power upon it" (quoting *La. Pub. Serv. Comm'n v. FCC*, 476 U.S. 355, 374 (1986))). Congress has not authorized the EEOC to bring California claims.

The Supreme Court's observation of the limits on the EEOC's power

---

[5] In support of its opposition, the EEOC improperly filed material that is privileged and confidential and cannot be filed publicly. The material is indistinguishable from the material that the Court ordered stricken from the record when the DFEH raised these same objections in a motion to strike. ECF No. 26. Specifically, the EEOC has filed several communications between the EEOC and the DFEH that are quintessentially privileged under government deliberative process privilege, attorney-client privilege and attorney work product doctrine and were marked privileged and confidential on the face of the document. *See, e.g.*, ECF Nos. 35-3, 35-4, 35-5 (Viramontes Decl. Exs. A-C). The DFEH and the EEOC are meeting and conferring about how to resolve this.

tellingly confirms the primacy of state enforcement of state law claims, even dispatching the EEOC's Worksharing Agreement argument:

> [T]he EEOC's authority to enter work-sharing agreements with state agencies is irrelevant. This provision, like the limited deferral and "substantial weight" requirements, is directed at *increasing, not reducing, the authority of state agencies* to resolve employment discrimination disputes. All of these provisions are directed toward administrative cooperation, and lend *no evidence of congressional intent to compromise or circumscribe the validity of state judicial proceedings*.

*Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 470 n.8 (1982) (emphasis added).

### a. **Cognizant of Federalism Concerns, Congress Limited the EEOC's Power, Requiring It to Defer to State Agencies Like the DFEH.**

Since 1959, "'the DFEH has been actively investigating, prosecuting and conciliating' complaints of discrimination falling within those areas under its jurisdiction." *Dep't of Fair Emp't & Hous. v. Law Sch. Admission Council, Inc.*, 941 F. Supp. 2d 1159, 1167 (N.D. Cal. 2013) (quoting *Fair Emp't & Hous. Comm'n*, 703 P.2d at 359); *see also id.* at 368 ("DFEH is 'a public prosecutor [] test[ing] a public right.'") (alterations in original) (quoting *Town of Dedham*, 312 N.E.2d at 558). Title VII was enacted against the backdrop of ongoing law enforcement by the DFEH and similar state agencies.

Congress cabined the EEOC's authority under Title VII to protect the primacy of these preexisting state agencies. *See, e.g.*, 42 U.S.C. §§ 2000h-4, 2000e-5, 7, 8. These restrictions on the EEOC's authority were necessary to Title VII's passage, as opponents of the bill feared "the steady and deeper intrusion of the Federal power," and sought a way to limit this power. *See* 110 Cong. Rec. 8193 (1964) (statement of Sen. Dirksen), *cited in EEOC v. Commercial Office Prods. Co.*, 486 U.S. 107, 116 (1988).[6]

---

[6] One aspect of the compromise was the 60-day deferral period to state agencies, 42 U.S.C. § 2000e–5(c)-(d), through which "primary, exclusive jurisdiction" would be kept "in the hands of the State Commissions for a sufficient period of time to let them work out their own problems at the local level." 110 Cong. Rec. 13087 (1964) (statement of Sen. Dirksen), cited in *Mohasco Corp. v. Silver*, 447 U.S. 807, 821 n.32 (1980).

Thus, Title VII created a system of "cooperative federalism, under which, in the interests of comity, the EEOC and state and local authorities share primary responsibility to enforce the civil rights laws," and "deferral [i.e., state] agencies . . . enjoy a substantial degree of autonomy and discretion." *EEOC v. Navy Fed. Credit Union*, 424 F.3d 397, 410 (4th Cir. 2005). Title VII's concession that state agencies have exclusive jurisdiction over charges arising in their jurisdiction for a period of time, 42 U.S.C. § 2000e-5(c)-(d), was "designed to provide the deferral agencies with the opportunity to resolve discrimination claims without federal intervention." *Id.*; *see also Trujillo v. Santa Clara Cty.*, 775 F.2d 1359, 1366 (9th Cir. 1985) ("Title VII was enacted not to preempt state discrimination law, but rather to supplement it if state law was inadequate.").[7]

