# Exhibit B-1

| | |
|---|---|
| From: | Noh, Sue@DFEH |
| To: | Wipper, Janette@DFEH |
| Subject: | FW: Kish v. Blizzard, et al, Tolling Agreement Extension |
| Date: | Tuesday, June 8, 2021 2:18:08 PM |
| Attachments: | image001.png |

**REDACTED**

**From:** ANNA PARK <ANNA.PARK@EEOC.GOV>
**Sent:** Tuesday, June 8, 2021 12:42 PM
**To:** Vuong, Rumduol@DFEH <Rumduol.Vuong@dfeh.ca.gov>
**Subject:** Re: Kish v. Blizzard, et al, Tolling Agreement Extension

> [EXTERNAL] This email originated from outside DFEH. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hi Rumie! How are you?

I hope you are well. Can we chat when you have a moment? Let me know when is a good time and a good number to call you.

Anna

Get Outlook for iOS

**From:** Baca, Elena R. <ElenaBaca@paulhastings.com>
**Sent:** Tuesday, June 8, 2021 11:55 AM
**To:** Vuong, Rumduol@DFEH; Davis, Felicia A.; Derry, Ryan D.; ANNA PARK
**Cc:** Mesinas, Soyeon@DFEH; Hosseinian, Azadeh@DFEH
**Subject:** RE: Kish v. Blizzard, et al, Tolling Agreement Extension

Hi Rumie – Thank you for your email. We were hoping to get some clarity from both of the agencies, given the overlap and dual-filing. It is our understanding that, under the Government Code, if the state does not complete its investigation in the time allotted, it may defer the investigation to the EEOC (which first asserted jurisdiction). Thus, we thought it might be an option the DFEH might agree to, rather than have parallel proceedings. Do you know whether there are any discussions between the agencies as to how best to proceed? It would be helpful to know this, as it would seem to impact whether a new tolling agreement is necessary, at all. Or, do you have an alternative suggestion as to the best way to sort this out? As always, we appreciate your continued cooperation.

**PAUL HASTINGS**

**Elena R. Baca | Partner**
Paul Hastings LLP | 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, CA 90071 |
Direct: +1.213.683.6306 | Main: +1.213.683.6000 | Fax: +1.213.996.3306 |
elenabaca@paulhastings.com | www.paulhastings.com

**From:** Vuong, Rumduol@DFEH <Rumduol.Vuong@dfeh.ca.gov>
**Sent:** Monday, June 7, 2021 8:15 AM
**To:** Baca, Elena R. <ElenaBaca@paulhastings.com>; Davis, Felicia A. <feliciadavis@paulhastings.com>; Derry, Ryan D. <ryanderry@paulhastings.com>; 'ANNA PARK' <ANNA.PARK@EEOC.GOV>
**Cc:** Mesinas, Soyeon@DFEH <Soyeon.Mesinas@dfeh.ca.gov>; Hosseinian, Azadeh@DFEH <Azadeh.Hosseinian@dfeh.ca.gov>
**Subject:** [EXT] RE: Kish v. Blizzard, et al, Tolling Agreement Extension

Dear Elena,

We appreciate your update on the tolling agreement. EEOC's investigation pertains to claims under Title VII for which there is no expiration and does not pertain to FEHA claims. DFEH is investigating claims under applicable California law, FEHA, etc. While there

is no deadline for EEOC to file suit under Title VII, the dual filing does not preserve DFEH's claims under applicable state law that will expire without a tolling agreement. Specifically, as you are aware, DFEH's civil actions are governed by California Government Code Section 12965, which does impose a deadline by which DFEH must file a civil action.

Rumie

**From:** Baca, Elena R. <ElenaBaca@paulhastings.com>
**Sent:** Friday, June 4, 2021 6:57 PM
**To:** Vuong, Rumduol@DFEH <Rumduol.Vuong@dfeh.ca.gov>; Davis, Felicia A. <feliciadavis@paulhastings.com>; Derry, Ryan D. <ryanderry@paulhastings.com>; 'ANNA PARK' <ANNA.PARK@EEOC.GOV>
**Cc:** Mesinas, Soyeon@DFEH <Soyeon.Mesinas@dfeh.ca.gov>; Hosseinian, Azadeh@DFEH <Azadeh.Hosseinian@dfeh.ca.gov>
**Subject:** RE: Kish v. Blizzard, et al, Tolling Agreement Extension

[EXTERNAL] This email originated from outside DFEH. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Rumie –

Thank you for sending the draft tolling agreement.

As we looked to revise it, it occurred to us that extending the tolling agreement may be unnecessary, given the overlapping EEOC dually-filed Commissioners Charge. At a minimum, we need to understand the jurisdictional issues, since the EEOC's Commissioners Charge was dually-filed and issued September 2018, the month before the DFEH's Director's Complaint (which is also dually-filed).

It's our understanding that the EEOC has asserted jurisdiction and, thus, we have been responding to the EEOC. We have added Anna Park from the EEOC to this email in the hopes that we can come to some understanding on these jurisdictional issues.

**PAUL HASTINGS**

**Elena R. Baca | Partner**
Paul Hastings LLP | 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, CA 90071 |
Direct: +1.213.683.6306 | Main: +1.213.683.6000 | Fax: +1.213.996.3306 |
elenabaca@paulhastings.com | www.paulhastings.com

**From:** Vuong, Rumduol@DFEH <Rumduol.Vuong@dfeh.ca.gov>
**Sent:** Tuesday, May 25, 2021 10:37 AM
**To:** Baca, Elena R. <ElenaBaca@paulhastings.com>; Davis, Felicia A. <feliciadavis@paulhastings.com>; Derry, Ryan D. <ryanderry@paulhastings.com>
**Cc:** Mesinas, Soyeon@DFEH <Soyeon.Mesinas@dfeh.ca.gov>; Hosseinian, Azadeh@DFEH <Azadeh.Hosseinian@dfeh.ca.gov>
**Subject:** [EXT] Kish v. Blizzard, et al, Tolling Agreement Extension

Dear Counsel,

Pursuant to our meet and confer on Friday, DFEH agreed to float a draft agreement to extend our current tolling agreement to account for the December 9, 2021 mediation with Mark Rudy's office. DFEH is in agreement with Respondents that a pre-mediation meeting will be helpful and look forward to discussing what this meeting will entail closer to the mediation date. Please find attached to this email, a draft of the agreement to extend the current tolling agreement along with the original executed tolling agreement.

Rumie

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.