Anna Y. Park, SBN 164242
anna.park@eeoc.gov
Nakkisa Akhavan, SBN 286260
nakkisa.akhavan@eeoc.gov
Taylor Markey, SBN 319557
taylor.markey@eeoc.gov
Maurice Neishlos, NY SBN 5639265
maurice.neishlos@eeoc.gov
Alisha Ansari, SBN 312875
alisha.ansari@eeoc.gov
Ella Hushagen, SBN 297990
ella.hushagen@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 422-8396
Facsimile:  (213) 894-1301
E Mail:  lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>        Plaintiff,<br><br>   vs.<br><br>ACTIVISION BLIZZARD, INC., BLIZZARD ENTERTAINMENT, INC., ACTIVISION PUBLISHING, INC., and KING.COM, INC., and DOES ONE through TEN, inclusive,<br><br>        Defendants. | Case No.: 2:21-cv-07682-DSF-JEM<br><br>**PLAINTIFF EEOC'S OPPOSITION TO DFEH's NOTICE OF MOTION AND MOTION TO STRIKE** |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .......................................................... ii

I.    INTRODUCTION ............................................................... 1

II.   PROCEDURAL HISTORY ................................................... 2

III.  ARGUMENT .................................................................... 4

    A.   DFEH's Motion is Moot ............................................... 4

    B.   DFEH Lacks Standing to Bring Its Motion ..................... 5

    C.   DFEH Failed to Meet and Confer .................................. 5

    D.   The Documents Are Not Privileged and Any Privilege Has Been Waived ........................................................... 6

       i.  The Documents are not Privileged ............................ 6

       ii. Any Privilege has been Waived ............................... 9

    E.   The Court Should Not Grant DFEH Any Additional Relief ........................... 11

IV.   CONCLUSION ................................................................ 14

*Plaintiff EEOC's Oppositon to DFEH's*
*Notice of Motion and Motion to Strike*

# TABLE OF AUTHORITIES

*Action Performance Cos., Inc. v. Bohbot*,
    420 F. Supp. 2d 1115 (C.D. Cal. 2006) ................................................................ 2

*Allstate Indem. Co. v. Lindquist*,
    2021 WL 5514597 (W.D. Wash. Nov. 24, 2021) ................................................. 4

*Am. S.S. Owners Mut. Prot. & Indem. Ass'n, Inc. v. Alcoa S.S. Co., Inc.*,
    232 F.R.D. 191 (S.D.N.Y. 2005) ....................................................................... 10

*BBC Grp. NV LLC v. Island Life Rest. Grp. LLC*,
    2020 WL 978260 (W.D. Wash. Feb. 28, 2020) ................................................... 5

*Beckman Indus., Inc. v. Int'l Ins. Co.*,
    966 F.2d 470 (9th Cir. 1992) ............................................................................. 13

*Block v. Wash. State Bar Ass'n*,
    2016 WL 7734884 (W.D. Wash. Apr. 19, 2016) ................................................. 5

*F.T.C. v. Warner Commc'ns, Inc.*,
    742 F.2d 1156 (9th Cir. 1984) ............................................................................. 7

*Fisher v. United States*,
    425 U.S. 391 (1976) ............................................................................................ 8

*Gallucci v. Boiron, Inc.*,
    2012 WL 12864924 (S.D. Cal. Apr. 25, 2012) ................................................... 5

*Halmos v. Ins. Co. of N. Am.*,
    2011 WL 13134004 (S.D. Fla. Jan. 11, 2011) ..................................................... 4

*Harrod v. Halford*,
    773 F.2d 234 (8th Cir. 1985) ............................................................................... 8

*In re Broadcom Corp. Secs. Litig.*,
    2005 WL 1403516 (C.D. Cal. Feb. 10, 2005) ................................................... 10

*In re Keeper of Records (Grand Jury Subpoena Addressed to XYZ Corp.)*,
    348 F.3d 16 (1st Cir. 2003) ............................................................................... 10

*In re Martin Marietta Corp.*,
    856 F.2d 619 (4th Cir. 1988) ............................................................................... 9

*Int'l Longshoremen's Ass'n, S.S. Clerks Local 1624, AFL-CIO v. Va.Int'l Terminals, Inc.*,
    904 F. Supp. 500, 504 (E.D. Va. 1995) ............................................................ 12

*Jones v. Kuppinger*,
    2014 WL 2093298 (E.D. Cal. May 16, 2014) ..................................................... 4

*Judicial Watch, Inc. v. U.S. Dep't of Homeland Sec.*,
    926 F. Supp. 2d 121 (D.D.C. 2013) .................................................................... 8

*Kamakana v. City & Cnty. of Honolulu*,
    447 F.3d 1172 (9th Cir. 2006) ........................................................................... 13

*Kraft v. Old Castle Precast Inc.*,
    2015 WL 11216774 (C.D. Cal. Aug. 3, 2015) ................................................... 12

