Anna Y. Park, SBN 164242
anna.park@eeoc.gov
Nakkisa Akhavan, SBN 286260
nakkisa.akhavan@eeoc.gov
Taylor Markey, SBN 319557
taylor.markey@eeoc.gov
Maurice Neishlos, NY SBN 5639265
maurice.neishlos@eeoc.gov
Alisha Ansari, SBN 312875
alisha.ansari@eeoc.gov
Ella Hushagen, SBN 297990
ella.hushagen@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 422-8396
Facsimile: (213) 894-1301
E Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

*[Counsel continued on next page]*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>ACTIVISION BLIZZARD, INC., BLIZZARD ENTERTAINMENT, INC., ACTIVISION PUBLISHING, INC., KING.COM, INC., and DOES ONE through TEN, inclusive,<br><br>Defendants. | CASE NO. 2:21-cv-07682-DSF-JEM<br><br>**JOINT APPLICATION OF PLAINTIFF U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION AND DEFENDANTS ACTIVISION BLIZZARD, INC., BLIZZARD ENTERTAINMENT, INC., ACTIVISION PUBLISHING, INC., AND KING.COM, INC. FOR LEAVE TO SUBMIT PROTECTED MATERIALS FOR** *IN CAMERA* **REVIEW**<br><br>Courtroom: 7D<br>Judge: Hon. Dale S. Fischer |

ELENA R. BACA (SB# 160564)
elenabaca@paulhastings.com
FELICIA A. DAVIS (SB# 266523)
feliciadavis@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, California 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

RYAN D. DERRY (SB# 244337)
ryanderry@paulhastings.com
PAUL HASTINGS LLP
101 California Street
Forty-Eighth Floor
San Francisco, California 94111
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

Attorneys for Defendants
ACTIVISION BLIZZARD, INC.,
BLIZZARD ENTERTAINMENT, INC.,
ACTIVISION PUBLISHING, INC., AND
KING.COM, INC.

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................... 7
II. THE COURT SHOULD PERMIT *IN CAMERA* REVIEW OF THE PROTECTED MATERIALS ................................................................. 10
III. CONCLUSION ............................................................................................ 12

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Broyles v. Gould*,
  No. 3:14-cv-00198-TMB, 2016 WL 4719885
  (D. Alaska Feb. 19, 2016) .................................................................................. 10

*Cassel v. Superior Court*,
  51 Cal. 4th 113 (2011), *aff'd*
  216 F.3d 1082 (9th Cir. 2000) ............................................................................ 11

*Folb v. Motion Picture Indus. Pension & Health Plans*,
  16 F. Supp. 2d 1164 (C.D. Cal. 1998) ................................................................ 11

*K.S. ex rel. Isserlis v. Ambassador Programs, Inc.*,
  No. CV-08-243-RMP, 2010 WL 605274 (E.D. Wash. Feb. 18, 2010) ................................................................................................................. 10

*Kamakana v. City & County of Honolulu*,
  447 F.3d 1172 (9th Cir. 2006) ............................................................................ 10

**STATUTES**

42 U.S.C. § 2000e-5(b) .......................................................................... 5, 9, 11

CAL. EVID. CODE § 1119 ........................................................................ 5, 9, 11

CAL. EVID. CODE § 1121 ........................................................................ 5, 9, 11

CAL. GOV'T CODE § 12932(b) ............................................................... 5, 9, 11

**RULES**

FED. R. CIV. P. 26 .................................................................................................. 10

FED. R. CIV. P. 26(c) ............................................................................................. 10

FED. R. EVID. § 408 .................................................................................. 5, 9, 11

L.R. 79-6 ...................................................................................................... 5, 7, 9

L.R. 79-6.1 ............................................................................................................. 10

L.R. 79-6.2 ............................................................................................................. 10

**REGULATIONS**

2 CAL. CODE REGS. § 10024 ................................................................... 5, 9, 11

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

Pursuant to Local Rule 79-6, Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC"), and Defendants Activision Blizzard, Inc., Blizzard Entertainment, Inc., Activision Publishing, Inc., and King.com, Inc. (collectively, "Activision Blizzard"), hereby jointly seek leave to submit for *in camera* review certain confidential conciliation and confidential mediation materials (the "Protected Materials") to provide further information to assist the Court in its review of the Proposed Amended Consent Decree, lodged on January 4, 2022 (Dkt. 50-1).

Good cause exists to conduct that review *in camera* under the United States District Court, Central District of California Local Rule 79-6 ("Local Rule 79-6"). The Protected Materials contain highly confidential information that is protected from disclosure under federal statute, federal common law, the Federal Rules of Evidence, and the California Evidence Code. *See* Fed. R. Evid. 408, 42 U.S.C. § 2000e-5(b), Cal. Gov't Code § 12932(b), 2 Cal. Code Regs. § 10024, Cal. Evid. Code §§ 1119, 1121.

