Name: Jahan C. Sagafi (SBN 224887) OUTTEN & GOLDEN LLP
Address: One California Street, Suite 1250
City, State, Zip: San Francisco, CA 94111
Phone: (415) 638-8800
Fax: (415) 638-8810
E-Mail: jsagafi@outtengolden.com

☐ FPD   ☐ Appointed   ☐ CJA   ☐ Pro Per   ☒ Retained

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>PLAINTIFF(S),<br>v.<br>ACTIVISION BLIZZARD, INC., BLIZZARD ENTERTAINMENT, INC., ACTIVISION PUBLISHING, INC., KING.COM, INC., DEFENDANT(S). | CASE NUMBER:<br>2:21-CV-07682 DSF-JEM<br><br>**NOTICE OF APPEAL** |

NOTICE IS HEREBY GIVEN that _____the CALIFORNIA DFEH_____ hereby appeals to
*Name of Appellant*

the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☒ Order (specify):
   DENYING MOTION TO INTERVENE

☐ Judgment (specify):

☐ Other (specify):

Imposed or Filed on __December 20, 2021__. Entered on the docket in this action on __12/20/2021 Dkt. ECF 46__.

A copy of said judgment or order is attached hereto.

January 7, 2022                              *[signature]*
Date                                          Signature
                                              ☐ Appellant/ProSe   ☒ Counsel for Appellant   ☐ Deputy Clerk

Note:   The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br> Plaintiff, <br><br> v. <br><br> ACTIVISION BLIZZARD INC., et al., <br> Defendant. | CV 21-7682 DSF (JEMx) <br><br> Order DENYING Motion to Intervene (Dkt. 24) |

The California Department of Fair Employment and Housing (DFEH) moves to intervene in this case for the purposes of "protecting the interests of California and its workers," commenting on the proposed consent decree between the parties, and to request a fairness hearing.

The Court must allow intervention as of right where the intervening party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

The interests claimed by DFEH are a general interest in upholding the rights of California citizens and an interest in protecting DFEH's ability to prosecute its own parallel state court case based on California law. Specifically, DFEH seeks to challenge the voluntary claims process that the consent decree would establish and argues that the consent decree would release California state law claims and allows, or

potentially even requires, Defendants to destroy evidence relevant to DFEH's state court case.

The first interest belongs to the individuals who might make claims under the claims process, not to DFEH. DFEH's argument would allow it potentially to intervene in almost any employment action in California. Rule 24 is not that broad. In any event, individual Californians have a right to settle their claims with or without counsel and without input from DFEH – or the EEOC for that matter. The interest in protecting evidence from being destroyed would be a potentially valid interest that could allow intervention, but there is no serious possibility that the Court would enter a consent decree that would purport to allow or mandate destruction of evidence relevant to litigation. EEOC also denies that any evidence destruction is intended by the terms of the consent decree. Therefore, DFEH's evidence concern is – at best – speculative.

This case will also not, as a practical matter, impair or impede DFEH's ability to protect its interests. Aside from the speculative evidence destruction argument, the proposed consent decree will not, and could not, affect DFEH's ongoing litigation against Defendants. And even if DFEH had some interest in ensuring that the proposed claims process for individuals provided adequate and just compensation, nothing in the consent decree would appear to prevent DFEH from reaching a separate agreement with Defendants in its own case to supplement the recovery to individuals who choose to take part in the claims process.[1]

Rule 24 permits a district court to allow intervention where the intervening party "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). DFEH has substantive claims that share a common question of at least fact, and probably law, with the EEOC's claims in this case. But DFEH

---

[1] This is not intended to suggest that the Court has concluded that the proposed claims process is just or appropriate or that it will ultimately be approved.

is not seeking to intervene in order to raise those claims; it is litigating them in state court regardless of the outcome of this case.

The motion to intervene is DENIED. While the Court finds that formal intervention is not appropriate, DFEH has enough of a general public interest in the subject matter of this lawsuit and its resolution that the Court will allow DFEH to present its position as to the proposed revised consent decree via an amicus brief. While DFEH will not have the rights of a formal party to the action, its concerns can be expressed – succinctly – through this mechanism and will be considered by the Court.

The parties are ordered to address the issues raised by the Court during oral argument and provide the required information as well as a revised proposed consent decree. A red-lined version must be provided.

DFEH's position (which may not exceed 15 pages) must be filed no later than 14 days from the filing of the revised proposed consent decree. The matter will be under submission unless the Court advises otherwise.

IT IS SO ORDERED.

Date: 12/20/2021

Dale S. Fischer
United States District Judge