Christian Schreiber (Bar No. 245597)
christian@osclegal.com
OLIVIER SCHREIBER & CHAO LLP
201 Filbert Street, Suite 201
San Francisco, California 94133
Tel: (415) 484-0980
Fax: (415) 658-7758

Rachel Bien (SBN 315886)
rachel@osclegal.com
OLIVIER SCHREIBER & CHAO LLP
1149 North Gower Street Suite 215
Los Angeles, CA 90038
Telephone: (415) 484-0522

Jahan C. Sagafi (SBN 224887)
jsagafi@outtengolden.com
OUTTEN & GOLDEN LLP
One California Street, Suite 1250
San Francisco, CA 94111
Tel: (415) 638-8800
Fax: (415) 638-8810

Attorneys for Department of Fair Employment and Housing

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ACTIVISION BLIZZARD, INC., BLIZZARD ENTERTAINMENT, INC., ACTIVISION PUBLISHING, INC., and KING.COM, INC., and DOES ONE through TEN, inclusive,<br><br>Defendants. | Case No. 2:21-CV-07682 DSF-JEM<br><br>**CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING'S NOTICE OF WITHDRAWAL OF MOTION TO STRIKE WITHOUT PREJUDICE (ECF DKT. 40)**<br><br>Judge: Hon. Dale S. Fischer<br><br>Action Filed: September 27, 2021 |

The Department of Fair Employment and Housing's ("DFEH") Motion to Strike (ECF Dkt. 40) ("Motion") requested relief from the Court related to the filing of confidential and privileged material by Plaintiff Equal Employment Opportunity Commission ("EEOC") in its opposition to DFEH's Motion to Intervene. This Motion is DFEH's second Motion to Strike its confidential and privileged material from the public docket that EEOC improperly filed without DFEH's consent. The Court granted the DFEH's first Motion to Strike (ECF Dkt. 21) its confidential and privileged material from the public docket before EEOC filed an opposition to that motion. ECF Dkt. 26.

In its second Motion to Strike, DFEH asked the Court to strike confidential and privileged exhibits to the Declaration of Rosa Viramontes (ECF Dkt. No. 35-3, 35-4, and 35-5) (the "Viramontes Exhibits"), seal them from the public record, and requested "that the Court prohibit the further use of these documents in any proceeding without an Order showing cause for their use or a voluntary disclosure by DFEH." (ECF Dkt. 40, Mtn. at 15). DFEH requested this additional relief to prevent any further improper use of DFEH's confidential and privileged material in this proceeding or any other proceeding, including *DFEH v. Activision Blizzard, et al.,* Superior Court of California, Los Angeles County, No. 21STCV26571 ("DFEH pending state action").

In fact, after this Court struck DFEH's confidential and privileged material from the federal docket on October 26, 2021 (ECF Dkt. 26), Defendants Activision Blizzard filed such material in DFEH's pending state action and asked the state court to take judicial notice of the stricken material on November 16, 2021. Activision Blizzard also relied upon the stricken material to seek a stay of DFEH's pending state action and impede DFEH's prosecution on the merits of the allegations against Activision Blizzard. DFEH will move to strike DFEH's confidential and privileged material from the state court docket to prevent

Activision Blizzard from continuing to rely on such material, including material previously stricken by this Court, to prejudice DFEH's pending state action.

## DFEH Met and Conferred with EEOC, and EEOC Sought a Waiver of Rights from DFEH

Following oral argument on DFEH's Motion to Intervene on December 13, 2021 and at the request of the Court, DFEH and EEOC further met and conferred about this second Motion to Strike. On December 20, 2021, EEOC notified DFEH that it intended to withdraw the Viramontes Exhibits in exchange for DFEH's withdrawal of this Motion. However, during the meet and confer process, EEOC would not agree to withdraw from the record verbatim quotations taken directly from the Viramontes Exhibits, including those in paragraph 14 of Ms. Viramontes' Declaration, and in its Opposition brief. *See* ECF Dkt. 35, at 6:4-5.

