Jahan C. Sagafi (SBN 224887)
OUTTEN & GOLDEN LLP
One California Street, Suite 1250
San Francisco, CA 94111
Telephone:   (415) 638-8800
Facsimile:    (415) 638-8810
jsagafi@outtengolden.com

Christian Schreiber (SBN 245597)
Monique Olivier (SBN 190385)
OLIVIER SCHREIBER & CHAO LLP
201 Filbert Street, Suite 201
San Francisco, CA 94133
Telephone: (415) 484-0980
Facsimile: (415) 659-7758
christian@osclegal.com
monique@osclegal.com

Rachel Bien (SBN 315886)
OLIVIER SCHREIBER AND CHAO LLP
1149 North Gower Street Suite 215
Los Angeles, CA 90038
Telephone: (415) 484-0522
Facsimile: (415) 658-7758
rachel@osclegal.com

*Attorneys for Proposed Intervenor*
*California Department of Fair Employment and Housing*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ACTIVISION BLIZZARD INC., BLIZZARD ENTERTAINMENT, INC., ACTIVISION PUBLISHING, INC. KING.COM, INC., and DOES ONE through TEN, inclusive,<br><br>Defendants. | Case No. 2:21-CV-07682 DSF-JEM<br><br>**CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING'S OBJECTIONS TO APPROVAL OF PROPOSED AMENDED CONSENT DECREE**<br><br>Date:    February 7, 2022<br>Time:    1:30 pm<br>Dept:    7D<br>Judge:    Hon. Dale S. Fischer |

# <u>TABLE OF CONTENTS</u>

INTRODUCTION ..........................................................................................1

BACKGROUND ..........................................................................................4

ARGUMENT ..............................................................................................4

    A.    The Court Lacks Jurisdiction Over FEHA Claims. ....................4

    B.    The Decree Requires Participants To Release Unlitigated Claims. ..................................................................................7

    C.    The Proposed Monetary Relief Is Inadequate. .........................10

    D.    The Proposed Amended Decree Is Against the Public Interest. 11

    E.    Additional Inadequate Settlement Terms Counsel Against Approval ................................................................................12

CONCLUSION ............................................................................................13

# TABLE OF AUTHORITIES

**CASES**                                                                 **PAGE(S)**

*Alexander v. Gardner-Denver Co.*,
   415 U.S. 36 (1974) ............................................................... 2, 4, 7, 8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...................................................................... 1

*Dunlop v. Pan Am. World Airways, Inc.*,
   672 F.2d 1044 (2d Cir. 1982)......................................................... 10

*E.E.O.C. v. Pan Am. World Airways, Inc.*,
   897 F.2d 1499 (9th Cir. 1990)................................................ 3, 10, 11

*EEOC submission in EEOC v. Grays Harbor Comm. Hosp.*,
   791 F. Supp. 2d 1004 (W.D. Wash. 2011)..............................*passim*

*EEOC v. Federal Express Corp.*,
   268 F. Supp. 2d 192 (E.D.N.Y. 2003) ........................................... 5

*EEOC v. Safeway Stores, Inc.*,
   611 F.2d 795 (10th Cir. 1979) ....................................................... 7

*Frank v. Gaos*,
   139 S. Ct. 1041 (2019) ............................................................. 3, 4

*General Tel. Co. v. EEOC*,
   446 U.S. 318 (1980) ...................................................................... 6

*Goldstein v. Exxon Mobil Corp.*,
   2019 WL 4575569 (C.D. Cal. Mar. 19, 2019) ............................... 1

*Hesse v. Sprint Corp.*,
   598 F.3d 581 (9th Cir. 2010)..................................................... 9, 10

*Horne v. Flores*,
   557 U.S. 433 (2009) ...................................................................... 3

*Local Number 93, Int'l Ass'n of Firefighters v. City of Cleveland*,
   478 U.S. 501 (1986) ...................................................................... 6

*Marshall v. Northrop Grumman Corp.*,
   469 F. Supp. 3d 942 (C.D. Cal. 2020) ......................................... 10

*Negrete v. Allianz Life Ins. Co. of North America*,
   523 F.3d 1091 (9th Cir. 2008)..................................................... 11

*Officers for Justice v. Civil Service Comm'n*,
   688 F.2d 615 (9th Cir. 1982)......................................................... 7

*Pacific R. Co. v. Ketchum*,
   101 U.S. 289 (1880) ...................................................................... 7

*Rufo v. Inmates of Suffolk County Jail*,

ii

502 U.S. 367 (1992) ..................................................................................... 5

*Simon v. Eastern Ky. Welfare Rights Organization*,
   426 U.S. 26 (1976) ................................................................................ 4

*U.S.S.E.C. v. Citigroup Glob. Markets, Inc.*,
   752 F.3d 285 (2d Cir. 2014) ................................................................ 11

*United States v. State of Colo.*,
   937 F.2d 505 (10th Cir. 1991) ........................................................ 4, 11

*Victa v. Merle Norman Cosms., Inc.*,
   19 Cal. App. 4th 454 (1993) ............................................................. 3, 5

*Willner v. Manpower, Inc.*,
   2014 WL 4370694 (N.D. Cal. Sept. 3, 2014) ....................................... 9

