Jahan C. Sagafi (SBN 224887)
OUTTEN & GOLDEN LLP
One California Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
Email: jsagafi@outtengolden.com

Christian Schreiber (SBN 245597)
Monique Olivier (SBN 190385)
OLIVIER SCHREIBER & CHAO LLP
201 Filbert Street, Suite 201
San Francisco, CA 94133
Telephone: (415) 484-0980
Facsimile: (415) 659-7758
Email: christian@osclegal.com
Email: monique@osclegal.com

Rachel Bien (SBN 315886)
OLIVIER SCHREIBER AND CHAO LLP
1149 North Gower Street Suite 215
Los Angeles, CA 90038
Telephone: (415) 484-0522
Facsimile: (415) 658-7758
Email: rachel@osclegal.com

*Attorneys for Proposed Intervenor*
*California Department of Fair Employment and Housing*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ACTIVISION BLIZZARD INC., BLIZZARD ENTERTAINMENT, INC., ACTIVISION PUBLISHING, INC. KING.COM, INC., and DOES ONE through TEN, inclusive,<br><br>Defendants. | Case No. 2:21-CV-07682 DSF-JEM<br><br>**CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING'S NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS**<br><br>Date:   February 28, 2022<br>Time:   1:30 PM<br>Judge:  Dale S. Fischer |

| | |
|---|---|
| 1 | |
| 2 | **PROPOSED INTERVENOR DFEH'S NOTICE OF MOTION TO STAY PROCEEDINGS PENDING APPEAL** |

PLEASE TAKE NOTICE that on February 28, 2022, at 1:30 p.m. in Courtroom 7D of the above-entitled Court, located at 350 West 1st Street, Los Angeles, California, Proposed Intervenor California Department of Fair Employment and Housing ("DFEH") will and hereby does move this Court pursuant to Federal Rule of Appellate Procedure 8(a)(1)(A) to stay this case pending DFEH's appeal to the United States District Court of Appeal for the Ninth Circuit. *See* DFEH Notice of Appeal (Dkt. 53). This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on January 14, 2022.

A stay is essential to preserve proposed intervenor DFEH's protectable interests in the California claims that may be released by the proposed Consent Decree, and in the Court holding a fairness hearing. Thus, DFEH requests that the Court grant this Motion to Stay Proceedings pending the appeal of this Court's December 20, 2021 Order Denying DFEH's Motion to Intervene. (Dkt. 53).

Dated: January 21, 2022    Respectfully submitted,

*/s/ Jahan C. Sagafi*
Jahan C. Sagafi (SBN 224887)
OUTTEN & GOLDEN LLP
One California Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
Email: jsagafi@outtengolden.com

1  Christian Schreiber (SBN 245597)
2  Monique Olivier (SBN 190385)
   OLIVIER SCHREIBER & CHAO LLP
3  201 Filbert Street, Suite 201
4  San Francisco, CA 94133
   Telephone: (415) 484-0980
5  Facsimile: (415) 659-7758
   Email: christian@osclegal.com
6  Email: monique@osclegal.com

7  Rachel Bien (SBN 315886)
8  OLIVIER SCHREIBER AND CHAO LLP
   1149 North Gower Street Suite 215
9  Los Angeles, CA 90038
10 Telephone: (415) 484-0522
   Facsimile: (415) 658-7758
11 Email: rachel@osclegal.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................1

PROCEDURAL BACKGROUND ............................................................3

LEGAL STANDARD .................................................................................3

ARGUMENT ...............................................................................................4

 A. A Stay Will Preserve the Interests of the Parties and Promote Efficiency. ......................................................................................4

 B. In the Absence of a Stay, DFEH Will Be Prejudiced in its Mission to Protect Both Employees and the Public ....................5

  1. The State Law Releases In The Proposed Decree Would Impede The Vindication of State-Law Claims. ..................5

  2. Denial of a Stay Would Impair DFEH's Mission to Protect the Public Interest. ...................................................6

