Anna Y. Park, SBN 164242
anna.park@eeoc.gov
Nakkisa Akhavan, SBN 286260
nakkisa.akhavan@eeoc.gov
Taylor Markey, SBN 319557
taylor.markey@eeoc.gov
Maurice Neishlos, NY SBN 5639265
maurice.neishlos@eeoc.gov
Alisha Ansari, SBN 312875
alisha.ansari@eeoc.gov
Ella Hushagen, SBN 297990
ella.hushagen@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 422-8396
Facsimile:  (213) 894-1301
E Mail:  lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>ACTIVISION BLIZZARD, INC., BLIZZARD ENTERTAINMENT, INC., ACTIVISION PUBLISHING, INC., and KING.COM, INC., and DOES ONE through TEN, inclusive,<br><br>Defendants. | Case No.: 2:21-cv-07682-DSF-JEM<br><br>**PLAINTIFF EEOC'S OPPOSITION TO *AMICUS CURIAE* DFEH'S NOTICE OF MOTION AND MOTION FOR A STAY PENDING APPEAL** |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...........................................................................................ii

I.      Introduction............................................................................................................1

II.     Background .............................................................................................................2

III.    Amicus Curiae DFEH Lacks Standing to Stay these Proceedings.......................3

IV.     DFEH's Stay Would Disserve the Public Interest to No Practical End ...............3

        A. Entry of a Stay Will Harm the Public, Workers and the Parties .....................4

              1) A Stay Would Harm Potential Claimants Nationwide ...........................4

              2) A Stay Would License DFEH's Ongoing Attacks on EEOC's
                 Integrity and Prosecutorial Ability.........................................................7

              3) DFEH's Goals in Seeking a Stay Are Against the Public
                 Interest ......................................................................................................9

        B. DFEH Made Its Objections. It Will Suffer No Harm Absent a Stay.............11

              1) Individual Releases of State Law Claims Do Not Harm DFEH...........11

              2) The Court Afforded DFEH Sufficient Opportunity to Voice Its
                 Concerns .................................................................................................13

              3) Instead of Participating as a Friend of the Court, DFEH Sought
                 Reconsideration and Doubled Down on Attacking EEOC .................14

        C. A Stay Would Impair the Orderly Course of Judgment .................................16

        D. DFEH Proposes a Stay of Indefinite Duration, Which Would
           Indefinitely Delay Relief for Workers.........................................................16

V.      DFEH's Stay Must Be Denied Under *Nken* Because Its Appeal Lacks Merit....17

VI.     Conclusion ...........................................................................................................19

i

# TABLE OF AUTHORITIES

*Blake v. Pallan*
    554 F.2d 947 (9th Cir. 1977) ..................................................................13,18,19

*Brewer v. Republic Steel Corp.*
    513 F.2d 1222 (6th Cir. 1975) ....................................................................13,18

*Cal. by & through Becerra v. U.S. Dep't of the Interior*
    381 F. Supp. 3d 1153 (N.D. Cal. 2019)............................................................14

*Chalian v. CVS Pharmacy, Inc.*
    2020 WL 6821316 (C.D. Cal. Nov. 10, 2020) ....................................................3

*Clinton v. Jones*
    520 U.S. 681 (1997)........................................................................................17

*Cmty. Ass'n for Restoration of the Env't (CARE) v. DeRuyter Bros. Dairy*
    54 F. Supp. 2d 974 (E.D. Wash. 1999)............................................................14

*Cnty. of Orange v. Air Cal.*
    799 F.2d 535 (9th Cir.1986) ...........................................................................19

*Ctr. for Biological Diversity v. U.S. Bureau of Land Mgmt.*
    2010 WL 1452863 (D. Ariz. Apr. 12, 2010) ......................................................3

*Dependable Highway Express, Inc. v. Navigators Ins. Co.*
    498 F.3d 1059 (9th Cir. 2007) ...........................................................4,11,16,17

*Donnelly v. Glickman*
    159 F.3d 405 (9th Cir. 1998) ..........................................................................19

*Dunlop v. Pan Am. World Airways, Inc.*
    672 F.2d 1044 (2d Cir. 1982) ..........................................................................12

*E.E.O.C. v. Grays Harbor Community Hospital*
    791 F. Supp. 2d 1004 (W.D. Wash. 2011) ......................................................5,6

*Fair Political Practices Comm'n v. U.S. Postal Serv.*
    2012 WL 5398789 (E.D. Cal. Nov. 2, 2012) ......................................................3

*Ford Motor Co. v. E.E.O.C.*
    458 U.S. 219 (1982)........................................................................................10

*Greene v. United States*
    996 F.2d 973 (9th Cir. 1993) ..........................................................................13

*In re Broadcom Corp. Secs. Litig.*
    2005 WL 1403516 (C.D. Cal. Feb. 10, 2005) ....................................................9

*In re Keeper of Records (Grand Jury Subpoena Addressed to XYZ Corp.)*
    348 F.3d 16 (1st Cir. 2003).............................................................................9

*Interinsurance Exch. Of the Auto. Club of S. Cal. v. Bailes*
    219 Cal. App. 2d 830 (1963) ..........................................................................12

*Jamul Action Comm. v. Chaudhuri*
    2015 WL 1802813 (E.D. Cal. Apr. 17, 2015) ..................................................14

*Lair v. Bullock*
    697 F.3d 1200 (9th Cir. 2012) ...................................................................17

*Landis v. N. Am. Co.*
    299 U.S. 248 (1936).................................................................................3,4,7

*League of United Latin Am. Citizens v. Wilson*
    131 F.3d 1297 (9th Cir. 1997) ...................................................................18

*Leyva v. Certified Grocers of Cal., Ltd.*
    593 F.2d 857 (9th Cir. 1979) ...............................................................10,11,16

*Lockyer v. Mirant Corp.*
    398 F.3d 1098 (9th Cir. 2005) ..............................................................4,10,16

*Mach Mining, LLC v. E.E.O.C.*
    575 U.S. 480 (2015)..................................................................................10

*Medellin v. Texas,*
    552 U.S. 491 (2008)..................................................................................12

*Mobilize the Message LLC v. Bonta*
    2021 WL 6104312 (C.D. Cal. 2021) ..........................................................4

*Negrete v. Allianz Life Ins. Co. of N. Am.*
    523 F.3d 1091 (9th Cir. 2008) ....................................................................8

*Nken v. Holder*
    556 U.S. 418 (2009)............................................................................4,7,17,18

