DAVID A. ROSENFELD, Bar No. 058163
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
Telephone  (510) 337-1001
Fax  (510) 337-1023
E-Mail:  courtnotices@unioncounsel.net
           drosenfeld@unioncounsel.net

Attorneys for Objector Jessica Gonzalez

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>ACTIVISION BLIZZARD, INC., BLIZZARD ENTERTAINMENT, INC., ACTIVISION PUBLISHING, INC., and KING.COM, INC., and DOES ONE through TEN, inclusive,<br><br>    Defendants. | No. 2:21-CV-07682 DSF-JEM<br><br>**OBJECTION TO PROPOSED CONSENT DECREE AND REQUEST FOR FAIRNESS HEARING** |

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

OBJECTION TO PROPOSEDAMENDED CONSENT DECREE
Case No. 2:21-CV-07682 DSF-JEM

Objector files this objection to the proposed Amended Consent Decree.

Objector is an individual worker who is covered by the Proposed Amended Consent Decree, hereinafter ("PACD"). She files this objection because she believes that the PACD is woefully inadequate in several regards. It does not resolve all of the problems raised by the initial PACD. It clarifies, moreover, one of the most serious problems in the PACD that would require the covered employees to waive their rights under state law. This is an unprecedented position by the Equal Employment Opportunity Commission to force employees as a condition of receiving benefits under a federal law to waive their rights under state law.

Objector requests the Court hold a full fairness hearing to allow any objectors, including the Department of Fair Employment and Housing to fully explain to the Court their objections.

Objector worked for Defendants for the period of August 2019 to December of 2021 when she quit because of the harassment and retaliation. Once the DFEH lawsuit became known, she began organizing and speaking out over workplace problems and the need to encourage Diversity, Equity and Inclusion. She suffered direct harassment and retaliation from supervisors. For example, one supervisor made efforts to get her fired. Another encouraged stalking on her twitter account. All of this was in direct retaliation for her support of DEI. Ultimately, she quit because of the retaliation and harassment.

These objections are even more critical given the recent announcement that the defendants are being purchased by Microsoft for a total cost of 68.7 billion dollars. This leaves open the question whether Microsoft is committed to insuring that any consent decree be complied with and enforced. It also points out the insignificant amount of the proposed consent decree. Eighteen million dollars is less than 0.03 percent of the total cost of the purchase by Microsoft. Given the scope of these violations and the need to insure compliance with federal law, the

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

1
OBJECTION TO PROPOSED CONSENT DECREE AND REQUEST FOR FAIRNESS HEARING
Case No. 2:21-CV-07682 DSF-JEM

purchase by Microsoft should be evaluated and Microsoft must be forced to commit to insuring that all the provisions of any consent decree are complied with.

The following are particular objections to the PACD:

1. The employees were not consulted prior to the agreement of the PACD. The EEOC standards regarding consent decrees require communication with employees who are affected by the PACD before entering into any proposed settlement. This was not done here.

2. The proposed settlement amount of $18,000,000 is woefully inadequate. This would provide the maximum settlement for only 60 workers. There are well more than 10,000 potential workers who are subject to this Consent Decree. If any significant number of workers receive the maximum under federal law, there would be little or nothing available for many other workers adversely affected. Objectors have no idea how the EEOC got to that number other than its claim that it is a settlement number. That number pales to insignificance to the 68.7 billions of dollars which Microsoft is paying for the defendants.

3. It is now clear from the proposed waivers and releases that the PACD is an attempt to preempt the parallel suit brought by the Department of Fair Employment and Housing raising issues under California law. Concededly, California law provides for much stronger remedies. The DFEH has made it clear that they will aggressively and effectively pursue that litigation. The DFEH has now appealed from the order of this court prohibiting it from intervening. From the circumstances it appears that the initial proposed consent decree as well as the PACD were suddenly entered into in order to avoid the DFEH's involvement.

4. The PACD refers in several parts to retaliation. We are concerned that retaliation is encompassed within claims under both federal and state laws, such as the National Labor Relations Act, the Fair Labor Standards Act and so on.

5. Although the defendants are described at page 5: 23-26, the list of defendants does not include now the parent company Microsoft. See also page 3:1-

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

2

OBJECTION TO PROPOSED CONSENT DECREE
Case No. 2:21-CV-07682 DSF-JEM

9 (limiting the Consent Decree to defendants and subsidiaries).  This needs to be amended.

6. Potential claimants date from September 1, 2016 and continuing.  See page: 16-18.  This includes any individual and is a continuing group of employees who are expanding.  Thus, the $18,000,000 becomes less valuable as the group of employees expands.

