UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br>     Plaintiff, <br><br> v. <br><br> ACTIVISION BLIZZARD, INC., et al., <br>     Defendants. | CV 21-7682 DSF (JEMx) <br><br> Order DENYING Motion for Stay Pending Appeal (Dkt. 60) |

    The California Department of Fair Employment and Housing (DFEH) moves for a stay pending appeal of this Court's denial of DFEH's motion to intervene. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for February 28, 2022 is removed from the Court's calendar.

    While alluding to the issue, no party engages directly with the question of whether Landis v. North Am. Co., 299 U.S. 248, 254 (1936), or Nken v. Holder, 556 U.S. 418 (2009), should apply to a stay of proceedings pending appeal. This Court recently found that Landis applies in this circumstance and no party has given the Court any reason to change its analysis. See Peck v. County of Orange, 528 F. Supp. 3d 1100 (C.D. Cal. 2021).

    Therefore, the Court will consider DFEH's request for a stay under Landis as described by the Ninth Circuit in Lockyer v. Mirant Corp., 398 F.3d 1098, 1109 (9th Cir. 2005): (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity

which a party may suffer [if the case is allowed] to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." 398 F.3d at 1110.

All three factors weigh against a stay. The requested stay could be very long as neither this Court nor the parties have any control over the speed with which the Ninth Circuit will be able to consider DFEH's appeal. In the meantime, the immediate relief set out in the settlement would not go into effect. That includes injunctive relief against further violations as well as a claims resolution system that could reduce the need for numerous other independent lawsuits. The Court does not express an opinion here on whether the proposed settlement should be approved, but if the stay goes into effect, the relief for certain will not happen for some time even if the settlement is otherwise appropriate and beneficial.

The hardship or inequity to DFEH if the proceedings continue is minimal, if any at all. The Court has allowed DFEH to participate in the settlement approval process as amicus curiae. Its concerns about the proposed settlement will be heard. DFEH has never clearly enunciated what advantage it seeks to gain by its participation as a formal party rather than having a voice as amicus curiae. The alleged prejudice cited in the stay motion would potentially stem from the approval of the settlement itself, not from DFEH's participation as amicus curiae rather than a formal party.

Similarly, there is no reason to think that a stay would simplify anything about this lawsuit. The intervention appeal has no effect on anything substantive in the case – it addresses only the level of participation to which DFEH is entitled. And even then, as noted, it is not clear what particular advantage formal intervention has beyond having DFEH's position heard with regard to the propriety of the proposed settlement.

The motion for a stay pending appeal is DENIED.

The Court will set a hearing with regard to the proposed settlement when it has had an opportunity to review the additional materials provided.

IT IS SO ORDERED.

Date: February 23, 2022

Dale S. Fischer
United States District Judge