1  Jahan C. Sagafi (SBN 224887)
   OUTTEN & GOLDEN LLP
2  One California Street, Suite 1250
   San Francisco, CA 94111
3  Telephone: (415) 638-8800
   Facsimile: (415) 638-8810
4  Email: jsagafi@outtengolden.com

5
   *Attorneys for Proposed Intervenor*
6  *California Department of Fair Employment and Housing*

7

8
                    **UNITED STATES DISTRICT COURT**
9
                    **CENTRAL DISTRICT OF CALIFORNIA**
10

11
|  | Case No. 2:21-CV-07682 DSF-JEM |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | **CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING'S NOTICE OF NEW INFORMATION SUPPORTING ITS OBJECTIONS TO PROPOSED AMENDED CONSENT DECREE** |
| Plaintiff, | |
| v. | |
| ACTIVISION BLIZZARD INC., BLIZZARD ENTERTAINMENT, INC., ACTIVISION PUBLISHING, INC., KING.COM, INC., and DOES ONE through TEN, inclusive, | Judge:   Dale S. Fischer |
| Defendants. | |

---

CALIFORNIA DFEH'S NOTICE OF NEW INFORMATION SUPPORTING OBJECTIONS

On January 18, 2022, the California Department of Fair Employment and Housing ("DFEH") filed its objections to Plaintiff Equal Employment Opportunity Commission ("EEOC") and Defendants Activision Blizzard, Inc. and related entities' (collectively, "Activision") proposed amended consent decree. (Dkt. 58.) DFEH respectfully informs the Court of a new basis for its objection: the fact that EEOC failed to receive the required authorization to file the instant lawsuit, meaning it has no authority to pursue any classwide relief.

Before EEOC files a civil action alleging class claims, it is required to obtain approval from the Commission. 42 U.S.C. § 2000e-5(f); *see* Resolution Concerning the Commission's Authority to Commence or Intervene in Litigation and the Commission's Interest in Information Concerning Appeals, dated Jan. 13, 2021 (available at https://www.eeoc.gov/resolution-concerning-commissions-authority-commence-or-intervene-litigation-and-commissions-0, last visited Mar. 2, 2022).[1] In this action, EEOC has alleged that it complied with all conditions precedent to filing suit. (ECF No. 1 (Complaint) ¶ 19.) However, according to the EEOC website, the Commission has never approved this litigation in any way, let alone as currently configured (to wipe out both federal and state claims). *See* https://www.eeoc.gov/commission-votes, last visited Mar. 3, 2022.

Accordingly, in January 2022, DFEH made a Freedom of Information Act request to EEOC for "the records reflecting or relating to the Commission's vote to file the litigation titled *EEOC v. Activision Blizzard, Inc. et al*., filed in the U.S. District Court for the Central District of California, assigned case number 21-cv-07682." Declaration of Melanie Proctor, ¶ 2. On March 3, 2022, EEOC denied the request because "no records fitting the description of the records you seek disclosed exist or could be located after a thorough search." *Id*., Ex. 2.

---

[1] For the convenience of the Court, a copy of the resolution is attached to the Declaration of Melanie Proctor as Exhibit 1.

Accordingly, in addition to the many issues concerning jurisdiction, standing, fairness, legality, collusion, and public interest raised in DFEH's objections, all available information points to the conclusion that EEOC filed the instant action and consent decree without the requisite authority.

Dated:  March 3, 2022                    Respectfully submitted,

*/s/ Jahan C. Sagafi*
Jahan C. Sagafi (SBN 224887)
OUTTEN & GOLDEN LLP
One California Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
Email:  jsagafi@outtengolden.com