Anna Y. Park, SBN 164242
anna.park@eeoc.gov
Nakkisa Akhavan, SBN 286260
nakkisa.akhavan@eeoc.gov
Taylor Markey, SBN 319557
taylor.markey@eeoc.gov
Maurice Neishlos, NY SBN 5639265
maurice.neishlos@eeoc.gov
Alisha Ansari, SBN 312875
alisha.ansari@eeoc.gov
Ella Hushagen, SBN 297990
ella.hushagen@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 422-8396
Facsimile:  (213) 894-1301
E Mail:  lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No.: 2:21-cv-07682-DSF-JEM |
|---|---|
| Plaintiff, | **PLAINTIFF EEOC'S OPPOSITION TO PROPOSED INTERVENOR'S NOTICE OF MOTION AND MOTION TO INTERVENE** |
| vs. | |
| ACTIVISION BLIZZARD, INC., BLIZZARD ENTERTAINMENT, INC., ACTIVISION PUBLISHING, INC., and KING.COM, INC., and DOES ONE through TEN, inclusive, | |
| Defendants. | |

# **TABLE OF CONTENTS**

I. INTRODUCTION ....................................................................................... 1

II. FACTUAL SUMMARY ............................................................................ 1

    A. The Communications Workers of America has Already Raised, and
       the Court Already Considered, Proposed Intervenor Gonzalez's
       Objections to the Proposed Consent Stakeholders Like DFEH ................ 1

    B. DFEH Already Raised, and the Court Already Considered, Proposed
       Intervenor Gonzalez's Objections to the Proposed Consent Decree ......... 3

III. ARGUMENT ........................................................................................... 4

    A. Ms. Gonzalez's Motion Must Be Denied as Untimely ............................. 4

       i.  Stage of the Proceedings ................................................................... 5

       ii. Reason for and Length of Delay ....................................................... 6

       iii. Prejudice to Existing Parties ............................................................ 7

    B. Ms. Gonzalez Does Not Possess a Statutory Right to Intervene .............. 8

    C. The Court Should Not Exercise Its Discretion to Grant Ms. Gonzalez
       Permissive Intervention ......................................................................... 12

       i.  Ms. Gonzalez Cannot Meet the Threshold Requirements for
          Permissive Intervention ................................................................... 12

       ii. Ms. Gonzalez's Intervention Would Cause Undue Delay and
          Prejudice, Weighing Against Permissive Intervention ...................... 13

IV. CONCLUSION ..................................................................................... 17

# **TABLE OF AUTHORTIES**

**CASES**

*Alaniz v. Tillie Lewis Foods*
    572 F.2d 657 (9th Cir. 1978) ............................................................5

*Aleut Corp. v. Tyonek Native Corp.*
    725 F.2d 527 (9th Cir. 1984) ............................................................5

*B.K.B. v. Maui Police Dep't*
    276 F.3d 1091 (9th Cir. 2002) .........................................................13

*Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*
    309 F.3d 1113 (9th Cir. 2002) ...........................................................7

*Cal. Dep't of Toxic Substances Control v. World Cleaners, Inc.*
    2017 WL 4769439 (C.D. Cal. Sept. 19, 2017) ..................................6

*CE Design Ltd. v. King Supply Co.*
    791 F.3d 722 (7th Cir. 2015) ............................................................5

*Chevron Env't Mgmt. Co. v. Env't Prot. Corp.*
    335 F.R.D. 316 (E.D. Cal. 2020) .......................................................6

*Commc'ns Workers of Am. v. N.J. Dep't of Pers.*
    282 F.3d 213 (3d Cir. 2002) ...........................................................14

*Cooper v. Newsom*
    13 F.4th 857 (9th Cir. 2021) ...........................................................12

*Ctr. for Biological Diversity v. Lubchenco*
    2010 WL 1038398 (N.D. Cal. Mar. 19, 2010) ...............................13

*Donnelly v. Glickman*
    159 F.3d 405 (9th Cir. 1998) ..........................................................14

*Doss v. Franciscan Health Sys.*
    2011 WL 3841707 (W.D. Wash. Aug. 30, 2011) .............................9

*E.E.O.C. v. Fry's Elecs., Inc.*
    770 F. Supp. 2d 1168 (W.D. Wash. 2011) ...........................9,10,12

*EEOC v. Pan Am. World Airways, Inc.*
    897 F.2d 1499 (9th Cir. 1990) ........................................................15

*EEOC v. United Air Lines, Inc.*
    1995 WL 103658 (N.D. Ill. Mar. 3, 1995) ......................................15

*Hofstetter v. Chase Home Fin.*, LLC
    2011 WL 5415073 (N.D. Cal. Nov. 8, 2011) ..................................14

*In re Wholesale Grocery Prods. Antitrust Litig.*
    849 F.3d 761 (8th Cir. 2017) ............................................................7

*Kootenai Tribe of Idaho v. Veneman*
    313 F.3d 1094 (9th Cir. 2002)…………………………………….13

*League of Latin Am. Citizens v. Wilson (LULAC)*

131 F.3d 1297 (9th Cir. 1997) ................................................................4,13

*Nw. Forest Res. Council v. Glickman*
    82 F.3d 825 (9th Cir. 1996) ................................................................13

