Anna Y. Park, SBN 164242
anna.park@eeoc.gov
Nakkisa Akhavan, SBN 286260
nakkisa.akhavan@eeoc.gov
Taylor Markey, SBN 319557
taylor.markey@eeoc.gov
Maurice Neishlos, NY SBN 5639265
maurice.neishlos@eeoc.gov
Alisha Ansari, SBN 312875
alisha.ansari@eeoc.gov
Ella Hushagen, SBN 297990
ella.hushagen@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 422-8396
Facsimile: (213) 894-1301
E Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>ACTIVISION BLIZZARD, INC., BLIZZARD ENTERTAINMENT, INC., ACTIVISION PUBLISHING, INC., KING.COM, INC., and DOES ONE through TEN, inclusive,<br><br>Defendants. | Case No.: 2:21-CV-07682-DSF-JEM<br><br>**PLAINTIFF EEOC'S OBJECTIONS TO AMICUS DFEH'S NOTICE OF NEW INFORMATION (DKT. 68)** |

TO THE HONORABLE DISTRICT COURT JUDGE, DEFENDANTS, AND ALL ATTORNEYS OF RECORD:

Plaintiff EEOC objects to *Amicus* DFEH's Notice of New Information Supporting Its Objections to Proposed Amended Consent Decree (Dkt. 68). *Amicus* DFEH served a Freedom Of Information Act (FOIA) request on EEOC nearly four months after this suit was filed, seeking records reflecting the Commission's vote to authorize this litigation and now purports to provide "notice" to the Court regarding conclusions it has improperly drawn from the Commission's response to the FOIA request.

As an initial matter, DFEH was denied intervention in this case and granted the ability to respond to the Proposed Amended Consent Decree as *amicus curiae* in a brief of no more than 15 pages. (Dkt. 46). After filing an overlong brief styled as "Objections" rather than as Brief of *Amicus Curiae*, DFEH has now further exceeded the Court's permission by filing an additional "notice" supporting its "objections."[1] The "notice" is based upon information DFEH sought for the first time in January 25, 2022, almost four months after its initial attempt to intervene in this matter, regarding the EEOC's Commission authorization of this litigation. All Commission votes are publicly available on the EEOC's website, rendering DFEH's FOIA request for this information superfluous. The information that this case was not subject to a Commission vote is not "new;" rather, it is information that DFEH could have discovered earlier through diligent effort. DFEH is not a Party to this matter and is therefore not entitled to utilize its docket beyond the permission of this Court, as it has done again with this filing.

Further, DFEH's notice is based on a flawed understanding of the Commission's suit approval process. DFEH asserts that EEOC is required to receive an affirmative vote from its Commissioners in order to commence *any* litigation, citing the EEOC's Resolution Concerning the Commission's Authority to Commence or Intervene in Litigation and the Commission's Interest in Information Concerning Appeals (the "Resolution"). This is not

---

[1] DFEH again refers to its *amicus* brief as objections here, as it did in its Motion to Stay (Dkt. No. 60).

1

so. The Resolution, which DFEH attaches as an exhibit to its notice, indicates that some cases may be authorized by the Commission and other cases may be authorized by the General Counsel. As a federal court which recently considered the same argument made by a defendant-employer summarized: "the Resolution contemplates that most cases will not involve a full Commission vote . . . [T]he absence of a full Commission vote does not mean that an enforcement action, like the case at bar, is unauthorized." *U.S. Equal Emp. Opportunity Comm'n v. Route 22 Sports Bar, Inc.*, 2021 WL 2557087, at *6 (N.D.W. Va. June 22, 2021)(internal citations omitted). Thus, DFEH's assertion that there is no evidence of a Commission vote pursuant to the Resolution regarding this case is insufficient to support the claim that this litigation is unauthorized.

Title VII and case law make clear that EEOC's compliance with its own internal guidelines is not judicially reviewable, 42 U.S.C. § 2000e-5(f)(1); *Mach Mining, LLC v. EEOC*, 575 U.S. 480, 483 (2015); *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 291 (2002), nor do these guidelines create procedural rights for third parties, *Am. Farm Lines v. Black Ball Freight Serv.*, 397 U.S. 532, 538–40 (1970)(administrative agencies may modify their own internal procedures where they are not primarily intended to create procedural benefits for third parties); *Route 22 Sports Bar, Inc.*, 2021 WL 2557087 at *4. DFEH is not an intended beneficiary of the Resolution, nor would it be harmed if EEOC failed to follow the Resolution. Beyond having no right to exceed this Court's parameters on its further involvement in this matter, DFEH has no standing to make this particular objection.

DFEH may claim it seeks only to modify certain provisions of EEOC's proposed consent decree, but DFEH's behavior is inconsistent with that claim and belies that assertion. The purpose of filing this objection can only be interpreted as an attempt to have this entire lawsuit thrown out by questioning its fundamental propriety. DFEH does not explain the purpose of the notice beyond its specious claim that EEOC has "no authority to pursue any classwide relief." (Dkt. 68 at 1).

For the foregoing reasons, DFEH's Notice of New Information Supporting Its Objections to Proposed Amended Consent Decree should not be considered by this Court.

The EEOC further respectfully requests that the Court enforce its prior instruction to DFEH not to file any additional documents in this proceeding without first seeking leave of Court.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Dated: March 14, 2022

By: /s/Taylor Markey
Senior Trial Attorney
E-Mail: taylor.markey@eeoc.gov