DAVID A. ROSENFELD, Bar No. 058163
MICHAELA POSNER, Bar No. 339648
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
Telephone  (510) 337-1001
Fax  (510) 337-1023
E-Mail:  courtnotices@unioncounsel.net
         drosenfeld@unioncounsel.net
         mposner@unioncousnel.net

Attorneys for Intervenor,
JESSICA GONZALEZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> ACTIVISION BLIZZARD, INC., BLIZZARD ENTERTAINMENT, INC., ACTIVISION PUBLISHING, INC., and KING.COM, INC., and DOES ONE through TEN, inclusive, <br><br> Defendants. | No. 2:21-CV-07682 DSF-JEM <br><br> **REPLY MEMORANDUM IN SUPPORT OF JESSICA GONZALEZ'S MOTION TO INTERVENE** <br><br> Date:  April 4, 2022 <br> Time:  1:30 PM <br> Place:  Courtroom 7D <br> Judge:  Honorable Dale S. Fischer |

REPLY MEMORANDUM IN SUPPORT OF GONZALEZ'S MOTION TO INTERVENE
Case No. 2:21-CV-07682 DSF-JEM

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................ 1

II. ARGUMENT ....................................................................................................... 1

    A. APPLICANT-INTERVENOR HAS STANDING TO INTERVENE AS OF RIGHT ............................................................................ 1

        1. Applicant-Intervenor's Claims are Covered Within the Scope of the EEOC Litigation ................................. 1

        2. Applicant-Intervenor Has a Statutory Right to Intervene ........................................................................................ 2

    B. APPLICANT-INTERVENOR'S MOTION IS TIMELY ................................................................................................................ 4

        1. Granting the Motion Will Not Cause Prejudice to the Parties ........................................................................................ 5

        2. The Current Procedural Posture of the Case Weighs In Favor of Intervention ................................................... 7

        3. The Basis for Applicant-Intervenor's Delay is Excusable ............................................................................................ 8

    C. APPLICANT-INTERVENOR'S CONCERNS STILL HAVE NOT BEEN ADEQUATELY ADDRESSED .......................... 9

        1. The PACD Contains a Trojan Horse Waiver of State Law Claims .......................................................................... 9

        2. The Parties have not Adequately Addressed the Issue of Destruction of Evidence ............................................... 10

        3. The EEOC is Not An Adequate Representative of Applicant-Intervenor's Interests ........................................... 10

    D. ALTERNATIVELY, PERMISSIVE INTERVENTION UNDER RULE 24(B) IS APPROPRIATE ................................................................................................... 11

III. CONCLUSION .................................................................................................. 12

## TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*Arizona ex rel. Horne v. Geo Grp., Inc.*,
   816 F.3d 1189 (9th Cir. 2016) ................................................................................ 3

*Cal. Dep't of Toxic Sub. Control v. Commercial Realty Projects, Inc.*,
   309 F.3d 1113 (9th Cir. 2002) ................................................................................ 7

*Cal. Dep't of Toxic Sub. Control v. World Cleaners, Inc.*,
   2017 WL 4769439 (C.D. Cal. 2017) ...................................................................... 7

*Chevron Environmental Management Company v. Environmental
   Protection Corporation*,
   335 F.R.D. 316 (E.D. Cal. 2020) ............................................................................ 7

*Cooper v. Newsom*,
   13 F.4th 857 (9th Cir. 2021) ................................................................................. 12

*Doe v. Cin-Lan, Inc.*,
   2011 WL 379970 (E.D. Mich. 2011) ..................................................................... 7

*Doss v. Franciscan Health System*,
   2011 WL 3841707 (W.D. Wash. 2011) ................................................................. 3

*EEOC v. Central Cal. Found. For Health*,
   2011 WL 149831 (E.D. Cal. 2011) ........................................................................ 3

*EEOC v. Dinuba Med. Clinic*,
   222 F.3d 580 (9th Cir. 2000) .................................................................................. 3

*EEOC v. Fry's Electronics, Inc.*,
   770 F. Supp. 2d 1168 (W.D. Wash. 2011) ......................................................... 2, 3

*EEOC v. Herb Hallman Chevrolet, Inc.*,
   2020 WL 534046 (D. Nev. 2020) .......................................................................... 3

*Fuller v. City of Oakland, California*,
   47 F.3d 1522 (9th Cir. 1995) ................................................................................ 10

