# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>    Plaintiff,<br><br>            v.<br><br>ACTIVISION BLIZZARD INC., et al.,<br>    Defendants. | CV 21-7682 DSF (JEMx)<br><br>Order Re Hearing on Consent Decree |

    The Court has reviewed all filings in this matter and is prepared to approve the Proposed Amended Consent Decree, subject to limited further argument and revisions addressing the Court's concerns. The Court does not intend to issue a written decision unless one or both parties submit a proposed order.

    To assist the parties and the Department of Fair Employment and Housing in focusing their arguments, if any, and to expedite final approval, the Court provides the following information:

        The Court is generally satisfied that both the monetary relief and the nonmonetary provisions are fair, reasonable, and adequate.

        The Amended Consent Decree should have a table of contents.

        The reference in X.A. to X.J. should be to XII.J.

        The provisions relating to records clearly do not either require or authorize destruction. Will the employee be advised of these provisions (other than by reading the Consent Decree) and which documents will

be segregated?  Is the employee able to obtain copies of the segregated documents?  Can the employee object to segregation?

The "and/or" in XII.A.3.d. should be "or."

The Order should read: "The provisions of the foregoing Consent Decree are fair, reasonable, and adequate and advance the public interest."

The signature block on the Proposed Amended Consent Decree should be changed to reflect the Court's title, which is "United States District Judge."  The same change should be made in the notice.  The Court also suggests the following changes to the notice:

The parenthetical ("Activision Blizzard") should be changed to ("Activision Blizzard Entities") or something similar, and that term should be used throughout.  Though such parentheticals are often used in briefs and other legal documents meant to be read by attorneys, lay people may mistakenly believe that "Activision" used later in the document means only Activision Blizzard, Inc.  The Court suggests the same change to the claim form, which sometimes refers to Activision and sometimes to Activision Entities.

The penultimate paragraph of Attachment A, page 53 should read: "If you were employed by any Activision Blizzard Entities in the United States at any time between . . . ."

The penultimate paragraph of Attachment A, page 55 should read:  "If you are or were employed by any Activision Blizzard Entities in the United States, please take notice . . . ."

Question 4 of the Claim Form is confusing.  It first asks whether the claimant "personally experience[d] any of the following behaviors."  But the next sentence tells the claimant to "describe what you experienced and/or witnessed."  The references to "you" in the choices that follow do not appear to apply to witnesses or to suggest the claimant should respond if he/she only witnessed the described conduct, but did not personally experience it.

The language in paragraph 1 of the Release is broader and more detailed than the language in paragraph 4. The description does not refer to contract or tort claims, though those are given as examples in the specific responses to the Court's earlier questions. The scope of the claimant's release would be clearer if paragraph 4 were renumbered so it follows paragraph 1.

Though the Court may permit limited argument on other issues, many of the matters raised by the proposed intervenors, including the DFEH, are issues as to which the Court should – and will – defer to the Equal Employment Opportunity Commission.

The parties have not specifically responded to the DFEH's Objections, though the Court notes that many of the statements in the Objections are simply inaccurate, based on speculation, or otherwise address issues that the DFEH should not be concerned with. As to the release of the FEHA claims for sex harassment, pregnancy discrimination, or related retaliation, though the EEOC has noted that the Regional Attorney's Manual explicitly states that the EEOC's compliance or noncompliance with the Manual is not subject to judicial review, the EEOC also states that the "Manual explicitly allows releases of claims beyond Title VII if the eligible claimant is represented by counsel, as will be the case here." Dkt. 35 at 11-12. Here, however, there is no requirement that the claimants be represented by counsel, only an indication that they may do so and an offer of compensation for one hour of attorney time. The parties should be prepared to submit any additional authority on this issue (and may do so before the hearing).

A hearing on the Proposed Amended Consent Decree is set for March 29, 2022 at 9:00 a.m. The hearing will take place by Zoom only.

IT IS SO ORDERED.

Date: March 22, 2022

_____
Dale S. Fischer
United States District Judge

3