Anna Y. Park, SBN 164242
anna.park@eeoc.gov
Nakkisa Akhavan, SBN 286260
nakkisa.akhavan@eeoc.gov
Taylor Markey, SBN 319557
taylor.markey@eeoc.gov
Maurice Neishlos, NY SBN 5639265
maurice.neishlos@eeoc.gov
Alisha Ansari, SBN 312875
alisha.ansari@eeoc.gov
Ella Hushagen, SBN 297990
ella.hushagen@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 422-8396
Facsimile: (213) 894-1301
E Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>ACTIVISION BLIZZARD, INC., BLIZZARD ENTERTAINMENT, INC., ACTIVISION PUBLISHING, INC., and KING.COM, INC., and DOES ONE through TEN, inclusive,<br><br>Defendants. | Case No.: 2:21-cv-07682-DSF-JEM<br><br>**JOINT RESPONSE TO COURT-REQUESTED CLARIFICATIONS** |

1  ELENA R. BACA (SB# 160564)
   elenabaca@paulhastings.com
2  FELICIA A. DAVIS (SB# 266523)
3  feliciadavis@paulhastings.com
   PAUL HASTINGS LLP
4  515 South Flower Street
5  Twenty-Fifth Floor
   Los Angeles, California 90071-2228
6  Telephone: (213) 683-6000
7  Facsimile: (213) 627-0705
8
   RYAN D. DERRY (SB# 244337)
9  ryanderry@paulhastings.com
10 PAUL HASTINGS LLP
   101 California Street
11 Forty-Eighth Floor
12 San Francisco, California 94111
   Telephone: (415) 856-7000
13 Facsimile: (415) 856-7100
14
15 Attorneys for Defendants
   ACTIVISION BLIZZARD, INC.,
16 BLIZZARD ENTERTAINMENT, INC.,
17 ACTIVISION PUBLISHING, INC., AND
   KING.COM, INC.
18

19
20
21
22
23
24
25
26
27
28

TO THE HONORABLE DISTRICT COURT JUDGE:

Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") and Defendants Activision Blizzard, Inc., Blizzard Entertainment, Inc., Activision Publishing, Inc., and King.Com, Inc. ("Defendants" or "Activision Blizzard Entities") (collectively, the "Parties") file this Joint Response to the Court's Order Re: Hearing on Consent Decree (Dkt. No. 76) in order to provide clarifications requested by the Court. In addition to the edits to the Proposed Amended Consent Decree provided by the Court, the Order identifies two substantive areas for further clarification: (1) the provision of the Proposed Amended Consent Decree regarding segregation, as requested by claimants, from an Eligible Claimant's personnel file of any references to the Eligible Claimant's allegations of sexual harassment, pregnancy discrimination, or related retaliation (§ X.A), and (2) the provision relating to claimants' consultation with independent counsel before signing a release of claims (§ IX.B.4.h). The Parties address each issue in turn.

1. **Documents in Claimant Personnel Files**

As the Court found, the Proposed Amended Consent Decree submitted by EEOC and Defendants relating to segregation of certain records "clearly do[es] not either require or authorize destruction" of evidence. Dkt. No. 76 at 1-2. The Decree (at § X.A) is designed to give Eligible Claimants the *option* to remove references to Eligible Claimants' allegations of sexual harassment, pregnancy discrimination, and/or related retaliation from their personnel files. This relief will flow only to Eligible Claimants who request it on the Claim Form or in their subsequent discussions with EEOC. *See* Dkt. No. 50-3 (Claim Form) at 16-17, Questions 41-42. The Claim Form[1] states: "EEOC will consult with you prior to instructing Activision Blizzard to remove any documents." Thus, Eligible Claimants will have the choice to decide whether any documents are segregated from their own personnel files. *Id.*

---

[1] Contrary to DFEH's assertions to contrary in its Objections, Claim Forms completed by potential claimants will *not* be provided to Defendants. *See* Claim Form, at 1; Dkt. No. 50-2 (Notice of Settlement) at 2.

