# EXHIBIT 1

Anna Y. Park, SBN 164242
anna.park@eeoc.gov
Nakkisa Akhavan, SBN 236260
nakkisa.akhavan@eeoc.gov
Taylor Markey, SBN 319557
taylor.markey@eeoc.gov
Maurice Neishlos, NY SBN 5639265
maurice.neishlos@eeoc.gov
Alisha Ansari, SBN 312875
alisha.ansari@eeoc.gov
Ella Hushagen, SBN 297990
ella.hushagen@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 422-8396
Facsimile:  (213) 894-1301

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

[*Additional Counsel Listed on Next Page*]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br>vs.<br><br>ACTIVISION BLIZZARD, INC., BLIZZARD ENTERTAINMENT, INC., ACTIVISION PUBLISHING, INC., AND KING.COM, INC., inclusive,<br><br>Defendants. | CASE NO. 2:21-CV-07682 DSF-JEM<br><br>**[PROPOSED] SECOND AMENDED CONSENT DECREE** |

PAUL HASTINGS LLP
ELENA R. BACA (SB# 160564)
elenabaca@paulhastings.com
FELICIA A. DAVIS (SB# 266523)
feliciadavis@paulhastings.com
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, California  90071-
2228
Telephone:  1(213) 683-6000
Facsimile:  1(213) 627-0705

PAUL HASTINGS LLP
RYAN D. DERRY (SB# 244337)
ryanderry@paulhastings.com
101 California Street
Forty-Eighth Floor
San Francisco, California  94111
Telephone:  1(415) 856-7000
Facsimile:  1(415) 856-7100

Attorneys For Defendants
ACTIVISION BLIZZARD, INC.,
BLIZZARD ENTERTAINMENT,
INC., ACTIVISION PUBLISHING,
INC., and KING.COM, INC.

# **TABLE OF CONTENTS**

I.      RECITALS AND BACKGROUND .................................................................... 1

II.     PURPOSES AND SCOPE OF THE DECREE ............................................ 2

III.    DEFINITIONS ................................................................................................... 3

IV.     RELEASE OF CLAIMS ................................................................................... 5

V.      JURISDICTION ................................................................................................. 6

VI.     EFFECTIVE DATE AND DURATION OF DECREE ................................ 7

VII.    MODIFICATION AND SEVERABILITY .................................................... 7

VIII.   COMPLIANCE AND DISPUTE RESOLUTION ....................................... 8

        A. EEOC Review Regarding Compliance ...................................................... 8

        B. Non-Compliance ........................................................................................... 8

IX.     MONETARY RELIEF AND CLAIMS ADMINISTRATOR ...................... 9

        A. Establishing a Settlement Fund and General Provisions............................. 9

        B. Claims Administration ................................................................................. 9

        1. Claims Administrator Selection and Approval ....................................... 9

        2. Responsibility for Claims Administrator's Fee and Costs ................... 10

        3. Claims Administrator's Duties and Responsibilities ............................ 10

        4. Claims Process and Distribution of Settlement Fund .......................... 11

            a.   Website, Email Address, and Toll-Free Telephone Number ........ 11

            b.   List of Potential Claimants ......................................................... 12

            c.   Notice of Settlement and Claim Form .......................................... 12

            d.   Mailing Notice of Settlement, Claim Form, and Utilization
                 of Media ...................................................................................... 12

            e.   Return Mail Handling .................................................................. 13

            f.   Claim Filing Deadline.................................................................. 13

            g.   Claim Form Evaluation................................................................. 14

            h.   Notices of Eligible Claimants ..................................................... 15

i.  Receiving Acceptance and Release ................................................ 15

j.  Unaccepted Eligible Claimants' Shares ........................................ 15

k.  Subsequent Distribution List(s) ................................................... 16

l.  Deposit of Employer's Portion of the Payroll Taxes and Final
    Distribution ................................................................................... 16

m. Returned or Uncashed Checks ..................................................... 16

n.  Undistributed Excess Funds ......................................................... 17

o.  Tax Reporting Forms .................................................................... 18

p.  Notice of Checks Issued ............................................................... 18

q.  Report to Tax Authorities ............................................................ 19

r.  Cooperation ................................................................................... 19

X.    CLAIMANT-SPECIFIC INJUNCTIVE RELIEF ...................................... 19

XI.   GENERAL INJUNCTION RELIEF ......................................................... 20

      A. Anti-Discrimination and Harassment .......................................... 20

      B. Anti-Retaliation ............................................................................. 20

XII.  SPECIFIC INJUNCTIVE RELIEF ........................................................... 21

      A. Equal Employment Opportunity Consultant ............................... 21

      B. Internal EEO Coordinator ............................................................. 23

      C. Compliance Audits ........................................................................ 25

         1. Pending and Current Complaints ............................................ 25

         2. Audit of Identified Departments and Functions ..................... 26

         3. Annual Audits ........................................................................... 26

         4. Review of Workplace Policies and Procedures ...................... 28

         5. Internal Complaint Investigation Procedure .......................... 30

         6. Distribution of Workplace Policies and Procedures .............. 33

      D. Trainings ....................................................................................... 33

         1. Compliance Trainings .............................................................. 33

2. HR/Investigation Trainings ................................................................34

3. Preventing Workplace Harassment Training ......................................35

4. All Trainings ......................................................................................36

E. Complaint Log ...........................................................................................37

F. Performance Evaluations ...........................................................................39

G. Mental Health Support ..............................................................................39

H. Relationship with Staffing Agencies ........................................................40

I. Hotline .......................................................................................................41

J. Record Keeping .........................................................................................41

K. Reporting to the EEOC .............................................................................43

1. Initial Report ....................................................................................43

2. Semi-Annual Report .........................................................................44

3. Exit Report ........................................................................................46

XIII. COSTS OF ADMINISTRATION AND IMPLEMENTATION
OF DECREE ....................................................................................................46

XIV. COSTS AND ATTORNEYS' FEES ....................................................................46

XV. MISCELLANEOUS PROVISIONS ....................................................................46

XVI. SIGNATURES ...................................................................................................47

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC")
and Activision Blizzard, Inc. ("Activision Blizzard"), Activision Publishing, Inc.
("Activision Publishing"), Blizzard Entertainment, Inc. ("Blizzard"), and King.com,
Inc. ("King") (collectively, and including their respective subsidiaries with
employees in the United States, "Defendants"), collectively referred to as "the
Parties," hereby stipulate and agree to entry of this Consent Decree (the "Decree")
to fully and finally resolve any allegations contained in the Complaint filed by the
EEOC in *EEOC v. Activision Blizzard, Inc.*, et al., with Case No. 2:21-CV-07682
DSF-JEM ("Action").

## I.    RECITALS AND BACKGROUND

Plaintiff filed this Action in the United States District Court, Central District
of California, for violation of Title VII of the Civil Rights Act of 1964 ("Title
VII"); in *EEOC v. Activision, et al.*, with Case No. 2:21-CV-07682 DSF-JEM (the
"Action").  The Action alleges that Defendants engaged in unlawful employment
practices by subjecting employees, individuals, or a group of individuals to sexual
harassment, pregnancy discrimination, and/or related retaliation in violation of
Sections 703(a) and 704(a) of Title VII 2000e-2(a), 2000e-3(a).

Activision Publishing and its related subsidiaries and companies with
employees in the United States, Blizzard and its related subsidiaries and companies
with employees in the United States, and King and its related subsidiaries and
companies with employees in the United States, are wholly owned subsidiaries of
Activision Blizzard.  Since 2016 and through the present, Activision Publishing,
Blizzard, and King maintained separate workforces in distinct office locations.
Blizzard also maintained human resources and personnel functions separate from
those of Activision Blizzard and Activision Publishing until August 2019.  Prior to
his departure in late 2018, Blizzard's Chief Executive Officer was co-founder
Michael Morhaime.

Defendants expressly deny that they subjected any individual or group of individuals to sexual harassment, pregnancy discrimination or related retaliation, deny all allegations of wrongdoing, liability, damages and entitlement to other relief set forth in the Action whether arising under Title VII or analogous state and local laws, deny any group or systemic discrimination or harassment, and deny that any of their policies and procedures are inadequate. However, the Parties recognize that through this Decree the Parties can avoid the expense, distraction and possible litigation associated with such a dispute and thus the Parties wish to resolve all issues through this Decree.

## II.   **PURPOSES AND SCOPE OF THE DECREE**

In the interest of resolving this matter, the Parties have agreed that this Action should be finally settled by entry of this Decree, and all claims brought by the EEOC, including those arising out of any of the same factual predicates as those in the Action, will be fully and completely resolved by this Decree. This Decree shall be binding on and enforceable against Defendants, as well as their parents, subsidiaries, officers, directors, agents, successors, and assigns. The scope of this Decree includes all United States operations and United States-based employees of all Defendants, unless otherwise indicated.

