Jahan C. Sagafi (SBN 224887)
OUTTEN & GOLDEN LLP
One California Street, Suite 1250
San Francisco, CA 94111
Telephone:  (415) 638-8800
Facsimile:   (415) 638-8810
Email: jsagafi@outtengolden.com

Christian Schreiber (SBN 245597)
Monique Olivier (SBN 190385)
OLIVIER SCHREIBER & CHAO LLP
201 Filbert Street, Suite 201
San Francisco, CA 94133
Telephone: (415) 484-0980
Facsimile: (415) 659-7758
Email: christian@osclegal.com
Email: monique@osclegal.com

Rachel Bien (SBN 315886)
OLIVIER SCHREIBER AND CHAO LLP
1149 North Gower Street Suite 215
Los Angeles, CA 90038
Telephone: (415) 484-0522
Facsimile: (415) 658-7758
Email: rachel@osclegal.com

*Attorneys for Proposed Intervenor,*
*Department of Fair Employment and Housing*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ACTIVISION BLIZZARD, INC., BLIZZARD ENTERTAINMENT, INC., ACTIVISION PUBLISHING, INC., and KING.COM, INC., and DOES ONE through TEN, inclusive,<br><br>Defendants. | Case No. 2:21-CV-07682 DSF-JEM<br><br>**CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING'S NOTICE OF MOTION TO INTERVENE FOR PURPOSES OF APPEAL**<br><br>Date: May 23, 2022<br>Time: 1:30pm<br>Court Room: 7D<br>Judge: Hon. Dale S. Fischer |

# NOTICE OF MOTION TO INTERVENE

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 23, 2022 at 1:30 p.m., Plaintiff Department of Fair Employment and Housing, will move for intervention for purposes of appeal.

This Motion is based on this Notice and the Memorandum of Law.

DATED: April 19, 2022                          Respectfully submitted,

                                               /s/ *Jahan Sagafi*

                                               Jahan C. Sagafi (SBN 224887)
                                               OUTTEN & GOLDEN LLP
                                               One California Street, Suite 1250
                                               San Francisco, CA 94111
                                               Telephone: (415) 638-8800
                                               Facsimile: (415) 638-8810
                                               E-Mail: jsagafi@outtengolden.com

                                               Christian Schreiber (SBN 245597)
                                               Monique Olivier (SBN 190385)
                                               OLIVIER SCHREIBER & CHAO LLP
                                               201 Filbert Street, Suite 201
                                               San Francisco, CA 94133
                                               Telephone: (415) 484-0980
                                               Facsimile: (415) 659-7758
                                               E-Mail: christian@osclegal.com
                                               E-Mail: monique@osclegal.com

                                               Rachel Bien (SBN 315886)
                                               OLIVIER SCHREIBER AND CHAO LLP
                                               1149 North Gower Street Suite 215
                                               Los Angeles, CA 90038
                                               Telephone: (415) 484-0522
                                               Facsimile: (415) 658-7758
                                               E-Mail: rachel@osclegal.com

1   Jahan C. Sagafi (SBN 224887)
    OUTTEN & GOLDEN LLP
2   One California Street, Suite 1250
    San Francisco, CA 94111
3   Telephone:   (415) 638-8800
    Facsimile:   (415) 638-8810
4   Email: jsagafi@outtengolden.com

5   Christian Schreiber (SBN 245597)
    Monique Olivier (SBN 190385)
6   OLIVIER SCHREIBER & CHAO LLP
    201 Filbert Street, Suite 201
7   San Francisco, CA 94133
    Telephone: (415) 484-0980
8   Facsimile: (415) 659-7758
    Email: christian@osclegal.com
9   Email: monique@osclegal.com

10  Rachel Bien (SBN 315886)
    OLIVIER SCHREIBER AND CHAO LLP
11  1149 North Gower Street Suite 215
    Los Angeles, CA 90038
12  Telephone: (415) 484-0522
    Facsimile: (415) 658-7758
13  Email: rachel@osclegal.com

14  *Attorneys for Proposed Intervenor,*
    *Department of Fair Employment and Housing*
15

16              **UNITED STATES DISTRICT COURT**

17              **CENTRAL DISTRICT OF CALIFORNIA**

18

| | |
|---|---|
| 19   U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No. 2:21-CV-07682 DSF-JEM |
| 20 | |
| | Plaintiff, | **CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING'S MOTION TO INTERVENE FOR PURPOSES OF APPEAL; OR IN THE ALTERNATIVE TO STAY PENDING COMPLETION OF THE STATE ACTION** |
| 21 | |
| 22   v. | |
| 23   ACTIVISION BLIZZARD, INC., BLIZZARD ENTERTAINMENT, INC., ACTIVISION PUBLISHING, INC., and KING.COM, INC., and DOES ONE through TEN, inclusive, | |
| 24 | Date: May 23, 2022 |
| 25 | Time: 1:30pm |
| 26 | Court Room: 7D |
| | Judge: Hon. Dale S. Fischer |
| 27   Defendants. | |
| 28 | |

# TABLE OF CONTENTS

I.  INTRODUCTION .................................................................................. 1

II.  BACKGROUND ................................................................................. 4

III. ARGUMENT ...................................................................................... 6

  A.  Legal Standard ................................................................................ 6

  B.  Intervention for Purposes of Appeal is Warranted Because the EEOC Lacks Authority to Prosecute the Case. ........................................................ 7

