Anna Y. Park, SBN 164242
anna.park@eeoc.gov
Nakkisa Akhavan, SBN 286260
nakkisa.akhavan@eeoc.gov
Taylor Markey, SBN 319557
taylor.markey@eeoc.gov
Maurice Neishlos, NY SBN 5639265
maurice.neishlos@eeoc.gov
Alisha Ansari, SBN 312875
alisha.ansari@eeoc.gov
Ella Hushagen, SBN 297990
ella.hushagen@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 422-8396
Facsimile: (213) 894-1301
E Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>ACTIVISION BLIZZARD, INC., BLIZZARD ENTERTAINMENT, INC., ACTIVISION PUBLISHING, INC., and KING.COM, INC., and DOES ONE through TEN, inclusive,<br><br>Defendants. | Case No.: 2:21-cv-07682-DSF-JEM<br><br>**PLAINTIFF EEOC'S OPPOSITION TO** *AMICUS CURIAE* **DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING'S** *SECOND* **MOTION TO INTERVENE FOR PURPOSES OF APPEAL; OR IN THE ALTERNATIVE TO STAY PENDING COMPLETION OF THE STATE ACTION** |

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ iii

I. INTRODUCTION ........................................................................................................ 1

II. PROCEDURAL HISTORY ......................................................................................... 1

III. ARGUMENT ............................................................................................................... 4

    A. DFEH's Second Intervention Motion Must be Denied as Untimely. .................... 4

        1) DFEH's Motion, *After* the Court Entered the Consent Decree and Closed the Case, Is Too Late. ....................................................... 5

        2) DFEH's Intervention Would Prejudice Workers, the Parties, and the Public Interest. ................................................................. 6

        3) DFEH Sat on Its Rights for Months Before Filing a Duplicate Motion to Intervene. ............................................................... 8

    B. DFEH is Not Entitled to a Second Bite at the Apple. ........................................... 10

IV. CONCLUSION ........................................................................................................ 13

ii

PLAINTIFF EEOC'S OPPOSITION TO *AMICUS CURIAE* DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING'S *SECOND* MOTION TO INTERVENE FOR PURPOSES OF APPEAL; OR IN THE ALTERNATIVE TO STAY PENDING COMPLETION OF THE STATE ACTION

# TABLE OF AUTHORITIES

**Cases**  **Page(s)**

*Alaniz v. Tillie Lewis Foods*
572 F.2d 657 (9th Cir. 1978)..................................................................... 6,8

*Calvert v. Huckins*
109 F.3d 636 (9th Cir. 1997)......................................................................... 5

*Carroll v. Nakatani*
342 F.3d 934 (9th Cir. 2003)....................................................................... 12

*Cohen v. Trump*
2017 WL 2779260 (S.D. Cal. June 27, 2017)............................................. 11

*Enovsys LLC v. AT&T Mobility LLC*
2016 WL 7430619 (C.D. Cal. Sept. 6, 2016) ............................................. 11

*Fed. Trade Comm'n v. Apex Cap. Grp., LLC*
2022 WL 1060486 (C.D. Cal. Mar. 10, 2022)........................................... 5,10

*Fuller v. Jewelry*
950 F.2d 1437 (9th Cir. 1991)..................................................................... 12

*Herb Reed Enters., Inc. v. Bennett*
2012 WL 5989632 (D. Nev. Nov. 29, 2012) .............................................. 10

*League of Latin Am. Citizens v. Wilson (LULAC)*
131 F.3d 1297 (9th Cir. 1997)....................................................................... 4

*Makah Indian Tribe v. United States*
501 U.S. 1250 (1991).................................................................................... 5

*Orange Cnty. v. Air Cal.*
799 F.2d 535 (9th Cir. 1986)......................................................................... 4

*United States v. Alisal Water Corp.*
370 F.3d 915 (9th Cir. 2004).................................................................. 4,5,6

*United States v. State of Or.*
  913 F.2d 576 (9th Cir. 1990)......................................................................................5,6,8

*United States v. State of Wash.*
  86 F.3d 1499 (9th Cir. 1996).....................................................................................4,8-10

