ELENA R. BACA (SB# 160564)
elenabaca@paulhastings.com
FELICIA A. DAVIS (SB# 266523)
feliciadavis@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, California 90071-2228
Telephone: 1(213) 683-6000
Facsimile: 1(213) 627-0705

RYAN D. DERRY (SB# 244337)
PAUL HASTINGS LLP
ryanderry@paulhastings.com
101 California Street
Forty-Eighth Floor
San Francisco, California 94111
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

Attorneys for Defendants
ACTIVISION BLIZZARD, INC., BLIZZARD
ENTERTAINMENT, INC., ACTIVISION
PUBLISHING, INC., and KING.COM, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>ACTIVISION BLIZZARD, INC., BLIZZARD ENTERTAINMENT, INC., ACTIVISION PUBLISHING, INC., and KING.COM, INC., and DOES ONE through TEN, inclusive,<br><br>Defendants. | CASE NO. 2:21-CV-07682 DSF-JEM<br><br>**DEFENDANTS' OPPOSITION TO CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING'S MOTION TO INTERVENE FOR PURPOSES OF APPEAL**<br><br>Date: May 23, 2022<br>Time: 1:30 p.m.<br>Dept.: 7D<br>Judge: Hon. Dale S. Fischer |

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................ 4

II. ARGUMENT ....................................................................................................... 5

    A. DFEH's New Argument — That EEOC Lacked Authority To File This Lawsuit — Is Untimely And Has Been Waived. ................... 5

    B. DFEH Lacks Standing To Appeal. ......................................................... 8

    C. Even If DFEH Has Standing To Appeal, It Cannot Satisfy Rule 24. ..................................................................................................... 8

    D. There Is No Basis To Stay This Action. ................................................. 8

III. CONCLUSION .................................................................................................... 8

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Guenther v. Lockheed Martin Corp.*,
  972 F.3d 1043 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 2596 (2021) ................... 6

*Kremer v. Chem. Const. Corp.*,
  456 U.S. 461 (1982) ............................................................................................. 6

*Lin v. City of Perris*,
  No. ED CV 19-966-DMG, 2020 WL 5507546 (C.D. Cal. 2020) ........................ 6

*Mach Mining, LLC v. EEOC*,
  575 U.S. 480 (2015) ............................................................................................. 6

*Motorola, Inc. v. EEOC*,
  460 F.2d 1245 (1972) ........................................................................................... 6

*Perry v. Schwarzenegger*,
  628 F.3d 1191 (9th Cir. 2011) ............................................................................. 8

*Secs. & Exch. Comm'n v. Bilzerian*,
  729 F. Supp. 2d 9 (D.D.C.2010) ...................................................................... 6, 7

*W. Watersheds Project v. Kraayenbrink*,
  620 F.3d 1187 (9th Cir. 2010) ............................................................................. 8

**STATUTES**

42 U.S.C. § 2000e-5(d) ............................................................................................. 7

42 U.S.C. § 2000e-5(f) .............................................................................................. 7

**RULES**

Fed. R. Civ. P. 24 .................................................................................................. 4, 8

C.D. Cal. R. 7-18 ...................................................................................................... 7

**COSTITUTIONAL PROVISIONS**

U.S. Const. art. III ................................................................................................ 4, 8

## I. INTRODUCTION

DFEH had no basis to intervene six months ago. It certainly has no basis to do so now. DFEH had the opportunity to present its arguments in its first motion to intervene, and this Court properly rejected them and denied DFEH's motion. Despite subsequent unsuccessful motions to stay – both in this Court and the Ninth Circuit – and the submission of objections to the Consent Decree, DFEH belatedly offered still additional reasons for intervention or a stay, in a March 2022 hearing addressing the Consent Decree. This Court correctly informed DFEH's counsel that those arguments were untimely, and a stay would serve only to further improperly delay implementation of the Consent Decree. The Court therefore denied the stay request.

Now, another three weeks after that hearing – and even though the case is now administratively closed – DFEH is back yet again with another motion to intervene, repeating its arguments from last month and six months ago. Enough already. There is no reason for a different result this time. DFEH's new arguments are untimely and have been waived. Its old arguments already have been rejected. DFEH's most recent motion is nothing more than a disguised (and improper) motion for reconsideration. It should be denied on that basis alone.

