Jahan C. Sagafi (SBN 224887)
OUTTEN & GOLDEN LLP
One California Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
Email: jsagafi@outtengolden.com

Christian Schreiber (SBN 245597)
Monique Olivier (SBN 190385)
OLIVIER SCHREIBER & CHAO LLP
201 Filbert Street, Suite 201
San Francisco, CA 94133
Telephone: (415) 484-0980
Facsimile: (415) 659-7758
Email: christian@osclegal.com
Email: monique@osclegal.com

Rachel Bien (SBN 315886)
OLIVIER SCHREIBER AND CHAO LLP
1149 North Gower Street Suite 215
Los Angeles, CA 90038
Telephone: (415) 484-0522
Facsimile: (415) 658-7758
Email: rachel@osclegal.com

*Attorneys for Proposed Intervenor*
CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT
AND HOUSING

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ACTIVISION BLIZZARD INC., BLIZZARD ENTERTAINMENT, INC., ACTIVISION PUBLISHING, INC., KING.COM, INC., and DOES ONE through TEN, inclusive,<br><br>Defendants. | Case No. 2:21-CV-07682 DSF-JEM<br><br>**CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING'S REPLY TO EEOC AND ACTIVISION'S OPPOSITIONS TO MOTION TO INTERVENE FOR PURPOSES OF APPEAL**<br><br>Date: May 23, 2022<br>Time: 1:30 p.m.<br>Court Room: 7D<br>Judge: Hon. Dale S. Fischer |

# **TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................1

ARGUMENT ..........................................................................................................1

    I.    DFEH's Motion to Intervene for Purposes of Appeal Is Timely. 1

        A.    Intervention After Final Judgment Is Appropriate When Challenging the Judgment. ................................................2

        B.    Intervention Will Not Result in Prejudice. ........................3

        C.    The DFEH Diligently Pursued Its Rights, Moving Immediately After Entry of the Consent Decree...............4

    II.    DFEH's Deferral Argument Is Timely and Correct. ....................5

    III.    DFEH Has Standing to Intervene for Purposes of Appeal ..........7

    IV.    In the Alternative, the Court Should Stay the Consent Decree Pending Completion of the State Action ..................................10

CONCLUSION.....................................................................................................10

i

CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING'S REPLY TO EEOC AND ACTIVISION'S OPPOSITIONS TO MOTION TO INTERVENE FOR PURPOSES OF APPEAL

# TABLE OF AUTHORITIES

**CASES**                                                                    **PAGE(S)**

*Cameron v. EMW Women's Surgical Ctr., P.S.C.*,
   142 S. Ct. 1002 (2022) .................................................................................. 8

*Dep't Fair Emp. & Hous. v. Activision Blizzard, Inc.*,
   No. 21STCV26571 (Los Angeles Sup. Ct.) ........................................... 6, 8

*Dep't of Fair Emp. & Housing v. Cathy's Creations, Inc.*,
   54 Cal. App. 5th 404, 410 (Cal. Ct. App. 2020) ......................................... 8

*EEOC v. Pan Am. World Airways, Inc.*,
   897 F.2d 1499 (9th Cir. 1990) ..................................................................... 9

*Legal Aid Soc'y v. Brennan*,
   608 F.2d 1319 (9th Cir. 1979) ..................................................................... 7

*United States ex rel. McGough v. Covington Techs. Co.*,
   967 F.2d 1391 (9th Cir. 1992) .................................................................. 2, 3

*Motorola, Inc. v. EEOC*,
   460 F.2d 1245 (1972) ................................................................................ 10

*Pellegrino v. Nesbit*,
   203 F.2d 463 (9th Cir. 1953) ....................................................................... 9

*Smith v. Los Angeles Unified Sch. Dist.*,
   830 F.3d 843 (9th Cir. 2016) ....................................................................... 3

*United Airlines, Inc. v. McDonald*,
   432 U.S. 385 (1977) ................................................................................ 2, 3

*United States v. Alisal Water Corp.*,
   370 F.3d 915 (9th Cir. 2004) ....................................................................... 1

*United States v. Imperial Irrigation Dist.*,
   559 F.2d 509 (9th Cir. 1977) ....................................................................... 7

