# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>　　Plaintiff,<br><br>　　　　v.<br><br>ACTIVISION BLIZZARD, INC., et al.,<br>　　Defendants. | CV 21-7682 DSF (JEMx)<br><br>Order DENYING Motion for Order to Show Cause re Contempt (Dkt. 108) |

　　Defendants ask the Court to issue an order to show cause re contempt to the California Civil Rights Department (CRD).[1]  The Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; Local Rule 7-15.

　　The consent decree entered in this case is the product of an agreement between Plaintiff – the United States Equal Employment Opportunity Commission – and Defendants – various entities related to Activision Blizzard, Inc.  Among other things, the consent decree established a process by which aggrieved employees of Defendants could voluntarily settle certain employment claims.  Defendants now bring this motion for an order to show cause re contempt because CRD is allegedly "tak[ing] the position that the Consent Decree's release, which the Court expressly approved, is a nullity," "continues to seek damages and other relief on behalf of individual employees for claims

---

[1] CRD was formerly known as the California Department of Fair Employment and Housing (DFEH).

that individuals already released against Activision Blizzard," and "is actively working to persuade those employees that they may again recover from Activision Blizzard for released claims." <u>See</u> Notice of Motion.

  The consent decree is an agreement between the EEOC and Defendants. CRD is not a party and is not bound by the decree. Defendants' position is essentially that CRD is saying things about the consent decree that Defendants do not like and do not agree with. CRD thinks that the release of the right by Defendants' employees to participate in a recovery in CRD's case – as contemplated in the consent decree process – is invalid under state law. In accordance with this, CRD is allegedly still seeking recovery on behalf of employees who have signed releases. The Court expresses no opinion on this matter. It was not the Court's responsibility on entering the consent decree to resolve the releases' interactions with state law, nor did it do so.

  Most fundamentally, there is no provision in the consent decree that prohibits CRD from doing any of the things Defendants complain about – even assuming the Court would have the power to prohibit such activities.[2] In their only attempt to tie anything allegedly done by CRD to a specific provision of the consent decree, Defendants misinterpret the contents of the *release* – not even the consent decree itself. Defendants claim that "the Release expressly prohibits CRD from recovering 'any monetary damages or other relief [CRD] may recover in [its] Lawsuit for sexual harassment, pregnancy discrimination or related retaliation.'" Reply at 9 (bracketed alterations in original). This is *not* what the release says. The release says that the *employee* in question "waive[s] any right [she] may have to recover any monetary damages or other relief the DFEH may recover in the DFEH Lawsuit for sexual harassment, pregnancy discrimination

---

[2] In addition to the potentially complex issue of enjoining the activities of a state agency in federal court for non-Constitutional violations, Defendants' complaints relate to CRD's speech and CRD's litigation activities. Neither of these types of activity are those that a court enjoins lightly with respect to anyone, let alone a sovereign state.

2

or related retaliation." Dkt. 82 at 77. There is no limitation on DFEH's – now CRD's – ability to recover. Nor could there be because – again – CRD was not a party to the case nor was it party to the consent decree, and, in fact, its attempted intervention in the case was strenuously and successfully opposed.

Defendants also misinterpret the Court's order denying CRD's motion to intervene. Defendants claim that the Court's order is "directly contrary" to CRD's position that "individuals who have already released their claims may seek further recovery against Activision Blizzard in the State Action for the same claims already released." Reply at 12. In support, Defendants merely cite the Court's basic observation that "individual Californians have a right to settle their claims with or without counsel and without input from DFEH." Dkt. 46 at 2. Of course, individuals do have the right to settle without state involvement, but that observation bears little on the breadth or enforceability of any particular release that might be entered between Defendants and those "individual Californians."

Defendants' motion is DENIED in its entirety.[3]

IT IS SO ORDERED.

Date: May 10, 2023

Dale S. Fischer
United States District Judge

---

[3] CRD also raises potentially meritorious arguments that only Defendants' conduct is regulated by the consent decree and that only the EEOC can enforce the decree. Because there are numerous other reasons to deny the motion, the Court need not reach these issues.