Basic principles of federalism, consistent with an understanding of the interplay between Title VII and FEHA, caution that this classic exercise of the state's police power rests with the state, not the federal government. The EEOC has no authority (or expertise) in prosecuting FEHA claims. *See, e.g.*, *Victa v. Merle Norman Cosmetics, Inc.*, 24 Cal. Rptr. 2d at 122 (observing that the EEOC lacked "standing to prosecute [state] claims").[8]

        **b.**    **The EEOC's Inability to Pursue State Law Claims Renders It An Inadequate Representative.**

The standard for adequate representation requires only that proposed intervenors "demonstrate that representation of their interests 'may be' inadequate," to meet the "minimal" burden of inadequacy. *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003); EEOC Opp. at 17:24-28. "The most important factor" in the

---

[7] Title VII also confers to states agencies the right to notice and priority to resolve EEOC Commissioner's charges, 42 U.S.C. § 2000e-5(d), the right to confidential information EEOC obtains in an investigation, *id.* §2000e-8(d), and the right to enforce Title VII in court, *id.* §§ 2000e(a), 2000e-5; *see, e.g.*, *EEOC v. Fed. Express Corp.*, 268 F. Supp. 2d 192, 197 (E.D.N.Y. 2003) (discussing *parens patriae* standing).

[8] Activision's argument that Title VII somehow *preempts* the DFEH's participation turns Congressional intent and the structure of federal deference to state enforcement on its head. Def. Opp. at 14-20.

adequacy analysis "is how the [intervenor's] interest compares with the interests of existing parties." *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950-51 (9th Cir. 2009) (quoting *Arakaki*, 324 F.3d at 1086).

By exceeding its statutory authority and risking impairment of the State Action, the EEOC has shown its inadequacy. Its different interest derives from its narrower enforcement authority, limited to the Title VII claims that are weaker than the FEHA and California EPA claims being pursued by the DFEH. ECF No. 24-1 at 5:21-6:12. The EEOC's suggestion that this jurisdictional divide is merely "a difference in strategy," EEOC Opp. at 18:17, ignores its lack of standing to release state claims. Having chosen to step across that line, the EEOC has rendered itself inadequate to protect California's interests.

As a result, the "assumption of adequacy when the government is acting on behalf of a constituency that it represents" does not apply here. *Arakaki*, 324 F.3d at 1086. In *Arakaki*, a taxpayer suit against Hawaii challenging the constitutionality of a program providing benefits to native Hawaiians, a group of native Hawaiians successfully intervened, making an intervention attempt by a *second* group of native Hawaiians inappropriate, because the first group already adequately represented the interests of the second group. *Id*. at 1081. Because the state and the first intervenor were "capable and willing to make all of [the second intervenor's] arguments," inadequacy could not be shown. *Id*. at 1087. Here, the EEOC does not and cannot represent Californians with respect to California claims, and there is no plaintiff in this action capable or willing to make the DFEH's arguments.

   c. **Contrary to the Parties' Assurances, the Text of the Decree Still Invites Destruction of Evidence.**

In response to the DFEH noting that the decree requires Activision to "[r]emove" certain information about wrongdoing from Covered Individuals' personnel files, ECF No. 11-1, at 19:1-7 (§ X.A), the EEOC responds that "remove" should actually be read as "segregated," "not destroyed," EEOC Opp. at 14:18-20. While the DFEH appreciates this change of position, the decree as

written does not say that. *See* note 2, *supra*. Any destruction of such evidence would violate California employment recordkeeping laws. Cal. Gov't Code § 12946 (personnel records); Cal. Code Regs. tit. 2 § 11013(c) (records post-complaint filing); Cal. Lab. Code § 1197.5 (employment records).[9] The blessing of Activision's destruction of evidence relevant to the State Action is further evidence that the EEOC does not adequately represent the DFEH's interests, justifying intervention.

B. **The DFEH's Intervention Is Timely.**

The EEOC's argument regarding timeliness assumes that the DFEH should have suspected the EEOC would overstep its jurisdiction and contradict its manual to release state claims. The DFEH reasonably expected the EEOC to follow the law in negotiating the decree.[10] The filing of the decree revealed that the EEOC had not. Regardless, because the decree was filed the day the complaint was filed, there was no case to intervene in before then. *Cf. Orange Cty. v. Air California*, 799 F.2d 535, 538 (9th Cir. 1986) (proposed intervenor sought to intervene after five years of litigation).