*Levine v. Diamanthuset,*
    1989 WL 384853 (N.D. Cal. Oct. 23, 1989) ........................................ 12
*Lipsky v. Commonwealth United Corp.,*
    551 F.2d 887 (2d Cir. 1976) ...................................................... 11,12
*Loving v. Dep't of Def.,*
    550 F.3d 32 (D.C. Cir. 2008) ........................................................ 7
*Manning v. Dimech,*
    2015 WL 9581795 (C.D. Cal. Dec. 30, 2015) ................................. 5
*McWilliams v. Latah Sanitation,*
    554 F. Supp. 2d 1165 (D. Idaho 2008) ......................................... 5
*Netscape Commcn's Corp. v. Fed. Ins. Co.,*
    2006 WL 3456687 (N.D. Cal. Nov. 29, 2006) ............................. 13
*Parker v. CMRE Fin. Servs., Inc.,*
    2007 WL 3276322 (S.D. Cal. 2007) ............................................ 12
*Pilgrim v. Trs. of Tufts Coll.,*
    118 F.3d 864 (1st Cir. 1997) ........................................................ 12
*PNC Equip. Fin. LLC v. Cal. Fairs Fin. Auth.,*
    2012 WL 2872813 (E.D. Cal. July 12, 2012) ................................ 4
*QBE Ins. Corp. v. Jorda Enters., Inc.,*
    286 F.R.D. 661 (S.D. Fla. 2012) ................................................. 10
*Sidney–Vinstein v. A.H. Robins Co.,*
    697 F.2d 880 (9th Cir. 1983) ........................................................ 12
*Sketchers U.S.A., Inc. v. Eliya, Inc.,*
    2017 WL 3449595 (C.D. Cal. Feb. 3, 2017) .................................. 5
*Smith v. K-Mart Corp.,*
    1995 WL 819119 (E.D. Wash. Nov. 22, 1995) ............................ 12
*Transam. Leasing, Inc. v. La Republica de Venezuela,*
    21 F. Supp. 2d 47 (D.D.C. 1998) ................................................ 12
*United State v. City of Hesperia,*
    2021 WL 5034381 (C.D. Cal. June 17, 2021) ................................ 7
*United States ex rel. Burroughs v. DeNardi Corp.,*
    167 F.R.D. 680 (S.D. Cal. 1996) ................................................... 9
*United States ex rel. Lee v. Horizon W., Inc.,*
    2006 WL 305966 (N.D. Cal. Feb. 8, 2006) .................................... 9
*United States v. Martin,*
    278 F.3d 988 (9th Cir. 2002) ......................................................... 8
*United States v. Mass. Inst. of Tech.,*
    29 F.3d 681 (1st Cir. 1997) ........................................................... 9
*United States v. Plache,*
    913 F.2d 1375 (9th Cir. 1990) ....................................................... 2

*Plaintiff EEOC's Oppositon to DFEH's*
*Notice of Motion and Motion to Strike*

*Valley Surgical Ctr. v. Cnty. of Los Angeles*,
    2017 WL 10574239 (C.D. Cal. Sept. 22, 2017) ....................................................... 9
*Williams v. United States*,
    665 F. Supp. 1466 (D. Or. 1987) ................................................................................ 8


**STATUTES, RULES, REGULATIONS**
42 U.S.C. § 2000e–8(e) .................................................................................................... 6
FED. R. CIV. P. 12(f) ....................................................................................................... 12
FED. R. CIV. P. 7(a)-(b) .................................................................................................. 12
C.D. Cal. L.R. 7-3 ............................................................................................................. 5
C.D. Cal. L.R. 79-5.2 ...................................................................................................... 13
CAL. EVID. CODE § 951 .................................................................................................... 8
CAL. GOV'T CODE § 12963.7(a) ....................................................................................... 6

*Plaintiff EEOC's Oppositon to DFEH's*
*Notice of Motion and Motion to Strike*

## I.     **Introduction**

Plaintiff Equal Employment Opportunity Commission ("EEOC") files this Opposition to California Department of Fair Employment and Housing's ("DFEH's") Notice of Motion and Motion to Strike (the "Motion"). DFEH seeks to strike three exhibits from the Declaration of Rosa Viramontes (ECF Nos. 35-3, 35-4, 35-5), filed by the EEOC in support of its Opposition to DFEH's Motion to Intervene (ECF No. 35). These exhibits consist of emails between EEOC's District Director Rosa Viramontes and DFEH's Chief Counsel, Janette Wipper, that memorialize the agencies' agreement to split the investigation regarding Defendants. Following the denial of DFEH's motion to intervene and in order to expeditiously resolve this lingering dispute, EEOC has concurrently filed a Notice of Withdrawal of the subject exhibits with this Opposition.

DFEH's Motion should be denied as moot and for lack of standing. EEOC has withdrawn the documents to which DFEH objects. The Court denied DFEH's Motion to Intervene without relying on the documents at issue. Further, now that its motion to intervene has been denied, DFEH lacks standing to bring a motion to strike.