This Application is based on Local Rule 79-6, Fed. R. Evid. 408, 42 U.S.C. § 2000e-5(b), the attached Memorandum of Points and Authorities, the Declaration of Elena R. Baca dated January 5, 2022 in support hereof, the Declaration of Taylor Markey dated January 5, 2022 in support hereof, the [Proposed] Order concurrently filed herewith, and the files and records of this case.

| | | |
|---|---|---|
| 1 | DATED: January 5, 2022 | U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION |
| 2 | | |
| 3 | | |
| 4 | | By:  /s/ Taylor Markey<br>TAYLOR MARKEY<br>Senior Trial Attorney, EEOC |
| 5 | | |
| 6 | DATED: January 5, 2022 | PAUL HASTINGS LLP<br>ELENA R. BACA<br>RYAN D. DERRY<br>FELICIA A. DAVIS |
| 7 | | |
| 8 | | |
| 9 | | |
| 10 | | By:  /s/ Elena R. Baca<br>ELENA R. BACA |
| 11 | | Attorneys for Defendants<br>ACTIVISION BLIZZARD, INC.,<br>BLIZZARD ENTERTAINMENT, INC.,<br>ACTIVISION PUBLISHING, INC., AND<br>KING.COM, INC. |
| 12 | | |
| 13 | | |

LEGAL_US_W # 110543392.7

-6-

JOINT APPLICATION FOR LEAVE
FOR *IN CAMERA* REVIEW

# MEMORANDUM OF POINT AND AUTHORITIES

## I. INTRODUCTION

Pursuant to the United States District Court, Central District of California Local Rule 79-6, Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC"), and Defendants Activision Blizzard, Inc., Blizzard Entertainment, Inc., Activision Publishing, Inc., and King.com, Inc. (collectively, "Activision Blizzard"), seek leave to submit for *in camera* review certain confidential conciliation and confidential mediation materials ("Protected Materials") to assist the Court in its review of the Proposed Amended Consent Decree (Dkt. 50-1). *See* Declaration of Elena R. Baca in Support of Joint Application of EEOC and Activision Blizzard for Leave to Submit Protected Materials for *In Camera* Review, dated January 5, 2022 ("Baca Decl.") ¶ 2; Declaration of Taylor Markey in Support of Joint Application of EEOC and Activision Blizzard for Leave to Submit Protected Materials for *In Camera* Review, dated January 5, 2022 ("Markey Decl.") ¶ 2.

Specifically, during the December 13, 2021 hearing ("December 13 Hearing"), the Court inquired as to the $18,000,000 Settlement Fund:

> THE COURT: Where did the 18 million come from? You've made some comments Ms. Baca today about the ten thousand people but very few. This seems like very few that you and the EEOC are actually going to be eligible claimants. But -- and you said you think this money is more than going to take care of those. I don't have any information at all about this. All I have is a $18 million number.
>
> MS. BACA: Understood, Your Honor. And I'll let the EEOC -- look we all disagree on -- no surprise to this Court.

| | |
|---|---|
| 1 | THE COURT: Been there, yeah. |
| 2 | MS. BACA: Right? No surprise to this Court in the |
| 3 | slightest. But ultimately, and what I'm struggling with in |
| 4 | part, Your Honor, is mediation privilege and what I can -- |
| 5 | and what we can disclose or not particularly in open court; |
| 6 | and so if the Court would -- well, if you would like a further |
| 7 | submission -- |
| 8 | THE COURT: If you would like to submit an under-seal |
| 9 | filing. But I think this deference is one thing and here's a |
| 10 | number and I know nothing else about it. |
| 11 | MS. BACA: Understood, Your Honor. |
| 12 | THE COURT: And so -- |
| 13 | MS. BACA: If the Court would permit an under-seal |
| 14 | filing, then I'm sure we could find what we could put |
| 15 | forward and you won't be surprised that we all have |
| 16 | different views. |
| 17 | THE COURT: No, I won't. I'm sure there were. |
| 18 | . . . |
| 19 | MS. PARK: Your Honor, this is the EEOC. I'm sorry. |
| 20 | I'm sorry. |
| 21 | THE COURT: That's okay. |
| 22 | MS. PARK: We would agree with the defendants. Based |
| 23 | on particularly -- based on our investigation and claimants |
| 24 | are reluctant to have their stories and facts and |
| 25 | circumstances revealed. |
| 26 | THE COURT: I don't need stories and facts. I really just |
| 27 | -- maybe as we go on, it may become more clear but as I |
| 28 | |

> said I know nothing and nothing is not enough for me to give deference.
>
> MS. PARK: We would be happy to send that in camera or under seal for the Court to consider, yes.
>
> THE COURT: And if you came up with some estimate -- and I don't know whether this needs to be under seal or not. I'll leave that to you until I see. It but if there is some estimate of what number of people and what they're likely to get, I mean --

See Baca Decl., Ex. A (Rep.'s Tr. of Proceedings, Dec. 13, 2021, at 36:2-38:5).[1]

In response to the Court's inquiry and with the Court's permission, the parties will submit to the Court these the Protected Materials for *in camera* review. The Protected Materials will allow the Court to evaluate the parties' respective positions as to the $18,000,000 Settlement Fund available to eligible claimants (*i.e.*, someone who submits a claim form, is deemed eligible, and elects to sign the release form). *See* Baca Decl. ¶ 4.