During the meet and confer process, EEOC also refused to agree that DFEH's confidential and privileged material "cannot be used or disseminated in public, such as by filing in any court or other tribunal." In other words, although EEOC ultimately withdrew the Viramontes Exhibits, it refused to agree by stipulation to prevent the improper use of them to prejudice DFEH in the state action. Finally, during the meet and confer process, EEOC also refused to concede that a stipulation with DFEH to withdraw its Motion "does not waive any right, argument, claim or position that either agency may assert in this case or any other proceeding or matter." Declaration of Christian Schreiber ("Schreiber Decl."), Ex. 1 (emails between counsel and EEOC dated January 3, 2022). Apparently, EEOC contemplated that the proposed stipulation could be used against DFEH in the state action.

With these conditions, DFEH could not agree to EEOC's proposed stipulation. DFEH sought to preserve its rights to assert its privileges and positions in other proceedings, such as DFEH's pending state action against Activision

Blizzard, and EEOC would not agree to such protections in the stipulation. Even without the stipulation, EEOC subsequently filed its Opposition to the Motion and withdrew the Viramontes Exhibits. ECF Dkt. 48. EEOC's withdrawal is consistent with this Court's prior decision granting DFEH's initial Motion to Strike. (ECF Dkt. 26).

### EEOC's Disclosure of Confidential and Privileged Investigation Materials Undermines Government Law Enforcement

EEOC's characterization of the record and its claim that the material at issue is not confidential and privileged lacks support. The material at issue was exchanged confidentially between law enforcement agencies – during confidential investigations and well-before any decision or findings based on the investigations – and it is therefore confidential and privileged. Any other position runs counter to longstanding precedent governing law enforcement investigations.[1]

In fact, EEOC's own policies and practices – and its position in litigation – are at odds with its statements here. For example, EEOC has previously asserted

---

[1] For example, the law enforcement investigatory privilege is "a judge-fashioned evidentiary privilege," (*Dellwood Farms, Inc. v. Cargill, Inc*., 128 F.3d 1122, 1124 (7th Cir. 1997)), the purpose of which is to protect law enforcement efforts from possible harm arising from public disclosure of investigatory files. *Doe v. Hudgins*, 175 F.R.D. 511 (N.D. Ill. 1997); *see also In re United States Dept. of Homeland Security*, 459 F.3d 565, 569 n.2 (5th Cir. 2006). Its scope extends beyond the mere protection of the identities of confidential informants. *Dept. of Homeland Security*, 459 F.3d at 569. It protects from dissemination the information contained in files related to civil law enforcement investigations. *See, e.g., Friedman v. Bache Halsey Stuart Shields, Inc*., 738 F.2d 1336, 1341 (D.C. Cir. 1984); *Black v. Sheraton Corp. of America*, 564 F.2d 531, 542 (D.C. Cir. 1977). This privilege prohibits the release of governmental information – whether through documentary evidence or oral testimony – that would harm an agency's investigative or enforcement efforts. *See In re Sealed Case*, 856 F.2d 268, 272 (D.C. Cir. 1988) (public interest in safeguarding integrity of investigations supports application of law enforcement investigatory privilege to both documents and testimony).

sweeping application of its deliberative process privilege to investigations.[2] *E.E.O.C. v. Pinal County*, 714 F. Supp. 2d 1073, 1077 (S.D. Cal. 2010) (protecting predecisional materials from disclosure, because they are "are privileged 'to the extent that they reveal the mental processes of decision-makers.'" (quoting *Assembly of State of Cal. v. U.S. Dep't of Commerce*, 968 F.2d 916, 920 (9th Cir.1992)); *E.E.O.C. v. Unicom Electric, Inc.*, 2007 WL 9359941, at *2 (C.D. Cal. Mar. 9, 2007) (JTL, M.J.) (finding deliberative process protects from disclosure predecisional material that is deliberative in nature, and which contain opinions, recommendations, or advice about agency policies). As explained by a sister district court in *U.S. E.E.O.C. v. Cont'l Airlines, Inc.*, 395 F. Supp. 2d 738 (N.D. Ill. 2005), the government's deliberative process privilege is broad and sweeping:

> Traditionally, government deliberations have been protected by a variety of qualified privileges in order to promote efficient and effective decision-making which is fueled by the free-flow of information." *In re Bank One Securities Litigation*, 209 F.R.D. 418, 426 (N.D. Ill. 2002) citing *United States v. Farley*, 11 F.3d 1385 (7th Cir.1993) (recognizing that the deliberative process privilege, which operated to protect pre-decisional documents created by the Federal Trade Commission, encouraged frank discussion of legal and policy matters). One such privilege, the deliberative process privilege, protects the decision-making process of government agencies in certain circumstances. *EEOC v. Sears, Roebuck & Co.*, 111 F.R.D. 385, 390 (N.D. Ill. 1986). Specifically, the privilege extends only to "predecisional" governmental documents, which reveal the "give and take of the consultative process." *EEOC v.*

---

[2] EEOC's publicly available policies state that prior to disclosing information in charge files to charging parties or the employer against which the charge was made, "investigator's reports/memos or other notes, memos or *items prepared by EEOC or another agency that would reveal strategy, recommendations, impressions or deliberative processes relating to any aspect of case handling*" must be removed from the file. EEOC's Section 83 Disclosure of Information in Charge Files, available at https://www.eeoc.gov/section-83-disclosure-information-charge-files (last visited January 7, 2022).

*Stauffer Chemical Co*., No. 89 C 2725, 1990 WL 19967, at *1 (N.D. Ill. Feb. 27, 1990) (explaining that predecisional documents are generated before the adoption of an agency policy or decision).

*Id.* at 741.

Moreover, the United States Supreme Court has noted, "[t]he deliberative process privilege rests on the obvious realization that officials *will not communicate candidly among themselves* if each remark is a potential item of discovery and front page news, and its object is to enhance 'the quality of agency decisions' ... by protecting open and frank discussion among those who make them within the government.'" *Dep't of Interior & Bureau of Indian Affairs v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8, (2001) (emphasis added). EEOC's disclosure of DFEH's communications (which were made in confidence and in furtherance of the public's interest) undermines the purpose of coordinating civil rights enforcement with state civil rights agencies. The EEOC's submission of these documents violated the agencies' worksharing agreement, which *requires* each agency to protect each other's privileges. *See* DFEH/EEOC Worksharing Agreement (available at https://www.dfeh.ca.gov/wp-content/uploads/sites/32/2019/01/WorksharingAgreementFY2019WSA.pdf).

\*\*\*

At this stage, because the EEOC's violation of DFEH's privileges remain an imminent issue in state court and Activision Blizzard has disregarded this Court's prior decision to strike confidential and privileged materials from the federal docket and instead filed the stricken materials on the state docket, DFEH will seek to strike or seal the confidential and privileged materials Activision Blizzard submitted there. DFEH will inform the state court of this Court's prior decision granting DFEH's first Motion to Strike and EEOC's subsequent withdrawal of the Viramontes Exhibits (ECF Dkt. 48). Pending the outcome of anticipated motions in the State of California Superior Court proceeding between DFEH and Activision

Blizzard relating to the use of these confidential and privileged materials, DFEH hereby withdraws without prejudice its second Motion to Strike. DFEH may seek relief in this Court to ensure that that the record seals all attendant references to confidential and privileged materials, such as an order protecting its rights.

For the foregoing reasons, DFEH therefore withdraws its Motion without prejudice and requests that the Court vacate the hearing at this time.

Date: January 10, 2022

Respectfully submitted,

OLIVIER SCHREIBER & CHAO LLP

OUTTEN & GOLDEN LLP

*/s/ Christian Schreiber*
Christian Schreiber

*Attorneys for Department of Fair Employment and Housing*