**STATUTES**                                                                    **PAGE(S)**

42 U.S.C. § 2000e-5 ........................................................................... 5, 6, 7

§ 1542 California Civil Code ....................................................................... 9

**RULES**                                                                        **PAGE(S)**

Fed. R. Civ. P. 8 ...................................................................................... 1

Fed. R. Civ. P. 41(a)(1)(A) ....................................................................... 4

Fed. R. Evid. 201 ..................................................................................... 1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **INTRODUCTION**

In July 2021, the California Department of Fair Employment and Housing ("DFEH") filed a state court government enforcement action to address egregious unlawful conduct by Activision Blizzard ("Activision") and its related entities under California state law. In its 35-page amended complaint filed one month later, DFEH outlined Activision's culture of horrific sexual harassment and assault, as well as pay and other inequities between men and women. Two months after DFEH initiated its litigation, the Equal Employment Opportunity Commission's ("EEOC") filed a sparse complaint in this Court asserting only federal Title VII claims, accompanied by a proposed consent decree filed the same day, with Activision, supported by no analysis or formal discovery.[1]

DFEH sought to intervene in this federal action to protect the interests of California and its workers.[2] From any vantage point, EEOC and Activision's announced resolution is not only unfair, inadequate, and unreasonable, it is designed to undermine DFEH's state government enforcement action, ignore the protections of stronger state laws, enable Activision to escape accountability, and

---

[1] In contrast to DFEH's detailed state-court complaint (and ongoing discovery in an adversarial process under court-supervision), EEOC's bare-bones complaint was filed with no discovery and contains a paucity of information: no factual allegations or even causes of action. Its jurisdiction section is limited to federal question, and this Court is so limited. Dkt. 1; *see* Fed. R. Civ. P. 8; *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). DFEH requests the Court to take judicial notice of DFEH's amended state court complaint (Sagafi Decl., Ex. A), as well as Exhibits B-F and H. Fed. R. Evid. 201. Each document was either submitted to a court or obtained from a government website. Accordingly, the existence of these documents is not reasonably in dispute. *Goldstein v. Exxon Mobil Corp.*, 2019 WL 4575569, *1 (C.D. Cal. Mar. 19, 2019) (Fischer, J.).

[2] DFEH has appealed the Court's denial of intervention and intends to seek a stay of this action pending appeal. Others also objected to the proposed consent decree. Dkt. 20.

abrogate principles of federalism.[3] The amended decree makes that abundantly clear. Instead of respecting this Court's statement in the ruling that the proposed consent decree "will not, and could not affect DFEH's ongoing [state court] litigation" (Dkt. 46, p. 2), EEOC and Activision collude to do exactly that. Their proposed agreement requires Activision employees to sign a release covering "federal, state, and local law …." and specifically waiving "any right I may have to recover any monetary damages or other relief the DFEH may recover in the DFEH Lawsuit" speaks volumes. Dkt. 50-4, p. 2.

Since DFEH sought to intervene, the federal litigants have doubled down on the flaws of the original consent decree. Rather than heed this Court or properly tailor the decree to federal claims consistent with EEOC's pleadings and litigation authority – and this Court's subject-matter jurisdiction – EEOC and Activision only calcified the offending provisions. The amended decree now requires over 13,000 claimants (who are witnesses in DFEH's state case) across the country to complete a 17-page claim form (and share it with Activision (Dkt. 50-1 IX.B.4.i)), approve the destruction of evidence relevant to the DFEH state case, and then release *all* state law claims they might have (including claims under the California Fair Employment and Housing Act ("FEHA") that were not – and could not be – alleged in EEOC's complaint nor bargained for by EEOC). In return, claimants may receive as little as a few hundred dollars.

This is an unfair, collusive, and illegal deal. The EEOC itself has opposed similar terms – and in fact called them "antithetical to deep-rooted Commission goals." Sagafi Decl., Ex. D (EEOC submission in *EEOC v. Grays Harbor Comm.*

---

[3]      The U.S. Supreme Court has long recognized a legislative "intent to accord parallel or overlapping remedies against discrimination. . . .Title VII provides for consideration of employment-discrimination claims *in several forums. . . .* [T]he legislative history of Title VII manifests a congressional intent to allow an individual to pursue independently his rights under both Title VII and other applicable state and federal statutes." *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47–49 (1974) ("*Alexander*") (citations omitted, emphasis added).

*Hosp.*, 791 F. Supp. 2d 1004 (W.D. Wash. 2011) ("*Grays Harbor*")) at 8. There, the EEOC declared that "conditioning an individual's relief in a Commission lawsuit upon the release of separate state law claims would diminish, not enhance, his or her private rights… The Commission asserted only federal claims in its complaint and at the bargaining table with the [Defendant]; thus, the claimants had no legal advocate seeking greater relief for additional state and local claims during settlement discussions. The need for a bargaining partner on state law claims is particularly acute given that damages are un-capped in Washington... A private attorney's post hoc review of the settlement agreement will not cure this defect." Sagafi Decl., Ex. D, p. 8 (emphasis added). The district court agreed. *Grays Harbor*, 791 F. Supp. 2d at 1009-10. These are exactly the terms EEOC now asks this Court to bless.