 C. There is no Significant Countervailing Hardship to the Parties. ..7

CONCLUSION ............................................................................................8

# TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

*Cascade Nat. Gas Corp. v. El Paso Nat. Gas Co.*,
  386 U.S. 129 (1967) ............................................................................................ 4

*CMAX v. Hall*,
  300 F.2d 265 (9th Cir. 1962) .............................................................................. 4

*Dep't of Fair Emp. & Hous. v. Cathy's Creations, Inc.*,
  54 Cal. App. 5th 404 (2020) ............................................................................... 6

*Dunlop v. Pan Am. World Airways, Inc.*,
  672 F.2d 1044 (2d Cir. 1982) ............................................................................. 6

*Edwards v. City of Houston*,
  78 F.3d 983 (5th Cir. 1996) ................................................................................ 4

*EEOC v. Federal Express Corp.*,
  268 F. Supp. 2d 192 (E.D.N.Y. 2003) ............................................................ 2, 3

*EEOC v. Grays Harbor Comm. Hosp.*,
  791 F. Supp. 2d 1004 ...................................................................................... 2, 8

*General Tel. Co. v. EEOC*,
  446 U.S. 318 (1980) ........................................................................................ 2, 6

*Landis v. North Am. Co.*,
  299 U.S. 248 (1936) ............................................................................................ 3

*Lockyer v. Mirant Corp.*,
  398 F.3d 1098 (9th Cir. 2005) ..................................................................... 1, 3, 4

*Peck v. County of Orange*,
  528 F. Supp. 3d 1100 (C.D. Cal. 2021) .............................................................. 4

*Plain v. Murphy Family Farms*,
  296 F.3d 975 (10th Cir. 2002) ............................................................................ 1

*Rivers v. Walt Disney Co.*,
  980 F. Supp. 1358 (C.D. Cal. 1997) ................................................................... 3

*Rohan ex rel. Gates v. Woodford*,
  334 F.3d 803 (9th Cir. 2003), abrogated on other grounds by Ryan v. Gonzales,
  568 U.S. 57 (2013) .............................................................................................. 3

*Ryan v. Gonzales*,
  568 U.S. 57 (2013) .............................................................................................. 3

**STATUTES** **PAGE(S)**

Cal. Gov. Code § 12920.5 ....................................................................................... 6

Cal. Gov. Code §§ 12920, 12930 ............................................................................ 6

# INTRODUCTION

Proposed Intervenor California Department of Fair Employment and Housing ("DFEH") respectfully requests that the Court stay this action pending the Ninth Circuit's resolution of DFEH's appeal of the Court's order denying intervention ("Intervention Order"). Staying this case would be "more efficient and less costly" than proceeding while DFEH's appeal remains pending, with the "attendant risk of undoing what the trial court has already done," if the Ninth Circuit reverses the Intervention Order. *Plain v. Murphy Family Farms*, 296 F.3d 975, 980-81 (10th Cir. 2002) (approving of immediate appeal of order denying intervention).

In evaluating a proposed stay of a pending action, courts must weigh the "competing interests" affected by granting or denying a stay. *Lockyer v. Mirant Corp.*, 398 F.3d 1098 (9th Cir. 2005). Here, DFEH's interests include preserving state-law claims that seek to vindicate both the rights of Activision employees and the interests of the California public. In contrast, Activision's primary interest appears to be to evade accountability, as soon as possible.[1] And EEOC's interests