*Or. Natural Res. Council v. Allen*
    2003 WL 27386127 (D. Or. Nov. 4, 2003) ...............................................13

*Pasha Auto Warehousing, Inc. v. Philadelphia Reg'l Port Auth.*
    1998 WL 188848 (E.D. Pa. Apr. 21, 1998)...............................................13

*Peck v. Cnty. of Orange*
    528 F. Supp. 3d 1100 (C.D. Cal. 2021)........................................................4

*Perry v. Proposition 8 Official Proponents*
    587 F.3d 947 (9th Cir. 2009) .................................................................18,19

*QBE Ins. Corp. v. Jorda Enters., Inc.*
    286 F.R.D. 661 (S.D. Fla. 2012)..................................................................9

*Reynolds v. Beneficial Nat'l Bank*
    288 F.3d 277 (7th Cir. 2002)........................................................................8

*Ruiz v. Snohomish Cnty. Pub. Util. Dist. No. 1*
    824 F.3d 1161 (9th Cir. 2016) ...................................................................12

*Std. Fire Ins. Co. v. Estate of Betty Goldberg*
    2020 WL 5498071 (C.D. Cal. Apr. 10, 2020)...........................................16

*Turo, Inc. v. City of Los Angeles*
    2020 WL 4287583 (C.D. Cal. July 27, 2020) ...........................................13

*Tyler v. Travelers Commercial Ins. Co.*
    499 F. Supp. 3d 693 (N.D. Cal. 2020)..........................................................7

*United States v. City of Los Angeles*
    288 F.3d 391 (9th Cir. 2002) ................................................. 13,14,18
*United States v. Facebook, Inc.*
    456 F. Supp. 3d 105 (D.D.C. 2020) ...................................... 13,16
*United States v. McInnes*
    556 F.2d 436 (9th Cir. 1977) .................................................. 10
*United States v. State of La.*
    718 F. Supp. 525 (E.D. La. 1989) ............................................. 3
*United States v. State of Mich.*
    940 F.2d 143 (6th Cir. 1991) ..................................................... 3
*U. S. ex rel. Richards v. De Leon Guerrero*
    1992 WL 212272 (D. N. Mar. I. May 22, 1992) ...................... 3
*Wis. Gas Co. v. F.E.R.C.*
    758 F.2d 669 (D.C. Cir. 1984) ................................................ 12
*Yong v. I.N.S.*
    208 F.3d 1116 (9th Cir. 2000) .............................................. 3,17

iv

1
2
3
4
5
6
7

## I.     Introduction

Plaintiff Equal Employment Opportunity Commission ("EEOC") files this Opposition to California Department of Fair Employment and Housing's ("DFEH's") Notice of Motion and Motion to Stay Pending Appeal (the "Motion"). DFEH's request to stay these proceedings pending its appeal of this Court's denial of DFEH's Motion to Intervene should be denied. The prerequisites for obtaining a stay pending appeal are justifiably rigorous; DFEH has not met them.

8
9
10
11
12
13
14
15
16
17
18

Entry of a stay would harm the Parties, hundreds of potential claimants in this case, and the public. It would continue to delay monetary and injunctive relief for workers and further undermine the public's confidence in civil rights enforcement agencies. DFEH will not suffer harm absent a stay. DFEH has no legally cognizable interest in blocking individual workers from receiving compensation or releasing their state law claims. The Court carefully considered DFEH's motion to intervene and properly limited DFEH's participation in this case to the opportunity to comment on the Parties' consent decree as *amicus curiae*. DFEH exceeded the Court's bounds for its participation and filed voluminous Objections to the Proposed Consent Decree as if it had been granted intervention. It is beyond dispute that DFEH has now amply voiced its objections and extinguished any need for its participation as intervenor.

19
20
21
22
23
24
25
26

DFEH mischaracterizes the stay it seeks as merely preserving the *status quo* and avoiding inefficiency. Motion at 4. But the Parties settled the federal law claims asserted in the Complaint four months ago; protecting the *status quo* is allowing relief to flow to workers pursuant to the resolution, once the Court is satisfied. A stay would frustrate the orderly administration of justice and permit further obfuscation by DFEH while it pursues a meritless appeal. Granting DFEH the power to delay these proceedings for potentially years would be inconsistent with the Court's ruling that DFEH does not have an interest justifying intervention. DFEH's Motion should be denied.

27

## II.    Background

28

Following a thorough, three-year investigation into sexual harassment allegations

1

against Defendants—wherein EEOC conducted more than 100 interviews with employees, third parties, and Defendants' managers, and reviewed thousands of documents—EEOC filed its Title VII complaint against Defendants on September 27, 2021. *See* Declaration of Ella Hushagen in Opposition to *Amicus* DFEH's Motion for Stay ("Hushagen Decl."), ¶ 3; Complaint, Dkt. No. 1. That same day, the EEOC and Defendants (collectively, the "Parties") lodged their Proposed Consent Decree with the Court. Dkt. No. 11-1. The Parties' Proposed Consent Decree was negotiated in an arm's length adversarial process during three days of mediation. Joint Response to Court Requested Clarifications In Support of Amended [Proposed] Consent Decree ("Joint Response"), Dkt. No. 51, at 8.

On October 25, 2021, DFEH filed its Motion to Intervene. Dkt. No. 24. On December 20, 2021, this Court denied DFEH's Motion to Intervene, reasoning that DFEH had only a general public interest in the subject matter of this litigation which, in any event, would not be impaired or impeded by the outcome of this case. Dkt. No. 46. The Court also exercised its discretion to find that permissive intervention was inappropriate because DFEH was not seeking to intervene to raise its own substantive claims in this forum. *Id*. at 2-3. The Court permitted DFEH to "succinctly" express its concerns regarding the revised proposed consent decree as *amicus curiae*. *Id*. at 3. The Court noted that DFEH "will not have the rights of a formal party to the action." *Id*.

On January 4, 2022, the Parties lodged the Amended Proposed Consent Decree with the Court. Dkt. No. 50-1. On January 7, 2022, DFEH appealed the Court's Order Denying its Motion to Intervene. Dkt. No. 53.

On January 14, 2022, the Parties met and conferred with DFEH on its anticipated Motion to Stay. Hushagen Decl., ¶ 6. On January 18, 2022, DFEH filed its "Objections to Approval of Proposed Amended Consent Decree" and 188 pages of exhibits. Dkt. No. 58. DFEH's Motion followed.