7. The proposed consent decree contains a broad non admission clause.  See also broad statement at page 4:1-9.  These statements effectively absolve the defendants of any moral or legal responsibility for their action over what is alleged to have been more than five years of misconduct.  See page 8:1-3.  Given the scope of the violations, the number of employees, the public nature of this company and the purchase by Microsoft, its non admissions clause should be stricken.  Defendants need to own up to their conduct by admitting that there have been substantial and serious violations of work place norms over many years.  This limitation is also contained further at page 4:14-16.  The release which has now been provided to the Court and the public makes it clear that it covers any state law claim.  See Attachment C, page 74 to the Declaration of Taylor Markey, Document 51-3.  The release states:

> I am releasing any claims of sexual harassment, pregnancy discrimination, or related retaliation, whether currently known or unknown to me, that were asserted or could have been asserted against release parties… under any other applicable federal, state or local law that exists at the time I signed this Release…

The above discussion of the release now clarifies that any claimant must release his or her claim under any state or local law or any other federal law which is not administered by the EEOC.  This is a fundamental flaw in the PACD and the release.

8. The claims processing procedure does not include the process to advertise the proposed settlement so that former or current employees whose

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

3

OBJECTION TO PROPOSED CONSENT DECREE
Case No. 2:21-CV-07682 DSF-JEM

mailing address may not be up to date, or otherwise may not receive mail notice can learn of their rights under the PACD.  See page: 14:16-15:21.

9. The claim form, Attachment B to the Declaration of Taylor Markey, page 56-72 is daunting to say the least.  In no way can an individual worker reasonably fill out this claim form without assistance from either the EEOC, the DFEH or a private attorney.  We recognize that there must be some information provided as part of a claim process, but to demand employees who are subject to adverse discrimination to detail the discrimination suffered and subject the employee to all of the other questions is unreasonable.  It is designed to effectively foreclose any claims to only those employees or former employees who have access to legal assistance in filling out this form.  For example, the Claim Form states:

> To be considered for inclusion in the settlement, you must complete and return this Claim Form…

Claimants will take that to mean they must fill it out completely.  If they leave anything blank, or cannot explain something, it will be incomplete.

Claimants cannot possibly, for example, know who their particular employer was.  See page 2 of the Claim Form.  They are not likely to have all the detailed information in paragraph 3.  The Claim Form is just so detailed as to be an insurmountable burden and barrier on employees who were discriminated against.  Some of these employees who may well have not worked for the company for three, four or five years would not have records or not have a clear memory of the discrimination they suffered.

Another process needs to be developed and/or the Consent Decree needs to provide direct assistance by the EEOC or private attorneys in filling out these Claim Forms.

10. The specific relief provided for at page 21:25-27 should be amended to require the reclassification terminations as voluntary recognition for all claimants whether or not eligible to receive any funds.  The fact that they file a Claim Form or

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

4
OBJECTION TO PROPOSED CONSENT DECREE
Case No. 2:21-CV-07682 DSF-JEM

otherwise identified should be sufficient enough to require the reclassification to "voluntary resignation."

11. PACD does not provide any control over the hiring of the "EEO consultant," or the "EEO Coordinator." The EEOC should have some control and review over who is hired. See PACD page 23:3-27:14.

12. We usually object to any automatic expiration of a Consent Decree. It should expire only upon court approval, see page 9:6-9. It is an unprecedented provision where there has been more than five years of deliberate and highly offensive conduct by many managers and supervisors. There is simply no reason to believe that over a three year period everything will be rectified so that the Consent Decree can expire. There is no harm to the defendants to continue the Consent Decree for a longer period of time, particularly if they intend to take measures which will comply with the law and the Consent Decree.

13. The Claims Administrator has provided too much responsibility without specific direction. In particular, the Claims Administrator is charged with "responding to Information Requests from Potential Claimants…" page 12:20. This does not rectify the daunting Claim Form. If there is going to be a person at the claim administrator who will assist claimants in filling out the form, it should be very clear that person needs to be trained, probably needs to be a private attorney or a specific designated person from the EEOC.

14. The claims processing procedure provides for the establishment of a website. See PACD page 13:13-19. Claimant should be advised of the location of the website.

15. Furthermore, the information provided should not be limited to "general information." Specific information regarding the rights of employees should be included. There should be included information about the rights of employees to be free from retaliation under federal and state laws.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

5

OBJECTION TO PROPOSED CONSENT DECREE
Case No. 2:21-CV-07682 DSF-JEM

16. The provisions for the evaluation of claims are inadequate. There is a complete lack of specificity and clarity. There is no basis for claimants to understand what information precisely the EEOC will evaluate in determining the nature and extent of their claim and the remedy. See PACD page 16:6-17. There needs to be a process by which claimants are advised of the status of their claims and allowed additional input if necessary to establish the basis of their claims or to clarify their claims. An attorney or other designated person should be responsible for contacting potential claimants to clarify their claims to get additional information.