*Orange Cnty. v. Air Cal.*
    799 F.2d 535 (9th Cir. 1986) ................................................................5

*Perry v. Schwarzenegger*
    630 F.3d 898 (9th Cir. 2011) ................................................................12,16

*Smith v. Los Angeles Unified Sch. Dist.*
    830 F.3d 843 (9th Cir. 2016) ................................................................7

*Spangler v. Pasadena Bd. of Educ.*
    552 F.2d 1326 (9th Cir. 1977) ................................................................12

*Spirt v. Teachers Ins. and Annuity Ass'n*
    93 F.R.D. 627 (S.D.N.Y.1982) ................................................................9

*Std. Space Platforms Corp. v. United States*
    35 Fed. Cl. 463 (1996) ................................................................6

*SurvJustice Inc. v. DeVos*
    2019 WL 1427447 (N.D. Cal. Mar. 29, 2019) ................................................................7

*U.S. E.E.O.C. v. Cent. Cal. Found. For Health*
    2011 WL 149831 (E.D. Cal. Jan. 18, 2011) ................................................................9

*U.S. Equal Emp. Opportunity Comm'n v. Herb Hallman Chevrolet, Inc.*
    2020 WL 534046 (D. Nev. Feb. 3, 2020) ................................................................8,10

*United States v. Alisal Water Corp.*
    370 F.3d 915 (9th Cir. 2004) ................................................................4,5

*United States v. Carrols Dev. Corp.*
    454 F. Supp. 1215 (N.D.N.Y. 1978), *modified at* 1981 WL 2184 (N.D.N.Y. Oct. 16, 1981) ................................................................16

*United States v. Pac. Gas & Elec.*
    776 F. Supp. 2d 1007 (N.D. Cal. 2011) ................................................................15

*United States v. State of Or.*
    745 F.2d 550 (9th Cir. 1984) ................................................................7

*United States v. State of Or.*
    913 F.2d 576 (9th Cir. 1990) ................................................................5

*United States v. State of Wash.*
    86 F.3d 1499 (9th Cir. 1996) ................................................................5,6

*Wilderness Soc. v. U.S. Forest Serv.*
    630 F.3d 1173 (9th Cir. 2011) ……………………………………………13

*Wilkerson v. Martin Marietta Corp.*
    171 F.R.D. 273 (D. Colo. 1997) ................................................................15

*Zepeda v. PayPal, Inc.*
    2014 WL 1653246 (N.D. Cal. Apr. 23, 2014) ................................................................14

iii

**<u>STATUTES</u>**

29 U.S.C. § 626(c)(1) ............................................................................15
42 U.S.C. § 2000e-5(b) .....................................................................10,13
42 U.S.C. § 2000e-8(e) .........................................................................10

## I.     INTRODUCTION

Plaintiff Equal Employment Opportunity Commission ("EEOC") files this Opposition to Proposed Intervenor Jessica Gonzalez's Notice of Motion and Motion to Intervene (the "Motion"). Ms. Gonzalez's Motion is untimely, repeats arguments the Court has already heard and addressed, and will cause undue delay and prejudice to the Parties if granted. Ms. Gonzalez provides no evidence to support her claim that she has filed a charge with the EEOC. Although the Commission hopes that Ms. Gonzalez achieves all relief to which she is entitled, the evidence she has provided does not establish she has any interest in these proceedings.

Ultimately, this Motion is itself evidence of the severe prejudice that has been done to the EEOC and its civil rights mission by previous efforts to undermine this settlement. Workers have been misled and confused. Another round of briefing regarding the same misinformation that has been addressed several times on this docket will not benefit the public or the workers at Activision. For these reasons, Ms. Gonzalez's Motion must be denied.

## II.    FACTUAL SUMMARY

The procedural history of this case demonstrates that Ms. Gonzalez's objections to the proposed consent decree – that it forces waivers of state law claims and allows Defendants to destroy evidence – have been addressed repeatedly and decisively overruled in this litigation.

### B.  The Communications Workers of America has Already Raised, and the Court Already Considered, Proposed Intervenor Gonzalez's Objections to the Proposed Consent Decree.

On September 27, 2021, EEOC filed its Title VII complaint against Defendants and EEOC and Defendants (collectively, the "Parties") lodged their Proposed Consent Decree with the Court. Complaint, Dkt. No. 1; Proposed Consent Decree, Dkt. No. 11-1.

The next day, on September 28, 2021, the Communications Workers of America ("CWA") sent a Tweet expressing disapproval of the proposed Decree. Declaration of

Taylor Markey In Opposition to Jessica Gonzalez's Motion to Intervene ("Markey Decl."), ¶ 6, Exh. D. CWA's Tweet linked to a statement arguing that the $18 million Class Fund established by the proposed Decree was insufficient, and that EEOC's settlement agreement with Defendants "sent a message that corporate bad actors will not be held accountable for their abuse of workers." *Id.*, Exh. D.