*Green v. Los Angeles County Superintendent of Sch.*,
   883 F.2d 1472 (9th Cir. 1989) ................................................................................ 3

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, and Prods.
   Liab. Litig.*,
   MDL No. 2672 CRB (JSC) 2016 WL 4376623 (N.D. Cal. 2016) ........................ 6

# TABLE OF AUTHORITIES

**Page**

*Laquaglia v. Rio Hotel & Casino, Inc.*,
   186 F.3d 1172 (9th Cir. 1999) .......................................................................... 3

*Meritor Savings Bank v. Vinson*,
   477 U.S. 57 (1986) ............................................................................................ 2

*Paige v. State of Cal.*,
   102 F.3d 1035 (9th Cir. 1996) .......................................................................... 3

*Perry v. Schwartzenegger*,
   630 F.3d 898 (9th Cir. 2011) .......................................................................... 12

*Smith v. Los Angeles Unified Sch. Dist.*,
   830 F.3d 843 (9th Cir. 2016) ........................................................................ 6, 8

*Stallworth v. Monsanto Co.*,
   558 F.2d 257 (5th Cir. 1977) ............................................................................ 6

*SurvJustice, Inc. v. DeVos*,
   2019 WL 1427447 (N.D. Ca. 2019) ................................................................ 8

*Thiessen v. Gen. Elec. Capital Corp.*,
   267 F.3d 1095 (10th Cir. 2001) ........................................................................ 2

*United States v. Oregon*,
   745 F.2d 550 (9th Cir. 1984) ........................................................................ 4, 6

*Westlands Water District v. United States*,
   700 F.2d 561 (9th Cir. 1983) ............................................................................ 4

*Zepeda v. PayPal, Inc.*,
   2014 WL 1653246 (N.D. Cal. 2014) ................................................................ 7

**State Cases**

*Fisher v. San Pedro Peninsula Hospital*,
   214 Cal.App.3d 590 (1989) ............................................................................ 10

**Federal Statutes**

29 U.S.C. § 2000e-5(f)(1) ........................................................................................ 4

**State Statutes**

ARK. CODE ANN. § 16-123-107 ............................................................................ 11

# TABLE OF AUTHORITIES

**Page**

Cal. Lab. Code § 226(b) and (c) .............................................................................. 10

Cal. Lab. Code § 1198.5 ......................................................................................... 10

Cal. Lab. Code § 12960(e) ..................................................................................... 11

Minn. Stat. 363A.08, 363A.15 ............................................................................... 11

N.Y. Exec. Law § 296 ............................................................................................ 11

Tex. Lab. Code Ann. §§ 21.051, 21.055, 21.056, 21.106 ...................................... 11

Wis. Stat. §§ 111.321, 111.322, 111.325 ............................................................... 11

**Rules**

Fed. R. Civ. P. 23 ................................................................................................... 11

FED. R. CIV. P. 24(a) ....................................................................................... 1, 4, 12

Fed. R. Civ. P. 24(b) ........................................................................................ 11, 12

## I.    INTRODUCTION

The liberally construed standards of Rule 24 favor granting Applicant-Intervenor's motion to intervene. First, as an employee within the state of California whose federal and state law rights were violated by Defendant Blizzard Entertainment, Applicant-Intervenor Gonzalez has a significant interest in how the Proposed Amended Consent Decree ("PACD") impairs her rights under state law. Second, the "minimal" requirement that representation by the EEOC "may be inadequate" is satisfied because the EEOC lacks jurisdiction to pursue state-law claims and has repeatedly evidenced its unwillingness to ensure the PACD does not touch claims it lacks the ability to enforce. Third, Applicant-Intervenor's motion is timely based on the current stage of the proceedings, lack of prejudice to the Parties, and the notice of Applicant-Intervenor's objections to the Parties.

The PACD is a Trojan horse for infringing on state-law rights of Potential Claimants. Applicant-Intervenor requested clarification regarding the individual settlements that Eligible Claimants would ultimately enter into with Defendants, and whether those individual agreements would require waivers of state law claims. To this day, the ultimate impact of the PACD on state law claims is unclear, which leaves the inevitable question of why is it so difficult to get a clear answer. The failure of the Parties to expressly exclude state law claims demonstrates they intend to force the class to waive those claims as a condition of the right to obtain relief on the federal claims alleged by the EEOC.