This is a claimant-specific provision typically proposed and negotiated by the EEOC that is intended to ensure that potential adverse actions related to an Eligible Claimant's allegations of sexual harassment, pregnancy discrimination, or related retaliation will not affect them in their future employment with Defendants or in their future careers, for example, if they seek other work, promotions, unemployment benefits, or other situations in which such documentation in their personnel files might adversely affect them.

The Parties provide the following responses to the Court's questions:

1. **"Will the employee be advised of these provisions (other than by reading the Consent Decree) and which documents will be segregated?"** Dkt. No. 76 at 2.

   **The Parties Respond:** Yes. The Claim Form explains the option of document removal from the Eligible Claimant's personnel file and the forthcoming claims administration website will provide further details about this optional process. The proposed Notice states: "EEOC or the Claims Administrator may reach out to you by phone or email to ask questions and get further information from you if necessary." Dkt. No. 50-2 (Notice of Settlement) at 2. As a practical matter, the EEOC will reach out to each person who marks 'yes' in response to Question 41 (indicating they believe that there are objectionable documents that reference allegations of harassment, pregnancy discrimination or retaliation in their personnel file) to ask whether they consent to the EEOC requesting their personnel file from Defendants and to coordinate review of the documents with the Eligible Claimant. With respect to which documents will be segregated, the Proposed Amended Consent Decree states that "any references to the Eligible Claimant's allegations of sexual harassment, pregnancy discrimination, or related retaliation or determined by the EEOC to be related to such allegations" are eligible to be removed. Dkt. No. 50-1 (Proposed Amended Consent Decree), § X.A.

2. **Is the employee able to obtain copies of the segregated documents?** Dkt. No. 76 at 2.

**The Parties Respond:** Yes. The Proposed Amended Decree specifies that Defendants "must retain a record of any information removed from an Eligible Claimant's personnel file pursuant to this subsection separately from Eligible Claimants' personnel files consistent with the recordkeeping provisions contained in Section X.J. or otherwise required by law[.]" Dkt. No. 50-1 at X(A). The employee may request copies of the segregated documents.

3. **"Can the employee object to segregation?"** Dkt. No. 76 at 2.

**The Parties Respond:** Yes. Documents that reference allegations of harassment, pregnancy discrimination or retaliation will not be segregated from personnel files unless the Eligible Claimant requests such relief. Dkt. No. 50-3, 16-17; Markey Decl. ¶¶ 3-4. There will be no wholesale removal of documents from personnel records; rather, documents will only be removed from personnel files at the affirmative request of the Eligible Claimant and upon review by the EEOC. If any such documents are removed from the personnel file, Defendants will segregate and retain them, as legally required under the Consent Decree and by applicable laws.

**2. Independent Counsel will Advise Eligible Claimants on the Separate Release**

The Court requested additional authority regarding whether the Eligible Claimants will be required to obtain representation from private, independent counsel to obtain legal advice regarding whether to sign the release of claims. Dkt. No. 76 at 3. As the Court noted in its Order, the EEOC Regional Attorney's Manual permits claimants to release claims beyond those asserted in EEOC's suit where the claimant is actually represented by private counsel. *Id.* (citing Dkt. No. 35 at 11-12); *see also* Dkt. No. 24-6, Regional Attorney's Manual, Part 3, IV., A.2.d ("A claimant represented by private counsel can agree to a broader waiver [of claims beyond those asserted in the Commission's complaint], but in the absence of such an agreement, a represented claimant's recovery on the Commission's

claims cannot be conditioned on the release of any other claim(s). . . . [A] represented claimant can agree to a broader waiver. However, this requires actual representation; simply informing a claimant of his or her right to private counsel is not sufficient, even if the claimant expressly declines the right."); *see, e.g., EEOC v. Hardee's Food Sys., Inc.*, 2005 WL 2333760, at *2 (W.D. Mo. Sept. 14, 2005) (consent decree requiring release of claims and providing that Defendant will reimburse charging party for amount of attorneys' fees incurred in consulting with private attorney prior to signing release).[2]