The Parties have entered into this Decree for the following purposes:

A.   To provide appropriate monetary and injunctive relief;

B.   To ensure that Defendants' employment practices comply with pertinent laws regarding sexual harassment, pregnancy discrimination, and related retaliation throughout the Decree term;

C.   To ensure that Defendants maintain workplaces free of sexual harassment, pregnancy discrimination, and related retaliation throughout the Decree term;

D.   To ensure that Defendants take reasonable steps to prevent and correct sexual harassment, pregnancy discrimination, and related retaliation throughout the Decree term;

E.   To review and update Defendants' policies, practices, and procedures with respect to discrimination, harassment, and related retaliation;

F.   To review and ensure effective training for Defendants' employees, managers, supervisors, and human resources personnel with respect to the pertinent laws regarding gender discrimination, harassment, and related retaliation throughout the Decree term;

G.   To ensure proper accountability and appropriate and effective handling of complaints of sexual harassment, pregnancy discrimination, and related retaliation throughout the Decree term;

H.   To ensure appropriate review, record keeping, and reporting related to sexual harassment, pregnancy discrimination, and related retaliation in Defendants' workplaces throughout the Decree term; and

I.   To avoid the time, expense, and uncertainty of possible litigation and to address the findings made by the EEOC in its Letter of Determination.

## III.   **<u>DEFINITIONS</u>**

A.   "Action" is U.S. Equal Employment Opportunity Commission v. Activision Blizzard, Inc., et al.; Case No. 2:21-CV-07682 DSF-JEM.

B.   "Plaintiff" is the U.S. Equal Employment Opportunity Commission.

C.   "Defendants" are Activision Blizzard, Inc., Activision Publishing, Inc., Blizzard Entertainment, Inc., and King.com, Inc. including their respective subsidiaries with employees in the United States.

D.   "Potential Claimant" is an individual who was an employee at any of Defendants at any time since September 1, 2016.

E.      "Claimant" is a Potential Claimant who timely submits a Claim Form
        to the Claims Administrator.

F.      "Claims Administrator" is an independent company responsible for
        handling administration of the claims process in accordance with
        Section IX.B.1.

G.      "Claim Form" is the form developed by the EEOC in accordance with
        Section IX.B.4.c. to determine whether a Claimant will be designated
        as an Eligible Claimant.

H.      "Court" is the United States District Court for the Central District of
        California.

I.      "Cy Pres Fund" consists of those Undistributed Excess Funds that may
        be distributed to charitable organizations that have received tax-
        exempt status under Internal Revenue Code § 501(c)(3) and whose
        missions involve advancing women in the video game and technology
        industries or promoting awareness around sexual harassment and
        gender equality issues.

J.      "Decree" is this Consent Decree.

K.      "Distribution List" is the list of Eligible Claimants and the amount to
        be paid to each.

L.      "Diversity and Inclusion Fund" consists of those Undistributed Excess
        Funds that may be allocated to diversity and inclusion efforts in
        Defendants' workplaces above and beyond Defendants' existing
        obligations under this Decree.

M.      "EEO Consultant" is the third-party Equal Employment Opportunity
        Consultant agreed to by the Parties and prescribed in Section XII.A.

N.      "EEOC" is the United States Equal Employment Opportunity
        Commission.

O.    "Eligible Claimant" is a Claimant who, in the EEOC's sole discretion, meets all of the following requirements: (i) was employed by Defendants at any time from September 1, 2016 to the Effective Date; and (ii) based on the EEOC's assessment could assert a viable claim for sexual harassment, pregnancy discrimination, or related retaliation (including but not limited to termination or constructive discharge) by Defendants.  Such Eligible Claimants will be eligible for monetary relief from the Settlement Fund, as determined by the EEOC.

P.    "Effective Date" is the date this Decree is entered by the Court.

Q.    "List of Potential Claimants" is a list of each current and former employee who worked for any Defendant at its United States locations from September 1, 2016 to the Effective Date.

R.    "Notice of Settlement" is the notice prepared by the EEOC to advise Potential Claimants of the fact and terms of the Decree, the required procedure, and the deadline to submit a Claim Form.

S.    "Settlement Fund" is the escrow account into which Defendants will cause to be deposited the sum of $18,000,000 for distribution in accordance with the terms of this Decree.

T.    "Title VII" is Title VII of the Civil Rights Act of 1964, 42 U.S.C. sections 2000e, et seq.

U.    "Undistributed Excess Funds" are those funds remaining in the Settlement Fund after distribution to the Eligible Claimants named in the final Distribution List.

IV.   **RELEASE OF CLAIMS**

A.    The Parties agree that this Decree completely and finally resolves all allegations, issues, and claims raised by the EEOC against Defendants made in the Action, including Charge Number 480-2018-05212.

B. Nothing in this Decree is, nor should be construed as, an admission of wrongdoing or liability by Defendants either in this proceeding or in any other proceeding.

C. Nothing in this Decree constitutes, nor should be construed as constituting, the imposition of any penalty against Defendants.

D. Nothing in this Decree will be construed to limit or reduce Defendants' obligation to comply fully with Title VII or any other federal employment statute.

E. Nothing in this Decree shall be construed to preclude the EEOC from enforcing this Decree in the event that Defendants fail to perform the promises and representations contained herein.

F. This Decree in no way affects the EEOC's right to bring, process, investigate, or litigate charges that may be in existence or may later arise against Defendants other than claims brought in this Action.

## V.  **<u>JURISDICTION</u>**

A. The Court has complete jurisdiction over the Parties and the subject matter of this litigation.  *See* 29 U.S.C. § 626(b).  The Action asserts claims that, if proven, would authorize the Court in its discretion to grant the equitable relief set forth in this Decree.  The terms and provisions of this Decree are fair, reasonable, and adequate under Title VII.  This Decree conforms to the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person.

B. The Court will retain jurisdiction of this Action during the duration of the Decree for the purposes of entering all orders, modifications, judgments, and decrees that may be necessary to implement the relief provided herein.

C.    Only the EEOC may enforce compliance with this Decree.

## VI.   EFFECTIVE DATE AND DURATION OF DECREE

A.    The provisions and agreements contained herein are effective immediately upon the date this Decree is entered by the Court (the Effective Date).

B.    Except as otherwise provided herein, this Decree will remain in effect for three (3) years after the Effective Date and will expire by its own terms at the end of the thirty-sixth (36th) month from the Effective Date without further action by the Court, the EEOC, or Defendants.

## VII.   MODIFICATION AND SEVERABILITY

A.    This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein.  No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

B.    If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties will make good faith efforts to agree upon appropriate amendments in order to effectuate the purposes of the Decree.  If any provision of the Decree is rendered unlawful or unenforceable, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

C.    By mutual written agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions herein.

## VIII.  COMPLIANCE AND DISPUTE RESOLUTION

### A.   EEOC Review Regarding Compliance

Defendants agree that the EEOC can review compliance with this Decree. The EEOC may request from the EEO Consultant a copy of any document received or created by the EEO Consultant as a result of the EEO Consultant's duties as described in this Decree.  The EEOC may request from the Internal EEO Coordinator, as defined in Section XII.B., a copy of any document created by the Internal EEO Coordinator as a result of the Internal EEO Coordinator's duties as described in this Decree.  The EEOC may request from the Claims Administrator a copy of any document received or created by the Claims Administrator as a result of the Claims Administrator's duties as described in this Decree.  The EEOC may request that Defendants permit the EEOC to interview employees, including those selected by the EEOC, or inspect Defendants' records.  Defendants' attorneys may be present if the EEOC interviews a member of management or any person who possesses attorney-client privileged information of Defendants regarding the topic of the interview, unless the interview is about that person's own sexual harassment, pregnancy discrimination, or related retaliation claim.  Defendants must comply with any such request to review, interview, or inspect within thirty (30) days of the EEOC's request, unless otherwise agreed by the Parties.

### B.   Non-Compliance

The Parties expressly agree that if Defendants have failed to comply with any provision of this Decree, the EEOC may seek to enforce this Decree, seeking all available relief, including an extension of the term of the Decree, the EEOC's costs and any attorneys' fees incurred in securing compliance with the Decree, additional monetary relief, additional injunctive relief, and/or any other relief the Court deems appropriate.

Prior to initiating such action, the EEOC will notify Defendants and their legal counsel of record, in writing, of the nature of the dispute.  This notice shall

specify the particular provision(s) that the EEOC believes Defendants have violated or breached.  Defendants shall have sixty (60) days from receipt of such written notice to attempt to resolve or cure the breach.  The Parties may agree to extend this period upon mutual consent.  The Parties agree to cooperate with each other and use their best efforts to resolve any dispute referenced in the EEOC notice.

## IX.   MONETARY RELIEF AND CLAIMS ADMINISTRATION

### A.   Establishing a Settlement Fund and General Provisions

1. Defendants will provide a total fund of $18,000,000 to be available to Eligible Claimants to resolve this Action.  Within thirty (30) calendar days of the Effective Date, Defendants will cause that sum to be deposited into the Settlement Fund and provide the EEOC with written verification of that funding within seven (7) calendar days of deposit.