  C.  Instead of Deferring to DFEH's Action, EEOC Filed Suit and Entered a Consent Decree to Undermine the State Law Rights and Remedies Currently Being Prosecuted by the DFEH. ........................................................ 8

  D.  DFEH Meets the Requirements for Intervention as a Matter of Right. ........... 9

    1. Title VII Mandates EEOC to Defer to DFEH's Action. ............................... 10

    2. The DFEH Has a Protectable Interest in Preserving the State Law Claims Currently Being Prosecuted. .......................................................... 11

    3. The EEOC Cannot Adequately Represent the State of California's Interest. 12

    4. DFEH Must Intervene to Protect the State Law Claims Currently Being Prosecuted .............................................................................. 13

    5. Timeliness ............................................................................... 13

      a.  DFEH Appropriately Seeks to Intervene Immediately After Approval of the Consent Decree. ................................................................ 14

      b.  EEOC and Defendant Activision Blizzard Will Not Suffer Prejudice from DFEH's Necessary Intervention ................................................ 14

  E.  In the Alternative, DFEH Meets the Requirements for Permissive Intervention ................................................................................. 15

  F.  In the Alternative, DFEH Asks the Court to Stay this Action Pending the Conclusion of the State Court Proceedings ........................................... 16

IV. CONCLUSION .................................................................................. 16

1

## <u>TABLE OF AUTHORITIES</u>

2

**CASES**                                                                        **PAGE(S)**

3

4
*Alameda Newspapers, Inc. v. City of Oakland,*
    95 F.3d 1406 (9th Cir. 1996)................................................................. 6, 8

5
*Alaska v. Suburban Propane Gas Corp.,*
    123 F.3d 1317 (9th Cir. 1997)................................................................... 7

6

7
*Citizens for Balanced Use v. Montana Wilderness Ass'n,*
    647 F.3d 893 (9th Cir. 2011)................................................................... 13

8
*Dept. Fair Empl. & Hous. v. Law School Admissions Council,*
    896 F.Supp.2d 849 (N.D. Cal. 2021)......................................................... 4

9

10
*Donnelly v. Glickman,*
    159 F.3d 405 (9th Cir. 1998)................................................................... 11

11
*Dunlop v. Pan American World Airways, Inc.,*
    672 F.2d 1044 (2d Cir.1982)...................................................................... 7

12

13
*E.E.O.C. v. Pan Am. World Airways, Inc.,*
    897 F.2d 1499 (9th Cir. 1990)................................................................... 7

14
*E.E.O.C. v. Waffle House, Inc.,*
    534 U.S. 279 (2002) ................................................................................ 12

15

16
*EEOC v. Grays Harbor Community Hosp.,*
    No. 10-CV-5616- BHS (W.D. Wash.) .................................................. 7, 12

17
*Freedom from Religion Foundation, Inc. v. Geithner*
    644 F.3d 836 (9th Cir. 2011)................................................................... 16

18

19
*Kremer v. Chem. Const. Corp.,*
    456 U.S. 461 (1982) ........................................................................*passim*

20
*L.A. Taxi Coop., Inc. v. Uber Techs., Inc.,*
    15-CV-01257-JST, 2015 WL 5071949 (N.D. Cal. Aug. 27, 2015).................... 13

21

22
*Mach Mining, LLC v. E.E.O.C.,*
    575 U.S. 480 (2015) ........................................................................*passim*

23
*Marino v. Ortiz,*
    484 U.S. 301 (1988) .......................................................................... 6, 8

24

25
*Motorola, Inc. v. E.E.O.C.,*
    460 F.2d 1245 (1972) ......................................................................*passim*

26
*Pellegrino v. Nesbit,*
    203 F.2d 463 (9th Cir. 1953)................................................................. 6, 8

27

28
*Perry v. Proposition 8 Official Proponents*
    587 F.3d 947 (9th Cir. 2009)................................................................... 16

*Smith v. Los Angeles Unified Sch. Dist.*,
  830 F.3d 843 (9th Cir. 2016) ............................................................... 10, 15

*U.S. v. State of Oregon*,
  745 F.2d 550 (9th Cir. 1984) ....................................................................... 14

*United Airlines, Inc. v. McDonald*,
  432 U.S. 385 (1977) ...................................................................................... 6

*United States ex rel. Killingsworth v. Northrop Corp.*,
  25 F.3d 715 (9th Cir. 1994) .......................................................................... 7

*United States v. Alisal Water Corp.*,
  370 F.3d 915 (9th Cir. 2004) ...................................................................... 14

*United States v. Carpenter*,
  298 F.3d 1122 (2002) ................................................................................... 14

*Victa v. Merle Norman Cosmetics, Inc.*,
  19 Cal.App.4th 454 (1993) .......................................................................... 13

*Wilderness Soc'y. v. U.S. Forest Serv.*,
  630 F.3d 1173 (9th Cir. 2011) ..................................................................... 10

**STATUTES**                                                                    **PAGE(S)**

42 U.S.C. § 2000e-5(d) ...............................................................................*passim*

42 U.S.C. § 2000e-7, -8(d) ............................................................................... 13

42 U.S.C. § 2000e-5(f) ................................................................................*passim*

Cal. Gov. Code § 12920 ............................................................................... 4, 9