**Statutes, Rules, Regulations**                                                                                           **Page(s)**

Fed. R. Civ. P. 60(b) ...................................................................................................... 12

## I. INTRODUCTION

DFEH's Motion to Intervene is its sixth bid to disrupt EEOC's Title VII enforcement action and hard-won, robust resolution. Dkt. Nos. 13, 24-1, 58, 60, 83; Declaration of Ella Hushagen In Opposition to DFEH Motion to Intervene ("Hushagen Decl."), ¶ 6, Exh. D (DFEH Emergency Motion for Stay Under Fed. R. App. P. 8(a)) ("9th Cir. Stay Motion"). DFEH's untimely, duplicative, and last-gasp effort dusts off arguments it has made to the Court, aggrieved workers, and the public for the past seven months, all of which the Court has flatly rejected. DFEH's frivolous motion practice—months after its objections have been disposed of—wastes taxpayer dollars and impairs judicial economy. Any arguments DFEH raises for the first time after entry of the Consent Decree are untimely, waived, and should not be considered by the Court. DFEH's Motion must be denied.

## II. PROCEDURAL HISTORY

On September 26, 2018, EEOC filed a Commissioner's Charge opening an investigation into sexual harassment and sex discrimination at Defendants' workplaces. Declaration of Rosa Viramontes ("Viramontes Decl."), Dkt. 35-2, ¶ 3. In October 2018, DFEH filed a Director's Complaint against Defendants. Declaration of Janette Wipper ("Wipper Decl."), Dkt. 24-10, ¶ 3. EEOC notified DFEH about its Commissioner's Charge in November 2018. Viramontes Decl., Dkt. 35-2, ¶ 11. In December 2018, EEOC and DFEH agreed to coordinate their investigations into Defendants, pursuant to the operative Worksharing Agreement. *Id*., ¶ 12. The agencies agreed that EEOC would investigate sexual harassment, and DFEH would investigate sex discrimination in pay and other terms and conditions. *Id*., ¶ 14.

On June 15, 2021—after a three-year investigation into harassment, pregnancy discrimination and related retaliation—EEOC found cause to believe violations of Title VII occurred at Defendants' workplaces. Viramontes Decl., Dkt. 35-2, ¶ 24. Shortly thereafter, EEOC notified DFEH that it had completed its investigation and was beginning conciliation. EEOC invited DFEH to coordinate regarding next steps. *Id*., ¶ 26.

DFEH did not coordinate with EEOC. A month later, while EEOC was in conciliation with Defendants, DFEH filed a lawsuit against some Defendants in state court, asserting claims for sexual harassment. *Id*., ¶ 30.

On September 27, 2021, EEOC filed a Title VII Complaint against Defendants. Dkt. 1. EEOC lodged the Proposed Consent Decree, negotiated between the EEOC and Defendants (collectively, "the Parties"), the same day. Dkt. 11. On October 6, 2021, DFEH filed a Motion to Intervene and an *Ex Parte* Application to Shorten Time. The Court struck DFEH's Motion and Application. Dkt. 19. DFEH refiled its Motion to Intervene on October 25, 2021. Dkt. 24-1.

The Court held oral arguments on DFEH's first Motion to Intervene on December 13, 2021. Dkt. 42. The Court announced it intended to deny DFEH's Motion but would grant DFEH leave to file an *amicus curiae* brief. Transcript, December 13, 2021 ("Dec. 13, 2021 Tr.") at 4:5-7. The Court instructed the Parties to implement certain changes and clarifications to the Proposed Consent Decree for review. The Court stated that, upon review of the amended decree and accompanying documents, "[i]f I like the way the consent decree looks and I want to sign it, then I'm going to sign it[,]" with or without a hearing. *Id*., 61:12-14. On December 20, 2021, the Court denied DFEH's Motion to Intervene. Dkt. 46.