And while this Court therefore need not address the merits, there is all the more reason to deny the present motion, as DFEH's attempt to intervene for purposes of appeal confronts an insuperable jurisdictional hurdle, since it lacks Article III standing. And it still cannot meet the requirements of Rule 24. Defendants Activision Blizzard, Inc., Blizzard Entertainment, Inc., Activision Publishing, Inc., and King.com, Inc. (collectively, "Activision Blizzard") therefore submit that the motion should be denied.

LEGAL_US_W # 111899910.6

## II. ARGUMENT

### A. DFEH's New Argument — That EEOC Lacked Authority To File This Lawsuit — Is Untimely And Has Been Waived.

As this Court knows all too well, DFEH has attempted multiple times to derail the settlement that resulted from a three-year investigation, a lengthy conciliation process, and considered guidance from this Court. Yet never has DFEH argued that EEOC did not have the right to proceed in the first place:

- On October 25, 2021 – nearly six months before the current motion was filed – DFEH filed its first motion to intervene, in which it was free to raise all arguments it deemed appropriate. (Dkt. 24.)
    - DFEH did not argue that EEOC lacked authority to file this lawsuit.
- On January 18, 2022, DFEH filed objections to the proposed Consent Decree and attempted to set them for further hearing. (Dkt. 58.)
    - DFEH did not argue that EEOC lacked authority to file this lawsuit.
- On January 21, 2022, DFEH filed a motion in this Court to stay the case pending its appeal of the denial of its motion to intervene. (Dkt. 60.)
    - DFEH did not argue that EEOC lacked authority to file this lawsuit.
- On March 4, 2022, Proposed Intervenor Jessica Gonzalez sought to intervene to prolong the campaign of misinformation and disruption initiated by DFEH. (Dkt. 69.)
    - Gonzalez did not argue that EEOC lacked authority to file this lawsuit.
- On March 22, 2022, DFEH filed an emergency motion in the Ninth Circuit to stay further action in this Court, pending DFEH's appeal of the denial of its motion to intervene.

- DFEH did not argue that EEOC lacked authority to file this lawsuit.
- On March 29, 2022, in a hearing on the Consent Decree before this Court, DFEH for the first time raised an argument that EEOC lacked authority to file this lawsuit. This Court rejected DFEH's arguments as "untimely," denied the additional request for a stay, and informed DFEH's counsel that another motion to intervene, while DFEH's appeal of the first denial was pending, would cause further unnecessary delay. (Dkt. 81; 3/29/22 Hearing Tr. 10:10-15.)[1]

The fact that this is a newly conceived argument is apparent from DFEH's authorities. Its current motion relies heavily on *Motorola, Inc. v. EEOC*, 460 F.2d 1245 (1972), *Mach Mining, LLC v. EEOC*, 575 U.S. 480 (2015), *Kremer v. Chem. Const. Corp.*, 456 U.S. 461 (1982), and various provisions of the Congressional Record. With one exception, *none* of those authorities has been cited in DFEH's prior briefing.[2] By failing to raise the argument in a timely fashion, the argument has been waived. *See, e.g.*, *Guenther v. Lockheed Martin Corp.*, 972 F.3d 1043, 1058 (9th Cir. 2020) (affirming denial of motion for reconsideration used to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment") (citations omitted), *cert. denied*, 141 S. Ct. 2596 (2021); *Lin v. City of Perris*, No. ED CV 19-966-DMG (SPx), 2020 WL 5507546, at *2 (C.D. Cal. 2020) (denying motion for reconsideration and motion for relief from final judgment; "Because those arguments could have been brought earlier, they are untimely in a motion for reconsideration or for relief from final judgment."); *Secs. & Exch. Comm'n v. Bilzerian*, 729 F. Supp. 2d 9, 14 (D.D.C. 2010) (motions for

---

[1] Even DFEH's counsel implicitly conceded the proposed motion was a waste of resources: "I'm not sure that it's necessary." 3/29/22 Hearing Tr. 10:16-17.