*Yniguez v. Arizona*,
   939 F.2d 727 (9th Cir. 1991) ....................................................................... 9

CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING'S REPLY TO EEOC AND ACTIVISION'S OPPOSITIONS TO MOTION TO INTERVENE FOR PURPOSES OF APPEAL

| STATUTES | PAGE(S) |
|---|---|
| 42 U.S.C. § 2000e-5(c) | 6 |
| 42 U.S.C. § 2000e-5(d) | 5, 6, 7 |
| 42 U.S.C. § 2000e-5(f) | 5, 6, 10 |
| Cal. Gov. Code § 12920 | 7 |
| Cal. Gov. Code § 12930 | 7 |
| Title VII of the Civil Rights Act of 1964 | 6 |

| OTHER AUTHORITIES | PAGE(S) |
|---|---|
| Fed. R. App. P. 4(a)(1)(B)(ii) | 2 |
| Fed. R. Civ. P. 24 | 1 |

iii

CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING'S REPLY TO EEOC AND ACTIVISION'S OPPOSITIONS TO MOTION TO INTERVENE FOR PURPOSES OF APPEAL

## INTRODUCTION

The California Department of Fair Housing's ("DFEH") Motion to Intervene ("Motion") for the limited purpose of appeal should be granted, because the DFEH satisfies Rule 24's liberally-construed requirements. First, intervention after the entry of judgment for purposes of appeal is permissible, and DFEH's intervention for purposes of appeal is timely because it comes immediately after entry of the consent decree. The DFEH has diligently pursued its interests and the interests of the California workers it is statutorily charged with protecting since the EEOC's improper assertion of "jurisdiction" on June 8, 2021 over the "overlapping," "similar," and "duplicate" allegations in the DFEH case. Second, the DFEH correctly and timely points out that the EEOC lacked statutory authority to bring this litigation in the first place. The EEOC's violation of Title VII's text and the principles of federalism embodied therein to protect the interests of states further demonstrates that DFEH's interests have been impaired for purposes of intervention. Third, the DFEH has standing to intervene for purposes of appeal. Lastly, if the Court denies the DFEH's application to intervene, the Court should stay these proceedings until 60 days after the completion of the State Action, in the alternative.

## ARGUMENT

### I. DFEH's Motion to Intervene for Purposes of Appeal Is Timely.

Contrary to the EEOC's argument in opposition, ECF No. 86 ("EEOC Opp."), at 4-10, DFEH's Motion, ECF No. 83 ("Motion") is timely. Courts weigh three factors to determine the timeliness of a motion to intervene: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) prejudice to other parties; and (3) the reason for and length of the delay. *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004). All three factors weigh in favor of timeliness here.

### A. Intervention After Final Judgment Is Appropriate When Challenging the Judgment.

The Supreme Court has already rejected the EEOC's argument that intervention after entry of a judgement is untimely. *See* ECF No. 86 ("EEOC Opp."), at 5-6. Specifically, as explained in DFEH's opening brief, the Supreme Court has held that intervention for purposes of appealing an adverse ruling is permitted, even after the entry of judgment. *See, e.g., United Airlines, Inc. v. McDonald*, 432 U.S. 385, 395-96 (1977); *see also* Motion at 6 (collecting Supreme Court and Ninth Circuit authority). Post-judgment intervention for purposes of appeal is permitted where the proposed intervenors "act promptly after entry of judgment." *United States ex rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391, 1395 (9th Cir. 1992). An intervenor seeking to appeal acts promptly where it moves to appeal within the time a party to the action could have filed a notice of appeal (*i.e.*, here, 60 days given that the EEOC is a party, *see* Fed. R. App. P. 4(a)(1)(B)(ii)); *McGough*, 967 F.2d at 1395 (citing *McDonald*, 432 U.S. at 1395-96). Where that party has also objected to earlier decisions that form a part of the judgment, the finding of timeliness is all the more straightforward. *See id.* at 1395 ("the government acted promptly by objecting to the dismissal of [a party] with prejudice, and by filing its post-judgment motion to intervene within the time a party to the action could have filed a notice of appeal"). Here, the DFEH objected to the consent decree lodged on September 27, 2021, ECF No. 11, on October 6, 2021, ECF No. 13, and October 25, 2021, ECF No. 24, 2021, objected to the revised consent decree lodged on January 4, 2022, ECF No. 50 on January 18, 2022, ECF No. 58, and then brought this motion within 21 days of the Court approving the consent decree, *see* ECF No. 82, ECF No. 83 (Motion). Accordingly, the DFEH's motion is timely.