C. **Rule 24(c) Does Not Require a Complaint in Intervention Here.**

Contrary to the EEOC's assertion, Rule 24(c) does not require a complaint. "[T]he Ninth Circuit allows for courts to approve 'intervention motions without a pleading where the court [is] otherwise apprised of the grounds for the motion.'" *Thompson v. Thompson*, No. 18 Civ. 04269, 2018 WL 6133659, at *4 (C.D. Cal. July 31, 2018) (quoting *Beckman Indus., Inc. v. Int'l. Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992)). The DFEH has explained that it seeks to intervene for the limited purpose of confirming the jurisdictional boundary and due process safeguards that

---

[9] If this provision were approved, the DFEH would be explicitly precluded by Title VII from challenging it *E.E.O.C. v. Fed. Express Corp.,* 268 F. Supp. 2d 192, 199 (E.D.N.Y. 2003) (citing 42 U.S.C. § 2000e-2(n)).

[10] Contrary to the EEOC's suggestions, EEOC Opp. at 3:4-8 & 19:8, the DFEH consistently expressed eagerness to engage in joint settlement talks with the EEOC to maximize the benefit to the Covered Individuals.

1  limit the EEOC's authority in this case. ECF No. 24-1 ("DFEH Motion") at 3:14-
2  21. But it "does not seek to participate in litigating the underlying claims here,"
3  because its own governmental claims already are the subject of a pending state
4  court action. DFEH Motion at 3:23. The DFEH has therefore "describe[d] the
5  basis for intervention with sufficient specificity to allow the district court to
6  rule" without submitting a separate pleading. *Beckman*, 966 F.2d at 475.

7        Relatedly, the EEOC elsewhere questions the DFEH's "standing," EEOC
8  Opp. at 1:13, 17:7-19, and the Court's "jurisdictional basis to hear" the DFEH's
9  "claims," EEOC Opp. at 21:14. This approach misconstrues the proposed
10 intervention, which does not seek to litigate claims, but rather opposes entry of a
11 settlement that impairs the DFEH's ongoing action. "[C]ourts have consistently
12 allowed intervention for a limited purpose, such as . . . to challenge a settlement."
13 *WaterLegacy v. U.S. E.P.A.*, 300 F.R.D. 332, 339 (D. Minn. 2014) (citing
14 *Carpenter*, 298 F.3d at 1125–26 (9th Cir. 2002) (allowing intervention where there
15 was "a claim of failure of a governmental agency to represent its citizens")). Thus,
16 the appropriate question is not standing to litigate but whether Rule 24 is satisfied.

17       "Where the proposed intervenor in a federal-question case brings no new
18 claims, the jurisdictional concern drops away." *Freedom from Religion Found. v.*
19 *Geithner*, 644 F.3d 836, 844 (9th Cir. 2011). "[A]n independent jurisdictional basis
20 is not required" where "intervenors do not seek to litigate a claim on the merits,"
21 and instead merely "ask the court only to exercise that power which it already has."
22 *Beckman*, 966 F.2d at 473. Here, the DFEH only seeks to insure the EEOC's
23 consent decree cannot be used to prevent a state government from enforcing its own
24 statutes. *Town of Chester, N.Y. v. Laroe Ests., Inc.*, __ U.S. __, 137 S. Ct. 1645
25 (2017), EEOC Opp. at 17:10, is inapplicable, because it simply held that "an
26 intervenor of right must have Article III standing in order to pursue relief that *is*
27 *different* from that which is sought by a party with standing." *Id.* at 1648 (emphasis
28 added); *id.* at 1651-52 (focusing proposed intervenor's request for money judgment

and intent to litigate the eventual allocation of damages). The DFEH does not seek any relief, because it does not seek to litigate the merits at all, rendering the question of standing irrelevant. *See Pilant v. Caesars Enter. Servs., LLC*, No. 20 Civ. 2043, 2021 WL 424280, at *2 n.2 (S.D. Cal. Feb. 8, 2021*), appeal dismissed*, No. 21-55228, 2021 WL 4075076 (9th Cir. Aug. 4, 2021) ("reliance on *Town of Chester* may be misplaced . . . [where proposed intervenor] does not seek any relief from either [party].").