DFEH refused to withdraw its Motion even though EEOC offered to provide all the relief requested in that Motion, ostensibly because DFEH seeks striking or sealing additional documents. DFEH did not properly meet and confer prior to its original Motion. DFEH declined EEOC's invitation to further meet and confer about its expanded request for relief—despite this Court's directive to the agencies to attempt in good faith to resolve this issue without further motion practice. To the extent DFEH demands new remedies, this Court should not grant any additional relief beyond that which DFEH explicitly sought in its Motion.

Although EEOC has concurrently filed a Notice of Withdrawal with this Opposition, EEOC maintains that the exhibits do not contain privileged or confidential information and that in any event, DFEH waived any putative privilege by placing the substance of the documents affirmatively at issue in its Motion to Intervene. Nonetheless, EEOC has heeded the Court's request that further motion practice on this issue be avoided

and withdrawn the emails in order to efficiently resolve the issue now that the motion to intervene has been denied. Accordingly, DFEH's Motion to Strike must be denied.

## II.   **Procedural History**

On November 11, 2021, counsel for DFEH, Christian Schreiber, asserted that DFEH believed certain documents filed by EEOC were privileged and requested to meet and confer. Declaration of Ella Hushagen ("Hushagen Decl."), ¶ 2, Exh. 1 at 11-12. Mr. Schreiber failed to specify which documents were privileged, which privileges applied, or supply any authority. *Id.*

Prior to the meet and confer conference, EEOC requested an explanation of DFEH's argument and authority. DFEH counsel responded by generally alleging that several California statutes, federal common law privileges, and the "official information and the deliberative process" apply to the emails. Hushagen Decl. ¶ 6, Exh. 1 at 7. Mr. Schreiber did not explain or analyze why the statutes or general privileges it mentioned applied, and he conditioned providing more detail upon hearing EEOC's position. *Id.* EEOC reminded DFEH that "[t]he party asserting the privilege has the burden to prove the privilege applies." Hushagen Decl., ¶ 7, Exh. 1 at 7 (citing *United States v. Plache*, 913 F.2d 1375, 1379 (9th Cir. 1990); *Action Performance Cos., Inc. v. Bohbot*, 420 F. Supp. 2d 1115, 1118 (C.D. Cal. 2006)).

On November 17, 2021, EEOC and DFEH met and conferred via Zoom. Hushagen Decl. ¶ 8, Exh. 1 at 4. Mr. Schreiber stated the emails were "patently privileged" and cited—without explanation or analysis—various provisions of California law. DFEH counsel repeatedly accused EEOC of being "obtuse," insisting it was EEOC's burden to show that the communications are *not* privileged. *Id.* ¶¶ 10-11, Exh. 1 at 3-4. EEOC explained again it was DFEH's burden to first explain what privileges applied to each document. Hushagen Decl., ¶ 9, Exh. 1 at 3. DFEH counsel asked sardonically if EEOC wanted him to write a legal memo. EEOC responded that it would appreciate understanding DFEH's position, and Local Rule 7-3 required the same. DFEH agreed to

*Plaintiff EEOC's Oppositon to DFEH's*
*Notice of Motion and Motion to Strike*

draft a letter no later than November 19, 2021 describing its position. EEOC agreed to put its position in writing in response. *Id*. ¶¶ 12-13, Exh. 1 at 4.

On November 19, DFEH counsel wrote to EEOC that he could not provide a letter describing DFEH's position because he had not had time to confer with his client. Hushagen Decl. ¶ 14, Exh. 1 at 2. Puzzlingly, he stated that DFEH had nonetheless satisfied its meet and confer obligation. *Id*. ¶ 15, Exh. 1 at 2. The same day, EEOC wrote to DFEH counsel to state it disagreed that DFEH met its burden under Local Rule 7-3 in letter or spirit and reiterated it was prepared to respond substantively to DFEH's position once it understood that position. *Id*. ¶ 16, Exh. 1 at 1. EEOC offered a videoconference the following week. *Id*. ¶ 17, Exh. 1 at 1.

For nearly three weeks, DFEH counsel made no attempt to contact EEOC or to continue to meet and confer on the issues raised in the Motion. Hushagen Decl., ¶ 18. Despite DFEH's contention that the meet and confer obligation was exhausted as of the November 17, 2021 Zoom conference, DFEH filed its Motion on December 8, 2021, in apparent attempt to delay the proceedings. DFEH's Motion was the first opportunity EEOC had to review DFEH's analysis and authorities.

On December 13, 2021, the Court held a hearing on DFEH's Motion to Intervene, ECF No. 42. At the hearing, the Court instructed EEOC and DFEH to meet and confer on DFEH's pending Motion to Strike to attempt to resolve the Motion. Hushagen Decl., ¶ 20, Exh. 2 (Tr. of 12/13/2021 Hearing) at 25:20-26:1.