Good cause exists for the Court to conduct its review of the Protected Materials *in camera* under Local Rule 79-6 because they consist of information disclosed during the confidential conciliation and mediation processes that are protected from disclosure under federal statute, federal common law, the Federal Rules of Evidence, and California Evidence Code. *See* Fed. R. Evid. 408, 42 U.S.C. § 2000e-5(b), Cal. Gov't Code § 12932(b), 2 Cal. Code Regs. § 10024, Cal. Evid. Code §§ 1119, 1121.

---

[1] While the Court's inquiry related to the Proposed Consent Decree lodged on September 27, 2021, the parties lodged a Proposed Amended Consent Decree on January 4, 2022; should the Court grant this Application, the parties will submit for *in camera* review the Protected Materials for evaluation of the Proposed Amended Consent Decree.

## II. THE COURT SHOULD PERMIT *IN CAMERA* REVIEW OF THE PROTECTED MATERIALS

Under Local Rule 79-6.2, a party may apply to the Court for approval to submit papers for *in camera* review. The Court may then review the papers without the need for formal public filing or service thereof. *See* Local Rule 79-6.1. A showing of "good cause" can be sufficient. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). ("A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.").

The Court has "much flexibility in balancing and protecting the interests of private parties." *Id.* at 1180. When there are concerns about privacy issues or disclosure of confidential or privileged information, *in camera* inspection is an appropriate way to address the issue. *See K.S. ex rel. Isserlis v. Ambassador Programs, Inc.*, No. CV-08-243-RMP, 2010 WL 605274, at *4 (E.D. Wash. Feb. 18, 2010 (finding that the disputed agreements "should be reviewed *in camera* by the Court to determine if those documents contain, in the Court's view, privileged, confidential and/or proprietary information"); *Broyles v. Gould*, No. 3:14-cv-00198-TMB, 2016 WL 4719885, at *2 (D. Alaska Feb. 19, 2016) ("[T]he Court finds an *in camera* review of the documents to be an appropriate method to proceed in balancing the Defendants' privacy concerns with the broad discovery directive of Rule 26.").

Here, the Court posed questions surrounding the number of estimated eligible claimants in relation to the proposed $18,000,000 Settlement Fund. *See* Baca Decl., Ex. A (Rep.'s Tr. of Proceedings, Dec. 13, 2021, at pp. 36:2-9). The $18,000,000 figure was the result of negotiations during the conciliation and mediation processes and based on the parties' respective calculations during the

conciliation process.[2]  *See* Baca Decl. ¶ 4.  The Protected Materials will provide the Court with the information sought as to how the parties settled on an $18 million fund.  These materials, however, are protected from disclosure under federal statute, federal common law, the Federal Rules of Evidence, and California Evidence Code.  *See* Fed. R. Evid. 408, 42 U.S.C. § 2000e-5(b), Cal. Gov't Code § 12932(b), 2 Cal. Code Regs. § 10024, Cal. Evid. Code §§ 1119, 1121.  Specifically, the Protected Materials include information protected from disclosure by the confidentiality of conciliation, mediation privilege, attorney-client privilege, and attorney work product that have not been waived.  *Id.*

Thus, good cause exists to conduct the review of the Protected Materials *in camera*.  *See Folb v. Motion Picture Indus. Pension & Health Plans*, 16 F. Supp. 2d 1164, 1177 (C.D. Cal. 1998) (recognizing a mediation privilege in California would "serve important public ends by promoting conciliatory relationships"); *Cassel v. Superior Court*, 51 Cal. 4th 113, 136 (2011) (mediation privilege provides "broad protection for the confidentiality of communications exchanged in relation to that process."), *aff'd* 216 F.3d 1082 (9th Cir. 2000); 42 U.S.C. § 2000e-5(b) ("Nothing said or done during and as a part of [conciliation] endeavors may be made public by the Commission, its officers or employees, or used as evidence in a subsequent proceeding without the written consent of the persons concerned.  Any person who makes public information in violation of this subsection shall be fined not more than $1,000 or imprisoned for not more than one year, or both.").

//
//
//
//
//

---

[2] By complying with the Court's request and submitting the Protected Materials for *in camera* review, neither party intends to waive any applicable privilege.

### III. CONCLUSION

For the foregoing reasons, the parties respectfully request the Court grant this application for *in camera* review of the Protected Materials. As required by the Local Rules, the parties will retain the Protected Materials should they later be necessary for appeal or later proceedings.

DATED: January 5, 2022

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

By: /s/ Taylor Markey
TAYLOR MARKEY
Senior Trial Attorney, EEOC

DATED: January 5, 2022

PAUL HASTINGS LLP
ELENA R. BACA
RYAN D. DERRY
FELICIA A. DAVIS

By: /s/ Elena R. Baca
ELENA R. BACA

Attorneys for Defendants
ACTIVISION BLIZZARD, INC., BLIZZARD ENTERTAINMENT, INC., ACTIVISION PUBLISHING, INC., AND KING.COM, INC.