The decree is also unlawful under this Circuit's precedent. Decades ago, the Ninth Circuit made clear that "EEOC has no power to extinguish state claims or state statutory rights." *E.E.O.C. v. Pan Am. World Airways, Inc*., 897 F.2d 1499, 1507 (9th Cir. 1990) ("*Pan Am*."). California courts agree. *Victa v. Merle Norman Cosms., Inc.*, 19 Cal. App. 4th 454, 463 (1993) ("the inability to assert the broader remedies of California law in the EEOC case derived not from limitations on the courts but from limitations of the EEOC's power."). EEOC ignores this precedent. *Horne v. Flores*, 557 U.S. 433, 449 (2009) (noting "public officials sometimes consent to … decrees that go well beyond what is required by federal law" to improperly deprive state powers; such decrees exceed appropriate limits).

EEOC lacks standing to allege, let alone extinguish, FEHA and other state claims or statutory rights, and the Court lacks subject matter jurisdiction over state claims in this action. *See Frank v. Gaos*, 139 S. Ct. 1041, 1046 (2019) ("*Frank*") ("A court is powerless to approve a proposed class settlement if it lacks jurisdiction over the dispute, and federal courts lack jurisdiction if no named plaintiff has standing."). A consent decree like this one – designed to frustrate Congress' intent

1    to "accord parallel or overlapping remedies against discrimination … in several

2    forums," *Alexander*, 415 U.S. at 47-49, as DFEH's pending state action does – is

3    neither "fair, adequate and reasonable" nor consistent with "the public interest."

4    Finally, the facts surrounding the settlement suggest collusion between EEOC and

5    Activision to suppress evidence in the DFEH action and secure a waiver of state

6    and federal claims for pennies on the dollar, undermining governmental

7    enforcement principles. For all these reasons, the Court should decline to approve

8    an agreement that is not only unfair, but "illegal, a product of collusion, and against

9    the public interest." *United States v. State of Colo.*, 937 F.2d 505, 509 (10th Cir.

10   1991) ("*Colorado*").

## BACKGROUND

12       In previous filings, DFEH provided the Court with summaries of Activision's

13   unlawful conduct, as well as background regarding DFEH's authority and the

14   EEOC's more limited enforcement authority. (Dkts. 24-1 – 24-15.) DFEH

15   incorporates those statements by reference.

## ARGUMENT

### A.  The Court Lacks Jurisdiction Over FEHA Claims.

19       Federal courts have an obligation to assure themselves of litigants'

20   standing under Article III. *See Frank*, 139 S. Ct. at 1046. As the Supreme

21   Court has noted, "[t]hat obligation extends to court approval of proposed class

22   action settlements." *Ibid.*; *see* Fed. R. Civ. P. 41(a)(1)(A). A court is

23   powerless to approve a proposed class settlement if it lacks jurisdiction over

24   the dispute, and federal courts lack jurisdiction if no named plaintiff has

25   standing. *Frank*, 139 S. Ct. at 1046; *Simon v. Eastern Ky. Welfare Rights

26   Organization*, 426 U.S. 26, 40, n.20 (1976). The same is true of government

27   settlements; although the EEOC is not subject to class certification

28   requirements, the Court cannot approve a proposed consent decree that

purports to release claims not before the Court. *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 378 (1992) (noting consent decrees are subject to the rules generally applicable to other judgments and decrees). Here, the Court lacks jurisdiction to approve the consent decree because it includes a release of FEHA claims. As noted above, the consent decree conditions all claimants' relief on their agreement to release claims known or unknown, including claims arising under state law.

The consent decree conditions all claimants' relief on their agreement to release:

> any claims . . . currently known or unknown to me, that were asserted or could have been asserted . . . arising under . . . the Fair Employment and Housing Act ("FEHA"), or under any other applicable federal, state, or local law …. By signing this Release, *I waive any right I may have to recover any monetary damages or other relief the DFEH may recover in the DFEH Lawsuit* for sexual harassment, pregnancy discrimination or related retaliation…. I hereby expressly waive and relinquish all rights and benefits under that section and any law of any jurisdiction of similar effect with respect to the release of any unknown or unsuspected claims I may have against the Released Parties.

Dkt. 50-4, p. 2 (emphasis added).

This release seeks to circumvent the fact that EEOC lacks standing to litigate the claims described in the release. *See* 42 U.S.C. § 2000e-5 (granting EEOC authority over only Title VII claims brought against private employers); *EEOC v. Federal Express Corp.*, 268 F. Supp. 2d 192, 203 (E.D.N.Y. 2003) ("[O]ur system of federalism, which is not based upon a monolithic view of the public interest, but rather embraces the notion that states, in the exercise of their police power, may define the public interest with reference to the aspirations of their own citizenry."); *Victa v. Merle Norman Cosms., Inc.*, 19 Cal. App. 4th 454, 463 (1993) (observing

that the EEOC does not have standing to litigate FEHA claims). EEOC is the only Plaintiff here; it has alleged no state law claims in its complaint. Dkt. 1.