---

[1] AGREEMENT AND PLAN OF MERGER by and among MICROSOFT CORPORATION, ANCHORAGE MERGER SUB INC. and ACTIVISION BLIZZARD, INC., Dated as of January 18, 2022 ("*No Allegations of Sexual Harassment, Sexual Misconduct or Retaliation*. To the Knowledge of the Company, the Company and each of its Subsidiaries have not been party to a material settlement agreement entered into since January 1, 2018 with a current or former officer or employee resolving material allegations of sexual harassment, sexual misconduct or retaliation for making a claim of sexual harassment or sexual misconduct, in each case, that was alleged to have occurred on or after January 1, 2018 in the United States, by either a current (i) officer of the Company or any of its Subsidiaries; or (ii) employee of the Company or any of its Subsidiaries holding a position at or above the level of Senior Vice President. There are no, and since January 1, 2018, there have not been any, material allegations of sexual harassment, sexual misconduct or retaliation for making a claim of sexual harassment or sexual

lie only in prosecuting federal law – interests that are not well served by a settlement that undermines "deep-rooted Commission goals" in preserving *both* federal and state remedies (because EEOC has no authority to litigate or settle the latter). *EEOC v. Grays Harbor Comm. Hosp.*, 791 F. Supp. 2d 1004 (W.D. Wash. 2011. By offering only pennies on the dollar to victims of Activision's discrimination and harassment, with no formal discovery or litigation whatsoever, the decree would actually *create* hardship for EEOC by doing serious long-term damage to its mission and reputation in California and beyond.

It is important to note that DFEH (and California) have vastly different interests from the EEOC, which does not represent the public interest of California: "EEOC cannot be viewed as a de facto representative for [a state] every time it enters into a consent order. . . . the EEOC does not act 'merely [as] a proxy for victims of discrimination' but rather brings discrimination actions 'in its own name' for the enforcement of *federal* law and the effectuation of the public interest." *EEOC v. Federal Express Corp.*, 268 F. Supp. 2d 192, 203 (E.D.N.Y. 2003) (quoting *General Tel. Co. v. EEOC*, 446 U.S. 318, 326 (1980)) (allowing New York to intervene in EEOC case and dismissing the EEOC). As the district court noted there, when state governments seek "to effectuate *their respective definitions of the public interest*, it is entirely possible that conflicts of interest or differing priorities will arise. In such cases, …our system of federalism, which is not based upon a monolithic view of the public interest, … embraces the notion

---

misconduct, in each case, that was alleged to have occurred on or after January 1, 2018 in the United States, by or against any current director, officer or employee holding a position at or above the level of Senior Vice President, in each case, of the Company or any of its Subsidiaries."); https://www.sec.gov/Archives/edgar/data/718877/000110465922005154/tm223212d3_ex2-1.htm

that states, in the exercise of their police power, may define the public interest with reference to the aspirations of their own citizenry." *Id*.

This Court should grant a stay of the action in the interest of justice.

## PROCEDURAL BACKGROUND

The Procedural history of this case is set forth in DFEH's Objections to Approval of Proposed Amended Consent Decree, which is incorporated herein by reference. (Dkt. 58.)

## LEGAL STANDARD

It is well established that "[d]istrict courts have inherent authority to stay proceedings before them…." *Rohan ex rel. Gates v. Woodford*, 334 F.3d 803, 817 (9th Cir. 2003), *abrogated on other grounds by Ryan v. Gonzales*, 568 U.S. 57 (2013). The power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *see also Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (every court may "manage the cases on its docket . . . to ensure a fair and efficient adjudication of the matter at hand."). The decision whether to grant a stay is left to the sound discretion of the district court. *Rohan*, 334 F.3d at 817.

In *Lockyer v. Mirant Corp.*, 398 F.3d 1098 (9th Cir. 2005), the Ninth Circuit set out the test courts should consider when evaluating a stay under the *Landis* framework:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are the possible damage which

may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Id*. at 1110 (quoting *CMAX v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *see also Peck v. County of Orange*, 528 F. Supp. 3d 1100, 1105 (C.D. Cal. 2021) (Fischer, J.) (applying *Landis* to grant stay pending interlocutory appeal). DFEH requests a stay of proceedings under the *Lockyer* factors.