### III.   *Amicus Curiae* DFEH Lacks Standing to Stay these Proceedings.

*Amicus curiae* who have been denied intervention do not have standing to move to

stay proceedings pending their appeal of denial of intervention. *See, e.g.*, *Fair Political Practices Comm'n v. U.S. Postal Serv.*, 2012 WL 5398789, at *2 (E.D. Cal. Nov. 2, 2012) (entity denied intervention lacked standing to seek stay of proceedings pending appeal of denial of intervention); *U. S. ex rel. Richards v. De Leon Guerrero*, 1992 WL 212272, at *6 (D. N. Mar. I. May 22, 1992) (*amicus* lacked standing to stay proceedings pending its appeal of denial of intervention); *see also Ctr. for Biological Diversity v. U.S. Bureau of Land Mgmt.*, 2010 WL 1452863, at *2 (D. Ariz. Apr. 12, 2010) (finding *amicus* denied intervention was not permitted to file pleadings, motions, or oppositions to motions, or otherwise participate in a manner reserved for the parties in the case); *United States v. State of Mich.*, 940 F.2d 143, 166 (6th Cir. 1991) ("[A]micus has been consistently precluded from initiating legal proceedings, filing pleadings, or otherwise participating and assuming control of the controversy in a totally adversarial fashion."); *cf. United States v. State of La.*, 718 F. Supp. 525, 528 (E.D. La. 1989) (courts are not required to consider requests for relief from *amicus* unless those requests are also made by actual parties in the case); *but see Chalian v. CVS Pharmacy, Inc.*, Case No. CV 16-8979-AB, 2020 WL 6821316, at *2 (C.D. Cal. Nov. 10, 2020) (finding that *amicus curiae* had standing to seek stay pending appeal of denial of intervention). *Amicus curiae* DFEH lacks standing to seek a stay that will delay these proceedings indefinitely. *See Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000) (a stay that terminates upon resolution of an appeal is a stay of indefinite duration because, if the Supreme Court grants certiorari, "the stay could remain in effect for a lengthy period of time, perhaps for years[.]"). DFEH's Motion must be denied.

## IV.   DFEH's Stay Would Disserve the Public Interest to No Practical End.

Stays are warranted only in "rare circumstances." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). The court is guided by the following factors in determining whether to issue a stay: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," (3) "the orderly course of justice measured in terms of the simplifying or complicating of

issues, proof, and questions of law which could be expected to result from a stay," and (4) whether the stay is definite or will result in delay.[1] *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *Landis*, 299 U.S. at 250); *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066-67 (9th Cir. 2007).

DFEH fails to meet its burden of showing it will suffer hardship or inequity unless this Court issues a stay. *See Clinton v. Jones*, 520 U.S. 681, 708 (1997) (burden is on moving party to show stay is necessary); *Mobilize the Message LLC v. Bonta*, Case No. CV 21-5115-VAP, 2021 WL 6104312, at *1 (C.D. Cal. 2021) (same).

### A.    Entry of a Stay Will Harm the Public, Workers and the Parties.

### 1)    A Stay Would Harm Potential Claimants Nationwide.

DFEH is waging a disruptive campaign of interference with far-reaching adverse impacts. The longer it is allowed to continue, the longer harmed individuals wait for monetary compensation, and the longer Defendants' workforce waits for oversight and enforcement of much-needed non-monetary reforms. DFEH's requested stay would indefinitely delay the provision of relief to injured workers—including approximately 1,000 of Defendants' workers in states outside California, to whom DFEH can offer no relief. Since the filing of the Consent Decree, the EEOC has fielded numerous calls and emails from potential class members inquiring as to the status of the settlement. Declaration of Taylor Markey In Opposition to *Amicus* DFEH's Motion to Stay ("Markey Decl."), ¶ 21.  A stay would fuel further uncertainty about when the claimants can expect resolution.

Entry of a stay would further harm potential claimants by giving DFEH more time and exposure to sow confusion among workers about the Proposed Consent Decree.

---

[1] Courts in this Circuit have applied a different set of factors under *Nken v. Holder*, 556 U.S. 418, 434 (2009), to evaluate whether to issue a stay. This Court has determined that the *Landis* factors are appropriate for a stay motion pending the appeal of an interlocutory order. *Peck v. Cnty. of Orange*, 528 F. Supp. 3d 1100, 1105-06 (C.D. Cal. 2021). DFEH's Motion fails under the *Nken* test, just as it fails under the *Landis* test, as demonstrated herein. *Infra* § V.

4

DFEH continues to speciously argue that EEOC seeks to "force waivers" of state law claims on individuals, and release claims beyond those asserted in EEOC's complaint.[2] Motion at 5-6; DFEH Obj., Dkt. No. 58, at 8-9. EEOC has repeatedly explained to DFEH and the Court that individual participation in the claims process is entirely voluntary, and EEOC is only releasing its own federal claims. Hushagen Decl., ¶ 7, Exh. H at 2; Transcript of December 13, 2021 Hearing ("Tr."), Dkt. No. 43, at 12:20-24; Joint Response, Dkt. No. 51 at 12, 18-20. DFEH's contention that the Proposed Consent Decree "extinguishes Activision employees' FEHA claims" for zero dollars, in violation of EEOC policy, is misleading and harmful.[3] Motion at 2; DFEH Obj., Dkt. No. 58, at 7-8. The

_____

[2] DFEH conflates EEOC's release in the Consent Decree with the voluntary release by individual claimants. DFEH argues that participating claimants will release claims beyond those sharing a factual predicate with the claims asserted in EEOC's complaint (*i.e.*, harassment, pregnancy discrimination and related retaliation) because EEOC, in its separate release with Defendants, references the Commissioner's Charge. DFEH Obj., Dkt. No. 58 at 8-9. There is no dispute that the Commissioner's Charge, which predates DFEH's Director's Complaint, included allegations of sex discrimination and unequal pay. EEOC did not investigate sex discrimination and pay claims pursuant to the agreement made between EEOC and DFEH to split the investigation regarding Defendants. *See* Declaration of Rosa Viramontes In Opposition to DFEH's Motion to Intervene ("Viramontes Decl."), Dkt. No. 35-2, ¶¶ 14-15. In resolving the Commissioner's Charge through the Proposed Consent Decree, EEOC is agreeing that EEOC will not pursue the claims asserted in the Charge any further. This is a standard release in EEOC's and DFEH's consent decrees. Declaration of Taylor Markey In Support of Joint Response, Exh. D (*EEOC v. AppleOne* decree), Dkt. No. 51-7, at 3; Declaration of Jahan Sagafi DFEH Objections to Approval of Amended Proposed Consent Decree ("Sagafi Decl."), Exh. F (*Riot Games* decree), Dkt. No. 58-7, at 13. The scope of EEOC's release does not broaden the scope of individual claimants' releases.