17. The PACD provides for a one time consultation with a private attorney "at the rate of $450/per hour, for each Eligible Claimant." See PACD page 17:13-14. There is no competent attorney who can either give advice in an hour or likely charges $450 an hour for any such interview. In fact, it would be malpractice to give advice based upon such a short conversation. This is a useless provision. If it is going to be meaningful, it needs to be substantially expanded so as to allow individual claimants the right to consult a private attorney and have that charged to the defendants. A reasonable cap given the nature and extent of these allegations would be fifteen hours. Perhaps a cap of $6,500.00.

18. The PACD provides for workplace policies and procedures and limited review. Those workplace policies and procedures should be made public for comment by individual claimants or current workers. See PACD page 30-32.

19. The confidentiality language at page 34:5-8 of the PACD would limit the right of complainants to talk about the investigations to other workers. This right to talk about these investigations is protected by the National Labor Relations Act. The language needs to be amended to make it clear that nothing prohibits employees from talking about workplace investigations with other employees.

20. Two hours of training of "human resources ("HR") employees" is woefully inadequate. See PACD page 35:17.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

6

OBJECTION TO PROPOSED CONSENT DECREE
Case No. 2:21-CV-07682 DSF-JEM

21. Defendants should provide training of all workers about how to respond to illegal and improper conduct. This should include bystander training and other relevant training for all employees. The training should include how to respond to retaliation and where there are resources for such retaliation. The Consent Decree should similarly provide for sights and links to other organizations which can assist workers as they encounter further retaliation or harassment other than just the EEOC.

22. An Employer representative should be required to read a summary of the Consent Decree to workers on a regular basis.

23. The Consent Decree fails to provide any standards by which claimants can understand what they will receive and how much. There is no oversight or supervision other than the EEOC, which has already reached a woefully inadequate settlement.

24. The Consent Decree most prominently attempts to wipe out and eliminate any state law claims as a condition of receiving relief under a federal law. This is contrary to the position the EEOC has taken in other litigation and is inconsistent with the right of states to enforce their own laws to rectify and remedy such unlawful conduct.

Dated: February 10, 2022

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By: *David A Rosenfeld*
DAVID A. ROSENFELD

Attorneys for Objector Jessica Gonzalez

152496\1244737

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

7

OBJECTION TO PROPOSED CONSENT DECREE
Case No. 2:21-CV-07682 DSF-JEM

# PROOF OF SERVICE

I am a citizen of the United States and resident of the State of California. I am employed in the County of Alameda, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years and not a party to the within action.

On February 10, 2022, I served the following documents in the manner described below:

**OBJECTION TO PROPOSED CONSENT DECREE AND REQUEST FOR FAIRNESS HEARING**

☐ (BY U.S. MAIL) I am personally and readily familiar with the business practice of Weinberg, Roger & Rosenfeld for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at Emeryville, California.

☑ BY ELECTRONIC SERVICE: By electronically mailing a true and correct copy through Weinberg, Roger & Rosenfeld's electronic mail system from dtaylor@unioncounsel.net to the email addresses set forth below.

On the following part(ies) in this action:

| | |
|---|---|
| Anna Y. Park, Regional Attorney<br>Los Angeles District Office<br>U.S. Equal Employment<br>Opportunity Commission<br>255 East Temple Street, Fourth Floor<br>Los Angeles, CA 90012<br>Anna.park@eeoc.gov | Nakkisa Akhavan<br>U.S. Equal Employment<br>Opportunity Commission<br>Los Angeles District Office Legal Unit<br>255 East Temple Street 4th Floor<br>Los Angeles, CA 90012<br>nakkisa.akhavan@eeoc.gov |
| Christian Schreiber<br>Olivier Schreiber & Chao LLP<br>201 Filbert Street, Suite 201<br>San Francisco, CA 94133<br>christian@osclegal.com | Monique Olivier<br>Olivier Schreiber & Chao LLP<br>201 Filbert Street Suite 201<br>San Francisco, CA 94133<br>monique@osclegal.com |

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

8

OBJECTION TO PROPOSED CONSENT DECREE
Case No. 2:21-CV-07682 DSF-JEM

| | |
|---|---|
| Rachel Bien<br>Olivier Schreiber and Chao LLP<br>1149 North Gower Street Suite 215<br>Los Angeles, CA 90038<br>rachel@osclegal.com | Taylor M. Markey<br>U.S. Equal Employment Opportunity Commission<br>Legal Unit<br>225 East Temple Street 4th Floor<br>Los Angeles, CA 90012<br>taylor.markey@eeoc.gov |
| Ryan D. Derry<br>Paul Hastings LLP<br>101 California Street<br>Forty Eighth Floor<br>San Francisco, CA 94111<br>ryanderry@paulhastings.com | Elena R. Baca<br>Felicia A. Davis<br>Paul Hastings LLP<br>515 South Flower Street<br>Twenty-Fifth Floor<br>Los Angeles, CA 90071-2228<br>elenabaca@paulhastings.com<br>Feliciadavis@paulhastings.com |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 10, 2022, at Emeryville, California.

_____
Denise Taylor

**WEINBERG, ROGER &**
**ROSENFELD**
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001