On October 12, 2021, CWA filed an "Objection to Proposed Consent Decree and Request for Fairness Hearing" through its counsel, David A. Rosenfeld—the same attorney now representing Ms. Gonzalez. Dkt. No. 20. The Objection took the form of a letter with a list of questions and concerns about the Decree, including concerns about the inclusion of state law claims in any proposed release. *Id.*, Exhibit A, p. 1-2.

On December 13, 2021, the Court held a hearing on the California Department of Fair Employment and Housing ("DFEH")'s Motion to Intervene. Transcript of Hearing On DFEH's Motion to Intervene ("Tr."), Dkt. No. 43. The Court considered Mr. Rosenfeld's Objection on behalf of the CWA, directing some of the questions contained therein at the Parties, but ultimately overruled the Objection. *Id.*, at 4:4-5, 24:24-25:4; 38:7-12.

Proposed Intervenor Gonzalez tweeted criticism regarding the Parties' proposed resolution of this litigation on December 31, 2021, January 18, 2022 and February 10, 2022. Markey Decl., ¶ 5, Exh. C.

On February 10, 2022, Ms. Gonzalez, through Mr. Rosenfeld as counsel, filed an "Objection to Proposed Consent Decree and Request for Fairness Hearing," arguing that the inclusion of a release of state law claims in individual releases is improper and that the Decree calls for the destruction of evidence. Dkt. No. 64. The following day, the Court struck this Objection because Ms. Gonzalez was a "non-party to the action." Dkt. No. 65. CWA publicly took credit for filing this Objection on behalf of Ms. Gonzalez. Markey Decl., ¶ 4, Exhibit B **("CWA Files Objection to Proposed Amended Consent Decree on Behalf of Activision Blizzard Employees, Demands Full Fairness Hearing").**

On March 2, 2022, the Parties met and conferred with Ms. Gonzalez's counsel (Mr. Rosenfeld) on her anticipated Motion to Intervene, during which the Parties clarified that the individual releases will be entirely optional to claimants. Markey Decl., ¶ 2. The Parties explained that individuals such as Ms. Gonzalez will have the option to submit a claim form and, in the event they are determined to be Eligible Claimants, will be able to decide whether or not to accept monetary relief and release claims. *Id.* Her Motion followed.

### C. DFEH Already Raised, and the Court Already Considered, Proposed Intervenor Gonzalez's Objections to the Proposed Consent Decree.

DFEH has argued in *six filings* in this Court: October 6 and October 25, 2021, November 15, 2021, January 18 and January 21, 2022, and February 14, 2022, that the Parties' proposed Decree requires current and former employees to waive state law claims and requires destruction of evidence. *See* Dkt. No. 13-12 at 6 (criticizing individual releases) & 10 (arguing the Decree mandates destruction of evidence); Dkt. No. 24 at 9 (criticizing individual releases) & 11 (arguing the Decree mandates destruction of evidence); Dkt. No. 36 at 4, 8-9; Dkt. No. 58 at 2 (both); Dkt. 60 at 5 & 7.

The Parties have repeatedly clarified—in meet and confer efforts and in filings in this Court—that DFEH's allegations about the proposed Decree lack merit. Each potential class member will have a choice whether to release their individual claims and collect from the Class Fund under the proposed Decree. If any individual class member does not want to collect from the Class Fund or release her claims, she is not required to do so. Her claim will not be waived by inaction; this is an *opt-in* Decree, not an *opt-out* Decree. *See* Dkt. 15-6 at 8; Declaration of Taylor Markey in Support of EEOC's Opposition to DFEH's Motion to Intervene, Dkt. No. 35-16, ¶¶ 4-6; Dkt. No. 35 at 10; Dkt. No. 31 at 2, 9-10, 13-14; Dkt. No. 62 at 11. The proposed Consent Decree does not permit destruction of evidence. To protect potential claimants from future retaliation, the proposed Decree requires that documents referencing the allegations be removed from their personnel files – *not destroyed*. Dkt. 15-6 at 11; Declaration of Taylor Markey in Support of EEOC's

Opposition to DFEH's Motion to Intervene, Dkt. No. 35-16 ¶¶ 4-6; Dkt. No. 35-17; Dkt. No. 62 at 15; Dkt. No. 63 at 15-16.

The Court has heard and addressed DFEH's concerns—shared by Proposed Intervenor Gonzalez—regarding the proposed Decree. On December 20, 2021, the Court denied DFEH's Motion to Intervene, reasoning that "individual Californians have a right to settle their claims without or without counsel and without input from DFEH – or the EEOC for that matter. [And t]he interest in protecting evidence from being destroyed would be a potentially valid interest that could allow for intervention, but there is no serious possibility that the Court would enter a consent decree that would purport to allow or mandate destruction of evidence relevant to litigation. EEOC also denies that any evidence destruction is intended by the terms of the consent decree. Therefore, DFEH's evidence concern is – at best – speculative." Dkt. No. 46 at 2. The Court permitted DFEH to raise its concerns regarding the Decree as *amicus curiae*. *Id.* at 3. On January 7, 2022, DFEH appealed the Court's Order Denying its Motion to Intervene. Dkt. No. 53.