For these reasons, Applicant-Intervenor respectfully requests that the Court grant the motion to intervene and hold a noticed fairness hearing on the PACD.

## II.    ARGUMENT

### A.   APPLICANT-INTERVENOR HAS STANDING TO INTERVENE AS OF RIGHT

#### 1.   Applicant-Intervenor's Claims are Covered Within the Scope of the EEOC Litigation

In the charge filed with the California Department of Fair Employment and

1

REPLY MEMORANDUM IN SUPPORT OF GONZALEZ'S MOTION TO INTERVENE
CASE NO. 2:21-CV-07682 DSF-JEM

Housing ("DFEH"), Applicant-Intervenor alleged that she spoke out regarding the need for diversity, equity, and inclusion (DEI) initiatives in the workplace. Dkt. 69-3. Such statements must be analyzed within the context of the particular workplace. Asserting there is a need for DEI initiatives is simply one way of stating that the work environment is hostile to underrepresented groups, including women. Accordingly, Applicant-Intervenor openly objected to the hostile work environment she experienced as an employee of Defendant Blizzard Entertainment, activity which is protected under Title VII. As a result, Applicant-Intervenor was retaliated against and targeted for termination, which culminated in her constructive discharge. Dkt. 69-3.

### 2. **Applicant-Intervenor Has a Statutory Right to Intervene**

At the time the motion to intervene was filed, Applicant-Intervenor's charge had been filed with the DFEH and Applicant-Intervenor was waiting for the DFEH to issue her right to sue, which has since been issued. Rosenfeld Declaration ¶¶ 7-8, Exhs. A, B.

Furthermore, Applicant-Intervenor may avail herself of the "single filing rule" because she engaged in conduct that is indeed covered by the broad EEOC charges against Defendant. *See* Dkt. 50-1, p.3. *See also EEOC v. Fry's Electronics, Inc.*, 770 F. Supp. 2d 1168, 1172 (W.D. Wash. 2011), *quoting Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1110 (10th Cir. 2001) ("The policy behind the single filing rule is that it would be wasteful, if not vain, for numerous employees, all with the same grievance, to have to process many identical complaints with the EEOC."). In order for the EEOC's argument to make sense, it requires that a hostile work environment on the basis of sex *not* be a form of sexual harassment, which is a position the courts have rejected for over 35 years. *See Meritor Savings Bank v. Vinson*, 477 U.S. 57 (1986). Voicing opposition to sexual harassment and then suffering retaliation for that opposition is squarely within the claims in the EEOC's lawsuit. *See* Dkt. 1 ¶¶ 15, 22-25; Dkt. 50-1 p.3.

1  The Ninth Circuit has held that that in an EEOC class action, there is no need
2  for duplicative filing with federal and state agencies "if the claim is already
3  encompassed within the Reasonable Cause Determination or if the claim is 'like or
4  reasonably related' to the initial charge." *Arizona ex rel. Horne v. Geo Grp., Inc.*,
5  816 F.3d 1189, 1204-05 (9th Cir. 2016). Furthermore, since the EEOC and DFEH
6  have a "worksharing" agreement, "a charge filed with the DFEH is deemed
7  constructively filed with the EEOC because the EEOC and DFEH cross-designate
8  the other as its agent for the purpose of receiving charges." *EEOC v. Dinuba Med.*
9  *Clinic*, 222 F.3d 580, 585 (9th Cir. 2000), *Laquaglia v. Rio Hotel & Casino, Inc.*,
10  186 F.3d 1172, 1175 (9th Cir. 1999) ("[A] charge filed with the state agency before
11  the 300-day filing deadline expires is deemed automatically filed with the EEOC on
12  that same day"); *Green v. Los Angeles County Superintendent of Sch.*, 883 F.2d
13  1472, 1475-76 (9th Cir. 1989), *Paige v. State of Cal.*, 102 F.3d 1035, 1041 (9th Cir.
14  1996). Whether the state agency actually forwarded the charge to the EEOC or
15  whether the EEOC actually received it is irrelevant. *Laquaglia*, 186 F.3d at 1175;
16  *Dinuba Med. Clinic*, 222 F.3d at 585.
17  The case law cited by the EEOC in its opposition memo involved cases
18  where an individual filed a charge that commenced the investigation, and then the
19  EEOC chose to litigate the case. *See EEOC v. Fry's Electronics, Inc.*, 770
20  F.Supp.2d 1168 (W.D. Wash. 2011), *EEOC v. Central Cal. Found. For Health*,
21  2011 WL 149831 (E.D. Cal. 2011), *EEOC v. Herb Hallman Chevrolet , Inc.*, 2020
22  WL 534046 (D. Nev. 2020). *C.f. Doss v. Franciscan Health System,* 2011 WL
23  3841707 (W.D. Wash. 2011) (individual filed charge and initiated litigation where
24  EEOC did not seek to intervene). These cases are all distinguishable from the
25  instant case because the instant litigation was based on a Commissioner's charge.
26  Dkt. 1 ¶ 15. The EEOC's papers suggest there are only two instances in which an
27  individual can seek to intervene under the statute: (1) if the Applicant-Intervenor
28  initially filed the charge with the agency, or (2) if the Applicant-Intervenor is a