Notably, the EEOC will not enter into a consent decree that conditions a claimant's right to relief on conditions that are contrary to public policy, regardless of whether the claimant is represented by private counsel. *See* Regional Attorney's Manual, Part 3, IV., A.2.d ("no individual can be required as a condition of obtaining relief on a Commission claim to agree to refrain from seeking future employment with the defendant or to keep the terms of his or her recovery confidential. As with the waiver of separate claims, a represented claimant can agree to such conditions, but his or her right to relief on the Commission's claims cannot be conditioned on such an agreement"). Thus, the release here is narrowly tailored to the type of claims asserted in EEOC's suit (sexual harassment, pregnancy discrimination, and related retaliation), based on the same factual predicate, does not limit a claimant's right to pursue any other claims they may wish to assert, and

---

[2] Moreover, as noted in earlier briefing, the Ninth Circuit has held that "[a] settlement agreement may preclude a party from bringing a related claim in the future 'even though the claim was not presented and might not have been presentable in the class action,' but only where the released claim is 'based on the identical factual predicate as that underlying the claims in the settled class action.'" *Hesse v. Sprint Co.*, 598 F.3d 581, 590 (9th Cir. 2010). The Ninth Circuit applied this reasoning to hold that a state court's approval of a settlement agreement could release not only the state law fraudulent billing claims before it, but also federal RICO claims arising from the same billing practices. *Howard v. America Online, Inc.*, 208 F.3d 741, 746-48 (9th Cir. 2000). Here, the claims to be released not only share an identical factual predicate, but the release is also expressly limited to analogue claims under state law.

does not contain any provision that would otherwise limit their rights or violate public policy.[3]

The Court noted the EEOC's view that its Regional Attorney's Manual permits Eligible Claimants to enter into releases broader than Title VII provided they consult with counsel prior to signing a release. Dkt. No. 76 at 3. The intent of the provision in the Proposed Amended Consent Decree regarding consultation with counsel is that the Eligible Claimants who wish to *accept* the Claim Share Amount will have consulted with independent counsel. Eligible Claimants who wish to *reject* the Claim Share Amount need not consult an attorney before rejecting the award. The payment of one hour of attorneys' fees was negotiated to remove any barrier to receiving counsel. Similar provisions requiring Defendants to pay for advice of private counsel for similar amounts of time have been routinely approved by courts in EEOC consent decrees. *See* Dkt. No. 35 (EEOC's Opposition to DFEH's Motion to Intervene) at 13, fn. 10 for citations.

Last, the Parties have concurrently filed revised versions of the Amended Consent Decree, Notice, Claim Form and Release reflecting the line edits requested by the Court in Dkt. No. 76.[4] The Parties remain open and willing to provide any additional information required by the Court. The Parties look forward to the entry of the Proposed Amended Consent Decree.

---

[3] DFEH has mischaracterized the release as a broad waiver of claims. In fact, the release is limited to claims of sexual harassment, pregnancy discrimination and related retaliation. Dkt. No. 50-4 (Proposed Release).

[4] The Parties question whether the Court intended to request that Parties substitute "United States" for "California" in the Notice and have not yet made that change. *See* Dkt-76 at 3. That section of the Notice informs California employees of the DFEH lawsuit, which would not seem relevant to out-of-state employees.

|   |   |   |
|---|---|---|
| | | Respectfully submitted, |
| Dated: March 25, 2022 | | U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION |
| | By: | */s/ Taylor Markey*<br>TAYLOR MARKEY<br>Attorneys for Plaintiff |
| Dated: March 25, 2022 | | PAUL HASTINGS LLP |
| | By: | */s/ Elena Baca*<br>ELENA R. BACA<br>Attorneys for Defendants |