2. The EEOC has full and complete discretion under the terms of this Decree to determine who is an Eligible Claimant meeting the requirements of eligibility for payment and the amount and characterization of such payments as income, wages or otherwise, as hereinafter described in this Decree.

### B.   Claims Administration

#### 1.   Claims Administrator Selection and Approval

Within thirty (30) calendar days of the Effective Date, Defendants will hire and appoint a Claims Administrator, approved by the EEOC, to oversee the claims process and payments to Eligible Claimants as directed by the EEOC.  If the Claims Administrator initially appointed by Defendants thereafter declines to serve or to carry out its duties under this Decree, Defendants will have ten (10) business days to notify the EEOC in writing of the need for a replacement Claims Administrator and will provide the EEOC with the name of a new Claims Administrator for

approval by the EEOC.  If the EEOC objects to the appointment of the new Claims Administrator identified by Defendants, the Parties will meet and confer until they reach mutual agreement on a replacement Claims Administrator.  In the absence of an agreement of the parties, the EEOC may appoint a Claims Administrator.

**2.      Responsibility for Claims Administrator's Fees and Costs**

Defendants will pay all costs associated with the selection and retention of the Claims Administrator as well as the performance of the Claims Administrator's duties under this Decree.

**3.      Claims Administrator's Duties and Responsibilities**

The Claims Administrator will work with the EEOC and Defendants to carry out the terms of the Decree.  The Claims Administrator will be responsible for: (a) establishing, within fifteen (15) calendar days of being appointed, an interest-bearing account to hold in trust the Settlement Fund and notifying the EEOC and Defendants when the account is established and ready for deposit of the Settlement Fund; (b) receiving and holding the Settlement Fund in trust, until distribution; (c) establishing an informational website accessible to the Parties and Potential Claimants; (d) establishing an email address, mobile phone number, or other digital means of contact accessible to Potential Claimants to submit questions and Claim Forms; (e) establishing a toll-free telephone number accessible to Potential Claimants; (f) responding to information requests from Potential Claimants; (g) sending notices and Claim Forms to Potential Claimants; (h) obtaining updated addresses for Potential Claimants and re-mailing returned notices; (i) receiving and processing Claim Forms as provided in the Decree; (j)  communicating, receiving, and processing documents from and with Claimants and Eligible Claimants; (k) sending notices of ineligibility to those Claimants determined by the EEOC not to be Eligible Claimants; (l) issuing payments to Eligible Claimants in accordance with the final Distribution List provided by the EEOC; (m) calculating withholding

and payroll taxes and issuing tax reporting forms to each Eligible Claimant who receives a settlement payment; (n) depositing the employer-share of payroll taxes with the appropriate taxing authorities; (o) filing tax returns and issuing IRS Form W-2's and 1099's with respect to the Settlement Fund; (p) communicating as necessary with the EEOC and Defendants; (q) tracking all necessary data regarding contact with Potential Claimants, Claimants, and Eligible Claimants; (r) reissuing checks where required in consultation with the EEOC; (s) final distribution of the Settlement Fund; and (t) final distribution of the Cy Pres Fund and the Diversity and Inclusion Fund, if any.

### 4. Claims Process and Distribution of Settlement Fund

#### a. Website, Email Address, and Toll-Free Telephone Number

Within thirty (30) calendar days after being retained, the Claims Administrator will: (i) establish a website that will be accessible to the Parties and Potential Claimants; (ii) establish an email address for purposes of communicating with Potential Claimants by email; and (iii) establish a toll-free telephone number that will be accessible to Potential Claimants. The website and email address will be set up so that Potential Claimants may obtain and submit a Claim Form electronically.

Information posted on the website and available on a recorded message on the toll-free telephone number will be limited to the general information included in the Notice of Settlement sent to Potential Claimants or updated information as to status of the claim process (*e.g.*, claim-filing deadline; projected distribution date when known). The website will provide information regarding the Settlement Fund and how to complete the Claim Form. The website shall include an embedded Claim Form and the Claim Form shall also be available for download by Potential

Claimants.  The website shall also explain how Potential Claimants can seek assistance in completing the Claim Form.

b.     **List of Potential Claimants**

Within thirty (30) calendar days of the Effective Date, Defendants will provide the Claims Administrator with a list of each current and former employee who worked for any Defendant at a United States location from September 1, 2016 to the Effective Date ("List of Potential Claimants"). For each individual on the List of Potential Claimants, Defendants will provide the following information from their records, to the extent known by Defendants:  (a) full name, including all known prior names or aliases; (b) last known address; (c) date of birth; (d) social security number; (e) employee identification number, if any, and if different from the employee's Social Security Number; (f) last known telephone numbers; (g) last known email addresses; (h) dates of employment at any of the Defendants by employer to the extent possible; and (i) any relevant documents or information related to the claims for the EEOC to consider.

c.     **Notice of Settlement and Claim Form**

After the Claims Administrator is retained, the EEOC will provide the Claims Administrator with the following forms: (a) Notice of Settlement (attached to this Decree as Attachment A) and (b) Claim Form (attached to this Decree as Attachment B).  The EEOC will afford Defendants an opportunity to provide input on the Notice of Settlement and Claim Form, but EEOC will make the final determination regarding the form and contents of these documents.

d.     **Mailing Notice of Settlement, Claim Form, and Utilization of Media**

Upon receipt of the List of Potential Claimants from Defendants, the Claims Administrator will first utilize available resources including a database search to update email addresses and addresses.  Using the updated addresses, the Claims

Administrator will mail via USPS Priority Mail and email the Notice of Settlement, the Claim Form, and a return envelope addressed to the Claims Administrator to each Potential Claimant not later than twenty-eight (28) calendar days after the Claims Administrator receives the Notice of Settlement and Claim Form.  The Claims Administrator will provide to the EEOC a roster of the U.S. mail (sent via USPS Priority Mail) and email transmissions no later than ten (10) calendar days after they are completed.

e.     **Return Mail Handling**

For each mailing to a Potential Claimant that is returned as undeliverable, the Claims Administrator will, within ten (10) calendar days:  (1) research the Potential Claimant's most-recent address, using best efforts and a database search to locate the Potential Claimant; and (2) (a) resend the Notice of Settlement, Claim Form, and cover letter to the new or different address via USPS Priority Mail if a new or different address is obtained, or (b) advise the EEOC of the efforts taken to locate the Potential Claimant if no new or different address is obtained.  The Claims Administrator will make no more than two (2) attempts to locate a Potential Claimant whose mailing is returned as undeliverable and in no event will any re-mailing of the Notice of Settlement and Claim Form occur more than six (6) months later than the Effective Date unless the EEOC determines a re-mailing is needed to advance the interest of the terms of this Decree.

f.     **Claim Filing Deadline**

Potential Claimants who believe they are entitled to an award from the Settlement Fund may submit a Claim Form.  A Potential Claimant's final Claim Form filing deadline will be the later of one hundred twenty (120) calendar days after the Notice of Settlement and the Claim Form are originally mailed to that Potential Claimant, or one hundred twenty (120) calendar days after the date the Notice of Settlement and the Claim Form are re-mailed to that Potential Claimant.

Claim Forms postmarked or submitted electronically to the Claims Administrator within these periods will be considered timely.  However, Claim Forms that are received after the aforementioned time periods may be considered by the EEOC at its sole discretion.

g.      **Claim Form Evaluation**

The EEOC and Defendants will discuss the general criteria for evaluating claims made through Claim Forms.  The Claims Administrator will provide to the EEOC electronically all of the Claim Forms and accompanying information submitted by each Claimant for the EEOC's use in assessing who is an Eligible Claimant.  The EEOC has sole discretion in determining the criteria, eligibility, and monetary relief amounts for each Claimant.  In order to determine each Claimant's eligibility, the EEOC will review the information in the Claims Form and determine if the individual:  (i) was employed by Defendants from September 1, 2016 to the Effective Date; (ii) based on the EEOC's assessment, could assert a viable claim for sexual harassment, pregnancy discrimination, or related retaliation by Defendants; and (iii) experienced a harm.  Such Claimants may be eligible for monetary relief from the Settlement Fund, as determined by the EEOC.  The EEOC will also consider whether or not the Claimant is precluded from seeking relief due to a prior settlement or judgment and assess documents provided by Defendants to the Claims Administrator.  The Claims Administrator will work with the Defendants to secure relevant documents including any prior releases signed by Eligible Claimants for the EEOC to consider in its assessment.  Defendants agree that the EEOC's determination of these issues is final.

The EEOC shall provide the Claims Administrator and Defendants one or more lists of Eligible Claimants including their names, current addresses, the amount to be paid to each, the classification of such amounts to be paid, and any additional relevant identifying information ("Distribution List") on a rolling basis.