Cal. Gov. Code, § 12930 ........................................................................... 4, 9, 11

Cal. Gov. Code § 12953 ................................................................................ 3, 12

Cal. Gov. Code §12965 ..................................................................................... 4

Cal. Labor Code, § 432.6 .............................................................................. 3, 12

California's Fair Employment and Housing Act ................................................ 4

**OTHER AUTHORITIES**                                                            **PAGE(S)**

110 Cong. Rec. S7216 (1964) ............................................................................ 2

110 Cong. Rec. S12725 (1964) .......................................................................... 3

110 Cong. Rec. S7516 ........................................................................... 5, 10, 11

110 Cong. Rec. S7615 ..................................................................................... 10

Fed. R. Civ. P. 24 ........................................................................... 4, 9, 10, 16

CALIFORNIA DEPARTMENT OF FAIR EMPLOMENT AND HOUSING'S MOTION TO INTERVENE
CASE NO. 21-cv-07682-DSF-JEM

1

## I.   **INTRODUCTION**

2

The California Department of Fair Employment and Housing ("DFEH")

3

moves to intervene for purposes of appeal because the Equal Employment

4

Opportunity Commission ("EEOC") (and, accordingly, the Court) lacks authority

5

over the claims in this case. EEOC failed to comply with mandatory presuit

6

conditions under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e-

7

5(d) and (f)(1). *Mach Mining, LLC v. E.E.O.C.*, 575 U.S. 480 (2015); *Motorola,*

8

*Inc. v. E.E.O.C.*, 460 F.2d 1245, 1246 (1972) (staying an EEOC action until it gave

9

the state meaningful time to act). EEOC then failed to defer to DFEH's statutory

10

right and decision to act under State law to remedy the unlawful practices alleged in

11

this case in its own previously-filed enforcement action. 42 U.S.C. § 2000e-5(d)

12

and (f); *Dept. Fair Empl. & Hous. v. Activision Blizzard, Inc. et al.*, Case No.

13

21STCV26571 (Los Angeles Sup. Ct.) ("State Action"). Instead of deferring to

14

DFEH's action to remedy unlawful practices under more protective state laws,

15

EEOC lodged a proposed consent decree two months later seeking to collect

16

waivers of state rights and remedies in DFEH's pending action. This violates the

17

statutory requirements and intent of Title VII.

18

EEOC cannot sidestep Title VII's mandates.[1] EEOC *must* defer to a state

19

agency and its laws *before* filing suit. 42 U.S.C. §2000e-5(d) (EEOC "*shall*, before

20

taking *any action* with respect to a [commissioner's] charge, notify the

21

appropriate State or local officials and, upon request, afford them a reasonable time,

22

but not less than sixty days. . . to act *under such State or local law to remedy the*

23

*practice alleged*.") and (f)(1) (EEOC can file suit only after satisfying subsection

24

---

25

[1] EEOC's reliance on a worksharing agreement is inapposite. *Kremer v. Chem.*

26

*Const. Corp.*, 456 U.S. 461, 470 n.8 (1982) (holding ability to enter worksharing agreements irrelevant, noting that "[a]ll of these provisions are directed toward

27

administrative cooperation, and lend no evidence of congressional intent to compromise or circumscribe the validity of state judicial proceedings").

28

(d)); *Mach Mining,* 575 U.S. at 486 (discussing EEOC's mandatory *presuit* obligations, and holding that "*shall*" is "mandatory, not precatory"). EEOC did not comply with Title VII's state procedural protections.

Title VII's legislative history makes this clear:

> The Federal law will apply in all the States, but it will not override any State law or municipal ordinance which is not inconsistent. However, the Federal authorities will stay out of any State or locality which has an adequate law and is effectively enforcing it. This provision has two beneficial effects: (1) it will induce the States to enact good laws and enforce them, so as to have the field to themselves; and (2) it will permit the Federal [fair employment practices commission] to concentrate its efforts in the States which do not cooperate....'"

110 CONG. REC. 7216 (1964) (remarks of Senator Clark). EEOC's failure to comply with Title VII's statutory language and legislative history demonstrates DFEH's significant stake in this suit.

Instead of providing DFEH with notice and an opportunity to act under California law to remedy the practice alleged in this Title VII case, as required by Title VII and this Circuit's precedent, EEOC did the following:

On June 8 and 11, 2021, EEOC notified DFEH and Activision of its intent to "assert[] jurisdiction" over the "overlapping," "similar," and "duplicative" state law allegations in DFEH's investigation against Activision Blizzard, Inc., Activision Publishing, Inc., and Blizzard Entertainment, Inc. (collectively, "Activision").  ECF No. 24-10 (Declaration of Janette Wipper in Support of DFEH's Motion to Intervene ("Wipper Decl.")) ¶ 12; ECF No. 36-2 (Exhibit B-1 to Declaration of Janette Wipper). EEOC had no authority to "assert jurisdiction" over a DFEH investigation or state laws. 42 U.S.C. § 2000e-5(d).  Nonetheless, despite EEOC's baseless assertion of jurisdiction, on July 20, 2021, DFEH exercised its right to remedy the unlawful acts alleged and filed *Dept. Fair Empl. &*

*Hous v. Activision Blizzard* in California Superior Court. ECF No. 24-3
(Complaint, *Dept. Fair Empl. & Hous. v. Activision Blizzard, Inc. et al.*,
Case No. 21STCV26571 (Los Angeles Sup. Ct.) ("State Court Complaint")).