On January 4, 2022, the Parties filed a Joint Response to the Court's request for clarifications, and the Proposed Amended Consent Decree, Notice, Claim Form and Release. Dkt. 51; 50-1-4. DFEH appealed the Court's denial of its Motion to Intervene on January 7, 2022. Dkt. 53. On January 18, 2022, DFEH filed Objections to the Proposed Consent Decree. Dkt. 58. On January 21, 2022, DFEH moved for a stay pending appeal. Dkt. 60. The Court denied DFEH's Motion to Stay Proceedings on February 23, 2022. Dkt. 67.

On March 4, 2022, Defendants' former employee, Jessica Gonzalez, moved to Intervene in the lawsuit. Dkt. 69-1. Gonzalez leveled objections to the Proposed Consent Decree that were duplicative of DFEH's objections. *Id*.; Dkt. 70. The Court denied

1  Gonzalez's Motion to Intervene on March 22, 2022. Dkt. 75. The same day, the Court
2  announced it was prepared to sign the Proposed Consent Decree with some additional
3  changes and clarifications. The Court scheduled a hearing with the Parties to finalize the
4  decree. Dkt. 76. That day, DFEH sought an emergency stay of proceedings from the
5  Ninth Circuit Court of Appeals. Hushagen Decl., Exh. D (9th Cir. Stay Motion). On
6  March 28, the Ninth Circuit denied DFEH's stay motion. Dkt. 79.

7      At the hearing on March 29, 2022, DFEH explained that it intended to seek
8  intervention again, and requested a stay of entry of the decree until it could file its
9  motion. Transcript, March 29, 2022 ("March 29, 2022 Tr."), 9:19-10:2. The Court
10 confirmed it would sign the Consent Decree and close the case. *Id.*, 14:12-14. The Court
11 observed that DFEH had an appeal of its initial motion to intervene pending in the Ninth
12 Circuit, and indicated that a second motion to intervene would be untimely. *Id.*, 13:23-
13 14:5, 14:12-14 ("I'm going to sign the Consent Decree which will close this case. You've
14 already filed a motion. Your request is untimely."), 14:20-24 ("I'm going to sign the
15 Consent Decree. If you want to file something, file something; and when I see what it is,
16 I'll decide what to do with it…But I'm telling you it's untimely[.]").

17     The Court entered the Consent Decree on March 29, 2022, and closed the case.
18 Dkt. 82; March 29, 2022 Tr., 14:12-13. The Parties immediately commenced
19 implementation of the Consent Decree. The Claims Administrator has sent email and
20 mail notices to Defendants' former and current employees. The claims process is well
21 under way. Hushagen Decl., ¶ 7. Additionally, the Consent Decree requires Defendants to
22 expediently implement its non-monetary provisions. *See*, *e.g.*, Dkt. 82, § XII(A) (within
23 30 days of Effective Date, Defendants will retain third-party EEO Consultant), § XII(B)
24 (within 45 days of Effective Date, Defendants shall hire or designate an Internal EEO
25 Coordinator); XII(G) (within 60 days of Effective Date, Defendants shall work with the
26 EEO Consultant to make available expanded counseling for employees in need of mental
27 health or counseling services related to sexual harassment).
28     On April 19, 2022, three weeks after the Court approved the Consent Decree,

DFEH filed its second Motion to Intervene.

### III. ARGUMENT

#### A. DFEH's Second Intervention Motion Must Be Denied as Untimely.

Under Federal Rule of Civil Procedure 24, a prospective intervenor "bears the burden of showing that all the requirements for intervention have been met." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004) (citation omitted). Timeliness is both "'the threshold requirement'" for intervention as of right, and a "necessary prerequisite[] for allowing permissive intervention[.]" *League of Latin Am. Citizens v. Wilson (LULAC)*, 131 F.3d 1297, 1302, 1308 (9th Cir. 1997). "If the court finds that the motion to intervene was not timely, it need not reach the remaining elements of Rule 24." *United States v. State of Wash.*, 86 F.3d 1499, 1503 (9th Cir. 1996). "In determining timeliness, three factors are weighed: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Orange Cnty. v. Air Cal.*, 799 F.2d 535, 537 (9th Cir. 1986). Determination of whether an intervention motion is timely is within the district court's sound discretion. *Id.* at 537. DFEH's second Motion to Intervene does not meet any of the factors and, as such, must be denied as untimely.