[2] The one exception is a passing reference to *Motorola*, without even a parenthetical, in its brief before the Ninth Circuit. Even there, DFEH still did not argue that EEOC lacked authority to bring its lawsuit.

reconsideration cannot be used as "'an opportunity to reargue facts and theories upon which a court has already ruled,' nor as a vehicle for presenting theories or arguments that could have been advanced earlier") (citations omitted).

Moreover, DFEH's new argument is directly opposite to its prior representations to this Court. While DFEH now asserts that EEOC had no authority to even bring this lawsuit, its prior briefing tells a different story:

- "The DFEH's hope is that each agency will continue to diligently enforce the specific laws it is authorized to enforce, while cooperating with each other to implement their statutory mandates." (emphasis omitted) (Dkt. 24-1, p. 7.)
- DFEH initially asked this Court to "[c]onfirm that the EEOC is free to prosecute and resolve federal claims alleged in the lawsuit . . . ." (Dkt. 24-1, p. 8.)
- "The EEOC will retain full control of its own case pursuing federal claims." (Dkt. 24-1, p. 8.)

All of this demonstrates that DFEH's "motion to intervene for purposes of appeal" actually is an improper motion for reconsideration in violation of Local Rule 7-18, not based on new facts or law, but on new arguments never made before — even though they could have been — simply because all its other arguments have failed. In short, DFEH's new argument — that EEOC statutorily lacked authority to bring this lawsuit — is untimely and therefore waived. The Court should deny the motion on that basis alone.[3]

---

[3] In any event, DFEH's argument under 42 U.S.C. §§ 2000e-5(d) & (f) is meritless, as it misreads Title VII. Nor does it apply here where, as previously noted, a Work Share agreement exists between the EEOC and the State. *See* EEOC Opposition, Dkt. 86 at 11-12 (PDF 15-16). If the Court elects to consider DFEH's argument despite its untimeliness, Activision Blizzard requests leave to brief the issue fully.

-7-

DEFENDANTS' OPPOSITION TO
DFEH'S MOTION TO INTERVENE
FOR PURPOSES OF APPEAL

LEGAL_US_W # 111899910.6

### B. DFEH Lacks Standing To Appeal.

Given the untimeliness of DFEH's new argument, the Court need not even reach the merits of the motion. But even if the Court did reach the merits, the motion would fail because DFEH lacks Article III standing. Activision Blizzard does not intend to appeal, and they have been advised that the EEOC does not either. Because DFEH can demonstrate no injury-in-fact traceable to the Judgment, DFEH's attempt to intervene for purposes of appeal fails at the threshold. *Perry v. Schwarzenegger*, 628 F.3d 1191, 1195 (9th Cir. 2011) (in the intervention-to-appeal context, Article III requires a would-be intervenor-appellant to "prove his standing by establishing 'a concrete injury **related to the judgment** *he seeks to appeal*'") (emphasis added) (quoting *W. Watersheds Project v. Kraayenbrink*, 620 F.3d 1187, 1196 (9th Cir. 2010)). DFEH has demonstrated no injury, as this Court already has concluded.

### C. Even If DFEH Has Standing To Appeal, It Cannot Satisfy Rule 24.

In addition to satisfying the requirements of Article III standing, one seeking to intervene for purposes of appeal must satisfy Federal Rules of Civil Procedure, Rule 24. DFEH cannot do so here, as Activision Blizzard previously has articulated (Dkt. 31) and this Court already has correctly concluded (Dkt. 40). Activision Blizzard will not repeat those arguments yet again here.

### D. There Is No Basis To Stay This Action.

For the reasons set forth in Activision Blizzard's Opposition to DFEH's Motion to Stay Pending Appeal, Dkt. 63, there is no reason to grant a stay—but every reason not to.

### III. CONCLUSION

The Court should deny DFEH's motion to intervene for purposes of appeal, which is merely a motion for reconsideration in disguise. The new argument put forth by DFEH is untimely and has been waived. The old arguments have been

rejected on multiple occasions, by this Court and the Ninth Circuit.  Enough is enough.

DATED:  May 2, 2022                         PAUL HASTINGS LLP

By:       /s/ Elena R. Baca
               ELENA R. BACA

Attorneys for Defendants
ACTIVISION BLIZZARD, INC.,
BLIZZARD ENTERTAINMENT, INC.,
ACTIVISION PUBLISHING, INC., and
KING.COM, INC.