**B. Intervention Will Not Result in Prejudice.**

The Ninth Circuit has emphasized "that the only 'prejudice' that is relevant under this factor is that which flows from a prospective intervenor's failure to intervene after he knew, or reasonably should have known, that his interests were not being adequately represented—and not from the fact that including another party in the case might make resolution more 'difficult.'" *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 857 (9th Cir. 2016) (internal citation omitted); *see also* Motion at 14-15. No such prejudice exists here because the DFEH moved to intervene immediately after entry of the consent decree.[1] *See McDonald*, 432 U.S. at 387; *McGough*, 967 F.2d at 1395. The EEOC argues that delay in implementation of the decree constitutes prejudice. *See* EEOC Opp. at 6-8. The cases EEOC cites in support of the proposition that halting implementation of a settlement causes prejudice are inapposite, because none involved intervention to challenge a settlement through appeal. *See id.* at 5-6 (citing *Alisal Water Corp.*, 370 F.3d at 922 (motion for intervention came during "the remedies phase of a case that has been litigated for four years" where there was "no evidence that [intervenor] was unaware of the proceedings"); *Calvert v. Huckins*, 109 F.3d 636, 638 (9th Cir. 1997) (party would have had to defend merits of intervenor's claims before district court); *United States v. Oregon*, 913 F.2d 576, 588 (9th Cir. 1990) (intervention for purpose of participating in an ongoing proceeding); *Fed. Trade Comm'n v. Apex Cap. Grp., LLC*, No. 18 Civ. 9573, 2022 WL 1060486, at *5 (C.D. Cal. Mar. 10, 2022)).

Notwithstanding the fact that the type of "prejudice" that the EEOC describes is not cognizable, halting implementation of the consent decree here promotes the

---

[1] The EEOC's suggestion that filing seven days after the earliest possible date constitutes untimeliness, *see* EEOC Opp., at 5 n.1, is likewise inconsistent with the Supreme Court's guidance. *See McDonald*, 432 U.S. at, 387 (motion filed 18 days after entry of judgment timely because it was filed within 30-day timeframe to appeal).

public interest and judicial economy, particularly while the DFEH's appeal of its earlier motion to intervene is pending before the Ninth Circuit. ECF No. 53. As explained in the DFEH's opening brief, the EEOC lacks authority to prosecute this case, Motion at 7-8, and, for the reasons described in the DFEH's first Motion to Intervene and Objections, *see* ECF No. 24-1 at 8-14; ECF No. 58 at 4-12, there are serious infirmities with the consent decree and the relief it offers such that it should *not* be implemented before the Ninth Circuit rules on DFEH's pending appeal or decides whether the EEOC overstepped its authority or if there are other aspects of the consent decree that are unlawful and should not be implemented. Because the DFEH's appeal of the First Motion to Intervene is already pending in the Ninth Circuit, judicial economy will be much better served by pausing implementation until resolution by the Ninth Circuit.

### C. The DFEH Diligently Pursued Its Rights, Moving Immediately After Entry of the Consent Decree.

The DFEH has diligently and quickly opposed the consent decree at every opportunity to protect California workers' valuable state law rights from being eroded. In light of the DFEH's consistent opposition, the EEOC's assertion that the DFEH "sat on its rights for months," EEOC Opp., at 8-10, makes little sense. There was no consent decree for the DFEH to appeal until the Court signed it. Before then, the DFEH moved to intervene to assert its objections in an effort to convince the Court not to sign the decree. Now, the DFEH has moved to intervene to be absolutely sure that it has a basis to appeal the Court's decision. While any party to a settlement necessarily hopes that an objector will not oppose it and appeal, and no court wishes to be overturned by an appellate court, appellate review is an element of the system to give litigants, including interested intervenors, the best opportunity to receive due process.