D. **Separately, Permissive Intervention under Rule 24(b) Is Appropriate.**

Alternately, the Court has discretion to grant permissive intervention because the DFEH has demonstrated a common question of law or fact and timeliness *Cooper v. Newsom*, 13 F.4th 857, 868 (9th Cir. 2021); *see also United States v. Local 638*, 347 F. Supp. 164, 166 (S.D.N.Y. 1972) (allowing permissive intervention in EEOC action by the New York City Commission on Human Rights where its interests in "protect[ing] the City's citizens from racial and ethnic employment discrimination" were implicated). As discussed above, the motion is timely. The common question is whether the EEOC's settlement will impact DFEH's state action. And while there are significant factual and legal differences between the two actions, there is sufficient commonality for intervention.[11]

Nor will intervention cause prejudice. Narrowly tailored intervention here will simply allow the DFEH to present its objections to the decree, so the Court can consider them at a properly noticed hearing on the reasonableness of the decree. Subsequent rejection of the decree by this Court will restore the parties to the status quo that existed before September 27. The EEOC will be able to negotiate a

---

[11] The EEOC incorrectly claims that the DFEH is somehow imposing Rule 23 requirements. EEOC Opp. at 23:26-27. Not so. It is well-established that, in applying the "fair, adequate and reasonable" standard applicable to consent decrees, courts appropriately draw on caselaw giving life to that standard, including Rule 23 authority where appropriate. *See, e.g.*, *Wilkerson v. Martin Marietta Corp.*, 171 F.R.D. 273, 283 (D. Colo. 1997) ("courts that have considered settlements entered into by the EEOC generally apply the factors used to assess the reasonableness of class action settlements under Rule 23").

settlement of proper scope or litigate its claims as it wishes. Activision will be free to enter any appropriate settlement or defend itself as it wishes. And the DFEH's action will proceed.

Activision's concern that intervention will hinder settlements in future cases is misguided. Def. Opp. at 21:10-22:8. To the contrary, enforcement of the existing limitations on federal jurisdiction will restore clarity to the law, assuring parties that the traditional boundaries of authority as set forth in Title VII and the doctrine of federalism remain intact. This will facilitate legitimate settlements and limit the disruption that jurisdictional overreaching can cause. Activision's citation to two distinguishable cases does not support a finding of prejudice. Def. Opp. at 22:9-18. Activision quotes *Lane v. Wells Fargo Bank*, No. 12 Civ. 04026, 2013 WL 3187410, at *15 (N.D. Cal. June 21, 2013). But there, the court summarized *Hofstetter v. Chase Home Finance, LLC*, No. 10-cv-1313 (N.D. Cal. 2011), ECF. No. 104–10 at 24, where counsel sought to challenge "an excellent settlement . . . on the ground that it might potentially impact an action counsel had later-filed against [defendant]." *Lane*, 2013 WL 3187410, at *15. *Moore v. Verizon Communications Inc.*, simply involved a failed intervention effort to oppose a fee application based on an indemnity agreement. No. 09 Civ.1823, 2013 WL 450365 (N.D. Cal. Feb. 5, 2013).

## CONCLUSION

The DFEH respectfully requests that the Court allow limited intervention for the reasons set forth above and set a noticed hearing to allow interested parties to present a factual and legal showing regarding the reasonableness of the proposed decree.

12
CALIFORNIA DFEH REPLY ISO MOTION TO INTERVENE

Dated: November 15, 2021

Respectfully submitted,

*/s/ Jahan C. Sagafi*
Jahan C. Sagafi (SBN 224887)
OUTTEN & GOLDEN LLP
One California Street, Suite 1250
San Francisco, CA 94111
Telephone:  (415) 638-8800
Facsimile:   (415) 638-8810
E-Mail:  jsagafi@outtengolden.com

Christian Schreiber (SBN 245597)
Monique Olivier (SBN 190385)
OLIVIER SCHREIBER & CHAO LLP
201 Filbert Street, Suite 201
San Francisco, CA 94133
Telephone: (415) 484-0980
Facsimile: (415) 659-7758
E-Mail:  christian@osclegal.com
E-Mail:  monique@osclegal.com

Rachel Bien (SBN 315886)
OLIVIER SCHREIBER AND CHAO LLP
1149 North Gower Street Suite 215
Los Angeles, CA 90038
Telephone: (415) 484-0522
Facsimile: (415) 658-7758
E-Mail: rachel@osclegal.com