On December 20, 2021, pursuant to the Court's instruction to meet and confer, EEOC offered a compromise wherein EEOC would withdraw Exhibits A-C to the Viramontes Declaration if DFEH withdrew its Motion to Strike. Although EEOC maintains that the documents are not privileged or confidential, EEOC made this proposal to conserve the resources of the respective agencies and the Court and avoid further motion practice. Hushagen Decl., ¶ 22, Exh. 3 at 1. DFEH initially agreed and offered to prepare a joint stipulation to that effect, but then ultimately declined the compromise offered by EEOC, insisting that further relief beyond the scope of the Motion before this

Court was necessary and "logically subsume[d]" in the original Motion. Hushagen Decl.,
¶¶ 24, 26, Exh. 4 at 7, 9. DFEH insisted that it would not withdraw its motion unless
EEOC agreed to seal all references to the withdrawn documents throughout the record. *Id.*
¶ 26, Exh. 4 at 7. DFEH's demand for additional remedies beyond what it seeks in its
Motion to Strike is not well taken. EEOC cannot in good faith bring a motion to seal these
references because they are not privileged, *infra*, and EEOC does not believe any other
justification compels sealing them.

EEOC has filed a Notice of Withdrawal as to Exhibits A, B, and C of the
Viramontes Declaration—the three documents objected to in the Motion—concurrently
with this Opposition. DFEH refused to enter a joint stipulation to withdraw its Motion to
Strike before EEOC's deadline to file its Opposition; therefore, EEOC was obligated to
file this Opposition.

**III.    Argument**

**A.    DFEH's Motion is Moot**

DFEH's Motion must be denied because it is moot. "Motions to strike filings that
have been withdrawn . . . are not well taken." *Allstate Indem. Co. v. Lindquist*, 2021 WL
5514597, at *3 (W.D. Wash. Nov. 24, 2021). Because EEOC has withdrawn all of the
documents DFEH objects to in its Motion—as it represented to DFEH it was willing to
do—the Motion is now moot. *See id; see also, e.g.*, *Jones v. Kuppinger*, 2014 WL
2093298, at *2 (E.D. Cal. May 16, 2014)(denying motion to strike documents related to
opposition as moot where plaintiff had withdrawn opposition to motion); *PNC Equip. Fin.
LLC v. Cal. Fairs Fin. Auth.*, 2012 WL 2872813, at *8 (E.D. Cal. July 12, 2012)(denying
motion to strike as moot where subject filing had been withdrawn); *Halmos v. Ins. Co. of
N. Am.*, 2011 WL 13134004, at *1 (S.D. Fla. Jan. 11, 2011)(same).

Moreover, it does not appear that the Court relied on the contents of the subject
exhibits in denying DFEH's motion to intervene. *See* ECF No. 46. DFEH's Motion
therefore is moot and must be denied "because the objected-to evidence was not
considered in [the Court's] reaching a decision on the underlying motion[]" to intervene.

*McWilliams v. Latah Sanitation*, 554 F. Supp. 2d 1165, 1186 (D. Idaho 2008); *see, e.g.*, *BBC Grp. NV LLC v. Island Life Rest. Grp. LLC*, 2020 WL 978260, at *1 (W.D. Wash. Feb. 28, 2020)(denying motion to strike as moot because challenged evidence was irrelevant to court's decision).

### B.   DFEH Lacks Standing to Bring Its Motion

DFEH lacks standing to pursue a motion to strike. The Court has denied DFEH's attempt to intervene in this action. *See* ECF No. 46. Consequently, DFEH no longer has standing to litigate its motion to strike and the Motion must be denied for lack of standing. *See Block v. Wash. State Bar Ass'n*, 2016 WL 7734884, at *5 (W.D. Wash. Apr. 19, 2016)(striking proposed intervenor's motion to strike for lack of standing where intervention was denied); *Gallucci v. Boiron, Inc.*, 2012 WL 12864924, at *3 (S.D. Cal. Apr. 25, 2012)(same).

### C.   DFEH Failed to Meet and Confer

DFEH's Motion should be denied for failure to meaningfully meet and confer prior to filing. "[C]ounsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." C.D. Cal. L.R. 7-3. The Court may refuse to consider a motion for failure to comply with the Local Rules. *See* Standing Order for Cases Assigned to Judge Dale S. Fischer, ECF No. 12, § 4(b) ("Failure to comply with… Rule [7-3] will be grounds for sanctions. If fault is attributed to the moving party, the Court may decline to hear the Motion."); *see, e.g., Manning v. Dimech*, 2015 WL 9581795, at *3 (C.D. Cal. Dec. 30, 2015); *see also Sketchers U.S.A., Inc. v. Eliya, Inc.*, 2017 WL 3449595, at *4 (C.D. Cal. Feb. 3, 2017) ("Counsel's failure to thoroughly meet and confer is an additional grounds for the Court's denial of the Motion [to strike].").