EEOC is a creature of statute and has only the authority granted to it by Congress. 42 U.S.C. § 2000e-5. And Congress has chosen not to authorize EEOC to pursue state-law claims. EEOC has recognized this in its own arguments to courts, and courts have agreed. *See Grays Harbor*, 791 F. Supp. 2d 1004. There, EEOC *expressly rejected* a defendant's request to release state law claims. *Id*. at 1005-06. Grays Harbor then moved the court to facilitate an overbroad release to class members, arguing it should not be exposed to separate actions. *Id*. In opposition, EEOC declared that it followed "its longstanding policy that individual relief cannot be conditioned upon a waiver of State law claims not asserted in the Commission's complaint." Sagafi Decl., Ex. B. Congress has made clear that EEOC "is to supplement, not replace, the private right of action." *General Tel. Co. v. EEOC*, 446 U.S. 318, 326 (1980) ("*General Telephone*"). Thus, EEOC argued in *Grays Harbor* that "conditioning an individual's relief in a Commission lawsuit upon the release of separate state law claims would diminish, not enhance, his or her private rights." Sagafi Decl., Ex. D; *id.*, Ex. B, ¶ 5.

Here, EEOC and Activision have presented an amended decree that would ostensibly resolve unlitigated allegations, issues, and claims raised by EEOC against Defendants made in the Action, including Charge Number 480-2018-05212 and unlitigated claims under the Fair Employment and Housing Act ("FEHA"), or under any other applicable federal, state, or local law that may exist. Dkt. 50-1. These claims are outside of EEOC's litigation authority under Title VII and outside the federal question jurisdiction cited in EEOC's complaint and the proposed decree. Dkts. 1, 50-1, p. 8.

"A consent decree must spring from and serve to resolve a dispute within the court's subject-matter jurisdiction." *Local Number 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986). Moreover, "the consent decree must

'com[e] within the general scope of the case made in the pleadings,' [citation], and must further the objectives of the law upon which the complaint was based." *Id.* (quoting *Pacific R. Co. v. Ketchum*, 101 U.S. 289 (1880), and citing *EEOC v. Safeway Stores, Inc.*, 611 F.2d 795, 799 (10th Cir. 1979)).

As previously noted, this proposed decree does not further the objectives of Title VII. As the Supreme Court has ruled for decades, Congress intended Title VII to "accord parallel or overlapping remedies against discrimination … in several forums… [T]he legislative history of Title VII manifests a congressional intent to allow an individual to pursue *independently* his rights under *both* Title VII and other applicable *state* and federal statutes. The clear inference is that Title VII was designed to supplement rather than supplant, existing laws and institutions relating to employment discrimination." *Alexander*, 415 U.S. at 47–49. EEOC and Activision's decree undermines these objectives.

This Court should therefore reject the amended consent decree.

## B. The Decree Requires Participants To Release Unlitigated Claims.

The amended consent decree cannot be found "fair, adequate, and reasonable" because it requires a release of FEHA claims that EEOC has no standing to litigate. As set forth above, EEOC's jurisdiction is narrowly circumscribed by statute. 42 U.S.C. § 2000e-5. Yet – despite the parties' claims to the contrary – the amended consent decree requires claimants to release all rights to FEHA claims to recover a tiny share of Title VII damages. Dkt. 50-4 (requiring release of claims not alleged in EEOC's complaint, including FEHA claims).

Thus, even absent EEOC's lack of standing, the amended consent decree's prerequisite release of FEHA claims is overbroad. A consent decree that is "overreaching" is not "fair, adequate or reasonable." *See Officers for Justice v. Civil Service Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). EEOC's attempt to release FEHA claims is an overreach for lack of jurisdiction, as discussed above.

Additionally, the release is fatally flawed because it contradicts EEOC's own

regulations and is not tethered to the allegations of the complaint. EEOC's longstanding policy that relief cannot be conditioned upon a waiver of state-law claims is detailed in the EEOC Settlement Standards and Procedures Manual, which provides that "[i]ndividual relief in Commission actions cannot be conditioned upon a waiver of legal claims other than those asserted in the Commission's complaint." Sagafi Decl., Ex. E; see *Grays Harbor*, 791 F. Supp. 2d at 1006.

Here, EEOC seeks to violate that policy and force waivers of FEHA claims (and other state-law claims) in exchange for participation in the Title VII settlement. Activision's proposal, to provide up to one hour of legal consultation to covered individuals waiving FEHA claims, mimics the request made by Grays Harbor, which sought to compel EEOC to provide advice to claimants regarding their state law rights. EEOC's response was diametrically opposite to its new position here. The broader relief afforded claimants under FEHA and the lack of a legal advocate for the state claims at the bargaining table during negotiations renders the post-hoc one-hour consultation meaningless. *See* Sagafi Decl., Ex. D (EEOC submission in *Grays Harbor*) ("a private attorney's post hoc review of the settlement agreement will not cure this defect.").

EEOC's proposed decree effectively extinguishes Activision employees' FEHA claims, assigning an aggregate value of $0 because EEOC cannot recover for FEHA claims. Sagafi Decl., Ex. E, at pp. 9-10 ("because the Commission could not have recovered on these separate claims if it prevailed at trial, the relief in a Commission settlement cannot constitute consideration for a release of the claims."). Beyond EEOC's own policy, the proposed release is contrary to Title VII and binding legal precedent. *See Alexander*, 415 U.S. at 47-49. As the Supreme Court noted, "legislative enactments in this area have long evinced a general intent to accord parallel or overlapping remedies against discrimination." *Id.* at 47.