## ARGUMENT

### A. A Stay Will Preserve the Interests of the Parties and Promote Efficiency.

A stay will preserve DFEH's interests in this litigation and avoid the inefficiency that would result if the decree is approved and implemented, only to be subsequently undone as a result of the appeal. DFEH's purpose in appealing the Intervention Order is to ensure that its objections are given due weight. If the appeal is successful, "the . . . merits of the case must be reopened to give [DFEH] an opportunity to be heard as of right *as intervenors* . . . ." *Cascade Nat. Gas Corp. v. El Paso Nat. Gas Co.*, 386 U.S. 129, 136 (1967) (emphasis added).

This prejudice would be nearly immediate, because the proposed decree states that the "Effective Date" is "the date this Decree is entered by the Court." (Dkt. 50-1 at 7:9.) That means that if approved, the parties will be obligated to perform under the terms of the agreement without waiting for appeals to be resolved. During that time, the approval decision will be subject to review and may well be vacated by the Ninth Circuit. *See Edwards v. City of Houston*, 78 F.3d 983, 1006 (5th Cir. 1996) (*en banc*) (reversing denial of intervention as of right and

vacating judgment entered at fairness hearing in which intervenors could not fully participate). This would be contrary to the parties' interests, and as discussed below, would pose immediate and specific harm to DFEH.

### B. In the Absence of a Stay, DFEH Will Be Prejudiced in its Mission to Protect Both Employees and the Public.

As discussed in DFEH's Objections to the consent decree, the EEOC-Activision settlement conditions claimants' compensation on an agreement to waive state-law claims that are not at issue in this action, and which are beyond both the EEOC and this Court's jurisdiction. (Dkt. 58.) It also undermines the *public* interest by permitting Activision to escape liability and interfere with evidence that is the subject of an ongoing enforcement action that includes claims on behalf of the public and DFEH itself.

#### 1. The State Law Releases In The Proposed Decree Would Impede The Vindication of State-Law Claims.

The individual releases that Activision seeks from its employees would waive claims under state law, and *specifically* waive any right to recover from DFEH's enforcement proceeding in state court. (Dkt. 50-4 at 2.) Contrary to the Court's suggestion that "nothing in the consent decree would appear to prevent DFEH from reaching a separate agreement with Defendants in its own case," (Dkt. 46), there is every reason to expect that Activision would rely on the specific waiver of any right to participate in such an agreement to avoid or limit further liability.[2] For this very reason, courts have held that "a federal court is *obligated* to

---

[2] These concerns were echoed by the Communications Workers of America, AFL-CIO, CLC. (Dkt. 20 at 6-7.) (arguing that waivers should "*be limited to the narrow allegations of the complaint and do not affect any private right of action of claim under state law . . . .* The proposed Consent Decree seems to be an attempt to preempt the parallel suit brought by the Department of Fair Employment and Housing under California law . . . .").

clarify a federal settlement order whose language might be held improperly to bar unlitigated state claims." *Dunlop v. Pan Am. World Airways, Inc.*, 672 F.2d 1044, 1049-50 (2d Cir. 1982) (emphasis added).

### 2. **Denial of a Stay Would Impair DFEH's Mission to Protect the Public Interest.**

Like the EEOC, DFEH does not act "merely [as] a proxy for victims of discrimination but rather brings discrimination actions "in its own name" for the enforcement of [the] law and the effectuation of the public interest. *General Tel.*, 446 U.S. 318. As a public law enforcement agency, "[t]he DFEH's task is to represent the interests of the state [of California] and to effectuate the declared public policy of the state to protect and safeguard the rights and opportunities of all persons from unlawful discrimination" and other unlawful conduct. *Dep't of Fair Emp. & Hous. v. Cathy's Creations, Inc.*, 54 Cal. App. 5th 404, 410 (2020); Cal. Gov. Code §§ 12920, 12930. DFEH's mission is twofold; it is "…to eliminate discrimination" through "effective remedies that will both prevent and deter unlawful employment practices," and, separately, to "…redress the adverse effects of those practices on aggrieved persons." Cal. Gov. Code § 12920.5.