[3] DFEH has no legitimate role in enforcing what it believes to be EEOC policy. Motion at 1-2, 7-8; *E.E.O.C. v. Grays Harbor Community Hospital*, 791 F. Supp. 2d 1004, 1009 (W.D. Wash. 2011) (EEOC is the "master of its case"). The Regional Attorney Manual specifically contemplates the claims process set forth in the Proposed Consent Decree. Declaration of Jahan Sagafi In Support of DFEH's Motion to Intervene, Exh. D, Dkt. No. 24-6 (Regional Attorney's Manual § XI.A(d)) ("A claimant represented by private counsel can agree to a broader release."). DFEH cannot credibly argue that entry of the hard-fought, comprehensive Proposed Consent Decree is against EEOC's interests. Motion at

5

Parties bargained for claimants' release of all sexual harassment claims because DFEH agreed that EEOC would exclusively pursue harassment claims.[4] *See* Viramontes Decl., Dkt. No. 35-2, ¶¶ 14-15.

DFEH's misrepresentations about the Proposed Consent Decree harm aggrieved workers. They have already been harassed and their employer may have disbelieved them or mishandled their complaint. Now DFEH encourages them to believe that EEOC—the only entity that has monetary and injunctive relief in hand to compensate them—has "colluded" with Defendants to enter a settlement that allows Defendants to "escape liability" and offers "only pennies on the dollar to victims of Activision's discrimination and harassment[.]"[5] DFEH Obj., Dkt. No. 58, at 2, 10-11; Motion at 2, 4; Hushagen Decl.

_____

7-8. Certainly, EEOC's long-term institutional interests are not well-served by DFEH continuing to lodge false accusations against it.

[4] DFEH's reliance on *Grays Harbor*, 791 F. Supp. 2d 1004, is misplaced. DFEH Obj., Dkt. No. 58, at 2-3, 6, 8, 12. Unlike here, in *Grays Harbor*, EEOC had not bargained for individual claimants to release state law claims along with federal claims. *See* Sagafi Decl., Exh. B (*Grays Harbor* filing), Dkt. No. 58-3, ¶¶ 2-3.

[5] DFEH has spilled much ink attacking the $18 million class fund as "paltry" relative to the potential liability and strength of the case. DFEH Obj., Dkt. No. 58, at 12; Motion at 2. DFEH posits that "claimants may receive as little as a few hundred dollars[,]" without showing how it arrived at this figure. DFEH Obj., Dkt. No. 58, at 2. DFEH has never proffered a realistic estimate as to the size of the class, the value of their claims, and the class fund it would find acceptable. DFEH compares the Proposed Consent Decree to a tentative settlement it reached with Riot Games. *Id.* at 10-11. This apples-to-oranges comparison is unhelpful to the Court, workers, and the public. Hushagen Decl., ¶ 23. Comparing the *Riot Games* decree to the Proposed Consent Decree here reveals the agencies made different strategic decisions in the resolutions, based on their prosecutorial authority and expertise. The *Riot Games* decree uses a formula to compensate individuals based on their tenure and employment status; it requires individuals to release claims for sexual harassment and retaliation to receive compensation without assessing those individualized harms. In the Proposed Consent Decree, EEOC will assess each claimants' harms individually to award compensation from the class fund; individuals will only release sexual harassment, pregnancy discrimination and related retaliation claims—they will not release pay and discrimination claims. The *Riot Games* decree extinguishes approximately 2,365 class members' claims unless they affirmatively opt-out; here, the

¶ 8, Exh. H at 1. DFEH's cynical mischaracterizations appear to be aimed at dissuading individuals from seeking valuable relief to which they are entitled.

### 2) A Stay Would License DFEH's Ongoing Attacks on EEOC's Integrity and Prosecutorial Ability.

DFEH makes the implausible claim that EEOC's interests will not be harmed by entry of a stay. Motion at 7-8. DFEH's unprecedented intrusion in this case, by seeking intervention and now a stay, interferes with "ordinary processes of administration of judicial review[.]" *Nken v. Holder*, 556 U.S. 418, 427 (2009). DFEH's insistence that it be permitted to intervene—not to litigate its own state law claims, which are pending in the state forum, but to "ensure that its objections are given due weight[]"—undermines EEOC's autonomy to resolve cases under federal law. Motion at 4. EEOC will be harmed if DFEH is permitted to delay the proceedings indefinitely while it pursues a meritless appeal. *Tyler v. Travelers Commercial Ins. Co.*, 499 F. Supp. 3d 693, 703 (N.D. Cal. 2020) (stay pending appeal would harm defendant by requiring it to wait many months for resolution of the dispute initiated by plaintiff in the first instance) (citing *Landis*, 299 U.S. at 255).

DFEH has demonstrated it has no misgivings about impugning EEOC's integrity and a stay will only prolong DFEH's rhetorical campaign against EEOC. DFEH claims that EEOC colluded with Defendants to "reverse auction" DFEH's state action—a serious allegation without evidentiary support.[6] DFEH Obj., Dkt. No. 58, at 11-12. That EEOC's

---

Parties have proposed a voluntary opt-in process, expected to benefit hundreds of claimants. The *Riot Games* decree allocates millions from the class fund toward attorney's fees, costs and penalties; none will be collected from the class fund here. The *Riot Games* decree pays a maximum award of approximately $80,000, whereas some claimants in the instant action will receive six-figure compensation up to $300,000 plus backpay. *Id.*; Amended Proposed Decree, Dkt. No. 50-1; Sagafi Decl., Exh. F, Dkt. No. 58-7.

[6] According to DFEH, Defendants "pick[ed] the most ineffectual class lawyers to negotiate a settlement," *i.e.*, EEOC, the federal civil rights enforcement agency with 50 years of experience litigating Title VII cases. *Id.*; Motion at 2. But DFEH's disagreement with EEOC's litigation strategy does not demonstrate EEOC is "ineffectual" counsel.

lawsuit followed DFEH's and was resolved without discovery and litigation are not indicia of a "reverse auction." *Id.* at 1 n.1, 11-12; Motion at 2, 7. It is beyond dispute that EEOC launched and completed its investigation into Defendants before DFEH. Viramontes Decl., Dkt. No. 35-2, ¶¶ 3, 11, 24. EEOC's three-year investigation into sexual harassment, pregnancy discrimination and related retaliation was extensive and resource intensive. Hushagen Decl., ¶ 3. DFEH filed its lawsuit against an expiring statute of limitations shortly after EEOC informed DFEH that EEOC had made findings against Defendants, and invited DFEH to contact EEOC to discuss next steps. Viramontes Decl., Dkt. No. 35-2, ¶¶ 26, 29-31; Declaration of Elena Baca in Support of Defendants' Opposition to DFEH Motion to Intervene, Exh. I, Dkt. No. 31-10.

EEOC will collect no attorney's fees from the Proposed Consent Decree and has no incentive—financial or other—to undercut the interests of harmed individuals.[7] *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 282 (7th Cir. 2002) (in a reverse auction, one set of class counsel settle first to seek attorney's fees that draft off the labors of other class counsel). If DFEH's allegations were accepted, "the reverse auction argument would lead to the conclusion that no settlement could ever occur in the circumstances of parallel or multiple class actions—none of the competing cases could settle without being accused by another of participating in a collusive reverse auction." *Negrete v. Allianz Life Ins. Co. of N. Am.*, 523 F.3d 1091, 1099-1100 (9th Cir. 2008).

DFEH grossly misstates facts to claim that EEOC raised unsupported ethical concerns in order to aid Defendants in the state action. DFEH Obj., Dkt. No. 58, at 12. In reality, EEOC has remained steadfastly neutral as to its sister agency's parallel action. Markey Decl., ¶ 20. It has not interfered by helping Defendants or otherwise. *Id*. EEOC raised legitimate concerns about former EEOC attorneys taking a position directly adverse to EEOC by opposing a consent decree in the very same matter they substantially

---

[7] EEOC statutorily never takes attorney's fees. 42 U.S.C. § 2000e-5(k). DFEH does, as demonstrated in the recent *Riot Games* decree. Sagafi Decl., Exh. F (*Riot Games* decree), § VIII(A)(2) (DFEH and Division of Labor Standards Enforcement will take $5-$8.5 million in attorney's fees).

8

participated in when employed by EEOC. *Id.*, ¶¶ 2-7, 10-11. EEOC repeatedly offered to provide DFEH counsel evidence of the conflict (*i.e.*, internal privileged communications) pursuant to a protective order. Hushagen Decl., ¶¶ 10-16, Exhs. L-N. In response, DFEH retained a consultant who rebuffed EEOC's attempts to negotiate a resolution, denied the former EEOC attorneys had a conflict without reviewing EEOC's underlying evidence, and demanded EEOC waive the conflict. *Id.*, ¶ 13, Exh. K at 2-4; Sagafi Decl., Exh. G, Dkt. No. 58-8, at 1-2.[8]

DFEH's claim that EEOC colluded with Defendants to enter an agreement that harms workers is baseless and harmful. Issuance of a stay pending appeal would potentially give DFEH years to undermine EEOC's authority and autonomy. DFEH's misrepresentations militate against granting its Motion for a stay.

### 3) DFEH's Goals in Seeking a Stay Are Against the Public Interest.

DFEH's claim that entry of the Proposed Consent Decree would "score a short-term institutional victory" while "undermining [EEOC's] long-term interest in preserving the public trust[]" has no merit. Motion at 7. DFEH's speculative concern for EEOC's interests is not well-taken: DFEH's escalating accusations against EEOC erode the public's trust in both agencies' enforcement of civil rights law and create the impression that the interests of the public and harmed individuals are being subordinated to political

---

[8] EEOC endeavored to resolve this dispute without litigation and minimal public scrutiny for the sake of all parties involved. But DFEH mischaracterized the underlying facts to accuse EEOC of collusion, and in so doing, it filed a letter from its consultant identifying the former EEOC attorneys. Sagafi Decl., Exh. G, Dkt. No. 58-8, at 2. DFEH opened the door; it cannot now complain that EEOC has improperly made certain communications or information public. *See QBE Ins. Corp. v. Jorda Enters., Inc.*, 286 F.R.D. 661, 664-65 (S.D. Fla. 2012)("If a party could use the privilege as both a sword and a shield, then the party 'could selectively disclose fragments helpful to its cause, entomb other (unhelpful) fragments, and in that way kidnap the truth-seeking process.") (quoting *In re Keeper of Records (Grand Jury Subpoena Addressed to XYZ Corp.)*, 348 F.3d 16, 24 (1st Cir. 2003)); *In re Broadcom Corp. Secs. Litig.*, 2005 WL 1403516, at *1 (C.D. Cal. Feb. 10, 2005) ("A party waives the privilege if it injects into the case an issue that in fairness requires an examination of otherwise protected communications.").

interests and infighting. *See* Tr., Dkt. No. 43, at 26:16-19 & 57:12-17 (the dispute "between the agencies is…unseemly" and "unnecessary"; it "[s]houldn't be a fight over who can protect whom best"). EEOC has resolutely defended the interests of the class and the public throughout these proceedings.

DFEH wants to dismantle the Parties' Proposed Consent Decree. Motion at 4 (DFEH believes the decree will be "undone" as a result of its appeal); Hushagen Decl., ¶ 8, Exh. H at 1 (DFEH counsel Scimone suggested that DFEH seeks destruction and renegotiation of the Proposed Consent Decree); Declaration of Ella Hushagen In Support of EEOC Opposition to DFEH Motion to Intervene, Dkt. No. 35-19, ¶ 4 (Mr. Sagafi suggested that if DFEH is permitted to intervene, the Parties' agreement might "fall apart" and be rewritten). There is an "overriding public interest in settling and quieting litigation, and the law favors and encourages enforcement of settlements." *United States v. McInnes*, 556 F.2d 436, 441 (9th Cir. 1977). The public interest in settlement is heightened in the Title VII context, in which Congress has expressed a clear preference for voluntary settlement over enforced compliance. *Mach Mining, LLC v. E.E.O.C.*, 575 U.S. 480, 486 (2015) ("In pursuing the goal of bringing employment discrimination to an end, Congress chose cooperation and voluntary compliance as its preferred means.") (citing *Ford Motor Co. v. E.E.O.C.*, 458 U.S. 219, 228 (1982)) (internal alterations and quotations omitted).

DFEH's overreach beyond the role of *amicus* demonstrates its intention to derail rather than supplement EEOC's civil rights efforts in the public interest. *See Lockyer*, 398 F.3d at 1112 (denial of stay was proper where staying Attorney General's lawsuit would impose "more than just a 'fair possibility' of harm to the Attorney General, and to the interests of the electricity consumers of northern California whose interest he seeks to protect."); *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-864 (9th Cir. 1979) (directing district court to weigh workers' and public interest in minimum, timely compensation for workers in deciding whether to stay Fair Labor Standards Act claims pending arbitration of other claims).

Given the harms borne by the affected workers, the public, and the Parties, a stay is

10

inappropriate here. *Dependable Highway*, 498 F.3d at 1066.

**B.     DFEH Made Its Objections. It Will Suffer No Harm Absent a Stay.**

DFEH has objected to the Proposed Consent Decree in three separate filings, exceeded the limits this Court set for its participation as *amicus curiae*, and proven itself to be an unreliable and biased commentator on these proceedings. DFEH's *Ex Parte* Application, Dkt. No. 13-1; DFEH's Motion to Intervene, Dkt. No. 24; DFEH Obj., Dkt. No. 58; *see also* Order, Dkt. No. 46 at 3 (limiting DFEH to 15-page *amicus* brief); Tr., Dkt. No. 43 at 56:9-10, 57:5-11, 59:2-6 (instructing DFEH not to repeat and rehash the same issues, and not to submit "a tome."). Unlike the public, harmed individuals, and the Parties—who will suffer great harm should the Court enter a stay—DFEH will not suffer any harm or inequity absent a stay.

**1)     Individual Releases of State Law Claims Do Not Harm DFEH.**

DFEH argues that, in the absence of a stay, approval of the consent decree allowing California workers to enjoy compensation from the $18 million class fund—*if they so choose*—will prejudice DFEH. Motion at 5; Hushagen Decl., ¶ 6, Exh H at 3. DFEH's contention is misplaced, and its implications are bold. The Court correctly found that DFEH has no cognizable interest in whether individuals voluntarily release state law claims—with or without DFEH, EEOC, or any attorney whatsoever. Order, Dkt. No. 46, at 2. If the Court were to give credence to DFEH's argument, DFEH would be entitled to intervene in every employment action across the Golden State. *Id*. DFEH will not be harmed if individual employees opt to release their claims against Defendants in favor of resolution and finality—pursuant to the Proposed Consent Decree, or independently.

DFEH's contention that Defendants may use individual releases of state law claims pursuant to the Proposed Consent Decree to preempt DFEH's claims in its state lawsuit is unavailing. Motion at 5-6 & n.2. First, DFEH disclaimed any preclusive effect of the Proposed Consent Decree in State Court. *See* DFEH's Supplemental Facts and Authority in Support of Its Motion to Intervene, Exh. A (Transcript of December 9, 2021 Case Management Conference in *DFEH v. Activision Blizzard, Inc.*, Los Angeles County

11

Superior Court), Dkt. No. 41-4, at 4:13-17 ("[T]he federal case – whatever happens there will not impact the proceeding of this matter. This case will proceed.").

Second, that issue is not before this Court. The preclusive effect of any release on other claims will be determined by the Court where those claims sit.[9] *See Medellin v. Texas*, 552 U.S. 491, 513 n.9 (2008) ("A court adjudicating a dispute may not be able to predetermine the res judicata effect of its own judgment.") (quotations omitted); *Ruiz v. Snohomish Cnty. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1168 (9th Cir. 2016) ("[T]o the extent that Defendants argue that the district court may predetermine the res judicata effect of its judgment, they are mistaken as a matter of law."); *Interinsurance Exch. Of the Auto. Club of S. Cal. v. Bailes*, 219 Cal. App. 2d 830, 836 (1963) ("It is for the tribunal in which a claim of res judicata is made to pass on the validity of such a contention, including a determination of the effect of the prior judgment.").

Finally, assuming *arguendo* there is a possibility Defendants will use the Decree here to defend in DFEH's state action, that speculative possibility is insufficient to show DFEH will be harmed absent a stay. *See Wis. Gas Co. v. F.E.R.C.*, 758 F.2d 669, 674 (D.C. Cir. 1984) (speculative and hypothetical concerns are insufficient to meet burden of harm); *Turo, Inc. v. City of Los Angeles*, Case No. CV 18-6055-CAS, 2020 WL 4287583, at *3 (C.D. Cal. Cal. July 27, 2020) (same).

### 2) The Court Afforded DFEH Sufficient Opportunity to Voice Its Concerns.

The Court addressed DFEH's "general public interest in the subject matter of this lawsuit and its resolution" by granting DFEH leave to comment on the Consent Decree as *amicus curiae*. Order, Dkt. No. 46, at 3. DFEH does not identify how filing objections to the Proposed Consent Decree as intervenor, rather than as *amicus curiae*, materially affects its position. *See*, *generally*, Motion. The Court indicated it will consider the

---

[9] The case DFEH cites for its argument that the Proposed Consent Decree may have preclusive effect in state court, Motion at 6 (citing *Dunlop v. Pan Am. World Airways, Inc.*, 672 F.2d 1044, 1049-50 (2d Cir. 1982)), is not binding law in this Court and is expressly contradicted by the Ninth Circuit authority cited herein.

concerns raised in DFEH's *amicus curiae* brief. Order, Dkt. No. 46, at 3. DFEH's suggestion that the Court will not afford its objections "due weight" lacks support. Motion at 4; *see, e.g.*, *Blake v. Pallan*, 554 F.2d 947, 955 (9th Cir. 1977) (district court properly denied intervention to state enforcement agency in federal securities action because any benefits of its expertise of state law "might be obtained by an amicus brief rather than bought with the price of intervention"); *Greene v. United States*, 996 F.2d 973, 978 (9th Cir. 1993) (affirming denial of intervention where party's speculative concerns about dilution of its ancillary rights did not create a protectable interest, and district court "accommodated their concerns by allowing their participation as amicus curiae"); *Brewer v. Republic Steel Corp.*, 513 F.2d 1222, 1225 (6th Cir. 1975) (district court did not err in denying intervention in federal Title VII action to state fair employment agency where agency's interest in sharing its knowledge about defendant and employment law expertise was satisfied by its participation as *amicus curiae*); *Or. Natural Res. Council v. Allen*, 2003 WL 27386127, at *3 (D. Or. Nov. 4, 2003) (proposed intervenor did not demonstrate irreparable harm absent a stay pending appeal because the court would hear its views as *amicus*); *Pasha Auto Warehousing, Inc. v. Philadelphia Reg'l Port Auth.*, 1998 WL 188848, at *5 (E.D. Pa. Apr. 21, 1998) (denying stay pending appeal where court granted proposed intervenor *amicus* status and it "would not be prejudiced by the court addressing the merits"); *United States v. Facebook, Inc.*, 456 F. Supp. 3d 105, 115 (D.D.C. 2020) (denying intervention and permitting filing of *amicus* brief for proposed intervenors to "set[] out their views on the settlement"); *cf. United States v. City of Los Angeles*, 288 F.3d 391, 402-03 (9th Cir. 2002) (reversing denial of intervention to police officers' union because union had concrete protectable interest in their terms of employment that was adverse to interests of officers' employer, the city).

**3)  Instead of Participating as a Friend of the Court, DFEH Sought Reconsideration and Doubled Down on Attacking EEOC.**

DFEH misused its *amicus* status to implicitly seek reconsideration of the Court's

order.[10] The Court gave DFEH an inch by allowing for its limited participation as *amicus curiae*; DFEH took a mile by filing an overlong brief aimed at undermining the Court's denial of intervention. Order, Dkt. No. 46, at 3 (Court ordered DFEH's *amicus* filing "may not exceed 15 pages"); *and see* Tr., Dkt. No. 43 at 4:6-12, 56:9-10, 57:5-11, 59:2-6; *see Jamul Action Comm. v. Chaudhuri*, 2015 WL 1802813, at *2 (E.D. Cal. Apr. 17, 2015) (criticizing *amicus* brief that was "unhelpful to resolve any pending issue and [was] best understood as a request for reconsideration of the court's previous order"); *see also Cal. by & through Becerra v. U.S. Dep't of the Interior*, 381 F. Supp. 3d 1153, 1164 (N.D. Cal. 2019) (scope of *amicus* briefs should be limited to the issues raised by the parties); *Cmty. Ass'n for Restoration of the Env't (CARE) v. DeRuyter Bros. Dairy*, ("*CARE*") 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999) ("An amicus curiae is not a party to the litigation."). Further, DFEH has repeatedly attempted to use this federal forum to gain an advantage in its state court litigation, which is not a permissible use of this Court's time and resources. *See* Markey Decl., ¶¶ 17-19, Exh. G.

More troubling, DFEH persistently defies its duty of candor to the Court as *amicus* by misrepresenting key facts in an attempt to manufacture a protectable interest in the litigation out of whole cloth. Motion at 5-6; *see CARE*, 54 F. Supp. 2d at 975 ("[A]micus curiae is an impartial individual who suggests the interpretation and status of the law, gives information concerning it, and advises the Court in order that justice may be done, rather than to advocate a point of view so that a cause may be won by one party or another."). DFEH disingenuously argues that EEOC will release DFEH's FEHA claims because the Proposed Consent Decree references the Commissioner's Charge, and because the individual releases encompass FEHA claims sharing the same factual

---

[10] In the instant Motion, DFEH refers to itself as "Proposed Intervenor," not *amicus curiae*—apparently rejecting the role the Court granted it. *See* Motion at 1. DFEH titled its *amicus* filing "Objections," not brief of *amicus curiae.* Indeed, the word *amicus* is nowhere in DFEH's "Objections." DFEH even reserved a hearing for its "Objections" against the Court's express instruction that it would decide whether to hold a hearing. Tr., Dkt. No. 43 at 61:10-18; Dkt. No. 59 (minute order removing DFEH's hearing from calendar).

predicate as the federal claims. DFEH Obj., Dkt. No. 58, at 5-6; *see supra* n.2. DFEH claims—again—that the Proposed Consent Decree gives Defendants "cover for spoliation[]" of evidence it will seek in its state action. Motion at 7; DFEH Obj., Dkt. No. 58, at 12; DFEH Motion to Intervene, Dkt. No. 24-1, at 11, 16-17, 21-22. In so doing, DFEH is being deliberately obtuse: EEOC has repeatedly assured DFEH that the recordkeeping provisions of the decree and the law do not permit destruction of evidence, the Court assured DFEH that it would never bless spoliation, and the amendments to the Proposed Consent Decree further clarify Defendants' obligation to retain evidence. Declaration of Taylor Markey In Opposition to DFEH Motion to Intervene, Dkt. No. 35-16, ¶ 6; *id.*, Exh. M, Dkt. No. 35-17, at 2; Order, Dkt. No. 46, at 2; Redline of Amended Proposed Decree, Dkt. No. 51-1, § X(A).

In short, DFEH will not be adversely affected by denial of a stay. DFEH was afforded the opportunity to set out its views on the Parties' Decree via *amicus* brief. Instead, DFEH rehashed issues previously addressed by this Court in defiance of clear instructions, muddied the waters, and promoted falsehoods. Tr., Dkt. No. 43, at 59:2-6 ("DFEH by that time should have . . . very few comments if any because . . . I don't want it rehashed[.]"); Order, Dkt. No. 46, at 3. The Court should not permit DFEH to further disrupt these proceedings.

### C.   A Stay Would Impair the Orderly Course of Judgment.

DFEH's goal is to take apart the Proposed Consent Decree. Motion at 4; Hushagen Decl. ¶ 8, Exh. H at 1. As such, entry of a stay would complicate and prolong these proceedings, not simplify the "issues, proof, and questions of law." *Lockyer*, 398 F.3d at 1110.

No efficiencies accrue to the Court or the Parties from staying implementation of robust remedies so that DFEH can complain—for the fourth time—about alleged deficiencies in the Parties' Proposed Consent Decree. Motion at 4; *see Facebook, Inc.*, 356 F. Supp. 3d at 115 (observing that permitting *amicus*, who were denied intervention, to "derail the proceedings any further would undermine part of the benefit of entering into

the consent decree for the settling parties—namely, minimizing litigation and focusing on getting the [decree in place] expeditiously") (internal quotation marks omitted).

DFEH does not seek to litigate its state law claims in this federal Court, so there is no risk of duplication or inconsistent outcomes in the absence of a stay. *Cf. Leyva*, 593 F.2d at 863 (district court is permitted to stay proceedings where "it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."); *Peck*, 528 F. Supp. 3d at 1106-07 (granting stay of trial proceedings pending defendant's appeal of adverse qualified immunity ruling so that interrelated claims would be adjudicated contemporaneously and conserve resources).

**D.      DFEH Proposes a Stay of Indefinite Duration, Which Would Indefinitely Delay Relief for Workers.**

"A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time." *Leyva*, 593 F.2d at 864; *see Std. Fire Ins. Co. v. Estate of Betty Goldberg*, Case No. EDCV 19-2498-DSF, 2020 WL 5498071, at *2 (C.D. Cal. Apr. 10, 2020) (in determining whether to grant a stay, the district court must weigh competing interests, including "whether the stay is definite or will result in undue delay"). "[S]tays should not be indefinite in nature." *Dependable Highway*, 498 F.3d at 1066. A stay that terminates upon resolution of an appeal is a stay of indefinite duration because, if the Supreme Court grants certiorari, "the stay could remain in effect for a lengthy period of time, perhaps for years[.]" *Yong*, 208 F.3d at 1119.

This federal lawsuit alleging Title VII violations has been resolved with a substantial class fund and sweeping injunctive remedies. *See* Amended Proposed Decree, Dkt. No. 50-1; Joint Response, Dkt. No. 51. But for DFEH's attempt to intervene, the Court could have reviewed, sought clarification, and approved the consent decree months ago. The Parties have an interest in efficiently resolving this dispute, having their fairly-negotiated decree promptly considered and approved by the Court, and finally providing the relief aggrieved employees need and deserve. A stay pending appeal will further delay

valuable monetary and injunctive relief for Defendants' workforce—including approximately 1,000 out-of-state employees to whom DFEH cannot provide relief—while injecting uncertainty into the proceedings and undermining EEOC's prosecutorial authority.

 "[S]taying this case pending appeal will, to a certainty, delay this case, and the Court's final review of the [consent decree], for months." *Chalian*, 2020 WL 6821316, at *2 (citing *Dependable Highway*, 498 F.3d at 1066); *Tyler*, 499 F. Supp. 3d at 703. DFEH has proposed a stay of indefinite duration. It must be denied.

## V.   DFEH's Stay Must Be Denied Under *Nken* Because Its Appeal Lacks Merit.

Should the Court evaluate DFEH's Motion under the *Nken* factors, DFEH's Motion still fails. As demonstrated above, a stay will substantially injure the Parties, the aggrieved workers, and the public; denial of a stay will not irreparably harm DFEH; and the public interest would be disserved by the delay and uncertainty a stay would impose. *Supra* § IV; *see Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012). ("Judicial discretion in exercising a stay is to be guided by the following legal principles []: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'") (citing *Nken*, 556 U.S. at 434). Fourth and finally under *Nken*, DFEH's appellate gambit is unlikely to succeed.[11]

The Court's finding that DFEH is not entitled to intervention as of right in this federal action simply by virtue of its authority to enforce state law that overlaps with Title VII is well-supported. *See Blake*, 554 F.2d at 953-54 (state enforcement agency not entitled to intervention in federal securities action—despite its assertion of state law claims—where agency could seek monetary and injunctive remedies in parallel state action); *Brewer*, 513 F.2d at 1223 (intervention properly denied to state fair employment agency in federal Title VII action because "the Commission's duty and its interest lies in

---

[11] DFEH does not argue it is likely to prevail on appeal. *See*, *generally*, Motion.

enforcing the [state] civil rights statutes, not the parallel federal laws.").

DFEH points to no evidence that EEOC does not adequately represent the public interest in enforcing federal civil rights statutes. Motion at 7-8; *see League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1305 (9th Cir. 1997) (affirming denial of intervention where unity of interests in ultimate objective of litigation existed); *City of Los Angeles*, 288 F.3d at 402-03 (in settlement between city and Department of Justice, community groups were not entitled to intervene as of right where their only interest was in strict enforcement of the consent decree, an interest shared with the governmental plaintiff); *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 953-54 (9th Cir. 2009) (proposed intervenor's representation that its interests were broader than the constitutional question at issue was an "unsupported broadside against [the party's] litigation strategy" insufficient to justify intervention as of right). DFEH's contention that it is entitled to intervene because EEOC "does not represent the public interest of California[,]" is not persuasive. Motion at 2, 6-7. DFEH did not ask the Ninth Circuit to weigh in on claimants' hierarchy of interests; the only question on appeal is whether this Court abused its discretion by holding DFEH had no cognizable interest warranting intervention. Notice of Appeal, Dkt. No. 53.

DFEH also cannot show the Court abused its discretion by denying permissive intervention. *Cnty. of Orange v. Air Cal.,* 799 F.2d 535, 539 (9th Cir.1986) ("Permissive intervention is committed to the broad discretion of the district court."). DFEH's bid for permissive intervention failed because it did not seek to litigate its state law claims in this federal forum and it lacked an independent jurisdictional basis to intervene. Order, Dkt. No. 46, at 2-3; *see Blake*, 554 F.2d at 956 (affirming denial of permissive intervention where state agency did not intend to litigate the state law claims asserted in the federal action); *see also Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998) (district court properly denied permissive intervention where it found it "would only serve to undermine the efficiency of the litigation process."); *Perry*, 587 F.3d at 956 ("It was well within the district court's discretion to find that the delay occasioned by intervention outweighed the

18

value added by the Campaign's participation in the suit."). Simply put, DFEH has not "pointed to any necessary element which would be added to the suit" by its intervention. *See Blake*, 554 F.2d at 955.

## VI.   Conclusion

EEOC believes this matter is appropriate for resolution without a hearing, and submits on the briefing, pursuant to Local Rule 7-15. C.D. Cal. L.R. 7-15.

Entry of a stay would harm Defendants' former and current workers by delaying monetary relief and sweeping workplace reforms. It would harm the Parties and the public interest by injecting uncertainty into the proceedings, and favoring litigation over finality and resolution. Finally, DFEH has shown no fidelity to fact in filings before this Court. A stay would injure the EEOC, workers, and the public by giving DFEH license to continue its inappropriate conduct in service of its state court case and to the detriment of the public, the claimants, and the Parties.

For the foregoing reasons, DFEH's Motion for a Stay Pending Appeal should be DENIED.

Respectfully submitted,

Dated: February 7, 2022                U.S. EQUAL EMPLOYMENT
                                       OPPORTUNITY COMMISSION

                            By:    */s/ Ella Hushagen*
                                   Ella Hushagen
                                   Senior Trial Attorney

19