On February 23, 2022, the Court denied DFEH's request for a stay pending appeal. Dkt. No. 67. In that Order, the Court reaffirmed that it would consider DFEH's concerns, which include the arguments about the individual release and alleged spoliation contained in its Objections, currently before this Court. *Id.* at 2. Proposed Intervenor Gonzalez's objections regarding evidence and individual releases are identical to those repeatedly raised by CWA and DFEH; therefore, Ms. Gonzalez introduces no new issues for the Court to consider.

## III.   ARGUMENT

### A. Ms. Gonzalez's Motion Must Be Denied as Untimely.

Under Federal Rules of Civil Procedure 24, a prospective intervenor "bears the burden of showing that all the requirements for intervention have been met." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004) (citation omitted). Timeliness is both "'the threshold requirement'" for intervention as of right, *League of Latin Am. Citizens v. Wilson (LULAC)*, 131 F.3d 1297, 1302 (9th Cir. 1997) (quoting *United States*

*v. State of Or.*, 913 F.2d 576, 588 (9th Cir. 1990)), and a "necessary prerequisite[] for allowing permissive intervention," *id.* at 1308. "In other words, if [the Court] find[s] 'that the motion to intervene was not timely, [the Court] need not reach any of the remaining elements of Rule 24.'" *Id.* at 1302 (quoting *United States v. State of Wash.*, 86 F.3d 1499, 1503 (9th Cir. 1996)). Courts in this Circuit "must bear in mind" that "any substantial lapse of time weighs heavily against intervention." *Id.*

As Proposed Intervenor Gonzalez notes in the Motion, timeliness focuses on three factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Alisal Water*, 370 F.3d at 921.

### i.   Stage of the Proceedings.

In this case, the EEOC engaged in an almost three-year long investigation and months-long conciliation negotiations, culminating in the filing of a proposed settlement in the form of a consent decree. Intervention following the filing of a proposed settlement is highly discouraged. *Aleut Corp. v. Tyonek Native Corp.*, 725 F.2d 527, 530 (9th Cir. 1984) ("intervention on the eve of settlement" was not timely); *Alaniz v. Tillie Lewis Foods*, 572 F.2d 657, 659 (9th Cir. 1978) (intervention filed seventeen days after approval of consent decree was untimely); *State of Or.*, 913 F.2d at 588 (where a proposed intervenor sought to renegotiate the terms of an existing consent decree, it was "too late in the proceeding to change the nature of the suit so dramatically"); *CE Design Ltd. v. King Supply Co.*, 791 F.3d 722 (7th Cir. 2015) (intervention held untimely after parties reached settlement of class action but prior to court's approval); *cf. Orange Cnty. v. Air Cal.*, 799 F.2d 535, 538 (9th Cir. 1986) ("Although [the proposed intervenor] did intervene before the Stipulated Judgment was officially approved by the district court, the fact that [it] waited until after all the parties had come to an agreement after five years of litigation should nevertheless weigh heavily against [intervention].").

Here, Ms. Gonzalez's Motion comes not only after settlement, but after five litigation-heavy months during which the Court heard the objections she belatedly raises.

Her Motion comes after DFEH moved to intervene based on the same concerns. CWA, the entity whose attorney represents Ms. Gonzalez, also filed an objection raising the same issues. The Court held a two-hour long hearing to discuss DFEH's intervention and, more significantly, the proposed Consent Decree page by page. The Parties submitted an amended Consent Decree and additional briefing to respond to this Court's questions and concerns. DFEH filed objections in place of an *amicus* brief. Those objections are currently before the Court, with the Court's assurance that they will be duly considered. DFEH moved to stay the proceedings on the same issues it raised in its intervention motion. It is simply too late in these proceedings to admit additional actors who seek only to make duplicative arguments.

### ii.   Reason for and Length of Delay.

Ms. Gonzalez's Motion was filed on March 4, 2022, *over five months* after the Parties filed the proposed Consent Decree on September 27, 2021. *Chevron Env't Mgmt. Co. v. Env't Prot. Corp.*, 335 F.R.D. 316, 329 (E.D. Cal. 2020) (delay of five months after learning of proceedings was untimely); *Std. Space Platforms Corp. v. United States*, 35 Fed. Cl. 463, 466 (1996) (delay of six months was untimely).

The only reason Ms. Gonzalez provides for this five-month delay is that she believed DFEH would adequately represent her purported interests through its intervention, rendering her intervention "duplicative." Motion at 4. Ms. Gonzalez entrusted her purported interests to DFEH; she cannot now have a second bite at the apple. *State of Wash.*, 86 F.3d at 1504 ("[Proposed intervenor] should not have let the fate of [another entity's] motion to intervene govern [its] decision whether to apply for intervention"); *Cal. Dep't of Toxic Substances Control v. World Cleaners, Inc.*, Case No. CV 16-6896-DSF, 2017 WL 4769439, at *1 (C.D. Cal. Sept. 19, 2017) (Fischer, J.) ("A potential intervenor is not allowed to sit on its rights for the entire litigation to see how things turn out and then move at the late stages of the case for a 'do-over.'").

"[A] party seeking to intervene must act as soon as he knows or has reason to know that his interests *might* be adversely affected by the outcome of the litigation." *Cal. Dep't*

*of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1120 (9th Cir. 2002) (emphasis added). Although Ms. Gonzalez does not actually inform the Court when she learned of this litigation, she admits to being aware of DFEH's Motion to Intervene filed on October 25, 2021. Motion at 3-4. CWA, which took credit for filing Ms. Gonzalez's February 10, 2022 objections, has been aware of the settlement since at least September 28, 2021, when it tweeted criticism regarding the proposed Decree. Markey Decl., ¶ 6, Exh. D. Ms. Gonzalez has tweeted criticism regarding EEOC's proposed resolution of this litigation on December 31, 2021, January 18, 2022 and February 10, 2022. Markey Decl., ¶ 5, Exh. C; *SurvJustice Inc. v. DeVos*, 2019 WL 1427447, at *4 (N.D. Cal. Mar. 29, 2019) (where proposed intervenor had "tweeted disagreement" with litigation previously, it was evidence of impermissible delay in defending its rights). Ms. Gonzalez was aware of the possibility that DFEH could lose its bid to intervene and could not reasonably count on its success. Ms. Gonzalez's knowledge of the litigation's claims for a significant period of time before seeking to intervene "weighs heavily" against intervention. *In re Wholesale Grocery Prods. Antitrust Litig.*, 849 F.3d 761, 767 (8th Cir. 2017).

### iii.   Prejudice to Existing Parties.

The Ninth Circuit has held that "prejudice to existing parties is 'the most important consideration in deciding whether a motion for intervention is untimely.'" *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 857 (9th Cir. 2016) (quoting *United States v. State of Or.*, 745 F.2d 550, 552 (9th Cir. 1984)). The fact that Ms. Gonzalez seeks to make admittedly "duplicative" arguments demonstrates the significant prejudice the Parties will face if she is granted intervention. Motion at 4. Ms. Gonzalez claims she intervenes solely to make two objections: 1) that EEOC is forcing waivers of state law claims and 2) that EEOC is allowing an employer to destroy documents. Motion at 1-2. DFEH has continuously made these claims in filings on this docket, and this Court has carefully considered and addressed them. *Supra*, § II.B. Ms. Gonzalez's intervention would

contribute nothing to these proceedings other than rehashing these same objections, to which the EEOC and Activision have now responded to several times. *Id.*

There has already been an unnecessary five-month delay to the eligible claimants who, if this Court approves this settlement, would be awarded monetary relief and to the current employees of Activision who would benefit from the robust and extensive injunctive remedies the EEOC has negotiated in the proposed Consent Decree. Further interference with these proceedings aimed at making these same arguments will only cause further confusion and delay for other workers and harmed individuals. Inflammatory accusations against the integrity of the EEOC and its process do incalculable harm to the public's trust in the agency. These accusations are entirely unjustified and impede the Commission's work.

Ms. Gonzalez has not explained the significant delay in filing this Motion, instead admitting she made the strategic decision to rely upon DFEH's prosecution of its Motion. Her Motion comes at the eleventh hour of these proceedings, following settlement by the Parties. It reproduces the same unfair attacks against the EEOC and mischaracterizations of the Decree that have already led to significant confusion among workers like her. For these reasons, the Motion must be denied as untimely and prejudicial.

**B. Ms. Gonzalez Does Not Possess a Statutory Right to Intervene.**

An applicant for statutory intervention as of right under Federal Rule of Civil Procedure 24(a)(1) bears the burden of showing that he or she is entitled to intervene. *U.S. Equal Emp. Opportunity Comm'n v. Herb Hallman Chevrolet, Inc.*, 2020 WL 534046, at *1 (D. Nev. Feb. 3, 2020). Ms. Gonzalez argues she has a statutory right to intervene under 42 U.S.C. § 2000e-5(f)(1), which states that "[t]he person or persons aggrieved shall have the right to intervene in a civil action brought by the [EEOC]." Motion at 2. This statute is inapplicable to Ms. Gonzalez, who has not provided any evidence that she filed a Charge of Discrimination with the EEOC; that she has been determined to be an aggrieved individual following an investigation of such a Charge; or perhaps most importantly, that she filed the Charge upon which this lawsuit is based. "[I]f Congress intended for the

person who filed the charge ('the person aggrieved') to be the only person statutorily entitled to notice and consequently to file suit in the event the EEOC dismissed or declined to act on the charge, ***Congress must also have intended for the person who filed the charge ('the person aggrieved') to be the only person statutorily entitled to intervene in the event the EEOC determined to commence a civil action based on the charge.***" *E.E.O.C. v. Fry's Elecs., Inc.*, 770 F. Supp. 2d 1168, 1171 (W.D. Wash. 2011) (emphasis added) (citing *Spirt v. Teachers Ins. and Annuity Ass'n*, 93 F.R.D. 627, 640 (S.D.N.Y.1982), *rev'd on other grounds*, 691 F.2d 1054 (2d Cir.1982) (finding statutory intervention right "may only be invoked by a person (1) who has an interest in the action sufficient to establish standing under [A]rticle III of the United States Constitution, and (2) who filed the charge that prompted the EEOC to commence the action in which intervention is sought"); *U.S. E.E.O.C. v. Cent. Cal. Found. For Health*, 2011 WL 149831, at *2 (E.D. Cal. Jan. 18, 2011) (holding that individuals "who did not file charges with the EEOC" do not constitute aggrieved persons because "an aggrieved person is defined as a person who has filed a charge with the EEOC" (internal quotation marks omitted)); *Doss v. Franciscan Health Sys.*, 2011 WL 3841707, at *2 (W.D. Wash. Aug. 30, 2011) ("Aggrieved individuals who wish to file suit or intervene in a suit brought by the EEOC on their behalf are ordinarily required to exhaust their administrative remedies. Plaintiffs exhaust their administrative remedies by . . . filing a charge of discrimination with the EEOC within the limitation period contained in Section 2000e-5(e).").

Ms. Gonzalez claims that she filed a charge with the DFEH and "cross-filed" with the EEOC. Motion at 1; Declaration of Jessica Gonzalez ("Gonzalez Decl."), Dkt. No. 69-2 ¶ 8; Dkt. No. 69-3, Ex. A (California Department of Fair Employment Housing). The document that Ms. Gonzalez attaches to her declaration and contends is her "charge" is downloadable on DFEH's website and is the form an individual submits to request an individual immediate Right to Sue from DFEH only. Markey Decl., ¶ 3. The document in her filing has been altered to remove the first page which states: "***DFEH will not file your complaint with the U.S. Equal Employment Opportunity Commission (EEOC)***. To

receive a federal Right-to-Sue notice, you must contact EEOC at www.eeoc.gov or at (800) 669-4000 or TTY (800) 669-6820." *Compare id.*, Exh. A; *with* Gonzalez Decl., Exh. A. There is no indication that the form was ever submitted to any agency and no date of submission is provided.

The filing or dual-filing of a charge to be investigated by the EEOC is a separate and distinct process from filing a form request for an immediate Right to Sue from DFEH in order to pursue individual state claims on one's own behalf. The form Proposed Intervenor Gonzalez provided is *not* the DFEH charge intake form, which is the first document required to be submitted by individuals wishing to request that DFEH dual-file their charge with the EEOC under the agencies' Worksharing Agreement; that Agreement states that "for charges that are to be dual-filed, each agency will use EEOC Charge Form 5 [or another form acceptable to both agencies] to draft charges." Dkt. No. 24-11, Declaration of Janette Wipper In Support of DFEH's Motion to Intervene, Exh. A. The form Proposed Intervenor Gonzalez has provided is not EEOC Form 5 or another form acceptable to EEOC. [1]

Proposed Intervenor Gonzalez also may not avail herself of the "single filing rule" which requires putative aggrieved individuals to possess claims which are "nearly identical" to those of the Charging Party in order to be relieved of the exhaustion requirement of filing an EEOC Charge. *Fry's Elecs., Inc.*, 770 F. Supp. 2d at 1172; *Herb Hallman Chevrolet, Inc.*, 2020 WL 534046, at *3 (where proposed intervenor claiming to be "aggrieved individual" filed a charge containing allegations dissimilar from those in the EEOC's lawsuit, intervention as of right was not appropriate). The EEOC's lawsuit and the proposed Decree cover claims for sexual harassment, pregnancy discrimination,

---

[1] The Commission cannot confirm or deny the existence of any Charge of Discrimination under the confidentiality obligations imposed upon it under Title VII. 42 U.S.C. §§ 2000e-5(b); 2000e-8(e). Proposed Intervenor has arguably waived any protection afforded to her by this statute by affirmatively claiming to have filed a Charge. Nonetheless, because she has not even facially met her burden to show that she has filed a Charge of Discrimination, the Commission does not need to part with confidentiality in this instance.

and related retaliation. Ms. Gonzalez initially alleged that she spoke out regarding diversity and inclusion and then faced retaliation on that basis. Dkt. No. 64 (stricken by this Court). These are the same allegations she made in the DFEH form she submitted as an exhibit to her Declaration. Dkt. No. 69-3. In her Motion, Ms. Gonzalez initially states she has Title VII claims for "discrimination on the basis of her sex, and further claims retaliation for engaging in protected activity[.]" Motion at 1. To the extent Ms. Gonzalez alleges she advocated for diversity and inclusion based on *sex* and suffered retaliation, her allegations are not covered by this lawsuit. Sex discrimination beyond sexual harassment and pregnancy discrimination is not a part of this lawsuit. Retaliation is part of this lawsuit, but only if it is related to sexual harassment or pregnancy discrimination. "Protected activity" does not provide enough specificity for the Court to determine whether Ms. Gonzalez's claims are covered by this lawsuit.

Ms. Gonzalez later states that she has claims for "unlawful sex-based harassment, discrimination, and retaliation for engaging in protected conduct." Motion at 5. But her Declaration does not support the additional claim of "sex-based harassment," alleging only that she "suffered harassment" based on her advocacy for diversity. Nor does her Declaration allege that the retaliation she faced was related to sexual harassment or pregnancy discrimination. Ms. Gonzalez's barebones allegations do not appear to be covered by this lawsuit.[2] In sum, Proposed Intervenor Gonzalez has not met her burden to demonstrate that she possesses a statutory right to intervene in this matter. She has provided an apparently unsubmitted form promulgated by a different agency, which, if

---

[2] To be clear, as the EEOC has informed her counsel, Ms. Gonzalez is encouraged to file a claim form and be considered for relief under this Consent Decree, should it be approved by the Court. She would have nothing to lose by doing so, since she will have the opportunity to withdraw before signing any release. Although EEOC has taken the position here that the evidence Ms. Gonzalez has provided is insufficient to support her intervention, whether or not Ms. Gonzalez will be able to demonstrate she is an Eligible Claimant under the rubric provided in the claim form is still an open question and one that can only be answered upon entry of the Decree.

submitted, would only result in her being granted an immediate Right to Sue under state law, not an EEOC charge under Title VII. The allegations made in this form and in her declaration, even taken in the light most favorable to her, do not establish that she possesses claims that are "nearly identical" to those brought in the EEOC's instant lawsuit. *Fry's Elecs., Inc.*, 770 F. Supp. 2d at 1172.

## C. The Court Should Not Exercise Its Discretion to Grant Ms. Gonzalez Permissive Intervention.

"An applicant who seeks permissive intervention [under Rule 24(b)] must prove that it meets three threshold requirements: (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims." *Cooper v. Newsom*, 13 F.4th 857, 868 (9th Cir. 2021) (quotations omitted). Where these legal threshold facts are met, courts then consider a number of factors in determining whether to permit intervention, including:

> the nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case[,] whether changes have occurred in the litigation so that intervention that was once denied should be reexamined, whether the intervenors' interests are adequately represented by other parties, whether intervention will prolong or unduly delay the litigation, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented

*Perry v. Schwarzenegger*, 630 F.3d 898, 905 (9th Cir. 2011) (quoting *Spangler v. Pasadena Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977)).

## i. Ms. Gonzalez Cannot Meet the Threshold Requirements for Permissive Intervention.

As an initial matter, for the reasons discussed *supra* § III.A, Ms. Gonzalez's Motion is clearly untimely; thus, she has failed to establish this element of the permissive

intervention analysis. *See also LULAC*, 131 F.3d at 1308 (while timeliness is a threshold requirement for both intervention as of right and permissive intervention, "[i]n the context of permissive intervention . . . we analyze the timeliness element more strictly than we do with intervention as of right").

Second, Ms. Gonzalez's Motion does not suggest her claims share a common question of law and fact with EEOC's Title VII action. As described *supra* § III.B, Ms. Gonzalez has not provided evidence that she possesses claims covered by this Action. "The language of the rule makes clear that if the would-be intervenor's claim or defense contains no question of law or fact that is raised also by the main action, [permissive intervention] *must be denied*." *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1111 (9th Cir. 2002) (emphasis added), abrogated on other grounds by *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011).

Finally, the Court has no independent basis for jurisdiction over Ms. Gonzalez's claims. *See Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996) (denying intervention for failure to state independent basis for jurisdiction); *but see Ctr. for Biological Diversity v. Lubchenco*, 2010 WL 1038398, at *9–*11 (N.D. Cal. Mar. 19, 2010) (case law is "not entirely uniform as to whether an independent jurisdictional basis is an *absolute* requirement for permissive intervention") (emphasis added). To establish subject matter jurisdiction over her Title VII claim, Ms. Gonzalez was required to exhaust her administrative remedies. *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002). Under Title VII, a plaintiff must exhaust her administrative remedies by filing a timely charge with the EEOC, affording the agency an opportunity to investigate the charge. 42 U.S.C. § 2000e-5(b). As discussed *supra* § III.B, Ms. Gonzalez has provided no evidence that she ever filed a Charge of Discrimination against Defendants with the EEOC. Thus, there is no independent basis for the Court's jurisdiction over her claims.

### ii.    Ms. Gonzalez's Intervention Would Cause Undue Delay and Prejudice, Weighing Against Permissive Intervention.

"Even if an applicant satisfied [the] threshold requirements, the district court has discretion to deny permissive intervention." *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). Ms. Gonzalez only addresses a few of the factors for permissive intervention, arguing her intervention will support judicial economy, not cause delay or prejudice, and that she is not adequately represented by the existing Plaintiff, the EEOC.

Ms. Gonzalez contends that her intervention to rewrite the release serves judicial economy because otherwise, she will be "forc[ed]" to file her own EEOC Charge or Title VII lawsuit in order to recover under Title VII. Motion at 5. . She is simply describing the process that Congress set up under Title VII for individuals to seek redress. No one is "forced" to participate, but an individual must pursue relief if she wants it. Individuals choosing to pursue relief on their own or through the EEOC process do not constitute a strain on judicial economy, but the normal operation of the law. The mere fact that individuals have the option to pursue their own relief separate from a class action, even when—unlike in this case—they have to affirmatively opt out in order to do so, has been found sufficient to deny intervention. *Zepeda v. PayPal, Inc.*, 2014 WL 1653246, at *8 (N.D. Cal. Apr. 23, 2014); *Hofstetter v. Chase Home Fin.*, LLC, 2011 WL 5415073, at *2–3 (N.D. Cal. Nov. 8, 2011) (holding that the opportunity to opt out of a settlement adequately safeguarded a putative intervenor's interests).

Ms. Gonzalez argues that her intervention and the setting of a fairness hearing will not result in "undue" delay. Motion at 5. Any further delay by individuals and entities with no standing in these proceedings is undue. The Court has already held a hearing at which it provided thorough and meaningful input about the original proposed Decree. This Decree is not subject to a Rule 23-style hearing with objectors, nor is any type of fairness hearing required for its approval. *Commc'ns Workers of Am. v. N.J. Dep't of Pers.*, 282 F.3d 213, 219 (3d Cir. 2002) (both Rule 23 and the obligation to hold a fairness hearing are "inapplicable" to Title VII cases brought by the EEOC); *see also* Dkt. No. 35 at 23-25

14

(EEOC actions are in no way subject to Rule 23 requirements).[3] This Court maintains absolute discretion to organize its own proceedings and obtain any information it requires from the Parties regarding the proposed Decree, but the Decree should not be subjected to further scrutiny at the behest of individuals or entities who lack standing. Ms. Gonzalez's request to be allowed to object at a fairness hearing necessarily requires the further delay of these proceedings, which is particularly egregious given that her Motion is so untimely.

Finally, Ms. Gonzalez argues she should be permitted to intervene because EEOC does not adequately represent her interests under state law. Motion at 6. Any interest she has under state law is not at issue in this forum. Proposed Intervenor Gonzalez is free to pursue any interest she has under state law in state forums. *United States v. Pac. Gas & Elec.*, 776 F. Supp. 2d 1007, 1019 (N.D. Cal. 2011) (denying intervention where the applicant-intervenor's "interests would not be impaired if denied intervention because it can pursue other avenues of relief"). EEOC adequately represents any purported interest Ms. Gonzalez possesses in the federal claims covered by this lawsuit. *See EEOC v. United Air Lines, Inc*., 1995 WL 103658, at *5 (N.D. Ill. Mar. 3, 1995) (denying intervention, and finding the movants' interests to be "adequately represented by the EEOC" despite that the movants were "unhappy with the relief obtained by the

---

[3] The EEOC was unable to find any precedent in case law for holding a pre-entry fairness hearing on an EEOC Title VII Consent Decree. The only case law reflecting such a hearing involving the EEOC is under the Age Discrimination in Employment Act, because that statute requires consent decrees to be *opt-out* and extinguish individuals' rights. *Wilkerson v. Martin Marietta Corp.*, 171 F.R.D. 273, 283 (D. Colo. 1997) (evaluating EEOC ADEA settlement – required to be opt-out and extinguish rights by law unlike Title VII settlements – with reference to Rule 23 multi-factor test of "fair, adequate and reasonable" but not applying requirements of the Rule itself); Section 7(c)(1), 29 U.S.C. § 626(c)(1); *EEOC v. Pan Am. World Airways, Inc.*, 897 F.2d 1499, 1505 (9th Cir. 1990) ("Once the EEOC commences an age discrimination suit, the right to commence a private action twice authorized by the ADEA ceases to exist."). No such provision requiring opt-out settlements exists in Title VII, nor does the proposed Consent Decree in this case extinguish individuals' rights.

EEOC," and claimed that the EEOC "failed to negotiate settlements that were acceptable" to them).

One permissive factor that weighs heavily against intervention in this instance is "the legal position [proposed intervenor] seeks to advance." *Perry*, 630 F.3d at 905. As we have demonstrated, Ms. Gonzalez seeks to advance a "duplicative" position which has already been thoroughly considered by this Court. *Supra* § II. The exact same arguments she seeks to make are encompassed in the Objections filed by *Amicus* DFEH, which the Court has made clear several times it will duly consider. With respect to the ultimate question "whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented[,]" Ms. Gonzalez's intervention falls short. *Id.*; *United States v. Carrols Dev. Corp.*, 454 F. Supp. 1215, 1221–22 (N.D.N.Y. 1978), *modified at* 1981 WL 2184 (N.D.N.Y. Oct. 16, 1981) (denying permissive intervention generally, and also denying "limited participation" because the "purposes for granting such participation have already been achieved here since the moving parties have set forth their views in considerable detail in briefs and affidavits filed with this Court . . .The Court does not feel that the submission of additional papers, at this time, would serve a useful purpose."). Beyond being untimely, prejudicial and unsupported by statutory authority, Ms. Gonzalez's intervention into these proceedings to repeat arguments the Court has already heard will serve no purpose other than delay of relief to harmed workers.

///
///
///
///
///
///
///

## IV.   CONCLUSION

In sum, EEOC urges the Court to deny Ms. Gonzalez's Motion to Intervene.

Respectfully submitted,

Dated: March 14, 2022                     U.S. EQUAL EMPLOYMENT
                                          OPPORTUNITY COMMISSION

                              By:    /s/Taylor Markey
                                     Taylor Markey
                                     Senior Trial Attorney