3

member of the class covered by the litigation. Dkt. 70-0 pp.8-11. For the first option, if the EEOC's position is taken completely to its logical conclusion, no individual could exercise their statutory right of intervention in litigation initiated from a Commissioner's charge because there is no "person aggrieved" who filed the initiating charge. If Congress intended for this to be the result, it could have carved out an exemption to the right of intervention when the EEOC pursues litigation based on a Commissioner's charge. Such language is notably absent from the statute. See 29 U.S.C. § 2000e-5(f)(1).

That leaves the second option: that the Applicant-Intervenor needs to be a member of the class covered by the EEOC litigation. For the reasons indicated above, that inarguably includes Applicant-Intervenor Gonzalez. The PACD defines a "Potential Claimant" as "an individual who was an employee at any of Defendants at any time since September 1, 2016," which undoubtedly includes Applicant-Intervenor. Dkt. 50-1, p.5. The EEOC's argument creates the strained position that an individual does not need to file an EEOC claim to participate in the PACD as a Claimant, yet simultaneously these individuals have no right to intervene because they did not file a charge. The EEOC cannot have its cake and eat it too. Even if Applicant-Intervenor is currently only a Potential Claimant and is later deemed ineligible, the fact that she currently is a potential claimant should be sufficient for standing to object based on the language of Title VII.

Indeed, by footnoting in its Opposition that Applicant-Intervenor can participate in the settlement, the EEOC has effectively conceded that Applicant-Intervenor is an "aggrieved party" within the meaning of § 2000e-5(f)(1) and therefore has a statutory right to intervene. Dkt. 70-0, p.11 FN 2.

**B.     APPLICANT-INTERVENOR'S MOTION IS TIMELY**

The Parties' memoranda urge the Court to ignore established precedent that Rule 24 be broadly construed in favor of the moving party. *Westlands Water District v. United States*, 700 F.2d 561, 563 (9th Cir. 1983); *United States v.*

4

1  *Oregon*, 745 F.2d 550, 552 (9th Cir. 1984).

### 1. Granting the Motion Will Not Cause Prejudice to the Parties

The Parties' arguments that granting the motion to intervene would cause prejudice are largely overblown. These arguments are based on the assumption that Applicant-Intervenor seeks to void the entire PACD and have the parties start from scratch, which is clearly not the case. Applicant-Intervenor has two specific concerns, both of which were raised at the meet and confer with Parties' counsel.

First, Defendants assert that granting the motion would cause them prejudice due to the steps they have already taken to comply with the PACD. Dkt. 72, pp. 10-11. One, the portions of the PACD that Defendants claim they have already taken steps to comply with are not portions that Applicant-Intervenor seeks to object to. Dkt. 72, pp. 10-11. Two, by voluntarily taking steps to comply with the PACD prior to court approval, Defendants assumed the risk and consequences of any change to the PACD prior to approval, and cannot use the risk they've assumed to block a party with a statutory right of intervention. Three, Defendants' argument is also an unreasonable attempt to circumvent the requirement for court approval and deprive this Court of its duty to evaluate the fairness of and independently decide whether to approve the PACD because the Defendants' conduct seeks to fiat the approval. Finally, both Parties have been on notice of the concerns raised herein since October 12, 2021, when the Communication Workers of America filed its objections, yet chose not to address these issues. Dkt. 20. Any harm or prejudice resulting from the Parties' unwillingness to address these issues is self-inflicted and weighs in favor of granting the motion to intervene.

Second, Plaintiff EEOC asserts there will be prejudice as a result of a delay in effecting and approving the PACD, which harms Potential Claimants. Dkt. 70-0, pp. 7-8. While Applicant-Intervenor can appreciate the desire to not delay justice and recovery for Potential Claimants, there are issues of substantial concern that impact the fairness of the PACD. Swift justice is no justice at all if the terms of the

PACD are not fair to Potential Claimants such as Applicant-Intervenor. The Parties can swiftly make the requested fixes to the PACD. They have expressed no compelling reason why they cannot or should not make those corrections. An easy fix would be to include a box on the Release form giving the workers the choice of whether to waive any state law claims or to expressly exclude them in the PACD and Release. The Parties rejected this option without explanation.

What is especially noteworthy is that the only prejudice that the Parties can legitimately claim is that including another party in the case might make resolution more difficult. However, the Ninth Circuit has rejected this as a legitimate form of prejudice that would preclude intervention. *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 857 (9th Cir. 2016) (*citing U.S. v. State of Oregon*, 745 F.2d 550, 552-53 (9th Cir. 1984), *Stallworth v. Monsanto Co.*, 558 F.2d 257, 267 (5th Cir. 1977)).

Defendants cite cases in opposition to intervention on the basis that the proposed intervenor could simply opt out of the settlement or object to it instead. Dkt. 72 p.13; *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, and Prods. Liab. Litig.*, MDL No. 2672 CRB (JSC) 2016 WL 4376623 (N.D. Cal. 2016). Again, that is precisely the reason why Applicant-Intervenor seeks leave to intervene: for the limited purpose of objecting to the PACD. The Parties argue that Proposed Intervenor and countless others have a free choice: they can waive their right to resolution of the federal claims advanced by the EEOC on their behalf in order to purse state law claims. We suggest the EEOC has abandoned its responsibility by forcing this kind of choice: give up entitlement to protection under Title VII in order to pursue state law remedies.

As noted by the Parties the Communications Workers of America previously attempted to object on behalf of individuals similarly situated to and including Applicant-Intervenor. Dkt. 70 p.2. Applicant-Intervenor then filed objections to the PACD, which were stricken because she was a non-party at the time. Dkt. 70 p.2.

6

Since the objections were stricken due to Ms. Gonzalez's status as a non-party, they cannot be said to have been considered by this Court. The Court could have certainly allowed the objection and considered it, but chose not to do so. The Parties now seek to hold this against Applicant-Intervenor for the sole reason that her previous efforts, both individually and through the union, were unsuccessful.

### 2. The Current Procedural Posture of the Case Weighs In Favor of Intervention

The current procedural posture of the instant case weighs in favor of intervention, both as of statutory right and permissive. The PACD has not yet been approved by the court, and there is no pending date for entry of approval. The fixes are easy. *See Zepeda v. PayPal, Inc.*, 2014 WL 1653246 (N.D. Cal. 2014) at *8, *citing Doe v. Cin-Lan, Inc.*, 2011 WL 379970 (E.D. Mich. 2011) (finding no dispute that motion to intervene was timely where it was filed during pendency of motion for preliminary approval of settlement).

In support of its position that the motion to intervene is not timely, the EEOC cherry-picked quotes that have been extracted from their context. The factual context from the selected cases indicates that the substantial delay at issue in the cases cited by the EEOC is nowhere near the situation of the instant case. Notably, Applicant-Intervenor was never invited to participate in or provide input on pre-litigation settlement discussions, and has not waited until a late stage in litigation (or until after the court made a decision on the merits as in some of the cited cases) to seek to intervene. *Chevron Environmental Management Company v. Environmental Protection Corporation,* 335 F.R.D. 316, 329 (E.D. Cal. 2020) (motion to intervene too late after entry of default judgment), *Standard Space Platforms Corp.*, 35 Fed. Cl. 463 (1996) (motion to be heard at oral argument filed six days before the scheduled argument at which non-party sought to be heard), *Cal. Dep't of Toxic Sub. Control v. World Cleaners, Inc.*, 2017 WL 4769439 (C.D. Cal. 2017) (motion to intervene filed after discovery closed), *Cal. Dep't of Toxic*

7
REPLY MEMORANDUM IN SUPPORT OF GONZALEZ'S MOTION TO INTERVENE
Case No. 2:21-CV-07682 DSF-JEM

*Sub. Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113 (9th Cir. 2002) (motion to intervene after would-be intervenors declined to participate in pre-litigation settlement discussion and later sought to object to that settlement in court), *SurvJustice, Inc. v. DeVos*, 2019 WL 1427447 (N.D. Ca. 2019) (motion to intervene filed after court dismissed claims, some with prejudice and some with leave to amend), *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843 (9th Cir. 2016) (class action lawsuit initiated in 1993, motion to intervene filed in 2002 after case was submitted to mediation, which resulted in settlement in 2003).

### 3. The Basis for Applicant-Intervenor's Delay is Excusable

The Parties seek to place the blame on Applicant-Intervenor for failing to predict that the EEOC would not adequately represent her claims. Furthermore, to the extent there has been a falling out between the DFEH and the EEOC, any harm arising from a dispute of the Worksharing Agreement between those two agencies should not be born by individuals such as Applicant-Intervenor who seek to vindicate their rights under the laws that each agency is tasked with enforcing.

The Parties also take the position that Applicant-Intervenor's arguments are duplicative of the arguments presented by the DFEH. Dkt. 70-0, pp. 3-4; Dkt. 72, pp. 7-9. This is not true. The DFEH was primarily concerned with the PACD's impact on its ability to administer and enforce the California Fair Employment and Housing Act, including its ongoing litigation against Defendants currently pending in Los Angeles Superior Court. Dkt. 24, p.15. Applicant-Intervenor is primarily concerned with protecting her ability to vindicate her rights under California law and to be able to choose where and how she vindicates those rights in addition to her federal rights. While both are rooted in state law, there is a difference between an agency seeking to protect its jurisdiction and an employee seeking to protect their individual rights. However, to the extent the objections are overlapping that eliminates the prejudice Defendants improperly claim from any asserted delay in filing.

### C. APPLICANT-INTERVENOR'S CONCERNS STILL HAVE NOT BEEN ADEQUATELY ADDRESSED

#### 1. The PACD Contains a Trojan Horse Waiver of State Law Claims

One of Applicant-Intervenor's concerns is that the PACD would result in the waiver of state law claims of Claimants. There are two bases for this concern: (1) the language of the agreement itself, and (2) the individual settlement agreements that Eligible Claimants will enter into with Defendants.

With regard to the language of the PACD itself, the agreement "completely and finally resolves all allegations, issues, and claims raised by the EEOC against Defendants made in the Action." Dkt. 50-1, p.7. This language is not clear as to whether or not state law claims of sex discrimination, pregnancy discrimination, and retaliation would be waived as a result of participation in the PACD. At the meet and confer held on February 23, counsel requested that the language be clarified to indicate that state law claims were not included in the settlement. This request was swiftly rejected.

The second issue is that Eligible Claimants who choose to settle with Defendants would sign individual releases of their claims against Defendants. The parties seek approval of this process while concealing the nature of the individual agreements that Eligible Claimants would be presented with. When asked at the meet and confer if state law claims would be part of this waiver, Defendants made clear that state law claims would be part of the waivers. Counsel for the EEOC suggested such provisions were necessary to avoid double recovery and that if an individual signed such an agreement and later sought to litigate their state law claims, such claims would be precluded. To be clear, there is no double recovery issue because there is an independent right to recover for violations of Title VII and FEHA. There is no requirement that an aggrieved individual choose only one basis for recovery when both statutes are violated. Further, Defendants would certainly be entitled to an offset or credit for any payments under this PACD which covered

the same claims under state law. Second, there is no claim preclusion issue because the standards for liability under Title VII and FEHA are different. *See e.g. Fuller v. City of Oakland, California*, 47 F.3d 1522,, 1527 (9th Cir. 1995) (elements for Title VII sexual harassment). *C.f. Fisher v. San Pedro Peninsula Hospital*, 214 Cal.App.3d 590, 608 (1989) (elements for FEHA sexual harassment). This individual settlement agreement method is simply a Trojan horse for the EEOC to effectuate the settlement of claims it lacks the authority to settle.

### 2. The Parties have not Adequately Addressed the Issue of Destruction of Evidence

While the Parties maintain that there will be no physical destruction of evidence, their explanation that the documents would be simply removed from personnel records, rather than destroyed, raises another problem that again steps on the state-law rights of California workers. See Dkt. 70-0, p.3. The PACD still effectively destroys the documents by interfering with the statutory right of access to these documents unless employees initiate litigation against Defendants. California employees have a statutory right of access to view their personnel files (or a copy of their files). CAL. LAB. CODE. § 1198.5. *See also* CAL. LAB. CODE § 226(b) and (c) (current and former employees' right to inspect employer pay records). By virtue of removing the documents from their personnel files but permitting Defendants to still retain the documents, employees are deprived of their state-law right to access all documents their employer has with regard to their employment. In order to access such documents, employees would have to initiate litigation in order to obtain an enforceable request to access and view affected documents.

### 3. The EEOC is Not An Adequate Representative of Applicant-Intervenor's Interests

The above issues have been raised to the Parties, whose response has been nothing short of dismissive. Indeed, Applicant-Intervenor is not the only Potential Claimant with state law rights that were violated as a result of Defendant's sexual

10

harassment, pregnancy discrimination, and retaliation. *See* Dkt. 1, ¶ 2.[1] The EEOC is only capable of settling federal law claims arising under Title VII and excluded parties from negotiation discussions who could have represented Claimants' state law interests. *See* Dkt. 24, p.7. Accordingly, by virtue of the Commission's jurisdictional limitations, as well as its refusal to clarify the PACD's language to make clear the impact on state-law claims, there is no Party to the present action that adequately represents Applicant-Intervenor's interests.

The fact that the PACD is voluntary does not eliminate the EEOC's duty to ensure fairness to the public and to potential claimants. Applicant-Intervenor has a right to participate in the PACD, and would like to do so. The EEOC's case comparisons to opt-out/choose to opt-in as a viable alternative is ignorant of a key fact: that in most class actions, the class has been certified by the court and the named plaintiff has been certified to adequately represent the interests of all class members. *See* FED. R. CIV. P. 23. Notably, compliance with Rule 23 is not required for litigation initiated by the EEOC, so there has been no certified class representative. Dkt. 70-0, p.14. Furthermore, since the PACD covers employees with claims as far back as 2016, it is entirely possible that there are individuals who never filed a claim with the EEOC and are beyond the 300-day limit to do so now, meaning their only option to vindicate their federal rights is to participate in the PACD. Yet, these same employees may have live state law claims they may wish to retain the right to pursue. *See e.g.* CAL. LAB. CODE. § 12960(e) (three-year statute of limitations for FEHA violations). The fact that the Parties repeatedly assert that the PACD is an opt-in agreement, it is in fact the only option for some individuals, and steps on the state law rights of *all* Potential Claimants.

---

[1] Non-California Potential Claimants could have state law claims for sex-based discrimination and harassment (including pregnancy discrimination) and retaliation under TEX. LAB. CODE ANN. §§ 21.051, 21.055, 21.056, 21.106; MINN. STAT. 363A.08, 363A.15; N.Y. EXEC. LAW § 296; WIS. STAT. §§ 111.321, 111.322, 111.325; and ARK. CODE ANN. § 16-123-107.

11

REPLY MEMORANDUM IN SUPPORT OF GONZALEZ'S MOTION TO INTERVENE
Case No. 2:21-CV-07682 DSF-JEM

**D. ALTERNATIVELY, PERMISSIVE INTERVENTION UNDER RULE 24(B) IS APPROPRIATE**

In the event the Court declines to grant intervention as of right under Rule 24(a), Applicant-Intervenor satisfies the requirements for permissive intervention under Rule 24(b). As indicated earlier, Applicant-Intervenor has a common question of law and fact as the claims in the EEOC complaint, and presented a timely motion. *Cooper v. Newsom*, 13 F.4th 857, 868 (9th Cir. 2021). *See also Perry v. Schwartzenegger*, 630 F.3d 898, 905 (9th Cir. 2011) (Article III standing not required for permissive intervention). Further, as explained earlier, intervention will not cause prejudice to the Parties, and Applicant-Intervenor's objections are limited in scope and do not require the Parties to throw out the entire PACD, but rather merely to clarify or carve out state law claims to protect the ability of individuals to pursue those claims.

### III. CONCLUSION

For all of the reasons set forth above, Applicant-Intervenor JESSICA GONZALEZ respectfully requests that this Court grant her motion to intervene for the limited purpose of objecting to the PACD and to request this Court hold a fairness hearing.

Dated:  March 21, 2022

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By: /s/ DAVID A. ROSENFELD
DAVID A. ROSENFELD
MICHAELA POSNER
Attorneys for Intervenor,
JESSICA GONZALEZ

152496\1255151