The EEOC, based upon the claims process, will submit subsequent Distribution Lists. The EEOC also will provide the Claims Administrator with a Notice of Ineligibility for any Claimants whom the EEOC determines are not eligible for payments from the Settlement Fund on a rolling basis.

h.      **Notices to Eligible Claimants**

Upon receiving the Distribution List(s) from the EEOC, the Claims Administrator will mail via USPS Priority Mail to each Eligible Claimant on the EEOC's approved Distribution List(s) a Notice of Eligibility and Claim Share Amount, a release of claims form (attached to this Decree as Attachment C), and a return envelope addressed to the Claims Administrator. All Eligible Claimants shall be provided an opportunity to consult an independent attorney to advise on the release of claims to which the EEOC is not a party. Defendants shall pay for up to one hour of attorney consultation to advise on the release of claims, at the rate of $450/hour, for each Eligible Claimant. The EEOC shall provide a list of recommended plaintiff attorneys for an Eligible Claimant to consult.

To each Claimant determined to be ineligible, the Claims Administrator will mail a Notice of Ineligibility, and a return envelope addressed to the Claims Administrator.

i.      **Receiving Acceptance and Release**

The Claims Administrator will receive, track, and hold all documents submitted by mail, in person, or electronically, and will provide to the Parties access to all documents related to the claims process.

j.      **Unaccepted Eligible Claimants' Shares**

If an Eligible Claimant (to whom the Claims Administrator has sent a Notice of Eligibility and Claim Share Amount) does not return the relevant documents as required by the Notice of Eligibility and Claim Share Amount, the Eligible Claimant will be deemed to have rejected the claim share. However, the EEOC

may authorize the acceptance of late-submitted forms.  Eligible Claimants' shares deemed to be rejected under this subsection will be considered for distribution to other Eligible Claimants on a rolling basis.

k.   <u>**Subsequent Distribution List(s)**</u>

The EEOC may provide the Claims Administrator one or more subsequent Distribution Lists, detailing the remaining Eligible Claimants and the Claim Share Amount awarded to each.  The Claims Administrator will provide the EEOC and Defendants an accounting of the monies remaining from the Settlement Fund. Defendants have no standing to challenge the EEOC's distribution determinations, which are entirely in the discretion of the EEOC.

l.   <u>**Deposit of Employer's Portion of the Payroll Taxes and Final Distribution**</u>

No later than ten (10) business days after Defendants receive notice from the Claims Administrator of receipt of a Distribution List, including the Final Distribution List, and also receives the amount of FICA and FUTA tax due and the employer-share of state and local payroll taxes due from the Claims Administrator, Defendants will deposit into the Settlement Fund for the Eligible Claimants the employer's portion of the FICA and FUTA tax and the employer-share of state and local payroll taxes due on a rolling basis.

Within ten (10) business days of receiving from or on behalf of Defendants the payment for the employer's portion of the FICA and FUTA tax due and the employer-share of state and local payroll taxes due, and after receiving all required documents, the Claims Administrator will issue and mail checks via USPS Priority Mail to Eligible Claimants in accordance with this Decree.

m.   <u>**Returned or Uncashed Checks**</u>

On a quarterly basis throughout the duration of this Decree, the Claims Administration shall provide the EEOC with a copy of each cancelled check electronically, and identify any check not negotiated or returned non-negotiated.

The Claims Administrator will also notify the Parties on a quarterly basis of the remaining amount of Settlement Funds.

For any checks that are returned as undeliverable, the Claims Administrator will attempt to find an updated address and will provide the EEOC with the name, last known address, date of birth, and social security number of the Eligible Claimant. If an updated address can be found, the check will be re-mailed via USPS Priority Mail. If an Eligible Claimant fails to present his or her check after ninety (90) calendar days of it being issued, the Claims Administrator will provide the EEOC with the name, last known address and date of birth of the Eligible Claimant, and the EEOC may make additional efforts to locate the Eligible Claimant.

If any of the Settlement Fund remains undistributed after exhausting efforts to contact the Eligible Claimants in accordance with the terms of this Decree, any remaining funds shall be distributed according to Section IX.B.4.n. below as Undistributed Excess Funds.

n.     **Undistributed Excess Funds**

The EEOC will provide a final Distribution List to the Claims Administrator factoring in at the EEOC's discretion, input from Defendants, if any. The Claims Administrator will notify Defendants of receipt of the final Distribution List. Any Undistributed Excess Funds shall be distributed as detailed below.

Undistributed Excess Funds will be allocated (i) to the *Cy Pres* Fund for distribution to charitable organizations that have received tax-exempt status under Internal Revenue Code § 501(c)(3) and whose missions involve advancing women in the video game and technology industries or promoting awareness around sexual harassment and gender equality issues; and (ii) upon request by Defendants and approval by the EEOC, to the Diversity and Inclusion Fund. The allocation between the *Cy Pres* Fund and Diversity and Inclusion Fund will be proposed by

Defendants but subject to approval by the EEOC.  EEOC's approval will not be unreasonably withheld.

Charitable organizations that receive funds from the *Cy Pres* Fund will be selected by Defendants, subject to approval by the EEOC.  EEOC's approval will not be unreasonably withheld.  If any of the selected charitable organizations cease to exist as of the time of the distribution, another charitable organization that has received tax-exempt status under Internal Revenue Code § 501(c)(3) and whose mission involves advancing women in the video game and technology industries or promoting awareness around sexual harassment and gender equality issues shall be proposed by Defendants as a beneficiary, subject to EEOC's approval.

o.      **Tax Reporting Forms**

The EEOC has the sole discretion to characterize the monetary relief amount to each Eligible Claimant as wage or non-wage compensation.  The Claims Administrator will issue a Form 1099 to each Eligible Claimant in the amount of his/her non-wage monetary relief.  No tax withholdings shall be made.  If the EEOC designates monetary relief as wages, the Claims Administrator shall issue an IRS Form W-2 to each applicable Eligible Claimant.  As described above, Defendants shall pay the employer's portion of all deductions required by law, including but not limited to FICA and FUTA taxes, which shall not be deducted from payment of the monetary settlement amount(s) to Eligible Claimants.  The Defendants and the Claims Administrator shall make all appropriate reports to the Internal Revenue Service and other tax authorities.

p.      **Notice of Checks Issued**

Within five (5) business days after mailing any payment to Eligible Claimants or any charity through the *Cy Pres* Fund, the Claims Administrator will submit a register or copy of the checks to Anna Y. Park, Regional Attorney, U.S.

Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor,

Los Angeles, California, 90012, and to counsel of record for Defendants.

q.   **Report to Tax Authorities**

The Claims Administrator will make all appropriate reports to the Internal

Revenue Service and other tax authorities.

r.   **Cooperation**

The Parties will work together to ensure that the distribution, including

reissuing checks should that be required, is effectively carried out under the Decree.

## X.   CLAIMANT-SPECIFIC INJUNCTIVE RELIEF

Within thirty (30) days of the date that the EEOC notifies Defendants of the

names on the Distribution Lists, Defendants agree to:

A.   Remove from the personnel files of each Eligible Claimant any
references to the Eligible Claimant's allegations of sexual harassment,
pregnancy discrimination, or related retaliation or determined by the
EEOC to be related to such allegations.  Defendants must retain a
record of any information removed from an Eligible Claimant's
personnel file pursuant to this subsection separately from Eligible
Claimants' personnel files consistent with the recordkeeping
provisions contained in Section XII.J. or otherwise required by law;

B.   Handle work inquiries/confirmation through their established third-
party vendor neutral reference process.  The Claims Administrator
shall provide a notice to each person on the Distribution List(s) of the
Defendants' work verification number and website address that
instructs persons to only use that resource for references;

C.   Reclassify the terminations of any Eligible Claimant to voluntary
resignations if they have been identified by the EEOC as being
subjected to retaliation (based on a list provided by the EEOC); and

D.   Ensure that the Eligible Claimants are not prohibited from re-employment with Defendants, other than for non-discriminatory and non-retaliatory reasons.

## XI.   GENERAL INJUNCTIVE RELIEF

### A.   Anti-Discrimination and Harassment

Defendants, their officers, agents, management (including all supervisory employees), human resources personnel, successors, and assigns, or any of them, are hereby enjoined from:  (a) engaging in discrimination including harassment of any person(s) on the basis of sex, including pregnancy; (b) engaging in any practice that creates a hostile work environment on the basis of any employee's sex; and (c) creating, facilitating, or permitting a hostile work environment in violation of Title VII on the basis of sex.

### B.   Anti-Retaliation

Defendants, their officers, agents, management (including all supervisory employees), successors, assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined from implementing or permitting any action, policy, or practice that subjects any current or former employee or applicant of Defendants to retaliation, because he or she has in the past, or during the duration of this Decree:

1.   Opposed any practice made unlawful under Title VII;

2.   Filed a charge of discrimination with the EEOC alleging such practice;

3.   Testified or participated in any manner in an internal or external investigation or proceeding relating to any claim of a violation of Title VII;

4.   Been identified as an Eligible Claimant with respect to the Action;

5.      Asserted any right under this Decree; or

6.      Sought or received any relief in accordance with this Decree.

## XII.  SPECIFIC INJUNCTIVE RELIEF

### A.      Equal Employment Opportunity Consultant

Within thirty (30) days after the Effective Date, Defendants will retain a third-party EEO Consultant, approved by the EEOC, with demonstrated experience in the areas of preventing and combating gender discrimination, harassment, and related retaliation.  The EEO Consultant shall have access to documents and employees and shall review Defendants' compliance with the provisions of this Decree. Defendants agree to bear all costs associated with the selection and retention of the EEO Consultant and the costs associated with the performance of the EEO Consultant's duties.

The EEO Consultant's duties shall include:

1.      Conducting audits under Section XII.C., to identify any areas for improvement in Defendants' response to complaints of sexual harassment, pregnancy discrimination, or related retaliation and to determine whether sexual harassment, pregnancy discrimination, or related retaliation exists at Defendants' worksites;

2.      Reviewing Defendants' centralized tracking system or Complaint Log, which includes complaints regarding sexual harassment, pregnancy discrimination, and related retaliation, described in Section XII.E., to track and provide feedback and oversight on Defendants' practices for:

a. Documenting complaints received by Defendants regarding alleged sexual harassment, pregnancy discrimination, and/or related retaliation, including the retention and maintenance of

relevant documents and records in order to ensure all complaints are properly documented and tracked;

b.  Investigation, resolution, and proper handling of all complaints received by Defendants regarding alleged sexual harassment, pregnancy discrimination, and/or related retaliation to ensure prompt and effective processes;

c.  Evaluating whether complaints of sexual harassment, pregnancy discrimination, and/or related retaliation are documented and properly and timely handled, whether they are formal or informal complaints; and

d.  Reviewing all disciplinary actions taken in response to complaints of sexual harassment, pregnancy discrimination, or related retaliation to ensure that discipline is consistent in preventing and correcting the conduct as required under this Decree and Title VII.

3.  Evaluating pregnancy discrimination complaints and providing feedback on improving working conditions for pregnant women or removing impediments that may exist for women due to pregnancy;

4.  Reviewing and providing feedback on Defendants' policies and procedures relating to discrimination, harassment, and related retaliation to ensure they are effective and fully comply with Title VII and all terms set forth in this Decree, as described in Section XII.C.;

5.  Providing consultation on Defendants' methods for communicating to employees the numerous complaint mechanisms in place;

6.      Providing an independent assessment of Defendants' trainings, as described in Section XII.D. for effectiveness, with a particular focus on training of managers and human resources employees;

7.      Assisting Defendants in the rollout of the enhanced mental health services described in Section XII.G., including ensuring experienced and trained professionals are made available to provide mental health services related to sexual harassment, regardless of whether the harassment occurred while the person was employed by any Defendants;

8.      Providing feedback regarding the revision of Defendants' performance evaluations as described in Section XII.F.;

9.      Preparing semi-annual reports and an exit report to the EEOC regarding Defendants' progress and compliance under this Decree;

10.      Ensuring that Defendants' reports required by this Decree are accurately compiled and timely submitted;

11.      Ensuring the distribution of any documents as required by this Decree; and

12.      Otherwise ensuring Defendants' compliance with this Decree.

**B.**      <u>**Internal EEO Coordinator**</u>

Within forty-five (45) days after the Effective Date, Defendants shall hire or designate an Internal Equal Employment Opportunity Coordinator ("Internal Coordinator") to ensure Defendants' compliance with this Decree and the provisions of Title VII that prohibit sexual harassment, pregnancy discrimination, and related retaliation.  However, if the Coordinator is determined to be unable to perform the role, Defendants shall have an additional thirty (30) days after the

original deadline to identify and retain an alternative Coordinator.  The Coordinator shall have demonstrated experience in the area of gender discrimination, harassment, and related retaliation issues.  If the Coordinator is unable or unwilling to serve at any point during the duration of the Decree, Defendants shall select a new Coordinator.  Defendants shall bear all costs associated with the selection and retention of the Coordinator and the performance of the Coordinator's duties.

The Internal Coordinator's duties shall include:

1. Preparing the Complaint Log described in Section XII.E. for the EEO Consultant's consideration and review that includes:

   a. All complaints received by Defendants regarding alleged sexual harassment, pregnancy discrimination, and related retaliation;

   b. Timeline and methods for investigating and resolution of each complaint;

   c. Results of investigation and remedial action taken for alleged sexual harassment, pregnancy discrimination, and related retaliation.

2. To the extent requested by the EEO Consultant, investigation-related materials for any investigations that require further review, as determined by the EEO Consultant.

3. Preparing materials for the EEO Consultant's consideration and review, including:

   a. Methods by which Defendants make complainants (and others who are interviewed during an investigation) aware of Defendants' non-retaliation policy and confirmation of Defendants having done so;

b.    Methods by which Defendants retain and maintain relevant documents and records and confirmation of Defendants having done so;

c.    Method**s** by which Defendants confirm with complainants that they that have not been subjected to retaliation and confirmation of Defendants having done so.

4.    Assisting Defendants with implementing a performance evaluation system, as defined in Section XII.F., that encourages management personnel to report information regarding discrimination, harassment and related retaliation, and assisting Defendants with implementing mechanisms for bottom-up feedback from employees to managers that encourages and solicits feedback regarding diversity, inclusion, and equity, as described in Section XII.F.

### C.    Compliance Audits

#### 1.    Pending and Current Complaints

Ninety (90) days after the Effective Date, the Internal Coordinator will provide to the EEO Consultant access to the Complaint Log and other requested documents that list all complaints of sexual harassment, pregnancy discrimination, or related retaliation pending (*i.e.*, complaints not listed as resolved in Defendants' Complaint Log) as of thirty days (30) days after the Effective Date.  The EEO Consultant shall:

a.    evaluate the adequacy of investigations conducted, including witnesses interviewed, relevant evidence gathered and considered, and sufficiency of the final determination based on the available evidence;

b. evaluate the consistency of disciplinary measures taken in response to complaints of sexual harassment, pregnancy discrimination, and/or related retaliation;

c. advise regarding the retroactive creation of documentation, tracking, and related records of any complaints (formal or informal) discovered while performing this audit, that were not previously documented or tracked during the time period in question; and

d. recommend appropriate preventative steps to avoid reoccurrence of the same or similar issues.

Defendants also agree that the EEO Consultant will have access to documents necessary to fulfill his or her duties.  The audit of pending complaints shall be included in the EEO Consultant's first report to the EEOC.

## 2. <u>Audit of Identified Departments and Functions</u>

If, through the audit of pending and current complaints there are departments or functions that are discovered, considering the totality of the circumstances, to have had repeated or widespread instances of sexual harassment, pregnancy discrimination, or related retaliation ("Identified Departments and Functions"), the EEO Consultant shall identify corrective measures and/or preventative steps for any unresolved complaint in the Identified Departments and Functions.  The EEO Consultant shall identify appropriate corrective and preventative steps to avoid reoccurrence of the same or similar issues in the Identified Departments and Functions.  Defendants will implement changes based upon the EEO Consultant's feedback or suggest a good faith alternative resolution.

## 3. <u>Annual Audits</u>

On an annual basis throughout the duration of this Decree, the EEO Consultant shall conduct unannounced audits of current employees, that can occur

in person, to assess whether sexual harassment, pregnancy discrimination, and related retaliation issues are properly being addressed, whether the mechanisms implemented pursuant to this Decree are effective, whether the trainings are effective, and to identify areas to improve.  When seeking employee input, the EEO Consultant will meet employees outside the presence of management and supervisors, and without any management or supervisors' advance knowledge of the audit.

The EEO Consultant shall audit the effectiveness of the handling of complaints of sexual harassment, pregnancy discrimination, and related retaliation to assess whether corrective and preventative measures that were taken are effective.  The EEO Consultant shall review complaints to ensure they are properly documented and tracked.  The EEO Consultant shall also audit Defendants' disciplinary measures and provide feedback to Defendants to enhance accountability and consistency.

The EEO Consultant will also review the complaints that are made including the Complaint Log described in Section XII.E. and report on a semi-annual basis regarding Defendants' tracking and handling of the complaints.  The EEO Consultant will assess whether complaints made are accurately recorded and addressed.  The EEO Consultant shall have access to all non-privileged records including underlying investigations into complaints of sexual harassment, pregnancy discrimination and related retaliation, and shall have access to employees, if necessary, to conduct interviews with employees of the EEO Consultant's choosing.

If deemed necessary by the EEO Consultant, climate surveys may be administered where through the audits, it is determined that additional information is needed to determine whether there are ongoing issues of sexual harassment, pregnancy discrimination, or related retaliation.

### 4.      Review of Workplace Policies and Procedures

Defendants created and maintain a centralized intranet location for their existing policies and procedures, including those regarding discrimination, harassment, and related retaliation ("Workplace Policies and Procedures"). Defendants have submitted their Workplace Policies and Procedures to the EEOC, which Defendants maintain are lawful.  Defendants will work with the EEO Consultant to review their existing Workplace Policies and Procedures, and revise them, if necessary, to ensure that throughout the duration of this Decree they include:

a.    a strong and clear commitment to a workplace free of discrimination, harassment, and related retaliation;

b.    a clear and comprehensive description of discrimination, harassment, and related retaliation, including a discussion of the meaning of the phrase "hostile work environment" and "retaliation" under Title VII and examples of prohibited conduct and conduct that, if left unchecked, may rise to the level of unlawful discrimination, harassment, or related retaliation;

c.    a statement that Defendants shall hold all employees accountable for engaging in conduct prohibited under applicable laws regarding discrimination, harassment, and related retaliation or this Decree, including but not limited to failing to take prompt appropriate action to redress gender discrimination, harassment, and related retaliation in the workplace, and a description of the consequences for those that fail to adhere to reporting procedures;

d.    a statement that persons who complain about discrimination or harassment they experienced or witnessed and persons who

provide information relating to such complaints will not be subjected to retaliation;

e.    a statement that employees placed at Defendants' worksites by staffing agencies can raise complaints to Defendants regarding discrimination, harassment, or related retaliation by Defendants' employees and assurance that complaints of discrimination, harassment, and related retaliation by employees placed at Defendants' worksite by staffing agencies will not negatively impact such employees' opportunities to be considered or hired into other positions with Defendants;

f.    a statement affirming that Defendants' anti-harassment policies apply to any gender-based harassment experienced by an employee while performing his or her duties in a virtual gaming environment;

g.    a policy regarding alcohol consumption in the workplace and at work-related and industry-related events that prohibits excessive alcohol consumption, pressure to consume alcohol, and making sexual advances or requests towards an employee under the influence of alcohol, and explains that alcohol consumption will not be considered an excuse or mitigating factor for behavior that constitutes discrimination, harassment, or related retaliation;

h.    a policy regarding workplace relationships that, consistent with applicable law, discourages and prohibits the formation of sexual and romantic relationships between supervisors and managers and any employees who report to them, directly or indirectly, and requires the disclosure of other sexual and romantic relationships between employees to Defendants so that

appropriate measures can be taken to avoid the existence or
appearance of sexual or romantic favoritism and *quid pro quo*
sexual harassment in the workplace;

i.   a statement that Defendants' harassment policies protect
employees, including interns, against workplace harassment
committed by other employees and third parties;

j.   an internal complaint procedure applying to the workplace and
all work-related events that provides all employees with
multiple reporting options for complaints of discrimination,
harassment, or related retaliation, as described in
Section XII.C.5.;

k.   an explanation that the internal complaint procedure does not
replace the right of any employee to file a charge or complaint
of discrimination, harassment, or related retaliation under any
available municipal, state, or federal law, and that filing an
internal complaint does not relieve the complainant of meeting
any deadline for filing a charge of discrimination; the
procedures will provide contact information for EEOC and state
and local Fair Employment Practice (FEP) agencies; and

l.   publication of the EEOC complaint line of (800) 669-4000.

Defendants agree to submit to the EEOC any revisions to their Workplace
Policies and Procedures concerning sexual harassment, pregnancy discrimination,
and related retaliation at least fifteen (15) days prior to the proposed change.

## 5.   <u>Internal Complaint Investigation Procedure</u>

Defendants have submitted information to the EEOC that they have initiated
campaigns to encourage employee reporting of discrimination, harassment, and
retaliation, ensured multiple reporting avenues for employee reporting, including

anonymous reporting, hired internal investigators, centralized complaint tracking reporting and handling, established an employee relations department, and trained human resources personnel regarding internal investigations.  Defendants will work with the EEO Consultant to review their internal complaint investigation procedure to ensure effectiveness of the procedures and to revise it to ensure that it incorporates the following elements:

 a. A statement encouraging employees to ask questions, share concerns, and provide information about potential discrimination, harassment, or related retaliation to Defendants, such as by (1) sharing information with the Human Resources Department or Employee Relations Department, or (2) participating candidly in investigations of potential discrimination, harassment, or related retaliation;

 b. A clearly described process for submitting complaints of discrimination, harassment, or related retaliation that includes multiple avenues for employees to lodge complaints of discrimination, harassment, or related retaliation verbally or in writing, including (a) a direct toll-free phone number and email address for Defendants' Human Resources Department; (b) a telephone complaint Hotline that Defendants will track (Section XII.I.); and (c) notifying any manager or Human Resources representative;

 c. A clearly described process for a prompt, thorough, and impartial investigation of all complaints of discrimination, harassment, or related retaliation by Defendants, including (a) interviewing relevant witnesses, (b) review of relevant evidence; and (c) creation of written investigative reports that

document all investigatory steps, any findings and conclusions, and any actions taken, and including all complaints, notes of interviews, and other relevant evidence;

d.   An assurance that no complainant shall be required to confront his or her alleged harasser and that the confidentiality of the complaint, complainant, and investigation shall be maintained by Defendants to the fullest extent possible;

e.   Tracking and collection of all complaints of discrimination, harassment, and related retaliation in a Complaint Log;

f.   Resolution of all complaints of discrimination, harassment, and related retaliation by Defendants in a timely and effective manner and communication with complainant of the outcome of the investigation; and

g.   A requirement that any employee in a manager, supervisory, or Human Resources position document and report any and all observations or complaints of potential discrimination, harassment, or related retaliation to Defendants' Human Resources Department or Employee Relations Department promptly and no later than within seventy two (72) hours, and that failure to carry out this duty is grounds for disciplinary action, up to and including immediate discharge.

Defendants represent that they have reorganized and reconstituted the Human Resources functions enterprise wide.  Defendants further represent that they are increasing personnel and financial resources directed to investigating complaints of discrimination, harassment, and retaliation.  The EEO Consultant will provide feedback on the effectiveness of the reorganization.

6.     **Distribution of Workplace Policies and Procedures**

Defendants agree to disseminate their policies and procedures, including any Workplace Policies and Procedures, upon hire and, during the term of the Decree, to all employees via electronic mail at least on a semi-annual basis.  Defendants agree that new employees shall receive a copy of the Workplace Policies and Procedures available on Defendants' intranet upon hire.  The EEO Consultant will include in its report an annual confirmation of the various methods by which Defendants make their policies and procedures available to their employees.

D.     **Trainings**

Defendants have submitted information to the EEOC that they have created, provided, and consistently required employees to submit to various interactive or live trainings, including compliance trainings, diversity and inclusion training, unconscious bias training, and the prevention of workplace harassment, discrimination, and retaliation.

1.     **Compliance Trainings**

Defendants agree that they will require all supervisory employees to attend an interactive or live Compliance Training lasting at least two (2) hours in duration. Defendants will work with the EEO Consultant to review the trainings and training materials to ensure that the trainings are effective.  The trainings should be evaluated to ensure that, at a minimum, they cover:

a.     what constitutes unlawful gender discrimination, harassment, and related retaliation;

b.     employees' and employers' rights and responsibilities if they experience, observe, or become aware of conduct that they believe may be discriminatory, harassing, or retaliatory based on gender, including the responsibility of managers and supervisors to report such conduct to HR;

c.      a component on bystander intervention, including examples of how to effectively intervene as a bystander and an opportunity to role-play or practice intervening in a harassment scenario and other ways to prevent harassment;

d.      a component on civility in the workplace, including respectful workplace interactions and creating a culture of inclusion;

e.      Defendants' Workplace Policies and Procedures and the Internal Complaint Procedure;

f.      contact information for Human Resources, Employee Relations, and the Hotline; and

g.      A statement from a senior executive emphasizing that harassment prevention, maintaining a respectful workplace, and diversity are high priorities for Defendants and that Defendants are committed to accountability and safety of their workforces.

Defendants agree to solicit anonymous course evaluation forms to be filled out by attendees, with copies provided to the EEO Consultant, to examine the effectiveness of the training. The EEO Consultant will review the anonymous evaluation forms and make any appropriate recommendations for subsequent trainings to ensure the trainings are effective.

### 2.    HR/Investigation Trainings

All Human Resources ("HR") employees (including Employee Relations employees), and any other employees who are responsible for investigating complaints of gender discrimination, harassment, and related retaliation shall also attend a separate live and interactive HR Investigation Training of at least two (2) hours duration that includes role playing and emphasizes accountability of management and documenting and reporting complaints of gender discrimination, harassment, and retaliation.

Defendants will work with the EEO Consultant to ensure the effectiveness of these trainings, which shall include examples and interactive materials to properly identify what constitutes gender discrimination, harassment, and related retaliation and emphasize: (1) the affirmative obligation for managers and supervisors to report and to take appropriate action; (2) the duty to promptly report potential gender discrimination, harassment, and related retaliation; (3) the need to thoroughly document harassment and discrimination complaint investigations, including taking and retaining notes of interviews conducted for those investigating complaints; (4) types of preventative and corrective measures and how to determine whether the action proposed is reasonably calculated to prevent or end harassing conduct; and (5) post-investigation procedures for evaluating the work environment after receiving a complaint from an employee or third-party. The training shall also encompass for those responsible for investigating complaints, how to properly investigate complaints of gender discrimination, harassment, and related retaliation including the proper scope of the investigation.

Defendants represent the Employee Relations function was created to centralize Human Resources functions to investigate and to report on complaints of gender discrimination, harassment, and related retaliation. The EEO Consultant will provide feedback of the effectiveness of the training with Employee Relations.

### 3.    **Preventing Workplace Harassment Training**

All non-supervisory, non-Human Resources employees shall be required to attend an interactive and live Preventing Workplace Harassment Training lasting at least one (1) hour in duration. The training under this section shall include:

    a.    A statement from a senior executive emphasizing that harassment prevention, civility, and maintaining a respectful workplace are high priorities for Defendants and that

Defendants are committed to accountability and safety of their workforces;

b.    A component on bystander intervention;

c.    A component on civility in the workplace, including respectful workplace interactions and creating a culture of inclusion;

d.    Defendants' Workplace Policies and Procedures and the Internal Complaint Procedure;

e.    Contact information for Human Resources, Employee Relations, and the Hotline;

f.    Ways to prevent harassment and bullying; and

g.    Respect for diversity in the workplace.

**4.    <u>All Trainings</u>**

All trainings described above in Section XII.D. shall be mandatory for the duration of this Decree.  Defendants represent that they have created and enhanced an array of training programs regarding non-discrimination, anti-harassment, anti-retaliation and related subjects including implicit bias, bystander intervention, equity and diversity, and inclusive leadership training.  Defendants will work with the EEO Consultant to maximize the effectiveness of the trainings and related materials.  All persons shall verify their attendance in writing or through an electronic confirmation.  Defendants shall maintain copies of training sign-in sheets or electronic records demonstrating attendance for the duration of this Decree.

All trainings provided pursuant to this Decree shall be live (which includes but is not limited to video conferencing) and interactive unless otherwise indicated. Defendants agree to work with the EEO Consultant to develop the training curriculum as it relates to sexual harassment, pregnancy discrimination, and related retaliation.  Examples shall be given of prohibited conduct, tailored to Defendants' workplace.  Defendants shall leave time for question and answer periods at the

conclusion of each training.  All trainings and training materials shall be provided in language(s) commonly understood by Defendants' employees.

All training shall occur on an annual basis during the duration of this Decree. When scheduling each training, Defendants shall also schedule an alternative training session within thirty (30) days of the initial training that is either (a) live and interactive; or (b) a video recording of the live training plus an interactive component.  Within thirty (30) days of the hire date of any employee hired after the required training, Defendants shall provide an alternative training session that is either (a) live and interactive; or (b) a video recording of the live training with an interactive component.  All employees will be paid their normal rate of pay during the trainings.

Defendants shall give the EEOC and the EEO Consultant a minimum of twenty (20) business days advance written notice of the date, time, and location of each initial training provided pursuant to this Decree, not including the ongoing trainings for new hires.  An EEOC representative or the EEO Consultant may attend any such training upon request by the EEOC or the EEO Consultant but will not participate.  The EEOC and the EEO Consultant may also review training materials proposed and/or used by Defendants upon request.

### E.    Complaint Log

Defendants have implemented EthicsPoint as their centralized tracking system for complaints, including those regarding sexual harassment, pregnancy discrimination, and related retaliation. During the term of this Decree, Defendants will continue to use EthicsPoint or a similar centralized tracking system for complaints regarding sexual harassment, pregnancy discrimination, and related retaliation and will generate reports from EthicsPoint or a similar centralized tracking system related to such complaints ("Complaint Log") that will be shared with the EEO Consultant.  EthicsPoint is and will remain searchable by name of

individual(s) and by location(s) of alleged misconduct.  If necessary the Complaint Log will be supplemented with information from other databases to ensure that it contains, for each complaint or investigation of sexual harassment, pregnancy discrimination, or related retaliation, at least the following information:

1. full name, contact information, and gender of each complainant and potential aggrieved individual;

2. full name and gender of any persons allegedly involved (including but not limited to those identified as potential perpetrators);

3. a description of how Defendants learned of the complaint (i.e., whether made to a manager, human resources employee, or via the Hotline), and the date the complaint was reported;

4. date each investigation began and was completed;

5. type of sexual harassment, pregnancy discrimination, or related retaliation complained of, reported, or investigated;

6. type of complaint or type of adverse employment action allegedly involved (e.g., "harassment," "failure to hire," "failure to promote," "demotion," "failure to schedule/assign," "termination," etc.);

7. name and title of person(s) who conducted each investigation;

8. description of action taken in response to the charge, complaint, report, or investigation;

9. resolution, or decision made, regarding each complaint made and each investigation conducted; and

10. status of each complaint or investigation reflected in the database (such as "open," "pending," "closed," etc.).

The Complaint Log shall be maintained throughout the duration of the Decree.

### F.   Performance Evaluations

Defendants will work with the EEO Consultant to evaluate performance evaluation forms for managers, supervisors, and human resource personnel, to include measures for performance on compliance with Defendants' anti-discrimination, anti-harassment, and anti-retaliation policies and procedures. Defendants represent that they are developing and implementing performance evaluation changes.  Within ninety (90) days of the appointment of the EEO Consultant, Defendants agree to provide the EEO Consultant with the proposed revisions of the performance evaluation forms in order to provide an opportunity for comment regarding the revisions before implementing the revised performance evaluation forms.

Defendants agree to consult with the EEO Consultant regarding their implementation of mechanisms for bottom-up feedback and reporting, in order to encourage and solicit feedback through these mechanisms regarding discrimination, harassment, and related retaliation and the inclusivity of Defendants' culture for individuals of all genders.  The EEO Consultant shall include a description of the efforts being made by Defendants to obtain bottom-up feedback from employees in each semi-annual report.  Feedback received through these mechanisms that indicates that gender discrimination, harassment, or related retaliation may be occurring, will be promptly and adequately addressed by Defendants.

### G.   Mental Health Support

Within sixty (60) days of the Effective Date, Defendants shall work with the EEO Consultant to make available expanded counseling for employees in need of mental health or counseling services, reconfirming that they are available for persons who may have experienced sexual harassment, pregnancy discrimination,

or related retaliation, regardless of whether any experience occurred while the person was employed by any Defendants. The counseling will be with qualified providers with experience in providing mental health services related to sexual harassment.  Notice will be disseminated to the workforce of the availability of this service, a copy of which will be provided to the EEOC in the first semi-annual report and annually thereafter.  All other records associated with this service will be kept confidential and will not be disclosed as part of the record keeping and reporting required under this Decree.

**H.    Relationship with Staffing Agencies**

Defendants will ensure that Defendants or the staffing agencies with which they do business ("staffing agencies") provide Defendants' Workplace Policies and Procedures compliant with Section XII.C.4. and 5. of this Decree, including the Ask List, to all employees placed by staffing agencies to any of Defendants' United States worksites and, in no circumstance, more than five (5) days after their initial assignment.  As stated above in Section XII.C. Defendants' Workplace Policies and Procedures shall state that:  (i) employees placed at Defendants' worksites by staffing agencies can complain to Defendants regarding alleged sexual harassment, pregnancy discrimination, or related retaliation by Defendants' employees; and (ii) complaints of sexual harassment, pregnancy discrimination, or related retaliation will not negatively impact a staffing agency employee's opportunity to be considered or hired for another position.  Defendants will work with the EEO Consultant to develop or evaluate protocols to ensure that there are proper mechanisms for handling complaints raised by workers placed at Defendants' worksites by staffing agencies and to ensure that staffing agencies are informed of complaints of sexual harassment, pregnancy discrimination, and related retaliation when raised by employees placed at Defendants' worksites.

Defendants agree to require staffing agencies to provide Defendants semi-annually during the duration of this Decree a statement attesting that employees placed at Defendants' worksites are timely receiving notice of Defendants' Workplace Policies and Procedures compliant with Section XII.C.  Copies of the staffing agencies' attestations will be provided to the EEO Consultant who, in turn, shall report on Defendants' compliance with this obligation in its semi-annual reports.

**I.     Hotline**

Defendants agree to confirm that they have currently in place a hotline for employees and staffing agency workers to report complaints, including those of sexual harassment, pregnancy discrimination, or related retaliation ("Hotline"). The Hotline shall operate seven (7) days per week, twenty-four (24) hours per day. The Hotline shall offer the option to employees to make an anonymous complaint. The EEO Consultant shall ensure that all Hotline inquiries and response times are tracked and logged by Defendants in the Complaint Log described in Section XII.E.

Annually during the duration of this Decree, Defendants shall communicate the Hotline information to all employees and workers to encourage reporting of complaints of harassment, discrimination, and related retaliation.  Defendants shall notify new employees, including temporary employees, of the Hotline no later than within five (5) days of hire.

**J.     Record keeping**

Within thirty (30) days of the appointment of the EEO Consultant, Defendants will review with the EEO Consultant their record-keeping procedure that provides for the centralized tracking of complaints, including those of sexual harassment, pregnancy discrimination, and related retaliation complaints and the ongoing evaluation of such complaints to prevent retaliation.  The EEO Consultant will confirm that the records to be maintained include:

A.    documents generated in connection with any complaint of sexual
harassment, pregnancy discrimination, or related retaliation, including
documents relating to all investigations or resolutions of any
complaints and the identities of all witnesses identified by the
complainant or through Defendants' investigation;

B.    documents verifying the occurrence of all training sessions and names
and positions of all attendees for each session as required under this
Decree;

C.    documents generated in connection with the overseeing, counseling,
and disciplining of employees whom Defendants determine to have
engaged in behavior that violates the Company's Policies and
Procedures as they relate to sexual harassment, pregnancy
discrimination, or related retaliation;

D.    documents generated in connection with the establishment or review of
performance evaluation measures for supervisors and managers,
including if Defendants held managers accountable for not reporting
complaints of sexual harassment, pregnancy discrimination, or related
retaliation, and also for rewarding those managers who did report
correctly as part of Defendants' reporting process;

E.    all communications with the EEO Consultant, the Claims
Administrator, and the EEOC;

F.    documents generated in connection with the audits conducted by the
EEO Consultant under Section XII.C.;

G.    all training evaluation forms collected under Section XII.D. and

H.    non-privileged documents related to Defendants' compliance with this
Decree.

Defendants shall make the aforementioned records available to the EEOC within fifteen (15) business days following a written request by the EEOC.

In the event that the EEO Consultant raises concerns about potential non-compliance with this Decree, the EEOC may request documents or information, including interviews of witnesses, that the EEOC determines is necessary to conduct an inquiry into the specific compliance issue. Defendants agree to make the requested information or documents available to the EEO Consultant and the EEOC. Defendants shall cooperate with the EEO Consultant to ensure access to information to carry out their duties under this Decree.

K. <u>**Reporting to the EEOC**</u>

1. <u>**Initial Report**</u>

Defendants shall submit to the EEOC an initial report within sixty (60) days after the Effective Date containing:

a. the name, contact information, and qualifications of the EEO Consultant pursuant to Section XII.A and the Internal EEO Coordinator pursuant to Section XII.B.;

b. the name and contact information of the specific professional individual or organization that Defendants selected to serve as the Claims Administrator and the contract pursuant to Section IX.B.;

c. the List of Potential Claimants, as described in Section IX.B.4.b.;

d. a statement detailing Defendants' compliance with Section X. regarding Claimant Specific Injunctive Relief;

e. a summary of any forthcoming modifications to the Workplace Policies and Procedures under Section XII.B.4., including the Internal Complaint Investigation Procedure;

f.       written verification of the funding of the Class Fund;

g.       the notice provided to employees informing them of the existence of the Mental Health Support in Section XII.G.;

h.       a summary of the procedures and recordkeeping methods in place as modified with the EEO Consultant for centralized tracking of sexual harassment, pregnancy discrimination, and related retaliation complaints and the evaluation of such complaints;

i.       an update on Defendants' progress toward revising their performance evaluation forms, as described in Section XII.F.;

j.       a statement attesting that all employees have been notified of the Hotline, pursuant to Section XII.I.; and

k.       a statement confirming that Defendants have secured a commitment from the temporary agencies to obtain an attestation that employees placed at Defendants' worksites timely receive their policies and procedures relating to sexual harassment, pregnancy discrimination, and related retaliation.

## 2.    Semi-Annual Report

Within one-hundred and eighty (180) days from the Effective Date, and semi-annually thereafter, Defendants shall provide reports containing:

a.       The attendance lists of all attendees for the training sessions required under this Decree that took place since the prior report;

b.       Confirmation that Defendants have distributed Workplace Policies and Procedures to all employees;

c.       Confirmation of the occurrence of all training sessions pursuant to Section XII.D. and a copy of the training materials used;

d.      Confirmation that Defendants provided the EEO Consultant
with the Complaint Log;

e.      Confirmation that Defendants provided the EEO Consultant a
summary of the results of any Climate Surveys undertaken as set
forth in Section XII.C.;

f.      Confirmation that the Hotline has been communicated to all
employees pursuant to Section XII.I.;

g.      Confirmation that Defendants have secured statements from
their staffing agencies that employees placed at Defendants'
worksites by staffing agencies timely receive their policies and
procedures pursuant to Section XII.H.;

h.      Confirmation as to whether any relevant revisions of
Defendants' Workplace Policies and Procedures took place
since the preceding report, including a copy of the Workplace
Policies or Procedures, pursuant to Section XII.C.; and

i.      Confirmation of Defendants' compliance with the terms of this
Decree.

The Semi-Annual Report shall also include the EEO Consultant's report to
the EEOC and Defendants that describes all work performed pursuant to this
Decree and provides the EEO Consultant's feedback and recommendations going
forward.  The report shall include the EEO Consultant's evaluation and
recommendations following the audits; the trainings under Section XII.D.; status of
the mental health support and confirmation that the EEO Consultant has reviewed
the Complaint Log. Most importantly, the EEO Consultant's report shall provide
feedback regarding Defendants' good faith efforts to comply with this Decree and
all applicable laws regarding sexual harassment, pregnancy discrimination, and

related retaliation.  The EEO Consultant's report shall cover all the EEO Consultant's responsibilities, as detailed in this Decree.

### 3. Exit Report

Defendants shall report to the EEOC at least one hundred eighty (180) days prior to the expiration of this Decree regarding their compliance with this Decree. Separately, the EEO Consultant shall report to the EEOC at least one hundred eighty (180) days prior to the expiration of this Decree covering all the EEO Consultant's responsibilities, as detailed in Section XII.A. and providing feedback regarding Defendants' compliance with this Decree and all applicable laws regarding sexual harassment, pregnancy discrimination, and related retaliation and whether Defendants have responded appropriately to sexual harassment, pregnancy discrimination, and related retaliation complaints.  The EEO Consultant shall make recommendations, where appropriate, for extension of the term of this Decree.  All reports under this Section will be directed to:  U.S. Equal Employment Opportunity Commission, Attn. Regional Attorney Anna Y. Park, 255 E. Temple Street, 4th Floor, Los Angeles, CA 90012.

## XIII. COSTS OF ADMINISTRATION AND IMPLEMENTATION OF DECREE

Defendants will bear all costs associated with its administration and implementation of their obligations under this Decree.

## XIV. COSTS AND ATTORNEYS' FEES

Each of the Parties shall bear its own costs and attorneys' fees.

## XV. MISCELLANEOUS PROVISIONS

Unless otherwise stated, all notices, reports, and correspondence required under this Decree to be delivered to the EEOC shall be delivered (1) by U.S. Mail to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles,

California, 90012; and (2) by email to lado.legal@eeoc.gov and anna.park@eeoc.gov.  All notices, reports and correspondence required under this Decree to be delivered to Defendants shall be delivered (1) by U.S. Mail to the attention of Elena Baca, Paul Hastings LLP, 515 S. Flower St, 25th Floor, Los Angeles, California, 90071; and (2) by email to elenabaca@paulhastings.com, feliciadavis@paulhastings.com, and ryanderry@paulhastings.com.  Defendants shall maintain copies of all such notices, reports, and correspondence for at least the duration of this Decree.

During the duration of this Decree, Defendants shall provide any potential successor-in-interest with a copy of this Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of Defendants' facilities, or any other material change in corporate structure, and shall simultaneously inform the EEOC of same.

During the duration of this Decree, Defendants shall assure that each of their directors, officers, human resources personnel, managers, and supervisors are aware of any term(s) of this Decree that may be related to his/her job duties or obligations.

## XVI. <u>SIGNATURES</u>

This Decree may be executed in several counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument. All of such counterpart signature pages shall be read as though one, and they shall have the same force and effect as though all the signers had signed a single signature page.  Electronically transmitted executed copies of this Decree shall be fully binding and effective for all purposes whether or not originally executed documents are transmitted to the other party.  Fax signatures on documents are to be treated the same as original signatures.

All Parties, through the undersigned, respectfully apply for and consent to the entry of this Consent Decree Order.

Respectfully submitted,

Date: March 25, 2022

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
ANNA Y. PARK

_/s/ Anna Y. Park_
By:   ANNA Y. PARK

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Date:  March 25, 2022

PAUL HASTINGS LLP
ELENA R. BACA
FELICIA A. DAVIS
RYAN D. DERRY

_/s/ Elena R. Baca_
By:   ELENA R. BACA

Attorneys for Defendants
ACTIVISION BLIZZARD, INC.,
BLIZZARD ENTERTAINMENT, INC.,
ACTIVISION PUBLISHING, INC., and
KING.COM, INC.

ORDER

GOOD CAUSE APPEARING,

The provisions of the foregoing Consent Decree are fair, reasonable, and adequate and advance the public interest.  The terms are hereby approved and compliance with all provisions thereof is HEREBY ORDERED.

IT IS SO ORDERED.

Dated:                                    _____
                                          Hon. Dale S. Fischer
                                          UNITED STATES DISTRICT JUDGE