Despite DFEH exercising its statutory right to remedy the unlawful practices
alleged against Activision, the EEOC acted in contravention of 42 U.S.C. § 2000e-
5(d) and (f) by filing its own complaint two months later.[2] ECF No. 1 (Complaint).
EEOC did not wait for the expiration or termination of the State proceedings under
subsection (d) before filing suit. 42 U.S.C. § 2000e-5(f). And EEOC did not stop
there: it also filed a proposed consent decree, since twice amended, that not only
impedes DFEH's statutory rights under Title VII and its pending state enforcement
action, but undercuts the state rights and available remedies of aggrieved California
workers.

The consent decree unlawfully asks participants to release state law claims
that DFEH is actively prosecuting.[3] ECF No. 78-4 (Attachment C to [Proposed]
Second Amended Consent Decree ("Release")) ¶ 2. But before the aggrieved
workers participate, they must submit a seventeen-page claim form, providing
Activision with free, unequal discovery, outside the judicial process of DFEH's

---

[2] The legislative history of Title VII explains that the EEOC must defer to the states
when the states have implemented their own laws and seek to prosecute them.
Senator Hubert H. Humphrey was an advocate of strong state enforcement during
the revisions of Title VII and stated:

"We recognized that many States already have functioning antidiscrimination
programs to insure equal access to places of public accommodation and equal
employment opportunity. We sought merely to guarantee that these States—and
other States which may establish such programs—will be given every opportunity
to employ their expertise and experience without premature interference by the
Federal Government." 110 Cong. Rec. S12725 (1964) (remarks of Senator
Humphrey).

[3] That requirement is unlawful. (Cal. Labor Code, § 432.6; Cal. Gov. Code, §
12953.)

State Action. ECF No. 78-3 (Attachment B to [Proposed] Second Amended Consent Decree ("Claim Form")).

The DFEH moves this Court, pursuant to Rule 24 of the Federal Rules of Civil Procedure, for an order permitting it to intervene in this action for purposes of appealing the consent decree entered on March 29, 2022. Alternatively, DFEH asks the Court to stay this matter pursuant to 42 U.S.C. § 2000e-5(f)(1) until DFEH's first-filed state court case is resolved.

## II.   **BACKGROUND**

DFEH is the California state agency charged with enforcing California's Fair Employment and Housing Act (FEHA) (Cal. Gov't Code § 12900 et seq.) and is authorized by California Government Code §12965 to file civil complaints on behalf of itself and persons aggrieved by discriminatory employment practices. Through enforcement of the FEHA, DFEH protects the civil rights of all Californians to seek, obtain, and hold employment without discrimination based on a protected characteristic. Cal. Gov't Code § 12920. To effectuate this objective, the Legislature conferred upon DFEH  the authority to "receive, investigate, conciliate, mediate, and prosecute complaints alleging practices made unlawful [under the FEHA]." Cal. Gov't Code § 12930(f)(1). DFEH is empowered to enforce California's civil rights laws. Cal. Gov't Code § 12920 (calling the establishment of the FEHA and DFEH "an exercise of the police power of the state"); *see Dept. Fair Empl. & Hous. v. Law School Admissions Council*, 896 F.Supp.2d 849, 862 (N.D. Cal. 2021). Under federal law, DFEH also has primary authority to prosecute claims arising under Title VII of the Civil Rights Act. 42 U.S.C. § 2000e-5(d) (requiring the Equal Employment Opportunity Commission (EEOC) to give DFEH the opportunity to take cases within its jurisdiction).

On June 8, 2021, EEOC emailed DFEH and Activision, stating that "[b]oth the Commissioner's charge and the DFEH charge have *overlapping* if not *similar*

*allegations* and since the EEOC has asserted jurisdiction . . . , the operative investigation is the EEOC Commissioner's charge. We have informed the DFEH of our position." ECF No. 24-10 (Wipper Decl.) ¶ 12(b). On June 11, 2021, DFEH notified Activision and EEOC that it did not agree with EEOC's position. *Id*. ¶ 12(g). On June 11, 2021, EEOC also emailed DFEH and Activision, stating that: "I think the issue relates to not the DFEH's director's charge but the fact that the EEOC's Commissioner's and the interplay with the DFEH Director's charge. The *DFEH Director's charge is a duplicate* and therefore EEOC has jurisdiction over this investigation." *Id.* ¶ 12(h).  DFEH again notified Activision and EEOC that it did not agree with EEOC's position.  *Id*. ¶ 12(i). On June 23, 2021, DFEH informed Activision that EEOC had apologized for asserting that EEOC had jurisdiction over DFEH's case. *Id*. ¶ 12(i).

On July 20, 2021, well-within sixty days of EEOC's June 8, 2021 purported notice that "EEOC has asserted jurisdiction" over "overlapping," "similar" and "duplicate" allegations in DFEH's case, DFEH exercised its right to remedy the unlawful acts alleged and filed *DFEH v. Activision Blizzard, Inc. et al.* in California Superior Court. ECF No. 24-3 (State Court Complaint). After a state initiates a proceeding, the EEOC lacks authority to file a suit. 42 U.S.C. § 2000e-5(d) and (f)(1). If it does so, Title VII contemplates the next step: the Court may stay EEOC's action until sixty days after the termination of the state proceeding. 42 U.S.C. § 2000e-5(f)(1); *Motorola*, 460 F.2d at 1246 (staying EEOC's action until it gave the state meaningful time to act).

Here, DFEH has acted upon its statutory authority to prosecute meritorious claims of sexual harassment, discrimination and other violations. ECF No. 24-3 (State Court Complaint). However, EEOC and Activision have consistently sought to undermine the valid exercise of California's state police power by seeking to release claims currently being prosecuted in the State Action. Broader summaries regarding Activision's unlawful conduct and EEOC's limited enforcement authority

can be found in previous filings. *See e.g.* ECF Nos. 24-1 – 24-15. DFEH incorporates those statements by reference.

### III.  ARGUMENT

#### A.  Legal Standard

The Supreme Court has explained that, "the rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well settled." *Marino v. Ortiz*, 484 U.S. 301, 304 (1988). The Supreme Court in *Marino* acknowledged that there are exceptions to the rule and provided that a nonparty may appeal where it seeks "intervention for purposes of appeal." *Id*.

The Supreme Court has held that intervention for purposes of appealing an adverse ruling is permitted, even after trial. *See, e.g., United Airlines, Inc. v. McDonald*, 432 U.S. 385, 395-96 (1977).  The Ninth Circuit has previously explained that, "intervention should be allowed even after a final judgment where it is necessary to preserve some right which cannot otherwise be protected." *Pellegrino v. Nesbit*, 203 F.2d 463, 465-66 (9th Cir. 1953) (reversing an order denying a post-judgment motion for leave to intervene for the purposes of appeal); *see also Alameda Newspapers, Inc. v. City of Oakland*, 95 F.3d 1406, 1412 n. 8 (9th Cir. 1996) (the right to intervene for purposes of appealing is well established). Motions to intervene for the purposes of appeal are regularly granted in the Ninth Circuit.  *See, e.g.*, *Alaska v. Suburban Propane Gas Corp.,* 123 F.3d 1317, 1319 (9th Cir. 1997) (holding that putative class member could intervene for the purpose of appeal after parties settled claims and district court entered final judgment); *United States ex rel. Killingsworth v. Northrop Corp.*, 25 F.3d 715, 719-20 (9th Cir. 1994) (holding that nonparty could intervene for appeal after parties filed stipulation of dismissal in district court).

**B.      Intervention for Purposes of Appeal is Warranted Because the EEOC Lacks Authority to Prosecute the Case.**

As an initial matter, EEOC lacks jurisdiction over the state law claims DFEH seeks to protect. *E.E.O.C. v. Pan Am. World Airways, Inc*., 897 F.2d 1499, 1507, n. 8 (9th Cir. 1990) ("The EEOC has no power to extinguish state claims or state statutory rights.") (citing *Dunlop v. Pan American World Airways, Inc*., 672 F.2d 1044, 1049 n. 7 (2d Cir.1982)). As discussed further below, EEOC's departure from its prior practice of preserving those claims is alarming. *See* ECF Nos. 58-3 (Declaration of Jamal Whitehead, filed in *EEOC v. Grays Harbor Community Hosp*., No. 10-CV-5616- BHS (W.D. Wash.)); 58-4 (1983 Opinion of the Office of Legal Counsel (U.S. Department of Justice)); 58-5 (EEOC's Opposition to Defendant's Motion for Court Intervention in Settlement Efforts, filed in *EEOC v. Grays Harbor Community Hosp*., No. 10-CV-5616-BHS (W.D. Wash.)).

EEOC is not free to act on a whim; it must follow certain presuit conditions. *Mach Mining*, 575 U.S. at 486 (discussing EEOC's mandatory presuit obligations, and holding that "shall" is "mandatory, not precatory"). One such condition is the statutory mandate to defer to state agencies laws before filing suit. 42 U.S.C. § 2000e-5(d) (EEOC "shall, before taking any action with respect to a [commissioner's] charge, notify the appropriate State or local officials and, upon request, afford them a reasonable time, but not less than sixty days. . . to act under such State or local law to remedy the practice alleged.") and (f)(1) (EEOC can file suit only after satisfying subsection §2000e-5(d)); *Motorola*, 460 F.2d at 1246. EEOC did not comply with Title VII's state procedural protections. As set forth above, after EEOC attempted to "assert jur[]isdiction"[4] over the claims at issue, DFEH acted by filing a state court action. At that point, EEOC was required to

_____

[4] EEOC's assertion of jurisdiction was baseless and not grounded in any legal authority, and did not comply with the notice provisions required in Title VII. *Kremer v. Chemical Const. Corp*., 456 U.S. 461, 475 (1982); 42 U.S.C. § 2000e-5(d), (f).

defer to DFEH's state action. *See Motorola*, 460 F.2d at 1246. Because the EEOC lacks jurisdiction and because the DFEH asserted its primacy over the action, this Court lacked jurisdiction to enter the second amended proposed consent decree.

### C.   Instead of Deferring to DFEH's Action, EEOC Filed Suit and Entered a Consent Decree to Undermine the State Law Rights and Remedies Currently Being Prosecuted by the DFEH.

In *Marino v. Ortiz*, 484 U.S. 301, 304 (1988), the Supreme Court noted that, "the rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well settled." *Marino v. Ortiz*, 484 U.S. 301, 304 (1988). The Supreme Court in *Marino* acknowledged that there are exceptions to the rule and provided that, "[w]e think the better practice is for such a nonparty to seek intervention for purposes of appeal." *Id*. As discussed above, courts frequently permit intervention for purposes of appealing an adverse ruling, even after trial. *See Alameda Newspapers, Inc. v. City of Oakland*, 95 F.3d 1406, 1412 n.8 (9th Cir. 1996) (the right to intervene for purposes of appeal is well established). The Ninth Circuit has previously explained that, "intervention should be allowed even after a final judgment where it is necessary to preserve some right which cannot otherwise be protected." *Pellegrino v. Nesbit*, 203 F.2d 463, 465-66 (9th Cir. 1953) (reversing an order denying a post-judgment motion for leave to intervene for the purposes of appeal).

DFEH seeks to intervene for purposes of appeal in order to safeguard the rights of the State and its aggrieved workers. DFEH exercises its lawful police power to prosecute claims solely within its purview. Cal. Gov't Code §§ 12920, 12930; *see also Motorola, Inc.*, 460 F.2d at 1246 (holding EEOC could not proceed on its action before it notified the state agency of its intent to do so and gave the state time to act); 42 U.S.C. § 2000e-5(d) (requiring EEOC to allow DFEH to prosecute employment cases within its jurisdiction).

On March 22, 2022, this Court stated it would approve the consent decree, and dismissed DFEH's grave concerns that state law claims would be undermined. ECF No. 76. The Court's March 22 order did not address the glaring legal issues DFEH has raised, and instead deferred to EEOC's manual as a basis for finding that a release of state law claims actively being pursued is permissible. *Id.* The manual is apposite here. It does not address EEOC facilitating the release of state claims when a state court action is pending that EEOC is required to defer to under Title VII. On March 25, 2022, EEOC and Activision submitted a second amended proposed consent decree, which does not address DFEH's concerns. ECF Nos. 77 & 78. On March 29, 2022, the Court approved the consent decree, the implementation of which will adversely affect the State of California's interests as it prosecutes the state law claims. ECF No. 82

Considering the liberality and practicality considerations that govern the resolution of this matter, and the fact that Rule 24 is to be construed in favor of applicants for intervention, DFEH respectfully requests the Court to grant DFEH's motion to intervene for purposes of appealing.

## D.    DFEH Meets the Requirements for Intervention as a Matter of Right.

Federal Rule of Civil Procedure 24(a)(2) governs intervention as a matter of right. Fed. R. Civ. P. 24(a). An applicant for intervention under Rule 24(a) must establish four elements: (1) that the prospective intervenor's motion is timely; (2) that the would-be intervenor has "a significantly protectable interest relating to . . . the subject of the action," (3) that the intervenor is "so situated that the disposition of the action may as a practical matter impair or impede [the intervenor's] ability to protect that interest"; and (4) that such interest is "inadequately represented by the parties to the action." *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 853 (9th Cir. 2016); *see also Wilderness Soc'y. v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011); Fed. R. Civ. P. 24(a). Rule 24 must be construed "broadly in

favor of proposed intervenors." *Wilderness Soc'y.*, 630 F.3d at 1179. DFEH meets each of the requirements outlined by Rule 24.

### 1.      Title VII Mandates EEOC to Defer to DFEH's Action.

After EEOC attempted to "assert[] jurisdiction" over DFEH's "overlapping" and "duplicative" investigation, DFEH promptly and within sixty days exercised its right to remedy the alleged practices under state law as contemplated by Title VII. *See* ECF No. 24-3 (State Court Complaint).  DFEH filed a state-court action so that it could prosecute the case under the stronger California state laws – just as Congress intended. *See* 110 Cong. Rec. S7615; *Motorola, Inc.*, 460 F.2d at 1246 (holding EEOC could not proceed on its action before it notified state agency of its intent to do so and gave the state time to act). Once DFEH filed its case, Title VII mandates that EEOC refrain from further action. 42 U.S.C. § 2000e-5(d), (f); 110 Cong. Rec. S7516 ("Federal authorities will stay out of any State or locality which has an adequate law and is effectively enforcing it.").

The Supreme Court and the Congressional record make clear that Congress intended EEOC to defer to states because once DFEH initiates litigation, "the remedy has been chosen and can be followed through and no relitigation of the same issues in a different forum would be permitted." *Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 475 (1982) (quoting 118 Cong. Rec. S3370 (1972)). Thus, Congress contemplated duplicative filings by the EEOC and similar state agencies and plainly intended to defer to adequate state agencies. When EEOC notified DFEH of its intent to act, DFEH elected to initiate its state court litigation. At that point, EEOC had no right to file an action. *Kremer*, 456 U.S. at 475.

EEOC's "legal lapses and violations" must have a consequence, or EEOC will continue to violate the state protections at the heart of Title VII. *Mach Mining*, 575 U.S. at 489 (discussing EEOC's preconditions to filing suit, noting that "legal lapses and violations occur, and especially so when they have no consequence").

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## 2. The DFEH Has a Protectable Interest in Preserving the State Law Claims Currently Being Prosecuted.

Intervention is justified when an interest: (1) is protected under the law; and (2) the applicant shows a relationship between the legally protected interest and the parties' claims. *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998).

Here, Title VII and its legislative history makes clear that DFEH has a protectable interest that relates to the claims in this case. 42 U.S.C. § 2000e-5(d), (f); 110 Cong. Rec. S7516.

As the State of California's primary civil rights agency, DFEH has a cognizable interest in ensuring that the interests of the State and the aggrieved workers are protected. 42 U.S.C. § 2000e-5(d), (f); Cal. Gov. Code § 12930. As described above, the consent decree requires that claimant release their stronger state law claims in order to receive compensation from the settlement. ECF No. 78-4 (Release) ¶ 2. Based on this release, Activision will likely argue that any participant in DFEH's state court action has released their stronger state law claims through the consent decree. The EEOC and Activision seek to usurp DFEH's valid exercise of state police power by unlawfully including a release of state law claims – notwithstanding United States Supreme Court precedent, the mandates of Title VII, and state law forbidding the requirement. *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279 (2002); 42 U.S.C. § 2000e-5(d); Cal. Labor Code, § 432.6; Cal. Gov. Code § 12953. EEOC's federal action offends traditional principals of federalism, as DFEH affirmatively acted first to remedy the violations of state law.

The language of the consent decree explicitly requires participants to sign a release encompassing, "federal, state and local law…" and specifically waiving "any right I may have to recover any monetary damages or other relief the DFEH may recover in the DFEH Lawsuit for sexual harassment, pregnancy discrimination or related retaliation." ECF No. 78-4 (Release) ¶ 2. And Activision indicated in the State Action that, at a minimum, they will assert at least be a partial release of state

claims. [5] ECF 41-1 (Dec. 9, 2021 Case Management Conference Transcript, in *DFEH v. Activision Blizzard, Inc.,* No. 21STCV26571) at 2:18.

Further, EEOC has previously acknowledged in another matter that release of state law claims in an EEOC settlement would, "diminish, not enhance, the private rights of individual claimants." ECF No. 58-5 (EEOC's Opposition to Defendant's Motion for Court Intervention in Settlement Efforts, filed in *EEOC v. Grays Harbor Community Hosp.*, No. 10-CV-5616-BHS (W.D. Wash.)).

### 3. The EEOC Cannot Adequately Represent the State of California's Interests.

"The burden of showing inadequacy of representation is 'minimal' and satisfied if the applicant can demonstrate that representation of its interests 'may be' inadequate." *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011). "In evaluating adequacy of representation, we examine three factors: '(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.'" *Id.* The most important factor is "how the interest compares with the interests of existing parties." *L.A. Taxi Coop., Inc. v. Uber Techs., Inc.*, 15-CV-01257-JST, 2015 WL 5071949, at *3 (N.D. Cal. Aug. 27, 2015).

The existence of inadequate representation is irrefutable. As a preliminary matter, EEOC has no jurisdiction to prosecute FEHA claims, nor does it

---

[5] In the State Action, when asked if the federal settlement contemplated the dismissal of the state claims, Activision's counsel responded by stating, "Not in their entirety." ECF No. 41-1 at 2:18. If there was a genuine desire to not attempt to argue the federal action resulted in the release of FEHA claims, the response would have been a simple, "No."

demonstrate expertise in evaluating the value of those claims.[6] *Victa v. Merle Norman Cosmetics, Inc.*, 19 Cal.App.4th 454, 462 (1993). EEOC can only pursue federal claims when the state affirmatively decides not to act, but that is not what it did here. As described above, principles of federalism require deference to states when they choose to act in enforcing its own laws. This was contemplated by Congress in enacting Title VII, and central to the framework of Title VII. 42 U.S.C. § 2000e-5, -7, -8(d). Absent any jurisdiction to prosecute FEHA claims, EEOC cannot adequately represent DFEH's interest in prosecuting California law.

### 4. DFEH Must Intervene to Protect the State Law Claims Currently Being Prosecuted

By approving of the second amended consent decree, the Court sanctions Activision's attempt to obtain premature releases of state law claims that DFEH actively pursues. Yet, as set forth above, EEOC acted outside its statutory authority when it negotiated the decree and filed its action. 42 U.S.C. § 2000e-5(d), (f); see *Kremer*, 456 U.S. at 475. Thus, the Court's approval conflicts with the deference Congress intended to provide to the states. *Mach Mining*, 575 U.S. at 489. Therefore, DFEH must intervene to protect its interest in prosecuting the state court action.

### 5. Timeliness

Courts weigh three factors to determine the timeliness of a motion to intervene: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay. *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004). Courts should also "bear[] in mind that the timeliness requirement for intervention as of right should be treated more leniently than for permissive intervention because of

---

[6] Valuation of FEHA claims depends on the nature of the facts discovered through the State Action, but EEOC intends to release these exact claims for no additional compensation.

the likelihood of more serious harm." *U.S. v. State of Oregon*, 745 F.2d 550, 552 (9th Cir. 1984). Proposed intervenors must act promptly after receiving notice, "that the government may not have adequately represented their interests in negotiating the settlement, and they were entitled to rely on the presumption of adequate representation by the government prior to that time." *United States v. Carpenter*, 298 F.3d 1122, 1124 (2002).

### a.   DFEH Appropriately Seeks to Intervene Immediately After Approval of the Consent Decree.

DFEH files this motion immediately after this Court's entry of the consent decree. DFEH has explained in its objections to the proposed consent decree the harm to DFEH's interests and the interests California claimants who will be effected by the release of state law claims. *See* ECF No. 58. Now that the consent decree has been granted final approval, ECF No. 82, the DFEH seeks immediate intervention to appeal that order. Courts have recognized when a significant change of circumstances occurs, and that change is the "major reason" for the motion to intervene, the stage of proceedings factor should be analyzed by reference to the change in circumstances, and not the commencement of the litigation. *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016). Accordingly, DFEH's motion is timely.

### b.   EEOC and Defendant Activision Blizzard Will Not Suffer Prejudice from DFEH's Necessary Intervention

The Ninth Circuit has emphasized "that the only 'prejudice' that is relevant under this factor is that which flows from a prospective intervenor's failure to intervene after he knew, or reasonably should have known, that his interests were not being adequately represented-and not from the fact that including another party in the case might make resolution more 'difficult.'" *Smith*, 830 F.3d at 857 (internal citation omitted).

No such prejudice exists here.[7] DFEH immediately moves to intervene for purposes of appealing the entry of the consent decree. Moreover, the inquiry into the "reason for and length of delay" weighs in favor of DFEH, who has moved expeditiously to intervene upon entry of the consent decree.

### E.    In the Alternative, DFEH Meets the Requirements for Permissive Intervention

Federal Rule of Civil Procedure 24(b)(1) provides for permissive intervention at the court's discretion where the potential intervenor "has a claim or defense that shares with the main action a common question of law or fact." Permissive intervention "requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Freedom from Religion Foundation, Inc. v. Geithner* 644 F.3d 836, 843 (9th Cir. 2011).

In exercising discretion, the court must consider whether the intervention will unduly delay or prejudice the parties to the original action. Fed. R. Civ. P. 24(b)(3). "The court may also consider other factors in the exercise of its discretion, including 'the nature and extent of the intervenors' interest' and 'whether the intervenors' interests are adequately represented by other parties." *Perry v. Proposition 8 Official Proponents* 587 F.3d 947, 955 (9th Cir. 2009) (citing *Spangler v. Pasadena City Board of Education*, 552 F.2d 1326, 1329 (9th Cir. 1977)).

As described above, the attempt to release state-law claims, coupled with EEOC's flagrant disregard for the express statutory language of 42 U.S.C. 2000e-5(d) requiring deference to DFEH once it filed its State Action, provide the necessary independent grounds for jurisdiction. DFEH's intervention will not cause

---

[7] As set forth above, EEOC lacks both standing and jurisdiction because DFEH elected to file its action. 42 U.S.C. § 2000e-5(d), (f); 110 Cong. Rec. S7516; see *Kremer*, 456 U.S. at 475.

undue delay or prejudice, as it has moved immediately to protect the interests of the State and the aggrieved workers, and raise its grave concerns with the approved second amended consent decree.

### F.   In the Alternative, DFEH Asks the Court to Stay this Action Pending the Conclusion of the State Court Proceedings

Title VII provides that where state and federal claims overlap, the Court may stay the federal action until sixty days after the termination of the state court proceedings. 42 U.S.C. § 2000e-5(f)(1). Here, where DFEH asserted its federal and state statutory rights to prosecute the case, EEOC's action should be stayed. *Id.*; *see also Kremer*, 456 U.S. at 475; *Motorola, Inc.*, 460 F.2d at 1246.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, DFEH respectfully requests this Court permit intervention for the purpose of appealing the consent decree. In the alternative, DFEH asks the Court to stay this action until sixty days after the conclusion of the state court proceedings.

DATED: April 19, 2022                    Respectfully submitted,

/s/ *Jahan Sagafi*

Jahan C. Sagafi (SBN 224887)
OUTTEN & GOLDEN LLP
One California Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
E-Mail: jsagafi@outtengolden.com

Christian Schreiber (SBN 245597)
Monique Olivier (SBN 190385)
OLIVIER SCHREIBER & CHAO LLP
201 Filbert Street, Suite 201
San Francisco, CA 94133
Telephone: (415) 484-0980
Facsimile: (415) 659-7758

1
2

E-Mail: christian@osclegal.com
E-Mail: monique@osclegal.com

3
4
5
6
7

Rachel Bien (SBN 315886)
OLIVIER SCHREIBER AND CHAO LLP
1149 North Gower Street Suite 215
Los Angeles, CA 90038
Telephone: (415) 484-0522
Facsimile: (415) 658-7758
E-Mail: rachel@osclegal.com

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CALIFORNIA DEPARTMENT OF FAIR EMPLOMENT AND HOUSING'S MOTION TO INTERVENE
CASE NO. 21-cv-07682-DSF-JEM