To the extent DFEH contends its Motion is timely because it is for the limited purpose of appealing the Consent Decree, and therefore a more lenient timeliness standard applies, Motion at 6, the argument is disingenuous. DFEH does not seek to intervene for the limited purpose of appeal. Instead, at a minimum, DFEH seeks to unwind the Consent Decree, participate in these proceedings, and renegotiate the resolution. Dkt. 24-1 at 3, Dkt. 62 at 10. In the instant Motion, DFEH suggests EEOC's Title VII action should be dismissed for want of standing and jurisdiction, or stayed pending completion of DFEH's State Action. Motion at 7-9, 16. Whatever DFEH wants, plainly its proposed intervention is not limited to appeal. *State of Wash.*, 86 F.3d at 1505- 06 (finding intervention was not limited to appeal where proposed intervenor sought participation in future proceedings and a voice in implementation plans, and therefore

ordinary test for timeliness applied). Further, DFEH provided no authority that a more lenient timeliness standard should apply to its Motion. *See*, *generally*, Motion 13-15.

### 1) DFEH's Motion, *After* The Court Entered the Consent Decree and Closed the Case, Is Too Late.

DFEH brought this latest attempt to disrupt EEOC's Title VII enforcement action after the Court approved the Consent Decree, which is too late in the proceedings to intervene. The Court entered the Consent Decree on March 29, 2022. DFEH waited three weeks, until April 19, 2022, to bring the instant Motion—which will not be heard until May 23, 2022.[1] "[W]aiting until after entry of a consent decree weighs heavily against intervention." *United States v. State of Or.*, 913 F.2d 576, 588 (9th Cir. 1990) (collecting cases), *cert. denied sub. nom*, *Makah Indian Tribe v. United States*, 501 U.S. 1250 (1991); *Alisal Water Corp.*, 370 F.3d at 922 (it is proper to deny intervention that may jeopardize hard-won settlement agreements and consent decrees) (collecting cases); *Calvert v. Huckins*, 109 F.3d 636, 638 (9th Cir. 1997) (per curiam) ("[P]ostjudgment intervention is generally disfavored because it creates delay and prejudice to existing parties."); *Fed. Trade Comm'n v. Apex Cap. Grp., LLC*, No. CV189573JFWJPRX, 2022 WL 1060486, at *5 (C.D. Cal. Mar. 10, 2022) ("In considering motions to intervene, courts have long recognized the importance of protecting settlements.").

DFEH's request to stay the proceedings pending completion of the State Action, Motion at 16, illustrates that its Motion comes too late in the proceedings. The Court closed the case and terminated further proceedings. March 29, 2022 Tr., 14:12-13. In other words, there is nothing for the Court to stay.[2]

---

[1] DFEH also waited an additional seven days after it was permitted to file the Motion to Intervene pursuant to Local Rule 7-3's meet and confer requirements, demonstrating that even at this untimely hour, DFEH did not act with the expedience one would expect of a proposed intervenor who claims its interests are at stake.

[2] The Consent Decree provides that the Court retains jurisdiction for the period of the Decree "for the purposes of entering all orders, modifications, judgments, and decrees that may be necessary[.]" Dkt. 82, § V(B). Pursuant to the Decree, only the EEOC has

5

PLAINTIFF EEOC'S OPPOSITION TO *AMICUS CURIAE* DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING'S *SECOND* MOTION TO INTERVENE FOR PURPOSES OF APPEAL; OR IN THE ALTERNATIVE TO STAY PENDING COMPLETION OF THE STATE ACTION

DFEH cites no authority for its novel proposition that the mere *entry* of a consent decree constitutes the sort of significant change of circumstances that satisfies the stage-of-proceedings factor. Motion at 14. And, even measuring the delay from entry of the Consent Decree, DFEH's Motion is untimely. *See Alaniz v. Tillie Lewis Foods*, 572 F.2d 657, 659 (9th Cir. 1978) (per curiam) (confirming that "[i]ntervention after entry of a consent decree is reserved for exceptional cases[,]" and affirming denial of intervention filed 17 days after consent decree entered where the decree was "already being fulfilled; to countermand it now would create havoc and postpone the needed relief"), *cert. denied*, 439 U.S. 837 (1978). DFEH fails the first timeliness factor.

### 2) DFEH's Intervention Would Prejudice Workers, the Parties, and the Public Interest.

DFEH's intervention motion also fails the second timeliness factor because intervention would unduly prejudice aggrieved workers, the Parties, and the public interest. The Parties are in the midst of implementing the Consent Decree. The Claims Administrator has distributed electronic and paper notices. The claims process and implementation of non-monetary relief are under way. Hushagen Decl., ¶ 7; Dkt. 82, §§ XII(A), XII(B) & XII(G). Although DFEH represents that it seeks intervention now for purposes of appeal, its ultimate goal is—and always had been—to halt implementation of Defendants' workplace reforms and distribution of monetary relief to claimants. Motion at 16. "[A] party's seeking to intervene merely to attack or thwart a remedy rather than participate in the future administration of the remedy is disfavored." *Alisal Water Corp.*, 370 F.3d at 922; *State of Or.*, 913 F.2d at 588 (affirming denial of intervention where proposed intervenor sought to attack the plan approved by the district court, not participate in the remedial phase). DFEH must not be permitted to further disrupt the execution of the robust, protective Consent Decree. *Air Cal.*, 799 F.2d at 538 ("[T]he possibility of this settlement unraveling is so prejudicial that to allow [proposed

authority to enforce compliance with its provisions. *Id*., § VIII. *Amicus curiae* DFEH has no authority or standing to seek intervention at this stage of the proceeding.

1  intervenor] to intervene at this late date would be tantamount to disaster here[.]").

2      DFEH revives a familiar tactic in its second Motion to Intervene by misrepresenting facts to sow fear and doubt among the workers both agencies are deputized to protect.³ Motion at 3-4; s*ee also* Hushagen Decl., Exh. D (9th Cir. Stay Motion), 5-6; *see also* Dkt. 62 at 4-7. DFEH argues, without evidence, that Claim Forms workers submit to the Claims Administrator will provide Defendants with "free, unequal discovery, outside the judicial process of DFEH's State Action." Motion 3-4; *see also* Hushagen Decl., Exh. D (9th Cir. Stay Motion), 5-6, 12, 16, 19 (alleging Defendants will use the information harmed workers provide in Claim Forms against them in DFEH's State Action). ***Defendants do not and will not have access to Claim Forms submitted by potential claimants.*** As set forth clearly in the Consent Decree, Potential Claimants will submit Claim Forms to the independent Claims Administrator, the Claims Administrator will provide EEOC with the Claim Forms, and EEOC has sole discretion to determine eligibility based on the Claim Forms. EEOC will send the Claims Administrator and Defendants lists of Eligible Claimants and payment amounts to be distributed. Dkt. 82, § IX(B)(4)(g). The Consent Decree prohibits Defendants from retaliating against Eligible Claimants and any current or former employee who seek relief or assert rights under the Decree. *Id*., § XI(B). DFEH's latest gambit to dissuade workers from participating in the settlement through misinformation demonstrates the prejudice to aggrieved workers if DFEH's Motion is not swiftly denied.

---

³    There is evidence that DFEH's misinformation campaign about the terms of the Consent Decree has successfully misled some potential claimants. For example, Twitter users (including self-identified former employees of Defendants) have parroted DFEH's oft-repeated misrepresentation that the Consent Decree allows Defendants to destroy evidence of sexual harassment and discrimination. Hushagen Decl., ¶ 8; *see id*., Exh. D (9th Cir. Stay Motion) at Form 16 & 10, 12, 14; Dkt. 24-1 at 11, 16-17, 21-22; Dkt. 58 at 12; Dkt. 60 at 7. This false information disseminated by DFEH about the Consent Decree has persisted, notwithstanding EEOC's repeated explanations that the recordkeeping provisions of the decree and the law do not permit destruction of evidence, and the Consent Decree's plain statement that Defendants are obligated to retain evidence. Dkt. 35-16, ¶ 6; Dkt. 62 at 15; Dkt. 82, § X(A).

DFEH's Motion will further prejudice the Parties, Defendants' workforce, and the public interest because, at bottom, DFEH seeks to relitigate issues this Court already decided. The instant Motion repeats arguments from DFEH's initial Motion to Intervene and subsequent Objections, specifically that: EEOC was required to give notice and defer to DFEH; EEOC lacks jurisdiction to assert FEHA claims; DFEH has an interest in preventing harmed workers from electing to release their state law claims sharing a factual predicate with their federal claims; and EEOC cannot adequately represent DFEH's interests. Motion at 7, 9, 11-13; *see* Dkt. 24-1 at 15-19; Dkt. 58 at 4-10. EEOC has rebutted these arguments as many times as DFEH has repeated them during this litigation, and will direct the Court to its prior briefing on these issues rather than repeating these arguments again here. Dkt. 35 at 4-8, 10-12; Dec. 13, 2021 Tr., Dkt. 43, at 12:20-24; Dkt. 51 at 12, 18-20; Dkt. 62 at 5-6.

The Court has considered all the objections DFEH restates in its Motion. Dkt. 46. The interests of the Parties, the public, and the workers are disserved by ongoing litigation to revisit these issues. DFEH's intervention would needlessly delay payments to the Claimants, who have already waited years to be compensated for the sexual harassment they endured. "The period of final implementation is too late a stage of the proceeding to permit intervention to relitigate" issues "go[ing] to the heart of the case[.]" *State of Wash.*, 86 F.3d at 1503 (affirming denial of intervention after settlement where proposed intervenor sought to "relitigate an issue the Court already decided" which would "unnecessarily prolong and complicate resolution of the issues at stake."); *State of Or.*, 913 F.2d at 588 (courts permitting intervention after entry of a consent decree instruct "that no previously litigated issues may be reopened."); *Alaniz*, 572 F.2d at 659 n.2 (intervention after entry of a consent decree is disfavored "especially…when the applicants desire to relitigate issues already determined.").

### 3)   DFEH Sat On Its Rights for Months Before Filing a Duplicate Motion to Intervene.

Finally, DFEH's intervention motion fails the third timeliness factor: the reason for

8

PLAINTIFF EEOC'S OPPOSITION TO *AMICUS CURIAE* DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING'S *SECOND* MOTION TO INTERVENE FOR PURPOSES OF APPEAL; OR IN THE ALTERNATIVE TO STAY PENDING COMPLETION OF THE STATE ACTION

and length of the proposed intervenor's delay. "Delay is measured from the date the proposed intervenor should have been aware that its interests would no longer be protected adequately by the parties[.]" *State of Wash.*, 86 F.3d at 1503. "[A]ny substantial lapse of time weighs heavily against intervention." *Id*. DFEH offers no reasonable explanation for its delay in filing its second Intervention Motion.

DFEH's contention that it timely filed its Motion following entry of the Consent Decree, Motion at 14, lacks merit. Prior to approval, the Consent Decree had been pending before this Court for over six (6) months, between September 27, 2021 and March 29, 2022. Dkt. 11. DFEH has continuously argued since early October 2021 that the Parties do not adequately represent its interests. *See* Dkt. 13-12 (DFEH Motion to Intervene), at 16-17 ("DFEH's interests are not adequate [sic] represented by either EEOC or Defendants."). On October 6, 2021, DFEH argued that this Court must shorten time to hear its initial intervention motion due to the "temporal urgency" posed by the lodging of the Proposed Consent Decree. Dkt. 13. The Court informed DFEH and the Parties on December 13, 2021, that it would enter the Consent Decree—with or without holding a hearing—when it was satisfied with its provisions and attachments. Dec. 13, 2021 Tr., 61:12-14. DFEH then appealed denial of intervention and sought a stay to prevent entry of the Decree. Dkt. 53; Dkt. 60. On March 29, 2022, this Court repeatedly suggested to DFEH Counsel that its contemplated second Motion to Intervene would be untimely. March 29, 2022 Tr., 20:12-14 ("I'm going to sign the Consent Decree which will close this case. You've already filed a motion. Your request is untimely."). Despite the Court's admonition at the March 29 hearing, DFEH offers no explanation for its delay in bringing the instant Motion. *See*, *generally*, Motion.

In sum, DFEH's argument that entry of the Consent Decree constitutes a surprising change in circumstances, rendering the Motion timely, is hollow.[4] *State of Wash.*, 86 F.3d

---

[4] Should DFEH argue on Reply or in another forum that its delay was warranted due to Jessica Gonzalez's pending Motion to Intervene, the argument is meritless. *See* Hushagen Decl., Exh. D (9th Cir. Stay Motion), Form 16 (DFEH claims it could not have

at 1503-1506 (denial of intervention at late stage of proceedings was proper where proposed intervenors knew, long before seeking intervention, that their interests were not adequately represented by the parties); *Herb Reed Enters., Inc. v. Bennett*, No. 2:10-CV-1981 JCM RJJ, 2012 WL 5989632, at *3 (D. Nev. Nov. 29, 2012) (denying intervention as untimely where motion was filed four months after proposed intervenor reasonably should have known his interests might be adversely affected by the outcome of the litigation); *Fed. Trade Comm'n v. Apex Cap. Grp., LLC*, No. CV189573JFWJPRX, 2022 WL 1060486, at *4 (denying intervention where "despite clear evidence that it knew its interests would be affected," proposed intervenor did not bring motion until after the court disposed of case and "failed to offer an adequate explanation for [its] inordinate delay.").

Because the Court must deny DFEH's Motion as untimely, there is no need to reach the other elements of Rule 24. *State of Wash.*, 86 F.3d at 1503. If the Court determines that DFEH's Motion is not untimely and examines the balance of the Rule 24 elements, EEOC stands on the arguments in its Opposition to DFEH's first Motion to Intervene. Dkt. 35. DFEH has no protectable interest in this litigation. *Id*. 10-14. DFEH is not entitled to permissive intervention. *Id*. at 19-22.

**B.     DFEH Is Not Entitled To A Second Bite At The Apple.**

DFEH's motion should also be denied because it is duplicative. DFEH's second Motion to Intervene requests the same relief and makes the same general arguments that failed to persuade the Court on its first Motion to Intervene. *Supra*, § A(2).

But DFEH tries now to expand on those failed arguments. In the instant Motion,

---

filed its Motion for a Stay in the Ninth Circuit earlier because it did not want to prejudice the rights of Jessica Gonzalez, who filed her Motion to Intervene on March 4, 2022). DFEH's and Gonzalez's objections were the same, and their interests were aligned. *See* Dkt. 70, at 3-4, 6. DFEH could have sought intervention without prejudice to Gonzalez's motion. To the extent DFEH delayed because it expected Gonzalez would prevail and represent DFEH's interests, it did so to its detriment. *See State of Wash.*, 86 F.3d at 1504 (holding that proposed intervenor's delay was not excused where it let the fate of its ally's motion to intervene govern its decision whether to apply for intervention).

DFEH takes the more strident position that due to EEOC's alleged failure to satisfy pre-suit conditions precedent—specifically, notice and deferral to DFEH pursuant to 42 U.S.C. §§ 2000e-5(d) & (f)(1)—the EEOC lacks jurisdiction and standing to prosecute its Title VII enforcement action. *Compare* Motion at 7-9 *with* Dkt. 24-1 at 5, 15. To the extent the Court accepts this as a new argument, rather than DFEH's eleventh hour repackaging of an old argument, the argument is waived. *See Cohen v. Trump*, No. 313CV02519GPCWVG, 2017 WL 2779260, at *3 n.8 (S.D. Cal. June 27, 2017) (court found proposed intervenor waived any new arguments in his post-judgment motion practice by failing to raise them in his original motion to intervene); *Enovsys LLC v. AT&T Mobility LLC*, No. CV 11-5210 SS, 2016 WL 7430619, at *3 (C.D. Cal. Sept. 6, 2016) (arguments party had the opportunity to raiser earlier in costs motion but chose not to until after the court rendered its decision were waived).

Even if the Court engages with the merits of DFEH's Motion, the Motion fails.[5] DFEH misconstrues Title VII's deferral process. DFEH suggests prior to filing suit, EEOC must notify DFEH and defer its completed investigation for DFEH to litigate if it chooses. In reality, Title VII describes the deferral process for investigation of newly-filed charges—not litigation. Title VII does not require that EEOC investigate charges and defer litigation to DFEH, as DFEH contends. More significantly, DFEH's position ignores the effect of the agencies' Worksharing Agreement. The operative Worksharing Agreement, in place at the time of EEOC's Commissioner's Charge underlying this action, explicitly states that the EEOC will initially process the charges it receives, including Commissioner's Charges, thereby overriding the deferral process set forth in Title VII. *See* Hushagen Decl., ¶ 4, Exh. A (FY2018 extension of Worksharing Agreement), § III.A ("The EEOC and the FEPA will process all Title VII, ADA, GINA, and ADEA charges they originally receive."); *id.* § III.A.1 ("For charges originally received by the EEOC and/or to be initially processed by the EEOC, the FEPA waives its

---

[5] If the Court is inclined to reach DFEH's substantive arguments, the EEOC would be glad to supply additional briefing.

11

PLAINTIFF EEOC'S OPPOSITION TO *AMICUS CURIAE* DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING'S *SECOND* MOTION TO INTERVENE FOR PURPOSES OF APPEAL; OR IN THE ALTERNATIVE TO STAY PENDING COMPLETION OF THE STATE ACTION

1. right of exclusive jurisdiction to initially process such charges for a period of 60 days for
2. the purpose of allowing the EEOC to proceed immediately with the processing of such
3. charges before the 61st day" and "the EEOC will initially process…[a]ll charges filed by
4. EEOC Commissioners"); Dkt. 24-11 (FY 2019 Worksharing Agreement) (same). Finally,
5. DFEH's argument misleadingly begins the timeline in June 2021 and elides the fact that
6. EEOC, in fact, notified DFEH about its Commissioner's Charge in 2018. Although under
7. the Worksharing Agreement, the EEOC had the authority to pursue the entirety of its
8. Commissioner's Charge, the agencies agreed to divide and coordinate investigations in
9. the spirit of cooperation. Viramontes Decl., Dkt. 35-2, ¶¶ 11-14.
10.      Should the Court elect to construe DFEH's Motion as seeking reconsideration,
11. under Federal Rule of Civil Procedure 60(b), of denial of DFEH's first Motion to
12. Intervene due to the two Motions' similarities, the Motion must be denied. Rule 60(b)
13. provides for reconsideration only upon the showing of: (1) mistake, inadvertence,
14. surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud,
15. misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) a
16. satisfied or discharged judgment; or (6) any other reason that justifies relief. Fed. R. Civ.
17. P. 60(b). Reconsideration is an extraordinary remedy, "to be used sparingly in the interest
18. of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945
19. (9th Cir. 2003). Because DFEH largely relies on the same arguments made in the party's
20. original motion, reconsideration must be denied, as its rehashed arguments do not merit
21. reconsideration. *Fuller v. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991). And DFEH fails
22. to show that it is entitled to reconsideration on any other ground enumerated in Rule
23. 60(b). DFEH's sole purpose for intervention is a campaign of interference with a fairly-
24. negotiated and judicially approved Consent Decree—this does not entitle DFEH to
25. intervene as of right or permissively, much less entitle it to the extraordinary remedy of
26. reconsideration.
27. //
28. //

## IV. CONCLUSION

For the foregoing reasons, the EEOC respectfully requests that DFEH's motion to intervene, or in the alternative, to stay this action pending completion of the State Action, be denied in its entirety.

Respectfully submitted,

Dated: May 2, 2022

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

By: /s/ Ella Hushagen
Ella Hushagen
EEOC Senior Trial Attorney