## II. **DFEH's Deferral Argument Is Timely and Correct.**

The Court should consider and accept the DFEH's argument, developed in its Opening Brief, that the EEOC lacks authority over the claims in this case for failure to comply with Title VII's pre-suit requirements. *See* 42 U.S.C. § 2000e-5(d) and (f)(1). The EEOC and Defendants argue that the DFEH waived these arguments by not raising them earlier and urging the Court to consider the DFEH's Motion as a motion for reconsideration of its earlier Motion to Intervene. *See* EEOC Opp., at 11 (citing *Cohen v. Trump*, 13 Civ. 2519, 2017 U.S. Dist. LEXIS 99513 (S.D. Cal. June 27, 2017) and *Enovsys LLC v. AT&T Mobility LLC*, No. 11 Civ. 5210, 2016 WL 7430619 (C.D. Cal. Sept. 6, 2016), which both ruled on motions for reconsideration); Defendants' Opp., at 5-7. The parties misconstrue the DFEH's Motion, however. It is *not* a motion for reconsideration; it is a new motion seeking intervention at a different procedural posture of the case. The DFEH's first intervention motion, filed October 25, 2021, sought an opportunity to be heard regarding whether the Court should approve the originally filed decree. ECF No. 24. At that point, the Court had not ruled on the decree. (Then, the DFEH properly challenged the Court's denial of its first Motion to Intervene through an appeal, which is currently pending in the Ninth Circuit. *See* ECF No. 53.). Subsequently, the parties filed two amended consent decrees, (ECF Nos. 50, 78), the latter of which the Court approved on March 29, 2022. *See* ECF No. 81. This motion does not re-litigate whether the DFEH should have been heard, or whether the Court should have reached a different conclusion, on its first Motion to Intervene. Rather, this Motion seeks to challenge the Court's approval of the amended consent decree – something that the DFEH could not have done in the first motion, because it had not happened yet. Neither the EEOC nor Activision cites any authority to suggest that the Court may not (or should not) consider arguments raised in an *opening brief* on a new motion before the district court, based on approval of an amended decree.

5
CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING'S REPLY TO EEOC AND
ACTIVISION'S OPPOSITIONS TO MOTION TO INTERVENE FOR PURPOSES OF APPEAL

Substantively, it remains true that the EEOC lacks authority over the claims in this case because it failed to comply with Title VII's mandatory pre-suit requirements, as outlined in 42 U.S.C. § 2000e-5(d) and (f)(1), and then failed to defer to the DFEH's statutory right and decision to act under State law to remedy the unlawful practices alleged in this case in its own previously-filed enforcement action, 42 U.S.C. § 2000e-5(d), (f); *Dep't Fair Emp. & Hous. v. Activision Blizzard, Inc.*, No. 21STCV26571 (Los Angeles Sup. Ct.) ("State Action"). The parties cite the wrong part of the statute in opposing this argument. When the EEOC argues that "Title VII describes the deferral process for investigation of newly-filed charges—not litigation," EEOC Opp., at 11, it is referring to 42 U.S.C. § 2000e-5(c), which the DFEH does not cite. *See also* Defendants' Opp., at 7 n.3. Subsection 5(c) governs the *filing of* charges, *see id.* ("no charge may be *filed*"). 42 U.S.C. § 2000e-5(c) (emphasis added). The DFEH did not and does not rely on that subsection. Rather, the DFEH invokes subsection 5(d), which applies to "*action on* charges" (emphasis added). Specifically, subsection 5(d) requires that, "before taking any action with respect to" a charge alleging an unlawful employment practice in a state with a state or local enforcement agency, already filed by the EEOC, the EEOC must "notify the appropriate State or local officials and, upon request, afford them a reasonable time, but not less than sixty days . . . to act under such State or local law to remedy the practice alleged." 42 U.S.C. § 2000e-5(d). Title 42 U.S.C. section 2000e-5(f)(1) provides that the Commission may file suit only after "expiration of any period of reference under subsection . . . (d)."

The EEOC also argues that the agencies' Worksharing Agreements override these requirements, but, as explained in the DFEH's opening brief, this is incorrect. *See* Motion, at 1 n.1. The Worksharing Agreements address the processing of charges, not the filing of litigation. *See* Ex. A to Hushagen Decl. (ECF No. 86-2), 2, Paragraph II.A ("The EEOC's receipt of charges on the FEPA's behalf will

automatically initiate the proceedings of both the EEOC and the FEPA for the purposes of Section 706 (c) and (e)(1) of Title VII. This delegation of authority to receive charges does not include the right of one Agency to determine the jurisdiction of the other Agency over a charge."); *id.* at 3, Paragraph III.A ("For [Title VII] charges originally received by the EEOC and/or to be initially processed by the EEOC, the FEPA waives its right of exclusive jurisdiction to *initially process such charges* for a period of 60 days for the purpose of allowing the EEOC to proceed immediately with the processing of such charges before the 61st day." (emphasis added)).

## III. DFEH Has Standing to Intervene for Purposes of Appeal

An individual or entity seeking to intervene for the purposes of appeal may do so if the individual or entity has an "appealable interest." *United States v. Imperial Irrigation Dist.*, 559 F.2d 509, 521 (9th Cir. 1977) (citing David L. Shapiro, *Some Thoughts on Intervention Before Courts, Agencies and Arbitrators*, 81 Harvard L. Rev. 721, 753-754 (1968)). Courts look to the traditional standing analysis to determine if an individual or entity has an "appealable interest." *Id.*; *see also Legal Aid Soc'y v. Brennan*, 608 F.2d 1319, 1328 (9th Cir. 1979) (citing *Imperial Irrigation Dist.*, 559 F.2d at 521). The DFEH has standing to intervene because the it has (a) a particularized injury (b) concretely and demonstrably resulting from entry of the consent decree (c) that will be redressed by the remedy sought. *See Imperial Irrigation Dist.*, 559 F.2d at 517.

The consent decree directly causes the DFEH concrete and particularized harm by undermining its ability to prosecute the state law claims of California Activision employees through the State Action, and by compromising the rights of workers on whose behalf the DFEH is litigating. The DFEH has a statutory mandate to protect California workers' right to "seek, obtain, and hold employment without discrimination" as an exercise of the State's police powers. Cal. Gov. Code § 12920, *see id.* at § 12930. As set forth in both federal and state law, the DFEH is

the primary enforcement authority for discrimination and harassment laws in California, and the sole agency – state or federal – authorized to prosecute FEHA claims.  *See* 42 U.S.C. § 2000e-5(d); Cal. Gov. Code §§ 12920, 12930; *see also Dep't of Fair Emp. & Housing v. Cathy's Creations, Inc.*, 54 Cal. App. 5th 404, 410 (Cal. Ct. App. 2020) (DFEH "represent[s] the interests of the state and … effectuat[es] the declared public policy of the state to protect and safeguard the rights and opportunities of all persons from unlawful discrimination"). Underscoring the DFEH's clear interest in enforcing FEHA, the Supreme Court recently held:

> [A] State "clearly has a legitimate interest in the continued enforceability of its own statutes," *Maine v. Taylor*, 477 U.S. 131, 137 (1986), and a federal court must "respect . . . the place of the States in our federal system," *Arizonans for Official English v. Arizona*, 520 U.S. 43, 75 (1997).  This means that a State's opportunity to defend its laws [through intervention] in federal court should not be lightly cut off.

*Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 142 S. Ct. 1002, 1011 (2022).

The consent decree directly causes a particularized injury to the DFEH's ability to prosecute the California Claims of California Activision employees in several ways.  <u>First</u>, the decree includes release language that Activision has suggested it will invoke to argue that the DFEH's claims and/or some California victims' claims have been "released" or otherwise "resolved," and are therefore barred, whether on preclusion, estoppel principles, or otherwise.  *See* ECF No. 82 (Consent Decree), at 2, 5.[2]  The risk of preclusion and dismissal of DFEH's State Action claims constitutes clear "injury" for purposes of standing.  <u>Second</u>, the decree further impedes the DFEH's ability to obtain discovery in the State Action by requiring Activision to relocate and alter relevant records in personnel files, and

---

[2] When asked by the court in the State Action if the federal decree contemplated dismissal of the claims in the DFEH's State Action, Activision's counsel replied, "Not in their entirety." ECF No. 41 (Sagafi Decl. dated Dec. 13, 2021, Ex. A (transcript of Dec. 9, 2021 hearing in *Dep't of Fair Emp. & Housing v. Activision Blizzard, Inc.*, No. 21STCV26571 (Los Angeles Sup. Ct. , at p. 2:18).

1  by disincentivizing settling employees from cooperating with or providing
2  discovery to DFEH.  <u>Third</u>, the consent decree includes a waiver of FEHA claims
3  that were not asserted (and could not have been asserted) and as to which no
4  consideration could have been obtained, all while separating victims from the legal
5  counsel best positioned to advise them about those claims – the DFEH.

6        This prospect of concrete and particularized injury to DFEH's interests is
7  greater than that found sufficient in other cases, and in any event, is adequate for
8  purposes of appeal.  *Yniguez v. Arizona,* 939 F.2d 727, 732 (9th Cir. 1991) (noting
9  precedent holding that state senators claiming that their votes "'have been
10 overridden and virtually held for naught' by an Executive decision ha[d] a
11 sufficient stake in the outcome under Article III to vindicate their interests in
12 federal court" (quoting *Coleman v. Miller*, 307 U.S. 433, 438(1939)); *Alameda*
13 *Newspapers v. City of Oakland*, 95 F.3d 1406, 1412 & n.8 (9th Cir. 1996)
14 (newspaper guild whose boycott was disrupted by district court's injunction against
15 city had right to intervene, and noting that the "right to intervene [post-judgment]
16 for the purpose of appealing is well established"); *EEOC v. Pan Am. World*
17 *Airways, Inc.*, 897 F.2d 1499, 1500, 1504 (9th Cir. 1990) (permitting non-party
18 pilots to object and appeal settlement decree between EEOC and airline where they
19 had a personal stake in decree and the equities weigh in favor of hearing the
20 appeal); *Pellegrino v. Nesbit*, 203 F.2d 463, 465-66 (9th Cir. 1953) (stockholder
21 holding only two shares of stock, but acting on behalf of other stockholders and
22 public, was entitled to intervene for purposes of appeal to challenge corporation's
23 failure to diligently prosecute suits against officers, and holding that "[i]ntervention
24 should be allowed even after a final judgment where it is necessary to preserve
25 some right which cannot otherwise be protected," such as "the right to appeal from
26 the judgments entered on the merits by the District Court").

27       With respect to the remaining elements of standing, an appeal resulting in an
28 order overturning the consent decree will remedy the harm caused to the DFEH, by

allowing the DFEH to continue to prosecute the California Claims without risk of preclusion or dismissal based on the consent decree, by preserving relevant discovery at risk of destruction or alteration, and by preventing California employees, whom DFEH has a duty to protect, from releasing their California Claims and foregoing DFEH's representation and additional prospective relief in the State Action for insufficient consideration, and without adequate counsel.

### IV. In the Alternative, the Court Should Stay the Consent Decree Pending Completion of the State Action

Title VII provides that where state and federal claims overlap, the Court may stay the federal action until sixty days after the termination of the State Action. 42 U.S.C. § 2000e-5(f)(1). Here, where the DFEH asserted its federal and state statutory rights to prosecute the case, the EEOC's action should be stayed until the State Action is concluded. *Id.*; *Motorola, Inc. v. EEOC*, 460 F.2d 1245, 1246 (1972).

### CONCLUSION

For the foregoing reasons, the Court should grant the DFEH's Motion, or, in the alternative, stay these proceedings until 60 days after the termination of the State Action.

Dated: May 9, 2022

Respectfully submitted,

*/s/ Jahan C. Sagafi*
Jahan C. Sagafi (SBN 224887)
OUTTEN & GOLDEN LLP
One California Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
Email: jsagafi@outtengolden.com

Christian Schreiber (SBN 245597)
Monique Olivier (SBN 190385)
OLIVIER SCHREIBER & CHAO LLP
201 Filbert Street, Suite 201
San Francisco, CA 94133
Telephone: (415) 484-0980
Facsimile: (415) 659-7758
Email:  christian@osclegal.com
Email:  monique@osclegal.com

Rachel Bien (SBN 315886)
OLIVIER SCHREIBER AND CHAO LLP
1149 North Gower Street Suite 215
Los Angeles, CA 90038
Telephone: (415) 484-0522
Facsimile: (415) 658-7758
Email: rachel@osclegal.com