DFEH did not engage in a meaningful discussion aimed at resolving the issues presented in its Motion. DFEH conceded its failure to meaningfully meet and confer when its counsel wrote to EEOC, on November 19, that he was unable to provide analysis or legal authorities because he had not had an opportunity to confer with his client. Hushagen

Decl., ¶ 14, Exh. 1 at 2. EEOC offered to continue the meet and confer discussions but received no response. *Id*., ¶ 17, Exh. 1 at 1. Even after the Court ordered the agencies to meet and confer on DFEH's Motion, *id*. ¶ 20, Exh. 2 (Tr.) at 25:20-26:1, DFEH declined EEOC's compromise offer and invitation to discuss its Motion. *Id.*, ¶¶ 24, 26, Exh. 4 at 7, 9. DFEH continued to insist through the date of this Opposition's filing that it was entitled to additional relief beyond the scope of its Motion and failed to agree to a joint stipulation to withdraw before the filing deadline. Declaration of Maurice Aaron Neishlos ("Neishlos Decl.) ¶¶ 3-4, Exh. 1 at 4, 6-7.

**D.     The Documents Are Not Privileged and Any Privilege Has Been Waived**

i.     <u>The Documents are not Privileged.</u>

DFEH makes five arguments that the documents at issue – emails between the two agencies – are privileged or confidential: 1) that they are confidential under the Worksharing Agreement between the agencies; 2) that they are protected by the government deliberative process privilege; 3) that they are protected by the attorney-client privilege; 4) that they must be stricken as violative of California Rule of Professional Conduct 1.6; and 5) that they are protected by the investigatory privilege. Each of these arguments can be easily dispatched.

***The Worksharing Agreement does not require the emails' confidentiality.*** The provision of the Worksharing Agreement at issue states that: "The Agency accepting information agrees to comply with any confidentiality requirements *imposed on* the agency providing the information." (emphasis added). ECF No. 24-11 at 5 (Worksharing Agreement § IV.A). For example, both agencies owe duties of confidentiality to individuals who participate in investigations and to the employers who are investigated; these obligations are imposed upon the agencies by statute. 42 U.S.C. § 2000e–8(e); CAL. GOV'T CODE § 12963.7(a). No statute requires the agencies to keep secret their agreements to split investigative work. Instead, these agreements are routinely disclosed to third parties in the public interest, helping employers understand which agency is investigating them and witnesses and potential claimants understand which agency to

1  contact with information. *See* Declaration of District Director Rosa Viramontes In Support
2  of Opposition to DFEH's Motion to Strike ("MTS Viramontes Decl."), ¶ 2.[1]

3      ***The deliberative process privilege does not apply.*** It is affirmatively in the public's
4  interest to have coordination agreements between the agencies to conserve resources out
5  in the open. *United State v. City of Hesperia*, 2021 WL 5034381, at *9 (C.D. Cal. June 17,
6  2021)(deliberative process is a qualified privilege that the public interest in information
7  can overcome). Deliberative process privilege applies to *pre-decisional deliberations*
8  within an agency; it is designed to protect discussions that an agency has about whether or
9  not to take a particular course of action. *See F.T.C. v. Warner Commc'ns, Inc.*, 742 F.2d
10  1156, 1161 (9th Cir. 1984)(to qualify, a document must be both pre-decisional and
11  deliberative). The emails at issue here constitute the governmental decision itself – the
12  final agreement – and took place between two different agencies at the federal and state
13  level. Federal and state governments are separate sovereigns, not one entity. DFEH does
14  not even address the pre-decisional element or explain what governmental decision the
15  emails at issue preceded that would confer pre-decisional status upon them. *See Loving v.*
16  *Dep't of Def.*, 550 F.3d 32, 37 (D.C. Cir. 2008)(agency bears burden of showing that
17  privilege applies).

18

19  _____
20  [1] In order for DFEH to rely on the cited portion of the Worksharing Agreement, it would
    need to show that there is a law that imposes the *mandatory* obligation upon DFEH to
21  keep these emails confidential, *i.e.* that even if DFEH wanted to reveal them, it would not
    be permitted to do so. This is simply not the case. In fact, DFEH requested that EEOC
22  disclose the agreement to Defendants and mischaracterized the agreement in its own
    public filings. ECF No. 25, Viramontes Decl., ¶¶ 18-19 & 25, Exhs. D & F; Wipper Decl.,
23  ¶¶ 8-9 & 13; Exh. C. It would not be permissible under statute for either agency to
24  similarly publicly characterize or in any way discuss the substance of information
    provided by a witness during an investigation or to characterize the substance of an
25  employer's response to allegations during investigation or resolution efforts. This
    illustrates the difference between the emails at issue and the information that the
26  Worksharing Agreement is actually designed to protect. As discussed herein, DFEH
27  cannot place the agreement in contention while forbidding EEOC to provide the
    agreement itself.
28

7

***The attorney-client privilege does not apply.*** Only one person in the exchange was a lawyer: DFEH's counsel, Ms. Wipper. Director Viramontes is not an attorney and there is no possible interpretation of her communications with Ms. Wipper under which she became Ms. Wipper's or DFEH's lawyer or provided legal advice. *See* MTS Viramontes Decl., ¶ 5; *Fisher v. United States*, 425 U.S. 391, 403 (1976)(for privilege to attach, legal advice must be sought from professional legal advisor in her capacity as such). Moreover, Ms. Wipper did not communicate with Ms. Viramontes in her capacity as a professional legal advisor, but as an agent of DFEH Director Kevin Kish for the purpose of defining the contours of the agencies' enforcement operations. MTS Viramontes Decl., ¶ 4; *see Fisher*, 425 U.S. at 403; *see also United States v. Martin*, 278 F.3d 988, 999 (9th Cir. 2002)("The fact that a person is a lawyer does not make all communications with that person privileged."); *Harrod v. Halford*, 773 F.2d 234, 236 (8th Cir. 1985)(merely because a letter comes from a legal source or otherwise implicates a legal right "is insufficient to indicate that it is confidential and requires special treatment").

***California Rule of Professional Conduct 1.6 has no relevance here***. No attorney for EEOC represents DFEH or any of its personnel as a "client." *See* CAL. EVID. CODE § 951 (defining "client" as "a person who, directly or through an authorized representative, consults a lawyer for the purpose of retaining the lawyer or securing legal advice from him in his professional capacity[.]"); *see also Judicial Watch, Inc. v. U.S. Dep't of Homeland Sec.*, 926 F. Supp. 2d 121, 144-45 (D.D.C. 2013)(in government context, a client may be the agency and the attorney may be the agency lawyer); *Williams v. United States*, 665 F. Supp. 1466, 1469-70 (D. Or. 1987)(no attorney-client relationship between EEOC and aggrieved individuals because agency acts to vindicate public interest). It is not possible for the EEOC or its attorneys to breach a duty to a "client" that they do not represent.

***The law enforcement/investigatory file privilege does not apply.*** As an initial matter, DFEH has not properly invoked it. A formal claim of the privilege must be made by the head of the department with control over the requested information; the assertion of

privilege must be based on personal consideration by that official and the information for which the privilege is claimed must be specified with an explanation as to why it falls within the scope of the privilege. *Valley Surgical Ctr. v. Cnty. of Los Angeles*, 2017 WL 10574239, at \*4 (C.D. Cal. Sept. 22, 2017); *United States ex rel. Burroughs v. DeNardi Corp.*, 167 F.R.D. 680, 687 (S.D. Cal. 1996). Ms. Wipper's Declaration In Support of DFEH's Motion to Strike includes no formal claim that the privilege applies. Ms. Wipper's blanket assertions of privilege lack particularity, and there is no indication that she personally considered whether the information is privileged. *See Burroughs*, 167 F.R.D. at 687 ("The formal claim of privilege must specify with particularity.").

Further, in order to justify the application of the privilege, the government must "make a compelling showing that the documents contain highly specific information, which, if disclosed, would reveal confidential investigative methods, jeopardize an ongoing investigation, or pose a threat of harm to certain non-parties." *United States ex rel. Lee v. Horizon W., Inc.*, 2006 WL 305966, at \*3 (N.D. Cal. Feb. 8, 2006). DFEH has not made a showing of these factors and cannot, since the investigative split is not confidential and was requested by DFEH to be disclosed to Defendants, there is no ongoing investigation into Defendants by DFEH, and no third parties are harmed by the publicity of the agreement. In fact, it is helpful to the public to be apprised of this agreement between agencies regarding how they expended public resources.

ii.   Any Privilege Has Been Waived.

DFEH forfeited any putative privilege when it disclosed the substance of the emails to Defendants, to the Court, and to the public through its docket filings. After the emails were exchanged, DFEH requested that EEOC share with Defendants EEOC's understanding of the agreement that the emails comprise. ECF No. 35, Viramontes Decl., ¶¶ 18-19 & 25, Exhs. D & F. At DFEH's behest, EEOC disclosed the agencies' agreement to divide the investigations to Defendants. *Id.*, ¶ 28, Exh. H; *see In re Martin Marietta Corp.*, 856 F.2d 619, 625 (4th Cir. 1988)(disclosure of documents to adversary waived privilege); *United States v. Mass. Inst. of Tech.*, 129 F.3d 681, 687 (1st Cir. 1997)(same).

DFEH submitted into evidence—not under seal—a letter from Defendants describing the nature of the agencies' agreement to split the investigations. Wipper Decl., ¶ 13; Exh. C. DFEH also waived any putative privilege by placing the substance of the emails squarely at issue in its Motion to Intervene. Mot. at 7; Wipper Decl., ECF 24-10 ¶¶ 8-9. DFEH argued that it should be permitted to intervene because it has a similar sexual harassment claim pending in state court, portraying this as an instance of jurisdictional overlap that this Court would need to iron out with DFEH's participation. EEOC placed the emails which spoke directly to this issue on the record in order to directly rebut this argument with the best evidence.[2]

"[I]f a party's disclosure of a portion of a communication or of one among several related communications may be misleading because the party has disclosed only favorable material while concealing unfavorable information, waiver is likely to be found for so much of the withheld information as will make the disclosure complete and not misleadingly one-sided." *Am. S.S. Owners Mut. Prot. & Indem. Ass'n, Inc. v. Alcoa S.S. Co., Inc.*, 232 F.R.D. 191, 199 (S.D.N.Y. 2005)(collecting cases); s*ee QBE Ins. Corp. v. Jorda Enters., Inc.*, 286 F.R.D. 661, 664–65 (S.D. Fla. 2012)("If a party could use the privilege as both a sword and a shield, then the party 'could selectively disclose fragments helpful to its cause, entomb other (unhelpful) fragments, and in that way kidnap the truth-seeking process.'" (quoting *In re Keeper of Records (Grand Jury Subpoena Addressed to XYZ Corp.)*, 348 F.3d 16, 24 (1st Cir. 2003))); *In re Broadcom Corp. Secs. Litig.*, 2005 WL 1403516, at *1 (C.D. Cal. Feb. 10, 2005)("A party waives the privilege if it injects into the case an issue that in fairness requires an examination of otherwise protected communications.").

---

[2] These emails would have been directly relevant to the proposed intervention in any case since they demonstrate that the state court harassment claim DFEH relied upon to ground its interests was the result of its breach of an agreement with the EEOC and could not equitably form the basis for intervention to interfere with the victim of that breach, especially through the Court's exercise of its permissive powers.

In its motion to intervene, DFEH alternately denied the existence of, and undermined the validity of the agencies' agreement that EEOC—not DFEH—would investigate sexual harassment claims. DFEH mischaracterized the emails at issue; Ms. Wipper stated that DFEH and EEOC "deliberated" about a division of investigatory responsibility, but that "DFEH expressly declined EEOC's proposed division of investigatory labor." Wipper Decl., ECF 24-10 ¶¶ 8-9. DFEH argued the agencies agreed DFEH would investigate state claims, while EEOC would investigate federal claims—a self-serving claim that enjoys no support in the underlying documentation. *See* ECF No. 24-1, at 7. Once DFEH made these substantive arguments in its Motion to Intervene, any putative privilege was destroyed. DFEH is attempting to do exactly what is barred by the case law on waiver – to use the privilege as both a sword and a shield to characterize the agencies' investigation however it likes and prevent EEOC from correcting the record.

## E.    The Court Should Not Grant DFEH Any Additional Relief

When EEOC invited DFEH to resolve its Motion through stipulation for the withdrawal of the exhibits at issue, DFEH sought the additional relief of removal of all references to them in other docket filings. Hushagen Decl. ¶ 24, Exh. 4 at 9. DFEH even threatened to file a new Motion to Strike if necessary. *Id*. ¶ 26, Exh. 4 at 7. EEOC asked DFEH to meet and confer about this issue, but DFEH continued to insist that it was entitled to remedies not expressly requested or contemplated in its Motion. Neishlos Decl. ¶ 4, Exh. 1 at 4-6. In light of the Court's order to EEOC and DFEH to meet and confer to resolve this issue, DFEH's new attempt to ambush EEOC to provide greater relief than previously contemplated would be inappropriate. *Id*., ¶¶ 4, 7. The Court should dismiss any request in DFEH's Reply for further relief out of hand.

"Rule 12(f) should be construed strictly . . . and if the motion is granted at all, the complaint should be pruned with care."[3] *Lipsky v. Commonwealth United Corp.*, 551 F.2d

---

[3] It is questionable whether DFEH may even bring a motion pursuant to Federal Rule of Civil Procedure 12(f) to challenge the documents at issue. Rule 12(f) provides in pertinent part that "the court may order stricken from any *pleading* ... any redundant, immaterial,

887, 894 (2d Cir. 1976). DFEH's Motion only requests that the Court strike the three exhibits to the Viramontes Declaration, which EEOC has now withdrawn. DFEH has never requested that the Court strike or seal references to those exhibits and its Motion makes no mention of references to those exhibits in other documents. *See* Motion at 15 ("DFEH respectfully requests that the Court grant this Motion to strike ECF Docket Nos. 35-3, 35-4, 35-5 in their entirety and seal them from the public record."). The requirement to strictly construe Rule 12(f) dictates that if the Motion is granted, only the relief the movant expressly requests should be awarded.[4] The Court need not expend further energy combing through docket filings to find discrete references to now-withdrawn exhibits in an effort to remove information that is immaterial to any live dispute.

DFEH's newly stated position that it is entitled to seal or strike references to the withdrawn exhibits is untenable. DFEH and EEOC both made reference to and characterized the substance of the emails. *See supra* § D(ii). EEOC attached them as the best evidence of the agreement. DFEH seemingly takes the indefensible position that only DFEH is permitted to characterize the agencies' agreement. Moreover, Ms. Wipper's

---

impertinent, or scandalous matter." FED. R. CIV. P. 12(f)(emphasis added). Rule 7 defines "pleadings" generally as complaints and answers, whereas "motions and other papers" are distinct from pleadings. *See* FED. R. CIV. P. 7(a)-(b). "Under the express language of the rule, only pleadings are subject to motions to strike." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885–86 (9th Cir. 1983); *see Parker v. CMRE Fin. Servs., Inc.*, 2007 WL 3276322, at *4 (S.D. Cal. 2007)("Rule 12(f) cannot serve as the procedural vehicle for striking language contained in motion papers."); *Kraft v. Old Castle Precast Inc.*, 2015 WL 11216774, at *2 (C.D. Cal. Aug. 3, 2015); *Pilgrim v. Trs. of Tufts Coll.*, 118 F.3d 864, 868 (1st Cir. 1997)(Rule 12(f) has "no applicability" to affidavits); *Transam. Leasing, Inc. v. La Republica de Venezuela*, 21 F. Supp. 2d 47, 55-56 (D.D.C. 1998)(declarations "[a]re not pleadings subject to a motion to strike pursuant to Rule 12(f)"); *Int'l Longshoremen's Ass'n, S.S. Clerks Local 1624, AFL-CIO v. Va. Int'l Terminals, Inc.*, 904 F. Supp. 500, 504 (E.D. Va. 1995)(collecting cases).

[4] Additionally, motions to strike must be strictly construed against striking portions of documents. *See Smith v. K-Mart Corp.*, 1995 WL 819119, at *4 (E.D. Wash. Nov. 22, 1995); *Levine v. Diamanthuset*, 1989 WL 384853, at *6 (N.D. Cal. Oct. 23, 1989)(citing *Lipsky*, 551 F.2d at 893).

*Plaintiff EEOC's Oppositon to DFEH's
Notice of Motion and Motion to Strike*

Declaration in support of DFEH's Motion to Intervene quotes numerous emails not attached as exhibits. ECF No. 24-10 ¶¶ 12(d)-(i). When EEOC previously met and conferred with defense counsel about the issues presented in Ms. Wipper's Declaration, DFEH counsel explained that DFEH opted to quote from rather than attach the emails to "thread the needle" and avoid placing emails DFEH contends are privileged into the public record. Hushagen Decl., ¶ 31, Exh. 4 at 5. DFEH's inconsistent position on whether references to allegedly privileged materials may be filed in the public record undermines its argument that all references must be removed. Moreover, its reliance on references to allegedly privileged discussions concerning the agencies' agreement to split investigative work in its own Motion to Intervene plainly waives any privilege by placing the existence of that agreement at issue.

Finally, DFEH cannot seal portions of documents already in the public record without the Court's approval. *See* C.D. Cal. L.R. 79-5.2. DFEH has not formally requested that the Court seal references to the withdrawn exhibits. Even if it had, there is no good faith basis to do so. A party seeking to seal or redact a public docket filing must provide "specific compelling reasons to justify" the redactions. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1183-84 (9th Cir. 2006). In its Motion, DFEH simply mentions general categories of privilege without sufficiently elaborating or specifically linking the privilege to documents. This falls far short of its burden to offer specific compelling reasons to justify sealing. *See id.* at 1184. And where, as here, the relevant documents are not privileged, the party requesting sealing must show "good cause." *Id.* at 1185-86; *see also, e.g.*, *Netscape Commcn's Corp. v. Fed. Ins. Co.*, 2006 WL 3456687, at *2 (N.D. Cal. Nov. 29, 2006). DFEH has not shown good cause at any juncture, relying only on its unsubstantiated privilege arguments, nor has it articulated how it would be harmed if references to the documents remain unsealed. *See Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.").

*Plaintiff EEOC's Oppositon to DFEH's*
*Notice of Motion and Motion to Strike*

1         Accordingly, the Court should not seal or strike any portions of public filings that

2    DFEH has not expressly requested in its Motion.

3    **IV.    Conclusion**

4         For the foregoing reasons, DFEH's Motion to Strike should be DENIED and the

5    Court should not provide DFEH any additional relief not sought in its Motion.

6

7                                         Respectfully submitted,

8

9    Dated: January 3, 2022                U.S. EQUAL EMPLOYMENT
                                        OPPORTUNITY COMMISSION

10

11                              By:   */s/ Maurice Aaron Neishlos*

12                                    Maurice Aaron Neishlos
                                      EEOC Trial Attorney

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Plaintiff EEOC's Oppositon to DFEH's*
*Notice of Motion and Motion to Strike*