Here, the proposed release extends far beyond the claims set forth in EEOC's complaint. It requires claimants to expressly waive FEHA and all other state or

local claims. Second, the release includes a general Section 1542 California Civil Code statement waiving all "Released Claims." Additionally, the release is not tethered to any factual allegations in EEOC's complaint.[4] Instead, it broadly refers to "all allegations, issues, and claims raised by the EEOC against Defendants made in the Action, including Charge Number 480-2018-05212" and in the attachment, any claims of sexual harassment, pregnancy discrimination, or related retaliation, whether currently known or unknown under all laws. However, Charge Number 480-2018-05212 is not limited to sexual harassment, pregnancy discrimination, or related retaliation claims alleged in EEOC's complaint.[5]

The proposed decree is also impermissibly overbroad in covering Activision's *male* employees, unlike the complaint. Dkt 1. In its Statement of Claims, the EEOC complaint refers to Charge Number 480-2018-05212, which initiated "the EEOC's investigation into allegations regarding sex discrimination and retaliation against females, and paying females less than males." Nowhere does EEOC refer to, or explain how, the favored sex in its investigation – male employees – became a part of the class and subject to the proposed decree's release.

The release must be tied to the *factual allegations* in the complaint. *See Hesse v. Sprint Corp.*, 598 F.3d 581, 590-591 (9th Cir. 2010). The parties' proposed release seeks to "capture claims that go beyond the scope of the allegations in the operative complaint, which the Ninth Circuit has held is inappropriate." *See Willner v. Manpower, Inc.*, 2014 WL 4370694, at *7 (N.D. Cal. Sept. 3, 2014) (citing

---

[4] As noted above, the EEOC's complaint is devoid of factual allegations related to Activision's unlawful conduct. Dkt. 1.

[5] Dkt. 1. In EEOC's complaint, it states that: "Charge Number 480-2018-05212, initiat[ed] the EEOC's investigation into the following allegations, including but not limited to: "1. Subjecting *female* employees to sex-based discrimination, including harassment, based on their gender. 2. Retaliating against *female* employees for complaining about sex-based discrimination, based on their gender. 3. Paying *female* employees less than male employees, based on their gender."

*Hesse*, 598 F.3d at 590); *Marshall v. Northrop Grumman Corp.*, 469 F. Supp. 3d 942, 949 (C.D. Cal. 2020).

These defects cannot be cured by an amended complaint because, as noted above, EEOC lacks standing to assert FEHA claims. *Pan Am.*, 897 F.2d at 1507 n. 8, citing *Dunlop v. Pan Am. World Airways, Inc.* 672 F.2d 1044, 1049 n.7 (2d Cir. 1982) ("Had paragraph 17 barred all claims against Pan Am, including those arising under state law, our analysis would be very different. The EEOC has no power to extinguish state claims or state statutory rights.") Accordingly, the overbroad release is fatal to the proposed consent decree, and the Court should reject it.

## C. <u>The Proposed Monetary Relief Is Inadequate.</u>

Although the EEOC's complaint is devoid of factual allegations, the public record is not. *See Activision Blizzard sued for mistreatment of women in the workplace, employees stage walkout*, the Northern Light, Aug. 10, 2021, available at https://www.thenorthernlight.org/stories/activision-blizzard-sued-for-mistreatment-of-women-in-the-workplace-employees-stage-walkout (last visited Jan. 18, 2022); *The Investors Trying to Fix the Most Toxic Company in Video Games*, Slate Magazine, Aug. 30, 2021, available at https://slate.com/business/2021/08/activision-blizzard-sexual-harassment-lawsuit-strategic-organizing-center.html (last visited Jan. 18, 2022); 'Cube Crawls' and 'Frat Bro' Culture: California's Huge Activision Blizzard Lawsuit Alleges Yet Another Toxic Workplace in the Video Game Industry, Time Magazine, July 30, 2021, updated Aug. 4, 2021, available at https://time.com/6086010/activision-blizzard-california-lawsuit-sexual-harassment/ (last visited Jan 18, 2022).

The proposed Consent Decree provides inadequate compensation for these widespread Title VII claims, let alone state-law claims. As a comparison, DFEH recently submitted for court approval a consent decree settling sexual harassment and discrimination claims against one of Activision's main competitors for $100 million on behalf of 2,365 potential female participants. Sagafi Decl., Ex. F. Here,

the EEOC agreed to less than a fifth of that amount for a much larger group.

Notably absent from the proposed consent decree is any justification for the hugely discounted settlement.[6] Thus, there is no information to support a finding that the proposed consent decree is fair, adequate, and reasonable.

**D. The Proposed Amended Decree Is Against the Public Interest.**

"Because the issuance of a consent decree places the power of the court behind the compromise struck by the parties, the district court must ensure that the agreement is not illegal, a product of collusion, or against the public interest." *Colorado*, 937 F.2d at 509. "A consent decree may disserve the public interest if it bar[s] private litigants from pursuing their own claims independent of the relief obtained under the consent decree." *U.S.S.E.C. v. Citigroup Glob. Markets, Inc.*, 752 F.3d 285, 297 (2d Cir. 2014). This is exactly what EEOC and Activision want to do here.

As previously noted, EEOC and Activision propose a decree designed to harm DFEH's state government enforcement action, undercut stronger state laws and principles of federalism, suppress evidence, and evade accountability. The decree has the classic hallmarks of a reverse auction. "A reverse auction is said to occur when 'the defendant in a series of class actions picks the most ineffectual class lawyers to negotiate a settlement with the hope that the district court will approve a weak settlement that will preclude other claims against the defendant.' [Citation.] It has an odor of mendacity about it." *Negrete v. Allianz Life Ins. Co. of North America,* 523 F.3d 1091, 1099 (9th Cir. 2008). There are significant indicia of collusion between Activision and the EEOC in this case.

First and foremost, EEOC has agreed to release FEHA claims it can neither prosecute nor extinguish; i.e., claims that are worth $0 in EEOC's hands. *Pan Am.*,

---

[6] The parties submitted some documents to the Court under seal, depriving DFEH, the victims, and the public of an opportunity to understand EEOC's basis for accepting the low settlement. (Dkts. 52, 55.) Such secrecy disserves the public interest and undermines public faith in the civil justice system.

897 F.2d at 1507 n.8. This "cooperation" with Activision is particularly startling when EEOC policy explicitly prohibits such a release. Sagafi Decl., Ex. E. It raises a significant red flag that EEOC here seeks to concede ground it has historically vigorously protected, as reflected in *Grays Harbor*.

Second, the monetary relief is paltry given the potential liability and strength of the case. Sagafi Decl., Ex. A. EEOC's willingness to settle a significant case for a fraction of the potential value, without litigation, also signals collusion. Finally, EEOC and Activision have united in attacking DFEH, asserting unsupported allegations of ethical misconduct. When DFEH's ethics counsel asked EEOC to provide evidence to support its baseless ethics allegations, EEOC did not respond. Sagafi Decl., Ex. G. In the meantime, Activision filed EEOC's baseless allegations in DFEH's state action in an effort to stay the action. Sagafi Decl., Exh. H.

**E.  <u>Additional Inadequate Settlement Terms Counsel Against Approval.</u>**

**Destruction of evidence.** The proposed decree provides a highly unusual provision blessing Activision's rewriting of its business records to erase evidence of discrimination, harassment, and retaliation – even though this evidence is relevant to DFEH's ongoing state action. Dkt. 50-1 at 21:10-19. By asking claimants to approve the destruction of evidence and this Court to approve the term in the decree, EEOC gives Activision cover for spoliation. The proposed decree further tampers with retaliatory termination evidence by requiring Activision to "[r]eclassify the terminations of any Eligible Claimant to voluntary resignations." Dkt. 51-1 at 21:25-28. This rewriting of history eliminates evidence crucial to DFEH's retaliation claims and potentially prevents claims for wrongful termination.

**Missing claimant scope information.** The proposed decree provides no information as to the number of actual Covered Individuals.

**Missing information about value of the claims.** The EEOC has provided no public information regarding its analysis of the maximum value of the federal claims of the Covered Individuals.[7]

## CONCLUSION

For the foregoing reasons, the Court should deny approval of the decree.

Dated:  January 18, 2022                    Respectfully submitted,

                                            */s/ Jahan C. Sagafi*
                                            Jahan C. Sagafi (SBN 224887)
                                            OUTTEN & GOLDEN LLP
                                            One California Street, Suite 1250
                                            San Francisco, CA 94111
                                            Telephone:  (415) 638-8800
                                            Facsimile:   (415) 638-8810
                                            E-Mail:  jsagafi@outtengolden.com

                                            Christian Schreiber (SBN 245597)
                                            Monique Olivier (SBN 190385)
                                            OLIVIER SCHREIBER & CHAO LLP
                                            201 Filbert Street, Suite 201
                                            San Francisco, CA 94133
                                            Telephone: (415) 484-0980
                                            Facsimile: (415) 659-7758
                                            E-Mail:  christian@osclegal.com
                                            E-Mail:  monique@osclegal.com

                                            Rachel Bien (SBN 315886)
                                            OLIVIER SCHREIBER AND CHAO LLP
                                            1149 North Gower Street Suite 215
                                            Los Angeles, CA 90038
                                            Telephone: (415) 484-0522
                                            Facsimile: (415) 658-7758
                                            E-Mail: rachel@osclegal.com

---

[7] The Court posed questions to the parties regarding the proposed decree. The parties' answers to several are incomplete or misleading. Dkt. 51. DFEH provides additional information in the appendix.

# APPENDIX

Jahan C. Sagafi (SBN 224887)
OUTTEN & GOLDEN LLP
One California Street, Suite 1250
San Francisco, CA 94111
Telephone:   (415) 638-8800
Facsimile:    (415) 638-8810
jsagafi@outtengolden.com

Christian Schreiber (SBN 245597)
Monique Olivier (SBN 190385)
OLIVIER SCHREIBER & CHAO LLP
201 Filbert Street, Suite 201
San Francisco, CA 94133
Telephone: (415) 484-0980
Facsimile: (415) 659-7758
christian@osclegal.com
monique@osclegal.com

Rachel Bien (SBN 315886)
OLIVIER SCHREIBER AND CHAO LLP
1149 North Gower Street Suite 215
Los Angeles, CA 90038
Telephone: (415) 484-0522
Facsimile: (415) 658-7758
rachel@osclegal.com

*Attorneys for Proposed Intervenor*
*California Department of Fair Employment and Housing*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ACTIVISION BLIZZARD INC., BLIZZARD ENTERTAINMENT, INC., ACTIVISION PUBLISHING, INC. KING.COM, INC., and DOES ONE through TEN, inclusive,<br><br>Defendants. | Case No. 2:21-CV-07682 DSF-JEM<br><br>**CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING'S RESPONSES TO THE COURT'S QUESTIONS**<br><br>Date:      February 7, 2022<br>Time:      1:30 pm<br>Dept.:     7D<br>Judge:    Dale S. Fischer |

| Court's Question/Requested Clarification | Parties' Response | DFEH's Response |
|---|---|---|
| Clarify whether equal pay claims other than pregnancy claims were alleged in the Complaint and would be resolved by this Decree. Tr. 22:17-19; 27:12-15; 28:8-10. | The Complaint makes no allegations regarding equal pay. (Dkt. 1). An equal pay claim is referenced in the Complaint because the EEOC's Commissioner's Charge made an allegation of pay discrimination. Pursuant to its agreement with DFEH not to investigate pay claims, EEOC did not make findings regarding equal pay or pursue that claim. The EEOC is required to investigate a claim before conciliating and/or litigating that claim. 42 U.S.C.A. § 2000e-5(b); *Mach Mining, LLC v. E.E.O.C.*, 575 U.S. 480, 483-484 (2015) (EEOC required to investigate and make findings on particular claims before pursuing conciliation or litigation on those claims). Thus, the Complaint does not assert an equal pay claim. | The Parties' response does not answer the Court's question regarding whether the Consent Decree would "resolve" equal pay claims other than pregnancy claims. The Parties clarify that the Complaint does not and cannot mention pay equity claims because of EEOC requirements to investigate before litigating a claim. *However, the language of the Consent Decree is clear that the Parties intend to resolve equal pay claims.* Section IV.A "Release of Claims" provides that claims arising out of Charge Number 480-2018-05212, which specifically included allegations of pay equity, would be completely and finally resolved by the Decree. Also, the general releases to be signed by claimants broadly require claimants to release and waive their claims under FEHA, or any other applicable law. The release that claimants are required to sign to participate in the settlement expressly waives claims in the DFEH state action against Defendants, FEHA claims and all claims under state and local law.  The release also includes a general release under section 1542 that releases all |

| | | |
|---|---|---|
| | | claims against defendants known or unknown. |
| Clarify the scope of the Consent Decree in Paragraph 1 of Section II (entitled "Purpose and Scope") and Section IV.A (entitled "Release"). Tr. 27:4-10. | The language of this Section was edited to clarify the scope of the proposed Consent Decree, which is limited to the claims brought by the EEOC in the Action. To clarify, it now states: "In the interest of resolving this matter, the Parties have agreed that this Action should be finally settled by entry of this Decree, and all claims **brought by the EEOC**, including those arising out of any of the same factual predicates as those ~~implicated by~~ **in** the Action, will be fully and completely resolved by this Decree." To the extent the Court inquired as to the use of the phrase "same factual predicate," this language is permitted by Ninth Circuit case law. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1287 (9th Cir. 1992); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 748 (9th Cir. 2006). The language in Section IV.A is the EEOC's standard release language for *its* own potential claims against an employer. Markey Decl., Exh. D. | The release that claimants are required to sign to participate in the settlement expressly waives claims in the DFEH state action against Defendants, FEHA claims and all claims under state and local law. The release also includes a general release under section 1542 that releases all claims against defendants, known or unknown. The Amended Proposed Consent Decree would reach claims to which the EEOC is not a party because the amended language still allows for claims "arising out of the same factual predicates" as those in the complaint to be fully resolved. The EEOC lacks the authority to litigate, settle or extinguish state law claims or state statutory rights under Title VII and Ninth Circuit precedent. The EEOC's procedures require that a consent decree "be limited to the factual claims in the Commission's complaint" and must "refer to the statute(s) under which the claims were brought." (EEOC Policy). In *EEOC v. Grays Harbor Comm. Hosp.*, (W.D. Wash. 2011) ("*Grays Harbor*"), EEOC argued – and a district court agreed – that "*conditioning an individual's relief in a Commission lawsuit upon* |

| | | |
|---|---|---|
| | | *the release of separate state law claims would diminish, not enhance, his or her private rights…" and is "antithetical to deep-rooted Commission goals.*" Declaration of Jahan C. Sagafi, Ex. D. A review of consent decrees publicized on the EEOC's website support that the EEOC limits its consent decrees to the claims in the instant action. All consent decrees the EEOC entered into between 2019 and 2021, except one, clearly specified that the consent decree resolved the claims in the instant action and did not suggest the resolution of any action other than the action at hand. |
| Clarify scope of EEOC's release to Activision Blizzard and Eligible Claimants' releases to Activision Blizzard. Tr. 27:2-10. | The scope of the **EEOC's release** is described in Section IV.A of the Decree.<br><br>The scope of **Eligible Claimants' release** is set forth in the Release of Claims (Attachment C to Decree)<br><br>Those Eligible Claimants who agree to release their sexual harassment, pregnancy discrimination, and related retaliation claims will release their right to proceed or otherwise recover any monetary relief under Title VII, FEHA, or other state or local law for such claims and for any other claims they could have brought in any court based on those same facts (*e.g.*, other tort or contract claims). For any claim | Section IV.A A "Release of Claims" is much broader than the Parties represent because it resolves all allegations, "issues," and claims and does not specify what is meant by "issues." Also, the language is clear that the release applies to EEOC Charge Number 480-2018-05212, which includes pay equity claims, and "the Action," which is a vague complaint that does not satisfy jurisdictional standards.<br><br>The Amended Proposed Consent Decree specifically allows for the general release of California state law claims that the EEOC does not have authority to pursue.<br><br>The release that claimants are required to |

CALIFORNIA DFEH'S RESPONSES TO THE COURT'S QUESTIONS

nevertheless asserted, by (or on behalf of) an Eligible Claimant, that is covered by an Eligible Claimant's release, the court before whom such a claim is asserted would address the preclusive effect of the release in that action. *See In re Robbs*, 67 F.3d 308 (9th Cir. 1995) (the preclusive effect of any release on other claims will be determined by the Court where those claims sit); *see also Ruiz v. Snohomish Cty. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1168 (9th Cir. 2016) ("[T]o the extent that Defendants argue that the district court may predetermine the res judicata effect of its judgment, they are mistaken as a matter of law."); *Medellin v. Texas*, 552 U.S. 491, 513 n.9 (2008) ("A court adjudicating a dispute may not be able to predetermine the res judicata effect of its own judgment.") (quotations omitted); *MK Hillside Partners v. Comm'r of Internal Revenue*, 826 F.3d 1200, 1207 (9th Cir. 2016) ("The first court does not get to dictate to other courts the preclusion consequences of its own judgment") (quoting 18 Federal Practice § 4405); *see also Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 396 (1996) (Ginsburg, J., concurring in part and dissenting in part) ("A court conducting an action cannot predetermine the *res judicata* effect of the

sign to participate in the settlement expressly waives all claims in the DFEH state action against Defendants, FEHA claims and all claims under state and local law.  The release also includes a general release under section 1542 that releases all claims against defendants, known or unknown.

This Court's obligation to ensure a consent decree is fair and consistent with the public interest certainly includes consideration of EEOC and Activision's attempt to bar the DFEH action and state law claims through this decree. *U.S.S.E.C. v. Citigroup Glob. Markets, Inc.*, 752 F.3d 285, 297 (2d Cir. 2014). ("A consent decree may disserve the public interest if it barred private litigants from pursuing their own claims independent of the relief obtained under the consent decree.")

| | | |
|---|---|---|
| | judgment; that effect can be tested only in a subsequent action."). | |
| Identify size and gender makeup of Defendants' workforce. Tr. 27:21-28:15. | Defendants' United States workforce has 13,143 employees as of August 2021. Potential Claimants include individuals of all genders, but the vast majority of Eligible Claimants are expected to be female based on the EEOC's investigation. Female employees make up 21 percent of Defendants' United States workforce. | The Parties' response only provides information regarding the size and gender makeup of Defendants' current workforce based on numbers from August 2021, not the number Potential Claimants. The Consent Decree defines "Potential Claimant" as "an individual who was an employee at any of Defendants at any time since September 1, 2016." There is still no information as to the number of individuals covered under the proposed Consent Decree. |
| Describe process for determining which Potential Claimants are eligible, scoring claims, and whether scoring will occur on a rolling basis. Tr. 40:3-12; 41:6-14; 44:2-13; 46:21-47:6. | Scoring will occur on a rolling basis. *See* Claim Form (Attachment B to Decree) for detail on scoring process with the EEOC making the final determination on eligibility and allocation. | The Amended Proposed Consent Decree provides no information regarding the EEOC's metrics for determining the value of each person's claims, and EEOC cannot evaluate state law claims. |
| Review language in Section X.A. Tr. 51:9-12. | Language revised and clarified. *See* Section X.A. | Sections X.A. and X.C of the Proposed Amended Consent Decree still contemplate the tampering and/or destruction of critical evidence in DFEH's case –personnel file documents that reference allegations of sexual harassment, pregnancy discrimination, or related retaliation. Section X.A. references Section X.J., but there is no subsection J in the Proposed Amended |

5

| | | Consent Decree. The Proposed Amended Consent Decree also requires claimants to complete a 17-page claim form and provides Activision access to the completed claim forms. |
|---|---|---|

Dated:  January 18, 2022

Respectfully submitted,

*/s/ Jahan C. Sagafi*
Jahan C. Sagafi (SBN 224887)
OUTTEN & GOLDEN LLP
One California Street, Suite 1250
San Francisco, CA 94111
Telephone:  (415) 638-8800
Facsimile:   (415) 638-8810
E-Mail:  jsagafi@outtengolden.com

Christian Schreiber (SBN 245597)
Monique Olivier (SBN 190385)
OLIVIER SCHREIBER & CHAO LLP
201 Filbert Street, Suite 201
San Francisco, CA 94133
Telephone: (415) 484-0980
Facsimile: (415) 659-7758
E-Mail:  christian@osclegal.com
E-Mail:  monique@osclegal.com

Rachel Bien (SBN 315886)
OLIVIER SCHREIBER AND CHAO LLP
1149 North Gower Street Suite 215
Los Angeles, CA 90038
Telephone: (415) 484-0522
Facsimile: (415) 658-7758
E-Mail: rachel@osclegal.com

CALIFORNIA DFEH'S RESPONSES TO THE COURT'S QUESTIONS