For these reasons, DFEH's interests would be impaired in the absence of a stay *both* because individual employees' claims would be extinguished by the overbroad releases described above, *and* because the public would be deprived of the opportunity to hold Activision accountable and deter wrongdoing by other perpetrators. If Activision is allowed to escape liability for state-law claims – even if the individual employees provide fully informed consent to that outcome – DFEH's interests would still be impaired because that result would undermine public enforcement of California law. Those interests are reflected in the claims

alleged in DFEH's state-court enforcement action, which include, in addition to discrimination and retaliation claims, claims that protect the rights of the *public*, such as (1) waiver of rights, forums, or procedures and release of claims; and (2) failure to maintain and produce records (brought on behalf of DFEH) (RJN, Ex. 1).

If a stay is not granted, public enforcement would be impaired in specific and immediate ways as the parties perform under the agreement. The consent decree allows Activision to excise references to harassment and discrimination from employee personnel files and reclassify terminations as voluntary resignations in the company's internal records. (Dkt. 50-1 at 21:12-22:28.) And although it purports to preserve such evidence separately under EEOC supervision, (*id.* at 43:21-45:10), the effect is to alter existing records that are themselves evidence in DFEH's ongoing state-court enforcement action, where DFEH and Activision are in the process of propounding and responding to written discovery.

### C. There is no Significant Countervailing Hardship to the Parties.

In contrast to the immediate and specific harms that DFEH would suffer in the absence of a stay, there is no significant prejudice that would affect the parties. Activision's interest in avoiding liability is not a valid concern; it is merely the inverse of DFEH's interest in *enforcing* the law. And if the Ninth Circuit ultimately permits the consent decree to move forward, Activision will achieve finality with respect to claims under federal law. While EEOC may seek to score a short-term institutional victory by achieving a recovery with minimal litigation, discovery, or other use of agency resources, it would do so by undermining the agency's long-term interest in preserving public trust in its integrity and preserving the jurisdiction of its sister enforcement agency – a goal EEOC itself has described

as "deep-rooted." *Grays Harbor*, 791 F. Supp. 2d 1004.

The parties may argue that Activision employees will suffer hardship if a settlement is delayed. But Activision does not represent the interests of employees who hold claims against it, and such arguments are disingenuous – they are simply a pretext for the company to argue for the fastest end to litigation that it can achieve. And although EEOC does represent the interests of Activision employees with respect to their federal claims, those employees also have an interest in their claims under state law, which must also be taken into account. These competing interests do not weigh against a stay, but rather in favor of one, to allow time for the Ninth Circuit to consider how those interests should be balanced.

## CONCLUSION

Based on the foregoing, DFEH respectfully submits that the Court should exercise its discretion and stay this case.

Dated:  January 22, 2022

Respectfully submitted,

/s/ Jahan C. Sagafi
Jahan C. Sagafi (SBN 224887)
OUTTEN & GOLDEN LLP
One California Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
Email:  jsagafi@outtengolden.com

| | |
|---|---|
| 1 | Christian Schreiber (SBN 245597) |
| 2 | Monique Olivier (SBN 190385) |
|   | OLIVIER SCHREIBER & CHAO LLP |
| 3 | 201 Filbert Street, Suite 201 |
|   | San Francisco, CA 94133 |
| 4 | Telephone: (415) 484-0980 |
| 5 | Facsimile: (415) 659-7758 |
|   | Email:  christian@osclegal.com |
| 6 | Email:  monique@osclegal.com |
| 7 | |
| 8 | Rachel Bien (SBN 315886) |
|   | OLIVIER SCHREIBER AND CHAO LLP |
| 9 | 1149 North Gower Street Suite 215 |
|   | Los Angeles, CA 90038 |
| 10 | Telephone: (415) 484-0522 |
| 11 | Facsimile: (415) 658-7758 |
|   | Email: rachel@osclegal.com |

9

CALIFORNIA DFEH NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS